**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| LAWRENCE W. BUNCH, et al., | ) | **ELECTRONICALLY FILED** |
| Plaintiffs, | ) | **Case No. 04-218-DLB** |
| v. | ) | |
| W. R. GRACE & CO., et al., | ) | **Oral Argument Requested** |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO TRANSFER PROCEEDINGS
## TO THE DISTRICT OF MASSACHUSETTS

Defendants W. R. Grace & Co., W. R. Grace & Co. Investment and Benefits Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Thomas A. Vanderslice, Fidelity Management Trust Company, State Street Bank and Trust Company, and State Street Global Advisors, by and through their undersigned counsel, hereby move pursuant to 28 U.S.C. § 1404(a) to transfer the above-captioned action to the United States District Court for the District of Massachusetts. The grounds for this motion are set forth in the accompanying memorandum of points and authorities. A proposed Order granting the relief requested is attached hereto as Exhibit 1.

Defendants further request a hearing and an opportunity to present oral argument on the merits of the motion in accordance with L.R. 7.1(g). This request is made because Defendants believe that oral argument may assist the Court in addressing the complex factual and legal issues raised by this motion involving the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

Dated: February 4, 2005

Respectfully submitted,

/S/ Jack B. Harrison
Jack B. Harrison (KY #88641)
(jharrison@fbtlaw.com)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
Telephone: (513) 651-6486
Facsimile: (513) 651-6981

-and-

Carol Connor Flowe
(flowe.carol@arentfox.com)
Caroline Turner English
(english.caroline@arentfox.com)
Lisa Estrada
(estrada.lisa@arentfox.com)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Counsel for the W. R. Grace & Co., W. R. Grace & Co.
Investment and Benefits Committee, Fred E. Festa, Paul J.
Norris, Robert M. Tarola, John F. Akers, Henry Furlong
Baldwin, Ronald C. Cambre, Marye Anne Fox, John J.
Murphy, and Thomas A. Vanderslice*

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL HASTINGS JANOFSKY & WALKER LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

-and-

2

John A. Reding
(jackreding@paulhastings.com)
Joshua C. Irwin
(joshuairwin@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

*Counsel for State Street Bank and Trust Company
and State Street Global Advisors*

Robert N. Eccles
(beccles@omm.com)
Gary S. Tell
(gtell@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Counsel for Fidelity Management Trust Company*

## EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| LAWRENCE W. BUNCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 04-218-DLB |
| v. | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED ORDER

After consideration of the Defendants' Motion to Transfer Proceedings to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and all responses thereto, it is this _____ day of _____, 2005,

ORDERED that Defendants' Motion to Transfer Proceedings to the District of Massachusetts is hereby GRANTED;

ORDERED that the above-captioned action shall immediately be transferred to the United States District Court for the District of Massachusetts; and

ORDERED that the clerk of this Court shall transfer copies of all pleadings and filings in the above-captioned action to the clerk of the United States District Court for the District of Massachusetts and administratively close this action in the files of this Court.

SO ORDERED.

_____

SIGNED and ENTERED on this the _____ day of _____, 2005.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

|  |  |  |
|---|---|---|
| LAWRENCE W. BUNCH, et al., | ) | **ELECTRONICALLY FILED** |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | **Case No. 04-218-DLB** |
| v. | ) |  |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | **Oral Argument Requested** |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**
**PROCEEDINGS TO THE DISTRICT OF MASSACHUSETTS**

Defendants W. R. Grace & Co. ("Grace"), W. R. Grace & Co. Investment and Benefits

Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong

Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Thomas A. Vanderslice,

Fidelity Management Trust Company, State Street Bank and Trust Company, and State Street

Global Advisors, by and through their undersigned counsel, submit this memorandum of points

and authorities in support of their Motion to Transfer Proceedings to the District of

Massachusetts.

**I.    INTRODUCTION**

This case substantially overlaps with a case already pending in the District of

Massachusetts.  The similarities between the cases include:

- Both are putative nationwide class actions under the Employee Retirement Income
  Security Act of 1974 ("ERISA") in which the Plaintiffs allege breaches of fiduciary
  duties with respect to the W. R. Grace & Co. Savings and Investment Plan (the "Plan");

- Both name as defendants all of the members of Grace's Board of Directors, several of Grace's officers, State Street Bank and Trust Company ("State Street"), and Fidelity Management Trust Company ("Fidelity");[1]

- Both seek certification of nearly identical classes of Plan participants and beneficiaries;

- Both focus on the Defendants' actions in holding, managing and divesting the Grace common stock held by the Plan;

- Both rely on a common set of complex factual allegations that concern the nation's long history of asbestos-related litigation, not only with respect to its alleged effect on Grace, but also its alleged effect on other companies in the asbestos industry;

- Both raise the same legal issues with respect to Defendants' respective fiduciary status, the scope of their fiduciary duties and their alleged fiduciary breaches under ERISA; and

- Both must be viewed in the context of Grace's bankruptcy proceeding, which has been ongoing since 2001.

The interests of fairness and judicial convenience, including particularly the courts' and the parties' interests in avoiding duplicative proceedings and the risk of inconsistent rulings, weigh heavily against litigating essentially the same complex set of facts and legal issues, against essentially the same defendants, simultaneously in two different federal courts. *See, e.g.,* *LeMaster v. Purdue Pharma Co.*, No. Civ. A. 04-147-DLB, 2004 WL 1398213, at *1-*2 (E.D. Ky. June 18, 2004) (Bunning, J.) (ordering transfer pursuant to § 1404(a) to avoid "parallel litigation and duplication of judicial resources" in a case involving overlapping factual and legal issues with a prior case in another district) (Exhibit A).

---

[1] The complaint in this action also names State Street Global Advisors as a defendant. State Street Global Advisors is a division of State Street Bank and Trust Company, not a separate legal entity. Thus, these Defendants will be referred to collectively herein as "State Street."

2

The District Court in Massachusetts is, moreover, the forum in which the two cases should be heard. The convenience of the parties and witnesses, as well as the interests of justice, strongly support a transfer of this case to the District of Massachusetts for the following reasons:

- The Massachusetts case was the earlier-filed, by more than four months;

- More than 400 employees work in Grace facilities in the District of Massachusetts; Grace has no facilities, operations or employees working in the Eastern District of Kentucky;

- State Street, whose actions are the focus of the Complaint, is headquartered in the District of Massachusetts, and most, if not all, of the State Street representatives who potentially have knowledge about the facts of this case are located in Massachusetts; State Street has no offices or persons employed in the Eastern District of Kentucky; and

- Fidelity Management Trust Company is a Massachusetts trust company, headquartered in the District of Massachusetts; although Fidelity's affiliates have locations in many states, the Fidelity representatives with whom Grace interacts regarding the administration of the Plan and the management of its assets are located in Massachusetts.

For all of these reasons, the Defendants respectfully request that the Court transfer this case to the United States District Court for the District of Massachusetts.

## II.    STATEMENT OF POINTS AND AUTHORITIES

Section 1404(a) of Title 28 affords the Court broad discretion to transfer a case to another district court. There are three reasons why this case should be transferred to the District Court for the District of Massachusetts. First, because this case overlaps with a case already pending in the District of Massachusetts, and the two cases present conflicting legal theories, a transfer is necessary to avoid the risk of inconsistent judgments, *see Plantronics v. Clarity, LLC*, 2002 WL 32059746, at *2 (E.D.Tenn. July 17, 2002) (Exhibit K), and to avoid duplicative litigation that

3

would double both the expense and time required to bring these cases to resolution. *See, e.g.,*

*LeMaster*, 2004 WL 1398213, at *1-*2; *see also Continental Grain Co. v. The Barge FBL-585*,

364 U.S. 19, 26 (1960); *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (quoting *Colorado*

*River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Second, this action

should be transferred to the District of Massachusetts because the case pending in that court was

the first to be filed. *See Zide Sport Shop of Ohio, Inc., v. Ed Tobergte Assocs.*, No. Civ. 00-3183,

2001 WL 897452, at *3 (6th Cir. July 31, 2001) (Exhibit J). Third, the convenience of the

parties and witnesses, including their ability to access the relevant evidence in this case, will be

better served if this case is heard by the District Court in Massachusetts. *See, e.g., D.C. Micro*

*Dev., Inc. v. Lange*, 246 F. Supp. 2d 705, 712-13 (W.D. Ky. 2003); *Kepler v. ITT Sheraton*

*Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). For all of these reasons, Defendants

respectfully submit that this Court should exercise its discretion to transfer this case to the United

States District Court for the District of Massachusetts.

## III.    STATEMENT OF THE CASE

### A.    The First-Filed Action – *Evans v. Akers*

On June 16, 2004, Keri Evans, an individual Plan participant, filed a complaint on behalf

of herself and a class of all others similarly situated (the "Evans Complaint") in the United States

District Court for the District of Massachusetts. *See* Exhibit B, Evans Complaint, *Evans v.*

*Akers*, Case No. 04-11380 (WGY) (D. Mass.) (the "Evans Action"). Evans purports to represent

"all persons who were participants in or beneficiaries of, the Plan at any time between July 1,

1999 and February 27, 2004 . . . and whose accounts included investments in Grace stock." *Id.*

¶ 49. The Evans Complaint names as defendants (a) all seven members of Grace's Board of

Directors; (b) Grace's Investments and Benefits Committee and Administrative Committee;

4

(c) three current and/or former officers and employees of Grace as well as unnamed "unknown fiduciary defendants" who "may include additional Grace employees"; (d) Fidelity; and (e) State Street. *Id.* ¶¶ 14-28. Evans did not name Grace as a defendant because Grace's status as a debtor in a pending bankruptcy proceeding precluded prosecution of Evans' claim against Grace. *Id.* at page 1 ("Prefatory Notes"). Evans noted, however, that she intended to add Grace as a named defendant in the event the bankruptcy stay was lifted or modified. *Id.*

The Evans Complaint alleges that all of the Defendants were fiduciaries of the Plan, and that they breached their duties to Plan participants and beneficiaries by failing to provide complete and accurate information regarding investment in Grace stock (*id.* ¶ 110), imprudently managing and investing Plan assets in Grace common stock (*id.* ¶¶ 113-14), and enabling their co-fiduciaries to commit violations of ERISA and failing to make reasonable efforts to remedy those violations (*id.* ¶ 117). Evans further alleges that the Defendants suffered from conflicts of interest. *Id.* ¶¶ 92-95. Central to Evans' assertions is her claim that the Defendants should have divested Grace stock on or before July 1, 1999:

> By no later than [July 1, 1999], the Defendant-fiduciaries could and should have made a determination that the Grace Funds and/or Grace stock were not suitable and prudent investments for the Plan . . . and should have taken appropriate action as soon as the stock became imprudent, including adoption of a reasonable policy of divestment, elimination or restriction of further investment, corrective disclosure to Plan participants, and/or notification of the Secretary of Labor.

*Id.* ¶ 113.

Many of the factual allegations underlying Evans' claims focus on Grace's history of involvement in asbestos-related litigation (*id.* ¶¶ 60-65), the alleged effects of the multiplicity of asbestos-related lawsuits on the asbestos industry (*id.* ¶¶ 66-72), and the alleged effects on Grace of bankruptcy filings by other companies in the asbestos industry (*id.* ¶ 73).

On August 10, 2004, Grace filed a motion in the Bankruptcy Court for the District of

Delaware, where its bankruptcy case is pending, seeking to stay the Evans Action (the

"Bankruptcy Motion").  *See* Exhibit C, Expedited Motion Requesting an Order (i) to Show

Cause Why Counsel for Evans Is Not in Contempt of Court or Refusing to Refrain from

Prosecuting a Prohibited Action Against Debtors Affiliates and (ii) Extending the Scope of the

Automatic Stay and the Preliminary Injunction, *In re W. R. Grace*, Case No. 01-01139 (JKF).

On September 27, 2004, the Delaware Bankruptcy Court ordered the Evans Action "stayed . . .

through December 31 of 2004."  Exhibit D, 9/27/04 Hearing Transcript at 53, *In re W. R. Grace*,

Case No. 01-01139 (JKF).  The Delaware Bankruptcy Court made clear that this stay applied to

all Defendants in the Evans Action.  *See id.* at 53-55.

In recognition of the Bankruptcy Court's action, on November 16, 2004, the

Massachusetts District Court ordered the Evans Action administratively closed so as to avoid the

necessity for counsel to appear at periodic status conferences.  Exhibit E, Order for Closure,

*Evans v. Akers*.  The closure order provided that the Evans Action could be reopened upon a

motion by any party demonstrating that the impediment to trial has been removed.  *Id.*

The Bankruptcy Court's order staying the Evans Action expired on December 31, 2004.

Ex. D at 53.  Accordingly, concurrently with the filing of this Motion, the Evans Defendants

have filed a motion to reopen the Evans Action.  *See* Exhibit F, Defendants' Motion to Reopen

and Enlarge Time to Answer or Otherwise Respond to Complaint (without exhibits), *Evans v.

Akers*.

**B.    This Action -- *Bunch v. W. R. Grace & Co.***

On October 26, 2004 -- more than four months after the Evans Complaint was filed --

Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller filed the Complaint in this action.

6

Plaintiffs here seek relief on behalf of themselves and all Plan participants and entities who owned shares of Grace stock during the period from September 1, 1976 through September 15, 2004. Cmpl. ¶ 61. The Defendants in this action are (a) Grace; (b) Grace's Investment and Benefits Committee; (c) all seven members of Grace's Board of Directors; (d) two Grace officers; (e) Fidelity; and (f) State Street. Thus, ten of the Defendants in the Evans Action are also Defendants here. And if Evans amends her Complaint to include Grace, as she has stated that she intends to do upon the lifting of the stay, the two cases will have eleven Defendants in common.

Like Evans, Plaintiffs here allege that all of the Defendants acted as fiduciaries of the Plan and that they breached their duties to Plan participants and beneficiaries by imprudently managing Plan assets invested in Grace common stock. *Id.* ¶ 57. Plaintiffs' allegations, like Evans' allegations, focus on the circumstances surrounding the Plan's holding and divestiture of Grace common stock. *Id.* ¶¶ 48-50, 57-59. Also similarly to Evans, Plaintiffs allege that the Defendants failed to supply Plan participants with relevant information regarding the Grace stock held by the Plan (*see id.* ¶¶ 47, 54) and that they failed to avoid conflicts of interest. *Id.* ¶ 58. Central to the allegations here is the claim that the Defendants improperly sold, or permitted the sale of, the Grace stock held by the Plan. *See id.* ¶¶ 48, 58, 59. Finally, Plaintiffs' factual allegations, like Evans', focus on a time period during which Grace was involved in complex asbestos-related litigation and was operating under the supervision of a federal bankruptcy court. *See id.* ¶¶ 10-18.

On November 29, 2004, consistent with the Delaware Bankruptcy Court's earlier order staying the Evans Action, the parties to this action filed a stipulation holding all matters in this case in abeyance until December 31, 2004. *See* Stipulation Concerning the Defendants'

Deadline for Answering the Complaint and Related Matters, Docket No. 19. That stipulation

further provided that Defendants had until January 30, 2005 to answer the Complaint or

otherwise file a responsive pleading. *See id.* On January 28, 2005, the parties filed an Agreed

Order further extending Defendants' response date until 30 days after the Court's ruling on this

Motion. *See* Agreed Order Enlarging Defendants' Time to Answer or Otherwise Respond to

Complaint (Docket No. 22).

    **C.**    <u>**Facts Relating to Venue**</u>

    Defendant State Street, a Massachusetts trust company, was an investment manager and

independent fiduciary for the Grace Stock Fund under the Plan from December 15, 2003 through

June 2, 2004. Declaration of Monet T. Ewing (Exhibit G) ¶¶ 3, 4. The case before the Court

focuses, in large part, on State Street's actions in managing and divesting the Grace stock held by

the Plan. *See* Cmpl. ¶¶ 48-50, 57-59. These actions took place in Massachusetts, where State

Street is headquartered. Ewing Decl. ¶¶ 3, 5. None of the actions took place in the Eastern

District of Kentucky, and State Street has no offices or employees working there. *Id.* Moreover,

most, if not all, of the representatives and employees of State Street who potentially have

knowledge about the facts in this case are located in the District of Massachusetts. *Id.* ¶ 6. Thus,

the conduct that plaintiffs have placed at the center of this action – State Street's determination

that the Plan should divest its holdings of Grace stock – and the witnesses and documents

relevant thereto are located in the District of Massachusetts.

    Grace is the Plan's sponsor. *See* Declaration of John P. Forgach (Exhibit H) ¶ 4. Grace

is a New York corporation and is headquartered in Columbia, Maryland. *See* Declaration of

Mark A. Shelnitz (Exhibit I) ¶ 3. It has over 400 employees in the District of Massachusetts. *Id.*

¶ 4. Grace does not have any facilities or any employees working in the Eastern District of Kentucky. *Id.*

Grace's Investment and Benefits Committee is located in Columbia, Maryland. Ex. H, Forgach Decl. ¶ 5. None of its members reside in the Eastern District of Kentucky. *Id.* Similarly, the Grace Administrative Committee is located in Columbia, Maryland, and none of its members reside in the Eastern District of Kentucky. *Id.* at ¶ 4. None of the individual Defendants in either this case or the Evans Action reside in the Eastern District of Kentucky. Ex. I, Shelnitz Decl. ¶ 6.

Defendant Fidelity is the Trustee of the Plan. Ex. H, Forgach Decl. ¶ 6. Fidelity is a Massachusetts trust company and is headquartered in the District of Massachusetts. *Id.* Fidelity holds all of the Plan's assets in trust in the District of Massachusetts. *Id.* Although Fidelity's affiliates are located in many states, including Covington, Kentucky, the Fidelity representatives who interact with Grace regarding Plan administration and asset management are located in the District of Massachusetts. *Id.* ¶ 8; *see also* Fidelity's Investor Center Map, *at* http://personal.fidelity.com/accounts/services/index_sitemap.html; *see also* Fidelity's Listing of Mailing Addresses, *at* http://personal.fidelity.com/accounts/services/content/mail.shtml.

## IV.    ARGUMENT

### A.    Venue Transfer Is Warranted Where the Interests of Justice and Convenience of Parties and Witnesses Would Be Better Served in Another District.

The Court has broad discretion to transfer a case to another district court. *See Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994); *D.C. Micro Dev., Inc. v. Lange,* 246 F. Supp. 2d 705, 713 (W.D. Ky. 2003) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)). Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether a case should be transferred depends on the individualized, fact-specific circumstances of that case. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

A court analyzing a Section 1404(a) motion must make a two-step inquiry. *Lange*, 246 F. Supp. 2d at 712. First, the court must determine whether venue would be proper in the district to which the case would be transferred. *Id.* Second, the court must consider whether a transfer will facilitate the interests of justice and the convenience of the parties. *Id.* at 712-13. Among the factors to be considered are whether there are related actions pending in either district, the convenience of the parties and witnesses, relative access to other sources of proof, the practical problems associated with trying the case most expeditiously and inexpensively, the plaintiffs' choice of forum, and whether the action and potential outcomes have a peculiarly localized impact. *See id.* at 713 (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994)). Moreover, where two cases overlap, a transfer "is consistent with the principle of comity, promotes judicial efficiency, avoids duplication of litigation, and avoids piecemeal litigation and the danger of inconsistent judgments." *Plantronics v. Clarity, LLC*, 2002 WL 32059746, at *2 (E.D.Tenn. July 17, 2002) (Exhibit K).

Here, it is indisputable that the action in this Court could have been brought in the District of Massachusetts. As with the Evans Action, the District of Massachusetts would have had original jurisdiction over this case pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) ("the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . ."). Venue would also be proper in the District of Massachusetts because the actions of State Street, which are the central focus of the Complaint, took place in

10

Massachusetts, and several of the Defendants are located in the District of Massachusetts. *See* ERISA § 502(e)(2) ("an action under this subchapter . . . may be brought in the district . . . where the breach took place, or where a defendant resides or may be found . . .").

Because the District of Massachusetts is indisputably a proper venue for this case, the relevant inquiry is whether a transfer of this case to the District of Massachusetts would facilitate the interests of justice and the convenience of the parties. *Lange*, 26 F. Supp. 2d at 712-13. It clearly would.

**B.    The Interests of Justice Demand that This Action and the Evans Action Be Heard by the Same Court.**

The interests of justice and judicial efficiency weigh heavily in favor of this action and the Evans Action being heard by the same court. The alternative – allowing these complex cases to be heard in two different courts – would create a risk of inconsistent findings and judgments on numerous common issues of fact and law, and would result in a significant waste of resources of both the courts and the parties. Courts have consistently found that the existence of a prior related action in another district is a convincing reason to transfer a case pursuant to 28 U.S.C. § 1404(a). *See, e.g., LeMaster*, 2004 WL 1398213, at *2; *Lange*, 246 F. Supp. 2d at 713 (finding that the interests of justice were served by a transfer to a district where, *inter alia*, related litigation was pending).

The overlapping aspects of the Evans Action and this action are numerous. First, the parties in both actions are essentially the same. The putative classes are nearly identical – both include Plan participants who invested in Grace common stock – and while the putative class in this case covers a larger period of time (September 1, 1976 to September 15, 2004), that period includes in its entirety the period of time covered by the putative class in the Evans Action (July 1, 1999 to February 27, 2004). In addition, the named Defendants in both actions include all of

11

the members of Grace's Board of Directors, several of Grace's officers, State Street, and Fidelity.

Second, each of the actions addresses the same complex set of factual allegations and subject matter, *i.e.*, whether the Defendants' actions with respect to the Grace common stock held by the Plan were consistent with their duties to Plan participants and beneficiaries. The facts, documents, and witnesses relevant to this inquiry will be the same in both cases. These facts include the actions taken with respect to the Grace stock, when, and by whom; the procedures utilized in decisions to take (or not take) the actions at issue; the role of the Plan participants themselves with respect to those decisions; and the information communicated to Plan participants concerning the Grace stock.

Third, the actions raise many common legal issues, *e.g.*, whether Defendants were fiduciaries of the Plan; the scope of Defendants' fiduciary duties; the extent to which each of the Defendants acted as a fiduciary with respect to the conduct alleged; whether the Defendants breached their fiduciary duties to Plan participants and beneficiaries under ERISA; whether one or more of the Plan's fiduciaries suffered from an unlawful conflict of interest that resulted in losses to the Plan; and whether the fiduciaries met their disclosure obligations to the Plan's participants and beneficiaries.

The interests of justice therefore require that these actions be heard by the same court. That conclusion is particularly compelling here, because the central allegations in these actions are two sides of the same coin, raising the risk of inconsistent judgments. Plaintiffs' central allegation is that the decision to *divest* Grace common stock was imprudent and, therefore, constituted a breach of Defendants' fiduciary duties. The central allegation in the Evans Action is that the decision to *hold* Grace common stock was imprudent and, therefore, constituted a

12

breach of Defendants' fiduciary duties. It is possible, therefore, that this Court and the Massachusetts District Court could reach the conflicting conclusions that Defendants breached their fiduciary duties by holding the stock *and* breached their fiduciary duties by divesting the stock, leaving the Defendants with inconsistent judgments and the law hopelessly muddied. Inconsistent judgments on other common issues, *e.g.*, whether a particular Defendant is a fiduciary with respect to the matters alleged in the Complaints, would be similarly troublesome. The manifest potential for conflicting findings and judgments involving the same underlying conduct may only be avoided, and the interests of justice served, if both cases are heard by the same court. *See Plantronics*, 2002 WL 32059746, at *2 (transfer required, *inter alia*, to avoid "danger of inconsistent judgments").

The interests of judicial efficiency weigh equally heavily against the duplication of effort and corresponding waste of judicial resources that would be involved if these cases were heard by two different courts. The facts to be developed through discovery and depositions will overlap substantially. Moreover, the anticipated motions practice would be duplicative, requiring the parties to brief, and both district courts to decide, many of the same issues. A motion to transfer is designed to prevent such a waste of time, energy, and money. *See Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that section 1404(a) was designed to prevent."); *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) ("'As between federal district courts, . . . the general principle is to avoid duplicative litigation.'") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *LeMaster*, 2004 WL 1398213, at *2; *Martin-Trigona v. Meister*, 668 F. Supp. 1, 3 (D.D.C. 1987) ("[t]he interests of

13

justice are better served when a case is transferred to the district where related actions are pending").

Indeed, this Court recently granted a motion to transfer pursuant to 28 U.S.C. § 1404(a) in circumstances similar to those presented here. In *LeMaster*, as here, the case that was the subject of the transfer motion had both factual and legal issues that overlapped with another proceeding so that "failure to transfer [the] action would result in parallel litigation and duplication of judicial resources." *LeMaster*, 2004 WL 1398213, at *1. Additionally, several of the *LeMaster* defendants were headquartered in or near the transferee district, making it likely that "much of the discovery would likely occur in that geographic area." *Id.* The same is true here. Given the multiplicity of common facts and legal issues, the parties and the courts would be faced with duplicative depositions, document requests, interrogatories, experts, dispositive motions, and trials, doubling both the expense and the time required to bring the cases to final resolution. For all of these reasons, this action and the Evans Action should be heard by the same court.

C.    **The District of Massachusetts Is the Most Appropriate Forum for These Actions.**

       *1.*    ***The Evans Action, Pending in the District of Massachusetts, Was Filed First.***

The well-established "first-to-file" rule favors transfer of this action to Massachusetts. *See Zide Sport Shop of Ohio, Inc., v. Ed Tobergte Assocs.*, No. Civ. 00-3183, 2001 WL 897452, at *3 (6th Cir. July 31, 2001) (Exhibit J). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id.* (citations and quotations omitted); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the

case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.");

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (district court erred in failing to

transfer case to avoid duplicative litigation with previously-filed case); *William Gluckin & Co. v.*

*Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) ("The general rule in this Circuit is that, as

a principle of sound judicial administration, the first suit should have priority . . . ."). As

discussed above, because the parties, the facts, and the issues in this action and the Evans Action

"substantially overlap," the two cases should be heard by the same court. *Cadle Co.*, 174 F.3d at

603. Under the "first-to-file" rule, that court should be the District of Massachusetts.

### 2.    *The District of Massachusetts Is a More Convenient Forum.*

The ease of access to proof and the convenience of the parties and witnesses plainly make

the District of Massachusetts the preferable forum. As noted above, this action focuses in large

part on State Street's management and divestiture of Grace common stock that was held in trust

by Fidelity on behalf of Plan participants. Both State Street and Fidelity are headquartered in

Massachusetts, and representatives and employees of those entities who interact with Grace on

matters relating to Plan administration and asset management are located in the District of

Massachusetts. In addition, all of the Plan's assets are held by Fidelity in trust in the District of

Massachusetts. These facts make clear that most of the key witnesses in this case are located in

Massachusetts.

Equally important, the Eastern District of Kentucky is not a convenient forum. None of

the facts pled in the Complaint took place in the Eastern District of Kentucky; none of the Plan's

assets are held in the Eastern District of Kentucky; none of the putative class members work in

the Eastern District of Kentucky; and none of the individual Defendants reside in the Eastern

District of Kentucky. Indeed, neither Grace nor State Street has any facilities or offices in the

15

Eastern District of Kentucky, and neither of the Grace Committees is located in the Eastern

District of Kentucky. And while an affiliate of Fidelity has a location in the Eastern District of

Kentucky, the Fidelity representatives with whom Grace interacts with respect to the Plan are not

located there. Thus, it is unlikely that any of the Defendants' potential witnesses are located in

the Eastern District of Kentucky. Accordingly, the convenience of the parties and witnesses,

including their ability to access the relevant evidence in this case, will be better served if this

case is heard by the Massachusetts District Court.[2]

### 3. Neither the Plaintiffs' Choice of Forum Nor a "Localized Interest" Militates Against a Transfer of This Action.

Although a plaintiff's choice of forum is ordinarily given great weight, where the plaintiff

is a representative of a class, "that forum choice is of less significance." *LeMaster,* 2004 WL

1398213, at *1. That is especially true "where, as here, the 'class' is nationwide." *International*

*Show Car Ass'n v. Am. Soc'y of Composers, Authors & Publishers*, 806 F. Supp. 1308, 1312

(E.D. Mich. 1992); *see also Blake Constr. Co. v. Int'l Harvester Co.*, 521 F. Supp. 1268, 1271-

72 (N.D. Ill. 1981) ("[u]nlike the usual case, in which substantial weight is to be given to the

plaintiff's choice of forum, little rests on the choice by a plaintiff representative of a nationwide

class" (citations omitted)).

The Plaintiffs' "choice of a 'home forum' must be viewed in light of the national scope of

the instant action." *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 453 n.7 (D.N.J. 1999). In this

case, although the Eastern District of Kentucky may be the "home forum" of two of the three

named Plaintiffs, who reside (but do not work) there, more than 400 members of the putative

---

[2] Because this action and the Evans Action are at similarly early procedural stages, with no responses having yet been filed to the Complaints, a transfer to the District of Massachusetts now will not result in any delay or otherwise hamper Plaintiffs' ability to promptly prosecute these cases.

class reside and work in the District of Massachusetts. Thus, the District of Massachusetts is an equally, if not more, appropriate "home forum."

Similarly, there is little or no "localized interest" in retaining this national class action in the Eastern District of Kentucky. None of the facts alleged in the Complaint, nor any other relevant events, took place in the Eastern District of Kentucky. The issues involved pertain to the rights and remedies of a putative nationwide class of the Plan's participants and beneficiaries, and the conduct of parties that are located outside the District of Kentucky. Thus, no localized interest or controversy exists. *Cf. Blake Constr.*, 521 F. Supp. at 1271 ("national securities class actions are not 'localized controversies' in any real sense of the term").

## V.    CONCLUSION

For all of the reasons set forth above, this Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Massachusetts.

Dated: February 4, 2005                    Respectfully Submitted,

                                           /S/ Jack B. Harrison
                                           Jack B. Harrison (KY # 88641)
                                           (jharrison@fbtlaw.com)
                                           FROST BROWN TODD LLC
                                           2200 PNC Center
                                           201 East Fifth Street
                                           Cincinnati, OH 45202
                                           Telephone: (513) 651-6486
                                           Facsimile: (513) 651-6981

                                                   -and-

Carol Connor Flowe
(flowe.carol@arentfox.com)
Caroline Turner English
(english.caroline@arentfox.com)
Lisa A. Estrada
(estrada.lisa@arentfox.com)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Counsel for W. R. Grace & Co., W. R. Grace & Co.*
*Investment and Benefits Committee, Fred E. Festa, Paul J.*
*Norris, Robert M. Tarola, John F. Akers, Henry Furlong*
*Baldwin, Ronald C. Cambre, Marye Anne Fox, John J.*
*Murphy, and Thomas A. Vanderslice*

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL HASTINGS JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1726
Facsimile: (202) 551-0126

-and-

John A. Reding
(jackreding@paulhastings.com)
Joshua C. Irwin
(joshuairwin@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

*Counsel for State Street Bank and Trust Company*
*and State Street Global Advisors*

18

Robert N. Eccles
(beccles@omm.com)
Gary S. Tell
(gtell@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Counsel for Fidelity Management Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2005 a copy of the foregoing, Defendant's Motion and Memorandum in Support for Transfer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to any parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ Jack B. Harrison

CinLibrary 0104881.0530769 1476453v.1

20