IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-11380-WGY |
| ) | |
| JOHN F. AKERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JOHN F. AKERS, RONALD C. CAMBRE, MARYE ANNE FOX, JOHN J. MURPHY, PAUL J. NORRIS, THOMAS A. VANDERSLICE, H. FURLONG BALDWIN, INVESTMENTS AND BENEFITS COMMITTEE, ADMINISTRATIVE COMMITTEE, BRENDA GOTTLIEB, W. BRIAN MCGOWAN, MICHAEL PIERGROSSI, AND STATE STREET BANK & TRUST COMPANY'S MOTION TO CONSOLIDATE**

Defendants John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Investments and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, and State Street Bank & Trust Company (collectively, the "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 42(a), submit this memorandum in support of their motion to consolidate a related action, Case No. 04-218-DLB (the "Bunch Action"), which was recently transferred to this Court from the Eastern District of Kentucky,[1] with this action, Case No. 04-11380-WGY (the "Evans Action").

---

[1] Defendants in the Bunch Action, W. R. Grace & Co., Investment and Benefits Committee, Fred E. Festa, Paul J. Norris, Robert M Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Thomas A. Vanderslice, State Street Bank & Trust Company, and State Street Global Advisors join with the Defendants here in their support of this motion.

**I.      INTRODUCTION**

The circumstances in support of consolidation of this action with the Bunch Action are compelling. The two cases involve common parties and common issues of fact and law; namely, whether the Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the acquisition and holding of stock in W. R. Grace & Co. ("Grace") by the W.R. Grace & Co. Savings and Investment Plan (the "Plan").

As the United States District Court for the Eastern District of Kentucky has already found in ordering transfer of the Bunch Action to this Court, "common questions of law and fact predominate" in the two cases:

> First, both proposed class actions are brought on behalf of Grace employees who participated in the company's Savings and Investment Plan. Although the relevant "class periods" are not identical, they are overlapping such that the *Evans* plaintiffs would constitute a "subclass" of the *Bunch* plaintiffs. Second, both cases raise the same legal issue, i.e., whether the defendants breached their fiduciary duties under ERISA. In addition, many, but not all, of the same individuals and parties are named as defendants in both cases. Finally, the crux of both cases is the same – State Street's determination that Grace common stock was no longer a "prudent" investment and its sale of the stock in April 2004.

*See* Exhibit A, Bunch Action Op. & Order Transferring Venue, July 21, 2005, at 7-8.

In this Circuit, when two proceedings involve common parties and common issues of fact or law, consolidation under Rule 42(a) will ordinarily be granted, absent some "demonstrable prejudice" to the opposing party. *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989) (citation omitted). No such prejudice can be shown here. Instead, the interests of judicial economy and efficiency require that these actions be consolidated.

II.     STATEMENT OF FACTS

    A.     The Evans Action

On June 16, 2004, Keri Evans, an individual Plan participant, filed a complaint on behalf of herself and a class of all others similarly situated (the "Evans Complaint") in this Court. Evans purports to represent "all persons who were participants in or beneficiaries of, the Plan at any time between July 1, 1999 and February 27, 2004 . . . and whose accounts included investments in Grace stock." *See* Ex. B, Evans Compl. ¶ 49.  The Evans Complaint names as Defendants (a) all seven members of Grace's Board of Directors; (b) Grace's Investments and Benefits Committee and Administrative Committee; (c) three current and/or former officers and employees of Grace as well as unnamed "unknown fiduciary defendants" who "may include additional Grace employees"; (d) Fidelity Management Trust Company ("Fidelity"); and (e) State Street Bank and Trust Company ("State Street").  *Id.* ¶¶ 14-28.[2]  Evans did not name Grace as a defendant because Grace's status as a debtor in a pending bankruptcy proceeding precluded prosecution of Evans' claim against Grace.  *Id.* at page 1 ("Prefatory Notes").  Evans noted, however, that she intended to add Grace as a named defendant in the event the bankruptcy stay was lifted or modified.  *Id.*

The Evans Complaint alleges that all of the Defendants were fiduciaries of the Plan, and that they breached their duties to Plan participants and beneficiaries by failing to provide complete and accurate information regarding investment in Grace stock (*id.* ¶ 110), imprudently managing and investing Plan assets in Grace common stock (*id.* ¶¶ 113-14), and enabling their co-fiduciaries to commit violations of ERISA and failing to make reasonable efforts to remedy those violations (*id.* ¶ 117).  Evans further alleges that the Defendants suffered from conflicts of

---

[2] The complaint in the Bunch Action also names State Street Global Advisors as a defendant.  State Street Global Advisors is a division of State Street Bank and Trust Company, not a separate legal entity. Hereinafter, these Defendants will be referred to collectively as "State Street."

3

interest. *Id.* ¶¶ 92-95. Central to Evans' assertions is her claim that the Defendants should have divested Grace stock on or before July 1, 1999:

> By no later than [July 1, 1999], the Defendant-fiduciaries could and should have made a determination that the Grace Funds and/or Grace stock were not suitable and prudent investments for the Plan . . . and should have taken appropriate action as soon as the stock became imprudent, including adoption of a reasonable policy of divestment, elimination or restriction of further investment, corrective disclosure to Plan participants, and/or notification of the Secretary of Labor.

*Id.* ¶ 113.

Many of the factual allegations underlying Evans' claims focus on Grace's history of involvement in asbestos-related litigation (*id.* ¶¶ 60-65), the alleged effects of the multiplicity of asbestos-related lawsuits on the asbestos industry (*id.* ¶¶ 66-72), and the alleged effects on Grace of bankruptcy filings by other companies in the asbestos industry (*id.* ¶ 73).

Not long after the Complaint was filed, the Evans Action was stayed as a result of motions in Grace's bankruptcy proceeding. *See* Order for Closure, Nov. 16, 2004. On February 10, 2005, the Evans Action was reopened, but the time to respond to the Complaint was delayed pending a ruling on a motion to transfer venue in the Bunch Action, which was then pending in the Eastern District of Kentucky. The deadline for responding to the Complaint is currently August 22, 2005. *See* Order granting Motion to Continue, July 7, 2005. In anticipation of the instant motion, the Defendants have filed an unopposed motion to extend that deadline until September 21, 2005.[3]

### B.  The Bunch Action

On October 26, 2004, just a few months after the Complaint in the Evans Action was filed, Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller (the "Bunch Plaintiffs")

---

[3] The Defendants requested that Plaintiffs agree to an extension of time until 30 days after a ruling on the instant motion to consolidate. The Plaintiffs refused that request, but were agreeable to a limited extension until September 21, 2005. The Defendants reserve their rights to move for a further extension of time to respond to the Complaint until after the issue of consolidation is decided if warranted.

4

filed their Complaint in the Bunch Action (the "Bunch Complaint"). The Bunch Plaintiffs seek relief on behalf of themselves and all Plan participants and entities who owned shares of Grace stock during the period from September 1, 1976 through September 15, 2004. *See* Ex. B, Bunch Compl. ¶ 61. The Defendants in this action are (a) Grace; (b) Grace's Investment and Benefits Committee; (c) all seven members of Grace's Board of Directors; (d) two Grace officers; (e) Fidelity; and (f) State Street. Thus, ten of the Defendants in the Evans Action are also Defendants in the Bunch Action. And if Evans amends her Complaint to include Grace, pursuant to her stated intent, the two cases will have eleven Defendants in common.

Like Evans, the Bunch Plaintiffs allege that all of the Defendants acted as fiduciaries of the Plan, and that they breached their duties to Plan participants and beneficiaries by imprudently managing Plan assets invested in Grace common stock. *Id.* ¶ 57. The Bunch Plaintiffs' allegations, like Evans' allegations, focus on the circumstances surrounding the Plan's holding and divestiture of Grace common stock. *Id.* ¶¶ 48-50, 57-59. Also similarly to Evans, the Bunch Plaintiffs allege that the Defendants failed to supply Plan participants with relevant information regarding the Grace stock held by the Plan (*see id.* ¶¶ 47, 54) and that they failed to avoid conflicts of interest. *Id.* ¶ 58. Central to the allegations in Bunch is the claim that the Defendants improperly sold, or permitted the sale of, the Grace stock held by the Plan. *See id.* ¶¶ 48, 58, 59. Finally, the Bunch Plaintiffs' factual allegations, like Evans', focus on a time period during which Grace was involved in complex asbestos-related litigation and was operating under the supervision of a federal bankruptcy court. *See id.* ¶¶ 10-18.

C. **Venue Transfer in the Bunch Action**

On February 2, 2005, the Defendants filed a Motion to Transfer Venue in the Bunch Action, arguing that the Bunch Action should be transferred to this Court because, *inter alia,* the

5

cases are so similar that resolution of the issues in two different courts would entail an unacceptable risk of inconsistent judgments. The court in the Eastern District of Kentucky granted the venue transfer motion on July 21, 2005. *See* Ex. A, Bunch Action Op. & Order Transferring Venue. The court expressly ruled that the Evans and Bunch Actions had common questions of law and fact, and anticipated that the cases would be consolidated, at least for purposes of discovery, once the Bunch Action was transferred to this Court:

> Upon review of the complaints filed in both cases, the Court concludes that common questions of law and fact predominate, and the cases would be resolved more efficiently and cost-effectively in the District of Massachusetts. First, both proposed class actions are brought on behalf of Grace employees who participated in the company's Savings and Investment Plan. Although the relevant "class periods" are not identical, they are overlapping such that the *Evans* plaintiffs would constitute a "subclass" of the *Bunch* plaintiffs. Second, both cases raise the same legal issue, i.e., whether the defendants breached their fiduciary duties under ERISA. In addition, many, but not all, of the same individuals and parties are named as defendants in both cases. Finally, the crux of both cases is the same – State Street's determination that Grace common stock was no longer a "prudent" investment and its sale of the stock in April 2004. Plaintiffs attempt to distinguish the two cases by claiming that *Evans* centers on State Street's continued *investment* in Grace common stock; while [the *Bunch*] case centers on State Street's *divestment* of the stock. While this assessment is technically correct, the common thread linking the two cases is State Street's decision to sell. The *Bunch* plaintiffs claim that they were deprived of any meaningful opportunity to prevent the sale; the *Evans* plaintiffs claim that the sale occurred too late, i.e., by the time the Plan participants had incurred substantial losses.
>
> On a more practical level, the Court anticipates that the discovery in both cases will proceed in a similar direction, and if the instant case is transferred, the cases could be consolidated for that purpose. In complex class actions such as these, the resultant economical and procedural "savings" would not only be tremendous, but would be in the interests of all parties involved.

*Id.* at 7-8 (footnote omitted).

6

The transfer of the Bunch Action was received by the clerk's office in this District on August 4, 2005. It has been assigned Case No. 05-11602-MLW, and is now pending before Judge Wolf.

### III.  ARGUMENT

The threshold requirement for a motion to consolidate under Rule 42(a) is "whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989). If that requirement is met, the court has "broad discretion in weighing the costs and benefits of consolidation." *Id.* Consolidation "will usually be granted unless the opposing party can show '"demonstrable prejudice."' *Id.* (citation omitted).

The similarities between the Evans Action and the Bunch Action are striking:

- Both are putative nationwide class actions under ERISA in which the respective Plaintiffs allege breaches of fiduciary duties with respect to the Plan;

- Both name as Defendants all of the members of Grace's Board of Directors, several of Grace's officers, Fidelity, and State Street;

- Both seek certification of classes of Plan participants and beneficiaries;

- Both focus on the Defendants' actions in holding, managing, and divesting the Grace common stock held by the Plan;

- Both rely on a common set of complex factual allegations that concern the nation's long history of asbestos-related litigation, not only with respect to its alleged effect on Grace, but also its alleged effect on other companies in the asbestos industry; and

- Both must be viewed in the context of Grace's bankruptcy proceeding, which has been ongoing since 2001.

Because the Evans and Bunch Actions involve common parties, common facts, and common legal issues, the interests of judicial economy and efficiency require that they be consolidated.

### A.   The Evans and Bunch Actions Involve Common Parties, Common Facts, and Common Issues of Law.

To satisfy the requirement that there be commonality between the cases, there must be a common party and common issues of fact or law. *Id.* The claims pled in the cases need not be identical, nor must the actions completely overlap factually and legally. *See Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001). A set of facts that is common to both actions or common theories of law between the cases will suffice. *Id.* (commonality requirement met where plaintiff was a party to both actions, both actions involved facts surrounding the use and disclosure of the plaintiff's software program, and both cases involved issues of trade secrets and copyright infringement). Further, the fact that some claims may require a separate factual inquiry will not defeat consolidation where the cases are otherwise similar. *Data Gen'l Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994).

Here, there are numerous parties in common between the Evans Action and the Bunch Action. The named Defendants in both actions include all of the members of Grace's Board of Directors, several of Grace's officers, State Street, and Fidelity. Indeed, ten of the current Defendants are parties to both actions, and if Grace is added as a Defendant in the Evans Action, there will be eleven. As for the Plaintiffs, both cases are class actions, and the putative classes are identical in that they include Plan participants who invested in Grace common stock. While the putative class in the Bunch Action covers a larger period of time (September 1, 1976 to September 15, 2004), that period includes in its entirety the period of time covered by the putative class in the Evans Action (July 1, 1999 to February 27, 2004).

Both the Evans Action and the Bunch Action arise out of the same set of facts as well, *i.e.*, whether the Defendants' actions with respect to the Grace common stock held by the Plan

8

were consistent with their duties to Plan participants and beneficiaries. The facts, documents, and witnesses relevant to this inquiry will be the same in both cases. These facts include the actions taken with respect to the Grace stock, when, and by whom; the procedures utilized in decisions to take (or not take) the actions at issue; the role of the Plan participants themselves with respect to those decisions; and the information communicated to Plan participants concerning the Grace stock.

That the Evans and Bunch Actions have parties, facts, and legal issues in common cannot be disputed. In fact, it is the "law of the case" in the Bunch Action that these two cases are substantially similar; the Eastern District of Kentucky has already so held. *See United States v. Moran*, 393 F.2d 1, 7 (1st Cir. 2004) (the "law of the case" doctrine "contemplates that a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court;" the doctrine "binds . . . a successor trial judge who steps in to complete a pending case"). As already detailed, in ordering the transfer of venue in the Bunch Action from the Eastern District of Kentucky to this Court, the court expressly concluded that "common questions of law and fact predominate." Ex. A, Bunch Action Op. & Order Transferring Venue, at 7-8. The court further noted that discovery in both cases would "proceed in a similar direction," and even specifically anticipated the possibility that the cases would be consolidated "for discovery and/or trial." *Id.* at 7. "In complex class actions such as these," the court stated, "the resultant economical and procedural 'savings' would not only be tremendous, but would be in the interests of all parties involved." *Id.* at 8.

**B.    There Are Only Benefits to Consolidation of these Actions.**

"In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Gilliam v. Fidelity*, No. Civ.A. 04-11600NG, et al., 2005 WL 1288105, at *1 (D. Mass. May 3, 2005) (internal quotation marks omitted). Consolidation is typically denied only where the opposing party will suffer severe prejudice, such as when one case is already set for trial when the motion is filed, and consolidation would involve reopening discovery and motions practice. *See Data Gen'l Corp.*, 834 F. Supp. at 488. *But see Tingley Sys., Inc.*, 152 F. Supp. 2d at 103 (even where one action was at a more advanced procedural stage, the prejudice to the opposing party was negligible because a trial date was not currently set in the advanced case, and the other case could progress through a relatively short discovery period).

The benefits of consolidating these actions are overwhelming. Consolidation would greatly promote judicial efficiency and the conservation of judicial resources, as well as the parties' resources. Discovery in both actions will undoubtedly target the same set of facts – those involving the investment of Plan assets in Grace stock, and the sale of that stock. Thus, consolidating will relieve the Defendants of the excessive cost and burden of having to undertake the same factual inquiry in two separate actions. Motions practice, similarly, will likely proceed along the same lines in both cases as the legal issues bound up in the Plaintiffs' claims in *Evans* and *Bunch* are the same. Here again, consolidation will relieve the parties of the cost and burden of having to brief the same legal issues, based on the same facts, in two separate proceedings. Likewise, the Court may avoid having to review and decide these issues more than once. Worse, because *Bunch* has been assigned to a different judge, two judges will be required to devote their

time to addressing substantially the same issues between substantially the same parties, creating not only a prodigious waste of judicial resources, but also a risk of inconsistent rulings. Finally, by consolidating, one trial may be had instead of two – an obviously significant savings for the Court's resources.

While the potential benefits are clear, there is not even a glimmer of prejudice to be suffered by the Plaintiffs should the cases be consolidated. Both cases are class actions, and both are at precisely the same procedural stage. Responses to the Complaints have not yet come due, discovery has not yet commenced, and no substantive motions have been filed. At this early stage, consolidation will result in no delay whatsoever. Thus, Plaintiffs cannot establish that any "demonstrable prejudice" will result from consolidating these cases, and Defendants' motion should, therefore, be granted. *See Seguro de Servicio de Salud de Puerto Rico*, 878 F. 2d at 8.

## IV.    CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court consolidate the Evans Action and the Bunch Action for all future proceedings under Rule 42(a).

Dated:  August 5, 2005        Respectfully submitted,

JOHN F. AKERS, RONALD C. CAMBRE, MARYE ANNE FOX, JOHN J. MURPHY, PAUL J. NORRIS, THOMAS A. VANDERSLICE, H. FURLONG BALDWIN, INVESTMENTS AND BENEFITS COMMITTEE, ADMINISTRATIVE COMMITTEE, BRENDA GOTTLIEB, W. BRIAN MCGOWAN, MICHAEL PIERGROSSI

By their counsel,

/s/ Donna M. Evans

_____
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Donna M. Evans (BBO# 554613)
(dmevans@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOYSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

-and-

Carol Connor Flowe
(flowe.carol@arentfox.com)
Caroline Turner English
(english.caroline@arentfox.com)
Gretchen Dixon
(dixon.gretchen@arentfox.com)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395

STATE STREET BANK AND TRUST COMPANY

By its counsel,


/s/ Sean T. Carnathan

_____
Sean T. Carnathan (BBO#636889)
(scarnathan@qoclaw.com)
QUIGLEY, O'CONNOR AND CARNATHAN, LLC
8 New England Executive Park, Suite 310
Burlington, MA  01803
Telephone:  (781) 359-9000
Facsimile:  (781) 359-9001

-and-

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 Fifteenth Street, NW
Washington, DC  20005
Telephone:  (202) 551-1700
Facsimile:  (202) 551-1705

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KERI EVANS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-11380-WGY |
| **JOHN F. AKERS, et al.,** | ) |
| Defendants. | ) |

## **ORDER**

**UPON CONSIDERATION** of the Defendants' Motion to Consolidate, any opposition thereto, and the entire record herein, it is this \_\_\_\_ day of August, 2005, hereby:

**ORDERED** that the Motion be, and hereby is, **GRANTED**; and

**ORDERED** that Case No. 04-218-DLB (the "Bunch Action") shall be consolidated with this action, Case No. 04-11380-WGY (the "Evans Action"). These two cases shall proceed together under Case No. 04-11380-WGY for all future proceedings.

_____
United States District Court Judge