UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KERI EVANS,<br>   Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)    C.A. No. 04-11380-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF KERI EVANS' MEMORANDUM IN OPPOSITION TO DEFENDANTS JOHN F. AKERS, RONALD C. CAMBRE, MARYE ANNE FOX, JOHN J. MURPHY, PAUL J. NORRIS, THOMAS VANDERSLICE, H. FURLONG BALDWIN, INVESTMENTS AND BENEFITS COMMITTEE, ADMINISTRATIVE COMMITTEE, BRENDA GOTTLIEB, W. BRIAN MCGOWAN, MICHAEL PIERGROSSI, AND STATE STREET BANK & TRUST COMPANY'S MOTION TO CONSOLIDATE**

Plaintiff Keri Evans, on behalf of herself and a class of all others similarly situated, ("Plaintiff" or "Evans"), by and through her undersigned counsel of record, submits this memorandum in opposition to the Motion to Consolidate of defendants John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas Vanderslice, H. Furlong Baldwin, Investments and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi and State Street Bank & Trust Company ("Motion to Consolidate" or the "Motion").

**I. INTRODUCTION**

Defendants seek the consolidation of this action ("*Evans*") with another action filed in the U. S. District Court for the Eastern District of Kentucky and recently transferred to this Court,

*Bunch, et al. v. W.R. Grace & Co., et al.*, No. 05-11602-MLW ("*Bunch*").[1]

Although the two cases arguably may share some common issues of law and fact, this Court has discretion, which it should exercise here, not to consolidate the *Evans* and *Bunch* actions. *See Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989). Moreover, Plaintiff does not believe that the commonality threshold for consolidation has been met here, for the reasons stated herein. This is not a proposal for consolidation advanced in order to serve the interests of efficiency and economy.[2] This Motion is, rather, a deliberate strategy by Defendants to create difficulties for Plaintiff due to the differences (and, indeed, contradictions) between certain allegations in the *Evans* and *Bunch* actions. Defendants are well aware of these contradictions and are urging the consolidation of these two cases in order to create difficulty for Plaintiff and the *Bunch* plaintiffs on various pre-trial issues (including class certification) and to create confusion at trial, to the detriment of all plaintiffs. Such consequences would constitute the type of prejudice such as would justify denying the Motion to Consolidate, even if the commonality threshold is met. *See Seguro*, 878 F. 2d at 8.

The Defendants rely heavily on the Opinion & Order from the U.S. District Court for the

---

[1] The *Bunch* case was ordered consolidated with the *Evans* case on August 22, 2005. Evans, Bunch, and all Defendants entered into a Stipulation and [Proposed] Order to extend the time for all plaintiffs to respond to the Motion to Consolidate. This Stipulation was filed on August 19, 2005. Plaintiff Evans submits this opposition now, in accordance with guidance suggested by Chief Judge Young's Courtroom Clerk.

[2] Such interests may be served by coordination of discovery in the two cases, and possibly coordination on other pre-trial matters, which Evans does not oppose.

Eastern District of Kentucky dated July 21, 2005 ("Opinion & Order")[3], granting Defendants' motion to transfer *Bunch* to this District.[4] Defendants incorrectly contend that the Opinion & Order is the "law of the case" on the issue of consolidation and that it dictates that the Motion to Consolidate be granted. Memorandum of Law in Support of Motion to Consolidate ("Def. Mem.") at 9. The Opinion & Order is not the law of the case on this issue, as it was only a decision on the Defendants' motion to transfer venue in *Bunch* and was *not* a decision on the merits of consolidation or the legal issues related thereto. Indeed, consolidation was not even before the Court on that motion. Further, counsel for Evans, a party clearly affected by any decision on consolidation, had no opportunity to oppose the motion to transfer in the Eastern District of Kentucky.

Finally, as noted above, Evans does not oppose coordination of the two actions for discovery purposes and possibly for other pre-trial purposes. Such coordination would achieve the asserted benefits of "judicial efficiency and the conservation of judicial resources" set forth in the Motion to Consolidate,[5] and would avoid the "excessive cost and burden of having to undertake the same factual inquiry in two separate actions," *id.*, without prejudicing the plaintiffs.

## II.   RELEVANT FACTS

The *Evans* action was filed in this Court on June 16, 2004, on behalf of a proposed class

---

[3]   The Opinion & Order has been submitted with the Motion to Consolidate as Exhibit A.

[4]   Although *Bunch* has been transferred to this District, it has been assigned to a different judge ( Judge Wolf).

[5]   *Id.* at 10.

of "all persons who were participants in or beneficiaries of, the [W.R. Grace Savings and Investment Plan (the "Plan")] at any time between July 1, 1999 and February 27, 2004 (the Class Period") and whose accounts included investments in Grace stock." *Evans* Complaint, ¶ 49. *Evans* alleges, on behalf of the Plan, that Defendants breached a number of their fiduciary duties under ERISA[6], including the duty to prudently manage and invest Plan assets and the duty to disseminate necessary information to Plan participants. In addition, the *Evans* complaint contends that Defendants are liable for other violations of ERISA including under the provisions governing co-fiduciary liability. Named as defendants in *Evans* are: Grace's[7] Investments and Benefits Committee; Grace's Administrative Committee; Fidelity Management Trust Company; State Street Bank and Trust Company; and John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Brenda Gottlieb, W. Brian McGowan, and Michael Piergrossi (former officers, directors and employees of Grace). The gravamen of the *Evans* case is that the defendants breached their fiduciary duties to Plan participants under ERISA with regard to making and maintaining investments in the Grace common stock fund when they knew it was imprudent to do so.

The *Bunch* action was filed on October 26, 2004, in the Eastern District of Kentucky, on behalf of a proposed class of Plan participants and entities who owned shares of Grace stock through the Grace Stock Plan during the period from September 1, 1976 through September 15, 2004. *Bunch* Complaint, ¶ 61 (ex. C to Motion to Consolidate). The *Bunch* Complaint asserts

---

[6]   Employee Retirement Income Security Act of 1974.

[7]   W.R. Grace & Co. is referred to as "Grace" herein. Grace is not included as a defendant in the *Evans* action for reasons pertaining to Grace's bankruptcy proceedings, as described in the Prefatory Notes to the *Evans* action.

claims for breach of fiduciary duties under ERISA. *Bunch* Complaint, ¶¶51-60. Named as defendants in *Bunch* are: Grace; the members of Grace's Board of Directors; Grace's Investment and Benefits Committee; State Street Bank and Trust Company; State Street Global Advisors; Fidelity Management Trust Company; and Fred E. Festa and Robert M. Tarola (Grace officers). However, in stark contrast to *Evans*, the gravamen of the *Bunch* action is that the defendants breached their fiduciary duties to the Plan by the **divestment** of Grace stock. In other words, while *Evans* claims it was a breach of duty to continue to *hold* the stock when it was not prudent to do so, *Bunch* claims it was a breach of duty to *sell* the stock when it was prudent to hold it.

On February 2, 2005, defendants in *Bunch* filed a motion under 28 U.S.C. § 1404(a) to transfer that case to this District on the grounds, among others, that this District is more convenient for the parties and witnesses. The motion to transfer venue was granted by the U.S. District Court for the Eastern District of Kentucky (Bunning, J.) on July 21, 2005. The motion to transfer venue did not seek to have the *Bunch* and *Evans* actions consolidated, nor did the order granting that motion address consolidation or coordination. Evans, not a party to the proceeding in the Eastern District of Kentucky, took no part in any briefing or hearing on the motion to transfer venue.

### III.  ARGUMENT

In order for two or more actions to be consolidated under Fed. R. Civ. P. 42(a), the cases must "involve a common party *and* common issues of fact or law." *Seguro*, 878 F. 2d at 8 (citations omitted; italics in original). This, however, does not end the inquiry. Even where the cases meet this commonality threshold, the court still has broad discretion to deny consolidation, "weighing the costs and benefits of consolidation to decide whether that procedure is

appropriate." *Id.* This is exactly what was done in *Seguro*, where the Court noted that even if "the two proceedings involve common questions of fact, we find that the trial court abused its discretion in weighing the costs and benefits of consolidation,"[8] and reversed the order granting consolidation. A court in this District reached the same result in *Data General Corporation v. Grumman Systems Support Corporation*, 834 F. Supp. 477 (D. Mass. 1992) ("[a]lthough there are common issues of fact and law in these cases, I do not believe that convenience or economy will be served by consolidation . . . I believe that on balance fairness to the litigants and preservation of scarce judicial resources require that in the exercise of my discretion I decline to consolidate these cases."). *Id.* at 487-488.

### A.   *Evans* and *Bunch* Should Not Be Consolidated

The *Evans* and *Bunch* actions do have some defendants in common, but they are not all the same. *Bunch* names Grace, State Street Global Advisors, Robert M. Tarola and Fred E. Festa, none of whom are defendants in *Evans*, and *Evans* names Grace's Administrative Committee, W. Brian McGowan, Michael Piergrossi and Brenda Gottlieb, not named as defendants in *Bunch*. It is also true that the two actions do have some broad factual and legal issues in common. For instance, both actions are brought under ERISA and both actions involve the Plan. However, the most significant issue in each case–the act or acts constituting the alleged breach of duty by the defendants-- is definitely not a common one. The breach alleged in the *Evans* action is the *continued investment* in Grace stock, while the breach alleged in the *Bunch* action is the *failure to sell* the Grace stock. *Evans* and the proposed class in this case will assert in support of their claims that it was not prudent continue to hold the Grace stock, while the

---

[8]   *Id.*, 878 F. 2d at 9.

*Bunch* plaintiffs and the proposed class in that case will undoubtedly assert that it was not prudent to *sell* the same stock.

This most significant difference should be sufficient to defeat the commonality element for consolidation here. Alternatively, even if the "common issues" threshold is met, despite this dramatic difference, the Court should exercise its discretion not to consolidate these cases. The fact that the plaintiffs in *Evans* and *Bunch* are asserting such diametrically opposite claims clearly indicates the degree of "demonstrable prejudice"[9] sufficient for a denial of consolidation. Indeed, this appears to be the defendants' strategy here for urging consolidation: to be able to exploit the differences between the claims in the two cases in various contexts, including class certification.[10] These differences may also tend to create confusion and prejudice at trial, thus militating against consolidation. *See Figueroa v. Dinitto*, 2003 WL 23142193 at *3 (D.R.I. Dec. 15, 2003):

> Considerations of convenience and economy must yield to to a paramount concern for a fair and impartial trial. *Johnson*, 899 F. 2d at 1285. Accordingly, despite possible common questions of law or fact, '[w]here confusion and prejudice will result, it is inappropriate for a court to order consolidation.' *Tucker v. Arthur Andersen & Co.*, 73 F.R.D. 316, 317 (S.D.N.Y. 1976).

*See also Data General*, 834 F. Supp. at 487 (court considering consolidation should "'weigh the prospective benefits of consolidation, in terms of convenience to the parties and judicial economy against the extent of any confusion, delay or prejudice that might result from consolidation.'") (*quoting Spirt v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 639

---

[9] *Seguro*, 878 F. 2d at 8.

[10] This is especially troubling since any legitimate efficiency concerns Defendants may have may easily be addressed using the pre-trial coordination procedures suggested by Plaintiff.

(S.D.N.Y. 1982)).

Courts in this District have previously denied motions to consolidate where the differences between the cases were less significant than the differences between the instant claims present in *Evans* and *Bunch*. In *Gilliam v. Fidelity Management & Research Company*, 2005 WL 1288105 (D. Mass. May 3, 2005), the Court had before it a motion to consolidate various cases asserting Investment Company Act claims against managers of certain mutual funds. One group of cases sought to recover excessive management or advisory fees in connection with the funds. The other group of cases concerned undisclosed, excessive fees paid to brokers from fund assets for pushing certain funds. Referring to this "striking contrast" between the claims in the two groups of cases,[11] the Court denied the motion to consolidate. And although the contrast in *Gilliam* was not as "striking" as that between the claims in *Evans* and *Bunch*, the Court in *Gilliam* held that "[t]he likely confusion at trial regarding what evidence applies to which case as well as the calculations of damages spanning different time periods counsels against consolidation." *Id.* at *3. A similar conclusion was reached by Judge O'Toole in *Forsythe v. Sun Life Financial, Inc.*, 2005 WL 81576 (D. Mass. Jan. 13, 2005), involving motions to consolidate actions alleging abuses in the management and distribution of mutual funds. The Court in *Forsythe* noted "significant differences with respect to the parties and the claims asserted,"[12] differences that mirror those in *Gilliam*. The Court in *Forsythe* declined to consolidate the two groups of cases (similar to the two groups in *Gilliam*), noting, in addition to the differences between the claims, the possibility of conflicts of interest. *Id.* at *2, *3. For the

---

[11]   *Gilliam*, 2005 WL 1288105 at *2.

[12]   *Id.*, 2005 WL 81576 at *1.

reasons stated above, the confusion and prejudice that would result from consolidation here would be even greater than in *Gilliam* or *Forsythe*.

The salutary benefits of consolidation proffered by Defendants (conservation of resources, avoidance of duplicative discovery, promotion of judicial economy) will be achieved here even in the absence of consolidation. These benefits can and will be achieved through coordination of discovery between the two cases, which is not opposed by Plaintiff. Such a process of coordination will produce the benefits of consolidation while avoiding the problems of prejudice and confusion that consolidation would create here.

### B. The Evans and Bunch Cases are *Not* Required to Be Consolidated by the "Law of the Case"

The Opinion & Order directing the transfer of the *Bunch* action to this District is not the law of the case on issues relating to consolidation, as Defendants contend. The branch of the law of the case doctrine applicable here is not absolute, but is subject to discretion; it is "prudential" and "flexible." *United States v. Moran*, 393 F. 3d 1, 7 (1st Cir. 2004). *See also Ellis v. United States*, 313 F. 3d 636, 646 (1st Cir. 2002). The Opinion & Order addressed a motion for change of venue, and did not in any way address consolidation, nor was consolidation before the Court on that motion. The Court also did not address the legal issues relative to consolidation and, in particular, it did not examine the questions of prejudice and confusion discussed herein. The Opinion & Order, therefore, cannot be the law of the case on the issues presented by the Motion to Consolidate. Moreover, in applying the law of the case doctrine, the First Circuit has noted that "a party should be allowed his day in court. . ." *Ellis*, 313 F. 3d at 646. Evans, not a party to the *Bunch* action, did not have her "day in court" on the motion to change venue in *Bunch*. That

motion involved only the plaintiffs and defendants in *Bunch*; Evans played no role in any briefing or hearing of that motion.

## IV.  CONCLUSION

For the reasons set forth herein, the Motion to Consolidate should be denied.

Respectfully submitted,

      /s/ David Pastor
David Pastor (BBO # 391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, Massachusetts 02109
Tel.: (617) 742-9700
Fax: (617) 742-9701

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

Thomas J. Hart
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, N.W., Ste. 450
Washington, D.C. 20036
Tel.: (202) 797-8700