IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, ) | |
| ) | |
| Plaintiff, ) | Case No. 04-11380-WGY |
| ) | |
| v. ) | Judge William G. Young |
| ) | |
| JOHN F. AKERS, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF BUNCH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS
JOHN F. AKERS, RONALD C. CAMBRE, MARYE ANNE FOX,
JOHN J. MURPHY, PAUL J. NORRIS, THOMAS A. VANDERSLICE,
H. FURLONG BALDWIN, INVESTMENT AND BENEFITS COMMITTEE,
ADMINISTRATIVE COMMITTEE, BRENDA GOTTLIEB, W. BRIAN MCGOWAN,
MICHAEL PIERGROSSI, AND STATE STREET BANK & TRUST COMPANY'S
MOTION TO CONSOLIDATE**

Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, both individually and on behalf of all others similarly situated ("Plaintiff Bunch" or "*Bunch* action"), by and through their undersigned counsel, submit this memorandum in opposition to Defendants' motion to consolidate the *Bunch* action, Case No. 04-218-DLB[1], with this action, Case No. 04-11380-WGY.

I.  **INTRODUCTION.**

Plaintiff Bunch opposes the motion to consolidate. While part of the integrated discovery and some pretrial coordination would be judicially efficient, consolidation of the *Bunch* action and *Evans* action for trial would be prejudicial. The *Bunch* and *Evans* actions inevitably share some common questions of fact and witnesses, but the key issues of both fact and law, as well as

---

[1] The *Bunch* action was recently transferred to this Court from the Eastern District of Kentucky.

the proof necessary, are directly contradictory. As such, Plaintiff Bunch opposes consolidation of the *Bunch* and *Evans* actions for all purposes.

The operative facts necessary to prove the actions are diametrically different. On the one hand, the *Evans* action claims that the defendants' company stock was an imprudent investment and improperly held for its employees due to defendants' improper accounting of asbestos-related claims.[2] In order to prove that the stock was an imprudent investment, the *Evans*' counsel apparently will necessarily develop and present extensive evidence of the asbestos claims and the market reactions and fluctuations through time.

On the other hand, the *Bunch* counsel will focus on the employees' rights to elect trustees responsible to a plan that permitted them to invest their own monies specifically in W.R. Grace common stock.[3] As such, the *Evans* evidence, if presented at a consolidated trial, will confuse the *Bunch* jury as the evidence has no relation to the issues in *Bunch*. The *Bunch* evidence, if permitted to be introduced in *Evans*, will confuse the *Evans* jury. In *Evans,* the evidence will be that the trustees should not have purchased. In *Bunch,* the evidence will be that the trustees should not have sold! It is just such a potential scenario that satisfies the requirements of Rule 42(b).

Instead, in the spirit of cooperation among all parties, counsel for Plaintiff Bunch proposes that, to the extent possible, all parties coordinate, exchange and cooperate in discovery and pretrial proceedings for both actions. Upon the Court's request, Plaintiffs' counsel will circulate a proposed coordinated case management order for consideration by the parties. Such coordination, as opposed to consolidation for all purposes as requested by Defendants' motion to consolidate, will respect the distinct substantive and alter contradictory aspects of the *Bunch*

---

[2] *Evans* Complaint at ¶56-83 (Exhibit A)
[3] *Bunch* Complaint at ¶46-49 (Exhibit B)

2

action, as compared to the *Evans* action, and at the same time promote substantial judicial efficiency.

## II.     THERE IS AMPLE JUSTIFICATION FOR SEPARATE TRIALS.

Plaintiff Bunch submits that separate trials of the *Bunch* and *Evans* actions are necessary to avoid an injustice to the parties. Accordingly, Rule 42(b) provides in particular:

> *The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.*[4]

This provision clearly provides that a court may order separate trials if any of the three purposes set forth in the rule would be served: (1) to avoid prejudice; (2) to provide for convenience; or (3) to expedite the proceedings and be economical. Only one of these three purposes need be served for the court to order a separate trial of any claim in issue. Despite Defendants' citation of the Opinion and Order of the court which transferred the *Bunch* action, that court did not opine that the *Bunch* action was appropriate for consolidation for trial. In fact, the court only commented that:

> *The court is mindful that if Defendants' motion is granted, there is a <u>possibility</u> that the cases will be consolidated for discovery and/or trial. (emphasis added)*
>
> *. . . the Court anticipates that the discovery in both cases will proceed in a similar direction and, if the instant case is transferred, the cases <u>could</u> be consolidated for that purpose. (emphasis added)*[5]

---

[4] Fed. R. Civ. P. 42(b).
[5] Opinion and Order, United States District Court, Eastern District of Kentucky, at 7-8 (Exhibit C).

3

Defendants properly recite that, in this district, the threshold issue in determining whether to consolidate cases under Fed. Rule 42(a) "is whether the two proceedings involve a common party and common issues of fact or law.[6] The trial court then has broad discretion in weighing the costs and benefits of consolidation to determine whether consolidation is appropriate.[7] In considering whether consolidation is appropriate, this Court recently identified that it is to weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and "any confusion, delay or prejudice that might result from consolidation."[8]

Absent from Defendants' motion is any meaningful examination of Rule 42(b) and the protections it provides for separate trials, even where consolidation for discovery may be appropriate.

In the *Gilliam* case, the consolidation argument failed under the second part of the two-part *Seguro* framework. *Gilliam* is instructive in identifying where confusion and/or prejudice would properly prevent consolidation. In denying consolidation, the *Gilliam* court found that the cases encompassed additional and different causes of actions involving class and derivative claims. The court found that the commonalities between five class actions and two other actions did not extend beyond the 36(b)[9] claims which it found to be factually distinct. The class action cases involved revenue sharing, whereas the other actions involved excessive management fees. Even though there is an overlap of named defendants, and all of the cases contained Section 36(b) excessive management fee claims under the ICA and some common factual allegations, the court rejected the request for consolidation. Moreover, since the evidence in one case was not

---

[6] *Seguros DeServicios De Salud De Puerto Rico, Inc. v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989).
[7] *Id.* at 8.
[8] *Gilliam v. Fidelity Mgmt. & Research Co.*, 2005 WL 1288105, *1 (D. Mass), citing *Data General Corp. v. Grumman Systems Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992).
[9] Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. §80a-1 et seq.

4

relevant to the issues in the other, the court found that consolidation was not appropriate in that it would create a likelihood of prejudice by confusing the issues.[10]

### III.  IT IS PREMATURE TO DETERMINE IF SEPARATE TRIALS ARE NECESSARY.

Even if the Court should consider a single trial, Plaintiff Bunch submits that it is premature to address the issue of separate trials at this juncture. Discovery has not commenced. Other than the named individual party defendants, witnesses have not been identified and no documents or other evidence has been produced. As such, it is not possible to determine the extent of any of the common questions of fact or law. Instead of determining the issue of whether consolidation of the *Bunch* and *Evans* actions would likely cause confusion and/or prejudice prior to any discovery being conducted, Plaintiff Bunch submits that, at the conclusion of coordinated discovery, all parties will be in a far better position to evaluate the remaining issues and evidence and determine whether the admission of that evidence in a consolidated trial could potentially cause confusion and/or prejudice to the *Bunch* and *Evans* plaintiffs.

---

[10] *Id.* at *4, citing *Liberty Lincoln Mercury, Inc. v. Ford Mkting. Corp.*, 149 F.R.D. 65, 81 (D. N.J. 1993); Also see, *Forsythe v. SunLife Financial, Inc.*, 2005 WL 81576, *1 (D. Mass.)(Court denied consolidation of all parties despite commonalities).

## IV.     **CONCLUSION.**

For the foregoing reasons, Plaintiff Bunch respectfully submits that the motion to consolidate should be denied to the extent it seeks to consolidate the *Bunch* and *Evans* actions for trial at this juncture.

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

*/s/ Jeffrey C. Block*_____
Glen DeValerio
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194
Email:  jblock@bermanesq.com


WAITE, SCHNEIDER, BAYLESS
  & CHESLEY CO., L.P.A.

*/s/ James R. Cummins*_____
James R. Cummins
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267
Facsimile:  (513) 381-2375
E-mail  jcummins@wsbclaw.com
E-mail:  janehwalker@wsbclaw.com

*Counsel for Lawrence W. Bunch, Jerry L. Howard,
Sr. and David Mueller, Both Individually and
Behalf of All Others Similarly Situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2005, a copy of the foregoing Plaintiff Bunch's Memorandum in Opposition to Defendants, John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Investment and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, and State Street Bank & Trust Company's Motion to Consolidate was filed electronically.  Notice of this filing was sent to all parties by operation of the Court's electronic filing system.

/s/ *Jeffrey C. Block* _____