W. R. GRACE & CO.

SAVINGS AND INVESTMENT PLAN

(formerly, W.R. Grace & Co. Savings and

Investment Plan for Salaried Employees)

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A CONNECTICUT CORPORATION,

EFFECTIVE SEPTEMBER 1, 1976

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A NEW YORK CORPORATION,

EFFECTIVE MAY 25, 1988

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE SEPTEMBER 27, 1996

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE JANUARY 1, 1997

(reflecting the merger, effective at the beginning of the Plan Year

commencing January 1, 2002, of the W.R. Grace & Co. Savings and

Investment Plan for Hourly Employees)

---

AMENDED THROUGH JULY 1, 2004

Approved by IRS

Plan No.:    123

N.Y. File No.:    130004403

Current File No.: 650044691

GR 001654

W. R. GRACE & CO.
SAVINGS AND INVESTMENT PLAN

The W. R. Grace & Co. Salaried Employees Savings and
Investment Plan (the "Plan") was originally established by W. R.
Grace & Co., a Connecticut corporation ("Grace Connecticut"), as
of September 1, 1976.  The Plan was amended effective July 1,
1983 in order for Participants to elect the salary deferrals
permitted under section 401(k) of the Code.  The Plan was amended
from time to time thereafter by Grace Connecticut, the last such
amendments being effective as of January 1, 1987 and July 1,
1987.

As a result of a corporate reorganization whereby Grace
Connecticut became a subsidiary of W. R. Grace & Co., a New York
corporation ("Grace New York") (and was renamed "W. R. Grace &
Co.-Conn."), Grace Connecticut amended the Plan effective May 25,
1988 and Grace New York adopted the Plan, as amended, with
respect to its eligible employees and assumed the sponsorship of
the Plan on behalf of itself and its participating subsidiaries
as of such date.

Grace New York thereafter amended the Plan effective
January 1, 1989 and effective July 1, 1989, to, among other
things, establish an employee stock ownership plan (within the
meaning of section 4975(e)(7) of the Internal Revenue Code of
1986, as amended) which forms a portion of the Plan.  Grace New
York again amended the Plan effective July 1, 1990, January 1,
1992, June 30, 1993, and January 1, 1994.

The Plan has also been amended to, among other things,
comply with the provisions of the Tax Reform Act of 1986 and
subsequent legislation.

Effective September 27, 1996, as a result of a transaction whereby National Medical Care, Inc. became part of Fresenius Medical Care AG ("Fresenius"), Grace New York also became part of Fresenius, and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace-I").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, effective as of September 27, 1996 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan).

Grace further amended the Plan, as set forth herein, effective January 1, 1997 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan), unless otherwise expressly provided in the Plan; which amendments are intended to (among other things) comply with the Small Business Job Protection Act of 1996 ("SBJPA") and the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA").

Effective March 31, 1998, as a result of a transaction whereby the Cryovac business of Grace-I became part of Sealed Air Corporation, Grace I also became part of Sealed Air Corporation and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, as set forth herein, effective as of March 31, 1998 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan).

GR 001656

To reflect changes associated with the "Closing Agreement" between Grace and the Internal Revenue Service (involving the Grace Drilling Plan and the HOMCO Plan), Grace further amended the Plan, as set forth herein, on April 20, 2000, with effective dates as set forth herein.

To reflect changes related to changes in eligibility, matching contributions and ability to reallocate Company contributions, Grace further amended the Plan, as set forth herein, effective October 1, 2000.

To reflect changes related to company match provisions, Grace further amended the Plan, effective, January 1, 2001, as set forth herein.

To reflect the adoption of the new minimum distribution rules, under the January 17, 2000 IRS proposed regulations, Grace further amended the Plan, effective September 1, 2001, as set forth herein.

To reflect the adoption of amendments to comply in good faith with certain provisions of the Economic Growth and Tax Relief Reconciliation Act of 2001, the Plan is further amended as set forth herein, effective for Plan Years beginning after December 31, 2001 (or such other date as provided herein).

Effective at the beginning of the Plan Year commencing January 1, 2002, the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees is being merged into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees, and the name of the Plan is changed to the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees to the W.R. Grace & Co.

Savings & Investment Plan, effective immediately after such merger.

As specified above, the Plan is amended and restated, as set forth herein, to comply with changes in the law applicable to tax-qualified pension plans, including but not limited to SBJPA and USERRA, effective January 1, 1997 (or such other date as provided herein) and to reflect the merger of the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees and the new name of the Plan, effective at the beginning of the Plan Year commencing January 1, 2002.

The Plan was further amended and restated, as set forth herein, effective on the dates noted below, to effectuate the following:

| | |
|---|---|
| April 9, 2003 | Credit cash in Grace Stock Fund and Company Contribution Fund (the "Stock Funds") to the Fixed Income Fund, and allocate to participants' accounts on a pro-rata basis regarding the individual participant's interest in the Stock Funds. |
| April 10, 2003 | Commencing April 10, 2003, and ending April 11, 2003, suspend transactions within, and involving the Stock Funds, the order to (1) merge the Stock Funds (the merged Fund is named the "Grace Stock Fund") and (2) |

GR 001658

institute "real time" trading with respect to shares within the Grace Stock Fund.

April 14, 2003    Reopen the Grace Stock Fund to execute participant orders to buy and sell shares allocated to their accounts, on a "real time" trading basis.

April 16, 2003    Redirect to the Fixed Income Fund any payroll contributions directed by participants to the Grace Stock Fund.

April 17, 2003    Cease all participant allocations to the Grace Stock Fund; but continue to permit participant allocations from the Grace Stock Fund.

The Plan was further amended and restated, as set forth herein, effective January 1, 2003, to change the provisions of Sections 3.10 and 4.11, as agreed with the IRS, in order to receive a favorable IRS determination letter.

The Plan was further amended and restated, as set forth herein, effective December 8, 2003, to permit the Investment Committee to appoint an independent "investment manager", as defined by ERISA section 3(38), with respect to the Grace Stock Fund, and to provide the terms applicable to such appointment.

The Plan was further amended and restated, or set forth herein, effective January 1, 2004, to allow post-employment installment payments of up to 20 years, and to transfer to

Fidelity certain administrative responsibility for making hardship withdrawal determinations.

The Plan was further amended and restated, as set forth herein, effective July 1, 2004, to permit before and after tax deferrals up to (but not to exceed) 25% of compensation, in total.

GR 001660

TABLE OF CONTENTS

Section                                                     Page

Purpose of the Plan-------------------------------    --
  1      Definitions--------------------------------     1
  2      Participation------------------------------    22
  3      Employee Contributions---------------------    29
  4      Company Contributions----------------------    42
  5      Investment Provisions----------------------    68
  6      Valuation of Accounts----------------------    82
  7      Vesting------------------------------------    84
  8      Distribution of Vested Interest------------    86
  9      Withdrawals During Employment--------------   109
 10      Payment of Benefits------------------------   120
 11      Re-Employment------------------------------   122
 12      Administration of the Plan-----------------   126
 13      Certain Rights and Obligations-------------   134
 14      Amendments---------------------------------   137
 15      Non-Alienation of Benefits-----------------   138
 16      Top-Heavy Provisions-----------------------   141
 17      Tender Offers------------------------------   145
 18      Loans--------------------------------------   149

GR 001661

- 1 -

## Section 1

### Definitions

The following words and phrases used herein shall have the following meanings unless a different meaning is plainly required by the context.

1.01    Account:

> The account reflecting the interest of each Participant, Inactive Participant and former Participant in the Plan, which, effective July 1, 1989, is comprised of both a Savings Plan Account and an ESOP Account.

1.02    Administrative Committee:

> The Administrative Committee provided for in Section 12.06 of the Plan (including such Committee's designee).

1.03    After Tax Contribution(s):

> The sum of (i) contributions made by a Participant as provided in Section 3.03 of the Plan, and (ii) Basic Contributions.

- 2 -

1.04   Basic Contribution(s):

         The contributions made by a Participant prior to
         July 1, 1983 under Section 3.01 of the Plan as in
         effect prior thereto.

1.05   Before Tax Contribution(s):

         The contributions made by the Company in accordance
         with the election of the Participant as provided in
         Section 3.02 of the Plan.

1.06   Board of Directors:

         The Board of Directors of Grace.

1.07   Business Day:

         Each day that the New York Stock Exchange is open
         for business.

1.08   Code:

         Internal Revenue Code of 1986, as amended.

1.09   Company:

         Grace, Grace Connecticut, and any other corporation
         or other trade or business (owned or controlled by
         Grace New York prior to September 27, 1996; or

GR 001663

- 3 -

owned or controlled by Grace Connecticut prior to
May 25, 1988) one or more divisions or departments
of which from time to time shall be authorized by
the Board of Directors to participate in the Plan
(or which were authorized by Grace Connecticut to
participate in the Plan prior to May 25, 1988) and
which shall have adopted the Plan.

1.10    Compensation:

    (1)    Compensation is defined as wages and salaries for
personal services actually rendered in the course
of employment with the Company to the extent that
the amounts are includable in gross income
(including, but not limited, to commissions paid
salesmen, compensation for services on the basis of
a percentage of profits, incentive compensation,
tips and bonuses (but excluding long-term incentive
bonuses and retention bonuses)).  Compensation
shall exclude reimbursements or other expense
allowances, fringe benefits, moving expenses,
deferred compensation, welfare benefits, and the
Company's cost for any employee benefit plan,
including the Plan.  Compensation shall also
exclude the following:

        (a)    Employer contributions to a plan of deferred
compensation which are not includable in the
employee's gross income for the taxable year
in which contributed, or employer
contributions under a simplified employee

GR 001664

- 4 -

pension to the extent such contributions are
deductible by the employee, or any
distributions from a plan of deferred
compensation;

(b)    Amounts realized from the exercise of a non-
qualified stock option, or when restricted
stock (or property) held by the employee
either becomes freely transferable or is no
longer subject to a substantial risk of
forfeiture;

(c)    Amounts realized from the sale, exchange or
other disposition of stock acquired under a
qualified stock option; and

(d)    other amounts which received special tax
benefits, or contributions made by the
employer (whether or not under a salary
reduction agreement) towards the purchase of
an annuity contract described in section
403(b) of the Code (whether or not the
contributions are actually excludable from
the gross income of the employee).

Notwithstanding anything herein to the contrary,
Compensation shall include any amount contributed by
the Company pursuant to a salary reduction agreement
and which is not includable in the gross income of the
employee under sections 125, 402(e)(3), 402(h), or

GR 001665

- 5 -

403(b)(or under section 132(f) for Plan Years on and
after January 1, 2001) of the Code.

(2)  In the case of a Foreign Based Eligible Employee,
compensation shall be determined by the Administrative
Committee using as a guideline to be uniformly and
consistently applied that compensation which would have
been received by a Participant if his services had been
performed in a similar position in the United States
for Grace or Grace Connecticut.

(3)  Effective January 1, 1989, Compensation taken into
account under the Plan with respect to any Employee for
a Plan Year shall not exceed $200,000 (as automatically
adjusted for increases in the cost of living as
prescribed by the Secretary of the Treasury).
Effective January 1, 1994, compensation taken into
account under the Plan with respect to a Plan Year
shall not exceed $150,000 (as adjusted by the
Commissioner for increases in the cost of living in
accordance with section 401(a)(17)(B) of the Internal
Revenue Code). Effective January 1, 2002, Compensation
taken into account under the Plan with respect to any
Employee for a Plan Year shall not exceed $200,000 (as
automatically adjusted for increase in the cost of
living as prescribed by the Secretary of Treasury). For
Plan Years before January 1, 1997, in determining the
Compensation of a Participant for purposes of this
limitation, the rules of section 414(g)(6) of the Code
shall apply, except in applying such rules, the term
"family" shall include only the spouse of the

- 6 -

Participant and any lineal descendants of the
Participant who have not attained age 19 before the
close of the Plan Year.

1.11    Continuous Employment:

Any period of employment with the Company, or any
corporation or other trade or business controlled by Grace
(or, prior to September 27, 1996, W. R. Grace & Co., a New
York corporation; or, prior to May 25, 1988, by Grace
Connecticut) pursuant to Section 414(b) or (c) of the Code
or any other entity affiliated with the Company, or
required to be aggregated with the Company pursuant to
section 414(m) or section 414(o) of the Code, respectively
(during the period of such controlled status, affiliation
or required aggregation), commencing on the Employee's
date of hire.

1.12    Conversion Period:

The period beginning on June 30, 1993 and ending on July
16, 1993 during which certain Plan transactions were
suspended as a result of transferring the assets of the
Trust Fund to Fidelity Management Trust Company and
changing the investment options available under the Plan.
A description of these suspended transactions is attached
hereto as Exhibit B).

GR  001667

- 7 -

1.13    Cryovac Disposition

The transaction whereby control of the Cryovac business
such business, the "Cryovac Business") was separated from
control of substantially all of the other businesses
conducted by Grace-I, and whereby Grace commenced control
and ownership, directly or indirectly, of all of the Non-
Cryovac Businesses of Grace-I.

1.14    Disability Date:

(1)    The earlier of (i) the date on which a Participant
or Inactive Participant receives a disability award
under the Social Security Act, or (ii) the date on
which a Participant or Inactive Participant is
certified as disabled under a long term disability
income plan maintained by the Company.

(2)    In all other cases, the date on which the
Administrative Committee determines that a
Participant or Inactive Participant is unable to
perform the customary duties of his regular job
with the Company, and will continue to be unable to
so perform for a period of time which is expected
to be protracted, due to a physical or mental
disability.  This determination is to be made only
after the Participant or Inactive Participant has
submitted himself to an examination by a physician
provided by or acceptable to the Administrative
Committee.

GR 001668

- 8 -

(3)    For purposes of Section 402(e)(4)(A) of the Code, a
       Participant or Inactive Participant shall be
       considered to have separated from service on his
       Disability Date.

1.15   Early Retirement Date:

The date of the Participant's or Inactive Participant's
Termination of Service, provided it occurs on or after
his 55th birthday and prior to his 65th birthday, or on
or after his 50th birthday in the case of Participants
and Inactive Participants who are subject to the early
retirement provisions of section 5.14 or Section 5.15 of
the W. R. Grace & Co. Retirement Plan for Salaried
Employees or section 3.14 of the W. R. Grace & Co.
Supplemental Executive Retirement Plan.

1.16   Effective Date of the Plan:

(1)    The Effective Date of this amended and restated
       Plan is January 1, 1997 (or such other date as
       provided herein).  The Effective Date of the Plan
       as originally adopted by Grace Connecticut is
       September 1, 1976.

(2)    The Effective Date of the Plan for each Employing
       Unit authorized to participate in the Plan after
       September 1, 1976 shall be the effective date of such
       participation.

- 9 -

1.17    Eligible Employee:

An Employee eligible to participate in the Plan as
provided in Section 2.01.

1.18    Employee:

Any person who is employed by the Company or any other
entity required to be aggregated with the Company under
sections 414(b), (c), (m) or (o) of the Code.

For purposes of the requirements of section 414(n)(3) of
the Code, a "leased employee" who is not excluded under
the safe harbor provisions of section 414(n)(5) of the
Code shall be treated as an Employee, but any such "leased
employee" shall not be an Eligible Employee unless
specifically so designated by the Company.  A "leased
employee" is any person (other than an employee of the
Company) who pursuant to an agreement between the Company
and any other person (leasing organization) has performed
services for the Company (or for the Company and related
persons determined in accordance with §414(n)(6) of the
Code) on a substantially full-time basis for a period of
at least one year, and such services are performed under
the primary direction or control of a Company (for Plan
Years beginning prior to January 1, 1997, are of a type
historically performed by employees in the business field
of a Company).

- 10 -

1.19    Employing Unit:

A division or department of the Company authorized by the
Board of Directors to participate in the Plan (including
any division or department of the Company authorized by
Grace Connecticut to participate in the Plan prior to May
25, 1988).

1.20    ESOP:

Effective July 1, 1989, the stock bonus portion of the
Plan which constitutes an employee stock ownership plan
under section 4975(e)(7) of the Code.

1.21    ESOP Account:

Prior to April 9, 2003, the amounts credited to each
Participant, Inactive Participant or former Participant
under the ESOP, separately reflecting Company
contributions made after June 30, 1989 and before January
1, 2001 under Section 4.01 (including Company
contributions that were transferred from Former Fund C
within the Savings Plan to the ESOP in accordance with
Section 5.01), and Supplemental Contributions, After-Tax
Contributions, Before-Tax Contributions and Rollover
Contributions that were invested in Former Fund C within
the Savings Plan and subsequently transferred to the ESOP
in accordance with Section 5.01, each with any earnings,
interest and dividends, and profits and losses, realized
or unrealized thereon.  Effective April 9, 2003, amounts
credited to the ESOP Account shall be allocated to the

- 11 -

ESOP portion of the Grace Stock Fund, and such portion
shall be regarded as the "ESOP Account", and shall
continue to constitute the ESOP, as of and after that
date.

1.22    Foreign Based Eligible Employee:

An Employee eligible to participate in the Plan as
provided in Section 2.01(2).

1.23    Foreign Subsidiary:

Any foreign entity in which the Company directly or
through one or more entities has at least a 10% interest
in the voting stock or profits thereof and with respect to
which the Company has entered into an agreement with the
U.S. Secretary of the Treasury or his delegate as defined
in section 3121(l) of the Code providing social security
coverage of U.S. citizens and U.S. resident employees.

1.24    Former Funds:

The available investment options under the Plan prior to
the commencement of the Conversion Period, including
Former Funds A, B, C and D.

1.25    Grace:

W. R. Grace & Co., a Delaware corporation.

GR 001672

- 12 -

1.26   Grace Connecticut:

W. R. Grace & Co.-Conn., a Connecticut corporation, which
is a subsidiary of Grace.  All references herein to
"Grace Connecticut" which relate to periods prior to
May 25, 1988, shall mean W. R. Grace & Co., a Connecticut
corporation.

1.27   Grace Stock:

Shares of common stock of Grace, including fractional
shares.

1.28   Grace Stock Fund:  As defined in Sections 5.11 and 5.12.

Hour of Service:

With respect to each Plan Year (or other applicable
computation period) an Employee will be credited with an
Hour of Service for the following:

(1)   Each hour for which an Employee is paid or entitled
to payment by the Company for the performance of
duties.

(2)   Each hour up to a maximum of 501 hours for which an
Employee is paid or entitled to payment by the
Company on account of a period of time during which
no duties are performed due to vacation, holiday,
illness, incapacity (including disability), layoff,
jury duty, military duty or leave of absence.

GR 001673

- 13 -

(3)    Each hour not otherwise credited for which back pay, irrespective of mitigation of damages, has been either awarded or agreed to by the Company.

Notwithstanding the foregoing, the Hours of Service of a salaried Employee exempt from the overtime provisions of the Fair Labor Standards Act shall be calculated, for purposes of determining a Year of Service and a One-Year Break in Service, by crediting him with 45 Hours of Service for any calendar week in which he has at least one Hour of Service.  This provision shall be effective as of May 1, 1979 with respect to all relevant computation periods (before or after such date) for exempt salaried Employees who terminate, retire or are re-employed on or after such date.

The foregoing shall be determined in accordance with the provisions of Labor Department Regulations Sections 2530.200(b)-2(b) and (c) and Section 2530.200(b)-3(e)(6), where applicable.

Hours of Service for purposes of determining eligibility and a One-Year Break in Service shall include hours during any period of Continuous Employment.

1.29    Inactive Participant:

(1)    Any Participant who ceases to be an Eligible Employee but whose Continuous Employment has not been terminated.

GR 001674

- 14 -

(2)   Any Participant who is not currently making After Tax
      Contributions and is not currently electing to have
      Before Tax Contributions made on his behalf.

(3)   Unless otherwise expressly provided in the Plan, the
      term "Inactive Participant" shall include an
      alternate payee for whom an Account is required to be
      established and maintained within the Plan by the
      terms of a qualified domestic relations order
      described in section 414(p) of the Code.

1.30   Independent Investment Manager:

An "investment manager", defined by ERISA section 3(38),
with no affiliation to the Company, that has been retained
by the Investment Committee to manage the Grace Stock
Fund, pursuant to Section 12.04(b).

1.31   Investment Committee:

The Investment Committee as provided in Section 12.03
(including such Committee's designee).

1.32   Investment Funds:

The available investment options under the Plan after the
commencement of the Conversion Period (but not including
the ESOP), which are described in Section 5.

GR 001675

- 15 -

1.33   Investment Manager:

An "investment manager", as defined by ERISA section
3(38), and as provided in Section 12.04(a).

1.34   NMC Disposition:

The transaction whereby control of the business conducted
by Grace's National Medical Care, Inc. subsidiary (such
businesses, the "NMC Businesses") was separated from
control of substantially all of the other businesses
conducted by W. R. Grace & Co. (a New York corporation),
which included a distribution, with respect to each share
of its common stock, of one share of Grace, which directly
or indirectly owns or controls the Non-NMC Businesses.

1.35   Non-Taxable Balance:

The amount of a Participant's contributions to the Plan
(not previously withdrawn) in which he has a cost basis
for tax purposes, as of December 31, 1986.

1.36   One-Year Break in Service:

Any Plan Year during which an Employee fails to complete
more than 500 Hours of Service due to a Termination of
Service.  A One-Year Break in Service shall occur at the
close of business on the last day of any such Plan Year.

For purposes of determining a One-Year Break in Service in
the case of an absence commencing on or after January 1,

- 16 -

1985, an Employee shall also be credited with a number of Hours of Service equal to such Employee's normal working hours (or 8 hours per workday if this cannot be determined) (up to a maximum of 501 hours) during which the Employee was absent from work on account of pregnancy, childbirth, adoption, or related child care (as described in sections 410(a)(5)(E) and 411(a)(6)(E) of the Code). Such hours shall be credited in the Plan Year in which such absence begins if such hours are needed to prevent a One-Year Break in Service in such Plan Year. Otherwise such hours shall be credited in the next succeeding Plan Year.

1.37   Participant:

Any person participating in the Plan as provided in Section 2.

1.38   Plan:

W. R. Grace & Co. Savings and Investment Plan (for periods before January 1, 2002, W. R. Grace & Co. Salaried Employees Savings and Investment Plan) as set forth herein and as from time to time amended.

- 17 -

1.39    Plan Year:

The twelve-month period commencing on each January 1st
and terminating on the following December 31st, except
that the first Plan Year shall be the four-month period
commencing on September 1, 1976 and terminating on
December 31, 1976.

1.40    Qualified Domestic Subsidiary:
A domestic corporation:

(1)    Eighty (80) percentum or more of the outstanding
voting stock of which is owned by the Company;

(2)    Ninety-five (95) percentum or more of its gross
income for the 3 year period immediately preceding
the close of its taxable year which ends on or
before the close of the taxable year of the Company
(or for such part of such period during which the
Corporation was in existence) was derived from
sources outside the United States; and

(3)    Ninety (90) percentum or more of its gross income
for such period (or such part) was derived from the
active conduct of a trade or business.

1.41    Recordkeeper:

The entity retained by Grace as of January 1, 1992 to
maintain the books and records of the Plan and to make

GR 001678

- 18 -

distributions of Plan benefits, and any successor(s) thereto.

1.42    Retirement:

Termination of Service (other than by death) on an Early Retirement Date or a Retirement Date.

1.43    Retirement Date:

The date of the Participant's or Inactive Participant's Termination of Service, provided it occurs on or after his 65th birthday.

1.44    Rollover Contribution(s):

The contributions made by a Participant as described in Section 3.13 of the Plan.

1.45    Savings Plan:

The portion of the Plan that does not constitute an employee stock ownership plan under section 4975(e)(7) of the Code. Prior to July 1, 1989, the Plan was comprised entirely of the Savings Plan.

1.46    Savings Plan Account:

The amounts credited to each Participant, Inactive Participant, or former Participant under the Savings Plan, separately reflecting Supplemental Contributions,

GR 001679

- 19 -

After Tax Contributions, Before Tax Contributions,
Rollover Contributions and Company contributions made to
the Plan after December 31, 2000, each with any earnings,
interest and dividends, and profits or losses, realized
or unrealized, thereon (other than any such amounts that
were invested in Former Fund C and subsequently
transferred from the Savings Plan to the ESOP in
accordance with Section 5.01).

1.47    Supplemental Contributions:

The contributions made by a Participant prior to July 1,
1983 under Section 3.02 of the Plan as in effect prior
thereto, and the contributions transferred from the W. R.
Grace & Co. Retirement Plan for Salaried Employees as
described in Section 3.14.

1.48    Termination of Service:

Termination of Continuous Employment as determined by the
Company from its service records.

Notwithstanding any different treatment provided under a
parallel provision of any other employee benefit plan
maintained by the Company, in the event that an Employee
ceases to render actual services to the Company (and any
affiliate thereof), no amount paid to him (whether in a
lump sum or in periodic installments) on or after
cessation of services on account of severance shall be
regarded as compensation under the Plan (except to the
extent otherwise required by law).

- 20 -

1.49    Three Months of Service:

   Three consecutive, full calendar months, beginning with
   the first day of the calendar month following (or
   coincident with) the Employee's date of hire, during
   which the Employee has completed at least 250 Hours of
   Service.

1.50    Transition Period:

   The period beginning on December 31, 1991 and ending on
   April 1, 1992 during which certain Plan transactions were
   suspended as a result of the transfer of the books and
   records of the Plan from Grace (and its designees) to the
   Recordkeeper.  (A list of these suspended transactions
   and a description of certain other matters related to the
   Transition Period is attached hereto as Exhibit A.)

1.51    Trust Fund:

   The fund established under Section 12.01.

1.52    Trustee:

   The Trustee or Trustees provided for in Section 12.01.

GR  001681

- 21 -

1.53    Vested Interest:

That portion of an Account in which a participant has a
fully vested and nonforfeitable right, as provided in
Section 7.

1.54    Year of Service:

The consecutive twelve-month period beginning on the
Employee's date of hire or any Plan Year subsequent to
such date of hire (beginning with the Plan Year which
includes the first anniversary of the Employee's date of
hire) in which the Employee has completed at least 1,000
Hours of Service.

1.55    Effective July 1, 1989, where a provision in the text of
the Plan is intended to apply to the entire Plan, the term
"Plan" is used.  Where a provision is intended to apply to
one portion of the Plan, but not the other, the term
"ESOP" or "Savings Plan", as the case may be, is used.

1.56     Masculine pronouns used herein shall refer to men or
women or both and nouns and pronouns when stated in the
singular shall include the plural and when stated in the
plural shall include the singular, wherever appropriate.

1.57    Any reference in the Plan to a "Section" shall refer to a
Section of the Plan unless otherwise specified.

GR 001682

- 22 -

## Section 2

Participation

2.01    An Eligible Employee is:

(1)    Any salaried Employee of an Employing Unit, or any
salesman paid on a commission basis by an Employing
Unit, who has completed Three Months of Service
(or, for periods prior to October 1, 2000, one Year
of Service), other than an Employee with respect to
whom compensation, retirement benefits, hours of
work or conditions of employment are determined
through good faith bargaining with a recognized
bargaining agent (subject to collective bargaining)
or an Employee actively participating in another
savings and investment plan maintained or
contributed to by the Company or any subsidiary of
the Company.

With respect to any Eligible Employee who has
completed Three Months of Service (but not one Year
of Service) on or prior to October 1, 2000, such
Eligible Employee shall be eligible to commence
participation in the Plan, as of October 1, 2000.

Notwithstanding the forgoing, for periods
commencing on or after October 1, 2000, any
salaried Employee of an Employing Unit, or any
salesman paid on a commission basis by an Employing
Unit, other than an Employee with respect to whom

GR 001683

- 23 -

compensation, retirement benefits, hours of work or
conditions of employment are determined through
good faith bargaining with a recognized bargaining
agent (subject to collective bargaining) or an
Employee actively participating in another savings
and investment plan maintained or contributed to by
the Company or any subsidiary of the Company, who
does not satisfy the requirements of either of the
first two paragraphs of this Section 2.01(1) prior
to completing one Year of Service, shall be an
Eligible Employee when he or she has completed one
Year of Service.

The limitations of this Section 2.01(1) with
respect to the exclusion of hourly Employees from
participation in the Plan shall not apply to those
hourly Employees who, as a result of the merger of
the Hourly Plan (as defined in Section 2.11) with
this Plan, become Participants or Inactive
Participants in this Plan as the result of such
merger, as more fully described in Section 2.11.


(2)    Any citizen or resident of the United States who is
a salaried Employee or salesman paid on a
commission basis of (1) a Foreign Subsidiary or (2)
a Qualified Domestic Subsidiary, as described
respectively in sections 406(a) and 407(a) of the
Code, and for whom no contributions under a funded
plan of deferred compensation are provided by the
Foreign Subsidiary, Qualified Domestic Subsidiary,

GR 001684

- 24 -

or any other person with respect to the
remuneration paid by such Foreign Subsidiary or
Qualified Domestic Subsidiary, and who has
completed one Year of Service.

Notwithstanding the foregoing, an individual who is
not a Participant in the Plan at the time he is
hired by a foreign subsidiary or qualified domestic
subsidiary is not an Eligible Employee.

(3)    Notwithstanding Section 2.01(1), effective at the
beginning of the Plan Year commencing January 1,
2002, any hourly Employee of an Employing Unit
(other than an Employee actively participating in
another savings and investment plan maintained or
contributed to by the Company or any subsidiary of
the Company) who has completed Three Months of
Service shall be an Eligible Employee. The
designation of an Employing Unit may restrict
eligibility to those hourly Employees thereof who
are covered under a specified collective
bargaining agreement, or who are not covered under
any such agreement.

Any hourly Employee of an Employing Unit, who does
not satisfy the requirements of the preceding
paragraph prior to completing one Year of Service,
shall be an Eligible Employee when he or she has
completed one Year of Service.

GR 001685

- 25 -

2.02   Each Employee eligible to participate in the Plan shall be
       so notified by the Company and shall elect to participate
       or not to participate by signing such forms as the
       Administrative Committee may require which forms shall be
       delivered to the Administrative Committee within 30 days
       after such notice of eligibility.  Failure to elect
       affirmatively to participate in the Plan within 30 days
       after such notice of eligibility shall be an election not
       to participate.

2.03   Any Employee who becomes eligible to participate and who
       elects to participate within the time provided shall
       become a Participant as of the first day of the month
       coincident with or next following his eligibility date.

2.04   Each Eligible Employee who elects not to become a
       Participant when first eligible may at any time after his
       eligibility date elect to become a Participant by signing
       such forms as the Administrative Committee may require.
       Such an Eligible Employee shall become a Participant (by
       electing to have the Company make Before Tax Contributions
       on his behalf under Section 3.02 or otherwise) as of the
       first day of the month which follows by at least 30 days
       the date such forms as the Administrative Committee may
       require are delivered to that Committee.

2.05   Any other provision of the Plan to the contrary
       notwithstanding:

GR 001686

- 26 -

    (i)      each Eligible Employee who is not a Participant as of May 24, 1993, may elect to become a Participant effective July 1, 1993, provided that the Eligible Employee makes that election by submitting the appropriate form to the Administrative Committee on or after May 24, 1993, but before June 19, 1993 (the "Open Enrollment Period:); and

    (ii)    each Participant may elect to have the Company start to make, or increase, Before Tax Contributions on his behalf under Section 3.02, effective July 1, 1993, provided that the Participant makes that election by submitting the appropriate form to the Administrative Committee during the Open Enrollment Period.

2.06 If a Participant terminates his Continuous Employment for any reason, his participation shall terminate.

2.07 Notwithstanding Section 2.06, an interruption in service in case of an authorized leave of absence, will not be considered a Termination of Service for purposes of the Plan, but no After Tax Contributions or Before Tax Contributions may be made during the periods of absence unless the Participant receives Compensation during such periods.

- 27 -

2.08    If a Participant is transferred to service with a division
       of the Company or any of its subsidiaries or affiliates
       not covered by the Plan or is transferred to an employment
       status not covered by the Plan, he shall be considered an
       Inactive Participant, and no After Tax Contributions or
       Before Tax Contributions may be made until he again
       becomes an Eligible Employee.

2.09    In the event that the Company shall acquire the control of
       any organization by purchase of assets or stock, merger,
       amalgamation, consolidation or any other similar event,
       the Board of Directors (or its Benefits Committee or any
       officer of Grace who has been authorized to acquire such
       organization by the Board of Directors) may authorize such
       organization to participate in the Plan upon agreement
       that contributions shall be made as required under the
       Plan, shall determine to what extent, if any, credit for
       service with such organization shall be granted as to the
       employees of such organization for the purpose of
       determining eligibility hereunder, whether a plan
       maintained by such organization shall be merged into the
       Plan and the treatment of assets of such plan in
       connection with such merger.

2.10    The former Dearborn Chemical Company Salaried Employees
       Savings and Investment Plan (and the assets and account
       balances thereunder) was merged into this Plan effective
       July 5, 1989.  The former HOMCO International, Inc. Profit
       Sharing, Investment Savings, and Retirement Plan; Grace
       Offshore Company Employees Profit Sharing Plan; and Grace
       Energy Corporation Employees Savings and Investment Plan

- 28 -

(and the assets and account balances under each) were
merged into this Plan effective December 31, 1993.  The
former Grace Drilling Co. Money Purchase Plan (and the
assets and account balances thereunder) was merged into
this Plan effective October 1, 1994.

2.11  The former W.R. Grace & Co. Hourly Employees Savings and
Investment Plan ("Hourly Plan") was merged into this Plan
effective at the beginning of the Plan Year commencing
January 1, 2002.  An individual who is a participant,
inactive participant or former participant under the
Hourly Plan as of the time of such merger shall become a
Participant, Inactive Participant or former Participant,
as applicable, under this Plan as of the time of such
merger.  Provided, however, that an individual whose
rights to benefits payable under the Hourly Plan have,
prior to January 1, 2002, commenced, been paid in full
(either directly or by distribution of an appropriate
annuity contract from an insurer) or been forfeited to the
extent not paid shall have his benefits determined under
the Hourly Plan as in effect at the time of distribution,
except as otherwise specifically provided in this Plan.

- 29 -

## Section 3

### Employee Contributions

3.01 Each Participant shall elect to have the Company make Before Tax Contributions on his behalf in accordance with Section 3.02, or shall elect to make After Tax Contributions to the Plan in accordance with Section 3.03, or both.

Effective for Plan Years commencing on or after January 1, 2002, Participants eligible to make elective deferrals under this Plan and who have attained age 50 before the close of the Plan Year shall be eligible to make catch-up contributions in accordance with, and subject to the limitations of, section 414(v) of the Code.  Such catch-up contributions shall not be taken into account for purposes of the provisions of the Plan implementing the required limitations of Section 402(g) and 415 of the Code.  The Plan shall not be treated as failing to satisfy the provisions of the Plan implementing the requirements of Section 401(k)(3), 401(k)(11), 401(k)(12), 410(b), or 461 of the Code, as applicable, by reason of the making of such catch-up contributions.

3.02 During a period specified by the Administrative Committee prior to the later of (1) the beginning of each Plan Year or (2) the date that an Eligible Employee first becomes a Participant under Section 2 (subject to Section 2.04) or Section 11.02 (upon reemployment), a Participant may request that the Company reduce his Compensation in respect of periods during such Plan Year that he is a Participant in

GR 001690

- 30 -

the Plan by an amount equal to a whole percentage, between
2% and 25% inclusive, of such Compensation and contribute
such amount to his Account under the Plan as a Before Tax
Contribution.  Notwithstanding the foregoing, such Before
Tax Contributions under this Plan and all other plans,
contracts, or arrangements of the Company shall not exceed
$7,000 (as automatically adjusted for increases in the cost
of living as prescribed by the Secretary of the Treasury)
for a Plan Year (determined without regard to certain
amounts paid in 1987 in respect of 1986 services).  In the
event that a Participant participates in more than one cash
or deferred arrangement under section 401(k) of the Code (or
other elective deferral arrangement covered under section
402(g)(3) of the Code) and contributions under all such
arrangements exceed the foregoing limitation, he shall so
inform the Administrative Committee and shall indicate the
amount of his Before Tax Contributions to be refunded to him
from the Plan as an Excess Deferral no later than March 1 of
the Plan Year next following the Plan Year in which such
Before Tax Contributions were made, and such refund of such
Before Tax Contributions (and earnings, if any, thereon)
shall be made to him no later than April 1 of such Plan
Year.

Amounts refunded as Excess Deferrals pursuant to this
Section 3.02 shall be adjusted for income or loss.  The
income or loss allocable to the Excess Deferrals is equal to
the sum of the following:  (i) the income or loss for the
taxable year of the individual allocable to the
Participant's Before Tax Contributions multiplied by a
fraction, the numerator of which is such Participant's

- 31 -

Excess Deferral for the taxable year, and the denominator is
equal to the sum of the Participant's account balance
attributable to Before Tax Contributions as of the beginning
of the taxable year, plus the Participant's Before Tax
Contributions for the taxable year, and (ii) 10% of the
amount determined under (i) above multiplied by the number
of whole calendar months between the end of the Plan Year
and the date of distribution, counting the month of
distribution if distribution occurs after the 15th of such
month.

3.03  A Participant who has elected to have the Company make
      Before Tax Contributions on his behalf under Section 3.02
      may also elect to contribute as After Tax Contributions an
      amount equal to a whole percentage of his Compensation
      between 1% and 25% inclusive, not in excess of the amount by
      which 25% exceeds the percentage of his Compensation
      represented by Before Tax Contributions for the Plan Year.
      A Participant who has not elected to have the Company make
      Before Tax Contributions on his behalf under Section 3.02
      may elect to contribute as After Tax Contributions an amount
      equal to a whole percentage of his Compensation between 2%
      and 25% inclusive.

3.04  Subject to Section 3.02 of the Plan, a Participant may elect
      to increase or decrease his rate of Before Tax Contributions
      as of the first date of any month (but not more frequently
      than once every 3 months) with no changes during a Plan Year
      that are effective after September 1.  Such elections shall
      be effective on the first day of the month next following
      the date that the Administrative Committee receives notice

- 32 -

from him.  Notwithstanding the foregoing, the provisions of
this Section 3.04 shall not apply to any suspension of
Before Tax Contributions which result from a withdrawal made
pursuant to Section 9.01(3) on account of hardship (as
defined in Section 9.05).

3.05 Subject to Section 3.03 of the Plan, a Participant may elect
to increase or decrease his rate of After Tax Contributions
effective on the first day of any month, provided that the
Administrative Committee receives prior notice from him in
writing, and provided further that such increase or decrease
cannot be made more frequently than once every three months,
except that the foregoing restriction shall not extend
beyond the end of any Plan Year.  Notwithstanding the
foregoing, a Participant may suspend his After Tax
Contributions effective the last day of any month by giving
written notice to the Administrative Committee at any time
prior to such effective date.  If a Participant has
suspended his After Tax Contributions, he may resume his
After Tax Contributions on the first day of any month which
is at least three full calendar months after the date the
suspension commenced (except that the foregoing restriction
shall not extend beyond the end of any Plan Year) by giving
written notice to the Administrative Committee as determined
by the date such notice is received by the Administrative
Committee.  For purposes of this Section 3.05, an Eligible
Employee who does not become a Participant in the Plan when
first eligible shall not be deemed to have made an election
with respect to After Tax Contributions until the
Administrative Committee receives notice from him in writing
of such an election.

- 33 -

3.06 After Tax Contributions shall be deducted by the Company
     from the Compensation of each Participant.  Before Tax
     Contributions shall be withheld by the Company from the
     Compensation of each Participant, subject to Section 3.10.

3.07 A Participant shall be an Inactive Participant during a
     period when (1) no Before Tax Contributions are being made
     on his behalf and (2) he is not currently making After Tax
     Contributions.

3.08 During the period prior to the beginning of each Plan Year,
     or from time to time thereafter, or both, the Company shall
     make estimated calculations, as set forth below, with
     respect to such Plan Year required by section 401(k) of the
     Code, and after the end of such Plan Year, shall make exact
     calculations, as set forth below:

     (a)  Each Eligible Employee shall be classified as either a
          (i) "highly compensated employee" or an (ii) "other
          employee".  For purposes hereof, a "highly compensated
          employee" means any Eligible Employee who performs
          service for the Company during the Plan Year and (A)
          who during the twelve (12) month period immediately
          preceding the Plan Year of reference received
          compensation from the Company in excess of $80,000 (as
          adjusted pursuant to the Code) or (B) who during such
          preceding Plan Year, or the Plan Year of reference,
          owned 5% or more of the equity of the Company.  In
          applying this definition, the special rules of section
          414(q) of the Code and the aggregation rules of

GR  001694

- 34 -

sections 414(b), (c), (m) and (o) of the Code shall be taken into account. For purposes hereof, "compensation" means compensation as set forth in Section 4.05 of the Plan (with the modifications set forth in section 414(q) of the Code). For purposes hereof, an "other employee" means any Eligible Employee who is not classified as a highly compensated employee.

(b)   For each Eligible Employee who is classified as an other employee, a deferral ratio shall be calculated equal to his Before Tax Contributions for the Plan Year preceding the Plan Year of reference (for Plan Years prior to January 1, 1997, the Plan Year of reference) (zero in the case of an Eligible Employee for whom no Before Tax Contributions are being made) divided by his Compensation for such Plan Year. Notwithstanding the foregoing, effective for Plan Years beginning on or after January 1, 2001, for purposes of this Section 3.08(b), the deferral ratio shall be the ratio for the Plan Year of reference.

(c)   For each Eligible Employee, who is classified as a highly compensated employee, a deferred ratio shall be calculated equal to his Before Tax Contributions for the Plan Year of reference (zero in the case of an Eligible Employee for whom no Before Tax Contributions are being made) divided by his compensation for the Plan Year of reference. An actual deferral percentage shall be calculated equal to the average of the deferral ratios for all such Eligible Employees.

GR 001695

- 35 -

3.09    For each Plan Year, the actual deferral percentage of the
        Eligible Employees who are classified as highly
        compensated employees (determined under Section 3.08(c),
        which considers contributions and Compensation for the
        Plan Year of reference) shall not exceed the greater of
        (A) or (B) below (and any necessary adjustments shall be
        made as set forth in Section 3.10):

        (A)    The actual deferral percentage for the prior Plan
               Year (for Plan Years prior to January 1, 1997, the
               Plan Year of reference) of the Eligible Employees
               who are classified as other employees (determined
               under Section 3.08(b)), multiplied by 1.25, or

        (B)    The lesser of:

               ( i)    the actual deferral percentage for the prior
                       Plan Year (for Plan Years prior to January 1,
                       1997, the Plan Year of reference) of the
                       Eligible Employees who are classified as
                       other employees (determined under Section
                       3.08(b)), multiplied by 2, or

               (ii)    the actual deferral percentage for the prior
                       Plan Year (for Plan Years prior to January 1,
                       1997, the Plan Year of reference) of the
                       Eligible Employees who are classified as
                       other employees (determined under Section
                       3.08(b)), plus 2%.

GR 001696

- 36 -

Notwithstanding the foregoing, effective for Plan Years
beginning on or after January 1, 2001, for purposes of this
Section 3.09, the actual deferral percentage for Eligible
Employees who are classified as other employees shall be the
actual deferral percentage for the Plan Year of reference.

3.10    In the event that the actual deferral percentage of the
Eligible Employees who are classified as highly
compensated employees for the Plan Year exceeds the
maximum percentage permitted under Section 3.09 (less such
additional percentage as may be determined by the
Administrative Committee) based on estimated or exact
calculations, a leveling method shall be applied under
which the requested or actual Before Tax Contribution for
the Plan Year of the Eligible Employee(s) who are
classified as highly compensated employees and who are
deferring the greatest dollar amount as Before Tax
Contributions for the Plan Year shall be reduced, in
total, by the amount of the Excess Before Tax
Contributions.  For purposes of this Section 3.10, "Excess
Before Tax Contributions" shall mean, with respect to any
Plan Year, the excess of (a) the aggregate amount of
Before Tax Contributions actually taken into account in
computing the actual deferral percentage of highly
compensated employees for such Plan Year, over (b) the
maximum amount of such contributions permitted by the
actual deferral percentage test of Section 3.09
(determined by hypothetically reducing Before Tax
Contributions made on behalf of highly compensated
employees in order of their actual deferral percentages,
beginning with the highest of such percentages, and

- 37 -

continuing this process until the actual deferral
percentage test is satisfied).  For purposes of reducing
the Before Tax Contributions of any highly compensated
employee, the amount of Excess Before Tax Contributions
will be allocated first to the Before Tax Contributions of
the highly compensated employee with the highest actual
dollar amount of Before Tax Contributions, to equal the
dollar amount of the Before Tax Contributions of the
highly compensated employee with the next highest dollar
amount; however, a lesser reduction will be applied if
such lesser reduction results in an allocation of the
total Excess Before Tax Contributions.  This process will
continue in descending order until all the Excess Before
Tax Contributions have been allocated.

3.11    Any amount by which a Participant's requested or actual
Before Tax Contribution is reduced for a Plan Year shall
be treated in the manner set forth below as elected by
such Participant.  A Participant may elect to receive such
amount in cash as part of his current Compensation or may
elect to have such amount considered as an After Tax
Contribution as determined under Section 3.03 of the Plan.
In the event that a Participant elects to receive the
amount by which his Before Tax Contributions are required
to be reduced in cash, such amount shall not be
contributed to the Plan, or if contributed, shall be
refunded with any earnings allocable thereto as an Excess
Contribution (and any Company contribution associated with
such refunded Excess Contribution, including any earnings
allocable thereto, shall be forfeited).  Before Tax
Contributions which are to be refunded or considered as an

GR 001698

- 38 -

After Tax Contribution under this Section 3.11 shall be so
refunded or considered in accordance with section
401(k)(8) of the Code and Treasury Regulations promulgated
thereunder no later than the end of the Plan Year after
the Plan Year in which such amount was contributed to the
Plan (and if possible, no later than March 15 of the Plan
Year after the Plan Year in which such amount was
contributed). Before Tax Contributions which are
considered as an After Tax Contribution under this Section
3.11 will continue to be regarded as Before Tax
Contributions for purposes of Section 9 of the Plan
regarding withdrawals.

Amounts refunded as Excess Contributions and Company
contributions forfeited pursuant to this Section 3.11
shall be adjusted for income or loss. The income or loss
allocable to an Excess Contribution is equal to the sum of
the following: (i) the income or loss allocable to the
Participant's Before Tax Contributions for the Plan Year
multiplied by a fraction, the numerator of which is such
Participant's Excess Contribution for the year, and the
denominator is equal to the sum of the Participant's
account balance attributable to Before Tax Contributions
as of the beginning of the Plan Year, plus the
Participant's Before Tax Contributions for the Plan Year,
and (ii) 10% of the amount determined under (i) above
multiplied by the number of whole calendar months between
the end of the Plan Year and the date of the distribution,
counting the month of distribution if distribution occurs
after the 15th of such month. The income or loss
allocable to forfeited Company contributions shall be

- 39 -

determined in a similar manner, substituting the term
"Company contributions" wherever "Before Tax
Contributions" appears.

3.12    No contributions may be made by a Participant who

    (1)    is not receiving Compensation,

    (2)    is no longer an Eligible Employee, or

    (3)    is an Inactive Participant.

3.13    A Participant or Inactive Participant (and, effective
        July 19, 1993, an Employee who would be an Eligible Employee
        except that he has not yet completed the eligibility
        requirements of Section 2.01) may at any time file with the
        Administrative Committee a request to permit him to make a
        Rollover Contribution (as defined below).

        The Administrative Committee shall have the sole discretion
        (which shall be exercised in a non-discriminatory manner) as
        to whether to permit such a Rollover Contribution, and may,
        as a condition of its approval, require the Participant or
        Inactive Participant or other individual to furnish such
        evidence as the Administrative Committee deems appropriate
        that the amount to be paid qualifies as a Rollover
        Contribution under the law.  A Rollover Contribution means a
        contribution to the Plan of an amount constituting a
        "rollover amount" or "rollover contribution" under sections
        402(a)(5), 408(d)(3), or 403(a)(4) of the Code.
        Notwithstanding the foregoing, a Participant may not include
        in a Rollover Contribution any "qualified voluntary employee
        contribution" as defined in section 219(e)(2) of the Code as

- 40 -

in effect on December 31, 1986.  Effective January 1, 2002,
subject to sections 401(a)(31) and 402 of the Code, a
Rollover Contribution shall include (A) a direct rollover
from (1) a qualified plan described in section 401(a) or
403(a) of the Code, including after-tax contributions; (2)
an annuity contract described in section 403(b) of the Code,
excluding after-tax contributions; (3) an eligible plan
under section 457(b) of the Code which is maintained by a
state, political subdivision of a state, or any agency or
instrumentality of a state or political subdivision of a
state; (B) a Rollover Contribution (other than a direct
rollover) shall include a Participant contribution of an
eligible rollover distribution from (1) a qualified plan
described in section 401(a) or 403(a) of the Code; (2) an
annuity contract described in section 403(b) of the Code;
(3) an eligible plan under section 457(b) of the Code which
is maintained by a state, political subdivision of a state,
or any agency or instrumentality of a state or political
subdivision of a state; and (C) the Plan shall accept a
participant rollover contribution from an individual
retirement account described in section 408(a) or 408(b) of
the Code that is eligible to be rolled over and would
otherwise be includible in gross income.  The Plan shall
separately account for any portion of a Rollover
Contribution consisting of after-tax contributions.

Effective January 1, 2002, subject to the provisions of
section 402(c)(9) of the Code, if a distribution
attributable to an Eligible Employee is paid to the spouse
of such employee after his death, this Section 3.13 shall
apply to such distribution in the same manner as if the

- 41 -

spouse were the employee.

A Participant's Rollover Contribution shall be 100% vested and nonforfeitable at all times.  A Rollover Contribution shall be credited to a Participant's Account and shall be invested in such Investment Fund and/or, for periods after June 30, 1989, in the ESOP, as the Participant may designate.

3.14   In the event that an Employee who was a "participant" in the W. R. Grace & Co. Retirement Plan for Salaried Employees elected to transfer to the Plan the amount of his "accumulated contributions" and "interest" thereunder pursuant to section 5.11 of such plan (or section 5.08 of the W. R. Grace & Co. Retirement Plan for Clerical Hourly Employees of Lake Charles Plant), the amount of his "accumulated contributions" is considered as Supplemental Contributions to his Account as of the "valuation date" coincident with or next following the date of such transfer (except for purposes of Sections 4.06 and 4.07 of the Plan) and the amount of his "interest" is considered as earnings on Supplemental Contributions in his Account as of such "valuation date," and both amounts are 100% vested and nonforfeitable at all times, are invested in such Investment Fund(s) within the Savings Plan as the Employee designated, and are subject to the provisions of the Plan relating to Supplemental Contributions, and earnings thereon, respectively.

GR  001702

- 42 -

## Section 4

Company Contributions

4.01    Subject to the other provisions of Section 4, for each
        month during which the Plan is in effect, the Company
        shall contribute to the Trust Fund an amount which when
        added to forfeitures, if any, will be equal to 100% (and
        for periods prior to January 1, 2001, 75%; and for periods
        prior to October 1, 2000, 50%) of the lesser of (A) the
        aggregate amount of each Participant's After Tax
        Contributions and Before Tax Contributions, or (B) 6% of
        such Participant's Compensation, for the corresponding
        month.  No contributions will be made with respect to
        Participants' other contributions or his Compensation in
        excess of such 6%.  The amount of Before-Tax Contributions
        and Company contributions pursuant to this Section 4.01
        shall not exceed the maximum amount deductible under
        section 404 of the Code.

        For periods after January 1, 2001, all Company
        contributions shall be made to the Savings Plan portion of
        the Trust Fund.  With respect to Company contributions
        made to a Participant's Account after that date, Company
        contributions shall be allocated to Investment Funds in
        accordance with the Participant's investment election with
        regard to the Participant's Before Tax contributions, or
        if no such elections is effective, in accordance with the
        investment election with regard to the Participant's After
        Tax contributions.

- 43 -

For periods after June 30, 1989, but before January 1,
2001, all Company contributions shall be made to the ESOP
portion of the Trust Fund, subject to the provisions of
Section 4.12.  Such contributions may be made in cash or
in Grace Stock; provided, however, that Company
contributions shall be made in Grace Stock, to the extent
that the Company incurs an "immediate allocation loan" or
loans described in section 133(b)(1)(B) of the Code to
finance its contributions to the ESOP, in which event, the
Grace Stock acquired with the proceeds of such loan or
loans shall be transferred to the ESOP within 30 days of
the date on which interest begins to accrue on such loans.
 The Trustee may apply cash contributions made by the
Company towards the purchase of Grace Stock from the
Company or any other source for the account of the ESOP;
provided, however, that in no event shall a commission be
charged with respect to a purchase of Grace Stock from the
Company for the account of the ESOP.  In the event that
the Company shall make a contribution of Grace Stock that
is treasury stock or authorized but unissued stock to the
ESOP portion of the Trust Fund or the Trustee shall
purchase Grace Stock from the Company for the account of
the ESOP and Grace Stock is then traded on a national
securities exchange, the value of such shares shall be the
average of the closing prices of Grace Stock, as reported
on the New York Stock Exchange composite tape, for the 20
consecutive trading days immediately preceding the date of
the contribution or purchase.  Grace Stock contributed to
or purchased by the Plan under this Section 4.01 shall be
valued in good faith by an independent appraiser selected
by the Trustee as of the date of the contribution or

- 44 -

purchased in the event that shares of Grace Stock are not then traded on a national securities exchange.

4.02    The Company also shall contribute during each Plan Year such amounts as are reinstated pursuant to Section 11.03.

4.03    In addition to the contributions to be made pursuant to Sections 4.01 and 4.02, the Company shall pay all expenses reasonably incurred in administering the Plan, to the extent such expenses are not paid by the Trust Fund.

4.04    All contributions made to the Plan by the Company shall be irrevocable, except that contributions made by a mistake of fact or that are not deductible under section 404 of the Code shall be returned to the Company, without interest, within one year after the payment of the contribution, or the disallowance of the deduction (to the extent disallowed), whichever is applicable. Contributions shall be held in the Trust Fund to be used in accordance with the provisions of the Plan in providing the benefits and defraying the reasonable expenses of Plan administration, and neither such contributions nor any income therefrom shall be used for or diverted to purposes other than for the exclusive benefit of Participants, Inactive Participants, and former Participants and their beneficiaries under the Plan except as provided above, and except that any forfeitures arising under Section 7.02 on account of a Termination of Service that occurred prior to January 1, 1989 were used or shall be used to reduce Company contributions otherwise payable, in accordance with Sections 4.01 and 4.02.

- 45 -

4.05    Annual Additions (as defined below) to the Account of a
        Participant or Inactive Participant for a Plan Year shall
        not exceed the lesser of:

    (1)    $30,000 (or, for Plan Years beginning prior to
           January 1, 1995, 25% of the dollar limitation
           applicable to defined benefit plans under section
           415(b)(1)(A) of the Code, if greater), each as
           automatically adjusted to reflect increases in the
           cost of living as prescribed by the Secretary of
           the Treasury, or effective for Plan Years beginning
           on or after January 1, 2002, $40,000, as adjusted
           for increases in the cost of living under Section
           415(d) of the Code; or

    (2)    25% of the total section 415 "compensation" (as
           defined below) of such Participant or Inactive
           Participant from the Company and effective for Plan
           Years beginning on or after January 1, 2002, 100%
           of the section 415 "compensation" of the
           Participant or Inactive Participant of the Company.

        Annual Additions (with respect to a Plan Year beginning
        on or after January 1, 1987) means the sum of (i) Company
        contributions (including forfeitures under Section 7.02
        in lieu thereof) pursuant to Section 4.01, (ii) Before
        Tax Contributions, (except, for limitation years
        beginning after December 31, 2001, to the extent
        permitted under Section 3.01 of the Plan relating to
        catch up contributions and Section 414(v) of the Code)

GR 001706

- 46 -

(iii) After Tax Contributions, and (iv) amounts described
in sections 415(l)(1) and 419A(d)(2) of the Code.
Effective for Plan Years beginning on or after January 1,
2002, the limit in section 4.05(2) of the Plan shall not
apply to any contribution for medical benefits after
separation from service (within the meaning of section
401(h) or section 419A(f)(2) of the Code) which is
otherwise treated as an annual addition.

For purposes hereof, compensation means a participant's
wages and salaries for personal services actually rendered
in the course of employment with the Company to the extent
that the amounts are includable in gross income
(including, but not limited, to commissions paid salesmen,
compensation for services on the basis of a percentage of
profits, incentive compensation, tips and bonuses (but
excluding long-term incentive bonuses)).In addition,
effective for Plan Years beginning on or after January 1,
1998, compensation shall include any amount contributed by
the Company pursuant to a salary reduction agreement and
which is not includible in gross income under sections
125, 402(g)(3), 402(h), or 403(b), or effective January 1,
2001, section 132(f), and effective January 1, 2002,
414(v).  Other amounts not included in compensation for
purposes of this Section include:

(a)      Employer contributions to a plan of deferred
         compensation (except as otherwise provided above)
         which are not includable in the employee's gross
         income for the taxable year in which contributed,
         or employer contributions under a simplified

- 47 -

        employee pension to the extent such contributions
are deductible by the employee, or any
distributions from a plan of deferred compensation;

(b)     Amounts realized from the exercise of a non-
qualified stock option, or when restricted stock
(or property) held by the employee either becomes
freely transferable or is no longer subject to a
substantial risk of forfeiture;

(c)     Amounts realized from the sale, exchange or other
disposition of stock acquired under a qualified
stock option; and

(d)     other amounts which received special tax benefits,
or contributions made by the employer (whether or
not under a salary reduction agreement) towards the
purchase of an annuity contract described in
section 403(b) of the Internal Revenue code
(whether or not the contributions are actually
excludable from the gross income of the employee).

4.06    If the Annual Additions limitation set forth in Section
4.05 would be exceeded with respect to a Participant, such
Participant's After Tax Contributions, if any, with
respect to such Plan Year shall be reduced and refunded
and deemed not to have been made, to the extent necessary
to satisfy the limitations of Section 4.05.

If such limitation would then still be exceeded, such
Participant's Before Tax Contributions, if any, with

- 48 -

respect to such Plan Year shall be reduced and refunded
and deemed not to have been made, to the extent necessary
to satisfy the limitations of Section 4.05.

If such limitation would then still be exceeded, the
Company contribution allocated to such Participant
pursuant to Section 4.01 for such Plan Year shall be
reduced so that it does not exceed the maximum allocation
permitted by Section 4.05.  Such excess amount in a
Participant's Account shall be used to reduce Company
contributions for the next limitation year (and succeeding
limitation years, as necessary) for such Participant if he
is a Participant as of the end of such limitation year,
but if he is not, such excess amount shall be held
unallocated in an Annual Additions suspense account for
such limitation year and reallocated in the next
limitation year to the remaining Participants in
accordance with the regular allocation provisions of the
Plan and shall reduce Company contributions for such
limitation year.

The resolution of the Board of Directors (or, prior to
May 25, 1988, the board of directors of Grace Connecticut)
adopting this Plan as amended shall be deemed to be a
resolution adopting the Plan Year as the "limitation year"
(as defined in Internal Revenue Service Regulation section
1.415-2) for purposes of the Plan.

4.07   In the event that any Participant or Inactive Participant
is also covered under another qualified defined
contribution plan sponsored by the Company or an

- 49 -

affiliated corporation or other trade or business
(defined, for this purpose only, in accordance with
section 415(h) of the Code), the foregoing limitations
shall be applied to each plan separately and on an
aggregate basis.

4.08    This Section 4.08 shall only be effective for Plan Years
commencing before December 31, 1999, and shall have no
effect for Plan Years beginning after that date.  In the
event any Participant or Inactive Participant is also
covered by the W. R. Grace & Co. Retirement Plan for
Salaried Employees, the limitations set forth in section
415(e) of the Code shall be applied in accordance with the
provisions of such plan.  In the event any Participant or
Inactive Participant is also covered under a qualified
defined benefit retirement plan (other than the W. R.
Grace & Co. Retirement Plan for Salaried Employees)
sponsored by the Company (which shall also include an
affiliated corporation or other trade or business as
defined in accordance with section 415(h) of the Code),
then the sum of (a) and (b) below shall not exceed 100%:

(a)    The percentage attributable to all qualified
defined benefit retirement plans sponsored by the
Company determined by dividing (i) the Company
provided portion of the projected annual benefit of
the Participant or Inactive Participant under all
such defined benefit retirement plans (whether or
not terminated), determined as of the close of the
Plan Year, by (ii) the lesser of (A) the product of
1.25, multiplied by the dollar limitation in effect

- 50 -

under section 415(b)(1)(A) of the Code for such
Plan Year, or (B) the product of 1.4, multiplied by
the amount which may be taken into account under
section 415(b)(1)(B) of the Code with respect to
such Participant or Inactive Participant for such
Plan Year.

(b)    The percentage determined by dividing (i) the sum
of the Annual Additions (as currently and
previously defined in Section 4.05) under all
defined contribution plans (whether or not
terminated) sponsored by the Company as of the
close of the Plan Year, by (ii) the sum, (a) for
such Plan Year and for each prior Plan Year of
service with the Company ending after December 31,
1982, of the lesser of (A) the product of 1.25,
multiplied by the dollar limitation in effect under
section 415(c)(1)(A) of the Code for such Plan Year
(determined without regard to section 415(c)(6) of
the Code) or (B) the product of 1.4, multiplied by
the amount which may be taken into account under
section 415(c)(1)(B) of the Code with respect to
such Participant for such Plan Year, and (b) for
prior Plan Years of service with the Company ending
on or before December 31, 1982, the maximum amount
of Annual Additions which could have been made to
the Account of such Participant or Inactive
Participant under section 415(c) of the Code (as in
effect as of December 31, 1982) for the Plan Year
ended December 31, 1982, multiplied by a
"transition fraction" whose numerator is the lesser

GR 001711

- 51 -

of (I) $51,875 or (II) 1.4 multiplied by 25% of the
total section 415 "compensation" (as defined in
Section 4.05) of such Participant or Inactive
Participant for the Plan Year ended December 31,
1981, and whose denominator is the lesser of (I)
$41,500 or (II) 25% of the total section 415
"compensation" (as defined in Section 4.05) of such
Participant or Inactive Participant for the Plan
Year ended December 31, 1981.

In the event that the 100% limit specified herein is
exceeded for any Participant or Inactive Participant, the
Company contributions pursuant to Section 4.01 (including
forfeitures in lieu thereof), Before Tax Contributions,
and After Tax Contributions shall be reduced to comply
with such limits in the order and manner specified in
Section 4.06.

Notwithstanding the provisions of this Section 4.08, in
the event that the sum of a Participant's percentages
under (a) and (b) above exceeds 100% as of December 31,
1982, and as of December 31, 1986, an amount shall be
subtracted from the numerator of the fraction under (b)
above (not exceeding such numerator) in accordance with
Internal Revenue Service regulations so that such sum does
not exceed 100% with respect to Plan Years beginning on
and after January 1, 1983 and January 1, 1987,
respectively.

4.09    During the period prior to the beginning of each Plan
Year, or from time to time thereafter, or both, the

- 52 -

Company shall make estimated calculations, as set forth below, with respect to such Plan Year required by section 401(m) of the Code, and after the end of such Plan Year, shall make exact calculations, as set forth below:

(a)    Each Eligible Employee shall be classified as provided in Section 3.08(a).

(b)    The calculations under this Section 4.09 shall take into account the "401(m) contributions" for such Eligible Employee.  For purposes of this Section 4.09, "401(m) contributions" shall mean (i) for the ESOP, (A) for each Plan Year commencing after December 31, 1988 and prior to January 1, 2001, the amount of Company contributions made under Section 4.01, and (B) for each Plan Year commencing after December 31, 2000, zero; and (ii) for the Savings Plan, (A) for each Plan Year commencing after December 31, 1988 and prior to January 1, 2001, the amount of the Eligible Employee's After Tax Contributions, and (B) for each Plan Year commencing after December 31, 2000, the sum of the amount of the Eligible Employee's After Tax Contributions and the amount of Company contributions made under Section 4.01

(c)    For each Plan Year commencing after December 31, 1988 and prior to January 1, 2001, a separate contribution percentage shall be calculated under the ESOP and the Savings Plan for each Eligible Employee.  For each Plan Year commencing after

GR 001713

- 53 -

December 31, 2000, a contribution percentage shall
not be calculated for the ESOP. With respect to
each Eligible Employee, who is classified as an
other employee, for each Plan Year for which a
separate contribution percentage is calculated for
the ESOP: the ESOP contribution percentage shall
be equal to (i) for Plan Years commencing prior to
January 1, 1997, the amount of the 401(m)
contributions with respect to the Eligible Employee
for the Plan Year of reference (zero in the case of
an Eligible Employee for whom no such contributions
are being made) divided by his Compensation for the
Plan Year of reference, and (ii) for Plan Years
commencing on or after January 1, 1997, the amount
of the 401(m) contributions with respect to the
Eligible Employee for the Plan Year preceding the
Plan Year of reference (zero in the case of an
Eligible Employee for whom no such contributions
are being made) divided by his Compensation for the
Plan Year preceding the Plan Year of reference.
With respect to each Eligible Employee, who is
classified as a highly compensated employee, for
each Plan Year for which a separate contribution
percentage is calculated for the ESOP: the ESOP
contribution percentage shall be equal to the
amount of the 401(m) contributions with respect to
the Eligible Employee for the Plan Year of
reference (zero in the case of an Eligible Employee
for whom no such contributions are being made)
divided by his Compensation for the Plan Year of
reference. With respect to each Eligible Employee,

- 54 -

who is classified as an other employee:  the
Savings Plan contribution percentage shall be equal
to (i) for Plan Years commencing prior to January
1, 1997, the amount of the 401(m) contributions
with respect to the Eligible Employee for the Plan
Year of reference (zero in the case of an Eligible
Employee for whom no such contributions are being
made) divided by his Compensation for the Plan Year
of reference, and (ii) for Plan Years commencing on
or after January 1, 1997, the amount of the
Eligible Employee's 401(m) contributions (zero in
the case of an Eligible Employee who is not making
After Tax Contributions) for the Plan Year
preceding the Plan Year of reference divided by his
Compensation for the Plan Year preceding the Plan
Year of reference.  With respect to each Eligible
Employee, who is classified as a highly compensated
employee:  the Savings Plan contribution percentage
shall be equal to the amount of the Eligible
Employee's 401(m) contributions (zero in the case
of an Eligible Employee who is not making After Tax
Contributions) for the Plan Year of reference
divided by his Compensation for the Plan Year of
reference.

GR 001715

- 55 -

(d)     For each Plan Year commencing after December 31,
        1988, a separate contribution percentage shall be
        calculated under the ESOP and the Savings Plan for
        the Eligible Employees who are classified as highly
        compensated employees which shall be equal to the
        average of the contribution percentages, as
        determined in (c) above, for all such Eligible
        Employees under the ESOP for the Plan Year of
        reference and the average of the contribution
        percentages, as determined in (c) above, for all
        such Eligible Employees under the Savings Plan for
        the Plan Year of reference.  A contribution
        percentage shall not be calculated under the ESOP
        for a Plan Year beginning on or after January 1,
        2001.

(e)     For each Plan Year commencing after December 31,
        1988, a separate contribution percentage shall be
        calculated under the ESOP and the Savings Plan for
        the Eligible Employees who are classified as other
        employees which shall be equal to the average of
        the contribution percentages, as determined in (c)
        above for such Plan Year, for all such Eligible
        Employees under the ESOP for the Plan Year and the
        average of the contribution percentages, as
        determined in (c) above for such Plan Year, for all
        such Eligible Employees under the Savings Plan for
        the Plan Year.  A contribution percentage shall not
        be calculated under the ESOP for a Plan Year
        beginning on or after January 1, 2001.

GR  001716