## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KERI EVANS, et al.,                                         )
                                                            )
        Plaintiffs,                                )
                                                            )
v.                                                          )
                                                            )
JOHN F. AKERS, et al.,                                      )
                                                            )
        Defendants.                                )
                                                            )          **Consolidated Under**
                                                            )          **Case No. 04-11380-WGY**
LAWRENCE W. BUNCH, et al.,                                  )
                                                            )
        Plaintiffs,                                )
                                                            )
v.                                                          )
                                                            )
W. R. GRACE & CO., et al.,                                  )
                                                            )
        Defendants.                                )

## ANSWER OF GRACE DEFENDANTS TO BUNCH COMPLAINT

       Defendants W. R. Grace & Co., W. R. Grace Investment and Benefits Committee, Fred

E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C.

Cambre, Marye Anne Fox, John J. Murphy, and Thomas A. Vanderslice (collectively, the "Grace

Defendants"), by and through their undersigned counsel, for their Answer to the Class Action

Complaint of Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller ("Bunch

Complaint") in the above-referenced matter, state as follows:

## INTRODUCTION[*]

This section contains a narrative purporting to describe the nature of the action, and requires no response. To the extent a response is required, all of the allegations in this section are denied.

## JURISDICTION AND VENUE

1.      The Grace Defendants admit that the United States District Court for the District of Massachusetts has subject matter jurisdiction over this action.

2.      The Grace Defendants admit that the United States District Court for the District of Massachusetts has personal jurisdiction over the Grace Defendants.

3.      The Grace Defendants admit that venue is proper in the United States District Court for the District of Massachusetts.

## NATURE OF ACTION

4.      The Grace Defendants admit that W. R. Grace & Co. ("Grace" or the "Company") sponsors the W. R. Grace & Co. Employees Savings and Investment Plan (the "Plan"), that the Plan is designed to comply with § 401(k) of the Internal Revenue Code, 26 U.S.C. § 401(k), and that the Board of Directors (the "Board"), the Plan's trustee, and the Investment and Benefits Committee (the "IBC") have certain defined duties under the Plan. The Grace Defendants further admit that the plaintiffs purport to bring this action under ERISA on behalf of the Plan and the Plan's participants and beneficiaries and that they purport to seek relief on behalf of the Plan and all participants and beneficiaries, but deny that a class action is either necessary or appropriate or that the plaintiffs are entitled to any of the relief sought, or any relief whatsoever. The Grace Defendants deny the remaining allegations in paragraph 4.

---

[*] For reference purposes, the Grace Defendants utilize the same headings as plaintiffs in responding to the Bunch Complaint. The Grace Defendants use of such headings is not an admission by the Grace Defendants of the truth of any allegations contained in these headings, and they specifically deny any allegations contained in such headings.

5.      The Grace Defendants admit the allegations in the first sentence of paragraph 5, and further admit that the Company has more than 6,000 employees, annual sales of approximately $2 billion, operations in nearly 40 countries, and a facility in the area of Norwood, Ohio. The Grace Defendants deny the remaining allegations in paragraph 5.

6.      The Grace Defendants admit that Grace provided its employees with the opportunity to participate in the Plan, but aver that the best evidence of the contents of the Plan is the Plan itself, and any allegations in paragraph 6 inconsistent therewith are denied.

7.      The Grace Defendants admit that the plaintiffs purport to define the class as Grace employees who could and did elect to invest in Grace common stock, but deny that a class action is either necessary or appropriate.

8.      The Grace Defendants aver that the best evidence of the contents of the Plan Prospectus is the Prospectus itself, and any allegations in paragraph 8 inconsistent therewith are denied.

9.      The Grace Defendants deny the allegations in paragraph 9.

10.      The Grace Defendants admit that a letter was sent to Plan participants dated March 17, 2003, announcing changes to the Plan, but aver that the best evidence of the contents of the letter is the letter itself, and any allegations in paragraph 10 inconsistent therewith are denied.

11.      The Grace Defendants admit that a memo was sent to Plan participants dated April 2, 2003, regarding changes to the Plan, but aver that the best evidence of the contents of the memo is the memo itself, and any allegations in paragraph 11 inconsistent therewith are denied.

12.     The Grace Defendants admit that a letter was sent to Plan participants dated December 8, 2003, regarding the appointment of State Street Bank & Trust Co. ("State Street") as the investment manager for the Grace Stock Fund, but aver that the best evidence of the contents of the letter is the letter itself, and any allegations in paragraph 12 inconsistent therewith are denied. The Grace Defendants further deny the remaining allegations in paragraph 12.

13.     The Grace Defendants deny the allegations in paragraph 13.

14.     The Grace Defendants admit that on April 12, 2004, Grace announced that it was informed by State Street that State Street had sold substantially all of the shares of Grace stock held by the Plan to a single buyer at $3.50 per share. The Grace Defendants deny the remaining allegations in paragraph 14.

15.     The Grace Defendants deny the allegations in paragraph 15.

16.     The Grace Defendants deny the allegations in paragraph 16.

17.     The Grace Defendants deny the allegations in paragraph 17.

18.     The Grace Defendants admit that the plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, all others similarly situated and the Plan, but deny that a class action is either necessary or appropriate. The Grace Defendants deny the remaining allegations in paragraph 18.

## THE PARTIES

19.     The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 19 and they are, therefore, denied. The Grace Defendants admit that Lawrence W. Bunch is an employee of Grace and a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). The Grace Defendants deny the remaining allegations in paragraph 19.

4

20.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 20 and they are, therefore, denied. The Grace Defendants admit that Jerry L. Howard, Sr. is a former employee of Grace and was a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). The Grace Defendants deny the remaining allegations in paragraph 20.

21.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 21 and they are, therefore, denied. The Grace Defendants admit that David Mueller is an employee of Grace and a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). The Grace Defendants deny the remaining allegations in paragraph 21.

22.    The Grace Defendants deny the allegations in the first and fourth sentences of paragraph 22, and admit the allegations in the second, third and fifth sentences of paragraph 22.

23.    The Grace Defendants admit that Grace is the sponsor of the Plan as defined by ERISA, but deny the remaining allegations in paragraph 23.

24.    The Grace Defendants deny the allegations in paragraph 24.

25.    The Grace Defendants admit that the IBC was charged with certain defined fiduciary duties under the Plan relating to the investment of Plan assets but deny the remaining allegations in paragraph 25.

26.    The Grace Defendants admit that Fred E. Festa has served as President and Chief Operating Officer of Grace, but deny the remaining allegations in paragraph 26.

27.    The Grace Defendants admit that Paul J. Norris has served as Chairman and Chief Executive Officer of Grace, but deny the remaining allegations in paragraph 27.

28.     The Grace Defendants admit that Robert M. Tarola has served as Senior Vice President and Chief Financial Officer of Grace, but deny the remaining allegations in paragraph 28.

29.     The Grace Defendants admit that John F. Akers has served as a Director of the Company, but deny the remaining allegations in paragraph 29.

30.     The Grace Defendants admit that Henry Furlong Baldwin has served as a Director of the Company, but deny the remaining allegations in paragraph 30.

31.     The Grace Defendants admit that Ronald C. Cambre has served as a Director of the Company, but deny the remaining allegations in paragraph 31.

32.     The Grace Defendants admit that Mary Anne Fox has served as a Director of the Company, but deny the remaining allegations in paragraph 32.

33.     The Grace Defendants admit that John J. Murphy has served as a Director of the Company, but deny the remaining allegations in paragraph 33.

34.     The Grace Defendants admit that Thomas A. Vanderslice has served as a Director of the Company, but deny the remaining allegations in paragraph 34.

35.     The allegations contained in paragraph 35 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants admit that Fidelity Management Trust Company ("Fidelity") is the Trustee of the Plan; that Fidelity entered into a trust agreement with the Company specifying Fidelity's duties under the Plan; and that Fidelity is a fiduciary with respect to the Plan. The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and they are, therefore, denied.

36.    The allegations contained in paragraph 36 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and they are, therefore, denied.

37.    The allegations contained in paragraph 37 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and they are, therefore, denied.

38.    The Grace Defendants admit that the plaintiffs purport to refer to the Defendants referenced in Paragraphs 19 – 37 as the "Individual Defendants."

39.    The Grace Defendants deny the allegations in paragraph 39.

## W. R. GRACE SAVINGS AND INVESTMENT PLAN

40.    The Grace Defendants admit that the Plan covers eligible employees of the Company and its subsidiaries, and that a portion of the Plan is a savings plan, but deny the remaining allegations in paragraph 40.

41.    The Grace Defendants admit the allegations in paragraph 41.

42.    The Grace Defendants admit the allegations in paragraph 42.

43.    The Grace Defendants deny the allegations in paragraph 43.

44.    The Grace Defendants admit that the IBC has and performs certain defined duties under the Plan, but deny the remaining allegations in paragraph 44.

45.    The Grace Defendants admit the allegations in paragraph 45.

46.    The Grace Defendants deny the allegations in paragraph 46.

47.    The Grace Defendants deny the allegations in paragraph 47.

48.     The Grace Defendants deny the allegations in paragraph 48.

49.     The Grace Defendants deny the allegations in paragraph 49.

50.     The Grace Defendants deny the allegations in paragraph 50.

## DEFENDANTS' BREACHES OF FIDUCIARY DUTY

51.     Paragraph 51 contains legal conclusions to which no response is required.

52.     Paragraph 52 contains legal conclusions to which no response is required.

53.     Paragraph 53 contains legal conclusions to which no response is required.

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the
extent it may be construed to include factual allegations, the Grace Defendants deny those
allegations.

55.     Paragraph 55 contains legal conclusions to which no response is required.

56.     Paragraph 56 contains legal conclusions to which no response is required.

57.     The Grace Defendants deny the allegations in paragraph 57.

58.     The Grace Defendants deny the allegations in paragraph 58.

59.     The Grace Defendants deny the allegations in paragraph 59.

60.     The Grace Defendants deny the allegations in paragraph 60.

## CLASS ACTION ALLEGATIONS

61.     The Grace Defendants admit that the plaintiffs purport to bring this action under
Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly
situated, but deny that a class action is either necessary or appropriate.

62.     The Grace Defendants admit that the number of putative class members, as the
putative class has been defined by the plaintiffs, exceeds ten thousand persons, and that those

8

persons are located throughout the United States. The Grace Defendants deny the remaining allegations in paragraph 62.

63.    Paragraph 63 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

64.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 64 and they are, therefore, denied. The Grace Defendants deny the allegations in the second sentence of paragraph 64.

65.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and they are, therefore, denied.

66.    Paragraph 66 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

67.    Paragraph 67 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and they are, therefore, denied.

68.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and they are, therefore, denied.

69.    Paragraph 69 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

70.     Paragraph 70 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

71.     Paragraph 71 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

72.     Paragraph 72 contains legal conclusions to which no response is required. To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

73.     The Grace Defendants deny the allegations in paragraph 73.

## PRAYER FOR RELIEF

The Grace Defendants deny all of the allegations in the section beginning with the word "WHERFORE," and specifically deny that the plaintiffs are entitled to any of the relief sought, or any relief whatsoever.

The Grace Defendants further deny each and every allegation of the Bunch Complaint not specifically admitted herein to be true.

## JURY DEMAND

The Grace Defendants deny that the plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting that the following affirmative defenses are in fact affirmative defenses or that the Grace Defendants have the burden of proof on any of these affirmative defenses, the Grace Defendants state as follows:

### First Affirmative Defense

The Bunch Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### Second Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the plaintiffs lack standing to bring this action.

### Third Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, release, ratification, and/or acquiescence.

### Sixth Affirmative Defense

The plaintiffs, and each of them, have failed to exhaust their administrative remedies.

### Seventh Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because some or all of the Grace Defendants were not fiduciaries of the Plan.

### Eighth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the Grace Defendants were not performing a fiduciary function with respect to the conduct alleged in the Bunch Complaint.

### Ninth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because to the extent the Grace Defendants were fiduciaries of the Plan, their limited fiduciary responsibilities did not include the matters complained of in the Bunch Complaint, and the Grace Defendants did not breach their fiduciary duties as to those responsibilities.

### Tenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because they have failed to overcome the presumption that the Grace Defendants acted consistently with their fiduciary duties under ERISA when they acted in accordance with the terms of the Plan.

### Eleventh Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, to the extent they concern matters of plan design and/or settlor functions.

### Twelfth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the alleged fiduciary conduct at issue in the Bunch Complaint was performed, in whole or in part, by an independent entity for which the Grace Defendants are not responsible and for which the Grace Defendants cannot be held liable.

### Thirteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any losses or damages alleged by the plaintiffs were not caused by any alleged breach of fiduciary duty by the Grace Defendants or any other act or omission by the Grace Defendants.

### Fourteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any losses or damages suffered by the plaintiffs were proximately caused by the plaintiffs' own acts and omissions, by

acts or omissions by entities other than the Grace Defendants, and/or by economic causes and events not related to any alleged breaches of fiduciary duty and from matters over which the Grace Defendants had no control.

### Fifteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c).

### Sixteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate damages.

### Seventeenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any alleged statements or omissions at issue in the Bunch Complaint were not made in a fiduciary capacity.

### Eighteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any alleged statements made by the Grace Defendants that may have been made in a fiduciary capacity were not false when made, were not material, and the plaintiffs cannot show that they relied on any such statements.

### Nineteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the truth of the matters complained of in the Bunch Complaint was timely disseminated in the market.

### Twentieth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the Grace Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of the facts allegedly giving rise to liability.

### Twenty-First Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the plaintiffs' assumption of the risk.

### Twenty-Second Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, to the extent they attempt to use ERISA fiduciary duties to expand the disclosure obligations under the federal securities laws and/or to impose liability arising out of or related to disclosures made or disseminated under the federal securities laws.

### Twenty-Third Affirmative Defense

The plaintiffs' allegations which give rise to their claims are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

### Twenty-Fourth Affirmative Defense

The plaintiffs have received all benefits due them under the terms of the Plan.

### Twenty-Fifth Affirmative Defense

The plaintiffs' claims are barred under the doctrine of unclean hands.

### Twenty-Sixth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because Grace stock was not an imprudent investment during the period alleged in the Bunch Complaint.

## Twenty-Seventh Affirmative Defense

The plaintiffs' claims are barred to the extent they allege a failure to diversify, because nondiversification was prudent under the circumstances.

The Grace Defendants reserve the right to amend their answer and to assert additional defenses and/or to supplement, alter or change their answer and defenses upon the discovery of more definitive facts and upon the completion of its continuing investigation and discovery.

WHEREFORE, having fully answered the Bunch Complaint in this matter, and denying that the plaintiffs are entitled to any relief, the Grace Defendants respectfully request that this Court enter judgment for the Grace Defendants, dismissing the Bunch Complaint with prejudice and awarding the Grace Defendants their costs, attorneys' fees, and such other relief as this Court deems appropriate.

Dated:  January 24, 2006

Respectfully submitted,

William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Donna M. Evans (BBO# 554613)
(dmevans@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

- and -

Carol Connor Flowe
Caroline Turner English
Gretchen Dixon
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395

*Counsel for W. R. Grace & Co., W. R. Grace Investment
and Benefits Committee, Fred E. Festa, Paul J. Norris,
Robert M. Tarola, John F. Akers, Henry Furlong Baldwin,
Ronald C. Cambre, Marye Anne Fox, John J. Murphy, and
Thomas A. Vanderslice*