**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, *et al.*<br><br>                Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, *et al.*<br><br>                Defendants.<br><br>───────────────────<br><br>LAWRENCE W. BUNCH, *et al.*<br><br>                Plaintiffs,<br><br>v.<br><br>W.R. GRACE & CO., *et al.*<br><br>                Defendants. | Consolidated as:<br>Case No. 04-11380-WGY |

**DEFENDANT STATE STREET BANK AND TRUST COMPANY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE
AMENDED CONSOLIDATED COMPLAINTS**

      Pursuant to Federal Rule of Evidence 201, State Street Bank and Trust Company ("State Street") respectfully requests that this Court take judicial notice of the W. R. Grace & Company ("Grace") historical stock prices cited in the Memorandum in Support of State Street's Motion to Dismiss the Amended Consolidated Complaints (the "Memorandum") and of the Form 13Fs (the "13Fs") filed with the Securities and Exchange Commission (the "SEC") cited in the Memorandum and portions of which are attached as Exhibits 1 and 2 to the Declaration of

LEGAL_USE/70038079.1

Elizabeth Shea In Support of State Street's Motion to Dismiss the Amended Consolidated Complaints ("Shea Declaration").

Rule 201 authorizes a court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The historical stock prices of Grace cited in the Memorandum and the 13Fs meets this standard and should therefore be judicially noticed.

The Memorandum quotes Grace's historical stock prices during the putative class period, as reported online at Yahoo! Finance, an accurate and reliable source for such information. A true and accurate copy of a printout listing the Grace stock prices from December 1, 2003 to April 30, 2004 is attached hereto as Exhibit 1. Stock prices are a routine subject of judicial notice because the accuracy of the reported stock prices cannot reasonably be questioned. *See e.g., In re Cytyc Corp. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) P93,225, 2005 U.S. Dist. LEXIS 6166, *45 fn. 35 (D. Mass. March 1, 2005) (holding that "it is appropriate to take judicial notice of the sales price [of stock] during the class period on a motion to dismiss."); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir. 2004) (holding that courts "may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment."); *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 842 (11th Cir. 2004) ("[Stock] prices are not subject to reasonable dispute, and are a proper subject for judicial notice."); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3rd. Cir. 2000) (taking judicial notice of defendant corporation's opening and closing stock prices).

The Memorandum also cites to the 13Fs to establish the amount of and timing of State Street's holdings of W.R. Grace & Co. stock. Public disclosure documents filed with the SEC are routinely subject to judicial notice. *See e.g., In re Lernout & Hauspie Secs. Litig. v. Lernout*, 286 B.R. 33, 37 (Bankr. D. Mass. 2002) ("This Court may take judicial notice of this SEC filing pursuant to Fed. R. Evid. 201, which defendants had the opportunity to address."); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (holding that "a court may also take judicial notice of documents in the public record, including documents filed with the Securities and Exchange Commission ("SEC"), and may consider such documents in determining a motion to dismiss."); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002) (finding no error in district court taking judicial notice of "(1) documents relied upon in the Complaint (thirty-two documents, comprising Company SEC filings and press releases); (2) documents filed with the SEC, but not relied upon in the Complaint (seven documents); and (3) stock price data compiled by the Dow Jones news service (two exhibits, including a printout of the historical prices of NovaCare stock and a corresponding graph).").

For the foregoing reasons, State Street respectfully requests that the Court take judicial notice of the historical stock prices cited in the Memorandum and attached hereto as Exhibit 1 and of the Form 13Fs portions of which are attached as Exhibits 1 and 2 to the Shea Declaration.

Dated:  January 24, 2006					Respectfully submitted,


							STATE STREET BANK AND TRUST COMPANY

							By its counsel,


							   /s/ Sean T. Carnathan_____
							Sean T. Carnathan (BBO #636889)
							(scarnathan@ocmlaw.net)
							O'CONNOR, CARNATHAN AND MACK LLC
							8 New England Executive Park, Suite 310
							Burlington, MA 01803
							Telephone: (781) 359-9000
							Facsimile: (781) 359-9001

							-and-

							Scott M. Flicker
							(scottflicker@paulhastings.com)
							PAUL, HASTINGS, JANOFSKY & WALKER LLP
							875 15th Street, NW
							Washington, DC 20005
							Telephone: (202) 551-1700
							Facsimile: (202) 551-1705


## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

　　　Undersigned counsel for defendant State Street certifies that counsel for State Street has conferred with plaintiff's counsel in a good faith effort to resolve the issues set forth in this Motion.

  January 24, 2006_____		  Sean T. Carnathan_____
Date						Sean T. Carnathan

## CERTIFICATE OF SERVICE

      I hereby certify that this Motion and the documents filed in support of it through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 24, 2006.

\_January 24, 2006_____           \_/s/ Sean T. Carnathan_____
Date                                                Sean T. Carnathan