IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, et al.<br><br>   Defendants. | |
| LAWRENCE W. BUNCH, et al.<br><br>   Plaintiffs,<br><br>v.<br><br>W. R. GRACE & CO., et al.<br><br>   Defendants. | Consolidated<br>Case No. 04-11380-WGY |

### PLAINTIFF BUNCH'S MEMORANDUM IN OPPOSITION TO STATE STREET BANK AND TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, both individually and on behalf of all others similarly situated ("Plaintiff Bunch"), by and through their undersigned counsel, submit this Memorandum in Opposition to Defendant State Street Bank and Trust Company's Motion to Dismiss Plaintiff's Complaint.

I.  **Introduction.**

The issue before this Court is whether Defendant violated ERISA by selling all of the Grace Stock purchased by the employees, while apparently retaining its holdings in the Grace Stock for its own benefit. Despite the Defendant's wishes, the issue is not whether the Defendant could override the Investment Plan as the fiduciary, but whether it can engage in self-dealing and, in this case, materially benefit from the sale.

This action arises from the Defendant State Street's unlawful sale of the Grace Stock Fund ("Grace Stock"). The Grace Stock was an integral part of the 401(k) plan offered to employees of W. R. Grace Company. Immediately after being designated as the Investment Manager of the Grace Stock, the Defendant elected to conduct a wholesale divestment of all Grace Stock. Plaintiff's Complaint alleges that, after divesting of the majority of the Grace Stock, State Street repurchased 7.9 million shares in the very same Grace Stock that it had determined was an *"imprudent investment"* for the Grace employees. For the purpose of this motion, the Plaintiff's allegations asserting State Street in increasing its holdings during this period is confirmed by State Street's own SEC filings. Only *after* this action was commenced did State Street amend its SEC filings. Now, nearly 2 years after the filing, for the first time, State Street moves to dismiss Plaintiff's Complaint solely on an assertion that one public filing was correct and the other was incorrect. The sale of the Grace Stock and the apparent financial benefit which accrued to the Defendant is a material breach of its fiduciary duty to Plaintiffs and for which Defendant must be held accountable. Plaintiff has been unable to obtain credible evidence from State Street's counsel to establish without doubt the sequence of State Street's purchases and sales of common stock - this then is a matter for discovery.

2

## II. Standard On A Motion to Dismiss.

A court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). In this limited task, the issue is not whether the plaintiff "is entitled to offer evidence in support of the allegations in the complaint." *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 62 (2d Cir.1977). While the focus is primarily on the pleading, the court may also consider: any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents required by law to be, and that have been, filed with the SEC, and documents that plaintiffs either possessed or knew about and upon which they relied in bringing suit. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000) (citations omitted).

On a motion to dismiss under Rule 12(b)(6), a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir.1998). Nonetheless, the court is not bound to credit conclusory allegations if *"they are belied by more specific allegations of the complaint"* or any other materials that the court may properly consider on the motion. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995).

## III. Factual Background

### A. State Street Was the Investment Manager At All Relevant Times Including At the Time Of And Repurchase Of The Grace Stock.

3

It is not disputed that Defendant State Street was the Investment Manager effective December 15, 2003. Def. Motion at 4. By February 27, 2004, State Street had commenced the wholesale divestment of the Plan's holdings in Grace Stock, with the divestment completed by April 12, 2004. Def. Motion at 4. A review of the SEC filings by State Street for this period and the representations made therein by State Street in its fiduciary capacity to the Plan provided as follows:

| Dec. 31, 2003 (4th Quarter) | March 31, 2004 (1st Quarter) | June 30, 2004 (2nd Quarter) |
|---|---|---|
| 1,023,243 | 9,076,248 | 9,264,526 |

It is apparent from these public filings that at the same time that State Street was selling all of the Grace Stock from the Plan, it was also purchasing shares, thereby increasing its holdings by 8,053.005[1] shares by the end of the first quarter of 2004 and by 8,241,283 shares by the end of the second quarter of 2004.[1,2]

### B.    Breach Of Fiduciary Duty.

Whether a plaintiff has overcome the presumption of prudence in an evidentiary determination that is ill-suited to resolution on a motion to dismiss. *See, e.g., In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 284 F.Supp.2d 511, 531 n. 3 (S.D. Tex.2003); *Vivien v. Worldcom, Inc.*, No. C 02-01329 WHA, 2002 WL 31640557, at *5 (N.D.Cal. July 26, 2002). Nonetheless, this Court must ensure that Plaintiffs have sufficiently alleged facts entitling them to present evidence in support of their claims. *See Hamilton Coll.*, 128 F.3d at 62.

---

[1] *See*, State Street's 13Fs filed in 2004.
[2] Not until October 19, 2005 and after Plaintiffs' filed this action, did State Street amend its SEC filing, and for the first time, report that its holdings by the end of the second quarter of 2004 were now 1,871,671 as compared to the original number of 9,264,526.

4

At the common law, the actions of trustees cannot be motivated by any purpose other than the accomplishment of the purposes of the trust. *Brown v. Blue Cross and Blue Shield of Alabama*, 898 F.2d 1556, 1566 (11th Cir.1990). The duty of loyalty set forth in ERISA § 404 is a statutory recognition of this common law duty. *Id.* Thus, fiduciaries of an ERISA plan are to avoid any conflicts of interest with their duty to act "*solely in the interest of the participants and the beneficiaries*" of an ERISA plan. *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 251-52, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); 29 U.S.C. § 1104(a)(1)(B). The issue, therefore, is whether State Street as a fiduciary acted in a manner that negatively affected plan participants while acting as a fiduciary. *In re WorldCom, Inc.*, 263 F.Supp.2d 745, 768 (S.D.N.Y.2003)(citing *Pegram v. Herdrich*, 530 U.S. 211, 225, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)).

### C.    Self-Dealing Prohibitions Under ERISA

The Complaint alleges that the Defendant engaged in self-dealing, prohibited transactions in violation of ERISA § 406(b), 29 U.S.C. § 1106(b). ERISA section 406(b) provides that a fiduciary shall not:

> (1) deal with the assets of the plan in his own interest or for his own benefit;
>
> (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or
>
> (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

The Defendant violated the prohibited transactions provision of ERISA § 406(b) by "[p]urchasing Grace Stock for Defendant's own reasons rather than solely and exclusively for the benefit of the plan and Plaintiffs.

The Complaint alleges that the Defendant also violated the anti-inurement provision of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1). ERISA §403(c)(1) provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). State Street benefited under either filing with the SEC. With its original filing, State Street increased its holdings by over eight million *after* the plan participants were restricted from further investing in the Grace Stock Fund. Even with its second filing, State Street's filings represent that it purchased almost 190,000 shares. Under either scenario, State Street purchased and/or held Grace stock which is in direct violation to the ERISA provisions against anti-inurement and self-dealing.

## IV. Conclusion.

For all of the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to Dismiss be denied and that discovery be permitted on the issues set forth herein.

Respectfully submitted,

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

*/s/ Jeffrey C. Block*
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com

                                          WAITE, SCHNEIDER, BAYLESS
                                          & CHESLEY CO., L.P.A.

                                          */s/ James R. Cummins*
                                          James R. Cummins
                                          Jane H. Walker
                                          1513 Fourth & Vine Tower
                                          One West Fourth Street
                                          Cincinnati, Ohio 45202
                                          Telephone: (513) 621-0267
                                          Facsimile: (513) 381-2375
                                          E-mail jcummins@wsbclaw.com
                                          E-mail: janehwalker@wsbclaw.com

                                          *Counsel for Lawrence W. Bunch, Jerry L. Howard,*
                                          *Sr. and David Mueller, Both Individually and*
                                          *Behalf of All Others Similarly Situated*

Dated: February 21, 2006