IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN F. AKERS, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| LAWRENCE W. BUNCH, et al. <br><br> Plaintiffs, <br><br> v. <br><br> W. R. GRACE & CO., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Consolidated
Case No. 04-11380-WGY

## PLAINTIFF BUNCH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO DEFENDANT STATE STREET BANK AND TRUST COMPANY'S MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINTS

Pursuant to Federal Rule of Evidence 201, Plaintiff Bunch ("Bunch") respectfully requests that this Court take judicial notice of the State Street Bank and Trust Company's ("State Street") historical stock holdings in Grace Stock as cited in the Memorandum in Opposition to State Street's Motion to Dismiss the Amended Consolidated Complaints (the "Memorandum in Opposition") and of the Form 13Fs (the "13Fs") filed by State Street with the Securities and

Exchange Commission (the "SEC") cited in the Memorandum in Opposition and portions of which are attached as Exhibits 2 through 6 to the Declaration of Howard Mulcahey in Support of Plaintiff Bunch's Memorandum in Opposition ("Mulcahey Declaration").

Rule 201 authorizes a court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The historical stock holdings of State Street cited in the Memorandum in Opposition and the 13Fs meet this standard and should therefore be judicially noticed.

The Memorandum in Opposition identifies State Street's holdings in Grace Stock during the putative class period, as reported online by the Securities and Exchange Commission, an accurate and reliable source for such information. A true and accurate copy of a printout listing State Street's holdings in Grace Stock from December 31, 2003 to June 30, 2004, and State Street's amendments are attached as Exhibits 1 through 4. Stock holdings are a routine subject of judicial notice because the accuracy of the reported stock holdings cannot reasonably be questioned. *See e.g., In re Cytyc Corp. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) P93,225,2005 U.S. Dist. LEXIS 6166, *45 fn. 35 (D. Mass. March 1, 2005)(holding that "it is appropriate to take judicial notice of the sales price [of stock] during the class period on a motion to dismiss."); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir. 2004)(holding that courts "may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment."); *La Grasta v. First Union Secs., Inc.* 358 F.3d 840, 842 (11th Cir. 2004) ("[Stock] prices are not subject to reasonable dispute, and are a proper subject for

judicial notice."); *Ieradi v. Mylan Labs., Inc.* 230 F.3d 594, 600 n.3 (3rd Cir. 2000) (taking judicial notice of defendant corporation's opening and closing stock prices).

The Memorandum in Opposition cites to the original 13Fs filed by State Street and its corrected 13Fs to establish the amount of and timing of State Street's holdings of W. R. Grace & Company's stock. Public disclosure documents filed with the SEC are routinely subject to judicial notice. *See e.g., In re Lernout & Hauspie Sec. Litig. v. Lernout*, 286 B.R. 33, 37 (Bankr. D. Mass. 2002) ("This Court may take judicial notice of this SEC filing pursuant to Fed. R. Evid. 201, which defendants had the opportunity to address."); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)(holding that "a court may also take judicial notice of documents in the public record, including documents filed with the Securities and Exchange Commission ("SEC"), and may consider such documents in determining a motion to dismiss."); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002)(finding no error in district court taking judicial notice of "(1) documents relied upon in the Complaint (thirty-two documents, comprising Company SEC filings and press releases); (2) documents filed with the SEC, but not relied upon in the Complaint (seven documents); and (3) stock price data complied by the Dow Jones news service (two exhibits, including a printout of the historical prices of NovaCare stock and a corresponding graph).").

For the foregoing reasons, Plaintiff Bunch respectfully requests that the Court take judicial notice of the historical stock holdings of State Street cited in the Memorandum in Opposition and attached hereto as Exhibits 2 through 6.

        Respectfully submitted,

        BERMAN DEVALERIO PEASE TABACCO
        BURT & PUCILLO

        */s/ Jeffrey C. Block*
        Jeffrey C. Block
        One Liberty Square
        Boston, Massachusetts 02109
        Telephone: (617) 542-8300
        Facsimile: (617) 542-1194
        Email: jblock@bermanesq.com


        WAITE, SCHNEIDER, BAYLESS
         & CHESLEY CO., L.P.A.

        */s/ James R. Cummins*
        James R. Cummins
        Jane H. Walker
        1513 Fourth & Vine Tower
        One West Fourth Street
        Cincinnati, Ohio 45202
        Telephone: (513) 621-0267
        Facsimile: (513) 381-2375
        E-mail jcummins@wsbclaw.com
        E-mail: janehwalker@wsbclaw.com

        *Counsel for Lawrence W. Bunch, Jerry L. Howard,*
        *Sr. and David Mueller, Both Individually and*
        *Behalf of All Others Similarly Situated*

Dated: February 21, 2006

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Undersigned counsel for Plaintiff Bunch certifies that counsel for Plaintiff has conferred with Defendants' counsel in a good faith effort to resolve the issues set forth in this Memorandum in Opposition.

February 21, 2006

*Jeffrey C. Block*
Jeffrey C. Block