IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, *et al.*<br><br>                    Defendants.<br>_____<br><br>LAWRENCE W. BUNCH, *et al.*<br><br>                    Plaintiffs,<br><br>v.<br><br>W.R. GRACE & CO., *et al.*<br><br>                    Defendants. | Consolidated as:<br>Case No. 04-11380-WGY |

**STATE STREET BANK AND TRUST COMPANY'S REPLY MEMORANDUM IN SUPPORT OF  MOTION TO DISMISS THE COMPLAINT IN THE *BUNCH* ACTION**

The issues before the Court on the motion of defendant State Street Bank and Trust Company ("State Street")[1] to dismiss the two complaints in this consolidated action have been narrowed considerably.  Last week, plaintiffs in *Keri Evans, et al. v. John F. Akers, et al.,* (Case No. 04-11380-WGY) (the "*Evans* Action") voluntarily dismissed State Street from that action.  Ct. File No. 67.  State Street's motion to dismiss the complaint in *Evans* is now moot.

---

[1] State Street Global Advisors ("SSgA"), an unincorporated division of State Street, was also named as a defendant in both complaints.  State Street's motion seeks dismissal of all claims against SSgA as well.  All references to "State Street" shall, unless otherwise indicated, refer equally to SSgA.

Remaining before the Court is State Street's motion to dismiss the single claim against it in the complaint brought by plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller (the "*Bunch* plaintiffs") on behalf of themselves and an alleged class of participants in and beneficiaries of the W.R. Grace & Co. Employees Savings and Investment Plan (the "Plan") (originally filed as Case No. 05-11602-MLW) (the "*Bunch* Action").[2] It now more clear than ever that the *Bunch* complaint states no claim against State Street under the Employee Retirement Income Savings Act of 1974, as amended ("ERISA") and must be dismissed.

A.   **The Complaint's Single "Self-Dealing" Claim Is Wholly Unsupported.**

The *Bunch* plaintiffs' claim of self dealing against State Street is based on a single allegation that State Street benefited improperly by repurchasing for itself W.R. Grace & Co. stock (the "Grace Stock") sold out of the Plan. *See Bunch* Complaint ¶ 58 ("Defendants transferred all management of the Grace Stock Fund to State Street, whereafter upon information and belief, the stock was sold not to a disinterested third party, but rather to State Street or an affiliate.").[3]

This unfounded allegation, made entirely upon "information and belief," is flatly refuted by the public Securities and Exchange Commission ("SEC") reports, appended to the

---

[2] By Order dated June 21, 2005, the United States District Court for the Eastern District of Kentucky transferred venue of the *Bunch* Action to this Court. Op. & Order, July 21, 2005. By Order dated August 23, 2005, this Court consolidated the *Bunch* Action with the *Evans* Action. Paperless Order, August 23, 2005.

[3] The *Bunch* plaintiffs expressly disclaim any assertion that State Street's decision, in its capacity as investment manager for the Grace Stock held in the Plan, to divest the Plan of those assets constituted a violation of ERISA: "[T]he issue is not whether the Defendant could override the Investment Plan as the fiduciary…." Plaintiff Bunch's Memorandum in Opposition to State Street Bank and Trust Company's Motion to Dismiss Plaintiff's Complaint ("*Bunch* Opp.") at 2 (Ct. File No. 68). In light of the plaintiffs' acknowledgement that this case is not about whether the divestment decision was prudent, their contention that such a question entails "an evidentiary determination that is ill-suited to resolution on a motion to dismiss" *Bunch* Opp. at 4 (citing authority) is inapposite.

Declaration of Elizabeth Shea ("Shea Decl."), filed with State Street's motion.[4]  Those reports establish that, after the divestment of Grace Stock out of the Plan in April 2004, the assets within State Street's custody or under its management did *not* include the millions of shares of Grace Stock previously held in the Plan.[5]

The bald assertion in the *Bunch* complaint that State Street sold "to itself" the over 7 million shares of Grace Stock divested from the Plan is entitled to no credit whatsoever in light of this public record.  *See e.g., Raskiewicz v. Town of New Boston*, 754 F.2d 38, 45 (1st Cir. 1985) (in examining a motion to dismiss the Court is "required to respect all inferences that reasonably can be drawn from the facts, but [the Court] cannot ignore uncontested facts that render inferences unreasonable or, in this case fantastic."); *see also Pimental v. Wachovia Mortgage Corp.*, C.A. No. 05-11097-WGY, 2006 U.S. Dist. LEXIS 3276, * (D. Mass. Jan. 30, 2006) (dismissing plaintiff's "speculative" allegation because the Court "need not accept unreasonable inferences based upon conjecture or speculation.") (internal quotation omitted); *Forsythe v. Sun Life Fin., Inc.*, C.A. No. 04-10584-GAO, 2006 U.S. Dist. LEXIS 1948  (D. Mass. Jan. 19, 2006) ("Additionally, in evaluating a motion to dismiss for failure to state a claim

---

[4] The Court can take judicial notice of public filings made with the U.S. Securities and Exchange Commission ("SEC").  *In re:  Lernout & Hauspie Secs. Litig. v. Lernout*, 286 B.R. 33, 37 (Bankr. D. Mass. 2002) ("This Court may take judicial notice of this SEC filing pursuant to Fed. R. Evid. 201, which defendants had the opportunity to address."); *See* State Street's Request for Judicial Notice in Support of Its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaints.

[5] The original State Street SEC 13F Report for the quarter ending June 30, 2004, cited in and appended to the *Bunch* Opposition, listed the holdings of Grace Stock under management or custody of State Street at 9,264,526 shares.  *See* Bunch Opp. at 4 and Exhibit 5.  As explained in the Shea Declaration, in October 2005, State Street filed amended 13F Reports for the periods covering the First and Second Quarters of 2004 to correct certain errors in the original reports filed for those periods.  *See* Shea Decl., ¶ 5.  The amended 13F filing for the quarter ending June 30, 2004, after the April 2004 sale of Grace Stock out of the Plan, showed the Grace Stock holdings under State Street's management or custody at 1,871,671 shares.  Shea Decl., ¶ 6 and Exhibit 2, a reduction of approximately 7.4 million shares.

a court must 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.'") (*quoting United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 240 (1st Cir. 2004).).

The *Bunch* plaintiffs offer absolutely *nothing* to contest the record before the Court. They provide no competent contrary evidence in support of their bald claim that State Street sold the Grace Stock to itself. They do not oppose State Street's request that the Court take judicial notice of the amended SEC 13F filings.[6] Nor do they competently challenge the veracity of those reports or their preclusive effect on plaintiffs' claim here. Instead, the plaintiffs suggest that this Court simply *ignore* the amended SEC filings proffered by State Street, apparently because those amendments were made after the *Bunch* complaint was filed in October 2004. *See Bunch* Opp. at 2 and 4, n.2.[7]

The plaintiffs provide no citation to the Court in support of their "head in the sand" approach to evaluating the legal merits of their claims on a motion to dismiss, and the case law is directly to the contrary: in evaluating the merits of allegations in a complaint on a motion to dismiss, this Court is fully entitled to take judicial notice of matters that post-date not only the

---

[6] The plaintiffs fully concede that State Street's SEC filings are appropriately considered by the Court on this motion. *See* Bunch Opp. at 3 ("While the focus is primarily on the pleading, the court may also consider … public disclosure documents required by law to be, and that have been, filed with the SEC….") (citing *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000)). Indeed, with their opposition the *Bunch* plaintiffs submit both State Street's original and amended SEC Section 13F reports and request that the Court to take judicial notice of their contents.

[7] In a vain attempt to manufacture a credibility dispute and survive Rule 12(b)(6), the plaintiffs inaccurately claim that "State Street moves to dismiss Plaintiff's Complaint solely on an assertion that one public filing was correct and the other was incorrect." *Bunch* Opp. at 2. State Street provided the Court with the adjudicative facts of its amended Section 13F filings, via the Shea Declaration filed with State Street's motion, along with a formal Request to Take Judicial Notice pursuant to Fed. R. Evid. 201. Plaintiffs do not contest this evidence before the Court and proffer nothing to suggest the amended SEC filings are inaccurate. There are no contrary "assertions" for the Court to resolve on this motion.

filing of the complaint but even the filing of the motion itself.[8] Moreover, the fact that State Street's SEC Form 13F filings were amended does not preclude the Court from taking judicial notice of them. *See, e.g., Guerra v. Teradyne Inc.*, 2004 U.S. Dist. LEXIS 28547, *4 (D. Mass. Jan. 16, 2004) (taking judicial notice of and denying motion to strike amended SEC Form S-4).

Because the single bald allegation, made solely on information and belief, upon which the *Bunch* plaintiffs' complaint against State Street is based has been definitively refuted by State Street's amended SEC Form 13F filings properly before the Court, State Street's motion to dismiss that complaint should be granted.

**B.    The Complaint States No Claim Under ERISA's "Prohibited Transactions" and "Anti-Inurement" Provisions.**

Apparently recognizing that the "self-dealing" claim they have pled has no basis, the *Bunch* plaintiffs suggest in their Opposition that the facts as alleged in the complaint are sufficient to state claims under ERISA's "prohibited transactions" and "anti-inurement" provisions, Sections 406(b) and 403(c)(1), respectively. 29 U.S.C. §§ 1106(b) and 1103(c)(1).

The plaintiffs argue that State Street violated Section 406(b) of ERISA "by purchasing Grace Stock for Defendant's own reasons rather than solely and exclusively for the benefit of the plan and Plaintiffs." *Bunch* Opp. at 5. But their complaint alleges no *facts* pertaining to State Street's "reasons" for engaging in any purchase transactions (and, as the SEC Form 13F filings show, plaintiffs possess no basis for asserting that State Street engaged in any purchase

---

[8] *See, e.g., Torchia v. Florida,* Case No. 4:05-CV-110 (SPM/AK), 18 Fla. L. Weekly Fed. D 883, 2005 U.S. Dist. LEXIS 24583, *10 n.3 (N. D. Fla. Aug. 19, 2005) (taking judicial notice of a law that was passed after the filing of the motion to dismiss); *Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.,* 2000-1 Trade Cas. (CCH) P72,823, 2000 U.S. Dist. LEXIS 2604, *43-47 (S.D.N.Y. Mar. 9, 2000) (granting defendants motion that the court "take judicial notice of certain adjudicative facts that occurred after Defendants briefed the motion to dismiss.").

transactions at all). Their assertion that State Street acted in a manner contrary to the interests of the Plan's participants and beneficiaries is pure speculation.

Finally, the plaintiffs now claim that, even if State Street did not purchase for itself the Grace Stock sold from the Plan, it violated ERISA's "anti-inurement" provision, Section 403(c)(1), to the extent it acquired for any of the thousands of accounts under its management or in its custody *any* shares of Grace common stock from any source, during the same period. *See Bunch* Opp. at 6. The *Bunch* complaint does not come close to stating a claim under ERISA Section 403(c)(1). That section provides that "the *assets of a plan* shall never inure to the benefit *of any employer* and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1) (emphasis added). Of course, State Street is not the "employer" in the context of the Plan, and the *Bunch* complaint makes absolutely no allegation that, in divesting the Grace Stock assets from the Plan, State Street benefited W.R. Grace & Co. And nothing in the State Street SEC Form 13F filings supports such an inference. Any assertion to the contrary in the *Bunch* Opposition is entitled to no credit. *See e.g. Glassman v. Computervision Corp.*, 90 F.3d 617, 624 (1st Cir. 1996) (affirming the District Court ruling that company's prospectus "would not bear the characterizations plaintiffs sought to place on it and the allegedly actionable 'representations' were no more than unreasonable inferences drawn by plaintiffs and unsupported by the surrounding language.") *In re: Cytyc Corp. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) P93,225, 2005 U.S. Dist. LEXIS 6166, *34 fn. 25 (D. Mass. March 1, 2005) (dismissing plaintiff's inference from statements in defendant's SEC Form 10-K as unreasonable).

## **CONCLUSION**

For the foregoing reasons, State Street respectfully requests the claims against it in the *Bunch* complaint be dismissed with prejudice.

Dated:  February 28, 2006              Respectfully submitted,

STATE STREET BANK AND TRUST COMPANY

By its counsel,

 /s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
(scarnathan@ocmlaw.net)
O'CONNOR, CARNATHAN, AND MACK LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

-and-

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

## **CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum in Reply and the documents filed in support of it through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 1, 2006.


| March 1, 2006 | /s/ Sean T. Carnathan |
|---|---|
| Date | Sean T. Carnathan |