IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KERI EVANS,

          Plaintiff,

v.

JOHN F. AKERS, *et al.*

          Defendants.
_____

LAWRENCE W. BUNCH, *et al.*

          Plaintiffs,

v.

W.R. GRACE & CO., *et al.*

         Defendants.

Consolidated as:
Case No. 04-11380-WGY

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF STATE STREET BANK AND TRUST COMPANY'S MOTION FOR JUDGMENT IN THE BUNCH ACTION**

State Street Bank and Trust Company ("State Street")[1] submits this memorandum, the accompanying Declaration of Monet Ewing and the exhibits attached thereto in further support of State Street's pending motion to dismiss the single claim against it in the complaint entitled *Lawrence W. Bunch, et al. v. W.R. Grace & Co., et al.* (the "*Bunch* claim"). This submission supplements State Street's prior submissions in support of the motion, including its briefing and

---

[1] State Street Global Advisors ("SSgA"), an unincorporated division of State Street, was also named as a defendant in both complaints in this consolidated action. In these proceedings, State Street seeks dismissal of all claims against SSgA as well. All references to "State Street" shall, unless otherwise indicated, refer equally to SSgA.

the Declaration of Elizabeth Shea.  Based on the prior filings and these supplemental materials, State Street submits that there are no material facts in dispute, and indeed no facts whatsoever in support of the *Bunch* claim.  Accordingly, State Street is entitled to judgment dismissing the *Bunch* claim with prejudice.

# I.
# BACKGROUND

**A.    Procedural Background**

State Street filed a motion to dismiss the two complaints in this consolidated action on January 24, 2006.  In response, plaintiffs in *Keri Evans, et al. v. John F. Akers, et al.,* (Case No. 04-11380-WGY) (the "*Evans* Action") voluntarily dismissed State Street from that action on February 21, 2006 (Ct. File No. 67), rendering State Street's motion to dismiss the complaint in *Evans* moot.  Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller (the "*Bunch* plaintiffs") on behalf of themselves and an alleged class of participants in and beneficiaries of the W.R. Grace & Co. Employees Savings and Investment Plan (the "Plan") (originally filed as Case No. 05-11602-MLW) (the "*Bunch* Action")[2] filed a memorandum in opposition to State Street's motion to dismiss.  (Ct. File No. 68.)  On March 1, 2006, State Street filed its reply. (Ct. File No. 77.)  On March 2, 2006, the Court held a hearing on the motion.  At the request of State Street's counsel, the Court determined to defer its ruling on the pending motion for one month, treat it as a motion for summary judgment, and permit the parties to develop and, if necessary, submit additional evidence in the interim period.  Tr. 9:25-10:6.[3]

---

[2] By Order dated June 21, 2005, the United States District Court for the Eastern District of Kentucky transferred venue of the *Bunch* Action to this Court.  Op. & Order, July 21, 2005.  By Order dated August 23, 2005, this Court consolidated the *Bunch* Action with the *Evans* Action. Paperless Order, August 23, 2005.

[3] Should the Court deny summary judgment at this time, State Street reserves the right to renew its motion at or before the close of discovery.  Fed. R. Civ. P. 56(b).

**B.     Pertinent Facts**

The underlying facts of State Street's involvement with the Plan are not disputed. As alleged in the two complaints in this consolidated action, State Street was retained in December 2003 as investment manager to evaluate the Grace Stock held in the Plan. *Evans* Complaint ¶ 86; *Bunch* Complaint ¶ 12. In February 2004, the fiduciary committee at SSgA conducting the evaluation recommended that the Plan be divested of Grace Stock. *Evans* Complaint ¶¶ 70, 121 and Exh. Q thereto. An April 12, 2004 W.R. Grace press release announced that substantially all of the Grace Stock was sold out of the Plan by that date. *Evans* Complaint ¶ 73 and Exh. S thereto.

At the hearing, Plaintiffs' counsel confirmed in the following exchange with the Court that the viability of the *Bunch* claim turned on a single factual question, *i.e.,* whether State Street improperly sold "to itself" W.R. Grace & Co. common stock (the "Grace Stock") divested from the Plan:

> THE COURT: Well, that leads me to [] ask the Bunch plaintiffs this question: Are your allegations in this case directed to the alleged repurchase of shares – denied, but you can't really handle that on a motion to dismiss, and I'm treating this as a motion to dismiss – or do you claim that their decision to divest additionally was improper?
>
> MS. WALKER: Let me – I will address that, your Honor. We are solely looking at one simple issue, and we have been working with Mr. Flicker over the last couple of weeks, since we received his motion to dismiss, requesting certain information that I think may answer the question. We just don't have it yet. We are – to answer directly your question, we are solely looking at what appears to be an increase in State Street's holdings after they were – after they took the position to divest the Grace stock fund.

> THE COURT: So I take that as a direct answer to my question, that your claims relate only to the alleged repurchase of shares of Grace by State Street while they were disposing of these shares.
>
> MS. WALKER: That is correct, your Honor.

Transcript of Proceedings (March 2, 2006) ("Tr.") 7:15-8:12.

The undisputed record completely undermines plaintiffs' allegation that State Street repurchased the Grace Stock for itself or an affiliate. In its initial filings in support of the motion, State Street submitted the Declaration of Elizabeth Shea (the "Shea Decl."), which attached excerpts from State Street's SEC Form 13F filings for the period January 1, 2004 through June 30, 2004 (the "Relevant Period").[4] Those filings established that the number of shares of Grace Stock under State Street's management during the relevant period was reduced by approximately 7.4 million shares, reflecting the divestment of Grace Stock out of the Plan and outside of the management custody of State Street. *See* Shea Decl. ¶¶ 4-5 and Exhs. 1-2 thereto.

State Street now submits with this supplemental filing, as additional evidence in support of the motion, the Declaration of Monet Ewing ("Ewing Decl.") and the exhibits thereto. These additional submissions further establish that: (1) State Street caused the Grace Stock to be sold from the Plan in a series of arms-length, third-party transactions at the prevailing market price; (2) the handful of SSgA-managed accounts that reflected increases in Grace Stock holdings during the Relevant Period did so pursuant to pre-set, non-discretionary investment programs intended to replicate certain securities market indices; and (3) the portfolio managers for those accounts were not members of the SSgA fiduciary committee that evaluated and made the decision to sell the Grace Stock in the Plan. There is absolutely no evidence of improper conduct

---

[4] Plaintiffs have never disputed nor offered any evidence to contradict the accuracy of the information contained in the Form 13F filings referenced in the Shea Declaration.

by State Street to support the single claim asserted by *Bunch,* and State Street is entitled to summary judgment dismissing that claim.

## II.
## ARGUMENT

**A.     Legal Standard.**

State Street initially moved to dismiss the *Bunch* Action pursuant to Fed. R. Civ. P. 12(b)(6).  During the March 2, 2006 hearing, the Court determined to treat State Street's motion as one for summary judgment under Fed. R. Civ. P. 56.  Tr. 9:25-10:5.  *See* Fed. R. Civ. P. 12(b)(6) ("If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a a motion by Rule 56."); *see e.g. C.B. Trucking v. Waste Mgmt.*, 137 F.3d 41 (1st Cir. 1998).

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Moreover, under Fed. R. Civ. P. 56(e) "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

**B.     The Evidence Submitted by State Street Establishes That The Single *Bunch* Claim Has No Merit.**

Consistent with the allegations in the complaints, Exhibit 2 to the Ewing Declaration shows that all the shares of Grace Stock were sold out of the Plan during the period February 27, 2004 to April 13, 2004. Ewing Decl., Exh. 2. Ms. Ewing, who serves in the Independent Fiduciary Group at SSgA that was responsible for managing the Plan's holdings of Grace Stock (Ewing Decl., ¶ 2), testifies that State Street conducted each sale at arm's length, to a third-party buyer, at a prevailing market price. *Id*., ¶ 8. She further testifies that in no case were any shares of the Plan's Grace Stock sold to State Street or an affiliate, either directly or indirectly. *Id.* This evidence flatly disposes of the "one single issue" that *Bunch's* counsel identified in the March 2, 2006 hearing. Tr. at 7:24.

But Ms. Ewing also provides additional evidence to address what *Bunch's* counsel described as "what appears to be an increase in State Street's holdings after they were – after they took the position to divest the Grace stock fund." Tr. 8:4-7. Specifically, Ms. Ewing testifies that, according to a review conducted by State Street, there were twelve accounts under SSgA's active management during the Relevant Period (listed in Exhibit 1 to the Ewing Declaration) that reflected increases in Grace Stock under management by State Street (either existing accounts that acquired Grace Stock or accounts newly-established or newly-transferred under SSgA's management during the Relevant Period). Ewing Decl., ¶ 4-5 and Exh. 1.[5] Ms. Ewing confirms that any acquisition or holding of Grace Stock in those accounts was solely due to the operation of non-discretionary, automated trading programs, and was not the result of discretionary investment decisions by the portfolio managers of those accounts. Ewing Decl., ¶ 6. In other

---

[5] To protect confidential client identifying information, State Street submits the account names in Exhibit 1 to the Ewing Declaration in redacted form.

words, the "increases" in Grace Stock holdings by these accounts in no way reflect any decision by State Street to sell the shares held in the Plan "to itself" or even to another account under its management.

Finally, as further evidence of the separation between the investment management decisions made by State Street for the Plan and the acquisitions by other accounts during the Relevant Period, Ms. Ewing testifies that none of the portfolio managers for those accounts is a member of the SSgA fiduciary committee that evaluated the Grace Stock holdings of the Plan. Ewing Decl., ¶ 7.

## **CONCLUSION**

There is absolutely no competent evidence to support the bald assertion by the *Bunch* plaintiffs that State Street acquired Grace Stock from the Plan for its own benefit. The uncontested facts provided to the Court demonstrate that there is no issue for trial as to the *Bunch* claim. Accordingly, State Street respectfully requests the claim against it in the *Bunch* complaint be dismissed with prejudice.

Dated: March 31, 2006        Respectfully submitted,

STATE STREET BANK AND TRUST COMPANY

By its counsel,

 /s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
(scarnathan@ocmlaw.net)
O'CONNOR, CARNATHAN, AND MACK LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

-and-

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

**CERTIFICATE OF SERVICE**

      I hereby certify that this Supplemental Submission and the documents filed in support of it through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 31, 2006.

| | |
|---|---|
| March 31, 2006 | /s/ Sean T. Carnathan |
| Date | Sean T. Carnathan |