IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN F. AKERS, et al. ) <br> ) <br> Defendants. ) | |
| LAWRENCE W. BUNCH, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> W. R. GRACE & CO., et al. ) <br> ) <br> Defendants. ) | Consolidated <br> Case No. 04-11380-WGY |

### PLAINTIFF BUNCH'S MEMORANDUM IN OPPOSITION TO SUPPLEMENTAL SUBMISSION IN SUPPORT OF STATE STREET BANK AND TRUST COMPANY'S MOTION FOR JUDGMENT IN THE BUNCH ACTION

Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, both individually and on behalf of all others similarly situated ("Plaintiff Bunch"), by and through their undersigned counsel, submit this Memorandum in Opposition to Defendant State Street Bank and Trust Company's Supplemental Submission in Support of Motion for Judgment.

I.  **Introduction**

The issue before this Court is whether Defendant violated ERISA by selling all of the Grace Stock purchased by the employees, while apparently retaining its holdings in the Grace Stock for its own benefit. Despite the Defendant's wishes, the issue is not whether the Defendant could override the Investment Plan as the fiduciary, but whether it can engage in self-dealing and, in this case, materially benefit from the sale.

Plaintiff is now in the position of attempting to interpret the summary documents produced by Defendants in connection to Defendant's management of the Grace Stock. In particular, the summary documents produced are insufficient in order for Plaintiff to evaluate whether Defendant did, in fact, financially benefit from the sale of Grace Stock under its management. Until the actual investment accounts, which include the reserved discretionary language are produced, and the complete investment guidelines provided, Plaintiff is prevented from determining the propriety of Defendant's actions. The information produced in its redacted form and attached as Exhibits 1 and 2 to Defendant's Motion for Judgment are insufficient for anyone without access to be internal account information to review the prospectus language. As such, the critical issue as to whether Defendant has retained any discretionary authority relative to the Grace Stock under its management has not been addressed.

Following Plaintiff's recognition that its access was restricted with the information provided, Plaintiff's counsel notified Defendant[1] counsel of the need for additional information. The requested documentation should be immediately available in that Defendant affiant refers to the same information in the supporting affidavit. Without this critical evidence, which Plaintiff Bunch has been seeking before its appearance before this Court on March 2, 2006, it is unable to determine whatsoever whether Defendant violated applicable ERISA statutes by profiting from

---

[1] See letter dated April 10, 2006 attached as Exhibit 1.

the Grace Stock sale from the Grace employees. As such, Plaintiff Bunch requests that Defendant's Motion be denied until Plaintiff's counsel has had the opportunity to review the information for which it has been waiting for more than 60 days. Without this information, Plaintiff is still in the same position as it was on March 2, 2006 when it appeared before this Court, and the Court determined that there was not sufficient evidence to grant Defendant's motion.

## II.  Law Applicable to Summary Judgment

The legal standard for consideration and disposition of issues on summary judgment is well settled. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, written admissions, stipulations and affidavits, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of fact exists as to any material fact falls upon the moving party, and the party against whom the motion is made is entitled to have all doubts resolved in his favor and the evidence construed most strongly in his favor, including all reasonable inferences that can be drawn therefrom. United States v. Diebold, Inc., (1962) 369 U.S. 654.

Moreover, summary judgment must be used with extreme caution since it operates to deny a litigant his day in court. Smith v. Hudson, (1979) 600 F.2d 60,63 (6th Cir.), cert. dismissed 444 U.S. 986. Summary judgment should not be granted unless it is clear that a trial is unnecessary. The inquiry to determine whether there is a need for trial is "whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., (1986) 477 U.S. 242, 250, motion denied (1987) 480 U.S. 903. There is an issue for trial when there is

sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. Significantly, cases involving motive or intent are ordinarily not susceptible of summary adjudication. Smith, 600 F.2d at 63.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., (1962) 368 U.S. 464, 472. "[T]he issue of material fact required by Rule 56(c). . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank v. Cities Service Co., (1968) 391 U.S. 253, 288-89.

Respectfully submitted,

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

/s/ *Jeffrey C. Block*
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com


WAITE, SCHNEIDER, BAYLESS
 & CHESLEY CO., L.P.A.

/s/ *James R. Cummins*
James R. Cummins
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail jcummins@wsbclaw.com
E-mail: janehwalker@wsbclaw.com

*Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, Both Individually and Behalf of All Others Similarly Situated*

Dated: April 13, 2006

7