## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KERI EVANS,

                                    Plaintiff,

v.

JOHN F. AKERS, *et al.*

                                    Defendants.

———————————————————————

LAWRENCE W. BUNCH, *et al.*

                                    Plaintiffs,

v.

W.R. GRACE & CO., *et al.*

                                    Defendants.

Consolidated as:
Case No. 04-11380-WGY

### ANSWER OF STATE STREET DEFENDANTS TO *BUNCH* COMPLAINT

Defendants State Street Bank and Trust Company ("State Street Bank") and State Street Global Advisors ("SSgA") (State Street Bank and SSgA, collectively, "State Street"), by and through undersigned counsel, submit the following Answer in response to the Class Action Complaint ("Complaint") filed by plaintiffs Lawrence W. Bunch, Jerry L. Howard, and David Mueller.

## INTRODUCTION[*]

This section constitutes plaintiffs' opinion of the nature of the case to which no response is required. To the extent a response is required, all of the allegations in this section are denied.

## JURISDICTION AND VENUE

1.     Admitted.

2.     State Street admits that this Court has personal jurisdiction over State Street Bank. State Street avers that SSgA, an unincorporated division of State Street Corporation, is not a jural entity and, on that basis, denies that this Court has personal jurisdiction over it. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, which pertain to the other defendants, and they are therefore denied.

3.     State Street admits that venue is proper in this Court. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, which pertain to the other defendants, and they are therefore denied.

4.     Paragraph 4 constitutes plaintiffs' opinion of the nature of the case to which no response is required. To the extent a response is required, State Street is informed and

---

[*] The use of the headings in the Complaint is for reference purposes only, and is not an admission by State Street of the truth of the allegations contained in the headings. State Street denies any allegations contained in such headings.

believes, and on that basis admits, that the W.R. Grace Savings & Investment Plan (the "Plan") is designed to comply with § 401(k) of the Internal Revenue Code, 26 U.S.C. § 401(k). State Street further avers that the Plan documents speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the Plan in paragraph 4 not consistent with those documents. State Street denies that a class action is either necessary or appropriate. State Street denies that plaintiffs are entitled to any relief whatsoever. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and they are therefore denied.

5.      State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and they are therefore denied.

6.      State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and they are therefore denied. State Street further avers that the Plan documents speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the Plan in paragraph 6 not consistent with those documents.

7.      State Street denies that a class action is either necessary or appropriate. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and they are therefore denied.

8.      Denied. State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the Plan in paragraph 8 not consistent with those documents.

9.      State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 9 not consistent with those documents.

10.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and they are therefore denied.

11.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 11 not consistent with those documents.

12.     State Street admits that, effective December 15, 2003, W.R. Grace & Co. ("Grace") and the Investment and Benefits Committee of Grace appointed State Street Bank as investment manager with respect to the shares of Grace common stock ("Grace Stock") held under the Grace Company Stock Fund investment option maintained under the Plan Trust on behalf of the Plan.  State Street avers that the announcement dated December 8, 2003 speaks for itself and constitutes the best evidence of its contents.  State Street therefore denies any characterization of the document in paragraph 12 not consistent with the terms of that document. State Street denies the remaining allegations in paragraph 12.

13.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and they are therefore denied.  State

Street avers that the Plan documents and the Notice to Participants in the Grace Company Stock Fund dated February 27, 2004 speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of those documents in paragraph 13 not consistent with their terms.

14.     State Street admits that on April 12, 2004, State Street caused shares of Grace Stock held in the Plan to be sold to the D.E. Shaw Hedge Fund for $3.50 per share. State Street further admits that prior to April 12, 2004 it caused to be sold to third parties other shares of Company Stock held in the Plan. State Street avers that the announcement dated April 12, 2004 speaks for itself and constitutes the best evidence of its contents. State Street therefore denies any characterization of the document in paragraph 14 not consistent with the terms of that document. State Street denies the remaining allegations in paragraph 14.

15.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and they are therefore denied.

16.     Denied.

17.     Paragraph 17 purports to state a legal conclusion to which no response is required. To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18.     Denied. State Street avers that a class action is neither necessary nor appropriate.

## THE PARTIES

19.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and they are therefore denied.

22.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and they are therefore denied.

23.     Paragraph 23 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 23 not consistent with those documents.

24.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 24 not consistent with those documents.

25.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 25 not consistent with those documents.

26.     State Street is informed and believes and on that basis admits that Fred E. Festa has served as President and Chief Operating Officer of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and they are therefore denied.

27.     State Street is informed and believes and on that basis admits that Paul J. Norris has served as Chairman and Chief Executive Officer of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and they are therefore denied.

28.     State Street is informed and believes and on that basis admits that Robert M. Tarola has served as Senior Vice President and Chief Financial Officer of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28, and they are therefore denied.

29.     State Street is informed and believes and on that basis admits that John F. Akers has served as a Director of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and they are therefore denied.

30.     State Street is informed and believes and on that basis admits that Henry Furlong Baldwin has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and they are therefore denied.

31.     State Street is informed and believes and on that basis admits that Ronald C. Cambre has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and they are therefore denied.

32.     State Street is informed and believes and on that basis admits that Marye Anne Fox has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32, and they are therefore denied.

33.     State Street is informed and believes and on that basis admits that John J. Murphy has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and they are therefore denied.

34.     State Street is informed and believes and on that basis admits that Thomas A. Vanderslice has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and they are therefore denied.

35.    State Street is informed and believes and on that basis admits that Fidelity Management Trust Company was appointed to act as Trustee for the Plan.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of those documents in paragraph 35 not consistent with the terms of those documents.

36.    State Street admits that State Street Bank is a Massachusetts corporation, with a principal office at State Street Financial Center, One Lincoln Street, Boston, MA 02111-2900 and that State Street Bank is a wholly-owned subsidiary of State Street Corporation.  State Street avers that it is a financial services company that provides financial products and services to its clients.  State Street denies the remaining allegations in paragraph 36.

37.    Denied.  SSgA avers that it is not a jural entity, but rather is an operating division of State Street Bank.

38.    State Street admits that the Complaint purports to refer to the defendants referenced in paragraphs 19-37 as the "Individual Defendants."

39.    Paragraph 39 purports to state a legal conclusion to which no response is required.  To the extent a response is required, denied.

## W.R. GRACE SAVINGS AND INVESTMENT PLAN

40.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and they are therefore denied.  State

Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 40 not consistent with those documents.

41.    Paragraph 41 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 41 not consistent with those documents.

42.    Paragraph 42 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 42 not consistent with those documents.

43.    Denied.

44.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and they are therefore denied.  State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the Plan in paragraph 44 not consistent with those documents.

45.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and they are therefore denied. State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the Plan in paragraph 45 not consistent with those documents.

46.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and they are therefore denied. State Street avers that the Plan documents speak for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the Plan in paragraph 46 not consistent with those documents..

47.     Denied.

48.     Denied.

49.     Denied.

50.     Paragraph 50 purports to state a legal conclusion to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 50.

## DEFENDANTS' BREACHES OF FIDUCIARY DUTY

51.     Paragraph 51 purports to state a legal conclusion to which no response is required.

52.     Paragraph 52 purports to state a legal conclusion to which no response is required.

11

53.    Paragraph 53 purports to state a legal conclusion to which no response is required.

54.    Paragraph 54 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 54.

55.    Paragraph 55 purports to state a legal conclusion to which no response is required.

56.    Paragraph 56 purports to state a legal conclusion to which no response is required.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## CLASS ACTION ALLEGATIONS

61.    State Street admits that the plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and others similarly situated, but State Street denies that a class action is either necessary or appropriate.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61, and they are therefore denied.

62.    State Street is informed and believes, and on that basis admits, that there were in excess of 10,000 participants in the Grace Company Stock Fund in the Plan, but State Street denies that a class action is either necessary or appropriate.  The remaining allegations in paragraph 62 are denied.

63.    Paragraph 63 purports to state a legal conclusion to which no response is required.  To the extent a response is required, denied.

64.    Paragraph 64 purports to state a legal conclusion to which no response is required.  To the extent a response is required, denied.

65.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and they are therefore denied.

66.    Paragraph 66 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 66.

67.    Paragraph 67 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and they are therefore denied.

68.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and they are therefore denied.

69.    Paragraph 69 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 69.

70.    Paragraph 70 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 70.

71.    Paragraph 71 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 71.

72.    Paragraph 72 purports to state a legal conclusion to which no response is required.  To the extent a response is required, State Street denies the allegations in paragraph 72.

73.    Denied.

## PRAYER FOR RELIEF

State Street denies all of the allegations in the section beginning with the word "WHEREFORE."  State Street denies that plaintiffs are entitled to the relief sought or to any relief whatsoever.

Any allegation in the Complaint not specifically admitted is denied.

## JURY DEMAND

State Street denies that the plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

State Street states as follows, without admitting that the following are in fact affirmative defenses or that State Street has the burden of proof on any affirmative defense:

### First Affirmative Defense

Plaintiffs' Complaint, and each claim asserted therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

State Street Global Advisors is not a jural entity that can properly be named as a defendant in this action.

### Third Affirmative Defense

Plaintiffs' claims are barred because plaintiffs lack standing to bring this action.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, release, ratification and/or acquiescence.

### Fifth Affirmative Defense

Plaintiffs, and each of them, have failed to exhaust their administrative remedies.

## Sixth Affirmative Defense

Plaintiffs' claims are barred because State Street was not performing a fiduciary function with respect to the relevant conduct alleged in the Complaint.

## Seventh Affirmative Defense

Plaintiffs' claims are barred because and to the extent that State Street was a fiduciary of the Plan, its limited fiduciary responsibilities did not include the matters complained of in the Complaint, and State Street did not breach its fiduciary duties, properly defined.

## Eighth Affirmative Defense

Plaintiffs' claims are barred because they cannot overcome the presumption that State Street acted consistently with its fiduciary duties under ERISA when acting in accordance with the terms of the Plan.

## Ninth Affirmative Defense

Plaintiffs' claims are barred to the extent they concern matters of plan design and/or settler functions.

## Tenth Affirmative Defense

Plaintiffs' claims are barred because any losses or damages alleged by plaintiffs were not caused by any alleged breach of fiduciary duty by State Street or any other act or omission by State Street.

## Eleventh Affirmative Defense

Plaintiffs' claims are barred because any losses or damages alleged by plaintiffs were proximately caused by plaintiffs' own acts or omissions, by acts or omissions by entities other than State Street, and/or by economic causes and events from matters over which State Street had no control.

## Twelfth Affirmative Defense

Plaintiffs' claims are barred by ERISA § 404(c), 29 U.S.C. § 1104(c).

## Thirteenth Affirmative Defense

Plaintiffs' claims are barred because of and to the extent of their failure to take reasonable and necessary steps to mitigate any loss, injury, or damage allegedly suffered.

## Fourteenth Affirmative Defense

Plaintiffs' claims are barred because any alleged statements made by State Street that may have been made in a fiduciary capacity were not false when made and were not material, and plaintiffs cannot show that they relied on any such statements.

## Fifteenth Affirmative Defense

Plaintiffs' claims are barred by plaintiffs' assumption of the risk.

## Sixteenth Affirmative Defense

Plaintiffs' claims are barred to the extent they attempt to use ERISA fiduciary duties to expand the disclosure obligations under the federal securities laws and/or to impose

liability arising out of or related to disclosures made or disseminated under the federal securities laws.

### Seventeenth Affirmative Defense

Plaintiffs' allegations that give rise to their claims are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

### Eighteenth Affirmative Defense

Plaintiffs have received all benefits due them under the terms of the Plan.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred because it was not imprudent to divest the Plan of Grace Stock during the relevant time period alleged in the Complaint.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred because State Street acted in the good faith belief that its actions were lawful.

### Twenty-First Affirmative Defense

To the extent plaintiffs allege any claims under state law, plaintiffs' claims are preempted by ERISA.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred because they cannot establish any causal link between the alleged breaches of fiduciary duty and plaintiffs' alleged losses or damages.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred by ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), to the extent plaintiffs seek individual relief as damages.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims are barred by ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to the extent plaintiffs seek monetary damages as individual relief and not appropriate equitable relief.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred by ERISA § 409, 29 U.S.C. § 1109, to the extent State Street was a fiduciary to the Plan, because State Street is not liable for breaches of fiduciary duty that may have occurred before State Street became a fiduciary or after State Street ceased to be a fiduciary to the Plan.

### Twenty-Sixth Affirmative Defense

Plaintiffs are estopped from pursuing the Complaint, and each purported claim for relief therein, by reason of their own actions and course of conduct.

### Twenty-Seventh Affirmative Defense

Plaintiffs have waived the right, if any, to pursue the Complaint, and each purported claim for relief contained therein, by reason of their own actions and course of conduct.

### Twenty-Eighth Affirmative Defense

Plaintiffs cannot meet their burden of proving that State Street was acting as a fiduciary subject to ERISA fiduciary duties with respect to the conduct alleged in the Complaint.

### Twenty-Ninth Affirmative Defense

During all relevant time periods mentioned in the Complaint, plaintiffs consented to the acts and events set forth therein.

### Thirtieth Affirmative Defense

Plaintiffs' claims are barred because any recovery from State Street would result in plaintiffs' unjust enrichment.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred as premised upon privileged conduct or actions by State Street.

### Thirty-Second Affirmative Defense

At all times relevant, State Street acted with due care and in accordance with all statutory and regulatory requirements.

State Street presently lacks knowledge or information sufficient to form a belief as to whether they may have available additional, as yet unstated, defenses.  State Street reserves the right to assert additional defenses up to and including the time of trial.

## STATE STREET'S PRAYER FOR RELIEF

WHEREFORE, defendants State Street Bank and Trust Company (erroneously sued herein under the name State Street Global Advisors) prays for relief and Judgment as follows:

1.      That plaintiffs take nothing on their Complaint;

2.      That the Complaint and all claims against State Street be dismissed with prejudice.

3.      That this Court award State Street its reasonable attorneys' fees and costs; and

4.      That this Court grant State Street such other and further relief as the Court deems appropriate.

Dated:  April 17, 2006                  Respectfully submitted,

                                        STATE STREET BANK AND TRUST COMPANY AND
                                        STATE STREET GLOBAL ADVISORS

                                        By its counsel,

                                         /s/ Sean T. Carnathan
                                        Sean T. Carnathan (BBO #636889)
                                        (scarnathan@ocmlaw.net)
                                        O'CONNOR, CARNATHAN, AND MACK LLC
                                        8 New England Executive Park, Suite 310
                                        Burlington, MA 01803
                                        Telephone: (781) 359-9000
                                        Facsimile: (781) 359-9001

                                        -and-

                                        Scott M. Flicker
                                        (scottflicker@paulhastings.com)
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        875 15th Street, NW
                                        Washington, DC 20005
                                        Telephone: (202) 551-1700
                                        Facsimile: (202) 551-1705

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Answer through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 17, 2006.


 April 17, 2006                                      /s/ Sean T. Carnathan

Date                                                 Sean T. Carnathan