**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **Evans et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Cases Consolidated As:** |
| | ) | **1:04-cv-11380-WGY** |
| **v.** | ) | |
| | ) | |
| **Akers et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| **Bunch et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **W.R. Grace & Co. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF EVANS PLAINTIFFS'**
**MOTION FOR CLASS CERTIFICATION**

{00008458.DOC ; 1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

I.      INTRODUCTION .................................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................................... 3

        A.      The Court is Limited in its Assessment of the Facts and the Merits of
                an Action when Resolving a Class Certification Motion....................................... 3

        B.      Facts of the Case .......................................................................................... 4

III.    ARGUMENT ......................................................................................................... 7

        A.      Plaintiffs' Claims for Breach of Fiduciary Duty under ERISA are
                Uniquely Appropriate for Class Treatment............................................................ 7

        B.      The Proposed Class Satisfies the Requirements of Federal Rule of Civil
                Procedure 23(a)................................................................................................ 9

                1.      The Class satisfies the "numerosity" requirement of Rule 23(a)(1)......... 10

                2.      Plaintiffs satisfy the "commonality" requirements of Rule 23(a)(2),
                        because there are  questions of law and fact common to the class. .......... 11

                3.      Plaintiffs satisfy the "typicality" requirements of Fed. R. Civ. Pro.
                        23(a)(3), because plaintiffs' claims are typical of those of the class........ 13

                4.      The representative parties will fairly and adequately protect the
                        interests of the class as required by Rule 23(a)(4).................................... 15

        C.      The Class May be Properly Certified under Rule 23(b)(1) and/or (b)(2)............. 17

                1.      Certification under Rule 23(b)(1) is Proper ............................................. 17

                        a.      Subsection (b)(1)(B) .................................................................... 18

                        b.      Subsection (b)(1)(A) .................................................................... 20

                2.      The Proposed Class Meets the Requirements of Rule 23(b)(2)................ 21

        D.      The Evans Plaintiffs' Chosen Counsel Will Adequately Represent the Class. .... 23

IV.     CONCLUSION...................................................................................................... 23

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re: ADC Telecoms., Inc.*, No. 03-CV-2989 ADM/FLN, 2005 WL 2250782 (D. Minn. Sept. 15, 2005) ........................................................................................................2, 8, 11

*Adchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ................................................6

*Amara v. CIGNA Corp.*, No. 3:01CV2361 (DJS), 2002 U.S. Dist. LEXIS 25947 (D. Conn. Dec. 20, 2002)..........................................................................................23

*In re Amsted Indus. ERISA Litig.*, No. 01-CV-2963, 2002 U.S. Dist. LEXIS 24144 (N.D. Ill. Dec. 13, 2002) ...........................................................................................8

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) ...................................15

*Atwood v. Burlington Indus. Equity, Inc.*, 164 F.R.D. 177 (M.D.N.C. 1995) ................8

*Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003) ..............8, 17

*Banyai v. Mazur*, 205 F.R.D. 160 (S.D.N.Y. 2002)...........................................4, 8, 19

*Bublitz v. E.I. du Pont de Nemours ¶ Co.*, 202 F.R.D. 251 (S.D. Iowa 2001)...........................22

*Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 WL 372644 (E.D. Pa. May 14, 1998) ...........................................................................9, 20, 21

*In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004).................................. passim

*Califano v. Yamasaki*, 442 U.S. 682 (1979) .................................................................7

*In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 297 (E.D. Mich. 2001)...............................10

*Carrier v. JPB Enters*, 206 F.R.D. 332 (D. Me. 2002)..................................................10

*In re Catfish Antitrust Litig.*, 826 F. Supp. 1019 (N.D. Miss. 1993) ............................22

*In re Centocor, Inc. Sec. Litig. III*, No. 98-260, 1999 U.S. Dist. LEXIS 1224 (E.D. Pa. Jan. 27, 1999)......................................................................................................14

*Coffin v. Bowater, Inc.*, 228 F.R.D. 397 (D. Me. 2005) .......................................4, 10, 15

*Curtis v. Cmm'r. Maine Dept. of Human Services*, 159 F.R.D. 339 (D. Me. 1994) .....................11

*DiFelice v. US Airways, Inc.*, No. 1:04CV889, ---F.R.D. ---, 2006 WL 763657 (E.D. Va. Mar. 22, 2006) ..................................................................................................2, 13

*Dionne v. Bouley*, 757 F.2d 1344 (1st Cir. 1985) ..........................................................4

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54 (D. Mass. 1997) ...........11

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)...................................................3, 4

*In re Electronic Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613 (E.D. Tex. 2004) .................3, 13

*In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005) ..............2, 8

*Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968) ...............................................................9

*Feret v. CoreStates Fin. Corp.*, No. 97-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998)...............................................................................................9, 15

*Furstenau v. AT&T Corp.*, No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004) ...........................................................................................3, 8, 21

*Gelb v. American Tel &. Tel. Co.*, 150 F.R.D. 76 (S.D.N.Y. 1993) ...............................22

*General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) ...............................10, 14

*In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ............18

*Gruby v. Brady*, 838 F. Supp. 820 (S.D.N.Y. 1993)...................................................8, 20

*Guckenberger v. Boston Univ.*, 957 F. Supp. 306.........................................................14

*Gunnels v. Healthplan Servs.*, 348 F.3d 417 (4th Cir. 2003).........................................15

*In re Honeywell Int'l ERISA Litig.*, No. 03-CV-1214, 2004 U.S. Dist. LEXIS 21585 (D.N.J. Sept. 14, 2004) ............................................................................................8

*In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000) ...................... passim

*Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1998 WL 78985 (E.D. Pa. Feb. 24, 1998) ...........................................................................................8, 19

*Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995), *cert. denied*, 516 U.S. 914 (1995)..................................................................................................................7

*Kirse v. McCullough*, No. 04-CV-1067, 2005 WL 3302008 (W.D. Mo. Dec. 5, 2005) ................2

*Koch v. Dwyer,* No. 98 Civ. 5519 (RPP), 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. Mar. 22, 2001) .......................................................................... passim

*Kolar v. Rite Aid Corp.*, No. 01-CV-1209, 2003 WL 1257272 (E.D. Pa. Mar. 11, 1003) ......20, 23

*Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995) .............................................................8

*Mack v. Suffolk County*, 191 F.R.D. 16 (D. Mass. 2000) .......................................11, 14

*Martin v. Am. Med. Sys.,* No. IP 94-2067-C H/G, 1995 U.S. Dist. LEXIS 22169 (S.D. Ind. Oct. 25, 1995) ...............................................................................4

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)........................................7, 18

*McAdams v. Mass. Mut. Life Ins. Co.*, No. 99-30284-FHF, 2002 U.S. Dist. LEXIS 9944 (D. Mass. May 15, 2002) ...................................................................10, 11

*McDaniel v. N. Am. Indem., N.V.*, No. 02-0422, 2003 WL 260704 (S.D. Ind. 2003)(2) & (b)(3) ........................................................................................8

*Nelson v. IPALCO Enters., Inc.*, No. 02-0477, 2003 WL 23101792 (S.D. Ind. Sept. 30, 2003) .......................................................................................13, 21

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) .............................................................6

*Paulino v. Casey*, 664 F.2d 854 .......................................................................................5

*Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D. Mass. 2003).....................9, 13

*In re Qwest Sav. & Inv. Plan ERISA Litig.*, No. 02-CV-464, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004) ................................................... passim

*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) ...................................... passim

*Ream v. Frey*, 107 F.3d 147 (3d Cir. 1997) .......................................................................7

*Risinger v. Concannon*, 201 F.R.D. 16 (D. Me. July 2, 2001) .....................................22

*Rogers v. Baxter, Int'l.*, No. 04 C 6476, 2006 WL 794734 (N.D. Ill. Mar. 22, 2006) .......... passim

*Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992), *cert denied*, 506 U.S. 1051 (1993) .............11

*In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005) ......................8

*Silva v. National Telewire Corp.*, 2000 U.S. Dist. LEXIS 13986 (D.N.H. Sept. 2000)................10

*Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co.*, 140 F.R.D. 474 (S.D. Ga. 1991) ..................................................................................................19

*Steinman v. Hicks*, 352 F.3d 1101 (7th Cir. 2003)......................................................7

*Swack v. Credit Suisse First Boston*, 230 F.R.D. 250 (D. Mass. 2005)........................14

*In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005) .................................2, 8, 18

*Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386 (E.D. Pa. 2001)................8, 17

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) .................................................................5

*Weiss v. York Hospital*, 745 F.2d 786 (3d Cir. 1984) ..................................................11

*In re Williams Co. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005).........................2, 8

*In re WorldCom, Inc. ERISA Litig.*, No. 02-CV-4816, 2004 U.S. Dist. LEXIS 19786 (S.D.N.Y. Oct. 4, 2004) ...........................................................................................3

## DOCKETED CASES

*Summers v. UAL Corp.*, No. 03 C 1537, Memorandum Op. at 4 ..............................3, 13

## FEDERAL REGULATIONS

29 C.F.R. § 2550 *et seq*...............................................................................................7

## FEDERAL RULES

Fed. R. Civ. P. 23(a) ......................................................................................... passim

Fed. R. Civ. P. 23(a)(1)................................................................................................10

Fed. R. Civ. P. 23(a)(3)...........................................................................................11, 13

## FEDERAL STATUTES

ERISA § 3(16), 29 U.S.C. §1102(16).................................................................. passim

ERISA § 404(a), 29 U.S.C. § 1104(a) .......................................................................5, 7

ERISA § 409, 29 U.S.C. § 1109 ........................................................................2, 18, 22

ERISA § 409(a), 29 U.S.C. § 1109(a) ..................................................................7

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ........................................................ passim

## MISCELLANEOUS

1 Herbert Newberg & Albert Conte, Newberg on Class Actions § 3:05 (2d ed. 1985) ...............10

5 Moore's Federal  Practice § 23.24[4] ..................................................................13

Newberg on Class Actions § 3.29 (1992 & Supp. 1998)..................................................4

## I.      **INTRODUCTION**

Plaintiffs Keri Evans and Timothy Whipps, (collectively the "Evans Plaintiffs" or, in the context of this pleading, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion for certification of the following class:

> All persons who were participants in or beneficiaries of the W.R. Grace & Co. Savings and Investment Plan (the "Plan")[1] at any time between July 1, 1999 and April 19, 2004 (the "Class Period") and whose accounts included investments in Grace stock.

Plaintiffs worked for W.R. Grace & Co. (hereinafter "Grace" or the "Company"), and were participants in the Plan pursuant to § 3(7) of ERISA, 29 U.S.C. §1102(7) during the Class Period.  Plaintiffs respectfully move the Court for an order granting certification of the above class under Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2).

Plaintiffs' First Amended Complaint for Violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), filed in this action on December 19, 2005[2] (the "Complaint"), alleges that Defendants – fiduciaries of the Plan pursuant to ERISA, 29 U.S.C. § 1101 *et seq.* – violated their fiduciary obligations to the Plan, Plaintiffs and to all beneficiaries and participants of the Plan during the Class Period.  The Complaint alleges that Defendants improperly allowed participant and Company matching contributions during the Class Period, as well as the Plan's invested assets at the start of the Class Period, to be heavily invested in Grace stock, which Defendants knew or should have known was an imprudent investment for

---

[1]  On December 31, 2001 the W. R. Grace & Co. Hourly Employees Savings and Investment Plan (the "Hourly Plan") was merged with the W. R. Grace & Co. Salaried Employees Savings and Investment Plan (the "Salaried Plan"), forming the current Plan.  Effective on the date of the merger, $34,303,697 was transferred from the Hourly Plan into the Plan.  On January 1, 2002, the newly augmented Plan was renamed the W. R. Grace & Co. Savings and Investment Plan, (i.e., the "Plan").  Because the Class Period begins prior to the merger, Plaintiffs bring these claims on behalf of the Plan's predecessors as well, including the Hourly and Salaried Plans.

[2]  On April 2, 2001 Grace and 61 of its U.S. subsidiaries filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware.  The bankruptcy proceeding is ongoing.  Accordingly, this action is stayed as to Grace unless and until such time as the stay is lifted or relief from the stay is granted by the bankruptcy court.

participant retirement savings due to non-disclosed information pertaining to, *inter alia*, (1) setbacks in and true size of the Company's massive asbestos litigation liability, (2) the rising number of newly-filed asbestos-related suits during the Class Period, (3) the Company's under-funding of its asbestos litigation reserves/funds; (4) the Company's impending collapse due to these factors and (5) W.R. Grace's doomed and costly attempt to shield itself from litigation liability through asset sales.[3]

    As demonstrated herein, this action satisfies all of the requirements for class certification under Rule 23(a)(1)-(4) and 23(b)(1)-(2) of the Federal Rules of Civil Procedure, and is eminently appropriate for class treatment.  Indeed, as further outlined below, members of the proposed Class assert a unitary claim for the Plan in which they all have an interest. Specifically, class certification is particularly appropriate in an ERISA company stock case such as this one in which relief is sought pursuant to ERISA §§ 409, 502(a)(2), 29 U.S.C. § 1109, 1132(a)(2), on behalf of the Plan for losses to Plan assets arising from Defendants' breaches of fiduciary duty.

    Notably, in just the past two years, at least **14** courts have granted class certification under virtually identical circumstances.  *See Rogers v. Baxter, Int'l.*, No. 04 C 6476, 2006 WL 794734 (N.D. Ill. Mar. 22, 2006);  *DiFelice v. US Airways, Inc.*, No. 1:04CV889, ---F.R.D. ---, 2006 WL 763657 (E.D. Va. Mar. 22, 2006); *Kirse v. McCullough*, No. 04-CV-1067, 2005 WL 3302008 (W.D. Mo. Dec. 5, 2005); *In re: ADC Telecoms., Inc.*, No. 03-CV-2989 ADM/FLN, 2005 WL 2250782 (D. Minn. Sept. 15, 2005); *In re Williams Co. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005);  *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005);  *In re CMS Energy*

---

    [3]  Plaintiffs incorporate herein the factual and legal allegations presented in the Complaint, including Plaintiffs' description of the administration of the Plans and investment of their assets.

*ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004) ("*CMS*"); *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) ("We find that the ERISA actions . . . are appropriate for certification under both [23(b)(1)(A) and (b)(1)(B)]"); *Summers v. UAL Corp.*, No. 03 C 1537, Memorandum Op. at 4 (N.D. Ill. Feb. 17, 2005) (slip op.) ("*UAL*"); *Furstenau v. AT&T Corp.*, No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004) ("*Furstenau*"); *In re WorldCom, Inc. ERISA Litig.*, No. 02-CV-4816, 2004 U.S. Dist. LEXIS 19786 (S.D.N.Y. Oct. 4, 2004) ("*Worldcom*"); and *In re Qwest Sav. & Inv. Plan ERISA Litig.*, No. 02-CV-464, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004) ("*Qwest*"); and *In re Electronic Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613, 628 (E.D. Tex. 2004) ("*EDS*").

The distinctive aspects of ERISA law and the inherently unified interests of 401(k) plan participants led the courts in *Baxter*, *Difelice*, *Williams, CMS, Rankin*, *Furstenau*, *WorldCom*, *Qwest*, and *EDS* (and other courts before them) to conclude that class certification is appropriate for ERISA claims asserted on behalf of a 401(k) plan. The same result is clearly and unequivocally called for here. Indeed, as discussed herein, since it is in the nature of an ERISA claim to authorize plan-wide (rather than individual) relief, failure to certify the class here might leave injured Plan beneficiaries and participants without effective relief. Accordingly, Plaintiffs' motion for class certification should be granted.

## II.    STATEMENT OF FACTS

### A.    The Court is Limited in its Assessment of the Facts and the Merits of an Action when Resolving a Class Certification Motion

This motion seeks class certification, not a ruling on the underlying merits of the action. The limited nature of this motion circumscribes the scope of the Court's present inquiry. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (holding it improper to conduct preliminary hearing on merits to determine whether prerequisites of Fed. R. Civ. P. 23 are met).

The Court's review for Rule 23 (a) and (b) compliance does not involve a review of a claim's underlying merits, but rather focuses on whether a class action is the best way to resolve the plaintiffs' claims. *Coffin v. Bowater, Inc.*, 228 F.R.D. 397, 401 (D. Me. 2005), citing *Eisen*, 417 U.S. at 177. Further, the reviewing court must accept as true the substantive allegations of plaintiff's complaint. *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002); NEWBERG ON CLASS ACTIONS § 3.29 (1992 & Supp. 1998).[4] In deciding whether or not a proposed class action passes Rule 23 muster, courts have considerable discretion. *Dionne v. Bouley*, 757 F.2d 1344, 1355 (1st Cir. 1985). As illustrated below, class certification is appropriate in the instant case.

**B.     Facts of the Case**

Plaintiffs' claims center on the activities of the three distinct groups of fiduciaries who breached their duties to the Plan and its participants and beneficiaries: (1) the Board of Directors/"Director" Defendants, which include: John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, and H. Furlong Baldwin; (2) the Investment and Benefits Committee Defendants, which include: Robert M. Tarola, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapidario; and (3) the Administrative Committee Defendants, which include: Brenda Gottlieb, W. Brian McGowan, and Michael Piergrossi. Complaint ¶¶ 15-32.

The Board of Director defendants were responsible for appointing the members of the Investment and Benefits Committee, and they were responsible for monitoring the activities of the Plan's fiduciaries. The members of the Investment and Benefits Committee were responsible

---

[4]   Indeed, there is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed such a procedure contravenes the Rule." *Eisen*, 417 U.S. at 177. "The relevant issue is whether the plaintiffs can satisfy the requirements of Rule 23, not whether plaintiffs have merely stated a cause of action or are likely to prevail on the merits." *Martin v. Am. Med. Sys.*, No. IP 94-2067-C H/G, 1995 U.S. Dist. LEXIS 22169, at *13 (S.D. Ind. Oct. 25, 1995).

for selecting, maintaining, monitoring, and evaluating the Plan's investments, and they had full discretion and authority to interpret the Plan. The members of the Administrative Committee were charged with the general administration of the Plan; this committee was the plan administrator pursuant to ERISA § 3(16)(A).

Plaintiffs' Complaint represents a civil enforcement action under ERISA on behalf of the Plans, Plaintiffs, and the Plans' beneficiaries and participants set forth in the proposed class definition. Defendants were fiduciaries of the Plan during the Class Period pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), responsible for loyally and prudently administering the Plan and managing its assets. *See* Complaint ¶¶ 10 *et seq.* This suit is brought on behalf of the Plan, and concomitantly its participants, seeking to recover the losses sustained by the Plan – as summarized below and described in detail in the Complaint -- due to the Defendants' fiduciary breaches.

Pursuant to ERISA § 404(a), 29 U.S.C. § 1104(a), fiduciaries have a duty to discharge their fiduciary responsibilities with respect to the Plan prudently and solely in the interests of participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. *Paulino v. Casey*, 664 F.2d 854, 857 n4 (1st Cir. 1981) (quoting ERISA § 404(a)). A fiduciary's duties of loyalty and prudence also entail a duty to conduct an independent investigation into, and to continually monitor, the merits of the investment alternatives held by the Plan, including employer securities, to ensure that each investment is a suitable and proper option for the Plan. Further, under ERISA an employer has a duty to deal fairly and honestly with its beneficiaries. *See Varity Corp. v. Howe*, 516 U.S. 489, 504 (1996). Defendants' actions and omissions constituted fiduciary breaches under ERISA resulting in extensive losses to the Plan and its participants.

In particular, Defendants knew or should have known about Grace's liability exposure in both pending and anticipated asbestos-related litigation, especially in light of the United States Supreme Court's decisions in *Adchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), which rejected global settlements to manage asbestos liability. Complaint, ¶ 105. These decisions prevented asbestos defendants, like Grace, from limiting their liability exposure without filing bankruptcy.

Defendants failed to consider, evaluate and advise Plan participants on the effect of pending asbestos litigation (as well as the rising number of newly-filed asbestos-related suits during the Class Period) and competitor bankruptcies on Grace's liability exposure. Complaint, ¶ 116. Moreover, Defendants knew that the asbestos litigation reserves were precariously underfunded and that the Company was in serious danger of impending collapse. Complaint, ¶¶ 118-122. Yet Defendants took no actions to protect the Plan and the participants until well after the Company filed for Bankruptcy. Complaint, ¶ 121.

Indeed, Defendants all failed in their fiduciary duties. They failed to conduct an appropriate investigation into the prudence of Grace stock as a Plan investment. They failed to provide Plan participants with required material information about the Company's improper accountings methods and practices for asbestos-related claims. They failed to protect the Plan and its participants from inevitable losses by continuing to maintain Grace stock in the Plan long after it was prudent to do so. Because Defendants knew or should have known that Grace stock was not a prudent investment option for the Plan, they had an obligation to protect the Plan and its participants from unreasonable and predictable losses incurred as a result of the Plan's investment in Grace stock.

Given the above, Defendants breached their fiduciary duties to the Plan and its participants set forth in ERISA § 404(a), 29 U.S.C. § 1104(a) and the Department of Labor's implementing regulations, 29 C.F.R. § 2550 *et seq.* Pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), any fiduciary who breaches any of the responsibilities, obligations or duties imposed by ERISA § 404 shall be personally liable to make good to the Plan any losses to the Plan resulting from each breach and shall be subject to such other equitable and remedial relief as the court may deem appropriate.

## III.    ARGUMENT

### A.    Plaintiffs' Claims for Breach of Fiduciary Duty under ERISA are Uniquely Appropriate for Class Treatment

A class action is "peculiarly appropriate" when a case raises legal issues "common to the class as a whole" since in such a case, Rule 23 provides an economical vehicle for a resolution of multiple common claims. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). As demonstrated by a consensus of opinions concerning ERISA breach of fiduciary actions in particular, this is a textbook case for class certification.

Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), any participant in or beneficiary of a plan may sue for breach of fiduciary duties. Such an action is by statutory definition brought ***"in a representative capacity on behalf of the plan as a whole***. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (emphasis added); *Rankin v. Rots*, 220 F.R.D. 511, 520 (E.D. Mich. 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 543 (E.D. Mich. 2004).

As the only relief available under ERISA § 502(a)(2) is relief for the plan, not individual relief, a breach of fiduciary duty claim such as Plaintiffs' is automatically a representative claim. *See Ream v. Frey*, 107 F.3d 147, 151-52 (3d Cir. 1997); *Steinman v. Hicks*, 352 F.3d 1101, 1102 (7th Cir. 2003); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1462 (9th Cir. 1995), *cert. denied*,

516 U.S. 914 (1995). Thus, if the Plaintiffs are successful under ERISA § 502(a)(2) in recovering money damages on account of the Defendants' breaches of fiduciary duties, the entire recovery will flow to the Plan, to be held, allocated and ultimately distributed in accordance with the requirements of the Plan and ERISA itself. *See In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231, 235 (3d Cir. 2005) ("The fiduciary's liability [under § 502(a)(2)] is not limited to plan 'losses that will ultimately redound to the benefit of all participants.' The Plan held Schering-Plough stock as an asset and that asset was greatly reduced in value allegedly because of breaches of fiduciary duty. This clearly was a 'loss' to the Plan within the meaning of § 1109."); *Kuper v. Iovenko*, 66 F.3d 1447, 1452-53 (6th Cir. 1995); *In re Honeywell Int'l ERISA Litig.*, No. 03-CV-1214, 2004 U.S. Dist. LEXIS 21585, *30 (D.N.J. Sept. 14, 2004). For this reason, "[c]lass actions are generally well suited to litigation brought pursuant to ERISA." *Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y. 2002); *In re Amsted Indus. ERISA Litig.*, No. 01-CV-2963, 2002 U.S. Dist. LEXIS 24144 (N.D. Ill. Dec. 13, 2002).

Indeed, a judicial consensus has, over the years, emerged with respect to breach of fiduciary actions involving defined contribution retirement plans such as the Grace Plan. In these cases, class certification has practically become a foregone conclusion. The reported decisions considering alleged violations of fiduciary duties under ERISA have, almost without exception, held that class certification is appropriate under at least one subsection of Rule 23(b), usually subsection (b)(1).[5]

---

[5] In addition to the recent cases cited, *supra, see, e.g., In re Williams Co. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005); (certifying class under Rule 23(b)(1)(B) & 23(b)(2)); *In re: ADC Telecoms., Inc.*, No. 03-CV-2989 ADM/FLN, 2005 WL 2250782 (D. Minn. Sept. 15, 2005) (certifying class under Rule 23(b)(1)); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005) (certifying class under Rule 23(b)(1)); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004) (certifying class under Rule 23(b)(1)(A) & (B)); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005) (certifying class under Rule 23(b)(1)(A) & (B)); *In re Worldcom, Inc. ERISA Litig.*, No. 02-CV-4816, 2004 U.S. Dist. LEXIS 19786 (S.D.N.Y. Oct. 4, 2004) (certifying class under Rule 23(b)(1)(B)); *Rankin*, 220 F.R.D. 511 (certifying class under Rule 23(b)(1)); *Furstenau v. AT&T Corp.*, No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004) (certifying class under Rule 23(b)(1));

**B.     The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)**

Plaintiffs seeking certification for a proposed class action must satisfy four threshold requirements under Rule 23(a), and at least one subsection of Fed. R. Civ. P. 23(b). *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 24-25 (D. Mass. 2003). Any "doubts should be resolved in favor of certification, particularly in the early stages of the litigation." *Id.,* citing *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968).

The general criteria for certification of a class are set forth in Rule 23(a) of the Federal Rules of Civil Procedure:

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if:
>
> (1)    the class is so numerous that joinder of all members is impracticable;
>
> (2)    there are questions of law or fact common to the class;
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)    the representative parties will fairly and adequately protect the interest of the class.

---

*Kolar v. Rite Aid Corp.*, No. 01-CV-1229, 2003 WL 1257272 (E.D. Pa. Mar. 11, 2003) (confirming certification of class under Rule 23(b)(1)); *McDaniel v. N. Am. Indem., N.V.*, No. 02-0422, 2003 WL 260704 (S.D. Ind. 2003) (certifying class under Rule (b)(1), (b)(2) & (b)(3)); *Babcock v. Computer Assocs. Int'l*, Inc., 212 F.R.D. 126 (E.D.N.Y. 2003) (certifying class under Rule 23(b)(1) & (b)(3)); *Koch v. Dwyer*, No. 98-CV-5519, 2001 US Dist. LEXIS 4085, at *5 (S.D.N.Y. Mar. 22, 2001) (certifying class under Rule 23(b)(1)(B)); *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 397-98 (E.D. Pa. 2001) (certifying class under Rule 23(b)(1) & (b)(2)); *In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 466 (E.D. Pa. 2000) (certifying class under Rule 23(b)(1)); *Clauser v. Newell Rubbermaid, Inc.*, No. 99-5753, 2000 WL 1053395, at *6 (E.D. Pa. July 31, 2000) (certifying class under Rule 23(b)(1)); *Bunnion v. Consol. Rail Corp.*, No. 97-CV-4877, 1998 WL 372644, at *13 (E.D. Pa. May 14, 1998) (certifying class under Rule 23(b)(1) & (b)(2)); *Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1998 WL 78985, at *9 (E.D. Pa. Feb. 24, 1998) (certifying class under Rule 23(b)(1)); *Feret v. Corestates Fin. Corp.*, No. 97-CV-6759, 1998 WL 512933, at *13 (E.D. Pa. Aug. 18, 1998) (certifying class under Rule 23(b)(1)); *Montgomery v. Aetna Plywood, Inc.*, No. 95-CV-3193, 1996 WL 189347, at *5 (N.D. Ill. Apr. 16, 1996) (certifying class under Rule 23(b)(1)); *Atwood v. Burlington Indus. Equity, Inc.*, 164 F.R.D. 177, 179 (M.D.N.C. 1995) (certifying class under Rule 23(b)(1)); *Schutte v. Maleski*, No. 93-CV-0961, 1993 WL 218898, at *9-*10 (E.D. Pa. Jun. 18, 1993) (certifying class under Rule 23(b)(1)(B)); *Gruby v. Brady*, 838 F. Supp. 820, 828 (S.D.N.Y. 1993) (certifying class under Rule 23(b)(1)).

Here, the proposed Class satisfies each of Rule 23(a)'s prerequisites.[6]

### 1.    The Class satisfies the "numerosity" requirement of Rule 23(a)(1)

As a prerequisite to certification, the Court must determine that the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs' burden on this issue is not difficult. *McAdams v. Mass. Mut. Life Ins. Co.*, No. 99-30284-FHF, 2002 U.S. Dist. LEXIS 9944 (D. Mass. May 15, 2002), at *9, citing *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 297, 303 (E.D. Mich. 2001). Courts have ruled that a class of greater than 40 people "satisfies the presumption that joinder is impractical and class treatment is appropriate." *Coffin v. Bowater, Inc.*, 228 F.R.D. 397, 402, citing *Carrier v. JPB Enters*, 206 F.R.D. 332 (D. Me. 2002); *see also* 1 Herbert Newberg & Albert Conte, NEWBERG ON CLASS ACTIONS § 3:05 (2d ed. 1985)

Numerosity is generally found in ERISA breach of fiduciary duty cases such as the instant one which, by its very nature, involves hundreds, if not thousands or tens of thousands of pension plan participants. *See Koch v. Dwyer*, No. 98-CV-5519, 2001 U.S. Dist. LEXIS 4085, at *7-*8 (S.D.N.Y. Mar. 22, 2001) (proposed class of approximately 3,400 plan participants satisfied numerosity). When there "are thousands of participants in the plan in any given year," a court "should make common sense assumptions regarding numerosity." *In re Ikon Office Solutions Sec. Litig.*, 191 F.R.D. 457, 462 (E.D. Pa. 2000) ("*Ikon*") (finding numerosity met in analogous ERISA breach of fiduciary duty class action). Indeed, in many recent ERISA Company stock cases, Defendants do not even contest the "numerosity" requirement. *See, e.g.,*

---

[6] Commonality, typicality, and adequacy are often considered together to determine "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Silva v. National Telewire Corp.*, 2000 U.S. Dist. LEXIS 13986 (D.N.H. Sept. 2000), citing *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

*ADC*, 2005 WL 2250782, at \*2; *In re WorldCom, Inc. ERISA Litig.*, 2004 U.S. Dist. LEXIS 19786, at \*3-\*4.

In the instant case, the Plan had thousands of participants dispersed over a wide geographic area during the proposed Class Period, many of whom are outside the geographical confines of this court's jurisdiction, thereby making joinder impractical. Accordingly, Plaintiffs submit that they clearly satisfy the numerosity requirement of Rule 23(a)(1).[7]

### 2. Plaintiffs satisfy the "commonality" requirements of Rule 23(a)(2), because there are questions of law and fact common to the class.

Plaintiffs must demonstrate that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). This requirement is generally satisfied when class members share a "common nucleus of operative fact. . ." *McAdams*, 2002 U.S. Dist. LEXIS 9944 (D. Mass. May 15, 2005), at \*10 citing *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992), *cert denied*, 506 U.S. 1051 (1993). Class members' claims need not be identical. *Mack v. Suffolk County,* 191 F.R.D. 16, 23 (D. Mass. 2000). "[V]arying fact patterns may underlie individual claims as long as a common pattern of unlawful conduct by the defendant is directed at class members." *Curtis v. Cmm'r. Maine Dept. of Human Services,* 159 F.R.D. 339, 340 (D. Me. 1994), citing *Weiss v. York Hospital,* 745 F.2d 786, 809 (3d Cir. 1984). Commonality is considered a "low hurdle" to overcome on the road to class certification. *Duhaime v. John Hancock Mut. Life Ins. Co.,* 177 F.R.D. 54, 63 (D. Mass. 1997). In an analogous ERISA case the court held that "[i]t is not difficult to find common factual and legal questions within a class of plaintiffs who may have been harmed by the defendants' alleged breaches of [fiduciary] duty." *Qwest*, 2004 U.S. Dist.

---

[7] In 2001, the Forms 5500 filed with the Internal Revenue Service on behalf of the Grace Hourly and Salaried Plans (predecessors to the Plan, see above) indicated that there were approximately 10,920 total participants.

LEXIS 24693, at *12-*13.  *Cf. Rogers v. Baxter*, No. 04 C 6476, 2006 WL794734, at *3 (N.D.

Ill. Mar. 22, 2006) ("*Baxter*") (defendants conceded commonality in analogous actions).

The proposed Class in this action shares a "common nucleus of operative fact" and therefore easily satisfies the commonality requirement of Rule 23(a)(2), because there are multiple questions of law *and* fact common to all prospective Class members in this action, including but not limited to:

> (a)    Whether Defendants breached their fiduciary duties by failing to conduct an appropriate investigation into the merits of continued investment in Grace stock in the facet of obvious red flags that, at minimum, raised questions regarding the risks of continued investment in Grace stock; (Complaint ¶146)

> (b)    Whether Defendants breached their fiduciary obligations to the Plan and its participants by failing to loyally manage the Plan's assets when they knew or should have known that Grace securities were not a prudent investment for the Plan; (Complaint ¶148)

> (c)    Whether Defendants breached their fiduciary obligations to the Plan and its participants by continuing Company matching/employer contributions to be made in Grace stock, when they knew or should have known it was not a prudent investment for the Plan;  (Complaint ¶149)

> (d)    Whether Defendants breached their fiduciary duties by failing to provide monitored fiduciaries with complete and accurate information concerning Grace and its business problems; (Complaint ¶161-162)

> (e)    Whether Defendants breached their fiduciary duties by failing to provide Plan participants with complete and accurate information regarding Grace stock, the Company's precarious financial condition, making public misrepresentations and inflated forecasts regarding the likelihood of the Company's recovery, and the consequent artificial inflation of the value of Grace stock and the prudence of investing retirement contributions in Grace stock.  (Complaint ¶ 171)

> (f)    Whether Defendants breached their duty to avoid conflicts of interest and promptly resolve them by, *inter alia*, failing to timely engage independent fiduciaries who could make independent judgments concerning the Plan's investment in Grace stock;  (Complaint ¶ 181); and

(g)    Whether, as a result of Defendants' fiduciary breaches, the Plan, its participants, and their beneficiaries suffered losses.

The Complaint alleges violations of the duties imposed by ERISA brought as a representative action on behalf of the Plans, and is thus, as explained above, is uniquely suited for class treatment. The common questions requirement is clearly satisfied here. For example, whether or not each Defendant was a fiduciary of the Plan is a fact which must necessarily be decided in the same way for all class members. The same is true for the other basic issues of fact presented in this case and described above. Under these circumstances, the commonality requirement is clearly satisfied. *See, e.g. DiFelice v. US Airways, Inc.*, No. 1:04CV889, --- F.R.D. ---, 2006 WL 763657, *5 (E.D. Va. Mar. 22, 2006) (holding commonality "follows from the fact that the central question at issue in this litigation is whether U.S. Airways breached its fiduciary duty to select and monitor investment options prudently").[8] Accordingly, Plaintiffs submit that they have fully satisfied Rule 23(a)(2)'s prerequisite of commonality for class certification.

**3.    Plaintiffs satisfy the "typicality" requirements of Fed. R. Civ. P. 23(a)(3), because plaintiffs' claims are typical of those of the class**

Plaintiffs' claims are "typical" of the claims of all members of the proposed class, as required by Rule 23(a)(3). Typicality is "not a highly demanding" requirement because the claims need not be identical, they need only share the "same essential characteristics." *Payne v. Goodyear Tire & Rubber Co.,* 216 F.R.D. 21, 26 (D. Mass. 2003), citing 5 MOORE'S FEDERAL

---

[8]    *See also CMS,* 225 F.R.D. at 543-544 ("Here, plaintiffs contend, the 'single overriding common issue is whether CMS stock was an imprudent investment for the Plan' . . . Plaintiffs have persuaded the court that common issues, the resolution of which would advance the litigation, certainly exist among the proposed class."); *Rankin*, 220 F.R.D. at 517-18 (finding commonality in analogous action alleging nearly identical common questions of law and fact); *UAL*, No. 03 C 1537 at 4 ("In the instant action, the class members will be pursuing the same legal theories based upon Defendants' alleged misconduct . . . Thus, the named Plaintiffs' claims are clearly typical in comparison to the claims of the other class members."); *EDS*, 224 F.R.D. 613, 622 (E.D. Tex. 2004); *Ikon*, 191 F.R.D. at 457, 464; *Nelson v. IPALCO Enters., Inc.*, No. 02-0477, 2003 WL 23101792 (S.D. Ind. Sept. 30, 2003); *Qwest*, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004).

PRACTICE § 23.24[4].  Typicality focuses on the similarity of the specific claims of the named class representatives and the generalized claims that are common to the class.  *Mack*, 191 F.R.D. at 23.[9]  The court will find typicality when the named plaintiffs' losses are based on the same conduct or events as the losses underlying the class claims, and when the named plaintiffs and the class claims are based on the same legal theory.  *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005), citing *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 ((D. Mass. 1997).  *See also, Ikon*, 191 F.R.D. at 463; *In re Centocor, Inc. Sec. Litig. III,* No. 98-260, 1999 U.S. Dist. LEXIS 1224, *6 (E.D. Pa. Jan. 27, 1999) (noting that typicality requirement of Rule 23(a)(3) is satisfied where litigation of the named plaintiffs' claims can reasonably be expected to advance the interests of absent class members).

ERISA's remedial provisions form the foundation for typicality.  As noted repeated herein, Plaintiffs sue under ERISA for Defendants' breach of fiduciary duties to obtain Plan-wide relief.  Typicality, therefore, is often met in putative class actions brought for breaches of fiduciary duty under ERISA.  *See* ERISA § 409(a), 29 U.S.C. § 1109 (liability for breach of fiduciary duty is "to the plan); ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (authorizing a plan participant to sue for breach of fiduciary duty under  § 409(a)).  *In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005) (plan participants may properly bring a suit on behalf of an ERISA employee benefits plan where the fiduciaries' alleged breach affects the assets of the plan as a whole); *CMS*, 225 F.R.D. at 543 ("recovery for breach of a fiduciary duty goes to the Plan"); *Rankin*, 220 F.R.D. at 518-20 (finding typicality requirement met in directly analogous case); *Ikon*, 191 F.R.D. at 465 (finding typicality of claims; "the named plaintiffs and the putative class would necessarily allege a similar course of conduct; that IKON and the

---

[9]  Indeed, the Supreme Court itself has noted that the "commonality and typicality requirements of Rule 23(a) tend to merge." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

individual defendants failed to provide accurate information in violation of ERISA obligations); *Koch v. Dwyer,* No. 98 Civ. 5519 (RPP), 2001 U.S. Dist. LEXIS 4085, at *9 (S.D.N.Y. Mar. 22, 2001) (finding typicality of claims in analogous action where named plaintiff was ERISA plan participant during putative class period and plan's fiduciaries treated all participants alike); *Feret v. CoreStates Fin. Corp.*, No. 97-6759, 1998 WL 512933, at *10-*12 (E.D. Pa. Aug. 18, 1998); *WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *7-*8.

Plaintiffs' claims against Defendants are clearly, in fact, by definition, typical of those of the proposed Class.  Each was a participant of the Plan during the class period and had part of their individual Plan investment portfolio (consisting of participant directed and/or Company matching contributions) invested in Grace stock during that time.  Each Plaintiff, like the general class members, sustained injury caused by Defendants' same wrongful conduct in managing the Plan investments in Grace stock during the Class Period.  Therefore, the typicality requirement if Rule 23(a)(3) is easily met.

### 4. The representative parties will fairly and adequately protect the interests of the class as required by Rule 23(a)(4)

A putative class representative must also demonstrate that he or she will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The First Circuit applies a two-prong test to evaluate adequacy.  First, "[t]he moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation."  *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).  Any challenge to adequacy must be based on more than speculation or a hypothetical conflict.  *Coffin v. Bowater Incorporated*, 228 F.R.D. 397, 405 (D. Me. 2005), citing *Gunnels v. Healthplan Servs.*, 348 F.3d 417, 430, (4th Cir. 2003).  As discussed below,

Plaintiffs clearly satisfy the adequacy requirement of Rule 23(a)(4), because there are no conflicts of interest between the named Plaintiffs and the Class as a whole, and the attorneys prosecuting this case are experienced and exceptionally qualified to litigate this matter.

First, Plaintiffs' interests do not conflict with the interests of the absent Class Members. To the contrary, their interests are unified with those of the class, because Plaintiffs must prove the same wrongdoing by Defendants as the absent Class members to establish Defendants' liability. Plaintiffs, like the putative Class members, were Plan participants during the Class Period and Plaintiffs seek Plan-wide relief for identical alleged breaches of fiduciary duty by Defendants. Second, Plaintiffs have retained qualified, experienced attorneys with broad-based, multi-jurisdictional experience in complex class action litigation, especially in the context of breach of fiduciary duty cases under ERISA. The law firm of Schiffrin & Barroway, LLP, as Class Counsel, will vigorously prosecute this action on behalf of the named Plaintiffs and the Class as a whole to obtain the best possible recovery for the Plan.[10] Likewise, Gilman and Pastor LLP is an experienced Massachusetts law firm that will more than adequately serve the class as liason counsel.[11] Moreover, Plaintiffs Evans and Whipps are ready, willing, and able to fulfill the duties required of class representatives. They will adequately represent and protect the interest of the absent Class members.

In short, the requirements of Rule 23(a)(4) are met. The following holding is instructive here:

> [B]ecause the named plaintiffs are challenging the same unlawful
> conduct and seeking the same relief as the rest of the class, I find

---

[10] The Court's attention is respectfully referred to the firm biographical data of Schiffrin & Barroway, LLP, attached hereto as Exhibit A. Plaintiffs are ready to supply further evidence of their counsel's qualifications and resources if the Court desires.

[11] *See* firm resume of Gilman and Pastor, LLP, attached hereto as Exhibit B.

> that the interests of the named plaintiffs are sufficiently aligned
> with those of the class members to satisfy the first prong of the
> adequacy representation requirement. In particular, I note that the
> right to relief of the named plaintiffs, like that of the absent class
> members, depends on demonstrating that the defendants violated
> the terms of the plans, violated provisions of ERISA, and breached
> their fiduciary duties.  Second, because the named plaintiffs'
> attorneys have extensive experience litigating class actions and
> ERISA actions . . . the named plaintiffs' attorneys appear qualified
> to prosecute the action on behalf of the class.  Therefore, the court
> concludes that plaintiffs have satisfied the requirement of Rule
> 23(a)(4) that they will adequately represent the class.

*Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 396 (E.D. Pa. 2001).

**C.    The Class May be Properly Certified under Rule 23(b)(1) and/or (b)(2)**

In addition to class certification prerequisites set forth in Rule 23(a), a proposed class must satisfy one of the three alternative requirements of Rule 23(b).  Fed R. Civ. P. 23(b).  It is often observed that the Rule 23(b) requirements overlap considerably with those of Rule 23(a), and with each other.  Herbert B. Newberg and Alba Conte, NEWBERG ON CLASS ACTIONS § 4.01 (3d Ed. 1992).  While only one of the conditions of Rule 23(b) must be satisfied to merit class certification, if the class meets more than one of the alternatives, the court may certify the action under each section satisfied.  *See e.g., Babcock v. Computer Assocs. Int'l.,* 212 F.R.D. 126, 133 (E.D.N.Y. 2003) (granting class certification under subsections 23(b)(1), (b)(2) and (b)(3) for breach of fiduciary duty claims).

**1.    Certification under Rule 23(b)(1) is Proper**

Under Rule 23(b)(1), a class may be certified if:

> (1)    the prosecution of separate actions by or against individual members
>        of the class would create a risk of
>
>        (A)    inconsistent or varying adjudications with respect to individual
>               members of the class which would establish incompatible
>               standards of conduct for the party opposing the class, or

(B)     adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . . .

Fed. R. Civ. P. 23(b)(1).  Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members."  *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004), quoting *Ikon*, 191 F.R.D. at 466.

### a.    Subsection (b)(1)(B)

Subsection (b)(1)(B) is the provision upon which many courts have relied in certifying a class in similar cases, and it is appropriate for allegations of a breach of defendants' fiduciary obligations to plaintiffs.  As stated in the Advisory Committee Notes accompanying the 1966 amendments to Rule 23:

> This [(b)(1)(B)] clause takes in situations where the judgment in a nonclass action by or against an individual member of the class, while not technically concluding[ ] the other members, might do so as a practical matter.  The vice of an individual action would lie in the fact that the other members of the class, thus practically concluded, would have had no representation in the lawsuit . . . *[This] reasoning applies to an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust.*

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (emphasis added); *see also Syncor*, 227 F.R.D. at 346.  Indeed, a number of courts have accepted this reasoning in deciding to certify a class in ERISA cases alleging a breach of defendants' fiduciary obligations.  As one court explained:

> Under 29 U.S.C. § 1132(a)(2), participants or beneficiaries of an ERISA plan have standing to sue for appropriate relief under 29 U.S.C. § 1109 (1988), imposing liability for breaches of fiduciary duty.  An action to enforce fiduciary duties is "brought in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).  Any

> relief granted by a court to remedy a breach of fiduciary duty "inures to the benefit of the plan as a whole" rather than to the individual plaintiffs. Id. at 140. "Because a plan participant or beneficiary may bring an action to remedy breaches of fiduciary duty only in a representative capacity, such an action affects all participants and beneficiaries, albeit indirectly." *Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co.*, 140 F.R.D. 474, 478 (S.D. Ga. 1991). Since Counts X and XI are brought by [plaintiffs] in their representative capacity, the Court finds that class certification for these claims is proper under Rule 23(b)(1)(B).

*Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1998 WL 78985, at *9 (E.D. Pa. Feb. 24, 1998).

In *Koch*, the court made exactly the same point, namely, that "prosecution of separate actions by individual members would create a risk of adjudications which would be dispositive of the interests of the other members not parties to such adjudications." *Koch*, 2001 U.S. Dist. LEXIS 4085, at *14. *See also Baxter*, No. 04 C 6476, 2006 WL 794734, at *9 (N.D. Ill. Mar. 22, 2006) ("[A]ctions under ERISA section 502(a)(2) are entirely different [from mass tort suits], since such suits are representative by their very nature and the claim of any plan participant will necessarily dispose of other participants' claims, irrespective of whether or not a class is formally certified); *Syncor*, 227 F.R.D. at 346-347 ("If the primary relief is to the Plan as a whole, then adjudications with respect to individual members of the class would 'as a practical matter' alter the interests of other members of the class – if one plaintiff forces the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursements from the Plan"); *WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *8 (certifying class under Rule 23(b)(1)(B) because "any adjudication with respect to individual members of the class will as a practical matter be dispositive of the interests of the other members of the class"); *Banyai v. Mazur*, 205 F.R.D. 160, 165 (D. Me. 2005) (same). Because of ERISA's distinctive

"representative capacity" and remedial provisions, this action is a paradigmatic case for class treatment under Rule 23(b)(1)(B).

### b.    Subsection (b)(1)(A)

After determining that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, some courts deem it unnecessary to reach the other potentially-applicable subsections of Rule 23(b). *See, e.g., Koch*, 2001 U.S. Dist. LEXIS 4085, at *15 n.2; *Gruby v. Brady*, 838 F. Supp. 820, 828 (S.D.N.Y. 1993).

However, other courts certify ERISA class actions under both subsections (b)(1)(B) and (b)(1)(A). *See, e.g.*, *Rankin*, 220 F.R.D. at 522; *Kolar v. Rite Aid Corp.*, No. 01-CV-1209, 2003 WL 1257272, at *3 (E.D. Pa. Mar. 11, 1003) (finding that "a (b)(1) class is a perfect vehicle for resolving complex ERISA issues such as these involved here."). Again, the nature of the case, which challenges Defendants' Plan-wide conduct, makes this result particularly appropriate. As the court in *Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 WL 372644 (E.D. Pa. May 14, 1998) noted with regard to certification under (b)(1)(A), "[m]oreover, we see a high likelihood of similar lawsuits against defendants should this class be denied. . . . Inconsistent judgments concerning how the Plan should have been interpreted or applied would result in prejudice." *Bunnion*, 1998 WL 372644, at *13; *see also Ikon*, 191 F.R.D. at 461 (finding that "[t]here is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material and would create difficulties in implementing such decisions."). "A failure to certify a class could expose defendants to multiple lawsuits and risk inconsistent decisions," *Rankin*, 220 F.R.D. at 523,

making certification here appropriate under subsection (b)(1)(A), as well as (b)(1)(B).[12]  See also

*Furstenau v. AT&T*, No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042, at *13-14 (D.N.J. Sept. 2,

2004) (certifying ERISA company stock case as Fed. R. Civ. P. 23(b)(1) class because

"[p]laintiff seeks plan-wide relief, where success necessarily results in plan-wide relief and

failure to prove breach of fiduciary duty would necessarily preclude actions by other plan

participants.  If this Court did not certify the class, then defendants would be exposed to multiple

lawsuits and risk inconsistent decisions.").  Therefore, if necessary, it is clear that the proposed

Class could be certified under Rule 23(b)(1)(A).

### 2.        The Proposed Class Meets the Requirements of Rule 23(b)(2)

Under Rule 23(b)(2), a class may be certified if:

> [T]he party opposing the class has acted or refused to act on
> grounds generally applicable to the class, thereby making
> appropriate final injunctive relief or corresponding declaratory
> relief with respect to the class as a whole.

Fed. R. Civ. P. 23(b)(2).  Courts have recognized that certification is appropriate under Rule

23(b)(2) where declaratory or injunctive relief is an important aspect of the overall relief sought.

---

[12]  In *Rankin*, defendants had argued that "individual issues of reliance and causation" barred certification under 23(b)(1)(A) and (B), as participants made investment decisions for their own individual accounts (which, presumably, was a reference to participants' ability to direct the investment of their own contributions to the Kmart plan).  *Rankin*, 220 F.R.D. at 522 (citing *Nelson v. IPALCO Enters., Inc.*, 2003 WL 23101792 (S.D. Ind. Sept. 27, 2003)).  Like several courts before him, Judge Cohn saw through the argument.  As he explained:

> [Plaintiffs'] claims relate to defendants unitary actions with regard to
> the Plan.  Defendants treated the entire class identically.  Although there may be
> factual differences as to whether, in the case of voluntary employee
> contributions, a class member relied on any alleged misrepresentations, the
> alleged misrepresentations are alleged to have been made to the entire class of
> participants.  This is not a case where defendants are alleged to have had
> individualized communications with a participant.  Rather, this is a case where
> defendants' uniform communications with its participants and its uniform
> decisions with respect to the employer matching portion of the Plan forms the
> basis for [Plaintiffs'] claims.  Thus individual issues do not predominate.

*Id.* at 522-23 (citing *Ikon*, 191 F.R.D. at 466; *Bunnion*, 1998 WL 372644, at *13).  *See also Baxter*, 2006 WL 794734, at *4 ("While in some cases individual issues of materiality and reliance may present a bar to certification, as a general matter, such is not the case.").

*See, e.g., Risinger v. Concannon,* 201 F.R.D. 16, 23 (D. Me. July 2, 2001); *Gelb v. American Tel & Tel. Co.*, 150 F.R.D. 76, 78 (S.D.N.Y. 1993); *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1045-46 (N.D. Miss. 1993).

The proposed Class clearly satisfies the requirements of Rule 23(b)(2). As noted repeatedly *supra*, Defendants' conduct (and the relief sought from the effects of it) in an ERISA breach of fiduciary duty case must apply to the Plan, and therefore to the class of plan participants, as a whole. *See generally Russell*, 473 U.S. at 141. As is unarguably clear from the text of the Complaint, Plaintiffs have asked for numerous forms of injunctive and declaratory relief. *See, e.g.*, Complaint at ¶ 199, Prayer for Relief A, B, & E.

If Plaintiffs prove the allegations in the complaint that Defendants harmed the proposed Class of the Plan's participants by their breaches of fiduciary duties, Defendants will be obliged to make the *Plan* whole, and take whatever equitable actions are ordered by the Court, including that declaratory and equitable relief specifically sought by plaintiffs. *See* ERISA § 409(a), 29 U.S.C. § 1109(a); ERISA §§ 502(a)(2)-(3), 29 U.S.C. §§ 1132(a)(2)-(3); *see also* Complaint, "Prayer for Relief." Benefits to the individual proposed Class members/Plan's participants, by way of a refurbished and lawfully run retirement plan, "would flow directly and incidentally" from the relief sought by the Plaintiffs. *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (certifying Rule 23(b)(2) class in ERISA breach of fiduciary duty action and noting monetary relief granted flowed directly from declaratory relief sought by plaintiffs); *see also Rankin*, 220 F.R.D. at 520 ("Rankin, however, is also suing on behalf of the Plan for breach of fiduciary duty. If successful, as stated above, damages will presumably flow to the Plan and in turn, to class members, including Rankin.").

Therefore, given the above, Plaintiffs' ERISA claims may also be certified as a Class under Rule 23(b)(2). *See Kolar*, 2003 WL 1257272; *Amara v. CIGNA Corp.*, No. 3:01CV2361 (DJS), 2002 U.S. Dist. LEXIS 25947 (D. Conn. Dec. 20, 2002)

**D.    The Evans Plaintiffs' Chosen Counsel Will Adequately Represent the Class.**

Rule 23(g) complements Rule 23(a)(4)'s requirement that class representatives will adequately represent the interests of class members by focusing on the qualifications of class counsel.  Rule 23(g)(1)(C) instructs that a court consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation; (3) claims of the type asserted in the action; (4) counsel's knowledge of the applicable law; and (5) the resources counsel will commit to representing the class, as well as any other matter pertaining to counsel's ability to fairly and adequately represent the interests of the class.

Here, each of these considerations weighs in favor of Class Counsel's adequacy. Proposed Class Counsel, as well as proposed Liaison Counsel, are very experienced in successfully handling class actions, and specifically class actions in relation to ERISA 401(k) plans. *See* Exhibit A.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, this action should be certified as a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the Plaintiffs' Class described above.

DATED:  May 15, 2006                    Respectfully submitted,


                                        _____/s/  David Pastor_____
                                        David Pastor (BBO # 391000)
                                        GILMAN AND PASTOR, LLP
                                        60 State Street, 37th Floor
                                        Boston, MA 02109
                                        Telephone: (617) 742-9700
                                        Facsimile: (617) 742-9701

                                        **[*Proposed Liaison Counsel*]**

                                            -and-

                                        Joseph H. Meltzer
                                        Katherine B. Bornstein
                                        SCHIFFRIN & BARROWAY LLP
                                        280 King of Prussia Road
                                        Radnor, PA  19087
                                        Telephone: (610) 667-7706
                                        Facsimile: (610) 667-7057

                                        **[*Proposed Class Counsel*]**

                                            -and-

                                        Thomas J. Hart
                                        SLEVIN & HART, P.C.
                                        1625 Massachusetts Avenue, N.W.,
                                        Suite 450
                                        Washington, D.C.  20036
                                        Telephone: 202-797-8700

                                        ***Attorneys for Plaintiffs Keri Evans and Timothy
                                        Whipps***


<u>Certificate of Service</u>

        I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on May 15, 2006.