IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| KERI EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN F. AKERS, et al. | ) |
| | ) |
| Defendants. | ) |

---

| | |
|---|---|
| LAWRENCE W. BUNCH, et al. | ) Consolidated |
| | ) Case No. 04-11380-WGY |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) |
| | ) |
| Defendants. | ) |

---

## BUNCH PLAINTIFFS' FIRST AMENDED
## MOTION AND MEMORANDUM FOR CLASS CERTIFICATION

Plaintiffs, Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller ("Plaintiffs"), and other similarly situated persons, hereby move the Court for an Order pursuant to Rule 23(B)(1), or alternatively, pursuant to Rule 23(B)(2) or 23(B)(3) of the Federal Rules of Civil Procedure, certifying this action as a class action on behalf of the following class:

> All W.R. Grace Stock Plan participants and entities who owned shares of W.R. Grace's publicly traded common stock through the Grace Stock Plan during the period from September 1, 1976 to September 15, 2004 ("Class Period"). Excluded from the Class are those individuals identified as Defendants and members of their

immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest during the Class Period.

In support of this Motion, Plaintiffs rely upon the accompanying Memorandum, the Class Action Complaint, and the Plan documents identified in the Class Action Complaint, all of which demonstrate that this Class meets all requirements of Rule 23.

## MEMORANDUM IN SUPPORT OF BUNCH PLAINTIFFS' FIRST AMENDED MOTION FOR CLASS CERTIFICATION

This case is brought as a class action on behalf of approximately 10,000 present and former employees of W.R. Grace & Co. ("W.R. Grace" and/or "Company"), who were participants in the W.R. Grace & Co. Employees Savings and Investment Plan ("the Plan"). Plaintiffs are requesting that this Court certify their action as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs allege that Defendants were fiduciaries with respect to the company-sponsored Plan and that they breached ERISA-mandated fiduciary duties in connection with the Plan's divestment of Grace stock. In summary, the Complaint alleges that the Defendants all participated in the taking of the Class members' property and investment opportunities. The Class members lost nearly $40 million of their money, as a result of (1) the deceptive inducements of the Company, and (2) the dereliction of the Company directors' duties and the outrageous self-interest and conflicts of the State Street Bank & Trust Company and/or State Street Global Advisors ("State Street").

The Plan into which the Class members' money was deposited and therefore invested, had at all times a clear, explicit and written intent – to provide the W.R. Grace employees an opportunity to invest in several investment opportunities, including in the Company's common shares. Each of the W.R. Grace employees in the Class, using his/her own money, consciously decided to make and retain that investment in the Company. It was his/her investment risk and his/her investment strategy that was used in making the decision. The Plan had no advisor with the authority to make any investment other than the Grace common stock.

Without any Class member being given any opportunity to object or opt out, all of the Grace common stock in the Plan was sold as a block by State Street. In the days following, the very same State Street that claimed the investment

was "imprudent" purchased Grace common stock within 30 days of the employees' forced liquidation. It is clear that the Company and State Street knew the Grace stock when purchasable as a block represented a tremendously attractive investment. After State Street or its affiliate bought the block, the value of the stock increased nearly 300% in less than 120 days. The divestment of the Class members' shares of Grace stock in the Plan thereby deprived the Class members of their rightfully deserved profit.

The Complaint asserts several claims for relief, based on the different facets of the fiduciary duty imposed by ERISA, including that the Defendants engaged in self-dealing, prohibited transactions in violation of ERISA § 406(b), 29 U.S.C. § 1106(b). ERISA section 406(b) provides that a fiduciary shall <u>not</u>:

(1)    deal with the assets of the plan in his own interest or for his own benefit;

(2)    in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

(3)    receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

State Street violated the prohibited transactions provision of ERISA § 406(b) by purchasing Grace Stock for Defendants' own reasons rather than solely and exclusively for the benefit of the Plan and Plaintiffs.

State Street also violated the anti-inurement provision of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1). ERISA § 403(c)(1) provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). State Street benefited under either its original[1] or amended[2] filing with the Securities and Exchange Commission ("SEC"). With its original filing, State Street increased its holdings by over eight million *after* the Plan participants were restricted from further investing in the Grace Stock Fund. Even with

---

[1] State Streets' 13Fs for the first two quarters of 2004 represented that it purchased 8,241,283 shares of Grace stock, attached as Exhibit A.
[2] The Amended 13F of State Street represented that for the same two quarters, it purchased 188,278 shares of Grace stock, attached as Exhibit B.

its second filing, State Street's filings represent that it purchased almost 190,000 shares. Under either scenario, State Street purchased and/or held Grace stock which is in direct violation to the ERISA provisions against anti-inurement and self-dealing.

The question now before this Court is whether this ERISA case, involving thousands of claimants, should proceed on a group basis. Plaintiffs have pleaded their case under two distinct provisions of ERISA: §§ 403(c) and 406(b).

In connection with their claims, Plaintiffs seek certification of the following Class:

> All W.R. Grace Stock Plan participants and entities who owned shares of W.R. Grace's publicly traded common stock through the Grace Stock Plan during the period from September 1, 1976 to September 15, 2004 ("Class Period"). Excluded from the Class are those individuals identified as Defendants and members of their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest during the Class Period.

As set forth below, this Class meets the requirements of Rule 23.

Plaintiffs seek certification on behalf of thousands of W.R. Grace employees who participated in the Grace Stock Plan at issue in the Complaint. These participants were uniformly harmed by breaches of fiduciary duty which caused catastrophic losses to the Plans and consequently to the financial security of the Class members. Because the focus of this action will be overwhelmingly on the wrongful conduct of the Defendants and its impact on all participants and beneficiaries, class certification is appropriate.

This is a classic case for Rule 23(B)(1), or alternatively (B)(2) or (B)(3) certification. The Defendants breached fiduciary duties owed to the participants and beneficiaries of an ERISA plan, thus giving rise, under substantive ERISA law, to plan-wide relief. ERISA §§ 409(a), 502(a)(2) (29 U.S.C. §§ 1109(a), 1132(a)(2)). Because of this substantive requirement of plan-wide relief, in ERISA fiduciary breach cases like these, courts routinely certify classes under Fed. R. Civ. P. 23(B)(1).[3]

---

[3]   *See, e.g., In re Worldcom, Inc. ERISA Litigation*, No. 02 Civ. 4816 DLC, 2004 WL 2211664, at *3, 2004 U.S. Dist. LEXIS 19786 (S.D. N. Y., October 5, 2004); *Rankin v. Rots,* 220 F.R.D. 511, 514 (E.D. Mich. 2004); *In re*

Accordingly, Plaintiffs respectfully request that this Court certify the proposed class and appoint Plaintiffs as class representatives.

## I.    THE FACTS SUPPORT CLASS CERTIFICATION

W.R. Grace, a leading global supplier of catalyst and silica products, specialty construction chemicals, and sealants and coatings, has more than 6,000 employees and annual sales of approximately $2 billion, with operations in nearly 40 countries. W.R. Grace provided its employees with the opportunity to participate in the W.R. Grace Stock Fund within the Plan, which permitted employees to purchase W.R. Grace common stock through regular payroll deductions. The proposed Class members are those employees who were able to, elected to, and did invest their savings in Grace common stock. The proposed Class Representatives all participated in the Plan and lost a significant percentage of their retirement benefits. The Plan prospectus states that:

> the purpose of the Plan is to encourage eligible employees to obtain additional financial security, to supplement retirement income through savings on a regular, long-term basis and _to share in the Company's performance through ownership of the Company's Common Stock_ .. (emphasis added)

The Company announced to all Plan participants that effective April 21, 2003, they would not be permitted to make additional savings deposits into the Grace Stock Fund due to the approaching deadline for filing of claims in the bankruptcy court in the Company's pending Chapter 11 reorganization. W.R. Grace further announced that the cash reserves that existed in the Grace Stock Fund as of April 9, 2003 would be credited to the fund's participants on a pro-rata basis into the Fixed Income Fund, one of the funds available in the Plan.

Thereafter, effective December 15, 2003, it retained State Street as the new and exclusive Investment Manager for the Grace Stock Fund. Contrary to the clear language of the Plan and the Company's previous representations to its employees, W.R. Grace allowed State Street to suspend all participant trading in the company stock. W.R. Grace represented to its employees and participants in the Plan that Grace common stock was no longer a prudent investment, in

---

_IKON Office Solutions, Inc. Securities Litigation_, 191 F.R.D. 457, 466 (E.D. Pa. 2000); _Swody v. Harrah's New Orleans Management Co._, 1996 WL 198113, at *1 (E.D. La., April 23, 1996).

order to justify its disgorgement of the Grace Stock Fund and eventual sale by State Street of the Grace stock. Despite the representations to the participants and the clear language of the Plan, on February 27, 2004, State Street commenced the wholesale divestment of the Plan's holdings in Grace stock, with the divestment completed by April 12, 2004.

Plaintiffs allege that at the same time State Street was selling all of the Grace Stock from the Plan, it was also purchasing shares, thereby increasing its holdings by 8,053.005[4] shares by the end of the first quarter of 2004 and by 8,241,283 shares by the end of the second quarter of 2004.[4][5] Under either scenerio, State Street purchased and/or held Grace stock which is in direct violation of the ERISA provisions against anti-inurement and self-dealing.

## II.    CLASS CERTIFICATION IS APPROPRIATE UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

To maintain and pursue a class action under Fed. R. Civ. P. 23, Plaintiffs must satisfy each of the prerequisites of Rule 23(A) and one of the subsections of Rule 23(B). Courts have broad discretion in determining whether an action is maintainable as a class action and doubts should be resolved in favor of certification, particularly in the early stages of the litigation. *See, Payne v. Goodyear Tire & Rubber Co.,* 216 F.R.D. 21, at 25 (D. Mass 2003), citing *Mack v. Suffolk County,* 191 F.R.D. 16, 22 (D. Mass 2000); *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996). In determining whether to certify a class, the court confines itself to determining whether the requisites of Rule 23 are met and does not consider the merits of the case. *Weathers v. Peters Realty,* 499 F.2d 1197, 1201 (6th Cir. 1974); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974).

In conducting its analysis, the Court has the benefit of numerous decisions, which represent a clear consensus. Nearly all reported decisions considering alleged violations of fiduciary duties under ERISA have found certification appropriate under Rule 23. *See, e.g., In Re Worldcom, Inc. ERISA Litigation,* 2004 WL 2211664, at *3, 2004 U.S. Dist. LEXIS 19786 (S.D. N. Y., October 5, 2004) (in ERISA case, "[a]ny adjudication with respect to individual members of

---

[4] *See,* State Street's 13Fs filed in 2004.
[5] Not until October 19, 2005 and after Plaintiffs' filed this action, did State Street amend its SEC filing, and for the first time, report that its holdings by the end of the second quarter of 2004 were now 1,871,671 as compared to the original number of 9,264,526.

6

the class will as a practical matter be dispositive of the interests of the other members of the class"); *Rankin v. Rots*, 220

F.R.D. 511, 523 (E.D. Mich. 2004) (in ERISA litigation, "certification under Rule 23(B)(1) is proper."); *Koch v. Dwyer*,

No. 98 Civ. 5519 (RPP), 2001 WL 289972, at *5 (S.D.N.Y. March 22, 2001) ("Plaintiff's action charges breach of

fiduciary duty affecting the large class of participants in the Plans and Plaintiff seeks equitable relief on behalf of those

participants and their beneficiaries. Accordingly, class certification is proper under Rule 23(B)(1)(b)."); *Bullets v. E.I. due*

*Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (granting class certification under subsection (B)(2) in

ERISA action involving alleged breach of fiduciary duties); *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 397-

98 (E.D. Pa. 2001) (granting class certification of ERISA breach of fiduciary claims under subsections (B)(1) and (B)(2));

*In re Icon Office Solutions Inc. Securities Litigation*, 191 F.R.D. 457, 466 (E.D. Pa. 2004) (granting class certification

under subsection (B)(1); "given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure

to certify the class would leave future plaintiffs without relief . . . There is also risk of inconsistent dispositions that would

prejudice the defendants.").

### A.    The Class Is So Numerous That Joinder Of All Members Is Impracticable.

Rule 23(A)(1) requires that the class be "so numerous that joinder of all members would be impracticable." *See*

*generally In re AMS*, 75 F.3d at 1079. Plaintiffs need not demonstrate that it would be impossible to join all the putative

class members; rather, they need simply show that joinder in this case would be difficult and inconvenient. *Day v. NLO,*

*Inc.*, 144 F.R.D. 330, 333 (S.D. Ohio 1992), *petition for writ of mandamus denied*, 5 F.3d 154 (6th Cir. 1993); see also

this court's decision on *In Re Relafen Antitrust Litigation*, 218 F.R.D. 337, 342 (D. Mass. 2003) (numerosity was

established where the members of the class, once identified, will be so numerous as to make joinder impracticable).

Plaintiffs estimate that the class in this action will number approximately ten thousand. Moreover, the proposed class

includes current and former employees located throughout the United States, making joinder impractical. There can be

little doubt that the number of participants and beneficiaries, and their geographical dispersion across the country, make

joinder impracticable. The numerosity requirement is easily met.

### B.    There Are Questions Of Law Or Fact Common To All Class Members.

Rule 23(A)(2) is satisfied where there are "questions of law or fact common to the class." This does not require that all questions of law or fact be common - a single significant common issue is enough. *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 at 884 (6th Cir. 1997). A common question is one that, when answered as to one class member, "will affect all or a significant number of the putative class members' . . . For this reason, 'the threshold of commonality is not high.'" *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries." *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002) (citing *Gruby*, 838 F. Supp. at 828).

As many courts have noted, common questions abound in breach of fiduciary actions under ERISA. *See, e.g., Koch*, 2001 WL 289972, at *8-9 (finding common questions of law were established where plaintiff, a member of 401(k) plan and ESOP, alleged that fiduciaries made imprudent investments in company stock, and breached their duties under ERISA); *Ikon*, 191 F.R.D. at 465. Here, class members' claims arise from a common nucleus of operative facts that focus on Defendants' common course of conduct and alleged breaches of fiduciary duty that uniformly harmed plaintiffs and the class. These common questions of law and fact include:

- Whether the Class members are or have been participants or beneficiaries in the Plan;

- Whether Defendants were fiduciaries of the Plan within the meaning of ERISA;

- Whether Defendants have breached the duties, responsibilities, and obligations imposed upon them by ERISA;

- Whether, pursuant to ERISA, Defendants are personally liable to make good to the participants and beneficiaries any losses resulting from their breaches of fiduciary duties;

- Whether, pursuant to ERISA, Defendants are liable for the breaches of fiduciary duties by other Defendant fiduciaries that occurred while they were fiduciaries; and

- Whether, pursuant to ERISA, Defendants are liable for the actions of non-fiduciaries who participated in Defendants' breaches of fiduciary duties.

In *Rankin*, in an ERISA case virtually identical to the one here, the court held that the *exact* same list of questions satisfied the commonality requirement under Rule 23. *Id.* at 517-18. Likewise, in *Ikon*, another ERISA case, the court concluded that:

> [T]he plaintiffs have met their burden of showing commonality . . . While the decisions as to whether to hold Ikon stock may ultimately be individualized, only one common issue of law or fact must exist to satisfy the commonality requirement of Rule 23. In this case, common questions include whether the defendants acted as fiduciaries, what communications they made to plan participants and beneficiaries, and whether those communications contained material misrepresentations. *See Feret* [*v. Corestates Fin. Corp.*, No. 97-6759,] 1998 WL 512933, at *9-10 (holding that commonality was met notwithstanding individual questions of reliance and damages; stating that even though different plan members may have received different information, a common question was whether the information constituted a material misrepresentation). Other common questions include whether the individual defendants were aware of the alleged improprieties committed by Ikon, whether there were conflicts of interest and what actions were taken if there were, whether the defendants took appropriate steps to protect the plan and recover damages, and whether there might be co-fiduciary liability . . .

*Ikon*, 191 F.R.D. at 463-64 (internal citations omitted); *see also Worldcom*, 2004 WL 2211664, at *2 (finding common questions were established including whether defendants were ERISA fiduciaries, whether they breached their duties, and whether those breaches injured class members). Therefore, the prerequisites of Rule 23(A)(2) are met as the proof which Plaintiffs will present at trial will focus overwhelmingly on the common conduct of the Defendants.

## C.    Plaintiffs' Claims Are Typical Of Those Of All Class Members.

Rule 23(A) also requires that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and her or his claims are based on the same legal theory." *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997). A representative's claim need not always involve the same facts or law to be typical so long as there is a common element of fact or law. *Senter*, 532 F.2d at 525 n.31; *see also Little Caesar Enterprises, Inc.*, 172 F.R.D. at 243 ("Typicality may exist where there is a very strong similarity of legal theories, even if substantial factual distinctions exist between the named and unnamed class members."). Thus, the

typicality requirement may be satisfied even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the damages claimed by the representative parties and the other members of the class. *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144, 151 (E.D.N.Y. 1996) (In an ERISA breach of fiduciary duty class action, court held "[w]hen the same unlawful conduct was directed at both the named plaintiff and the class he seeks to represent, the typicality requirement is usually met 'irrespective of minor variations in the fact patterns underlying individual claims.'")

Plaintiffs' claims concerning their retirement accounts arise out of the same events, course of conduct, and legal theories that give rise to the claims of all class members. In *Ikon*, the court addressed numerous challenges to the typicality requirement, finding that breach of fiduciary duty under ERISA were based upon defendants' uniform action (or inaction) and whether the defendants were fiduciaries. In finding typicality satisfied, the court stated, "the focus of the inquiry is whether the named representatives rely on a similar legal theory as will the putative class, not whether the parties behaved identically in response to the alleged breaches of fiduciary duty." *Ikon*, 191 F.R.D. at 466.

Here, Plaintiffs ask the Court to appoint Plaintiffs as class representatives for the class. The claims of the proposed class representatives are sufficiently in line with the claims of other class members. Each and every plaintiff was a participant of the Plan during the class period. *Rankin*, 220 F.R.D. at 518 (finding typicality of claims where named plaintiff was an ERISA plan participant during the class period); *Koch*, 2001 WL 289972, at *3 (finding typicality of claims where the named plaintiff was an ERISA plan participant during the class period and the plan's fiduciaries treated all participants alike); *Ikon*, 191 F.R.D. at 465 (finding typicality of claims; "the named plaintiffs and the putative class would necessarily allege a similar course of conduct: that IKON and the individual defendants failed to provide accurate information in violation of ERISA obligations"); *Specialty Cabinets*, 140 F.R.D. at 476 ("Plaintiffs have brought this action in part to remedy a breach of fiduciary duty, and any recovery on this claim belongs to the ERISA fund. These claims of the plaintiffs are identical to those of other class members.")

Further, because of ERISA's unique standing and remedial provisions, each class member seeks and is entitled to obtain plan-wide relief. ERISA §409(a) (29 U.S.C. §1109(a)) (liability for breach of fiduciary duty is "to the plan"); ERISA §502(a)(2) (29 U.S.C. §1132(a)(2)) (authorizing plan participant to sue for breach of fiduciary duty under §409(a)). With each class member stating the same claim, concerning the same conduct and seeking the same relief, there can be no fair dispute the claims asserted are sufficiently typical for purposes of Rule 23(A)(3).

**D.      Bunch Plaintiffs Will Fairly And Adequately Protect The Interests Of The Class Members.**

The final requirement of Rule 23(A) is that the class representative must adequately represent the class. This requirement is a two-prong inquiry: (1) the representatives must have common interests with unnamed members of the class, and (2) the representatives must have retained qualified counsel. *Senter*, 532 F.2d at 525; *Cross v. Nat'l Trust Life Insurance Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977) (Rule 23(A)(4) tests "the experience and ability of counsel for plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent."). These two criteria are readily met here.

**1.      The Interest Of The Class Representative Does Not Conflict With And Is Aligned With The Interests Of Absent Class Members.**

The class representatives have sufficient common interests with the absent class members. In fact, the plan-wide nature of the relief sought by Plaintiffs clearly unites their interests with those of absent class members. This point was made cogently in *Gruby, et al Brady, et al.*, 838 F. Supp. 820 (S.D.N.Y. 1993). In *Gruby*, the court rejected defendants' argument that ERISA class members' interests diverged where, in fact, all members sought the same "make-whole" relief claimed by the named plaintiffs for breach of the defendants' fiduciary duties. *Id* at 827. The court noted further that "as any recovery under section 502(a)(2), 29 U.S.C. §1132(a)(2), goes to the Fund as a whole, and as Fund participants may bring an action only in a representative capacity on behalf of the entire Fund, the proposed class must include all Fund participants." *Id* (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985), 105 S.Ct. 3085 at 3088 n.9). There is also no doubt that the class representatives will vigorously represent the members of this class. The class

representatives have committed themselves to the prosecution of this action. Therefore, the adequacy of Plaintiffs as

proposed representatives is established.

       **2.**       **Bunch Plaintiffs' Counsel Are Competent And Have Vigorously Pursued The Interests Of The Class.**

Plaintiffs' counsel have extensive experience in representing plaintiffs in ERISA and class action litigation

generally. Moreover, as demonstrated in previous proceedings, Plaintiffs' counsel have vigorously and effectively pursued

the interests of the Class. Plaintiffs' counsel, Stanley M. Chesley and James R. Cummins of Waite, Schneider, Bayless &

Chesley Co., L.P.A. and Jeffrey C. Block of Berman DeValerio Pease Tabacco Burt & Pucillo have extensive experience

in complex litigation, as indicated by the law firm profiles attached as Exhibit C and D. Therefore, this prong of the

adequacy requirement also is established. *See, e.g., SmithKline Beecham*, 201 F.R.D. at 396 (finding class counsel

adequate based on the plaintiffs' attorneys' "extensive experience litigating class actions and ERISA actions"). Therefore,

the adequacy requirement of Rule 23(A) is satisfied in this case.

       **E.**       **The Proposed Class Satisfies Rule 23(B)(1) And (B)(2).**

In addition to meeting the prerequisites of Rule 23(A), a proposed class action must also satisfy one of the

subdivisions of Rule 23(B). Here, certification is proper under either subdivision (B)(1) or (B)(2) of Rule 23.[6]

The added requirements of Rule 23(B) overlap considerably with those of Rule 23(A), and with each other.

Here, because of the substantive law of ERISA and the other factors discussed herein, the class is proper for certification as

a non opt-out class under Rule 23(B)(1) and (B)(2). In fact, given the unique representative nature of a breach of fiduciary

duty action under ERISA, some courts have held that a breach of fiduciary action under ERISA may be certified only as a

non-opt-out class under (B)(1) or (B)(2). *See, e.g., Piazza v. Ebsco Indus.*, 273 F.2d 1341, 1352-53 (11th Cir. 2001)

(rejecting certification of a claim alleging breach of fiduciary duty brought under ERISA §409 on behalf of the plan under

---

[6] Plaintiffs believe this class is also appropriately certified under Rule 23(B)(3); however, given the preference of (B)(1) and (B)(2) certification, Plaintiffs do not at this time advance that argument. However, should the Court determine that certification is not appropriate under either 23(B)(1) or (B)(2), Plaintiffs may request certification pursuant to Rule 23(B)(3).

Rule 23(B)(3), and remanded for findings consistent with its ruling that such actions should be maintained under Rule 23(B)(1) or (B)(2)). Other courts have suggested that certification under (B)(3) may also be possible for such actions, however, given the additional burden of a (B)(3) action, it is not preferred. *See, e.g, Specialty Cabinets*, 140 F.R.D. at 477 (explaining that "[u]nlike members of subdivision (B)(1) or (B)(2) classes, members of Rule 23(B)(3) have an automatic right to opt out, that is, to exclude themselves from the binding effect of the judgment . . . Because of the additional burden on the parties, courts generally prefer to certify a class under Rule 23(B)(1) or (B)(2) if possible.") Accordingly, Plaintiffs seek certification under Rule 23(B)(1) and (B)(2).

### 1.    Certification Is Appropriate Under Rule 23(B)(1).

Under Rule 23(B)(1), the Court may certify a class if:

(1)    the prosecution of separate actions by or against individual members of the class would create a risk of:

    (A)    inconsistent of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    (B)    adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

Thus, Rule 23(B)(1)(a) "considers possible prejudice to the defendants, while 3(B)(1)(b) looks to possible prejudice to the putative class members." *Ikon*, 191 F.R.D. at 466. Plaintiffs' ERISA claims will, as a practical matter, adjudicate the interests of all Plan participants, making certification under Rule 23(B)(1) appropriate.

### a.     Subsection (B)(1)(b).

For breach of fiduciary duty claims under ERISA, most courts have followed the reasoning of the Federal Rules

drafters and concluded that subsection (B)(1)(b) is the most natural and appropriate basis for class certification. *See* Fed. R.

Civ. P. 23(B)(1)(b) advisory committee notes (1966) (stating that certification under 23(B)(1)(b) is appropriate in cases

charging breach of trust by a fiduciary to a large class of beneficiaries); *Banyai*, 205 F.R.D. at 165 (granting class

certification under subsection (B)(1)(b) and invoking the advisory committee notes).[7]

In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 119 S.Ct. 2295 (1999), the Supreme Court endorsed certification of

a Rule 23(B)(1)(b) class in cases such as this, where plaintiffs assert class-wide fiduciary breaches. The Court stated:

> Classic examples, [under Rule 23(B)(1)(b)] of such a risk of impairment may, for
> example, be found in . . . actions charging "a breach of trust by an indenture trustee or
> other fiduciary similarly affecting the members of a large class" of beneficiaries,
> requiring an accounting or similar procedure "to restore the subject of the trust."

527 U.S. at 833-34; 119 S.Ct. at 2308-2309 (quoting Advisory Committee's Notes on Fed. Rule Civ. Proc. 23, 28 U.S.C.

App., p. 696).

Plaintiffs' ERISA claims are representative in nature and the relief sought by Plaintiffs will benefit the plan as a

whole, making such claims particularly well suited for Rule 23(B)(1)(b) certification. As one court explained:

> An action to enforce fiduciary duties is "brought in a representative capacity on
> behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473
> U.S. 134, 142 n.9 . . . Any relief granted by a court to remedy a breach of fiduciary
> duty "inures to the benefit of the plan as a whole" rather than to the individual
> plaintiffs. Id. at 140. "Because a plan participant or beneficiary may bring an action
> to remedy breaches of fiduciary duty only in a representative capacity, such an
> action affects all participants and beneficiaries, albeit indirectly." . . . Since Counts
> X and XI are brought by [plaintiffs] in their representative capacity, the Court finds
> that class certification for these claims is proper under Rule 23(B)(1)(b).

*Kane*, 1998 WL 78985, at *9.

---

[7] ERISA breach of fiduciary duty cases granting class certification under subsection (B)(1)(b) include: *Worldcom*, 2004 WL 2211664, at *3; *Koch*, 2001 WL 289972, at *5; *SmithKline Beecham*, 201 F.R.D. at 397; *Bunnion*, 1998 WL 372644, at *19; *Kane*, 1998 WL 78985, at *9; *Feret*, 1998 WL 512933, at *14; *Gruby*, 838 F. Supp. at 828; *Specialty Cabinets*, 140 F.R.D. at 479.

The Court in *Ikon* made the same point:

> The court agrees that, given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief . . . There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions.

*Ikon*, 191 F.R.D. at 466 (footnote omitted). Because of ERISA's distinctive "representative capacity" and remedial provisions, this is a paradigmatic case for class treatment under Rule 23(B)(1)(b).

   **b.**  **Subsection (B)(1)(a).**

  After determining that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (B)(1)(b), some courts deem it unnecessary to reach the other potentially applicable subsections of Rule 23(B). *E.g., Koch,* 2001 WL 78985 at *5, n.2; *Gruby,* 838 F. Supp. at 828. Other courts, however, certify ERISA class actions under both subsections (B)(1)(b) and (B)(1)(a). *Rankin,* 220 F.R.D. at 514; *SmithKline Beecham,* 201 F.R.D. at 397; *Ikon,* 191 F.R.D. at 457; *Bunnion,* 1998 WL 372644 at *13; *Feret,* 1998 WL 512933, at *13. Still others choose to rely on subsection (B)(1)(a) alone. *Clauser,* 2000 WL 1053395, at *6.

  In this case, class certification would be proper under both (B)(1)(b) and (B)(1)(a). As the Court noted in *Bunnion:*

> We find that the ERISA [claims for breach of fiduciary duties, among others] are appropriate for certification under both [23(B)(1)(a) and (B)(1)(b]. All of these claims relate to the interpretation and application of ERISA plans. [Defendant] treated the proposed class and subclass identically and any equitable relief granted will affect the entire class and subclass. Failure to certify a class would leave future plaintiffs without adequate representation. Moreover, we see a high likelihood of similar lawsuits against defendants should this class be denied. Inconsistent judgments concerning how the Plans should have been interpreted or applied would result in prejudice. While plaintiffs list a variety of relief sought in their amended complaint, ERISA specifically limits the relief available to that of an equitable that is declaratory or injunctive, nature. 29 U.S.C. §1132. To the extent that money damages are awarded or sought, we find them to be incidental.

*Bunnion*, 1998 WL 372644 at *13; *see also SmithKline Beecham*, 201 F.R.D. at 397 (granting class certification under subsection (B)(1)(a); "the plaintiffs seek broad declaratory and injunctive relief related to defendants' conduct and the terms of the plan. If this relief were granted in some actions but denied in others, the conflicting declaratory and injunctive relief could make compliance impossible for defendants."); *Ikon*, 191 F.R.D. at 466 (granting certification under (B)(1)(a); "There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions."); *Feret*, 1998 WL 512933, at *13-14 (granting certification under (B)(1)(a); noting the risk that differing outcomes would make it nearly impossible for the defendants to implement any one result.)

Finally, though class certification is also appropriate under other subdivisions of Rule 23(B), such as 23(B)(3), this Court should certify this action under Rule 23(B)(1). *See, e.g., Reynolds v. National Football League*, 584 F.2d 280, 284 (8th Cir. 1978) (noting that "when the choice exists between (B)(1) and (B)(3) certification, generally it is proper to proceed under (B)(1) exclusively in order to avoid inconsistent adjudication or a compromise of class interests").

In summary, class certification is appropriate under subsection (B)(1)(a) in addition to (B)(1)(b).

### 2.    Certification Is Also Appropriate Pursuant To Rule 23(B)(2).

In addition to the bases for class certification provided by Rule 23(B)(1)(b) and (B)(1)(a), a class may be certified if:

> [T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]
> Fed. R. Civ. P. 23(B)(2).

Based on the language of the provision, courts have identified two requirements in order to proceed under Rule 23(B)(2): first, plaintiffs must allege grounds generally applicable to the class; and second, plaintiffs must seek relief which is predominantly injunctive or declaratory, as opposed to monetary. *SmithKline Beecham Corp.*, 201 F.R.D. at 397.

Here, Plaintiffs' ERISA claims are all based on conduct by Defendants that is "generally applicable to the class." Plaintiffs allege that Defendants breached their fiduciary duties to the Class by, *e.g.*, failing to ensure that Grace stock was a prudent investment for the Plans, failing to monitor the Plans' fiduciaries, and failing to disclose material information regarding the value of Grace stock to the Plans' participants. This conduct affected all Plan participants and beneficiaries, and thus, it cannot reasonably be disputed that the conduct was "generally applicable to the class."

Moreover, if Plaintiffs prove that Defendants breached their fiduciary duties in the manner alleged in the Complaint, Defendants will be forced to make the Plans whole and take whatever other equitable actions are ordered by the Court. *See* ERISA §502(a)(2) and (a)(3) (29 U.S.C. §1132(a)(2)-(3); and ERISA §409(a) (29 U.S.C. §1109(a)). Benefit to the individual participants, by way of refurbished retirement savings through the Plan, "would flow directly and incidentally" from the declaratory and injunctive relief sought by Plaintiffs. *Bublitz*, 202 F.R.D. at 259 (certifying Rule 23(B)(2) class in ERISA breach of fiduciary duty case as monetary relief flowed directly from declaratory relief sought by plaintiffs); *Forbush*, 994 F.2d at 1105 n.3 (certifying class under Rule 23(B)(2) in ERISA case). Accordingly, Plaintiffs' ERISA claims may also be certified under Rule 23(B)(2).

### 3. A Rule 23(B)(3) Class Is Appropriate Where Common Questions Predominate.

Plaintiffs have already demonstrated the existence of common questions of law or fact. Moreover, this court held that the facts "establish a genuine issue of material fact as to whether State Street, in its capacity as investment manager for the Grace Stock Fund, breached its fiduciary duty by re-purchasing shares of W.R. Grace & Co. Stock after initiating a divestment of that same stock from the Grace Stock Fund." <u>See</u>, Class Action Compl. For Breach of Fiduciary Duty (Bunch) ¶¶ 14, 16."[8] The allegations contained in Plaintiffs' Complaint focus on actions that Defendants have taken that affect each and every class member. "Predominance is usually decided on the question of liability, 'and if the liability issue is common to the class, common issues are held to predominate over individual questions.'" *In Re: Revco Securities Litigation*, 142 F.R.D. 659 (N.D. Ohio 1992). *See, Bryan v. Amrep Corp.*, 429 F.Supp. 313, 319

---

[8] Memorandum and Order, Judge William G. Young, District Judge, Doc. No. 83, filed April 5, 2006, at 3.

(S.D.N.Y. 1977) ("The existence of a common plan, pursuant to which a common course of conduct occurred, is a class issue.") The Defendants' conduct that gives rise to this litigation was directed at the entire class. There is no activity directed toward a single class member or that affected a class member in a unique manner. *See, e.g., Davis v. Avco Corp.,* 371 F.Supp. 782, 792 (N.D. Ohio 1974) (where standardized conduct that affected all class members constituted the heart of the complaint, common questions predominate); *Basile v. Merrill Lynch, Pierce, Fenner and Smith,* 105 F.R.D. at 508 (predominance found where each class member sues under the same theory of law and complains of the same act of defendants).

It is clear that a class action is superior to individual actions against defendants. It achieves the best use of financial and judicial resources for plaintiffs and defendants.

## CONCLUSION

For the foregoing reasons, the named Plaintiffs respectfully request that this Court enter an Order:

1) that this action be maintained as a class action pursuant to the Federal Rules of Civil Procedure 23;

2) certifying the Bunch Plaintiff Class as defined herein;

3) certifying the Movants as the representatives of the Class, and

4) appointing Plaintiffs' Counsel as Class Counsel.

Respectfully submitted,

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

/s/ Jeffrey C. Block
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com


WAITE, SCHNEIDER, BAYLESS
 & CHESLEY CO., L.P.A.

/s/ Jane H. Walker
James R. Cummins
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail: jcummins@wsbclaw.com
E-mail: janehwalker@wsbclaw.com

*Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and
David Mueller, Both Individually and Behalf of All Others
Similarly Situated*

Dated: May 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2006, I filed Bunch Plaintiffs' First Amended Motion for Class Certification

through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF), and paper copies were sent to those indicated as non-registered participants, on May 16, 2006.


/s/ Jane H. Walker
Jane H. Walker