IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, *et al.*<br><br>  Defendants.<br><br>―――――――――――――――<br><br>LAWRENCE W. BUNCH, *et al.*<br><br>  Plaintiffs,<br><br>v.<br><br>W.R. GRACE & CO., *et al.*<br><br>  Defendants. | Consolidated as:<br>Case No. 04-11380-WGY |

## STATE STREET BANK AND TRUST COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO THE BUNCH PLAINTIFFS

Pursuant to Fed R. Civ. P. 36 and Local Rule 36.1, State Street Bank and Trust Company ("State Street"), erroneously also sued herein under the name "State Street Global Advisors" ("SSgA"),[1] hereby submits the following Requests for Admissions to plaintiffs Lawrence W. Bunch ("Bunch"), Jerry L. Howard, and David Mueller as have knowledge of the facts. Plaintiffs are requested to return a written response to each and every Request for

---

[1] State Street Global Advisors ("SSgA"), an unincorporated division of State Street, was also named as a defendant in both complaints in this consolidated action. All references to "State Street" shall, unless otherwise indicated, refer equally to SSgA.

1

Admission to the undersigned at the offices of Paul, Hastings, Janofsky & Walker, LLP, 875 15th Street, N.W., Washington, D.C. 20005, on May 22, 2006.

## **DEFINITIONS**

Each and every Request for Admission incorporates the following definitions:

1. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separation Document within the meaning of this term. Documents shall include electronic media of any kind, whether in an audio, visual or electronic (computer) media, and whether or not such an item has been erased or not, however it has been produced or reproduced, whether it is draft or final, in Your actual or constructive possession, custody, or control, in original or reproduced format. Documents shall include (but are not limited to): letters, correspondence, notes, films, transcripts, telegrams, teletype messages, contracts and agreements, proposals, licenses, memoranda, recordings, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, notes (including interoffice memoranda, notations on other documents, jottings, diary entries, desk calendar entries, expense accounts, recorded recollections, dictations and any other form of notation of events or intentions), minutes and resolutions (including all attachments and exhibits thereto), agendas, expressions or statements of policy, attendance lists, reports, rules, regulations, directions, Communications, interoffice Communications, financial statements, tax returns, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, invoices, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints, plans writings, drawings, graphs, charts, spreadsheets, photographs, phonograph records, tapes and compact discs (whether storing audio, video, or computer data), other data compilations from which

information may be obtained (whether translation is required or not), desk calendars, appointment books, diaries, time sheets, logs, movies, films, recordings, electronic mail, internet or intranet Communications, reports and/or summaries of negotiations, proposals, computer punch cards or material similar to any of the foregoing, however denominated by You.

2. The terms "You" and "Your" shall refer to plaintiffs as well as any of their respective predecessors-in-interest, successors, assignees, agents, members, advisors, consultants and other Persons acting on their behalf.

3. The terms "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of the discovery requests any information or Documents which might otherwise be construed outside of its scope.

4. "State Street" refers to State Street Bank and Trust Company and State Street Global Advisors (the unincorporated division of State Street Bank and Trust Company that was also named as a defendant in the Complaint).

5. The "Plan" refers to the W.R. Grace & Co. Employees Savings and Investment Plan.

6.  The "Complaint" refers to the complaint brought by Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller on behalf of themselves and an alleged class of participants in and beneficiaries of the Plan (originally filed in this Court as Case No. 05-11602-MLW). The term "Grace Stock" refers to the common stock of W. R. Grace & Co.

7.  The term "Grace Stock Fund" refers to the holdings of Grace Stock in the Plan.

8.  The term "SEC" refers to the Securities and Exchange Commission.

9.  The term "SEC Form 13F" refers to the form filed with the SEC pursuant to 15 U.S.C. § 78m(f)(1).

## INSTRUCTIONS

1.  These Requests for Admission are continuing in nature. You are hereby instructed to provide supplemental responses to these Requests for Admission if You obtain additional information showing that the response is in some material respect incomplete or incorrect.

2.  Unless otherwise specified, references to the singular include the plural and references to the plural include the singular; references to one gender include the other gender; references to past tense include the present tense; and references to the present tense include the past.

3.  Unless otherwise specified, the time period covered by these interrogatories is March 1, 2003 to the present.

4.      To the extent that you deny any portion of a request for admission, include in your response any portion of the request that you do not deny.

## REQUESTS FOR ADMISSIONS

1.      State Street was retained as an investment manager for the Grace Stock Fund on December 15, 2003.

2.      State Street was not an investment manager for the Grace Stock Fund prior to December 15, 2003.

3.      You do not allege that State Street had any knowledge that was not publicly available regarding the value of the Grace Stock.

4.      You do not allege that the decision to divest the Grace Stock from the Plan made in the first quarter of 2004 was imprudent.

5.      The listing of historical prices of Grace Stock attached to State Street's addendum to its Motion to Dismiss Plaintiffs' Complaint, Requesting Judicial Notice (Ct. File No. 57) is a true and accurate representation of those prices.

6.      Your claims against State Street are based solely on your allegation that State Street engaged in self-dealing by selling the Grace Stock divested from the Plan to itself or an affiliate.

7.      The D. E. Shaw Group is not a subsidiary or affiliate of State Street.

5

8. The price that You allege the D. E. Shaw Group paid for the Grace Stock that it purchased in April 2004 ($3.50 per share) exceeded the market price for Grace Stock at the time of sale.

9. The only Documents or other factual support You have for the Your assertion that State Street allegedly repurchased shares of Grace Stock during the period it was divesting those shares from the Plan are the State Street SEC Form 13Fs referenced in Your Memorandum In Opposition to State Street's Motion to Dismiss Plaintiff's Complaint (Ct. File No. 68).

10. The excerpts of SEC Form 13Fs attached as exhibits to the Declaration of Elizabeth Shea in support of State Street's Motion to Dismiss Plaintiffs' Complaint (Ct. File No. 56) are true and accurate excerpts of State Street's SEC Form 13Fs.

11. State Street, as an institutional investment manager managing over $100 million in securities, is required by Section 13(f) of the Securities Exchange Act of 1934, to file an SEC Form 13F quarterly with the SEC to disclose its holdings.

12. The shares of Grace Stock reported by State Street in its SEC Form 13F include holdings by investment funds that are under State Street's management.

13. Shares of common tock purchased by State Street for an investment fund for which State Street serves as investment manager do not thereby constitute assets of State Street itself..

Dated: April 20, 2006

Respectfully submitted,

STATE STREET BANK AND TRUST COMPANY

By its counsel,

*/s/ Scott M. Flicker*

Scott M. Flicker (admitted *pro hac vice*)
(scottflicker@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

-and-

Sean T. Carnathan (BBO #636889)
(scarnathan@ocmlaw.net)
O'CONNOR, CARNATHAN, AND MACK LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

# CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of April, 2006, the foregoing was sent by U. S. Mail, postage prepaid, to:

| | |
|---|---|
| James R. Cummins<br>Stanley M. Chesley<br>Jane H. Walker<br>Waite Schneider, Bayless &<br>Chesley Co., LPA<br>Fourth & Vine Tower<br>1 West Fourth Street<br>Suite 1513<br>Cincinnati, OH 45202 | David Pastor<br>Gilman and Pastor, LLP<br>60 State Street<br>37th Floor<br>Boston, MA 02109 |
| Edward W. Ciolko<br>Gerald D. Wells, III<br>Schiffrin & Barroway, LLP<br>Three Bala Plaza East<br>Suite 400<br>Bala Cynwyd, PA 19004 | Thomas J. Hart<br>Slevin & Hart<br>1625 Massachusetts Avenue, N.W.<br>Suite 450<br>Washington, DC 20036 |
| Glen DeValerio<br>Jeffrey C Block<br>Berman DeValerio Pease<br>One Liberty Square<br>8th Floor<br>Boston, MA 02109 | Carol Connor Flowe<br>Caroline Turner English<br>Gretchen A. Dixon<br>Arent Fox PLLC<br>1050 Connecticut Avenue NW<br>Washington, DC 20036-5339 |
| Joseph H. Meltzer<br>Katherine B. Bornstein<br>Schiffrin & Barroway, LLP<br>280 King Of Prussia Road<br>Radnor, PA 19087 | Matthew C. Hurley<br>Mintz, Levin, Cohn, Ferris, Glovsky &<br>Popeo, PC<br>One Financial Center<br>Boston, MA 02111 |

April 20, 2006

Date

Scott M. Flicker