## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KERI EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN F. AKERS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | Consolidated |
| | Case No. 04-11380-WGY |
| LAWRENCE W. BUNCH, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | |
| ) | |
| Defendants. ) | |

## BUNCH PLAINTIFFS' RESPONSES TO STATE
## STREET BANK & TRUST COMPANY'S
## FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36, Plaintiffs, Lawrence W. Bunch, Jerry L.

Howard, Sr. and David Mueller, both individually and on behalf of all others similarly situated

("Bunch Plaintiffs"), respond as follows to Defendant State Street Bank & Trust Company's

First Set of Requests for Admissions:

## I.    GENERAL RESPONSES.

1.    Plaintiffs' response to Defendant's First Requests for Admissions is made to the best of Plaintiffs' present knowledge, information, and belief.  The response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiffs' recollection, is subject to refreshing of recollection, and additional knowledge of facts as may result from its further discovery or investigation.

2.    Plaintiffs reserve all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of its responses herein.

3.    Plaintiffs reserve the right to object on any ground at any time to such other or supplemental requests for admissions as Defendant may at any time propound involving or relating to the subject matter of these requests.

## II.    GENERAL OBJECTIONS.

Plaintiffs make the following general objections, whether or not separately set forth in response to each request for admission, to each and every instruction, definition, and request made in Defendant's First Requests for Admissions:

1.    Plaintiffs object to each Request insofar as any Request seeks information protected by the attorney-client privilege or the work product doctrine.  Such information shall not be provided in response to Defendant's requests and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may attach thereto.

2.      Plaintiffs object to the introductory definitions and instructions to Defendant's First Requests for Admissions to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.  Plaintiffs further object to the introductory definitions and instructions to the extent that they seek to require Plaintiffs to respond in a manner inconsistent with or beyond the scope of its obligations under the Federal Rules of Civil Procedure.  Furthermore, to the extent that Defendant seeks to incorporate by reference the definitions and instructions from other of Defendant's written discovery requests, Plaintiffs incorporate by reference its objections thereto.

3.      Plaintiffs object to all instructions, definitions and requests to the extent they seek information not currently in Plaintiffs' possession, custody or control, or refer to persons, entities or events not known to Plaintiffs, on the grounds that such instructions, definitions, or requests seek to require more of Plaintiffs than any obligation imposed by law, would subject Plaintiffs to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiffs an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Defendant.

4.      Plaintiffs reserve the right at any time to revise, correct, add to or clarify its objections or responses to Defendant's requests, and the failure to make any general or specific objection shall not be deemed a waiver of any such objection.

## III.    REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

State Street was retained as an investment manager for the Grace Stock fund on December 15, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The General Objections above are incorporated by reference.  In addition, Plaintiffs object to this Request because the term "investment manager" is vague, ambiguous, and may call for a legal conclusion to the extent Defendant construes the term.  There has not been any agreement by the Court or parties as to the definition of such term, and thus, it must be regarded as currently in dispute by the parties.  Plaintiffs also object to the effective date of December 15, 2003 as Plaintiffs are without sufficient information to admit or deny this Request at this time, and on that basis, denies same.  Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 2:**

State Street was not an investment manager for the Grace Stock fund prior to December 15, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The General Objections above are incorporated by reference.  In addition, Plaintiffs object to this Request because the term "investment manager" is vague, ambiguous, and may call for a legal conclusion to the extent Defendant construes the term.  There has not been any agreement by the Court or parties as to the definition of such term, and thus, it must be regarded as currently in dispute by the parties.  Plaintiffs also object to the effective date of December 15,

2003 as Plaintiffs are without sufficient information to admit or deny this Request at this time, and on that basis, denies same. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 3:**

You do not allege that State Street had any knowledge that was not publicly available regarding the value of the Grace Stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

The General Objections above are incorporated by reference. In addition, Plaintiffs object to this Request because the phrase "not publicly available regarding the value" is vague, ambiguous, and may call for a legal conclusion to the extent Defendant construes the phrase. There has not been any agreement by the Court or parties as to the definition of such term, and thus, it must be regarded as currently in dispute by the parties.

Plaintiffs are, therefore, without sufficient information to admit or deny this Request at this time, and on that basis, denies the same. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 4:**

You do not allege that the decision to divest the Grace Stock form the Plan made in the first quarter of 2004 was imprudent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

The General Objections above are incorporated by reference. In addition, Plaintiffs object to this Request because the phrase "imprudent" is vague, ambiguous, and may call for a

legal conclusion to the extent Defendant construes the phrase.  There has not been any agreement

by the Court or parties as to the definition of such term, and thus, it must be regarded as currently

in dispute by the parties.

Plaintiffs are, therefore, without sufficient information to admit or deny this Request at

this time, and on that basis, denies the same.  Plaintiffs reserve the right to revisit this Request

and its response as its investigation and discovery continue.


**REQUEST FOR ADMISSION NO. 5:**

The listing of historical prices of Grace Stock attached to State Street's addendum to its

Motion to Dismiss Plaintiffs' Complaint, Requesting Judicial Notice (Ct. File No. 57) is a true

and accurate representation of those prices.


**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

The General Objections above are incorporated by reference.  Plaintiffs admit only that

the addendum to Defendants' Motion (Ct. File No. 57) appear to be true and accurate excerpts of

Grace Stock closing (but not intraday) prices for the period December 1, 2003 to April 30, 2004

only for shares sold through public markets.


**REQUEST FOR ADMISSION NO. 6:**

Your claims against State Street are based solely on your allegation that State Street

engaged in self-dealing by selling the Grace Stock divested from the Plan to itself or an affiliate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The General Objections above are incorporated by reference. In addition, Plaintiffs object to this Request because the phrase "engaged in self-dealing" is vague, ambiguous, and may call for a legal conclusion to the extent Defendant construes the term. There has not been any agreement by the Court or the parties as to the definition of such term, and thus, it must be regarded as currently in dispute. Plaintiffs also object to the phrase "based solely" as this Request does not include Plaintiffs additional allegations as to State Street which are set forth in Plaintiffs' Complaint. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 7:**

The D. E. Shaw Group is not a subsidiary or affiliate of State Street.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

The General Objections above are incorporated by reference. In addition, Plaintiffs are without sufficient information to admit or deny this Request at this time, and on that basis, denies same as Plaintiffs have no documents or other discovery material that addresses this issue. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 8:**

The price that You allege the D. E. Shaw Group paid for the Grace Stock that it purchased in April 2004 ($3.50 per share) exceeded the market price for Grace Stock at the time of the sale.

7

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The General Objections above are incorporated by reference. In addition, Plaintiffs are without sufficient information to admit or deny this Request at this time, and on that basis, denies same as Plaintiffs' allegation is based on information and belief and, without documents or other discovery material that addresses this issue. Plaintiffs also object to the term "market price" as it is vague, ambiguous, and may call for an expert legal conclusion. There has not been any agreement by the Court or parties as to the definition of such term, and thus, it must be regarded as currently in dispute by the parties. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 9:**

The only Documents or other factual support You have for Your assertion that State Street allegedly repurchased shares of Grace Stock during the period it was divesting those shares from the Plan are the State Street SEC form 13Fs referenced in Your Memorandum in Opposition to State Street's Motion to Dismiss Plaintiff's Complaint (Ct. File No. 68).

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

The General Objections above are incorporated by reference. Plaintiffs object to this Request because the phrase "repurchase shares of Grace Stock during the period it was divesting those shares" is vague, ambiguous and may call for an expert legal conclusion to the extent Defendant construes the phrase. There has not been any agreement by the Court or the parties as to certain terms within this phrase, and thus, it must be regarded as currently in dispute by the parties. Without waiving Plaintiffs' objections as to this Request, Plaintiffs refer Defendant to

8

the original and amended 13Fs filed by Defendant, as well as Exhibit 1 and 2 attached to the

Declaration of Monet Ewing dated March 31, 2006. Plaintiffs reserve the right to revisit this

Request and its response as its investigation and discovery continue.


**REQUEST FOR ADMISSION NO. 10:**

The excerpts of SEC Form 13Fs attached as exhibits to the Declaration of Elizabeth Shea

in support of State Street's Motion to Dismiss Plaintiffs' Complaint (Ct. File No. 56) are true and

accurate excerpts of State Street's SEC Form 13Fs.


**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

The General Objections above are incorporated by reference. In addition, Plaintiffs

object to this Request because Defendant does not correctly refer to the documents attached as

exhibits to the Declaration of Elizabeth Shea (Ct. File No. 56). Plaintiffs admit only that these

exhibits appear to be true and accurate excerpts of the amended 13Fs for the First and Second

Quarters of 2004 and filed by Defendant on October 19, 2005.


**REQUEST FOR ADMISSION NO. 11:**

State Street, as an institutional investment manager managing over $100 million in

securities, is required by Section 13(f) of the Securities Exchange Act of 1934, to file an SEC

Form 13F quarterly with the SEC to disclose its holdings.


**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

The General Objections above are incorporated by reference. In addition, Plaintiffs

object to this Request as Plaintiffs are without sufficient information to admit or deny

Defendant's representation as to the value of the securities it manages at any particular time. Plaintiffs admit that Defendant did file the original and amended 13Fs denying the time period relevant to Plaintiffs' claims and that the Securities and Exchange Commission ("SEC") requires that 13Fs be filed for certain institutional investment managers.

**REQUEST FOR ADMISSION NO. 12:**

The shares of Grace Stock Reported by State Street in its SEC Form 13F include holdings by investment funds that are under State Street's management.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

The General Objections above are incorporated by reference. In addition, Plaintiffs object to this Request because Plaintiffs are without sufficient independent information to admit or deny this Request at this time, and on that basis, denies same. Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

**REQUEST FOR ADMISSION NO. 13:**

Shares of common stock purchased by State Street for an investment fund for which State Street serves as investment manager do not thereby constitute assets of State Street itself.

**RESPONSE FOR REQUEST FOR ADMISSION NO. 13:**

The General Objections above are incorporated by reference. In addition, Plaintiffs object to this Request because Plaintiffs are without sufficient independent information to admit or deny this Request at this time, and on that basis, denies same. In addition, Plaintiffs state that this Request does not address Plaintiffs' additional allegation that, State Street's purchase of

Grace Stock for institutional holdings demonstrates that State Street believed Grace Stock was a solid investment, while at the same time, it deprived the Plaintiffs of this very same investment opportunity.    Plaintiffs reserve the right to revisit this Request and its response as its investigation and discovery continue.

Respectfully submitted,

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

_Jeffrey C. Block_
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com


WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

_James R. Cummins_
James R. Cummins
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail jcummins@wsbclaw.com
E-mail: janehwalker@wsbclaw.com

_Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, Both Individually and Behalf of All Others Similarly Situated_

Dated: May 22, 2006

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, Bunch Plaintiffs' Response to State Street Bank and Trust Company's First Set of Requests for Admission was sent via electronic mail and First Class Mail, postage prepaid, to the following:

Scott M. Flicker, Esq.
PAUL, HASTING, JANOFSKY & WALKER, LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: scottflicker@paulhastings.com

*Attorney for Defendants State Street Bank &*
*Trust Company and State Street Global Advisors*

Joseph H. Meltzer, Esq.
Katherine B. Bornstein, Esq.
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: jmeltzer@sbclasslaw.com
Email: kbornstein@sbclasslaw.com

*Attorneys for Plaintiffs Keri Evans and*
*Timothy Whipps*

Carol Connor Flowe, Esq.
Caroline Turner English, Esq.
Gretchen A. Dixon, Esq.
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
Telephone: (202) 857-6054
Facsimile: (202) 857-6395
Email: flowe.carol@arentfox.com

*Attorneys for Defendants John F. Akers, Ronald*
*C. Cambre, Marye Anne Fox, John J. Murphy,*

*Paul J. Norris, Thomas A. Vanderslice, H. Furlong
Baldwin, Investments and Benefits Committee,
Administrative Committee, Brenda Gottlieb, W. Brian
McGowan, Michael Piergrossi, Robert M. Tarola,
Eileen Walsh, David Nakashige, Elyse Napoli, Martin
Hunter, Ren Lapadario, W.R.. Grace & Co.,
W.R.. Grace Investment and Benefits Committee,
and Fred E. Festa.*

Dated:  May 22, 2006

_____
Jane H. Walker

13