**Unpublished Authority Cited In State Street Bank And Trust Company's Memorandum In Opposition To The Bunch Plaintiffs' First Amended Motion For Class Certification**

LEXSEE 2004 U.S. DIST. LEXIS 19786

**IN RE WORLDCOM, INC. ERISA LITIGATION; This Document Relates to: ALL ACTIONS**

**MASTER FILE 02 Civ. 4816(DLC)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2004 U.S. Dist. LEXIS 19786; 33 Employee Benefits Cas. (BNA) 2281*

**October 4, 2004, Decided**
**October 5, 2004, Filed**

**SUBSEQUENT HISTORY:** Objection denied by *In re Worldcom Inc., Erisa Litig., 339 F. Supp. 2d 561, 2004 U.S. Dist. LEXIS 20389 (S.D.N.Y., Oct. 13, 2004)*

**PRIOR HISTORY:** *In re Worldcom, Inc. ERISA Litig., 2004 U.S. Dist. LEXIS 13040 (S.D.N.Y., July 13, 2004)*

**DISPOSITION:** Plaintiffs' motion for class certification granted.

**COUNSEL:** [*1] For Lead Plaintiffs: Lynn Lincoln Sarko, Gary A. Gotto, T. David Copley, Erin Riley, Keller, Rohrback, LLP, Seattle, WA; Jeffrey Lewis, Lewis & Feinberg, P.C., Oakland, California; Edwin J. Mills, Stull, Stull & Brody, New York, New York.

For Defendant Merrill Lynch Trust Company FSB: William J. Kilberg, Paul Blankenstein, Antoinette DeCamp, Gibson, Dunn & Crutcher LLP, Washington, D.C.

For Individual Defendants: George M. Newcombe, Paul C. Curnin, Patrick E. King, Simpson Thacher & Bartlett LLP, Palo Alto, California.

For Defendant Bernard J. Ebbers: David Wertheimer, Lyndon M. Tretter, Hogan & Hartson L.L.P., New York, NY.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINIONBY:** DENISE COTE

**OPINION:**

OPINION & ORDER

DENISE COTE, District Judge:

Plaintiffs have moved for certification of a class in this action brought pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), *29 U.S.C. § 1001 et seq.* ("ERISA"). The class definition includes five plans of WorldCom, Inc. ("WorldCom") and companies acquired by WorldCom. Defendant Merrill Lynch Trust Company FSB ("Merrill Lynch") contends that the class definition is overbroad [*2] and should be restricted to include only participants and beneficiaries in each of the plans from the time that the plans were merged into the WorldCom 401(k) plan. n1 For the same reasons, Merrill Lynch contends that the three class representatives fail to meet the typicality and adequacy requirements of *Rule 23, Fed. R. Civ. P.* ("Rule 23"). As explained below, the motion for certification is granted.

        n1 Since the opposition to certification was filed, most of the defendants have settled with the plaintiffs. One nonsettling defendant, Merrill Lynch, continues to oppose certification.

Background

    On June 25, 2002, WorldCom announced a massive restatement of its financial statements. On July 21, it filed for bankruptcy. The first ERISA class action had been in this district on June 21. The Judicial Panel on Multi-District Litigation has transferred all ERISA actions arising from the WorldCom collapse to this Court. The WorldCom ERISA actions were consolidated on [*3] September 18, and are referred to as the ERISA Litigation. The civil litigation arising under securities laws is also assigned to this Court and is referred to as

2004 U.S. Dist. LEXIS 19786, *; 33 Employee Benefits Cas. (BNA) 2281

the Securities Litigation. The pretrial proceedings in both sets of litigation have been coordinated.

The first consolidated ERISA complaint was filed on December 20. On June 17, 2003, the motions to dismiss lodged against that complaint were granted in part. *In re WorldCom, Inc. ERISA Litig., 263 F. Supp. 2d 745 (S.D.N.Y. 2003)* (the "Opinion"). Familiarity with the Opinion is assumed; its discussion of the allegations in this action are incorporated. The plaintiffs filed a third amended consolidated class action complaint ("Complaint") on September 12. The Complaint brings three claims for relief pursuant to *ERISA § 502(a)(2) and (a)(3)* for alleged breaches of fiduciary duty. The Complaint asserts that Merrill Lynch, the Officer Defendants, n2 the Employee Defendants, n3 Bert C. Roberts and Gordon S. Macklin breached the duty of prudence as required by *ERISA § 404(a)* by continuing to offer WorldCom stock as an investment alternative within the WorldCom ERISA plan when they knew or should have [*4] known that such an investment was imprudent; that Ebbers, Sullivan, and the WorldCom DirectorsDefendants n4 failed to monitor as required by *ERISA § 404(a)* the fiduciary performance by ERISA plan fiduciaries appointed by those directors; and that WorldCom, Merill Lynch, the Officer Defendants, and the Employee Defendants failed to provide ERISA plan participants with complete and accurate information regarding WorldCom stock. Merrill Lynch is therefore a defendant in the first and third claims.

n2 The Officer Defendants are Bernard J. Ebbers ("Ebbers"), Scott Sullivan ("Sullivan"), Dennis W. Sickle.

n3 The Employee Defendants are Dona Miller, Pamela Titus, Ray Helms, Stephanie Scott, Sandra Faircloth.

n4 The Director Defendants are: Roberts, Macklin, James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbit, Francesco Galesi, Stiles A. Kellet, Jr., Clifford L. Alexander, John A. Porter, John W. Sidgmore, and Lawrence C. Tucker.

The proposed class definition refers to the WorldCom 401(k) Salary Savings [*5] Plan (the "Plan") and 401(k) plans from four identified predecessor companies that were merged into WorldCom beginning in 2000 -- MCI Communications Corporation ESOP and 401(k) Plan ("MCI Plan"), the IDB Communications Group, Inc. 401(k) Savings and Retirement Plan, the Western Union International, In. 401(k) Plan for Collectively Bargained Employees, and the SkyTel Communications, Inc. Sec-

tion 401(k) Employee Retirement Plan (collectively, "Predecessor Plans"). It reads as follows:

> All participants and beneficiaries in the WorldCom 401(k) Salary Savings Plan (the "Plan") and its predecessor plans, including but not limited to, the MCI Communications Corporation ESOP and 401(k) Plan, the IDB Communications Group, Inc. 401(k) Savings and Retirement Plan, the Western Union International, Inc. 401(k) Plan for Collectively Bargained Employees, and the SkyTel Communications, Inc. Section 401(k) Employee Retirement Plan, for whose individual accounts the Plan held shares of WorldCom stock at any time from September 14, 1998 to the present.

The plaintiffs seek certification pursuant to *Rule 23(b)(1) and (2)*.

Two of the three named plaintiffs, Gail M. Grenier and John T. Alexander, [*6] were at all relevant times members of the Plan. The third, Stephen Vivien, was at all relevant times a member of the Plan or the MCI Plan. On September 14, 1998, the first date of the proposed class period, MCI merged with WorldCom. Just over two years later, on November 1, 2000, the MCI Plan and the Plan were merged. While Merrill Lynch was the directed trustee of the Plan, it was not the directed trustee of the MCI Plan prior to November 1, 2000. Merrill Lynch operated as the directed trustee of the Plan beginning on October 10, 1994 through the relevant class period.

At the time each of the predecessor companies merged into WorldCom, WorldCom became the ERISA sponsor for each of the Predecessor Plans, the Predecessor Plans held WorldCom stock, and one or more of the individual defendants became ERISA fiduciaries for the Predecessor Plans. For instance, from September 1998 until the merger into the Plan, the company stock offered by the MCI Plan was WorldCom stock, WorldCom was the sponsor of the plan, and an individual defendant WorldCom employee was the identified plan administrator for the MCI Plan.

Merrill Lynch does not oppose class certification of the ERISA Litigation [*7] , but objects to the class definition. It contends that the definition should be modified to add that participants or beneficiaries in the Predecessor Plans are members of the class "only from and after the date that said plans were merged into the" Plan. It argues that without such a modification the class does

not share common questions of law or fact and that the named plaintiffs' claims are not typical.

Discussion

The standards for class certification are set forth in the Opinion issued in connection with the motion for certification of a class in the Securities Litigation, and the discussion of those standards is incorporated herein. *In re WorldCom, Inc. Sec. Litig., 219 F.R.D. 267 (S.D.N.Y. 2003).*

It is undisputed that the number of class members is so numerous that joinder is impracticable. There are common questions of law and fact including whether Merrill Lynch and the other defendants were ERISA fiduciaries for the Plan and Predecessor Plans, whether they breached their fiduciary duties, and whether those breaches injured class members. The named plaintiffs' claims are typical of those of the class, and there is sufficient evidence that each [*8] of them will fairly and adequately act to protect the interests of the class. There is no dispute that their attorneys are qualified, experienced, and competent to conduct this litigation.

While the plaintiffs seek certification under *Rule 23(b)(1)(B)* n5 and *(b)(2)*, certification is only appropriate under Rule 23(b)(1)(B). Any adjudication with respect to individual members of the class will as a practical matter be dispositive of the interests of the other members of the class.

n5 While plaintiffs contend that certification is also appropriate under *Rule 23(b)(1)(A)*, they recognize that it is unnecessary to reach that issue and that many courts do not after they have concluded that certification is appropriate under *Rule 23(b)(1)(B).*

To certify a class under *Rule 23(b)(2)*, a court must find that the equitable relief sought by the plaintiff predominates over any claims for monetary relief. *Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 164 (2d Cir. 2001).* In making this assessment, a court [*9] should satisfy itself that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." Id. Plaintiffs' predominant claim in this action is for the recovery of money damages. They have not claimed that they would seek declaratory relief in the absence of any

monetary recovery. Therefore, this action may not be maintained under *Rule 23(b)(2)*. See *Spann v. AOL Time Warner, Inc., 219 F.R.D. 307, 322 (S.D.N.Y. 2003)* (DLC).

Merrill Lynch's argument against class certification can be swiftly rejected. Merrill Lynch contends that the class should be defined to exclude participants and beneficiaries in Predecessor Plans for any time before the Predecessor Plans were merged into the Plan. Its proposed amendment of the class definition would operate effectively to exclude those individuals from the class between the time that their companies merged with WorldCom and the time that the Predecessor Plans were merged into the Plan. In [*10] the case of the MCI Plan, the period that would be excluded would amount to over two years of the class period. During that period, WorldCom stock was purchased through the MCI Plan by participants, WorldCom was the MCI Plan sponsor, and one or more individual WorldCom employees functioned as fiduciaries to the MCI Plan.

Merrill Lynch contends that, because it was not a fiduciary of the Predecessor Plans before their merger into the Plan, the class definition does not present common issues of law and fact. It is wrong. As outlined above, there are sufficient common issues. Indeed, the issue of when Merrill Lynch became a fiduciary to the class is a common issue. The fact that Merrill Lynch may not have fiduciary obligations to all class members for the entire period of the class, that is, from September 14, 1998 onward, is not fatal to the class definition. The period of liability of individual defendants may differ, but the claims belonging to the class are united by, among other things, the class members' purchase of WorldCom stock and WorldCom's own relationship to each of the plans.

Since Merrill Lynch's attack on the adequacy of the named plaintiffs and the typicality of their [*11] claims rests on the same fallacy, there is no need for a further discussion of that portion of their argument. The named plaintiffs are appropriate class representatives.

Conclusion

The motion for class certification is granted.

SO ORDERED:

Dated: New York, New York

October 4, 2004

DENISE COTE

United States District Judge

LEXSEE 2004 U.S. DIST. LEXIS 24693

**In re QWEST SAVINGS AND INVESTMENT PLAN ERISA LITIGATION**

**Civil Case No. 02-RB-464 (CBS), (Consolidated with Civil Action Nos. 02-RB-470, 02-RB-482, 02-RB-602, 02-RB-7.14 RB-2120)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

*2004 U.S. Dist. LEXIS 24693*

**September 24, 2004, Decided
September 27, 2004, Filed**

**SUBSEQUENT HISTORY:** Summary judgment granted, in part, summary judgment denied, in part by *In re Qwest Sav. & Inv. Plan ERISA Litig., 2004 U.S. Dist. LEXIS 24647 (D. Colo., Sept. 24, 2004)*

**DISPOSITION:** Plaintiffs' Motion for Class Certification denied with leave to re-file.

**COUNSEL:** [*1] For Valerie J. Brooks, individually and on behalf of all others similarly situated, Plaintiff: Ellen M. Kelman, Brauer, Buescher, Goldhammer, Kelman & Dodge, P.C., Denver, CO; James Edward Smith, Gilbert & Sackman, Los Angeles, CA; James G. Stranch, III, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN; Joe Ramon Whatley, Jr., Whatley Drake, LLC, Birmingham, AL; Robert A. Izard, Jr., Schatz & Nobel, P.C., Hartford, CT.

For Daniel Howard Connors, individually and on behalf of all others similarly situated, Plaintiff: Ellen M. Kelman, Brauer, Buescher, Goldhammer, Kelman & Dodge, P.C., Denver, CO; James Edward Smith, Gilbert & Sackman, Los Angeles, CA; James G. Stranch, III, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN; Joe Ramon Whatley, Jr., Whatley Drake, LLC, Birmingham, AL; Robert A. Izard, Jr., Schatz & Nobel, P.C., Hartford, CT.

For Cathy Najdek, Plaintiff: Ellen M. Kelman, Brauer, Buescher, Goldhammer, Kelman & Dodge, P.C., Denver, CO; James G. Stranch, III, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN; Joe Ramon Whatley, Jr., Whatley Drake, LLC, Birmingham, AL.

For Qwest Communications International, Inc., Defendant: Allison Herren [*2] Lee, Sherman & Howard, Denver, CO; Theodore Alan Olsen, Sherman & Howard, Denver, CO; William Albert Wright, Sherman & Howard, Denver, CO.

For Joseph P. Nacchio, Defendant: Charles A. Stillman, Stillman, Friedman & Shaw, PC, New York, NY; James D. Kilroy, Snell & Wilmer, LLP, Denver, CO; Kimo S. Peluso, Stillman, Friedman & Shaw, PC, New York, NY; Michael J. Grudberg, Stillman, Friedman & Shaw, PC, New York, NY; Neil Peck, Snell & Wilmer, LLP, Denver, CO.

For Philip F. Anschutz, Defendant: Bruce F. Black, Holme, Roberts & Owen, LLP, Denver, CO; Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO; Martin D. Litt, Holme, Roberts & Owen, LLP, Denver, CO; Michael James Hofmann, Holme, Roberts & Owen, LLP, Denver, CO.

For Thomas J. Donohue, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO.

For Craig R. Barrett Dr., Defendant: Cindy Oliver, Rothgerber, Johnson [*3] & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO.

For Frank P. Popoff, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO.

For Hank Brown, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO.

For Jordan L. Haines, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO.

For Craig D. Slater, Defendant: Bruce F. Black, Holme, Roberts & Owen, LLP, Denver, CO; Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO; Frederick J. Baumann, Rothgerber, Johnson & Lyons, LLP, Denver, CO; James M. Lyons, Rothgerber, Johnson & Lyons, LLP, Denver, CO; Martin [*4] D. Litt, Holme, Roberts & Owen, LLP, Denver, CO; Michael James Hofmann, Holme, Roberts & Owen, LLP, Denver, CO.

For Qwest Asset Management, Inc., Defendant: Allison Herren Lee, Sherman & Howard, Denver, CO; Theodore Alan Olsen, Sherman & Howard, Denver, CO; William Albert Wright, Sherman & Howard, Denver, CO.

For Robin Szeliga, Defendant: Jennifer Lynn Coon, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA; Mark T. Drooks, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA; Terry W. Bird, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA; Thomas Vincent Reichert, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA; Vincent J. Marella, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA.

For Robert Woodruff, Defendant: David Meister, Clifford Chance, US LLP-New York, New York, NY; John K. Carroll, Clifford Chance, US LLP-New York, New York, NY; Wesley Railey Powell, Clifford Chance, US LLP-New York, New York, NY.

For Qwest Plan Administrative Committee, Defendant: Allison Herren Lee, Sherman & Howard, Denver, CO; James Raborn, Baker & Botts Houston-Texas, Houston TX; Theodore Alan Olsen, Sherman & Howard, Denver, CO; William Albert Wright, Sherman & Howard, [*5] Denver, CO.

For Deutsche Bank Trust Company Americas, formerly doing business as Bankers Trust Company, Defendant: Anthony C. Epstein, Steptoe & Jonson, Washington, DC; Paul J. Ondrasik, Jr., Steptoe & Jonson, Washington, DC.

For Plan Investment Committee, The, Defendant: James Raborn, Baker & Botts Houston-Texas, Houston TX.

For Qwest Plan Design Committee, Defendant: Allison Herren Lee, Sherman & Howard, Denver, CO; Theodore Alan Olsen, Sherman & Howard, Denver, CO; William Albert Wright, Sherman & Howard, Denver, CO.

For Vinod Khosla, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO.

For Linda G. Alvarado, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO.

For W. Thomas Stephens, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO.

For Peter S. Hellman, Defendant: Cindy Oliver, Rothgerber, Johnson & Lyons, LLP-Denver Colorado, Denver, CO.

For Marilyn Carlson Nelson, Defendant: Marie Elizabeth Williams, Faegre & Benson-Denver Colorado, Denver, CO.

For Cannon Y. Harvey, Defendant: Martin D. Litt, Holme, Roberts & Owen, LLP, Denver, [*6] CO.

**JUDGES:** Robert E. Blackburn, United States District Judge.

**OPINIONBY:** Robert E. Blackburn

**OPINION:**

### ORDER ON PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the Plaintiffs' Motion for Class Certification [# 110], filed January 15, 2003. The matter is fully briefed. For the reasons discussed below, the motion is **DENIED**, with leave to re-file the motion addressing the issue of the proper definition of the class and any sub-classes.

This case concerns the plaintiffs' allegation that the defendants breached their fiduciary duties under the *Employee Retirement Income and Security Act (ERISA). 29 U.S.C. § § 1001-1461.* The plaintiffs allege that the defendants took a variety of actions that constitute violations of the defendants' ERISA fiduciary duties. For example, the plaintiffs allege that some of the defendants violated their fiduciary duties when they maintained the

Qwest Shares Fund as an investment option in the Savings Plan, and delayed lifting restrictions on the sale of certain Fund Shares, despite the defendants knowledge that Qwest stock was a highly risky investment. The plaintiffs further claim some [*7] defendants breached their duties when they provided Qwest stock to the Plan, or directed the Plan to purchase Qwest stock, when they knew that Qwest stock was a highly risky investment. The plaintiffs allege that various defendants repeatedly communicated false and misleading material information relevant to the value of Qwest stock to Plan participants, in violation of the defendants' duties. According to the plaintiffs, these and a variety of other breaches of the defendants' duties caused substantial losses to the Qwest Savings and Investment Plan (Plan), an ERISA plan, and its predecessor plans.'

The plaintiffs seek to have this case certified as a class action, pursuant to *FED. R. CIV. P. 23*. Under *Rule 23*, a class may be certified if several requirements are met. *Rule 23(a)* includes the following requirements: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of those of the class, and; 4) the representative parties adequately will protect the interests of the class. If the requirements of *Rule 23(a)* are satisfied, then one of [*8] the alternative requirements outlined in *Rule 23(b)* also must be met. Class certification is a matter committed to the discretion of the trial court. *Anderson v. City of Albuquerque, 690 F.2d 796, 799 (10th Cir. 1982)*. A certified class may be altered, expanded, subdivided, or abandoned as the case develops. *See, e.g., Daigle v. Shell Oil Co., 133 F.R.D. 600 (D. Colo. 1990); Dubin v. Miller, 132 F.R.D. 269, 270-75 (D. Colo. 1990).*

The plaintiffs ask the court to certify a class action on behalf of the following class:

> All participants and beneficiaries of the Qwest Savings and Investment Plan, and its predecessor Plans, including the US West Savings Plan/ESOP and Qwest Communications 401(k) Savings Plan, from March 7, 1999 onward.

*Plaintiff's Motion for Class Certification*, p. 1. The two predecessor plans were merged into the Qwest Savings and Investment Plan (Plan) when Qwest and US West merged.

In general, I find that this case likely is appropriate for class certification. I outline the basis for that finding in this order. However, I also find that the class definition proposed by the plaintiffs [*9] is too broad and imprecise. The defendants' alleged breaches of duty took place during a certain period of time. The allegations in the Second Amended Consolidated Complaint (Complaint) do not indicate that any of the alleged breaches have continued to the present time. All of the alleged breaches relate to the Plan's investment in Qwest stock during the relevant period. In short, the plaintiffs' allegations are limited to alleged breaches that took place during a certain period of time, and breaches that are relevant to one Plan asset, Qwest stock. However, the plaintiffs' proposed class definition includes Plan participants who were not Plan participants when the alleged breaches of duty occurred, and who did not hold Qwest stock, the only Plan asset at issue in this case. The plaintiffs' class definition is over-inclusive.

For example, a person who joined the Plan for the first time on September 1, 2004, was not subject to the defendants' alleged breaches of duty and was not harmed by those alleged breaches. However, such a person would be included in the proposed class, as defined by the plaintiffs. It appears that at least some Plan participants could elect not to hold Qwest [*10] stock as part of their Plan account. The harm alleged by the plaintiffs occurred when the value of Qwest stock plummeted. A Plan participant who chose not to hold Qwest stock would not have been harmed by the defendants' alleged breaches of duty because those alleged breaches concerned only Qwest stock. However, a Plan participant who chose not to hold Qwest stock would be included in the the in the proposed class, as currently defined by the plaintiffs.

In short, the plaintiffs' proposed class definition is overly broad because it seems to include Plan participants who could not have been harmed by the defendants' alleged, breaches of duty. Absent the proper definition of the relevant class of Plan participants, class certification is not appropriate. In this order, I direct the plaintiffs to propose a more focused class definition which includes only those Plan participants who arguably were harmed by the defendants' alleged breaches of duty. Assuming the plaintiffs provide such a definition, I conclude class certification otherwise is appropriate.

### I. *RULE 23(a)*

*23(a)(1)* -- Numerosity

*Rule 23(a)(1)* requires that a proposed class be so numerous that joinder of all members [*11] of the class is impracticable. There is no minimum numerical threshold which must be exceeded to satisfy this requirement. Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining, whether joinder of all parties is not practical. *See,*

*e.g., Horn v. Associated Wholesale Grocers, Inc., 555 F.2d 270, 274-76 (10th Cir. 1977).*

The plaintiffs estimate that the proposed class would number in the tens of thousands of persons. They say the proposed class would include virtually all employees of U.S. West and Qwest for the period from March, 1999, to the present. Again, that definition appears to be too broad. However, considering the nature of the plaintiffs allegations, I conclude that any reasonably defined class in this case would include thousands of plaintiffs. Joinder of all such parties is not practical. This case satisfies the numerosity requirement of *Rule 23(a)(1).*

23(a)(2) -- Common Questions of Law or Fact & 23(a)(3)-Typicality

*Rule 23(a)(2)* requires that the claims of members of a proposed class present "common questions of law or fact." Complete identity of legal claims among class members [*12] is not required. Rather, the provision requires that there be two or more issues whose resolution will affect all or a significant number of the members of the proposed class. *See Stewart v. Winter, 669 F.2d 328, 335 (5th Cir. 1982). Rule 23(a)(3)* requires that the claims of a proposed class representative be typical of the claims of the class. "The commonality and typicality requirements tend to merge," but both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated. . . ." *General Telephone Company of Southwest v. Falcon, 457 U.S. 147, 157 n. 13, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982).* The United States Court of Appeals for the Tenth Circuit has said that the typicality requirement is satisfied if there are common questions of law or fact. *Milonas v. Williams, 691 F.2d 931, 938 (10th Cir. 1982), cert. denied, 460 U.S. 1069, 75 L. Ed. 2d 947, 103 S. Ct. 1524 (1983); Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988).*

It is not difficult to find common factual and legal questions within a class of plaintiffs [*13] who may have been harmed by the defendants' alleged breaches of duty. Among the common questions of law and fact are

1) Whether each of the defendants were fiduciaries of the Plan within the meaning of ERISA;

2) Whether the defendants have breached the fiduciary imposed on them by ERISA;

3) Whether the defendants alleged breaches of their ERISA fiduciary duties

caused losses to the Plan and the plaintiffs;

4) Whether the defendants are personally liable to make good to the Plan, its participants and beneficiaries any losses resulting from their alleged breaches of their ERISA fiduciary duties; and

5) Whether the defendants are liable for the breaches of fiduciary duties allegedly committed by other defendant fiduciaries.

Resolution of each of these issues would affect all or a significant number of the members of a class of plaintiffs who may have been harmed by the defendants' alleged breaches of duty, and resolution of these issues will advance this litigation as to all or a significant number of the members of such a class. Again, the class definition proposed by the plaintiffs appears to be too broad because it includes Plan participants who would [*14] not have any claim against the defendants for breach of ERISA fiduciary duty. Of course, the plaintiffs' claims are not typical of Plan participants who simply have no claim against the defendants.

Some of the plaintiffs' claims are based on their allegation that the defendants breached their ERISA fiduciary duties by imposing and maintaining trading restrictions on Qwest stock held by the Plan. The defendants note that the various named plaintiffs were subject to materially different restrictions on their ability to sell Qwest stock held by the Plan. I find that such differences do not make this case inappropriate for class certification. The fact that members of the proposed class faced varying types of restrictions does not mean that it is improper or inefficient to resolve the plaintiffs' claims about the propriety of the restrictions in a class action setting. A plaintiff's claim is typical of class claims if it challenges the same conduct that would be challenged by the class. *See, e.g., In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 463 (E.D. Pa. 2000).* Factual differences among individual claims do not defeat typicality, as long as the legal theory [*15] underlying the plaintiffs claims is the same. *Id.* Of course, the varying restrictions may present a challenge in calculating the losses suffered by various class members, but there is no indication that this challenge cannot be overcome.

Some of the plaintiffs' claims are based on their allegation that the defendants made misrepresentations about the Plan, its administration, and the value of Qwest stock owned by the Plan. The defendants note that the named plaintiffs have indicated that they also relied on outside advice in making their investment decisions. Be-

cause the plaintiffs relied on different sources of advice, the defendants argue, their claims lack commonality and typicality. I find that such differences do not make this case inappropriate for class certification. As noted above, a key issue in this case is whether the defendants' alleged breaches of their ERISA fiduciary duties caused losses to the Plan, its participants, and its beneficiaries. The fact that other sources of information and advice were considered relevant by the named plaintiffs does not mean that this key issue cannot efficiently be resolved in a class action setting.

Further, the defendants [*16] argue that different plaintiffs were exposed to different alleged misrepresentations, and these differences make each plaintiff's claim substantially different than the claims of other plaintiffs. To some extent this appears to be true. However, the Complaint alleges that the defendants made material representations to large numbers of Plan participants who would be members of the proposed class. Although different groups of plaintiffs may have been exposed to different alleged misrepresentations, those differences do not destroy the large foundation of commonality among the plaintiffs' misrepresentation allegations. The tool of a class action can be adapted to accommodate differences among these groups.

The defendants also argue that the differences between the terms of the two predecessor plans, which were merged into the Plan, and the different terms applicable to management employees versus unionized employees, illustrates a lack of commonality and typicality among members of the proposed class. These differences likely are real, but they do not destroy commonality and typicality in this case. The ERISA claims asserted by the plaintiffs on behalf of the proposed class have a large [*17] number of common questions of law and fact. The different plan terms noted by the defendants may require the creation of sub-classes, but those differing terms do not destroy the common questions of law and fact that are present in this case.

The defendants also argue that the defenses unique to various class representatives make them atypical of the proposed class. One defendant is said to have released her ERISA claims, some were not subject to transfer restrictions on their Plan shares, some were sophisticated investors while others were not. I have resolved the defendants arguments concerning the release of ERISA claims in a separate order. To the extent other class members are subject to a similar argument, those class members can be addressed as a group. Again, different transfer restrictions applicable to different class members, and differing information available to class members, does not destroy the underlying commonality and typicality of the basic claims asserted by the plaintiffs, on behalf of the proposed class.

Finally, I note that the primary relief ERISA plan participants can obtain in an action for breach of fiduciary duty under ERISA is plan-wide relief. *29 U.* [*18] *S.C: § 1132(a)(2)*. The plaintiffs in this case seek Plan wide relief. Plan-wide relief would affect all persons who were participants or beneficiaries of the Plan at relevant times. Such relief is well-suited to a class action.

*23(a)(4) -- Adequate Representation*

*Rule 23(a)(4)* requires that a proposed class representative adequately protect the interests of the class as a whole. This requirement is intended to ensure that a class representative has sufficient interests in common with the class that the representative adequately will assert and protect the interests of the class. The adequate representation requirement of *Rule 23(a)(4)* concerns both the competence of the class representative's counsel, and the representative's willingness and ability to control the litigation and to protect the interests of the class as a whole. *See, e.g., Horton v. Goose Creek Independent School District, 690 F.2d 470, 484 (5th Cir. 1982)*.

The expertise and qualifications of proposed class counsel are set forth in the plaintiff's motion for appointment of leadership structure [# 13], filed May 15, 2002. The defendants do not challenge the qualifications of the plaintiffs [*19] counsel. Based on counsels' specialized experience in the relevant areas of law, and the conduct of plaintiffs' counsel to date, I conclude that the plaintiffs' counsel is amply qualified to act as counsel for a plaintiff class. Further, I have concluded that the representative plaintiffs' claims have sufficient commonality and typicality with the claims of a reasonably defined class. Thus, I find that the plaintiffs will fairly and adequately protect the interests of the class.

**II. RULE 23 (b)**

The plaintiffs seek class certification under *Rule 23(b)(1)* or *(b)(2)*. They also argue that certification under *Rule 23(b)(3)* would be appropriate, but they have not outlined that argument. *Rule 23(b)(1) and (2)* provide

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of

the class which would establish incompatible standards of conduct for the party opposing the class, or

(B)  [*20] adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

Again, I note that the primary relief ERISA plan participants can obtain in an action for breach of fiduciary duty under ERISA is plan-wide relief. *29 U.S.C. § 1132(a)(2)*. The availability of such relief makes this case well-suited to certification under *Rule 23(b)(1)*. Plaintiffs seeking plan-wide relief are acting as representatives of the plan, presumably on behalf of the participants and beneficiaries of the plan. Pursuit of separate actions for plan-wide relief would create a risk of varying adjudications concerning the bases and availability of such relief. Further, such an adjudication based on the claims of a few Plan participants may impede the ability of [*21] others to protect their interests. On the other hand, resolving this case as a class action will permit a determination of whether the Plan as a whole is entitled to relief and, if so, the nature of the appropriate plan-wide relief. Of course, plan-wide relief will, indirectly,

affect the interests of all relevant Plan participants and beneficiaries. In short, it is best to consider the interests of a class of relevant Plan participants and beneficiaries, as opposed to the interests of a few representative Plan participants, in determining whether the defendants breached their duties, whether plan-wide relief is appropriate, and, if so, what relief is proper. I find that class certification under *Rule 23(b)(1)* is appropriate.

**CONCLUSION**

The class definition proposed by the plaintiffs is overly broad because it appears to include Plan participants who would have no claim against the defendants based on the defendants' alleged breaches of their ERISA fiduciary duties. The plaintiffs must propose a class definition which includes only those Plan participants who arguably were harmed by the defendants' alleged breaches of duty. Assuming the plaintiffs provide such a definition, [*22] I find that the class action proposed by the plaintiffs otherwise satisfies the requirements of *Rule 23 (a)* and *(b)(1)*. Class certification is denied pending approval of an appropriately defined class.

**THEREFORE IT IS ORDERED** as follows:

1) That the Plaintiffs' Motion for Class Certification [# 110], filed January 15, 2003, is **DENIED**, with leave to re-file the motion on or before **October 29, 2004**;

2) That any re-filed motion shall address only the question of the appropriate definition of the class, and any proposed sub-classes; and

3) That the deadlines for filing a response and reply concerning a re-filed motion for class certification shall be governed by D. Colo. Loc. Civ R. 7.1(C).

Dated this 24th day of September, 2004, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn

United States District Judge