**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN F. AKERS, et al., )<br>)<br>Defendants. )<br>)<br>LAWRENCE W. BUNCH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>W. R. GRACE & CO., et al., )<br>)<br>Defendants. )<br>) | **Consolidated Under<br>Case No. 04-11380-WGY** |

**GRACE DEFENDANTS' CONSOLIDATED OPPOSITION TO
MOTIONS FOR CLASS CERTIFICATION**

Defendants W. R. Grace & Co., Investment and Benefits Committee, Administrative Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Thomas A. Vanderslice, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapidario (collectively, the "Grace Defendants") respectfully submit this Consolidated Opposition to the Motion for Class Certification of Plaintiffs Keri Evans and Timothy Whipps (collectively, the "Evans Plaintiffs") and the Motion for Class Certification of Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller (collectively, the "Bunch Plaintiffs").

**I.      INTRODUCTION**

Both of the Evans Plaintiffs lack standing to bring the instant action. Each of them is a former employee of W. R. Grace & Co. – Conn.[1] ("Grace") and a former participant in the W. R. Grace & Co. Savings and Investment Plan (the "Plan"), and has already received all of his or her benefits under the Plan. Accordingly, the Evans Plaintiffs are not "participants" and therefore lack standing to bring a breach of fiduciary duty action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Their action (the "Evans Action") should be dismissed.

Even if this Court fails to dismiss the Evans Action in its entirety due to the named Plaintiffs' lack of standing, the misrepresentation count pleaded in the Complaint cannot be certified in any event. Misrepresentation counts are unsuited for class treatment because they require individual fact determinations regarding each person's reliance on the purported representations.

Finally, both the Evans and Bunch Plaintiffs propose classes that are too broad and should not be certified as defined. Both proposed classes inappropriately would include numerous individuals, like the named Plaintiffs in the Evans Action, who lack standing to bring a claim. The class proposed by the Bunch Plaintiffs is also too broad because it would encompass all participants in the Plan from 1976 on – even though the only claim they are pursuing relates to State Street's alleged purchase of Grace stock in 2004, at the same time that it was selling the Grace stock held by the Plan. This class would necessarily include huge numbers of individuals who could not possibly have been impacted by State Street's alleged self-dealing because they no longer held Grace stock in 2004 or they were no longer participants in the Plan. Accordingly, if a class is certified in either case, it should be narrowed to include only those individuals with

---

[1]   W.R. Grace & Co., which itself has no employees, is the 100% owner of W.R. Grace & Co., - Conn.

standing, and with respect to the Bunch Action, to comport with the only theory on which they are proceeding.

## II.     ARGUMENT

### A.    The Evans Action Should Be Dismissed Because the Plaintiffs Lack Standing to Bring the Claims Asserted.

Consistent with the limitation on a federal court's jurisdiction under Article III of the Constitution to hear only "cases and controversies," a plaintiff must have standing to assert a claim in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). The "requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Consequently, before determining whether a proposed class satisfies the requirements of Rule 23, the court must be satisfied that the named plaintiffs have standing to assert their claims; a court cannot certify a proposed class if the named plaintiffs lack standing to sue. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "Standing is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue." 3 NEWBERG ON CLASS ACTIONS § 3:19 (4th ed. 2002).

The Evans Plaintiffs purport to sue under ERISA § 502(a)(2), which authorizes "a participant" to bring a civil action on behalf of a plan for breach of fiduciary duty under ERISA. 29 U.S.C. § 1132(a)(2). "The requirement that a claimant be a 'participant' is a subject matter jurisdiction requirement as well as a standing issue." *Lalonde v. Textron, Inc.*, 418 F. Supp. 2d 16, 19 (D.R.I. 2006) (quoting *Katzoff v. E. Wire Prods. Co.*, 808 F. Supp. 96, 98 (D.R.I. 1992)) (internal quotation marks omitted). Because neither of the Evans Plaintiffs meets the definition of "participant," they lack standing to bring this suit, and are not proper class representatives.

3

*See O'Shea*, 414 U.S. at 494 ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").

ERISA defines a participant as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The United States Supreme Court has elaborated on this definition, explaining that, as to former employees, it includes only those "who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (internal quotation marks and citations omitted). A former employee with neither a reasonable expectation of returning to work nor a colorable claim to vested benefits "simply does not fit within the phrase 'may become eligible,'" and therefore is not "a participant" within the meaning of ERISA § 502. *Id.* at 118; *see also Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir. 1994) (no standing for a former participant who had received his full lump sum distribution of benefits and had no reasonable expectation of returning to work or a colorable claim for vested benefits); *Nahigian v. Leonard,* 233 F. Supp. 2d 151, 165-66 (D. Mass. 2002) (no standing for a former employee alleging failure to pay for health benefits where he had no reasonable expectation of returning to work or colorable claim for benefits).[2] Accordingly, ERISA provides only very limited remedies to former participants.

---

[2] Courts in other circuits have also found that former participants who had already received a full distribution of all their benefits under the plan lack standing to bring fiduciary claims. *See Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir. 1986); *Yancy v. Am. Petrofina, Inc.*, 768 F.2d 707, 709-09 (5th Cir. 1985); *Dickerson v. Feldman*, No. 04 Civ. 7935(LAP), 2006 WL 838999, at *4 (S.D.N.Y. Mar. 30, 2006); *In re RCN Litig.*, No. 04-5068 (SRC), 2006 WL 753149, at * 14 (D.N.J. Mar. 21, 2006); *Carpenter v. Carroll, Pinto, Inc.*, 374 F. Supp. 2d 487, 493-94 (E.D. Va. 2005); *Hargrave v. TXU Corp.*, 392 F. Supp. 2d 785, 790 (N.D. Tex. 2005); *Vaughn v. Bay Envtl. Mgmt., Inc.*, No. C 03-5725 MJJ, 2005 WL 2373718, at *4 (N.D. Cal. Sept. 26, 2005);

That is not surprising. ERISA's enforcement scheme was carefully drafted to take into account the "tension between the primary goal of benefiting employees and the subsidiary goal of containing pension costs." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 515 (1981); *see also Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 220-21 (2002) (ERISA provides no action by fiduciaries for legal relief in enforcing terms of the plan); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262-63 (1993) (ERISA provides no action for money damages against a non-fiduciary who knowingly participates in a fiduciary breach). The interests of current and former participants are not always the same in this regard. Current participants have an interest in weighing the costs and benefits of bringing an action against their employer, the plan, or its fiduciaries, thereby helping ensure that costs are contained and the plan survives and thrives. But former participants who have received their entire benefit from the plan have no reason to consider its long-term health. And it is not as if former participants are wholly without a remedy – they need only bring suit with regard to any alleged wrongdoing *before* they take a full distribution.

The First Circuit was faced with very similar issues in *Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997). In that case, a woman had died of cancer after her welfare plan had refused to cover a certain new, untested treatment. The First Circuit affirmed the district court's dismissal of her husband's subsequent suit for damages as not authorized by ERISA, noting that "[t]he Supreme Court has adamantly ruled that ERISA's express remedies are a signal to courts not to create additional remedies of their own." *Id*. at 199. The *Turner* court also repeatedly recognized the cost implications from adding remedies not listed in ERISA:

---

*Jacobson v. Bank Leumi Le-Israel B.M.*, No. 96 C 1134, 1996 WL 296672, at * 2 (N.D. Ill. June 3, 1996); *Gilquist v. Becklin*, 675 F. Supp. 1168, 1171 (D. Minn. 1987).

5

> [T]he Supreme Court has stressed that ERISA does not create compensatory or punitive damage remedies where an administrator of a plan fails to provide the benefits due under that plan. . . . This is not a minor technicality: damage awards may increase effective coverage but may also add significantly to the costs of coverage.
>
> \* \* \*
>
> Compensatory damages are a conventional and potent remedy that might indeed deter misconduct and mitigate loss, although the cost of the plan would also be increased.
>
> \* \* \*
>
> Furthermore, Fallon (the insurer) also owes a duty to other plan participants who have a continuing interest in the solvency of the plan and the expenditure of its funds for covered medical procedures.

*Id.* at 198-99, 199-200 (citations omitted, emphasis omitted); *see also Andrews-Clarke v. Travelers Ins. Co.*, 984 F. Supp. 49, 54-55 (D. Mass. 1997) (no ERISA cause of action for wrongful death or personal injury from wrongful denial of coverage).

The named Plaintiffs in the Evans Action had ceased being participants in the Plan by the time they filed the instant action. They are former Grace employees and former Plan participants who received a distribution of all of their benefits under the Plan in a lump sum in 2001 and 2002, respectively – years before this case was filed. *See* Exhibit A (Declaration of John P. Forgach) ¶¶ 5(b), (d). "[F]ormer employees who have received the full benefits to which plan documents entitled them cannot be 'participants' of a plan." *Lalonde*, 418 F. Supp. 2d at 20 (citing *Brengettsy v. LTV Steel (Republic) Hourly Pension Plan*, 241 F.3d 609, 612 (7th Cir. 2001); *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 952 (6th Cir. 1990)).

Neither of the named Plaintiffs allege that they have a reasonable expectation of returning to work for Grace, now some four or five years later. Exhibit A (Declaration of John P. Forgach) ¶¶ 5(a), (c). Nor can they assert "a colorable claim for vested benefits," because they are seeking

6

*damages*, not *benefits*.  Although the distinction between damages and vested benefits is not always easy to define, the Fifth Circuit described the difference:

> Clearly, a plaintiff alleging that his benefits were wrongly computed has a claim for vested benefits. . . . On the other hand, a plaintiff who seeks the recovery for the trust of an unascertainable amount, with no demonstration that the recovery will directly effect payment to him, would state a claim for damages, not benefits.

*Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 350 (5th Cir. 1989).  As explained by the Ninth Circuit in a breach of fiduciary duty case:

> [T]he [plaintiffs] are not participants because, as former employees whose vested benefits under the plan have already been distributed in a lump sum, the [plaintiffs] were not "eligible to receive a benefit," and were not likely to become eligible to receive a benefit, at the time that they filed the suit.  Because, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits, they are not plan participants. The [plaintiffs] do not allege that their vested benefits were improperly computed, rather they allege breach of fiduciary duty or of a duty to disclose information about benefits, thus any recoverable damages would not be benefits from the plan.

*Kuntz v. Reese,* 785 F.2d 1410, 1411 (9th Cir. 1986).

The Evans Plaintiffs are suing under ERISA § 502(a)(2), contending that *the Plan* suffered losses because Grace stock continued to be offered as an investment option at a point in time when doing so was imprudent.  Evans First Am. Compl. ¶¶ 195-96.  If they were to prevail, it is *the Plan* that would recover.  While current Plan participants could receive an allocation of some portion of that recovery as damages, "[t]he difference between what their accounts actually earned and what they might have earned is not a benefit provided for, or promised under, the terms of the Plan."  *Lalonde*, 418 F. Supp. 2d at 22; *see also Dickerson v. Feldman*, No. 04-CV-7935(LAP), 2006 WL 838999, at * 4 (S.D.N.Y. Mar. 30, 2006) (former participants lacked standing to sue for ERISA breach of fiduciary duty because recovery "inures to the benefit of the plan as whole," rather than to individual participants).  But former participants in the Plan who have no account, like the Evans Plaintiffs, cannot share in that recovery.

7

Indeed, the *Lalonde* court recently held that former participants did not have standing to bring a fiduciary breach action under ERISA under facts strikingly similar to this case. Like the allegations here, the *Lalonde* plaintiffs were claiming that the defendants breached their fiduciary duties by allowing an ESOP to purchase and hold company stock at a time when it was imprudent to do so. And like the Evans Plaintiffs, they were former participants in the plan who had received their full benefit from the plan. The *Lalonde* court had no trouble finding that the plaintiffs lacked standing to bring the fiduciary duty suit under ERISA:

> Plaintiffs do not claim that certain vested benefits were withheld or miscalculated, but rather, that Defendants' improper investment decisions concerning Textron stock resulted in a diminished Plan value. The difference between what their accounts actually earned and what they might have earned is not a benefit provided for, or promised under, the terms of the Plan. The remedy Plaintiffs are seeking is not the payment of a vested benefit, but a monetary damage amount for an alleged breach of a fiduciary duty. Ultimately, Plaintiffs received all benefits due to them under the Plan terms when they were transferred . . . . At that point, without a reasonable expectation of returning to Textron as employees, and absent a colorable claim to vested benefits, they ceased to be participants under ERISA. Plaintiffs, therefore, do not have standing.

*Lalonde*, 418 F. Supp. 2d at 22. This Court should reach the same conclusion.

To be sure, there is an exception to the general rule that a former employee who has received all of his benefits under the plan is not "a participant" within the meaning of ERISA § 502 "where the employee would still be a participant in the plan (and thus entitled to higher benefit levels) but for the employer's malfeasance." *Nahigian*, 233 F. Supp. 2d at 167. But this exception is limited:

> [W]here an employee alleges a decision to retire based on alleged misrepresentations by his employer amounting to a breach of fiduciary duty, and the true facts are not available to the employee until after the employee has received all his vested benefits under a plan; and further, where the employee shows that in the absence of the employer's breach of fiduciary duty he would have been entitled to greater benefits than those which he received, then his receipt of payment cannot be used to deprive him of "participant" status and hence, standing to sue under ERISA.

8

*Vartanian v. Monsanto Co.*, 14 F.3d 697, 703 (1st Cir. 1994).  It is not applicable here.  The Evans Plaintiffs do not contend that the Grace Defendants' alleged imprudence caused either the termination of their employment or the withdrawal of their funds from the Plan; thus, this is not a case where they "would still be a participant in the plan . . . but for the [defendants'] malfeasance."

That the Evans Plaintiffs lack standing is fatal not only to their Motion for Class Certification, but also to the action as a whole.  Where, as here, the named Plaintiffs lack independent, individual standing to bring a claim, the proper disposition of the case is not denial of class certification, but dismissal of the action altogether.  *See*, *e.g.*, *In re Admin. Comm. ERISA Litig.*, No. C03-3302 PJH, 2005 WL 3454126, at *7-8 (N.D. Cal. Dec. 16, 2005) (denying motion for class certification and dismissing complaint because named plaintiffs lacked standing to bring action); *Ayers v. U.S. Football League*, No. 84 C 7563, 1986 WL 6095, at *2 (N.D. Ill. May 20, 1986) (where a named plaintiff is without standing to sue, the proper disposition of the case is dismissal rather than denial of class certification because without a case or controversy, the court lacks jurisdiction).  Accordingly, the Grace Defendants respectfully request that the Evans Complaint must be dismissed.

**B.     The Evans Plaintiffs' Misrepresentation Count Is Inappropriate for Class Certification.**

Even if the Evans Action is not dismissed, the motion for class certification filed by the Evans Plaintiffs should be denied as to their misrepresentation count.  This count will require an individualized factual determination for each plaintiff, making it unsuitable for class treatment.

The Evans Plaintiffs assert that the Grace Defendants breached their fiduciary obligations under ERISA by communicating to Plan participants that Grace stock was a prudent investment,

9

"which caused the Plan, Plaintiff[s] and members of the Class to purchase, and to hold and maintain, investments in Grace securities" when the Grace Defendants knew or should have known that Grace stock was an imprudent investment. Evans First Am. Compl. ¶ 88. The four required elements for an ERISA breach of fiduciary duty claim based on misrepresentations are: "(1) the defendant was an ERISA fiduciary acting as a fiduciary, (2) the defendant made a misrepresentation, (3) the misrepresentation was material, and (4) the plaintiff detrimentally relied on the misrepresentation." *Tootle v. ARINC, Inc.*, 222 F.R.D. 88, 94 (D. Md. 2004); *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 449 (6th Cir. 2002); *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 510 (W.D.N.C. 2003)); *see also Coffin v. Bowater, Inc.*, 228 F.R.D. 397, 409 (D. Me. 2005) (ERISA breach of fiduciary duty claim includes individual issues of reliance). Thus, in order to prevail on their misrepresentation claim, each Plaintiff will be required to establish that he or she detrimentally relied on the Grace Defendants' alleged communications.

A case that requires proof of individuals' reliance is inappropriate for class certification. *Rothwell v. Chubb Life Ins. Co. of Am.*, 191 F.R.D. 25, 31 (D.N.H. 1998) ("[C]ertification generally is inappropriate when individual reliance is an issue."). Courts across the country agree. *See Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1025 (11th Cir. 1996); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996); *Simon v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 482 F.2d 880, 882 (5th Cir. 1973); *Coffin v. Bowater Inc.*, 228 F.R.D. 397, 408-09 (D. Me. 2005); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 224 F.R.D. 613, 629 (E.D. Tex. 2004); *Van West v. Midland Nat'l Life Ins. Co.*, 199 F.R.D. 448, 452-53 (D.R.I. 2001); *In re One Bancorp Secs. Litig.*, 136 F.R.D. 526, 533 (D. Me. 1991). As the Supreme Court stated in *Basic Inc. v. Levinson*, "[r]equiring proof of individualized reliance from each member . . . would . . .

prevent . . . proceeding with a class action, since individual issues then would . . . overwhelm[] the common ones." 485 U.S. 224, 242 (1988).

The Evans Plaintiffs apparently intend to argue that the existence of the reliance issue should not affect class certification because individual reliance need not be proven but can instead be presumed. Evan First Am. Compl. ¶ 175. But this is not the law with regard to a misrepresentation claim under ERISA. "[I]n the context of an ERISA claim, a plan participant's detrimental reliance upon the representation or omission of a fiduciary *may not be presumed*." *Thomas v. Aris Corp. of Am.*, 219 F.R.D. 338, 342 (M.D. Pa. 2003) (emphasis added); *see also In re Unisys Corp. Retiree Med. Benefits Litig.*, No. 969, 2003 WL 252106, at *5 n. 13 (E.D. Pa. Feb. 4, 2003) ("[c]ontrary to plaintiffs' contention, reliance may *not* be presumed in this [ERISA fiduciary duty] case"). Accordingly, the Evans Plaintiffs' Motion for Class Certification should be denied as to their claim for breach of fiduciary duty based on alleged misrepresentations.

### C.    The Proposed Classes Are Overly Broad.

The classes proposed by both the Evans Plaintiffs and the Bunch Plaintiffs are overly broad. First, both classes would include prior Plan participants who have already received their entire Plan benefit. As indicated above, such persons lack standing to bring a fiduciary action under ERISA, and for that reason, they also cannot be members of a class in such a case. "The definition of a class should not be so broad so as to include individuals who are without standing to maintain the action on their own behalf." *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999); *McElhany v. Eli Lilly & Co.*, 93 F.R.D. 875, 878 (D.S.D. 1982); *see also McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001) (narrowing class definition to exclude individuals who had not been harmed and were not at risk of harm). Accordingly, no

11

class can be defined to include former participants who have received a full distribution of their Plan benefits.

Second, the class proposed by the Bunch Plaintiffs is too broad for another reason: it includes participants from 1976 to the present, even though the offending conduct took place only in 2004. The Bunch Action involves only State Street's sale of Grace stock from the Plan in 2004 and its alleged repurchase of that stock for its own purposes:

> THE COURT: Are your allegations in this case directed to the alleged repurchase of shares . . . or do you claim that their decision to divest additionally was improper?
>
> BUNCH COUNSEL: * * * [W]e are solely looking at what appears to be an increase in State Street's holding after they were--after they took the position to divest the Grace stock fund.
>
> THE COURT: So I take that as a direct answer to my question, that your claims relate only to the alleged repurchase of shares of Grace by State Street while they were disposing of these shares.
>
> BUNCH COUNSEL: That is correct, your Honor.

Exhibit B (Transcript of Hearing on State Street's Motion to Dismiss, Mar. 2, 2006), at 7-8; *see also* Memorandum and Order Denying State Street's Motion to Dismiss of Apr. 5, 2006 (docket # 81) (stating that Bunch Plaintiffs demonstrated a genuine issue of material fact as to "whether State Street, in its capacity as investment manager for the Grace Stock Fund, breached its fiduciary duty by re-purchasing shares of W. R. Grace & Co. Stock after initiating divestment of that same stock from the Grace Stock Fund").

The only participants who that could have even arguably been impacted by State Street's "alleged repurchase of shares of Grace . . . while they were disposing of these shares," are those who held Grace stock in their accounts during 2004. Consequently, this Court should deny

certification or, at a minimum, limit the class to Plan participants who held Grace stock in their accounts in 2004 and who have not yet received a full distribution of their benefits.

## III. CONCLUSION

For all of the foregoing reasons, the Grace Defendants respectfully request that the Evans Complaint be dismissed in its entirety; that class certification be denied as to the misrepresentation count in the Evans Complaint; and that any classes that are certified be limited to Plan participants who have not yet received a full distribution of their benefits, and who could have been harmed by the relevant allegations in the respective Complaints.

Dated: May 30, 2006

Respectfully submitted,

/s/ Carol Connor Flowe
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

- and -

Carol Connor Flowe
Caroline Turner English
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395

*Counsel for John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Fred E. Festa, Investments and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, Robert M. Tarola, Eileen Walsh, David*

13

*Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapadario*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KERI EVANS, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **JOHN F. AKERS, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) <br> ) <br> **LAWRENCE W. BUNCH, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **W. R. GRACE & CO., et al.,** ) <br> ) <br> **Defendants.** ) | **Consolidated Under <br> Case No. 04-11380-WGY** |

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 30, 2006, I filed Grace Defendants' Consolidated Opposition to Motions for Class Certification through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on May 30, 2006.

                                            /s/ Carol Connor Flowe