**EXHIBIT B**

3-2-06-F evans-wgy.txt

                                                                    1

1           UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
2

3    * * * * * * * * * * * * * *
     *KERI EVANS, et al.          *
4              Plaintiffs         *    CIVIL ACTION
                 vs.              *    No. 04-11380-WGY
5                                 *
     *JOHN F. AKERS, et al.       *
6              Defendants         *
     * * * * * * * * * * * * * *
7

8

9         BEFORE THE HONORABLE WILLIAM G. YOUNG
              UNITED STATES DISTRICT JUDGE
10                 MOTION TO DISMISS
                    March 2, 2006
11

12

13

14

15

16

17

18

19

20                              Courtroom No. 18
                                1 Courthouse Way
21                              Boston, Massachusetts 02109

22
                        JAMES P. GIBBONS, RPR/RMR
23                         Official Court Reporter
                        1 Courthouse Way, Suite 7205
24                        Boston, Massachusetts  02210
                                (617) 428-0402
25

                                                                    2

1    APPEARANCES:

2
              GILMAN AND PASTOR, LLP, (By David Pastor, Esq.) 60
                              Page 1

```
                       3-2-06-F evans-wgy.txt
 3         State Street, Boston, Massachusetts  02109, on behalf of
           the Evans Plaintiffs
 4
               SCHIFFRIN & BARROWAY, LLP, (By Katherine B.
 5         Bornstein, Esq.) 280 King of Prussia Road, Radnor,
           Pennsylvania 19087, on behalf of the Evans Plaintiffs
 6
               WAITE, SCHNEIDER, BAYLESS & CHESLEY, (By Jane H.
 7         Walker, Esq.) Fouth & Vine Tower, 1 West Fourth Street,
           Cincinnati, Ohio 45202, on behalf of the Bunch
 8         Plaintiffs

 9             ARENT FOX, PLLC, (By Carol Connor Flowe, Esq.) 1050
           Connecticut Avenue, NW, Washington, D.C. 20036-5339, on
10         behalf of all Defendants except State Street

11             MINTZ, LEVIN, COHN, FERRIS, GLOVSY & POPEO, PC, (By
           Matthew C. Hurley, Esq.) One Financial Center, Boston,
12         Massachusetts 02111, on behalf of all Defendants except
           State Street
13
               PAUL, HASTINGS, JANOFSKY & WALKER, (By Scott M.
14         Flicker, Esq.), 875 Fifteenth Street, NW, Washington,
           D.C. 20005, on behalf of State Street Defendants
15

16

17

18

19

20

21

22

23

24

25
                                                                       3

 1                       P R O C E E D I N G S
 2                 THE CLERK:  Civil Action 04-11380, Evans
 3    versus Akers.
 4                 THE COURT:  Good afternoon.
 5         Would counsel please identify themselves.
 6                 MS. FLOWE:  Carol Flowe, your Honor, counsel
 7    for all the defendants other than State Street.
                            Page 2
```

3-2-06-F evans-wgy.txt

8        MR. FLICKER: Your Honor, Scott Flicker from
9   Paul, Hastings, counsel for defendant State Street, with my
10  cocounsel. This is Mr. John Mack.
11       MR. MACK: Good afternoon, your Honor.
12       MS. WALKER: Good afternoon, your Honor. I'm
13  Jane Walker with the law firm of Waite, Schneider,
14  Bayless & Chesley in Cincinnati, Ohio.
15       THE COURT: And you're admitted pro hac vice
16  here?
17       MS. WALKER: I am, sir. Our local counsel,
18  Mr. Block, is not able to be with us today.
19       THE COURT: You're certainly welcome.
20       MS. WALKER: Thank you.
21       MR. PASTOR: David Pastor, your Honor, and
22  Katherine Bornstein for the Evans plaintiffs.
23       MR. HURLEY: And, your Honor, Matt Hurley from
24  Mintz, Levin, local counsel for all the defendants other
25  than State Street.

                                                              4

1        THE COURT: Now, let's see where we are here.
2        Fidelity's motion to dismiss is moot. That's
3   clear.
4        Let's hear State Street's motion to dismiss.
5        Mr. Flicker.
6        MR. FLICKER: Thank you, your Honor. Scott
7   Flicker again for State Street.
8        We are here on State Street's motion to dismiss.
9        Before I go any further, I wanted to draw the
10  Court's attention to something in my brief.
11       I filed a reply brief in this case yesterday.

Page 3

3-2-06-F evans-wgy.txt

12  THE COURT: Yes.

13  MR. FLICKER: On page 3 of that brief we cited
14  a First Circuit decision called Raskiewicz v. Town of New
15  Boston, and in that decision I characterized that case as
16  one examining a "motion to dismiss."

17  Your Honor, when I reread the case today, I
18  realized the case was on a summary judgment. So I would
19  like to bring your attention to that and withdraw that
20  citation.

21  THE COURT: Thank you.

22  MR. FLICKER: We are now here on State
23  Street's motion to dismiss the Bunch complaint. Your Honor
24  recalls we have two complaints in this case. Our motion to
25  dismiss the Evans complaint is now moot because Evans has

5

1  voluntarily dismissed State Street. So we're only here on
2  the --

3  THE COURT: That's right. Very well.
4  All right.

5  MR. FLICKER: And we are here on the narrow
6  question in that single case which is whether in the course
7  of divesting the WR Grace 401k plan of shares of Grace
8  stock, did State Street engage in self-dealing by selling
9  the stock to itself or to an affiliate for profit. That's
10 the allegation that is made by the Bunch plaintiffs against
11 State Street.

12  I would like to spend just a moment --
13  THE COURT: Aren't the factual allegations of
14 the complaint sufficient to support those claims?

15  MR. FLICKER: Your Honor, they are not in this
16 case.

Page 4

3-2-06-F evans-wgy.txt

17    THE COURT: Why not?

18    MR. FLICKER: For two reasons.

19    First, there are no facts that are alleged in the complaint. There is just the bald assertion that State Street sold the stock to itself, and it is not supported by any particularity whatsoever or any other fact.

23    It is similar, in our view, to the case your Honor decided just a few weeks ago, the Pimental v Wachovia case, where we had there an allegation that a lender acted in bad

6

faith because he had disbursed funds to a contractor on a construction loan --

3    THE COURT: This is a little different. That's a case where the person who had lent the money is being sued by the borrower. Why is that analogous here?

6    MR. FLICKER: Because the allegation in that case was that the contractor had disbursed the money recklessly for his own gain in order to earn the fees back on having disbursed the loan.

10    THE COURT: This is an ERISA case, and you're under a fiduciary duty here.

12    MR. FLICKER: That's true, your Honor, and I assume that the lender was under certain duties as well as the borrower, but the narrow issue that your Honor decided on a motion to dismiss in that case was whether there was anything to support the bald allegation that there was the reckless act done for its own pecuniary gain. And here we have a bald allegation that State Street sold stock to itself, and I would suggest that those two allegations are of a kind, and the nature that they're made in, which is

Page 5

3-2-06-F evans-wgy.txt

21   there is nothing to support either allegation.  They're
22   bald, and the First Circuit has instructed that this court
23   need not credit such bald allegations.
24            THE COURT:  Well, are you really asking for a
25   more definite statement here?

                                                            7

1             MR. FLICKER:  I believe, your Honor, we would
2    be aided by that, and, in fact, our motion was both a motion
3    under 12(b)(6) and under Rule 8 for dismissal because we
4    have the significant question in our mind of precisely what
5    it is that the Bunch plaintiffs believe they have that
6    suggests State Street sold the stock to itself.
7             THE COURT:  Well, let me just jump over that.
8         You deny that; is that right?
9             MR. FLICKER:  When we get to the point of
10   filing an answer to this case, if we have to, we would deny
11   it, and there's more.
12            THE COURT:  Are you saying you would, of
13   course, deny it, because you deny that happened?
14            MR. FLICKER:  Absolutely.
15            THE COURT:  Well, that leads me to the ask the
16   Bunch plaintiffs this question:  Are your allegations in
17   this case directed to the alleged repurchase of shares --
18   denied, but you can't really handle that on a motion to
19   dismiss, and I'm treating this as a motion to dismiss -- or
20   do you claim that their decision to divest additionally was
21   improper?
22            MS. WALKER:  Let me -- I will address that,
23   your Honor.
24            We are solely looking at one simple issue, and we
25   have been working with Mr. Flicker over the last couple of
                          Page 6

3-2-06-F evans-wgy.txt

8

1   weeks, since we received his motion to dismiss, requesting
2   certain information that I think may answer the question.
3   We just don't have it yet.
4         We are -- to answer directly your question, we are
5   solely looking at what appears to be an increase in State
6   Street's holdings after they were -- after they took the
7   position to divest the Grace stock fund.
8         THE COURT: So I take that as a direct answer
9   to my question, that your claims relate only to the alleged
10  repurchase of shares of Grace by State Street while they
11  were disposing of these shares.
12        MS. WALKER: That is correct, your Honor.
13        THE COURT: Thank you. That is a direct
14  answer.
15        Now, you say it did not happen but, if it did
16  happen, that seems to pass the notice pleading standard, and
17  that is what the fight is about.
18        MR. FLICKER: Your Honor, the additional
19  factor in our motion here is the public SEC filings, which
20  show the amount of shareholdings that are within the Grace
21  investment management family. State Street must report to
22  the SEC all of the Grace shares.
23        THE COURT: Do I have to decide on -- well, I
24  guess I can take judicial notice of those.
25        I am having a hard time seeing it with a motion to

9

1   dismiss. This case may well be over on a motion for summary
2   judgment, but I'm wrestling with a motion to dismiss. It

3-2-06-F evans-wgy.txt

3   seems to me that these allegations tell you what you are
4   charged with. You are outraged and horrified and deny that
5   you did any of those things. That's what lawsuits are
6   about. So I guess I am saying I should deny the motion to
7   dismiss; you promptly move for summary judgment and win.
8           MR. FLICKER: Well, your Honor, I would have a
9   couple of comments on that if I can.
10          First is I would -- that Ms. Walker is correct,
11  that we have been trying to exchange information. It is, of
12  course, difficult to prove the negative, but we're trying to
13  figure out a way to do it.
14          We would ask --
15          THE COURT: Precisely. That's a candid
16  comment, and I am trying to make the Rules of Civil
17  Procedure work the way they are supposed to, and I will hear
18  you.
19          MR. FLICKER: And I would ask that the Court
20  consider, perhaps, holding over its ruling and allow the
21  parties time to exchange this information and see if we can
22  get rid of this case and if we can satisfy the plaintiffs
23  that, in fact, the negative is the negative.
24          THE COURT: That's a good idea.
25          Suppose I were to say this. I am going to treat

                                                          10

1   this motion as a motion for summary judgment, sit on it for
2   a month. You can file whatever you want, both sides, and
3   I'm not holding a second hearing; but I have focused on the
4   issue, and counsel for the plaintiffs have been very candid
5   as to what the issue is. You will either resolve and inform
6   the Court, or I will resolve it.
7           As I see the downside risk, I will grant your

Page 8

3-2-06-F evans-wgy.txt

8  motion for summary judgment, the case is over, they can
9  appeal; or I will deny your motion for summary judgment
10 because there is some issue.  You duty will then be to
11 answer it and we'll go on.
12         Make sense?
13              MR. FLICKER:  Thank you.
14         Yes, your Honor.
15              THE COURT:  Let me ask the plaintiff.
16         Make sense?
17              MS. WALKER:  Yes.  I have no objection to
18 that.
19              THE COURT:  Let me then, just to tie this up,
20 we must assume, just arguendo, that the case is alive and
21 you have timely -- everyone has filed a joint statement and
22 proposed pretrial scheduling order.  It posits a time line
23 that's too long.  This case, if it's going to go to trial
24 will go to trial no later than April 2007.  Ten depositions
25 a side will be sufficient.

11

1           Other than that, you seem to agree with everything,
2  except you built yourselves extraordinarily long times for
3  motions and responses.
4           You have the right within that same month -- in
5  fact, you have six weeks to file a proposed replacement case
6  management schedule.
7           The case is placed on the running trial list for
8  April 2007 unless you agree to an earlier date.  We will
9  handle the motion for summary judgment now on the payers.
10              MR. PASTOR:  I'm sorry, your Honor.
11         I didn't hear the time frame for filing a

Page 9

```
                         3-2-06-F evans-wgy.txt
12   substitute joint statement.
13              THE COURT:  Well, it's going to be a month for
14   summary judgment.  Six weeks for the joint statement,
15   because I will try to have the motion for summary judgment
16   decided.  And assuming the case is alive, as I must, if it's
17   alive, then six weeks from today file that joint statement.
18              If it's over; it's over.
19              MR. PASTOR:  There are, your Honor, of course,
20   two cases.  There's the Evans and the Budge.  The Evans case
21   would be alive regardless.
22              THE COURT:  The Evans case is whatever it is.
23   I deal with what's in front of me.
24              Thank you very much.
25              (Proceedings adjourned.)
```

                                                                12


C E R T I F I C A T E


   I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.


JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
Page 10

```
            3-2-06-F evans-wgy.txt
          1 Courthouse Way, Suite 7205
          Boston, Massachusetts 02210
                 (617) 428-0402
```

☐