UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>    Defendants.<br><br>LAWRENCE W. BUNCH, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>W. R. GRACE & CO., et al.,<br><br>    Defendants. | Consolidated Under<br>Case No. 04-11380-WGY |

**JOINT MOTION FOR STAY OF PROCEEDINGS PENDING MEDIATION**

  Defendants, W. R. Grace & Co., Investment and Benefits Committee, Administrative Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Thomas A. Vanderslice, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapidario (collectively, "Grace Defendants"), State Street Bank and Trust Co., and State Street Global Advisors (collectively "State Street Defendants"), and Plaintiffs, Keri Evans, Timothy Whipps (collectively, "Evans Plaintiffs"), Lawrence Bunch, Jerry Howard, and David Mueller (collectively "Bunch Plaintiffs"), by and through their undersigned counsel, respectfully request that the Court enter a stay of these proceedings through August 31, 2006, to enable the parties to devote their time and attention to negotiating an

amicable resolution of this matter. In support of this Motion, the Defendants and the Plaintiffs state as follows:

1. The Evans Plaintiffs are former Grace employees and participants in the W. R. Grace & Co. Savings & Investment Plan (the "Plan"). In their First Amended Complaint, the Evans Plaintiffs allege that the Grace Defendants breached various of their fiduciary obligations under the Employee Retirement Income Security Act of 1974 (ERISA) by, among other things, continuing to allow the investment of Plan assets in Grace stock and failing to give the Plan participants complete and accurate information about the Company's financial health so that they could make informed investment choices. Evans Compl. ¶¶ 5, 7, 9. More specifically, the Evans Plaintiffs claim that the Grace Defendants knew or should have known that Grace was facing mounting asbestos-related litigation liability, which placed the Company in financial peril and made Grace stock an imprudent investment for the Plan. *Id*. ¶¶ 99-112. The Evans Plaintiffs have filed this case on behalf of a putative class of Plan participants and beneficiaries whose accounts contained Grace stock between July 1, 1999 and April 19, 2004. *Id*. ¶ 89.

2. The Bunch Plaintiffs are current participants in the Plan. They allege that, among other things, the Defendants violated their fiduciary duties under ERISA by divesting the Plan of all of their Grace stock in 2004, at the same time that the State Street Defendants were purchasing Grace stock on their own behalf. Bunch Compl. ¶¶ 12-17. The Bunch Plaintiffs have filed this case on behalf of a putative class of Plan participants who owned Grace stock through the Plan between April 2003 and April 2004.[1]

3. On May 23, the Evans Plaintiffs propounded their First Request for Production of Documents to Defendants (the "Document Requests"), a copy of which is attached hereto as

---

[1] The Bunch Plaintiffs originally sought a class of participants who owned Grace stock through the Plan from September 1976 until September 2004. Bunch Compl. ¶ 61. They agreed to narrow their putative class in their reply brief on the class certification issue (p. 5).

Exhibit A. The Document Requests ask for vast quantities of documents regarding not only the Plan and Grace's stock, but also past and pending asbestos-related litigation involving Grace, government inquiries into Grace's accounting practices, various corporate reorganizations, and Grace's five-year-old bankruptcy case. Ex. A, Document Requests ¶¶ 45-56.

4. The Grace Defendants have so far identified a total of almost 8 million pages of electronic documents and 400 boxes of paper documents that may be responsive to these requests, and the search continues. Approximately 4 million pages of the electronic documents have been produced in other litigation and have therefore already been reviewed for privilege; however, the Grace Defendants must review all of the rest of the collected documents for responsiveness and privilege before they can be produced. The Grace Defendants have been diligently pursuing this effort, and expect to be producing a substantial number of documents without regard to a stay, in order to allow the parties to adequately prepare for the mediation. However, they estimate that to complete the entire process will involve several million dollars in legal fees and costs. The Grace Defendants certainly do not concede that all of the requests are appropriate; however, even if they were substantially reduced in scope, the cost of complying with them would still be enormous. And once the documents are produced, the Evans Plaintiffs will have to review them, which means that they will also incur staggering costs

5. In light of these massive discovery costs and the impact these costs may have on potential sources of recovery, the Grace Defendants and the Evans Plaintiffs agreed that they should explore whether the case can be resolved through early mediation. The State Street Defendants and the Bunch Plaintiffs also agreed to participate in the mediation. Through negotiations, the parties have agreed to retain retired United States District Judge Nicholas H. Politan to assist them. The parties agree that Judge Politan is a particularly suitable mediator for

3

this case because of his past successes in mediating class action disputes involving allegations of securities irregularities. *See, e.g., In re FAO Inc. Securities Litigation*, 2005 WL 3801469, at * 1 (E.D. Pa. May 20, 2005); *In re Elan Securities Litigation*, 385 F. Supp.2d 363, 367 (S.D.N.Y. 2005); *In re AMF Bowling Securities Litigation*, 334 F. Supp.2d 462, 465 (S.D.N.Y. 2004); *In re EquiMed, Inc. Securities Litigation*, 2002 WL 31113920, at * 3 (E.D. Pa. September 20, 2002). Judge Politan has also successfully mediated ERISA class actions similar to the present case.

6.  The parties have already contacted Judge Politan, whose first available date is not until mid-August. The parties have agreed to meet with Judge Politan and begin the formal mediation process in a full day session on August 15, 2006.

7.  The parties have agreed to participate in early mediation specifically to avoid the huge costs of discovery and the impact these costs would have on any available insurance policy. This goal can be accomplished only if these proceedings are stayed while the mediation process is pending. Further, the fact that significant issues pertaining to the plaintiffs' motions for class certification are currently pending in this action (including a challenge to the Evans Plaintiffs' standing) could provide an additional catalyst to the parties' reaching an amicable, global resolution. Accordingly, all the parties respectfully request that the Court issue an order staying this action in its entirety, including staying the class certification proceedings and adjourning the hearing currently scheduled for June 29, 2006, through August 31, 2006.

8.  Should the negotiations be unsuccessful, the parties will jointly propose a new schedule no later than September 11, 2006, which schedule will be consistent with this Court's existing Pretrial Scheduling Order in terms of the amount of time allotted for discovery and the period of time between the close of discovery and trial.

WHEREFORE the parties respectfully request that the Court stay these proceedings through August 31, 2006, while the parties are in the process of negotiating a global resolution.

Dated: June 15, 2006

/s/ David Pastor

_____
David Pastor (BBO # 391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 742-9700
Facsimile: (617) 742-9701

    -and-

Joseph H. Meltzer
Katherine B. Bornstein
SCHIFFRIN & BARROWAY LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7057

    -and-

Thomas J. Hart
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
Telephone: 202-797-8700

*Attorneys for Plaintiffs Keri Evans and Timothy Whipps*

/s/ Matthew C. Hurley

_____
William W. Kannel (BBO# 546724)
Matthew C. Hurley (BBO# 643638)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

/s/ Jeffrey C. Block

_____
Jeffrey C. Block
BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

    -and-

Stanley M. Chesley
James C. Cummins
Jane H. Walker
WAITE, SCHENEIDER, BAYLESS & CHESLEY CO., LPA
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375

*Attorneys for Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller*

/s/ Sean T. Carnathan

_____
Sean T. Carnathan (BBO#636889)
O'CONNOR, CARNATHAN and MACK, LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

5

-and-

Carol Connor Flowe
Caroline Turner English
Nancy S. Heermans
Valerie N. Webb
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Attorneys for Defendants John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Investments and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, Robert M. Tarola, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, Ren Lapadario, W.R. Grace & Co., W.R. Grace Investment and Benefits Committee, and Fred E. Festa.*

-and-

Scott M. Flicker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendants State Street Bank & Trust Company and State Street Global Advisors*

6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KERI EVANS, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**JOHN F. AKERS, et al.,** )<br>)<br>**Defendants.** )<br>)<br>**LAWRENCE W. BUNCH, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**W. R. GRACE & CO., et al.,** )<br>)<br>**Defendants.** ) | **Consolidated Under<br>Case No. 04-11380-WGY** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I filed the parties' Joint Motion for Stay of Proceedings through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on June 15, 2006.

/s/ Matthew C. Hurley