**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN F. AKERS, et al., )<br>)<br>Defendants. )<br>)<br>LAWRENCE W. BUNCH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>W. R. GRACE & CO., et al., )<br>)<br>Defendants. )<br>) | **Consolidated Under**<br>**Case No. 04-11380-WGY** |

**JOINT MOTION TO REOPEN THE PROCEEDINGS**

The parties to the above-captioned consolidated action, by and through their undersigned counsel, respectfully request that the Court reopen the above-captioned matter, which this Court administratively closed on or about June 16, 2006, pending the parties' attempt to negotiate a resolution of their dispute. In support of this Motion, the parties state as follows:

1.      The Evans Plaintiffs are two former Grace employees and former participants in the W. R. Grace & Co. Savings & Investment Plan (the "Plan"). The Evans Plaintiffs allege that the Grace Defendants breached various of their fiduciary obligations under the Employee Retirement Income Security Act of 1974 (ERISA) by, among other things, continuing to allow Plan assets to be invested in Grace stock and failing to give the Plan participants complete and accurate information about the Company's financial health so that they could make informed

investment choices. Evans Compl. ¶¶ 5, 7, 9. The Evans Plaintiffs filed a complaint on behalf of a putative class of Plan participants and beneficiaries whose accounts contained Grace stock between July 1, 1999 and April 19, 2004.

      2.      The Bunch Plaintiffs are three current participants in the Plan. They allege that independent fiduciary State Street violated its fiduciary duties under ERISA by divesting the Plan of all of its Grace stock in 2004, at the same time that State Street was purchasing Grace stock on its own behalf, and that the other Defendants were complicit in State Street's actions. Bunch Compl. ¶¶ 12-17. The Bunch Plaintiffs filed their case on behalf of a putative class of Plan participants who owned Grace stock through the Plan between April 2003 and April 2004.

      3.      On or about August 22, 2005, this Court consolidated the Evans and the Bunch Actions.

      4.      In May 2006, the Evans Plaintiffs and the Bunch Plaintiffs each filed a motion to certify their respective class pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b) ("Class Certification Motions").

      5.      The Defendants opposed the Class Certification Motions. In their opposition, the Grace Defendants argued that the Evans Plaintiffs lacked standing to bring this action, and that their complaint should, therefore, be dismissed.

      6.      The Court set a hearing date for June 29, 2006 on Plaintiffs' Class Certification Motions.

      7.      In the meantime, the parties began discovery. The Grace Defendants initially identified a total of almost 8 million pages of electronic documents and 400 boxes of paper documents that may be responsive to the document requests served by the Evans Plaintiffs. Upon realizing the massive discovery costs all the parties would have to incur, the parties agreed

to participate in early mediation to try and resolve their dispute.  The parties retained retired United States District Judge Nicholas H. Politan to assist them with the mediation.

8. The parties jointly moved this Court to stay the proceedings pending mediation with Judge Politan.

9. On or about June 16, 2006, the Court granted the parties' joint motion and issued an order administratively closing the proceedings pending the parties' negotiations to resolve the dispute.

10. The parties had an all-day session with Judge Politan on August 15, 2006, but were unsuccessful in resolving their dispute.  A significant reason that the parties were unable to reach a settlement was their differing views of the value of the case.

11. The parties are proposing a schedule (Attachment A), pursuant to their June 15, 2006 motion.

12. In their Joint Motion for Stay, the parties advised the Court that if mediation was unsuccessful, they would propose a new schedule that would be "consistent with this Court's existing Pretrial Scheduling Order in terms of the amount of time allotted for discovery and the period of time between the close of discovery and trial."  The schedule submitted herewith in Attachment A comports with these representations.

WHEREFORE the parties respectfully request that the Court reopen this action so that it can rule on the Class Certification Motions; schedule a hearing on the Class Certification Motions; and approve the schedule set forth in Attachment A.

Dated:  September 11, 2006

/s/ Matthew C. Hurley
_____
William W. Kannel (BBO# 546724)
Matthew C. Hurley (BBO# 643638)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

   -and-
Carol Connor Flowe
Caroline Turner English
Nancy S. Heermans
Jeffrey H. Ruzal
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395

*Attorneys for Defendants John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Investments and Benefits Committee, Administrative Committee, Brenda Gottlieb, W. Brian McGowan, Michael Piergrossi, Robert M. Tarola, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, Ren Lapadario, W.R. Grace & Co., W.R. Grace Investment and Benefits Committee, and Fred E. Festa.*


/s/ Sean T. Carnathan
_____
Sean T. Carnathan (BBO#636889)
(scarnathan@ocmlaw.com)
O'CONNOR, CARNATHAN AND MACK, LLC
New England Executive Park, Suite 310
Burlington, MA  01803

4

<div style="column-count:2">

Telephone: (781) 359-9000
Facsimile: (781) 359-9001

-and-

Scott M. Flicker
Thomas A. Rust
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

***Attorneys for Defendants State Street Bank & Trust Company and State Street Global Advisors***

</div>

/s/ David Pastor
_____
David Pastor (BBO # 391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 742-9700
Facsimile: (617) 742-9701

-and-

Joseph H. Meltzer
Katherine B. Bornstein
SCHIFFRIN & BARROWAY LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7057

-and-

Thomas J. Hart
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
Telephone: 202-797-8700

/s/ Jeffrey C. Block
_____
Jeffrey C Block
BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

-and-

Stanley M. Chesley
James C. Cummins
Jane H. Walker
WAITE, SCHENEIDER, BAYLESS & CHESLEY CO., LPA
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375

***Attorneys for Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller***

5

*Attorneys for Plaintiffs Keri Evans and Timothy Whipps*

**ATTACHMENT A**

**DISCOVERY AND PRETRIAL DEADLINES**

1. Fact discovery will commence upon the earlier of (a) the expiration of 60 days; or (b) immediately upon the Court's ruling on the Class Certification Motions ("Court's Ruling") and will conclude 6 months later.

2. The parties will have until 120 days after the Court's Ruling to amend their pleadings and/or join additional parties, although the parties may seek leave from the Court to do so beyond the deadline, for good cause shown.

3. The parties will identify their experts and produce their initial expert reports(s) no later than 14 days after the close of fact discovery.

4. The parties will exchange their rebuttal expert report(s) no later than 21 days after the exchange of their initial expert report(s).

5. Expert discovery will conclude 30 days after the exchange of rebuttal expert reports.

6. Dispositive motions will be filed no later than 30 days after the close of expert discovery.

7. The Court will issue an order scheduling trial.