Westlaw.

Slip Copy                                                                                                          Page 1

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents

NOT FOR PUBLICATION
United States District Court, D. New Hampshire.
In re TYCO INTERNATIONAL, LTD.
Multidistrict Litigation (MDL 1335).
**No. MD-02-1335-PB.**

Aug. 15, 2006.

William L. Chapman, Orr & Reno PA, Concord, NH, for All Plaintiffs.
Kenneth G. Bouchard, Bouchard & Kleinman PA, Hampton, NH, for Erisa Plaintiff.
Leigh Smith, Melvyn I. Weiss, Sanford P. Dumain, Milberg Weiss Bershad & Schulman LLP, New York, NY, Sidney S. Liebesman, Grant & Eisenhofer, Wilmington, DE, William L. Chapman, Jennifer A. Eber, Orr & Reno PA, Concord, NH, for Securities Plaintiff.
Ann M. Galvani, Boies Schiller & Flexner LLP, New York, NY, David W. Shapiro, Boise Schiller & Flexner LLP, Oakland, CA, Edward A. Haffer, Sheehan Phinney Bass & Green, Manchester, NH, Francis P. Barron, Cravath Swaine & Moore LLP, Marshall R. King, Mitchell Karlan, Gibson Dunn & Crutcher, New York, NY, for Tyco International (US) Inc.
Paul W. Mollica, Meites Mulder Mollica & Glink, Chicago, IL, for Lionel I. Brazen.
Biron L. Bedard, Cook & Molan PA, Concord, NH, for Ron Chang.
Eric B. Fisher, Gregory A. Blue, Peter D. Morgenstern, Rachel K. Marcoccia, Morgenstern Jacobs & Blue LLC, New York, NY, for Alexandra H. Ballard.
R. Matthew Cairns, Ransmeier & Spellman, Concord, NH, for State of New Jersey, Department of Treasury, Division of Investments.
Frederick E. Upshall, Jr., Upshall, Cooper & Temple, P.A., Concord, NH, for Paul Manko.
Darren T. Kaplan, Gregory E. Keller, John F. Harnes, Mary Kathryn King, Chitwood Harley Harnes LLP, Atlanta, GA, Robert C. Finkel, Wolf Popper LLP, New York, NY, for Rosemarie Stumpf.
Paul J. Geller, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Boca Raton, FL, for Florida Plaintiffs Ray Rappold, H. George Mandel, Irving Goldfarb, Schuldt Limited Partnership, Jim Myers, John Hromyak.
Carl L. Stine, Danielle Disporto, Michael A. Schwartz, Wolf Popper LLP, New York, NY, Darren T. Kaplan, Gregory E. Keller, Jill Asch Levenson, John F. Harnes, Mary Kathryn King, Chitwood Harley Harnes LLP, Atlanta, GA, Mark L. Mallory, Mallory & Friedman PLLC, Concord, NH, for Mark Newby.
Bryan A. Fratkin, Elizabeth F. Edwards, McGuirewoods, Richmond, VA, Edward A. Haffer, Sheehan Phinney Bass & Green, Manchester, NH, Francis P. Barron, Cravath Swaine & Moore LLP, New York, NY, for Tyco International, Ltd.
William T. Hassler, Steptoe & Johnson LLP, Washington, DC, David A. Vicinanzo, Nixon Peabody LLP, Manchester, NH, for Mark A. Belnick.
Carolyn Barth Renzin, Lara Shalov, Michael J. Grudberg, Stillman & Friedman PC, New York, NY, for Mark H. Swartz.
Richard B. McNamara, Wiggin & Nourie, P.A., Manchester, NH, for Dennis Kozlowski.
Arnold Rosenblatt, Michael S. Owen, Cook Little Rosenblatt & Manson, Manchester, NH, Konstantinos D. Katsiris, Davis Polk & Wardwell, New York, NY, Christian M. Hoffman, Foley Hoag LLP, Boston, MA, for Pricewaterhousecoopers, LLP.
Miranda Schiller, Weil Gotshal & Manges, New York, NY, for Outside Director Defendants Richard Bodman, Wendy Lane.

**MEMORANDUM AND ORDER**
PAUL BARBADORO, District Judge.
*1 The lead plaintiffs in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., are

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 2

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
(Cite as: Slip Copy)

participants in retirement savings plans ("plans") sponsored by **Tyco** International (U.S.), Inc. ("**Tyco** U.S."), a wholly-owned subsidiary of **Tyco** International Ltd. ("**Tyco** International"). They assert claims against, *inter alia,* **Tyco** U.S. and **Tyco** International (collectively, "**Tyco**"), and the **Tyco** U.S. Retirement Committee.

Plaintiffs' claims concern the **Tyco** International Ltd. Stock Fund (the "Stock Fund"), which holds stock in **Tyco** International and is one of the investment options offered by the plans. Plaintiffs allege that defendants were fiduciaries of the plans. They assert two claims under **ERISA** for **breach** of **fiduciary duty**. In Count I, the "misrepresentation count," plaintiffs allege that defendants failed to provide retirement savings plan participants with complete and accurate material information about **Tyco**, **Tyco's** accounting and corporate governance, and the Stock Fund. *See* Consolidated Amended Complaint ("Compl.") ¶ 2. In Count II, the "imprudent investment count," plaintiffs allege that defendants offered the Stock Fund as an investment option and permitted the plans to invest in the Fund despite their knowledge that the Fund was an imprudent investment. *Id.*

Plaintiffs have moved for the **certification** of a **class** consisting of "all Participants in the Plans for whose individual accounts the Plans purchased and/or held shares of the **Tyco** Stock Fund at any time from August 12, 1998 to July 25, 2002 (the '**Class** Period')." Pls.' Br. at 2. They designate the following individuals as proposed **class** representatives: Edmund Dunne, Kay Jepson, John Gordon, Gary Johnson, Peter Poffenberger, and Karen Wade.

### I. *CLASS CERTIFICATION STANDARD*

Federal Rule of Civil Procedure 23 sets out the familiar requirements for **class certification**. Plaintiffs have the burden of showing that each requirement has been met. *Makuc v. Am. Honda Motor Co.,* 835 F.2d 389, 394 (1st Cir.1987). The **class certification** inquiry has two steps. First, plaintiffs must show that the proposed **class** satisfies all four of Rule 23(a)'s threshold requirements, which are commonly known as numerosity, commonality, typicality, and adequacy. Second, plaintiffs must demonstrate that the lawsuit may be maintained as a **class** action under one of the three subsections of Rule 23(b).

#### A. *Rule 23(a)*

The numerosity requirement limits **class** actions to those cases in which "the **class** is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "[N]umbers alone are not usually determinative," but both the number of potential **class** members as well their geographic distribution are relevant to the numerosity determination. *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 131-32 (1st Cir.1985). In addition, a proposed **class** is more likely to satisfy the numerosity requirement if it is difficult to identify potential **class** members. *Id.* at 132.

*2 The commonality requirement provides that there must be "questions of law or fact common to the **class**." Fed.R.Civ.P. 23(a)(2). Commonality "is not a high bar." *In re Chiang,* 385 F .3d 256, 265 (3d Cir.2004). The requirement " 'will be satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class.' " *Id.* (quoting *Johnston v. HBO Film Mgmt.,* 265 F.3d 178, 184 (3d Cir.2001)). "[A]n identity of claims or facts among class members" is not required. *Johnston,* 265 F.3d at 184.

The typicality requirement calls for a showing that " the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Although the class representatives' claims need not be identical to those of the class as a whole, they must be " 'based on the same legal theory and arise from the same practice or course of conduct.' " *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* 216 F.R.D. 197, 204-05 (D.Me.2003) (quoting *In re Playmobil Antitrust Litig.,* 35 F.Supp. 231, 241 (E.D.N.Y.1998)). Class representatives' claims are not typical if they "may be subject to unique defenses that would divert attention from the common claims of the class," *In re Bank of Boston*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 3

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

*Corp. Sec. Litig.,* 762 F.Supp. 1525, 1532 (D.Mass.1991), or "if factual differences predominate to the extent where the court must make highly fact-specific or individualized determinations in order to establish a defendant's liability to each class member." *Collazo v. Calderon,* 212 F.R.D. 437, 443 (D.P.R.2002).

Finally, the adequacy requirement will be satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy requirement has two prongs. First, plaintiffs must show that " counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews,* 780 F.2d at 130. Second, plaintiffs must demonstrate " that the interests of the [class representatives] will not conflict with the interests of any of the class members." *Id.* Class representatives are not required to possess " 'expert knowledge' " about the case, and may rely heavily on class counsel for guidance. *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 69 (D.Mass.2005) (quoting *Cty. of Suffolk v. Long Island Lighting Co.,* 710 F.Supp. 1407, 1416 (E.D.N.Y.1989)). A "perceived lack of subjective interest" is ordinarily insufficient to disqualify proposed class representatives. *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 728 (11th Cir.1987) . However, individuals should not serve as class representatives if they possess "so little knowledge of and involvement in the class action that they [are] unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Id.* at 727. The adequacy requirement is satisfied "unless [the class representatives'] participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case." *Id.* at 728.

**B.** *Class Certification under Rule 23(b)*

\*3 In the second stage of the class certification inquiry, plaintiffs must show that the proposed class is maintainable under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3). "Under Rule 23, the different categories of class actions, with their different requirements, represent a balance struck in each case between the need and efficiency of a class action and the interests of class members to pursue their claims separately or not at all." *Allison v. Citgo Petro. Corp.,* 151 F.3d 402, 412 (5th Cir.1998). A putative class action is "categorized according to the nature or effect of the relief being sought." *Id.*

A class should be certified under Rule 23(b)(1) if prosecution of individual actions "would create a risk of inconsistent or varying adjudications with respect to individual members of the class which wo uld establish incompatible standards of conduct for the party opposing the class," Fed.R.Civ.P. 23(b)(1)(A), or "would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." *Id.* 23(b)(1)(B). Rule 23(b)(1) generally "encompasses cases in which the defendant is obliged to treat class members alike or where class members are making claims against a fund insufficient to satisfy all of the claims." *Allison,* 151 F .3d at 412.

A class should be certified under Rule 23(b)(2) if " the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Certification under 23(b)(2) is appropriate if " broad, class-wide injunctive or declaratory relief is necessary." *Allison,* 151 F.3d at 412.

Finally, a class should proceed under Rule 23(b)(3) if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). "[T]he (b)(3) class action was intended to dispose of all other cases in which a class action would be 'convenient and desirable,' including those involving large-scale, complex litigation for money damages." *Allison,* 151 F.3d at 412 (quoting *Amchem Prods. v. Windsor,* 521 U.S. 591, 615

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091  
**(Cite as: Slip Copy)**

Page 4

(1997)). Unlike (b)(1) and (b)(2) class actions, participation in a(b)(3) class is not mandatory; the court is obliged to notify putative class members that they may opt out of the class and seek relief as individuals. See Fed.R.Civ.P. 23(c)(2)(B); *Amchem,* 521 U.S. at 617.

## II. ANALYSIS

Plaintiffs seek class certification under both Rule 23(b)(1)(B) and Rule 23(b)(3).[FN1] Defendants challenge certification on several grounds. Their first argument, which applies to both the misrepresentation count and the imprudent investment count, is that the proposed class representatives do not satisfy Rule 23(a)'s adequacy requirement because they are insufficiently involved in the prosecution of the case. Defendants' remaining arguments apply only to the misrepresentation count and are based on the premise that reliance is an essential element of a misrepresentation claim under ERISA. *See, e.g., Romero v. Allstate Corp.,* 404 F.3d 212, 226 (3d Cir.2005). They argue that the proposed class representatives cannot prove that they directly relied on the specific misstatements and omissions on which the misrepresentation count is based, such that their claims are not typical of the claims of the class as a whole, and therefore that certification is improper under Rule 23(a). In the same vein, defendants contend that plaintiffs' dependence on individualized evidence to establish reliance bars certification under both Rule 23(b)(1)(B) and Rule 23(b)(3). I begin by addressing defendants' adequacy argument.[FN2]

> FN1. Although the bulk of plaintiffs' briefing has addressed certification under Rules 23(b)(1)(B) and 23(b)(3), they contend that certification is also appropriate under Rule 23(b)(1)(A) and Rule 23(b)(2). Pls.' Br. at 15 & n. 4. I disagree that certification should be granted under either provision. "Certification under Rule 23(b)(1)(A) is ... not appropriate in an action for damages." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1193 (9th Cir.2001); *see also Cashman v. Dolce Int'l/Hartford,* 225 F.R.D. 73, 93 (D.Conn.2004). Similarly, a class should be certified under Rule 23(b)(2) only if plaintiffs seek predominantly injunctive or declaratory relief. *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139,* 216 F.3d 577, 580 (7th Cir.2000). In this case, plaintiffs seek primarily money damages. Accordingly, I decline to **certify** the proposed **class** under either Rule 23(b)(1)(A) or 23(b)(2).

> FN2. Defendants have not challenged plaintiffs' assertion that the proposed **class** satisfies Rule 23(a)'s numerosity and commonality requirements, and I agree with plaintiffs that they have met their burden with respect to those requirements. During the **class** period, **Tyco** employed over 100,000 individuals in the United States, many of whom were plan participants. Compl. ¶ 29. This is more than **adequate** to satisfy the numerosity requirement. Likewise, the case presents enough common questions of law and fact to easily satisfy the commonality requirement.

### A. *Rule 23(a) Adequacy*

*4 **Tyco** submits that the proposed **class** representatives do not satisfy the adequacy requirement because they "are doing little more than lending their names to this lawsuit."[FN3] Defs.' Br. at 2. I discuss each proposed **class** representative in turn to determine if he or she has "abdicated" his or her responsibility to remain involved in the case. *See Kirkpatrick,* 827 F.2d at 728.

> FN3. Defendants do not challenge the competence of plaintiffs' lawyers, and I agree that co-lead counsel are qualified to conduct this litigation.

1. *Dunne*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 5

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

Dunne understands the basics of class action litigation. *See* Dep. of Edmund J. Dunne, Jr. ("Dunne Dep.") at 21:24-22:6. He skims lengthy documents that his attorney sends to him and carefully reads underlined or bold text in those documents. *Id.* at 47:5-48:23. He consults his attorney if he does not understand something in a document. *Id.* at 53:2-5. Dunne would be willing to testify at trial if necessary. *Id.* at 40:8. Dunne is an **adequate class** representative.[FN4]

> FN4. Although Dunne refused to answer several questions at his deposition because they did not "deal directly with [his] employment with **Tyco**," Dunne Dep. at 17:24-25, he was forthcoming about his employment at **Tyco** and dealings with the plans.

### 2. *Jepson*

Jepson generally understands how a **class** action works, see Dep. of Kay M. Jepson ("Jepson Dep.") at 22:4-10, and knows that this action is at the **class certification** stage. *Id.* at 60:16-19. In relation to the case, Jepson testified that she has "learned about the case ... gathered a lot of information ... and ... met with [her] counsel." *Id.* at 24:3-6. When asked about her responsibilities as a class representative, Jepson stated that "[i]t is my responsibility to provide information to my attorneys to stay abreast of the case and what's going on with the case; to be available for a deposition or other-whatever they need me for, meetings that I'm requested to attend, and I have to read all my homework." *Id.* at 62:8-13. Jepson is an adequate class representative.

### 3. *Gordon*

Gordon is aware of his responsibility as a class representative. *See* Dep. of John Gordon ("Gordon Dep.") at 15:7-16:19. He has requested copies of pleadings on several occasions. *Id.* at 19:2-25. He knows that he should consult his lawyer if he doesn't understand a document and has done so in the past. *Id.* at 21:12-20. He maintains a file of paperwork related to the case. *Id* . at 34:4-10.

Gordon is willing to donate "as much [time] as possible" to the case, *id.* at 29:5, including testifying at trial if necessary. *Id.* at 29:15-16. Gordon is an adequate class representative.

### 4. *Johnson*

Johnson understands that his duties as a class representative include monitoring the attorneys for the class. *See* Dep. of Gary Johnson ("Johnson Dep.") at 16:9-11. He believes that he has a responsibility, along with his lawyers, to make decisions in the case. *Id.* at 30:1-3. Although Johnson does not call his attorney when he doesn't understand something, *id.* at 20:2-4, he reviews their work regularly. *Id.* at 19:20-22. Johnson is willing to do "whatever it takes" to serve the class, including testifying at trial if necessary. *Id.* at 27:7-17. Johnson is an adequate class representative.

### 5. *Poffenberger*

**\*5** Poffenberger understands the basic mechanics of a class action and his obligations as a class representative. *See* Dep. of Peter Poffenberger ("Poffenberger Dep.") at 19:15-25. He is knowledgeable about the particulars of the lawsuit. *See id.* at 39:22-24 (identifying several of the defendants), 41:10-11 (identifying the class period). He maintains a file concerning the litigation. *Id.* at 43:22-44:8. Poffenberger is willing to devote "as much time as it takes" to the litigation without compromising his finances or employment, *id.* at 36:5-7, including testifying at trial. *Id.* at 37:4-5. He is an adequate class representative.

### 6. *Wade*

Wade has a basic understanding of class actions and the responsibilities of a class representative. *See* Dep. of Karen L. Wade ("Wade Dep.") at 21:16-22:7. She understands the composition of the proposed class, *id.* at 40:10-13, and knows that the litigation is at the class certification stage. *Id.* at 43:6-8. She believes that she should supervise her lawyers. *Id.* at 23:22-24. Wade has already spent 40

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                         Page 6
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

hours on this case, *id.* at 25:19, and maintains a file containing correspondence from her lawyers about the case. *Id.* at 41:20-21. She is an adequate class representative.

Because each of the proposed class representatives will adequately represent the class, I conclude that plaintiffs have met their burden with respect to the Rule 23(a)'s adequacy requirement.

### B. *Rule 23(a) Typicality*

Defendants next contend that the proposed class representatives' misrepresentation claims are not typical of the misrepresentation claims of the class as a whole because the class representatives did not rely on the specific misrepresentations alleged in the complaint.[FN5] I am not persuaded that any difficulty the proposed class representatives might have in proving reliance, or any differences in the ways in which they will prove reliance, prevent a finding of typicality.

> FN5. Defendants argue that four of the proposed class representatives did not rely on any of the alleged misrepresentations, one was unsure whether he had relied on the alleged misrepresentations, and one "claimed to have relied solely on alleged misrepresentations contained in a small subset of documents." Defs.' Br. at 6-7.

The typicality test is "not demanding." *In re Enron Corp. Sec., Derivative, and ERISA Litig.,* MDL 1446, Civ. Action No. H01-3913, 2006 U.S. Dist. LEXIS 43145, at *50 (S.D. Tex. Jun 7, 2006). " [C]lass members' claims need only share the same essential characteristics, i.e., arise from a similar course of conduct and share the same legal theories. " *Id.* "Even quite significant factual differences will not defeat typicality so long as the legal theory upon which plaintiffs seek redress is the same as those they seek to represent." *In re Ikon Office Solutions, Inc. Sec. Litig.,* 191 F.R.D. 457, 463 (E.D.Pa.2000).

In this case, the class representatives' claims are based on the same legal theory that members of the putative class will use. The misrepresentation count alleges that defendants breached fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, and seeks relief on behalf of the plan.[FN6] This supports a finding of typicality. See *In re Enron,* 2006 U.S. Dist. LEXIS 43145, at *53 (where plaintiffs seek relief on behalf of the plans, each class representative's claims "are 'necessarily typical of those of the rest of the class' ") (quoting *DiFelice v. U.S. Airways, Inc.,* 235 F.R.D. 70, 79 (E.D.Va.2006)).

> FN6. I have previously held that the consolidated amended complaint "plainly seeks to recover on behalf of both the Plans and their participants." Order on Motion to Dismiss (Doc. No. 294), 2004 DNH 177 at 30; *see also* Compl. ¶ 1 (" Plaintiffs bring this action on behalf of the Plans and the Class pursuant to ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3)."). Under ERISA § 409, 29 U.S.C. § 1109, a fiduciary who breaches its duties to a plan "shall be personally liable to make good to [the] plan any losses to the plan resulting from each such breach." A plan participant may enforce § 409 by filing a civil action under § 502(a)(2), 29 U.S.C. § 1132(a)(2), and any amount recovered "inures to the benefit of the plan as a whole" rather than to an individual participant. *Mass Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140 (1985). A plan participant may also file a civil action under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), "to obtain other appropriate equitable relief' on behalf of himself or on behalf of the plan. See *Varity Corp. v. Howe,* 516 U.S. 489, 509 (1996). In this case, plaintiffs have repeatedly argued that they seek relief only on behalf of the plans and take the position that an individual beneficiary may not pursue a claim that belongs to the plans. See Pls.' Reply Br. at 20 ("[T]his action is brought on behalf of the Plan, pursuant to ERISA § 502(a)(2), which authorizes civil enforcement of a fiduciary's violation of § 409.... All

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 7

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
(Cite as: Slip Copy)

amounts recovered by the Plan in this case will go directly to the Plan, no amounts will go directly to individual Participants."); Tr. of 7/12/2006 Oral Arg. at 21:15-17 (" [Y]ou don't have a right to do an individual settlement on a plan's claim. You don't have the right to bring an individual case on a plan's claim."); *id.* at 37:22-25 ("[W]e decided, right, wrong, or otherwise, to take the more conservative approach on our damage model because we don't want the whole case tossed under the theory that this isn't plan-wide relief."). Based on these disclaimers of any right to relief on behalf of individual participants, I understand plaintiffs to have abandoned any such claims.

*6 In addition, class members' claims arise from the same allegedly actionable course of conduct for which the proposed class representatives are seeking to recover. Plaintiffs allege that as a result of defendants' participation in a massive accounting fraud at Tyco, defendants violated fiduciary duties that they owed to the plans, thereby causing damage to the plans. "[T]he duties owed by each alleged fiduciary to the plan and its participants and beneficiaries are the same, and the kind of damage suffered by the plans is the same." *In re Enron,* 2006 U.S. Dist. LEXIS 43145, at *51-52. The broad universe of operative facts is the same for the class members and the proposed class representatives, which also supports a finding of typicality.

Because the proposed class representatives and the members of the class are aggrieved by the same conduct and rely on the same legal theories, there is substantial identity between their claims with respect to most of the relevant issues. This is sufficient to support a finding of typicality because I need not determine that the **class** representatives' claims and the claims of the **class** are almost perfectly aligned as to all issues, including reliance, in order to find that plaintiffs have satisfied their burden as to typicality. *See In re Elec. Data Sys. Corp.* **ERISA** *Litig.,* 224 F.R.D. 613, 626 (E.D.Tex.2004), *aff'd, Feder v. Elec. Data Sys. Corp.,* 429 F.3d 125 (5th Cir.2005) (rejecting defendants' argument that the need for individualized proof of reliance defeats finding of typicality for an **ERISA** misrepresentation claim). However, even if such near-perfect alignment were required, I would reach the same result.

Plaintiffs' case hinges on defendants' alleged failure to disclose material information about the **Tyco** Stock Fund.FN7 In the securities fraud context, the Supreme Court has held that where a case concerns "primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery." *Affiliated Ute Citizens v. U.S.,* 406 U.S. 128, 153 (1972); *see also Ansin v. River Oaks Furniture,* 105 F.3d 745, 754 (1st Cir.1997). Instead, "[a]ll that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of [a] decision." *Affiliated Ute,* 406 U.S. at 153-54. The *Affiliated Ute* theory recognizes "the logical impossibility of proving that plaintiffs relied on information that they did not have." *Ansin,* 105 F.3d at 754.

> FN7. The law governing the duty to disclose under ERISA "has been described as 'an area of developing and controversial law.' " *In re Xcel Energy, Inc.,* 312 F.Supp.2d 1165, 1176 (D.Minn.2004) (quoting *In re Enron Corp. Sec., Derivative, & ERISA Litig.,* 284 F.Supp.2d 511, 555 (S.D.Tex.2003)). In the First Circuit, the duty to disclose is broad. *See id.* Although a fiduciary ordinarily "need not generally provide individualized unsolicited advice," it otherwise has a duty to disclose material facts about the plan to the extent that " there was some particular reason that the fiduciary should have known that his failure to convey the information would be harmful." *Watson v. Deaconess Waltham Hosp.,* 298 F.3d 102, 114-15 (1st Cir.2002).

Tyco contends that the *Affiliated Ute* theory only applies in securities fraud cases. *See, e.g., Walco Invs. v. Thenen,* 168 F.R.D. 315, 335 (S.D.Fla.1996) ("Since the Defendants ... are not being sued for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 8
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

securities laws violations, the fraud-on-the market and *Affiliated Ute* presumptions of reliance are not available to Plaintiffs here with regard to the RICO and common law fraud claims."). I disagree. Defendants have not cited, and I have not located, a decision refusing to apply *Affiliated Ute* in an ERISA breach of fiduciary duty case.[FN8] Nor are defendants correct that *Affiliated Ute* has only been applied in the securities fraud context. *See Ansin,* 105 F.3d at 754 (concluding that positive proof of reliance on omissions was not required for common law fraud claims); *Edens v. Goodyear Tire & Rubber Co.,* 858 F.2d 198, 207 (4th Cir.1988) (extending *Affiliated Ute* to an action for fraudulent breach of contract). In fact, the logic of *Affiliated Ute* lends itself equally well to a claim like plaintiffs' misrepresentation count because it would be "practically impossible" for plaintiffs to prove that they relied on information that was never provided to them. *Edens,* 858 F.2d at 206. As a result, it is appropriate to infer reliance if plaintiffs are able to show that defendants failed to disclose material information.

> FN8. *Peachin v. Aetna Life Ins. Co.,* No. 92 C 2739, 1996 U.S. Dist. LEXIS 558, at *15 (N.D.Ill. Jan. 19, 1996) refused to apply *Affiliated Ute* to an ERISA equitable estoppel claim. In *Peachin,* the court cited *Affiliated Ute* for the fraud-on-the market presumption of reliance and did not discuss the decision as it relates to proof of reliance for omissions-based claims. *See id*.

*7 The proposed class representatives and the members of the class alike will likely prove reliance by demonstrating that the allegedly withheld facts were material. Accordingly, the class representatives' claims are substantially aligned with the claims of the class as a whole with respect to reliance as well as the other elements of the misrepresentation count. *See In re CMS Energy ERISA Litig.,* No. 02-CV-72834, 2004 U.S. Dist. LEXIS 26862, at *12-13 (E.D.Mich. Dec. 27, 2004) (typicality is satisfied where "[t]he inquiry will concern defendants' behavior in *failing* to provide information"). For all of the above reasons, I conclude that plaintiffs have met their burden with respect to the typicality requirement.

### C. *Rule 23(b)(1)(B)*

Plaintiffs seek certification of a class under both Rule 23(b)(1)(B) and Rule 23(b)(3). Defendants argue that certification under either subsection is inappropriate because the misrepresentation count requires individualized proof of reliance.

Rule 23(b)(1)(B) authorizes class certification where the prerequisites of Rule 23(a) have been satisfied and the prosecution of separate actions by individual class members would risk
adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

As the language of the rule reveals, its purpose "is to protect the interests of all class members against any determination that would have an adverse effect on them." 7AA Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure: Civil* § 1774 (3d ed.). The most common kinds of cases in which the rule applies are cases in which class members are seeking to recover against a common fund with insufficient assets to satisfy all possible claimants, *see, e.g., In re Joint E. & S. Dists. Asbestos Litig.,* 878 F.Supp. 473, 564-65 (E.D.N.Y.1995), *vacated in part on other grounds, In re Joint E. & S. Dist. Asbestos Litig.,* 78 F.3d 764 (2d Cir.1996), and cases in which the disposition of an individual action by one class member could substantially impair the ability of absent class members to recover on their claims. *See, e.g., Weinman v. Fid. Capital Appreciation Fund,* 354 F.3d 1246, 1264 (10th Cir.2004).

There is some disagreement in the case law as to whether an ERISA misrepresentation claim is properly certified under Rule 23(b)(1). *Compare In re Ikon,* 191 F.R.D. at 466 (certifying a plaintiff class under Rule 23(b)(1)), *with Nelson v. IPALCO Enters., Inc.,* Cause No. IP 02-477-C H/K, 2003 U.S. Dist. LEXIS 26392, at *28-46 (S .D.Ind. Sep.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 9
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

30, 2003) (concluding that class should be certified under Rule 23(b)(3) rather than Rule 23(b)(1) because of individual reliance issues), and *In re Elec. Data Sys.*, 224 F.R.D. at 628-30 (refusing to certify a class under either Rule 23(b)(1) or Rule 23(b)(3)). However, the majority of courts have concluded that certification under 23(b)(1)(B) is proper. *See* 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 5:14 n. 6 (3d ed.) (collecting cases). I follow the majority rule.

**\*8** Plaintiffs seek relief under ERISA § 502(a)(2), 29 U.S.C. 1132(a)(2). Accordingly, they are attempting to recover damages on behalf of the plans in which they are participants. Because recovery is sought on behalf of the plans, "success [by the plaintiffs] necessarily results in plan-wide relief and failure to prove breach of fiduciary duty would necessarily preclude actions by other plan participants." *Furstenau v. AT & T Corp.*, No. 02-5409(GEB), 2004 U.S. Dist. Lexis 27042, at \*13-14 (D.N.J. Sep. 2, 2004). In other words, an adverse result in an individual action by the named plaintiffs for relief under § 502(a)(2) could well estop absent class members from maintaining their claims for plan-wide relief. *Coan v. Kaufman,* No. 04-5173-cv, 2006 U.S.App. LEXIS 18444, at \*30-31 (2d Cir. July 21, 2006); *Agway, Inc. Employees' 401(k) Thrift Investment Plan v. Magnuson,* 409 F.Supp.2d 136, 145 (N.D.N.Y.2005). As a result, certification is appropriate under 23(b)(1)(B) to prevent prejudice to absent class members regardless of whether defendants are correct in claiming that plaintiffs cannot succeed on their claims without offering individualized proof of reliance. See *In re CMS,* 2004 U.S. Dist. LEXIS 26862, at \*17 (the fact that plaintiffs' claims "are brought by definition in a representative capacity .... demonstrates that plaintiffs' claims 'as a practical matter' would 'be dispositive of the interests of the other members not parties to the adjudication' ") (quoting Fed. R. Civ. 23(b)(1)(B)) (citations omitted).

For the above reasons, I will certify the proposed class under Rule 23(b)(1)(B).[FN9]

FN9. If my decision to certify the proposed class under Rule 23(b)(1)(B) is not upheld on appeal, I will certify the class under Rule 23(b)(3). Defendants' argument that individual reliance issues will predominate over common questions of law and fact is misplaced. Plaintiffs' case is based primarily on defendants' alleged omissions. Therefore, they will show reliance by demonstrating that the allegedly withheld facts were material under the *Affiliated Ute* doctrine discussed above, and individual questions will not predominate with respect to reliance. In addition, it is abundantly clear "that a class action is superior to other available methods for the fair and efficient adjudication of [this] controversy." Fed.R.Civ.P. 23(b)(3).

### III. *CONCLUSION*

For the reasons described above, plaintiffs' motion for class certification (Doc. No. 352) is granted. Lead counsel are appointed as class counsel pursuant to Fed.R.Civ.P. 23(g)(1)(A).

SO ORDERED.

D.N.H.,2006.
In re Tyco Intern., Ltd.--
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091

Briefs and Other Related Documents (Back to top)

• 2006 WL 1333549 (Trial Motion, Memorandum and Affidavit) Cross-Motion of Tyco International Ltd. for Protective Order (May 1, 2006) Original Image of this Document (PDF)
• 2006 WL 1356289 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum of Tyco International Ltd. in Opposition to Plaintiff's Motion to Remand and in Support of its Cross-Motion to Dismiss the Complaint (May 1, 2006) Original Image of this Document (PDF)
• 2006 WL 1356288 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Certain Defendants' Motion for an Order Establishing Deposition Protocol (Apr. 25, 2006) Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                 Page 10
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

- 2006 WL 1044914 (Trial Pleading) Answer of Goldman, Sachs & Co., Citigroup Global Markets Inc., and Merrill Lynch, Pierce Fenner & Smith, Incoporated to the Consolidated Securities Class Action Complaint (Apr. 10, 2006) Original Image of this Document (PDF)
- 2006 WL 1028916 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Lead Plaintiffs' Motion for Partial Summary Judgment as to Liability on Claims against Tyco International, Ltd. under Section 11 of the Securities Act of 1933 (Apr. 4, 2006) Original Image of this Document (PDF)
- 2006 WL 1044907 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Motion for A Protective Order Preventing Tyco International, Ltd. from Charging an Unjustified and Exorbitant Sum for its Document Production (Apr. 4, 2006) Original Image of this Document (PDF)
- 2006 WL 1044908 (Trial Motion, Memorandum and Affidavit) Assented-To Motion of Lead Plaintiffs to File Documents Under Seal - Level I (Apr. 4, 2006) Original Image of this Document (PDF)
- 2006 WL 1044909 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Motion for Partial Summary Judgment as to Liability on Claims against Tyco International, Ltd. under Section 11 of the Securities Act of 1933 (Apr. 4, 2006) Original Image of this Document (PDF)
- 2006 WL 1044911 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Lead Plaintiffs' Motion to Compel the Production of Documents by Defendant Tyco International Ltd. (Apr. 4, 2006) Original Image of this Document (PDF)
- 2006 WL 1044913 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Motion to Compel the Production of Documents by Defendant Tyco International, Ltd. (Mar. 31, 2006) Original Image of this Document (PDF)
- 2006 WL 1333548 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Motion to Compel the Production of Documents by Defendant Tyco International, Ltd. (Mar. 31, 2006) Original Image of this Document (PDF)
- 2006 WL 1044905 (Trial Motion, Memorandum and Affidavit) Plaintiff's Assented-To Motion Concerning Application of Stipulated Protective Order as Clarified (Mar. 28, 2006) Original Image of this Document with Appendix (PDF)
- 2006 WL 1044900 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Defendant Frank E. Walsh, Jr.'s Motion to Dismiss in Part the Second Amended Complaint (Mar. 14, 2006) Original Image of this Document (PDF)
- 2006 WL 1044901 (Trial Motion, Memorandum and Affidavit) Defendant L. Dennis Kozlowski's Reply Memorandum of Law in Further Support of his Motion to Dismiss in Part the Second Amended Complaint (Mar. 14, 2006) Original Image of this Document (PDF)
- 2006 WL 1050181 (Trial Motion, Memorandum and Affidavit) Reply in Support of Defendant Mark A. Belnick's Motion to Dismiss in Part the Second Amended Complaint (Mar. 14, 2006) Original Image of this Document (PDF)
- 2006 WL 1044895 (Trial Motion, Memorandum and Affidavit) Lead Plaintiff's Memorandum of Law in Support of Motion for Class Certification (Mar. 8, 2006) Original Image of this Document (PDF)
- 2006 WL 1044894 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Defendants Bodman and Lane's Motion to Dismiss Plaintiffs' Second Amended Complaint (Mar. 7, 2006) Original Image of this Document (PDF)
- 2006 WL 1041030 () Declaration of Professor Lucian A. Bebchuk (Mar. 6, 2006) Original Image of this Document (PDF)
- 2006 WL 1041031 () Expert Declaration on Class Certification Prepared by Professor Steven P. Feinstein, PH.D., CFA (Mar. 6, 2006) Original Image of this Document (PDF)
- 2006 WL 1044893 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Supplemental Memorandum in Further Support of its Motion for Class Certification (Mar. 6, 2006) Original Image of this Document (PDF)
- 2006 WL 1044891 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum of Tyco International Ltd. in Opposition to Lead Plaintiffs' Motion for Class Certification (Feb. 24, 2006) Original Image of this Document (PDF)
- 2006 WL 691289 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum of Tyco International Ltd. in Opposition to Lead Plaintiffs'

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 11
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

Motion for Class Certification (Feb. 24, 2006)
• 2006 WL 1050180 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Michael A. Shcroft's Motion to Dismiss the Complaint (Jan. 31, 2006) Original Image of this Document (PDF)
• 2006 WL 318852 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Michael A. Ashcroft's Motion to Dismiss the Complaint (Jan. 31, 2006)
• 2006 WL 318872 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Pricewaterhousecoopers LLP in Further Support of its Motion for Summary Judgment on Loss Causation (Jan. 26, 2006)
• 2006 WL 1044890 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Pricewaterhousecoopers LLP in Further Support of its Motion for Summary Judgment on Loss Causation (Jan. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 1044889 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Defendant Pricewaterhousecoopers in Further Support of its Motion to Dismiss in Part the Second Amended Complaint (Jan. 20, 2006) Original Image of this Document (PDF)
• 2006 WL 318873 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Defendant Pricewaterhousecoopers in Further Support of its Motion to Dismiss in Part the Second Amended Complaint (Jan. 20, 2006)
• 2006 WL 1044887 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of the Ballard Plaintiffs in Opposition to Defendant Michael A. Ashcroft's Motion to Dismiss the Complaint (Jan. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 318853 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of the Ballard Plaintiffs in Opposition to Defendant Michael A. Ashcroft's Motion to Dismiss the Complaint (Jan. 17, 2006)
• 2006 WL 1044884 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Pricewaterhousecoopers Llp In Support of its Motion to Dismiss (Jan. 13, 2006) Original Image of this Document (PDF)
• 2006 WL 1044885 (Trial Motion, Memorandum and Affidavit) Answer of Neil Garvey to the Consolidated Securities Class Action Complaint (Jan. 13, 2006) Original Image of this Document (PDF)
• 2006 WL 1044886 (Trial Motion, Memorandum and Affidavit) Answer of Tycom and Tyco International Ltd. to the Consolidated Securities Class Action Complaint (Jan. 13, 2006) Original Image of this Document (PDF)
• 2006 WL 318935 (Trial Pleading) Answer of Tycom and Tyco International Ltd. to the Consolidated Securities Class Action Complaint (Jan. 13, 2006)
• 2006 WL 288382 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Defendant Tyco International LTD. In Further Support of its Motion to Dismiss in Part the Second Amended Complaint (Jan. 6, 2006)
• 2005 WL 3742069 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Michael A. Ashcroft's Motion to Dismiss the Complaint (Dec. 30, 2005)
• 2005 WL 3970089 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Michael A. Ashcroft's Motion to Dismiss the Complaint (Dec. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 3629146 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to PricewaterhouseCoopers LLP'S Motion for Summary Judgment on Loss Causation (Dec. 23, 2005)
• 2005 WL 3742068 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecoopers LLP's Motion for Summary Judgment on Loss Causation (Dec. 23, 2005)
• 2005 WL 3970088 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecoopers Llp's Motion for Summary Judgment on Loss Causation (Dec. 23, 2005) Original Image of this Document (PDF)
• 2005 WL 3742067 (Trial Motion, Memorandum and Affidavit) Response Memorandum of Michael A. Ashcroft in Opposition to the Ballard Plaintiffs' Motion to Extend the Time to Serve Defendant Michael A. Ashcroft and for Leave to Effectuate Service by Alternative Method (Nov. 21, 2005)
• 2005 WL 3742064 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 12
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law in Opposition to Defendant Dennis Kozlowski's Motion to Dismiss in Part the Second Amended Complaint (Nov. 18, 2005)
• 2005 WL 3742065 (Trial Motion, Memorandum and Affidavit) Memorandum of New Jersey Fund Plaintiffs in Opposition to Defendant Mark Belnick's Motion to Dismiss in Part the Second Amended Complaint (Nov. 18, 2005)
• 2005 WL 3742066 (Trial Motion, Memorandum and Affidavit) Memorandum of New Jersey Fund Plaintiffs in Opposition to Defendant Frank E. Walsh Jr.'s Motion to Dismiss in Part the Second Amended Complaint (Nov. 18, 2005)
• 2005 WL 3970150 (Trial Motion, Memorandum and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law In Opposition to Defendant Dennis Kozlowski's Motion to Dismiss In Part the Second Amended Complaint (Nov. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3970152 (Trial Motion, Memorandum and Affidavit) Memorandum of New Jersey Fund Plaintiffs in Opposition to Defendant Frank E. Walsh Jr.'s Motion to Dismiss in Part the Second Amended Complaint (Nov. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3742063 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Erisa Plaintiffs' Stipulation and (Proposed) Order (Nov. 16, 2005)
• 2005 WL 3970149 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Erisa Plaintiffs' Stipulation and (Proposed) Order (Nov. 16, 2005) Original Image of this Document (PDF)
• 2005 WL 3742060 (Trial Motion, Memorandum and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecooper's Motion to Dismiss in Part the Second Amended Complaint (Nov. 11, 2005)
• 2005 WL 3742062 (Trial Motion, Memorandum and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecoopers, LLP's Motion to Dismiss in Part the Second Amended Complaint (Nov. 11, 2005)
• 2005 WL 3970145 (Trial Motion, Memorandum and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecooper's Motion to Dismiss in Part the Second Amended Complaint (Nov. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3970147 (Trial Motion, Memorandum and Affidavit) New Jersey Fund Plaintiffs' Memorandum of Law in Opposition to Pricewaterhousecoopers, Llp's Motion to Dismiss in Part the Second Amended Complaint (Nov. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3629145 (Trial Motion, Memorandum and Affidavit) Memorandum of PricewaterhouseCoopers LLP in Support of its Motion for Summary Judgment on Loss Causation (Nov. 8, 2005)
• 2005 WL 3742059 (Trial Motion, Memorandum and Affidavit) Memorandum of Pricewaterhousecoopers LLP in Support of its Motion for Summary Judgment on Loss Causation (Nov. 8, 2005)
• 2005 WL 3970144 (Trial Motion, Memorandum and Affidavit) Memorandum of Pricewaterhousecoopers Llp in Support of its Motion for Summary Judgment on Loss Causation (Nov. 8, 2005) Original Image of this Document (PDF)
• 2005 WL 3742073 (Trial Pleading) L. Dennis Kozlowski's Answer to the Complaint (Nov. 4, 2005)
• 2005 WL 3742074 (Trial Pleading) Answer (Nov. 4, 2005)
• 2005 WL 3970143 (Trial Pleading) L. Dennis Kozlowski's Answer to the Complaint (Nov. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3742056 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendants Tyco International Ltd., Tycom Ltd. And Neil R. Garvey in Opposition to Lead Plaintiff's Motion For Clarification (Oct. 20, 2005)
• 2005 WL 3742057 (Trial Motion, Memorandum and Affidavit) Memorandum of the Underwriter Defendants in Opposition to plaintiffs' """motion for Clarification"' (Oct. 20, 2005)
• 2005 WL 3970138 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendants Tyco International Ltd., Tycom Ltd. and Neil R. Garvey in Opposition to Lead Plaintiff's Motion for Clarification (Oct. 20, 2005) Original Image of this Document (PDF)
• 2005 WL 3970139 (Trial Motion, Memorandum and Affidavit) Opposition of Tyco International

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                           Page 13

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

Ltd., Tycom Ltd., and Neil R. Garvey to Lead Plaintiff's Motion for Clarification (Oct. 20, 2005) Original Image of this Document (PDF)
• 2005 WL 3970140 (Trial Motion, Memorandum and Affidavit) Memorandum of the Underwriter Defendants in Opposition to Plaintiffs' ""Motion for Clarification" (Oct. 20, 2005) Original Image of this Document (PDF)
• 2005 WL 3970141 (Trial Motion, Memorandum and Affidavit) Opposition of the Underwriter Defendants to Plaintiffs'""Motion for Clarification" (Oct. 20, 2005) Original Image of this Document (PDF)
• 2005 WL 3970137 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Defendant Michael A. Ashcroft in Support of his Motion for Revision of the Court's October 14, 2004 Order, or Alternatively, for Judgment on the Pleadings (Oct. 19, 2005) Original Image of this Document (PDF)
• 2005 WL 3742055 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Defendant Michael A. Ashcroft in Support of His Motion for Revision of the Court's October 14, 2004 Order, or Alternatively, for Judgment on the Pleadings (Oct. 18, 2005)
• 2005 WL 3742054 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Opposition to: Defendant Michael Ashcroft's Motion for Revision of Court Order or, Alternatively, for Judgment on the Pleadings; Motion of L. Dennis Kozlowski for Revision of Court Order; and Defendants Frank E. Walsh and Mark A. Bel nick's Joinders in Tyco International, Ltd.'s Motion for Revision of Court Order or, Alternatively, for Judgment on the Pleadings (Sep. 23, 2005)
• 2005 WL 3970136 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Opposition To: Defendant Michael Ashcroft's Motion for Revision of Court Order Or, Alternatively, for Judgment on the Pleadings; Motion of L. Dennis Kozlowski for Revision of Court Order; and Defendants Frank E. Walsh and Mark A. Bel nick's Joinders in Tyco International, Ltd.'s Motion for Revision of Court Order Or, Alternatively, for Judgment on the Pleadings (Sep. 23, 2005) Original Image of this Document (PDF)
• 2005 WL 3970135 (Trial Motion, Memorandum and Affidavit) Lead Plaintiff's Memorandum of Law in Support of Motion for Clarification (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3742070 (Trial Pleading) L. Dennis Kozlowski's Answer to the Complaint (Sep. 16, 2005)
• 2005 WL 3742071 (Trial Pleading) Answer of Defendant Frank E. Walsh, Jr. (Sep. 16, 2005)
• 2005 WL 3742072 (Trial Pleading) Answer of Mark A. Belnick to the Complaint and Affirmative Defenses (Sep. 16, 2005)
• 2005 WL 3970132 (Trial Pleading) Answer of Defendant Frank E. Walsh, Jr. (Sep. 16, 2005) Original Image of this Document (PDF)
• 2005 WL 3970133 (Trial Pleading) Answer of Mark A. Belnick to the Complaint and Affirmative Defenses (Sep. 16, 2005) Original Image of this Document (PDF)
• 2005 WL 3970134 (Trial Pleading) Answer (Sep. 16, 2005) Original Image of this Document (PDF)
• 2005 WL 3970131 (Trial Pleading) L. Dennis Kozlowski's Answer to the Complaint (Sep. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 1943184 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Tyco International, Ltd.'s Motion for Revision of Court Order Or, Alternatively, for Judgment on the Pleadings (Aug. 5, 2005)
• 2005 WL 3742048 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Tyco International, Ltd.'s Motion for Revision of Court Order or, Alternatively, for Judgment on the Pleadings (Aug. 5, 2005)
• 2005 WL 3970128 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Tyco International, Ltd.'s Motion for Revision of Court Order Or, Alternatively, for Judgment on the Pleadings (Aug. 5, 2005) Original Image of this Document (PDF)
• 2005 WL 3970129 (Trial Pleading) Answer of Tyco International Ltd. to the Complaint (Aug. 5, 2005) Original Image of this Document (PDF)
• 2005 WL 3742052 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Michael Ashcroft in Support of His Motion for Revision of Court Order or, Alternatively, for Judgment on the Pleadings (Aug. 2, 2005)
• 2005 WL 3970127 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Michael Ashcroft in Support of his Motion for Revision of Court Order Or, Alternatively, for Judgment on the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 14
Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

Pleadings (Aug. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 2012920 (Trial Pleading) L. Dennis Kozlowski's Answer to the Amended Complaint (Jul. 18, 2005)
• 2005 WL 3970124 (Trial Pleading) L. Dennis Kozlowski's Answer to the Amended Complaint (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3970125 (Trial Pleading) Answer (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3742046 (Trial Motion, Memorandum and Affidavit) Tyco Defendants' Memorandum in Opposition to Lead Plaintiffs' Motion for Class Certification (Jul. 11, 2005)
• 2005 WL 3970087 (Trial Motion, Memorandum and Affidavit) Tyco Defendants' Memorandum in Opposition to Lead Plaintiffs' Motion for Class Certification (Jul. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 1943183 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Tyco International Ltd. in Support of its Motion under Rule 54(b) for Revision of the Court's October 14, 2004 Order in Light of A Change in Law (Jul. 7, 2005)
• 2005 WL 3969246 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Tyco International Ltd. in Support of its Motion under Rule 54(b) for Revision of the Court's October 14, 2004 Order in Light of A Change in Law (Jul. 7, 2005) Original Image of this Document (PDF)
• 2005 WL 3742044 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Frank E. Walsh, Jr.'s Motion to Dismiss in Part the Second Amended Complaint (Jul. 1, 2005)
• 2005 WL 3742045 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant Mark A. Belnick in Support of His Motion to Dismiss in Part the Second Amended Complaint (Jul. 1, 2005)
• 2005 WL 3969244 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant L. Dennis Kozlowski in Support of his Motion to Dismiss the Second Amended Complaint (Jul. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 3969245 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant Mark A. Belnick in Support of his Motion to Dismiss in Part the Second Amended Complaint (Jul. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 3970086 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Frank E. Walsh, Jr.'s Motion to Dismiss in Part the Second Amended Complaint (Jul. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 3742042 (Trial Motion, Memorandum and Affidavit) Memorandum Of Pricewaterhousecoopers LLP in Support of Its Motion to Dismiss in Part the Second Amended Complaint (Jun. 24, 2005)
• 2005 WL 3742043 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Pricewaterhousecoopers in Support of Its Motion to Dismiss in Part the Second Amended Complaint (Jun. 24, 2005)
• 2005 WL 3742050 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants Bodman and Lane's Motion to Dismiss Plaintiffs' Second Amended Complaint (Jun. 24, 2005)
• 2005 WL 3970083 (Trial Motion, Memorandum and Affidavit) Memorandum of Pricewaterhousecoopers Llp in Support of its Motion to Dismiss in Part the Second Amended Complaint (Jun. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3970084 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Pricewaterhousecoopers in Support of its Motion to Dismiss in Part the Second Amended Complaint (Jun. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3970085 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants Bodman and Lane's Motion to Dismiss Plaintiffs' Second Amended Complaint (Jun. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 4018433 (Trial Motion, Memorandum and Affidavit) Memorandum of Pricewaterhousecoopers LLP in Support of its Motion to Dismiss in Part the Second Amended Complaint (Jun. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 4018440 () Declaration of Jairaj Bridglal Pachai (Jun. 23, 2005) Original Image of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 15

Slip Copy, 2006 WL 2349338 (D.N.H.), 2006 DNH 091
**(Cite as: Slip Copy)**

this Document (PDF)
• 2005 WL 3742041 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Tyco International Ltd., Edward D. Breen and David J. Fitzpatrick in Support of Their Motion to Dismiss the Consolidated Amended Class Action Complaint (Jun. 15, 2005)
• 2005 WL 3970082 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Tyco International Ltd., Edward D. Breen and David J. Fitzpatrick in Support of their Motion to Dismiss the Consolidated Amended Class Action Complaint (Jun. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 3742040 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Tyco International Ltd. In Support of Its Motion to Dismiss in Part the Second Amended Complaint (Jun. 10, 2005)
• 2005 WL 3970081 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Tyco International Ltd. in Support of its Motion to Dismiss in Part the Second Amended Complaint (Jun. 10, 2005) Original Image of this Document (PDF)
• 2005 WL 850786 (Trial Motion, Memorandum and Affidavit) Motion of the Underwriters to Dismiss the Consolidated Class Action Complaint (Mar. 11, 2005)
• 2004 WL 3770745 (Trial Pleading) Consolidated Securities Class Action Complaint (Dec. 13, 2004) Original Image of this Document (PDF)
• 2004 WL 2157238 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Defendants L. Dennis Kozlowski and Mark H. Swartz in Further Support of Their Motion to Dismiss (Sep. 13, 2004)
• 2004 WL 1900366 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendants' Motion to Dismiss in Part the Amended Complaint (Aug. 16, 2004)
• 2004 WL 2157234 (Trial Motion, Memorandum and Affidavit) Defendant Breen's Reply Memorandum in Support of His Motion to Dismiss (Aug. 16, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.