

457 F.3d 250

Page 1

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

**H**
Briefs and Other Related Documents

United States Court of Appeals,Second Circuit.
Karen B. COAN, o/b/o KLC Inc. 401(k) Profit
Sharing Plan,Plaintiff-Appellant,
v.
Alan H. KAUFMAN, Defendant-Appellee.
**Docket No. 04-5173-CV.**

Argued: Aug. 24, 2005.
Decided: July 21, 2006.

**Background:** Former employee and retirement
plan participant brought Employee Retirement
Income Security Act (ERISA) action against former
cotrustees of profit sharing plans, alleging breaches
of fiduciary duty. Former cotrustees moved for
summary judgment. The United States District
Court for the District of Connecticut, Mark R.
Kravitz, 333 F.Supp.2d 14,granted motion and, 349
F.Supp.2d 271, granted reconsideration but adhered
to its decision. Former employee appealed.

**Holdings:** The Court of Appeals, Sack, Circuit
Judge, held that:

(1) it was not necessary to decide whether former
employee who participated in defunct 401(k) plan
was entitled to bring suit as "participant" in benefit
plan for purposes of ERISA;

(2) claim for breach of fiduciary duty was not
brought in a "representative capacity" on behalf of
plan; and

(3) relief sought was not "equitable" within
meaning of ERISA.

Affirmed.

West Headnotes

**[1] Federal Courts 170B ⬅776**

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
         170BVIII(K)1 In General
            170Bk776 k. Trial De Novo. Most
Cited Cases
Court of Appeals reviews de novo district court's
grant of summary judgment.

**[2] Federal Courts 170B ⬅776**

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
         170BVIII(K)1 In General
            170Bk776 k. Trial De Novo. Most
Cited Cases
Interpretation of ERISA is question of law that is
subject to de novo review. Employee Retirement
Income Security Act of 1974, § 2 et seq., 29
U.S.C.A. § 1001 et seq.

**[3] Labor and Employment 231H ⬅534**

231H Labor and Employment
   231HVII Pension and Benefit Plans
      231HVII(G) Eligibility, Participation, and
Coverage
         231Hk533 Who Is an Employee or
Participant
            231Hk534 k. In General. Most Cited
Cases
In order to establish that he or she "may become
eligible" for benefits within meaning of ERISA
definition of participant, claimant must have a
colorable claim that (1) he or she will prevail in a
suit for benefits, or that (2) eligibility requirements
will be fulfilled in the future. Employee Retirement
Income Security Act of 1974, § 3(7), 29 U.S.C.A. §
1002(7).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                                  Page 2

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

**[4] Labor and Employment 231H ⚷632**

231H Labor and Employment
   231HVII Pension and Benefit Plans
     231HVII(K) Actions
      231HVII(K)1 In General
       231Hk632 k. Parties in General;
Standing. Most Cited Cases
It was not necessary to decide whether former
employee who participated in defunct 401(k) plan
was entitled to bring suit as "participant" in ERISA
benefit plan, given decision that should be
dismissed on other grounds; her status as participant
was question of statutory, not constitutional,
standing. Employee Retirement Income Security
Act of 1974, § 3(7), 29 U.S.C.A. § 1002(7).

**[5] Federal Civil Procedure 170A ⚷103.2**

170A Federal Civil Procedure
   170AII Parties
     170AII(A) In General
      170Ak103.1 Standing
       170Ak103.2 k. In General; Injury or
Interest. Most Cited Cases
Unlike Article III standing, which ordinarily should
be determined before reaching the merits, statutory
standing may be assumed for purposes of deciding
whether plaintiff otherwise has a viable cause of
action. U.S.C.A. Const. Art. 3, § 2, cl. 1.

**[6] Corporations 101 ⚷207.5**

101 Corporations
   101IX Members and Stockholders
     101IX(C) Suing or Defending on Behalf of
Corporation
      101k207.5 k. Nature and Form of
Remedy. Most Cited Cases

**Labor and Employment 231H ⚷646**

231H Labor and Employment
   231HVII Pension and Benefit Plans
     231HVII(K) Actions
      231HVII(K)3 Actions to Enforce
Statutory or Fiduciary Duties
       231Hk646 k. Parties in General;
Standing. Most Cited Cases

Federal civil rule governing derivative actions by
shareholders does not apply to suits under ERISA
subsection governing civil actions for breach of
fiduciary duty; such suits are neither brought by
shareholders or members nor to enforce right of
corporation or of unincorporated association.
Fed.Rules Civ.Proc.Rule 23.1, 28 U.S.C.A.;
Employee Retirement Income Security Act of 1974,
§ 502(a)(2), 29 U.S.C.A. § 1132(a)(2).

**[7] Labor and Employment 231H ⚷643**

231H Labor and Employment
   231HVII Pension and Benefit Plans
     231HVII(K) Actions
      231HVII(K)3 Actions to Enforce
Statutory or Fiduciary Duties
       231Hk643 k. In General. Most Cited
Cases
ERISA subsection governing civil actions for
breach of fiduciary duty cannot, in any meaningful
sense, be governed by the same general principles
of procedure that control derivative actions.
Employee Retirement Income Security Act of 1974,
§ 502(a)(2), 29 U.S.C.A. § 1132(a)(2).

**[8] Labor and Employment 231H ⚷400**

231H Labor and Employment
   231HVII Pension and Benefit Plans
     231HVII(A) In General
      231Hk400 k. In General. Most Cited Cases
Common law of trusts offers starting point for
analysis of ERISA unless it is inconsistent with
language of statute, its structure, or its purposes.
Employee Retirement Income Security Act of 1974,
§ 2 et seq., 29 U.S.C.A. § 1001 et seq.

**[9] Trusts 390 ⚷257**

390 Trusts
   390IV Management and Disposal of Trust
Property
     390k245 Actions Between, By, or Against
Trustees
      390k257 k. Parties. Most Cited Cases
Under common law of trusts, ordinarily when
beneficiary brings suit against trustee on behalf of
trust, other beneficiaries should be joined as parties,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                      Page 3

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

either as plaintiffs or as defendants, if their interests would be affected by decree.

**[10] Federal Civil Procedure 170A ☜184.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)3 Particular Classes Represented
            170Ak184 Employees
               170Ak184.5 k. In General. Most Cited Cases

**Labor and Employment 231H ☜647**

231H Labor and Employment
   231HVII Pension and Benefit Plans
      231HVII(K) Actions
         231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
            231Hk647 k. Action on Behalf of Plan or as Individual. Most Cited Cases
Although ERISA plan participants need not always comply with class certification rule to act as a representative of other plan participants or beneficiaries, those who do will likely be proceeding in a "representative capacity" for purposes of ERISA breach of fiduciary duty claim, and participant who joins or makes good faith effort to join other participants as parties has seemingly discharged duty to proceed on plan's behalf; ultimately, however, participant need only take adequate steps under the circumstances properly to act in representative capacity on behalf of plan. Fed.Rules Civ.Proc.Rules 19, 23, 28 U.S.C.A.; Employee Retirement Income Security Act of 1974, § 502(a)(2), 29 U.S.C.A. § 1132(a)(2).

**[11] Labor and Employment 231H ☜647**

231H Labor and Employment
   231HVII Pension and Benefit Plans
      231HVII(K) Actions
         231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
            231Hk647 k. Action on Behalf of Plan or as Individual. Most Cited Cases
Breach of fiduciary duty claim by former employee and retirement plan participant was not brought in a "representative capacity" on behalf of plan under ERISA, where she took no steps to become bona fide representative of other interested parties; plaintiff's failure to do anything to permit court to safeguard interests of others or of court's proceedings, or to demonstrate her action was intended to benefit former plan participants other than herself, rendered specious her claim of acting on behalf of others. Employee Retirement Income Security Act of 1974, §§ 409, 502(a)(2), 29 U.S.C.A. §§ 1109, 1132(a)(2).

**[12] Labor and Employment 231H ☜639**

231H Labor and Employment
   231HVII Pension and Benefit Plans
      231HVII(K) Actions
         231HVII(K)1 In General
            231Hk639 k. Judgment and Relief. Most Cited Cases
Relief sought by former employee and 401(k) plan participant was not "equitable" within meaning of subsection of ERISA civil enforcement provision permitting actions to obtain other appropriate equitable relief; regardless of whether it was sought from fiduciary the type of relief had to be equitable, and alternative request for injunction did not transform what was effectively money damages request into one for equitable relief. Employee Retirement Income Security Act of 1974, § 502(a)(3), 29 U.S.C.A. § 1132(a)(3).

**\*252** Thomas G. Moukawsher, Moukawsher & Walsh LLC (Ian O. Smith, of counsel), Hartford, CT, for Plaintiff-Appellant.
Glenn W. Dowd, Day, Berry, & Howard, LLP, New Haven, CT, for Defendants-Appellees.
Susan J. Luken, Trial Attorney, United States Department of Labor (Howard M. Radzely, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor, Plan Benefits Security Division, Elizabeth Hopkins, Counsel for Appellate and Special Litigation, Plan Benefits Security Division, of counsel), Washington, DC, for Amicus Curiae Elaine L. Chao, Secretary of Labor, in support of plaintiff-appellant.
**\*253** Mary Ellen Signorille, AARP Foundation ( Melvin Radowitz, AARP, of counsel) Washington,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5 of 15

457 F.3d 250                                                                                          Page 4

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

DC, for Amicus Curiae AARP in support of plaintiff-appellant.

Before MESKILL, SACK, and B.D. PARKER, Circuit Judges.

SACK, Circuit Judge.

This appeal presents several difficult questions regarding the ability of a former employee who participated in a retirement plan established pursuant to section 401(k) of the Internal Revenue Code to bring suit against the plan's trustees for breach of fiduciary duty under the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*[FN1] Plaintiff Karen Coan was the controller of a company called KLC Inc. Coan asserts that KLC president Alan Kaufman and vice-president Edgar Lee, as trustees of two employee retirement funds included in the company's 401(k) plan, mismanaged the funds and improperly failed to diversify its investments, and that the mismanagement resulted in a combined loss to the plan of more than $500,000. Coan, who was a participant in the now-terminated 401(k) plan, brought suit under ERISA for damages or equitable relief. The district court (Mark R. Kravitz, *Judge)* granted the defendants' motion for summary judgment and reaffirmed its decision upon reconsideration. *See Coan v. Kaufman,* 333 F.Supp.2d 14 (D.Conn.2004) (Coan I); *Coan v. Kaufman,* 349 F.Supp.2d 271 (Coan II).

> FN1. "An employee who participates in a deferred compensation plan to save for retirement qualifies for tax benefits pursuant to 26 U.S.C. § 401(k)." *In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231, 232 n. 1 (3d Cir.2005). Such a plan is "referred to in ERISA as an ' individual account plan' or a 'defined contribution plan.' " *Id.* (quoting 29 U.S.C. § 1002(34)).

The three issues on this appeal do not concern Coan's underlying claim of breach of fiduciary duty, but rather the scope of the rights of action created by ERISA's civil enforcement provisions. The first issue, which the district court concluded it did not need to decide, is whether Coan, as a former

employee who participated in the defunct KLC 401(k) plan, is entitled to bring suit as a "participant " in a benefit plan for purposes of ERISA. The second issue is whether the district court erred in dismissing the claim brought by Coan on behalf of the 401(k) plan on the ground that individual plaintiffs bringing suit on behalf of employee benefit plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), must comply with procedural safeguards applicable to suits brought in a representative or derivative capacity. The third issue is whether the district court erred in dismissing Coan's claim for individual equitable relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), on the ground that the relief she seeks is not "equitable" within the meaning of the statute. We agree with the district court as to the first and third issues. Although we have doubts about some of the grounds for the district court's decision as to the second issue, we agree with its ultimate conclusion and therefore affirm.

## BACKGROUND

The facts relevant to this appeal are not in dispute. Coan was employed at KLC as its controller while KLC was being acquired by another company, Unicapital Corporation. During that 1998 acquisition, the two defendants, Kaufman and Lee, rolled one of the three funds comprising KLC's 401(k) plan into Unicapital's 401(k) plan, but, for some three years thereafter, maintained control over the other two funds. At first, Kaufman and *254 Lee invested money from the two funds principally in a government-bond mutual fund. Later they transferred a significant portion of it to stock funds. Between 1999 and 2001, the two funds earned returns totaling about $500,000 less than benchmark funds identified by Coan's expert.

Upon the final dissolution of the KLC plan in 2001, the plan's assets were distributed in lump sums to its participants, including Coan, according to their individual account balances. Coan continued to be employed by Unicapital after its acquisition of KLC but was laid off soon thereafter, in July 2000. She does not assert that any of the events relevant to this lawsuit played a role in her termination.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                                            Page 5

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

In September 2001, Coan brought this action in the United States District Court for the District of Connecticut asserting that she was doing so both individually and on behalf of KLC's 401(k) plan. She alleged that the plan lost some $500,000 as a result of the imprudent investment decisions of Kaufman and Lee, which, according to Coan, constituted breaches of fiduciary duty in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

Invoking section 409 of ERISA, 29 U.S.C. § 1109, which establishes personal liability for breaches of fiduciary duty, Coan asked for damages and restitution pursuant to section 502(a)(2) of ERISA, which allows participants in an employee benefit plan to bring suit on behalf of the plan for legal and equitable remedies allegedly caused by breaches of fiduciary duty. Coan also sought restitution and " other appropriate equitable relief" under section 502(a)(3) of ERISA, which provides equitable relief for any violation of ERISA or of the terms of an ERISA-covered plan. Coan suggests that appropriate equitable relief might entail "make whole monetary relief" or an injunction "reinstating the terminated plans, requiring the trustees to pay into them additional benefits lost through a breach of fiduciary duty, and directing them to pay the additional benefits to Coan as required by the terms of the plans." Coan Br. at 14.

At the close of discovery, the defendants moved for summary judgment, arguing (1) that Coan did not have statutory standing as a "participant" under ERISA; (2) that Coan could not recover under section 502(a)(2) of ERISA because, having failed to take any steps to include other plan participants in the action, her suit was not properly brought on behalf of KLC's 401(k) plan as required by section 502(a)(2); and (3) that section 502(a)(3) relief was unavailable to her because the remedies Coan sought were not equitable but legal. After oral argument, the district court granted the defendants' motion. Assuming without deciding that Coan was a "participant," the court agreed with the defendants that relief was, in any event, not available to Coan under sections 502(a)(2) and 502(a)(3) of ERISA. *See Coan I,* 333 F.Supp.2d at 23-27.

Coan moved for reconsideration, arguing

principally that the district court erred in dismissing her section 502(a)(2) claim. The district court granted the motion to reconsider, but having reconsidered, reaffirmed its decision in *Coan I. See Coan II,* 349 F.Supp.2d at 277.

Coan appeals.

### DISCUSSION

#### I. Standard of Review

[1][2] We review de novo a district court's grant of summary judgment. *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 260 (2d Cir.2005). The interpretation of ERISA is a question of law that is also subject to de novo review. ***255****Burke v. Kodak Retirement Income Plan,* 336 F.3d 103, 111 (2d Cir.2003) , *cert. denied,* 540 U.S. 1105, 124 S.Ct. 1046, 157 L.Ed.2d 890 (2004).

#### II. "Participant" Standing

The rights of action that Coan seeks to assert are available only to-other than the Secretary of Labor-participants, beneficiaries, or fiduciaries of an employee benefit plan. 29 U.S.C. §§ 1132(a)(2) & (a)(3); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100-01 (2d Cir.2005); *Connecticut v. Physicians Health Servs. of Conn., Inc.,* 287 F.3d 110, 121 (2d Cir.) ("[N]on-enumerated parties lack statutory standing to bring suit under [ERISA] even if they have a direct stake in the outcome of the litigation."), *cert. denied,* 537 U.S. 878, 123 S.Ct. 77, 154 L.Ed.2d 133 (2002). Coan asserts that she is a plan participant. Before the district court and again on appeal, the defendants argue that Coan lacks statutory standing because at the time she brought suit she was no longer a participant in the KLC 401(k) plan for purposes of ERISA.

After thoughtful consideration, the district court declined to decide that question. The court noted that "[t]hough the Second Circuit has not yet expressly addressed this issue, many federal courts

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                    Page 6

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

have denied participant standing to former employees such as Ms. Coan where the plans in question have been terminated and their assets have been fully disbursed via lump sum distributions." *Coan I,* 333 F.Supp.2d at 19. But it also noted that "there is support in Second Circuit case law for [a]broad 'zone of interests' approach to ERISA standing" that would allow Coan's suit. *Id.* at 22 (citing *Mullins v. Pfizer,* 23 F.3d 663, 664, 668 (2d Cir.1994)). Given these countervailing considerations and its ultimate conclusion that Coan's suit should be dismissed on other grounds, the court assumed without deciding that Coan was a "participant" under ERISA. *Id.* at 23.

[3] ERISA defines a "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has explained that "[i]n order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 117-18, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

As the district court pointed out, several circuits have concluded that former employees such as Coan who have accepted lump-sum payments of their retirement benefits are no longer "participants" for purposes of ERISA. *See Raymond v. Mobil Oil Corp.,* 983 F.2d 1528, 1535-36 (10th Cir.) *cert. denied,* 510 U.S. 822, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993); *Kuntz v. Reese,* 785 F.2d 1410, 1411 (9th Cir.) (per curiam), *cert. denied,* 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). And, as the district court also noted, Coan does not allege that she would be entitled to further benefits "but for" misrepresentations made by the defendants, so she is not entitled to "participant" standing on that ground. *See Mullins,* 23 F.3d at 667 (concluding that a former employee has participant standing when he alleged that "but for the fact that [the defendant] misled him, he would have been a 'participant' ").

On the other hand, whether acceptance of a

lump-sum payment terminates a person's status as a participant may depend on whether the plan is a "defined benefits" or a "defined contribution" plan. FN2 Coan, **\*256** unlike the plaintiffs discussed in other circuits' case law, participated in a 401(k) plan, which is an "individual account" or "defined contribution" plan under ERISA. *See* 29 U.S.C. § 1002(34). According to ERISA, an individual's "accrued benefit[s]" under such a plan are simply "the balance of the individual's account." *Id.* § 1002(23)(B). Arguably, therefore, Coan's claim that the lump-sum distribution of her account balance would have been greater absent the defendants' breach of fiduciary duty is a claim "for benefits"-which, if "colorable," means that she "may become eligible for benefits" and thus qualifies as a "participant" under ERISA. *See Firestone,* 489 U.S. at 117-18, 109 S.Ct. 948 (internal quotation marks omitted); *see also Gray v. Briggs,* 1998 WL 386177, at \*4-\*6 (S.D.N.Y. July 7, 1998), 1998 U.S. Dist. LEXIS 10057, at \*9-\*13 (concluding that former employee who claimed that distributions received under a defined contribution plan were reduced because of defendants' breach of fiduciary duty was a "participant" for purposes of ERISA).

> FN2. For a discussion of the differences between defined benefit plans and defined contribution plans with respect to a participant's interest in the plan's surplus, see *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 438-41, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (explaining that participants in defined benefit plans, in contrast to participants in defined contribution plans, "have no entitlement to share in a plan's surplus").

[4][5] Like the district court, we do not think it necessary to determine whether Coan was a "participant." Although we have referred to a plaintiff's status as a "participant" under ERISA as a question of "standing," *see, e.g., Nechis,* 421 F.3d at 100-02, it is a statutory requirement, not a constitutional one. Unlike Article III standing, which ordinarily should be determined before reaching the merits, *see Steel Co. v. Citizens for a*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                                         Page 7

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

*Better Env.,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), statutory standing may be assumed for the purposes of deciding whether the plaintiff otherwise has a viable cause of action, *see id.* at 97, 118 S.Ct. 1003 (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers,* 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) ); *see also Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 127 (2d Cir.) ("[C]ourts may determine whether a cause of action exists under a given statute, an issue of statutory construction that goes to the merits of the action, before addressing ... statutory standing."), *cert. denied,* 540 U.S. 1012, 124 S.Ct. 532, 157 L.Ed.2d 424 (2003).[FN3] Because we agree with the district court that Coan's suit should be dismissed irrespective of whether she is a "participant" under ERISA, we too will assume rather than decide that she is.

> FN3. In *Lerner,* we stated that statutory standing is "generally treated as jurisdictional in nature," *Lerner,* 318 F.3d at 127 (citing *Thompson v. County of Franklin,* 15 F.3d 245, 248 (2d Cir.1994)), but found an exception to this general rule in cases where statutory standing is " sufficiently intertwined with the merits of the action, such that its determination requires an evaluation of the merits of the action and makes any potential distinction between the merits and ... standing exceedingly artificial," *id.* at 130. Whether or not statutory standing is jurisdictional, however, it may be assumed for purposes of deciding the merits. *See Steel Co.,* 523 U.S. at 97 n. 2, 118 S.Ct. 1003 (stating that "a merits question can be given priority over a statutory standing question"); *cf. United States v. Canova,* 412 F.3d 331, 348 (2d Cir.2005) (explaining in the context of criminal sentencing that "because the jurisdictional challenge in this case is statutory rather than constitutional, we may assume hypothetical jurisdiction").

### III. Section 502(a)(2)

Coan seeks relief under section 502(a)(2) of ERISA, which provides, in relevant part, that civil actions may be brought "by **\*257** the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title. " 29 U.S.C. § 1132(a)(2). Section 409 of ERISA ( 29 U.S.C. § 1109), in turn, provides, *inter alia,* that a plan fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." ERISA § 409(a), 29 U.S.C. § 1109(a).

Under sections 502(a)(2) and 409(a), plan participants may unquestionably bring actions against plan fiduciaries for breaches of fiduciary duty. But in *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court stated that such claims may not be made for individual relief, but instead are "brought in a representative capacity on behalf of the plan." *Id.* at 142 n. 9, 105 S.Ct. 3085; *see also Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993) (concluding that *Russell* "bars plaintiffs from suing under [s]ection 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan").

The district court decided that Coan's section 502(a)(2) claim should be dismissed because she failed to take procedural steps to ensure the protection and adequate representation of absent plan participants. The court based its decision on three alternative grounds. First, it concluded that our decision in *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 287 (2d Cir.1992), *abrogated on other grounds, see Gerosa v. Savasta & Co.,* 329 F.3d 317, 322-23, 327-28 (2d Cir.) (explaining that other aspects of *Diduck* are inconsistent with subsequent Supreme Court decisions), *cert. denied,* 540 U.S. 967, 124 S.Ct. 435, 157 L.Ed.2d 312 (2003), requires plaintiffs bringing suit on behalf of an employee benefit plan to follow Federal Rule of Civil Procedure 23.1, which sets forth procedures to be followed in shareholder derivative actions. *Coan II,* 349 F.Supp.2d at 274-75. Second, the court reasoned that even if plaintiffs bringing suit under section

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                                      Page 8

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

502(a)(2) are not strictly required to follow Rule 23.1, they must adhere to the "general principles that apply in shareholder derivative actions." *Id.* at 275 (internal quotation marks and citation omitted). Finally, the district court concluded that, in any event, Coan's "failure to do *anything* to demonstrate that her action actually was intended to benefit former plan participants other than Karen Coan ... rendered specious [her] claim to be acting on behalf of others." *Id.* at 277 (internal quotation marks, citation, and ellipsis omitted; emphasis in original). We agree with the district court's decision based on the third ground.

### A. Rule 23.1

[6] In her brief, Coan focuses primarily on the first ground for the district court's decision-Rule 23.1 -and argues that the court erred in imposing the requirements of the rule on her. There is significant doubt as to whether under section 502(a)(2) of ERISA plaintiffs are required to follow Rule 23.1. Rule 23.1 "applies only to derivative actions 'brought by one or more *shareholders* or *members* to enforce a right of a *corporation* or of an *unincorporated association.*' " *Kayes v. Pac. Lumber Co.,* 51 F.3d 1449, 1462 (9th Cir.1995) (quoting Rule 23.1) (emphasis added by *Kayes*). By its terms, the rule does not apply to section 502(a)(2) suits, which are neither brought by shareholders or members nor are brought to enforce the right of a corporation or of an unincorporated association. *See id.* at 1462-63 (concluding that plaintiffs suing under section 502(a)(2) do not have to meet requirements of Rule 23.1); **\*258**In re AEP ERISA Litig., 327 F.Supp.2d 812, 820-21 (S.D.Ohio 2004) (same); *cf. RCM Secs. Fund, Inc. v. Stanton,* 928 F.2d 1318, 1325 (2d Cir.1991) (stating that "[t]he plain language of [Rule 23.1] ... governs our construction of it").

It is true that in *Diduck,* which the district court treated as controlling, we concluded that Rule 23.1 was applicable to a suit brought by participants on behalf of an ERISA plan. *Diduck,* 974 F.2d at 287. But *Diduck* involved an action brought under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), not section 502(a)(2). Section 502(g)(2) authorizes

fiduciaries, but no one else, to obtain unpaid contributions pursuant to ERISA § 515, 29 U.S.C. § 1145, which requires employers participating in multi-employer ERISA plans to make obligatory contributions to the plans. Because section 502(g)(2) only applies to suits by fiduciaries, it is sensible to require plan participants, if they may assert the fiduciaries' right of action at all, to follow Rule 23.1, which applies when the appropriate plaintiff has "failed to enforce a right which may properly be asserted by it." Fed.R.Civ.P. 23.1. Section 502(a)(2), unlike section 502(g)(2), provides an express right of action for participants-presumably because the drafters of ERISA did not think fiduciaries could be relied upon to sue themselves for breach of fiduciary duty. Because plan participants are expressly authorized to bring suit under section 502(a)(2), the situation here is not controlled by *Diduck.*

### B. General Principles of Derivative Suits

For similar reasons, we harbor some doubt about the district court's second ground for dismissing Coan's section 502(a)(2) claim, namely, Coan's failure "to comply with the general principles that apply in shareholder derivative actions." *Coan II,* 349 F.Supp.2d at 275 (internal quotation marks and citation omitted). As the Supreme Court explained in *Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 529, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984), "the term 'derivative action' ... has long been understood to apply only to those actions in which the right claimed by the shareholder is one the corporation could itself have enforced in court." Relying in part on this general "understanding ... of the term 'derivative action,' " *id.* at 528, 104 S.Ct. 831, the *Daily Income Fund* Court concluded that the demand requirement of Rule 23.1 did not apply to a shareholder suit brought under section 36(b) of the Investment Company Act of 1940(ICA), 15 U.S.C. § 80a-35(b), because the ICA did not grant a cause of action to the corporation, *see Daily Income Fund,* 464 U.S. at 542, 104 S.Ct. 831.

[7] The Court thus explained in *Daily Income Fund* that because corporations could not bring suit in their own right under the ICA, individual

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                     Page 9

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

shareholders' suits were not derivative. That reasoning applies with equal force here. Because ERISA plans cannot bring suit against fiduciaries on the plans' own behalf under section 502, the lawsuits of individual participants are not derivative either. *See Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.,* 700 F.2d 889, 893 (2d Cir.) ("In light of the frequent references in [ERISA] and its legislative history to ' participants, beneficiaries and fiduciaries,' [the] conclusion [that funds also have standing to bring suit] is untenable.") (citations omitted), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). Section 502(a)(2), like the law considered by Supreme Court in *Daily Income Fund,* creates an "unusual cause of action ... [that] differs significantly from those traditionally asserted in shareholder derivative suits." *Daily Income Fund,* 464 U.S. at 535, 104 S.Ct. 831. We therefore doubt that section 502(a)(2) **\*259** actions can, in any meaningful sense, be governed by the "same general principles" of procedure that control derivative actions. *Coan II,* 349 F.Supp.2d at 275 (internal quotation marks and citation omitted).

*C. Bringing Suit in a "Representative Capacity"*

Irrespective of the applicability of Rule 23.1 or the principles of derivative actions, however, we agree with the district court that Coan's section 502(a)(2) claim fails because it was not "brought in a representative capacity on behalf of the plan." *Russell,* 473 U.S. at 142 n. 9, 105 S.Ct. 3085.

*1. Procedural Requirements of Section 502(a)(2).*
In *Russell,* the Supreme Court considered whether an individual participant in an ERISA plan could recover damages under section 502(a)(2) for alleged misfeasance-in that case, delay in awarding disability benefits-that harmed only the plaintiff. The Court noted that section 409 of ERISA, 29 U.S.C. § 1109, on which the section 502(a)(2) right of action is based,[FN4] requires plan fiduciaries " ' to make good *to such plan* any losses *to the plan* ' " resulting from a breach of fiduciary duty. *Russell,* 473 U.S. at 140, 105 S.Ct. 3085 (quoting ERISA § 409(a), 29 U.S.C. § 1109(a)) (emphasis added by *Russell).* According to the Court, "[a] fair

contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id.* at 142, 105 S.Ct. 3085.

> FN4. *See* ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (providing right of action "for appropriate relief under section 1109 of this title").

The central holding of *Russell* is that sections 409 and 502(a)(2) of ERISA do not provide for the recovery of extra-contractual damages for breaches of fiduciary duty that affect only an individual plaintiff. *See id.* at 136-37, 105 S.Ct. 3085 (interruption in provision of plan benefits to the plaintiff); *Lee,* 991 F.2d at 1006-07 (health benefits denied to two persons upon bankruptcy of plan sponsor); *cf. Matassarin v. Lynch,* 174 F.3d 549, 566 (5th Cir.1999) (alleged breaches of fiduciary duty affected only the individual retirement accounts of the plaintiff and few others), *cert. denied,* 528 U.S. 1116, 120 S.Ct. 934, 145 L.Ed.2d 813 (2000). Unlike the plaintiffs in those cases, Coan complains of an alleged breach of fiduciary duty-failure to diversify plan assets-that would have harmed all the participants in the KLC 401(k) plan. And she asks for, among other things, "[d]amages and/or restoration of losses to the 401k Plan." Compl. at 5.

But, like the district court, we do not see how an action can be brought in a "representative capacity on behalf of the plan" if the plaintiff does not take any steps to become a bona fide representative of other interested parties. *Russell,* 473 U.S. at 142 n. 9, 105 S.Ct. 3085. It seems to us that the representative nature of the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interests they purport to represent.

Although ERISA does not specify the procedures that a plan participant must follow in order to bring suit on behalf of a benefit plan, its drafters considered the issue. As early as 1970, four years

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                    Page 10

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

before ERISA was enacted, a Senate version of the bill would have required participants and beneficiaries bringing suit for breach of fiduciary duty to bring class actions. *See* S. 3589, 91st Cong., § 9(e)(2) (1970) *as reprinted in Arnold & Porter Legislative *260 History: Employee Retirement Income Security Act of 1974 (" ERISA-LH")* 16, at *23.[FN5] In their final versions, the House and Senate ERISA bills contained contrasting class-action requirements: The House bill provided that participants and beneficiaries *must* in most circumstances bring class actions in order to bring suit on behalf of a plan for breach of fiduciary duty, while the Senate bill provided that they *may. See* Summary of Differences Between the Senate Version and the House Version of H.R.2 to Provide for Pension Reform § 10 (Comm. Print 1974), *as reprinted in ERISA-LH* 85-C, at *26.[FN6]

> FN5. Available in Westlaw, database identifier "ERISA-LH."

> FN6. The conference staff's comparison of the two class-action provisions reads:
> 10. Jurisdiction of Courts, etc.
> House bill.-
> ....
> (2) Where participants or beneficiaries bring actions with respect to breach of fiduciary responsibility or to enjoin an act or practice violating the Act, the action *must* be brought as a class action if the jurisdiction allows it and the requirements for a class action are not unduly burdensome in the circumstances.
> Senate amendment.-
> ....
> (2) Suits for breach of fiduciary duty, to enjoin acts or practices violating the Act, and for benefits *may* be brought as class actions.
> *ERISA-LH* 85-C, at *26 (emphasis added by conference staff).

The fact that Congress, having considered mandatory and permissive provisions relating to class actions, ultimately remained silent on the issue suggests to us that it deliberately declined to adopt

any general rule as to whether class actions are mandatory or permissive. *See* 29 U.S.C. § 1132(a)(2).[FN7] But it does not mean that Congress intended to allow individual participants and beneficiaries to bring suit on behalf of an employee benefit plan without observing *any* procedural safeguards for other interested parties. It seems to us, rather, that Congress was content to leave the procedures necessary to protect absent parties, and to prevent redundant suits, to be worked out by parties and judges according to the circumstances on a case by case basis.

> FN7. *Cf. Hamdan v. Rumsfeld,* --- U.S. ----, 126 S.Ct. 2749, 2006 WL 1764793, *14 n. 10 (2006) (concluding, "[i]n light of [Congress's] extensive discussion of the [Detainee Treatment Act of 2005, Pub.L. 109-148, 119 Stat. 2739]'s effect on pending cases," that its removal of a provision that would have expressly made the statute applicable to pending cases meant that it did not intend the statute to apply to pending cases).

[8][9] This is the approach of the common law of trusts, which "offers a starting point for analysis of ERISA unless it is inconsistent with the language of the statute, its structure, or its purposes." *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 250, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) (internal quotation marks and citation omitted; alterations incorporated). Ordinarily, when a beneficiary brings suit against a trustee on behalf of the trust, other beneficiaries "should be joined as parties, either as plaintiffs or as defendants, if their interests would be affected by the decree." *See* 3 Austin W. Scott et al., *The Law of Trusts* § 214 (4th ed.2001). But, as a case decided shortly before the enactment of ERISA noted:
"[There] are two well-established exceptions to the general rule that the *cestuis que trustent* are necessary parties in actions by or against a trustee relating to the trust or its property. The first is where the absent parties are properly represented.... The second exception to the general rule arises where the beneficiaries are very numerous, so that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                        Page 11

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

**\*261** the delay and expense of bringing them in becomes oppressive and burdensome. In such case they will not be deemed necessary parties where the trustee representing them is made a party."

*Hebbard v. Colgrove,* 28 Cal.App.3d 1017, 1027, 105 Cal.Rptr. 172, 178 (1972) (quoting *Anderson v. Elliott,* 117 N.E.2d 876, 879, 1 Ill.App.2d 448 (1954)) (alterations in *Hebbard;* emphasis omitted). In the latter situation, a class action is the appropriate procedural device. *See id.; see also Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 833-34, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) (noting that "actions charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries, requiring an accounting or similar procedure 'to restore the subject of the trust,' " are among the "[c]lassic examples" of Rule 23(b)(1)(B) class actions (quoting Advisory Committee's Notes on Fed.R.Civ.P. 23)).

[10] We think it neither necessary nor helpful to delineate minimum procedural safeguards that section 502(a)(2) requires in all cases. But in our view, although plan participants need not always comply with Rule 23 to act as a representative of other plan participants or beneficiaries,[FN8] those who do will likely be proceeding in a " representative capacity" properly for purposes of section 502(a)(2). Similarly, a plan participant who joins or makes a good-faith effort to join other participants as parties pursuant to Rule 19 would seem to have discharged his or her duty to proceed on behalf of the plan. Ultimately, however, the requirement is only that the plaintiff take adequate steps under the circumstances properly to act in a " representative capacity on behalf of the plan." *Russell,* 473 U.S. at 142 n. 9, 105 S.Ct. 3085.

FN8. We note that even the rejected provision in the House bill that would have made class actions mandatory in most circumstances would have required them only "if the jurisdiction allow[ed them] and the requirements for a class action [were] not unduly burdensome in the circumstances." *ERISA-LH* 85-C, at \*26.

[11] *2. Application to Coan's Lawsuit.* Here, the district court concluded that Coan's "failure to do *anything* to demonstrate that her action actually was intended to benefit former plan participants other than Karen Coan ... rendered specious [her] claim to be acting on behalf of others." *Coan II,* 349 F.Supp.2d at 277 (internal quotation marks and ellipsis omitted; emphasis in original). We agree. Allowing Coan to bring this action without notifying or otherwise involving other plan participants would, it seems to us, create significant practical difficulties and opportunities for abuse. Because Coan does not proceed under Rule 23, for example, we see nothing to prevent her from reaching a settlement with the defendants that would disproportionately, or even exclusively, benefit her. *Cf.* Fed.R.Civ.P. 23(e)(1)(A) (requiring courts to approve class action settlements and to direct notice to absent class members); *accord* Fed.R.Civ.P. 23.1 (requiring court approval and notice to shareholders prior to dismissal or compromise of a shareholder derivative suit).

If, on the other hand, Coan were to prevail, the district court would face a difficult task in ensuring that recovery "inures to the benefit of the plan as a whole." *Russell,* 473 U.S. at 140, 105 S.Ct. 3085. The court would likely be required to issue an order mandating that the now defunct KLC 401(k) plan be temporarily resuscitated, funds restored to it, its participants located, their entitlements calculated, and distributions disbursed to them. Without the benefit of a procedural mechanism for the protection of interested parties, it is unclear how the court could satisfy itself **\*262** that their interests were in fact being taken into consideration without a great deal of improvisation, effort, and expense. *See Coan I,* 333 F.Supp.2d at 24 ("[T]here is no guarantee, aside from Ms. Coan's personal assurances, that the former participants will benefit from any possible recovery.").

Permitting Coan to proceed would, moreover, complicate any subsequent litigation. If a participant in the KLC 401(k) plan who is not included in this action were to bring a subsequent lawsuit against the defendants regarding the same alleged breach of fiduciary duty, the issue of collateral estoppel (issue preclusion) would likely

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                                                    Page 12

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

arise. The question would be whether the second participant is in "privity" with Coan such that he or she would be bound by the earlier judgment. *See, e.g., Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 90-91 (2d Cir.2005) (discussing the privity requirement). If privity and therefore preclusion were found, the second participant would be bound by a judgment that was reached without his or her involvement or reliable safeguards for his or her interests. *But see Richards v. Jefferson County, Ala.,* 517 U.S. 793, 801-02, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) (issue preclusion without prior notice raises due process concerns).

If, on the other hand, the issue were not deemed precluded, multiple further lawsuits might ensue, the ultimate result of which might well be an unsatisfactory resolution of the dispute as a whole. *See Thornton v. Evans,* 692 F.2d 1064, 1079-80 (7th Cir.1982) (concluding that plan beneficiaries bringing suit on behalf of employee benefit plan " must sue either as representatives of the Fund in a derivative action or as representatives of the beneficiaries in a class action" in order to "avoid multiple litigation").

Because Coan has not taken any steps to permit the court to safeguard the interests of others or the court's proceedings under these circumstances, we agree with the district court that she has failed to represent adequately the interests of other plan participants and has therefore not properly proceeded in a representative capacity as required by section 502(a)(2). We further agree that it is " far too late in the day" for Coan to cure the procedural defects in her lawsuit. *Coan II,* 349 F.Supp.2d at 276 n. 9. We therefore conclude that the court properly granted summary judgment to the defendants on Coan's section 502(a)(2) claim.

### IV. Section 502(a)(3)

Coan also seeks relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which the Supreme Court has described as a "catchall" remedial section "offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe,* 516

U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (internal quotation marks omitted). Unlike section 502(a)(2), section 502(a)(3) permits ERISA plan participants to bring suit for individual remedies; but relief under section 502(a)(3) must be "equitable." 29 U.S.C. § 1132(a)(3). The district court denied Coan's section 502(a)(3) claim based on its conclusion that the "remedy Ms. Coan seeks in this case is not equitable in form or substance." *Coan I,* 333 F.Supp.2d at 27.

The district court's conclusion is strongly supported by recent Supreme Court decisions interpreting the scope of section 502(a)(3). In *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), former employees of a steel company brought a section 502(a)(3) action against a non-fiduciary actuary of their pension plan, seeking monetary relief for the actuary's alleged participation in the **\*263** breach of fiduciary duties by the plan's fiduciaries. The Supreme Court, noting that "what petitioners in fact seek is nothing other than compensatory damages-monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties," *id.* at 255, 113 S.Ct. 2063 (emphasis omitted), held that such monetary damages did not constitute "appropriate *equitable* relief" under section 502(a)(3), *id.* (internal quotation marks omitted; emphasis in original).

In *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), the Court again addressed an attempt to pursue money damages under section 502(a)(3). The petitioner, an insurance company, sought to use section 502(a)(3) to obtain reimbursement from a policyholder who had received compensation for her medical expenses pursuant to a settlement of a tort claim. As in *Mertens,* the Supreme Court held that the relief sought was not equitable, rejecting the petitioner's argument that it was merely seeking an equitable injunction to require payment, *see id.* at 210-12, 122 S.Ct. 708, and concluding that the petitioner was not seeking the equitable remedy of restitution because it had not identified "particular funds or property in the defendant's possession," *id.* at 214, 122 S.Ct. 708.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

After briefing and oral argument in this case, the Supreme Court decided *Sereboff v. Mid Atlantic Medical Services, Inc.*, --- U.S. ----, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006), which "involved facts similar to those" in *Knudson. Id.* at 1873-74. The Court concluded that the relief sought by the insurance company was equitable because the company "sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the [petitioner's] assets generally." *Id.* at 1874. But the Court reaffirmed the holding of *Knudson* that money damages are unavailable under section 502(a)(3) when the plaintiff does "not seek to recover a particular fund from the defendant." *Id.*

[12] Coan seeks monetary relief; she does not attempt to recover a specifically identified fund from the defendants. She contends that the relief she wants is nevertheless equitable for purposes of ERISA. Relying on our decision in *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138 (2d Cir.1999), Coan points out that neither *Mertens* nor *Knudson* involved suits against plan fiduciaries, against whom, she argues, section 502(a)(3) provides for broader remedies than against non-fiduciaries. *Strom*, which was decided after *Mertens* but before *Knudson*, did indeed distinguish between fiduciaries and non-fiduciaries, noting that suits against fiduciaries for breach of trust were traditionally in the exclusive jurisdiction of courts of equity. *Strom*, 202 F.3d at 145. Similarly, Justice Ginsburg, concurring in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), suggested that monetary relief under section 502(a)(3) may be more broadly available in suits against ERISA fiduciaries than against non-fiduciaries:
Recognizing that "this Court has construed Section 502(a)(3) not to authorize an award of money damages against a *non-fiduciary*," the Government suggests that the Act, as currently written and interpreted, may "allo[w] at least some forms of ' make-whole' relief against a breaching *fiduciary* in light of the general availability of such relief in equity at the time of the divided bench." Brief for United States as Amicus Curiae 27-28, n.13 (emphases added).... [T]he Government's suggestion may indicate an effective remedy others

similarly\*264 circumstanced might fruitfully pursue.

*Id.* at 223-24, 124 S.Ct. 2488 (Ginsburg, J., concurring).

But whether sought from a fiduciary or not, the type of relief a plaintiff requests must still be "equitable."
  As we noted in *Strom, Mertens* precludes the conclusion that relief sought from fiduciaries is " equitable" under ERISA section 502(a)(3) solely because it was generally available in equity at the time of the divided bench. *See Strom*, 202 F.3d at 145. The *Mertens* Court said:
Since *all* relief available for breach of trust could be obtained from a court of equity, limiting the sort of relief obtainable under § 502(a)(3) to "equitable relief" in the sense of "whatever relief a common-law court of equity could provide in such a case" would limit the relief *not at all*. We will not read the statute to render the modifier ["equitable"] superfluous.

*Mertens*, 508 U.S. at 257-58, 113 S.Ct. 2063 (footnote omitted; emphases in original). And in *Sereboff*, the Court made clear that section 502(a)(3) requires *both* that the "basis for [the] claim" *and* the "nature of the recovery" sought be equitable. *See Sereboff*, 126 S.Ct. at 1874. Even if breach of fiduciary duty is an equitable *claim*, therefore, *remedies* for breach of that fiduciary duty do not constitute "equitable relief" under section 502(a)(3) unless the plaintiff seeks a "categor[y] of relief that [was] typically available in equity." *Mertens*, 508 U.S. at 256, 113 S.Ct. 2063 (emphasis omitted).

We recently recognized that the Supreme Court's reasoning in *Knudson* "cuts across the grain of *Strom*." *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir.2005), *cert. denied*, 126 S.Ct. 2286 (2006). We concluded in that case that restitutionary monetary relief was not "equitable" under section 502(a)(3) when, as here, the defendants "never possessed the funds in question and thus were not unjustly enriched." *Id.* at 339.

We agree with the district court, moreover, that the alternative relief Coan seeks under section

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 F.3d 250                                                                                              Page 14

457 F.3d 250, 38 Employee Benefits Cas. 1609
**(Cite as: 457 F.3d 250)**

502(a)(3), an injunction requiring the defendants to restore funds to the defunct 401(k) plan to be distributed to former participants, "does not transform what is effectively a money damages request into equitable relief." *Coan I,* 333 F.Supp.2d at 26.

Coan's attempt to cast this action as one for " equitable relief" therefore fails. We conclude that the individual remedies Coan seeks are unavailable under ERISA section 502(a)(3).

## CONCLUSION

Based on the foregoing analysis, we conclude that the district court correctly granted summary judgment to the defendants. The court's decision is therefore affirmed.

C.A.2 (Conn.),2006.
Coan v. Kaufman
457 F.3d 250, 38 Employee Benefits Cas. 1609

Briefs and Other Related Documents (Back to top)

• 04-5173 (Docket) (Sep. 28, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.