Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Briefs and Other Related Documents

United States District Court,N.D. California.
In re ADMINISTRATIVE COMMITTEE ERISA LITIGATION
No. C03-3302 PJH.

Dec. 16, 2005.

Thomas E. Bilek, Kelly Cox Bilek, Hoeffner & Bilek, LLP, Houston, TX, Lee Shalov, Thomas G. Ciarlone, Shalov Stone & Bonner LLP, New York, NY, Leigh Anne Parker, Weiss & Lurie, Los Angeles, CA, for Plaintiffs.
James P. Baker, Virginia H. Perkins, Jones Day, San Francisco, CA, for T. Rowe Price.
David L. Bacon, Thelen Reid & Priest LLP, Los Angeles, CA, Donald Lawrence Havermann, Jessica Ruth Bernanke, Morgan Lewis & Bockius LLP, Washington, DC, Michael C. Hallerud, Ellen M. Papadakis, Thelen Reid & Priest LLP, San Francisco, CA, for Counter-Claimants.

ORDER DENYING MOTION FOR CLASS CERTIFICATION AND DISMISSING CONSOLIDATED AMENDED COMPLAINT
HAMILTON, J.
*1 Plaintiff Dale Ingle's motion for class certification came on for hearing before this court on November 16, 2005. Plaintiff appeared by his counsel Thomas Bilek, and defendants appeared by their counsel James P. Baker and David L. Bacon. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

INTRODUCTION

This is a proposed class action brought under §§ 409 and 502 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109(a) and § 1132(a)(2), on behalf of all participants in the Emery Worldwide Savings Plan and the CNF Transportation, Inc. Thrift and Stock Plan (collectively, the "Plans") as of August 15, 2001. The Plans are 401(k) plans that were established and sponsored by defendants CNF, Inc. ("CNF"), Emery Worldwide Airlines, Inc. ("EWA"), and Emery Air Fright Corporation d/b/a Emery Worldwide ("EWW"), also known as Menlo Worldwide Forwarding, Inc., as a benefit for their employees.

The complaint alleges that CNF, EWA, EWW, the Plans, and the other defendants (the Administrative Committee of the CNF, Inc. EWW Savings Plan and the CNF, Inc. Thrift and Savings Plan ("Administrative Committee"), T. Rowe Price Group, Inc., T. Rowe Price Trust Company, and T. Rowe Price Retirement Plan Services, Inc. breached their fiduciary duties to the Plan participants when they unilaterally "froze" or shut down access to their 401(k) accounts.

BACKGROUND

This case arises out of the demise of EWA in 2001. Briefly, EWA operated a fleet of freighter aircraft used exclusively by EWW. At the time of the events alleged in the complaint, both EWA and EWW were wholly-owned subsidiaries of CNF. On August 13, 2001, the Federal Aviation Administration ("FAA") ordered an immediate suspension of EWA's operations for 60 days, citing EWA's violations of air safety regulations. Two months later, on December 5, 2001, CNF announced that EWA would permanently cease operating its fleet of aircraft. All EWA flight crew members were subsequently furloughed.

The complaint alleges that following the August 13, 2001, suspension of operations, the Plan participants (the proposed class members) were notified that their access to the Plans was "frozen" as of August 12, 2001-that is, they could not alter the investment mix to sell their CNF stock, could not withdraw funds from the retirement Plans, could not borrow money from the funds in their accounts, and could not access their account balances or statements over the telephone or the Internet.

Access to the Plans was restored on October 15, 2001. The complaint alleges that during the two-month period that the participants were denied access to their accounts, the value of those accounts dropped significantly, in part because of a decline in the value of CNF stock (which some of the participants held in their 401(k) accounts), and in part because of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY   Document 119-3   Filed 09/29/2006   Page 2 of 7

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
**(Cite as: Not Reported in F.Supp.2d)**

decline in the markets generally after September 11, 2001.

*2 The original complaint in this action was filed as *Administrative Committee v. Rachford,* case No. C-03-3302, on July 15, 2003. The plaintiff-the Administrative Committee-sought a declaratory judgment that it had not breached its fiduciary duties in connection with the Plans. Named as defendants were Thomas Rachford ("Rachford"), Dale Ingle ("Ingle"), and Haile Yohannes ("Yohannes"), individually and as representatives of a class of furloughed or laid-off EWA employee participants in the Plans. The proposed defendant class was defined in the complaint as consisting of

all participants in one or both of the 401(k) Plans who were laid off by EWA in 2001, who continued to receive employee benefits from EWA for 60 days following their layoffs, for whom EWW Plan and or TASP distributions were not authorized during the 60 day period after their layoffs while they received employee benefits from EWA, and who were not permitted to take new loans out against one or both 401(k) Plans after their layoffs.

Cplt ¶¶ 1, 12, 13, 53.

Approximately three weeks later, on August 8, 2003, Ingle and Christopher Coffey ("Coffey"-another former EWA pilot) filed *Coffey v. CNF* as a proposed class action in the Eastern District of Texas. The proposed plaintiff class was defined as consisting of "all persons who were participants in or beneficiaries of [the Plans] at any time between August 12, 2001, and October 16, 2001." Plaintiffs alleged two causes of action under 29 U.S.C. § 1104, one for breach of fiduciary duties, and one for breach of co-fiduciary duties. The defendants in the *Coffey* case were CNF, EWA, EWW, the two Plans, the Administrative Committee of the Plans, and the three T. Rowe Price entities.

On January 9, 2004, the Administrative Committee filed an amended complaint ("FAC") in case No. C-03-3302. In the FAC, the Administrative Committee referenced the *Coffey* case as support for its claim that an actual dispute existed between the parties, which warranted its request for declaratory relief. The FAC contained the same proposed class definition as the original complaint. FAC ¶¶ 14, 15, 56.

After the Texas action was transferred to this district as case No. C-04-4613, the two cases were consolidated. On November 29, 2004, the Administrative Committee filed a motion for certification of a defendant class in case C-03-3302, seeking to have Ingle, Rachford, and Yohannes named as defendant class representatives. The proposed defendant class was defined as

all participants, and their beneficiaries, in one or both of [the 401(k) Plans] who were furloughed or laid off by [EWA] in 2001 due to actions taken by the Federal Aviation Administration, who continued to receive paid health care benefits from EWA for 60 days following their furloughs or layoffs ("the Class Period"), for whom the 401(k) Plan distributions were not authorized during the Class Period while they received paid health care benefits from EWA, and who were not permitted to take new loans against one or both of the 401(k) Plans after their furloughs or layoffs.

*3 On the same date, Ingle and Rachford filed a motion to certify a plaintiff class in *Coffey v. CNF,* C-04-4613.[FN1] The proposed class in the *Coffey* case was defined as

FN1. It isn't clear how or when Rachford became a named plaintiff in this case, which was originally filed by Ingle and Coffey. It appears that at the time the case was transferred to this district, Ingle and Coffey were the named plaintiffs.

all persons who were participants in or beneficiaries of the Retirement Plans at any time between August 12, 2001, and October 16, 2001 ("the Class Period").

The order consolidating the two cases under No. C-03-3302 was filed on December 20, 2004. On January 7, 2005, the court ordered the parties to realign themselves and file a consolidated amended complaint, and suggested that only one motion for class certification be filed. The realigned parties filed a consolidated amended class action complaint ("CAC") on January 27, 2005. The CAC names Ingle and Rachford as plaintiffs (but not Yohannes or Coffey). Defendants are CNF, EWW, EWA, the two Plans, and the Administrative Committee (collectively, "the CNF defendants"), plus the three T. Rowe Price defendants.

On February 10, 2005, the CNF defendants filed an answer and counterclaim seeking a declaratory judgment that the defendants had not breached their fiduciary duties (identical to the original allegations in *Administrative Committee v. Rachford* ).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY   Document 119-3   Filed 09/29/2006   Page 3 of 7

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

On August 15, 2005, Ingle filed the present motion to certify a plaintiff class, with himself as the sole class representative, and defining the proposed class as all persons who were furloughed on August 12, 2001, and who were also participants in or beneficiaries of the Retirement Plans at any time between August 12, 2001, and October 16, 2001 ("the Class Period") [but excluding any defendant or person related to defendants].

On the same date, the CNF defendants filed a motion to certify a counterclaimant defendant class (substantially identical to the Administrative Committee's previous motion to certify a defendant class) with Rachford, Ingle, and Yohannes as proposed defendant class representatives, and the proposed class defined as all participants in one or both of the 401(k) Plans who were furloughed by [EWA] in 2001 or 2002 due to actions taken by the Federal Aviation Administration ("FAA") that ultimately resulted in the shutdown of EWA, who continued to receive paid health benefits under the Health Plan for 60 days following the start of their furloughs ("the Class Period"), for whom the 401(k) Plan account distributions were not authorized during the Class Period while they received such employee benefits, and who were not permitted to take new loans against their accounts after the start of their furloughs.

Each side was then directed to file a statement explaining why the court should be required to adjudicate two motions for class certification. They did so, and the court advised the parties that it would consider the plaintiff's motion first, and that it would take up the CNF parties' motion later, "to the extent necessary."

## DISCUSSION

Plaintiff Ingle seeks certification of a class defined as all persons who were furloughed on August 12, 2001, and who were also participants in or beneficiaries of the Retirement Plans at any time between August 12, 2001, and October 16, 2001 ("the class period").

*4 He argues that all the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, and that the action is appropriate for certification under either Rule 23(b)(1) or Rule 23(b)(2).

Before determining whether a proposed class satisfies the requirements of Rule 23, the court must be satisfied that the named plaintiffs have standing to assert their claims, since the court cannot certify a proposed class if the proposed representatives lack standing to sue. O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir.2003); Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir.1974). Indeed, "standing is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue." 3 Newberg on Class Actions § 3:19, at 400 (4th ed.2002).

ERISA allows "a participant, beneficiary, or fiduciary" to bring a civil action for breach of fiduciary duty. 29 U.S.C. § 1132(a)(2). Thus, Ingle-the proposed class representative-has standing to bring this action only if he is a plan participant, beneficiary or fiduciary. See Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 933 (9th Cir.1994) (federal court has no jurisdiction to hear civil action under ERISA that is brought by person who is not a "participant, beneficiary, or fiduciary") (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); see also Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1027 (9th Cir.1995) (claimant's standing to enforce ERISA under 29 U.S.C. § 1132 is prerequisite to subject matter jurisdiction under ERISA).

"The term 'participant' means any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court refined the definition of "participant," holding that,

the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits. In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.... A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.'

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY    Document 119-3    Filed 09/29/2006    Page 4 of 7

Not Reported in F.Supp.2d                                                                            Page 4
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
**(Cite as: Not Reported in F.Supp.2d)**

*Id.* at 117-18 (citations and quotations omitted).

Defendants contend that because Ingle was not a Plan participant at the time of filing of the present action, he does not have standing to assert claims on his own behalf or on behalf of the other proposed class members.[FN2] Defendants assert that Ingle is not a participant because he does not have a " 'colorable claim' to vested benefits," as required under *Firestone.* They argue that rather than seeking "benefits," he is seeking damages for loss of the additional benefits he claims he would have received from his Plan investments but for the defendants' alleged misrepresentations.

> FN2. Rachford, who does not seek to serve as class representative, took a complete distribution of his account in November 2002, also before the complaint in *Coffey* was filed.

*5 Ingle maintains, however, that he has a "colorable claim" to vested benefits, arguing that the members of the proposed class had in their retirement accounts "vested benefits" that were improperly withheld from them by defendants. He contends that by calling these benefits "damages" instead of "vested benefits," defendants are simply engaged in a game of semantics. He urges the court to ignore the distinction between "damages" and "vested benefits" at this stage of the litigation.

It is settled in the Ninth Circuit that a person's standing as a plan participant "must be decided as of the time of the filing of the lawsuit." *Harris,* 26 F.3d at 933; *see also Schultz v. PLM Int'l, Inc.,* 127 F.3d 1139, 1142 (9th Cir.1997) (participant status is determined at the time suit is filed); *Crotty v. Cook,* 121 F.3d 541, 547 (9th Cir.1997) (same). The court finds that at the time of the filing of this suit in August 2003, Ingle was not "eligible to receive a benefit" under the Plan, and was therefore not a Plan "participant. At the time Ingle filed suit, he was a former employee of EWA. He thus qualifies as a "plan participant only if he has 'a reasonable expectation of returning to covered employment or [has] a colorable claim to vested benefits." ' *Harris,* 26 F.3d at 933 (quoting *Firestone,* 489 U.S. at 117).

Because EWA-which ceased operations in December 2001-no longer existed at the time the complaint was filed, Ingle did not have a reasonable expectation of returning to covered employment. And because he had taken a full distribution of the money in his 401(k) account in January 2002, he did not have a colorable claim to vested benefits: his benefits under the Plans had already been distributed to him in full. Because he had neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, Ingle was not a participant in an ERISA plan at the time he filed suit. He therefore lacked standing to bring a claim under § 1132.

Ingle argues that he falls within a well-recognized exception to the general rule that a former plan participant lacks standing to sue under ERISA. He relies on *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock,* 861 F.2d 1406, 1418 (9th Cir.1988), where the court held that a former plan participant could sue for breach of fiduciary duty because to preclude him from suing would be to allow the fiduciary to benefit from its scheme to personally profit from the breach of duty of loyalty; and on *Perigo v. Hoffer,* 354 F.Supp.2d 1145, 1147 (E.D.Cal.2005), where the court found that a former plan participant had standing to seek disgorgement of ill-gotten gains that had accrued to defendant as a result of breaches of fiduciary duty. Ingle argues that in this case, he seeks, in essence, the imposition of a constructive trust to strip the defendants of any ill-gotten profits of CNF stock earned from their individual accounts based on allegations of ERISA fiduciary duties.

*6 In scattered instances, courts have found that individuals who were not plan participants at the time of filing an ERISA action nonetheless had standing. Most of the cases involve a scenario similar to that in the *Amalgamated Clothing* and *Perigo* decisions cited by Ingle-where a court determines that it would be inequitable to allow the fiduciary to personally profit from unlawful gains obtained via the breach of fiduciary duty.[FN3] However, despite Ingle's attempt to make the facts of this case fit into that pattern, the court does not agree that plaintiffs have alleged facts showing "ill-gotten profits" made by defendants as a result of the decision to "freeze" access to the accounts.

> FN3. *See Ruocco v. Bateman, Eichler, Hill, Richards, Inc.,* 903 F.2d 1232, 1236 (9th Cir.1990) (in case challenging employer's failure to distribute to plan participants a surplus dividend it received from plan's disability carrier, court ruled that former employee had "colorable claim" of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY    Document 119-3    Filed 09/29/2006    Page 5 of 7

Not Reported in F.Supp.2d    Page 5
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
**(Cite as: Not Reported in F.Supp.2d)**

entitlement to share of surplus because he was former plan participant who had contributed financially to the plan); see also McBride v. PLM Int'l, Inc., 179 F.3d 737, 742-44 (9th Cir.1999) (notwithstanding usual rule that former employee who has received full distribution of vested benefits does not have standing to sue as plan "participant," such an employee does have standing to sue for violation of ERISA's whistleblower provision (29 U.S.C. § 1140), because otherwise, employer could unfairly escape liability for violations of ERISA).

Nor does this case fall into the category of "capable of repetition, yet evading review," as argued by plaintiff's counsel at the hearing. Plaintiff's counsel asserted that the question is controlled by Acosta v. Pacific Enter., 950 F.2d 611 (9th Cir.1992), and referred the court to a headnote that appears at the beginning of that decision.[FN4] However, the Acosta decision actually supports defendants' position, not Ingle's. In Acosta, a participant in one of various employee benefit plans administered on behalf of a single parent company brought an ERISA action against the trustee of the plans and the parent company, challenging the company's refusal to provide him with a list of names, addresses, and shareholdings beneficially owned by each participant in each of the various plans. (He wished to use the information to solicit votes for a particular candidate in the parent company's corporate directors election.) The district court denied the plaintiff's request for injunctive relief as moot because the election of directors had already occurred. In addition, the court granted summary judgment for the defendants, finding that the plaintiff did not have standing to challenge decisions affecting plans in which he did not participate. Id. at 615-16.

> FN4. Plaintiff's counsel cited headnote 3 from Acosta, in which West Publishing Company summarized a portion of the decision as follows: "Despite general rule that actual controversy must exist at all stages of federal court proceedings, Court of Appeals may nonetheless review claims that implicate practices that are capable of repetition, yet evading review." Id. at 612.

The Ninth Circuit found the case not moot, because the plaintiff had indicated that he intended to support candidates in future elections and to seek the support of other participants, and would again seek a list of all participants in any plan maintained by the parent company or its subsidiaries. The court noted that even though the election for which the plaintiff sought the information was over, the controversy was "sufficiently capable of repetition" to preserve the court's jurisdiction. Id. at 616 (citation and quotation omitted).[FN5] In addition, however, with regard to the information regarding plans in which the plaintiff was not a participant, the court held that "[i]f an individual does not participate in a specific plan, the fiduciaries of that plan generally have no fiduciary duty to him," and concluded that plaintiff therefore lacked standing under ERISA to bring an action for breach of fiduciary duty in the administration of plan in which he did not participate. Id. at 617.

> FN5. However, the Ninth Circuit found that defendants had no fiduciary duty to disclose the specific information sought by the plaintiff, as such disclosure was not sufficiently related to the provision of benefits or to defrayment of expenses. Id. at 618-19.

*7 The finding that the plaintiff's claim was "capable of repetition, yet evading review" was made in response to the district court's ruling that the plaintiff's claim was moot. The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit. Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir.2004). This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Id.; see also City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (case is moot when issues presented are no longer "live" or parties lack legally cognizable interest in outcome). Here, by contrast, the question is whether Ingle had standing under ERISA § 502(a) in August 2003 to bring a claim for breach of fiduciary duty. Acosta supports the proposition that a person who is not a participant in an ERISA plan lacks standing to bring an action for breach of fiduciary duty in the administration of the plan.

Ingle requests that if the court finds that he lacks standing, another plan participant be permitted to seek to represent the proposed class. Under recent Ninth Circuit authority, however, the court finds that that the CAC must be dismissed. In Lierboe, the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY    Document 119-3    Filed 09/29/2006    Page 6 of 7

Not Reported in F.Supp.2d                                                                                                         Page 6
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
**(Cite as: Not Reported in F.Supp.2d)**

Ninth Circuit considered an appeal of a class certification order. The plaintiff, a resident of Montana who had been injured in a car accident, incurred medical bills that exceeded the limit of the policy for the vehicle in which she was riding. She sought additional coverage under a policy that insured a vehicle owned by her closely-held business. The second policy provided no coverage for any injury sustained by the insured while riding in a vehicle owned by the insured but not covered under the second policy. Plaintiff filed suit, claiming that the insurer's refusal to "stack" more than one policy violated public policy. The suit was filed as a proposed class action. The district court certified the class, but also certified to the Supreme Court of Montana the question whether plaintiff had a "stacking" claim under her policies. *Lierboe,* 350 F.3d at 1020-21.

After the appeal of the class certification appeal had been argued, the Montana Supreme Court ruled that the plaintiff had no "stacking" claim. The Ninth Circuit then held that because the plaintiff could not state a "stacking" claim, it was premature to assess the prerequisites of Rule 23(a) or the standards for compliance under Rule 23(b) because she could not represent others who might have such a claim. The issues of predominance, superiority, typicality, and so forth "need not be considered if [plaintiff] is not in the subject class." *Id.* at 1022.

The court considered whether "it might be possible that the suit can proceed as a class action with another representative, subject to the district court's assessment whether a substitute representative is adequate for Rule 23 class purposes." *Id.* at 1023. The court concluded that because it was "not a mootness case, in which substitution or intervention might have been possible," the only resolution possible was to remand for dismissal. Thus, The Ninth Circuit vacated the class certification, and remanded the case with instructions to dismiss:

*8 We are persuaded by the Seventh Circuit's approach in an analogous case, *Foster v. Center Township of LaPorte County,* 798 F.2d 237, 244-45 (7th Cir.1986), which held that where the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and where "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss.

*Id.*

CONCLUSION

In accordance with the foregoing, the court finds that the class certification motion must be denied for lack of standing of the class representatives, [FN6] and that the consolidated amended complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for lack of standing under ERISA. *See Cetacean Community v. Bush,* 386 F.3d 1169, 1175 (9th Cir.2004).

> FN6. Despite Ingle's assertions that he seeks recovery on behalf of the Plans, what he appears to be seeking is recovery for himself and the other individual members of the class. The CAC alleges that "[p]laintiffs bring this action on behalf of themselves and every other participant in and beneficiary of the Plans." CAC ¶ 5. Since § 502(a)(2) gives an individual plaintiff standing to seek monetary relief on behalf of his/her ERISA plan, but not on his/her own behalf, one could therefore also argue on that basis that Ingle lacks standing to bring a claim under § 502(a)(2). However, defendants have not made this argument.

IT IS SO ORDERED.

N.D.Cal.,2005.
In re Administrative Committee Erisa Litigation
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865

Briefs and Other Related Documents (Back to top)

• 2005 WL 3143467 (Trial Motion, Memorandum and Affidavit) T. Rowe Price Defendants' Opposition to Plaintiff's Motion for Class Certification (Nov. 26, 2005) Original Image of this Document (PDF)
• 2004 WL 2160297 (Trial Motion, Memorandum and Affidavit) Plaintiff Administrative Committee's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss under Rules 12(B)(2) and 12(B)(6), Or, in the Alternative, Motion to Transfer Venue (Jan. 30, 2004) Original Image of this Document (PDF)
• 2004 WL 2160286 (Trial Pleading) First Amended Complaint (Class Action) (Jan. 9, 2004) Original Image of this Document (PDF)
• 3:03cv03302 (Docket) (Jul. 15, 2003)
• 2003 WL 23795978 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiff's Amended Opposition to Defendants' Motion to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11380-WGY    Document 119-3    Filed 09/29/2006    Page 7 of 7

Not Reported in F.Supp.2d                                                                                    Page 7
Not Reported in F.Supp.2d, 2005 WL 3454126 (N.D.Cal.), 36 Employee Benefits Cas. 1865
**(Cite as: Not Reported in F.Supp.2d)**

Dismiss under Rules 12(b)(2) and 12(b)(6), Or, in the Alternative, Motion to Transfer Venue (May 12, 2003) Original Image of this Document (PDF)

• 2003 WL 23795966 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Opposition to Defendants' Motion to Dismiss under Rules 12(b)(2) and 12(b)(6), Or, in the Alternative, Motion to Transfer Venue (Jan. 30, 2003) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.