Westlaw.

418 F.Supp.2d 16                                                                                                                Page 1
418 F.Supp.2d 16, 36 Employee Benefits Cas. 2826
**(Cite as: 418 F.Supp.2d 16)**

**H**
Briefs and Other Related Documents

United States District Court,D. Rhode Island.
Linda LALONDE, et al., Plaintiffs,
v.
TEXTRON, INC., and Textron Savings Plan Committee, Defendants.
No. C.A. 02-334S.

March 1, 2006.

**Background:** Former employees and former plan members brought class action against former employer, employee stock ownership plan (ESOP), ESOP committee, and plan's trustee, alleging violations of Employee Retirement Income Security Act (ERISA) in connection with ESOP's investment in employer's stock as stock fell in value. The District Court, 270 F.Supp.2d 272, dismissed entire action. Participants appealed. The Court of Appeals, Howard, Circuit Judge, 369 F.3d 1, affirmed in part and vacated in part. Former employees moved for class certification, and employer and ESOP committee moved for summary judgment.

**Holding:** The District Court, Smith, J., held that plaintiffs lacked standing to bring action.

Defendants' motion granted; plaintiffs' motion denied.

West Headnotes

**[1] Labor and Employment 231H ⇐646**

231H Labor and Employment
　　231HVII Pension and Benefit Plans
　　　　231HVII(K) Actions
　　　　　　231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
　　　　　　　　231Hk646 k. Parties in General; Standing. Most Cited Cases
Requirement of ERISA civil enforcement provision that claimant be a "participant" is subject matter jurisdiction requirement as well as standing issue. Employee Retirement Income Security Act of 1974, §§ 3(7) 502(a), 29 U.S.C.A. §§ 1002(7), 1132(a).

**[2] Labor and Employment 231H ⇐646**

231H Labor and Employment
　　231HVII Pension and Benefit Plans
　　　　231HVII(K) Actions
　　　　　　231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
　　　　　　　　231Hk646 k. Parties in General; Standing. Most Cited Cases
In order to bring ERISA action as plan "participants," former employees and former plan members had to meet statutory definition of that term at time the action was brought and to maintain that status throughout their lawsuit. Employee Retirement Income Security Act of 1974, § 3(7), 29 U.S.C.A. § 1002(7).

**[3] Labor and Employment 231H ⇐534**

231H Labor and Employment
　　231HVII Pension and Benefit Plans
　　　　231HVII(G) Eligibility, Participation, and Coverage
　　　　　　231Hk533 Who Is an Employee or Participant
　　　　　　　　231Hk534 k. In General. Most Cited Cases
Former employees may be ERISA "participants" if they have (1) a reasonable expectation of returning to covered employment, or (2) a colorable claim to vested benefits. Employee Retirement Income Security Act of 1974, § 3(7), 29 U.S.C.A. § 1002(7).

**[4] Labor and Employment 231H ⇐646**

231H Labor and Employment
　　231HVII Pension and Benefit Plans
　　　　231HVII(K) Actions
　　　　　　231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
　　　　　　　　231Hk646 k. Parties in General; Standing. Most Cited Cases
Former employees and former plan members lacked standing to bring ERISA action against employee stock ownership plan (ESOP) for breach of fiduciary duty to plan participants and beneficiaries; there was no evidence that employer's alleged misconduct was causally connected to event that led to cessation of plaintiffs' employment, the sale of employer's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

automotive department, nor was there evidence defendants engaged in concealable misconduct, such as attempting to hide their investment decisions or retain ill-gotten profits. Employee Retirement Income Security Act of 1974, § § 3(7), 502(a)(2), 29 U.S.C.A. § § 1002(7), 1132(a)(2).

**[5] Labor and Employment 231H ☞534**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(G) Eligibility, Participation, and Coverage
            231Hk533 Who Is an Employee or Participant
                231Hk534 k. In General. Most Cited Cases

If former employee's colorable claim is merely one for damages, the former employee fails to meet ERISA statutory definition of "participant." Employee Retirement Income Security Act of 1974, § 3(7), 29 U.S.C.A. § 1002(7).

**[6] Labor and Employment 231H ☞678**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)5 Actions to Recover Benefits
                231Hk678 k. Parties in General; Standing. Most Cited Cases

Distinction between damages and vested benefits is real, and concepts must not be conflated in order to expand participant standing beyond what Congress provided in ERISA definition of participant. Employee Retirement Income Security Act of 1974, § 3(7), 29 U.S.C.A. § 1002(7).

**[7] Labor and Employment 231H ☞702**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)5 Actions to Recover Benefits
                231Hk698 Judgment and Relief
                    231Hk702 k. Damages. Most Cited Cases

Additional damages that might have accrued are speculative and cannot be considered as vested under ERISA. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.

\*17 Charles J. Piven, Law Offices of Charles J. Piven, P.A., Baltimore, MD, David J. Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, G. Douglas Jones, Joe R. Whatley, Jr., Whatley Drake, LLC, Birmingham, AL, Lee Squitieri, Squitieri & Fearon, LLP, New York City, for Plaintiffs.

Aric H. Wu, Mitchell A. Karlan, Gibson, Dunn & Crutcher LLP, New York City, John A. Tarantino, Kristen W. Sherman, Paul V. Curcio, Adler Pollock & Sheehan P.C., Providence, RI, Karl G. Nelson, Dallas, TX, William J. Kilberg, Gibson, Dunn & Crutcher LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

SMITH, District Judge.

### I. *Introduction*

Before the Court are several related motions: Plaintiffs have filed a Motion for Class Certification, to which Defendants have responded by not only opposing their ability to act as class representatives, but also challenging their standing to bring this action in the first place.

The Court has reviewed numerous briefs on the issues and heard oral argument on September 15, 2005 and January 18, 2006. Because the standing challenge raised by Defendants calls into question whether this Court has subject matter jurisdiction, it is appropriate to address this issue at the outset. And because the Court, after careful consideration, finds that Plaintiffs lack standing to pursue this action, Plaintiffs' Motion for Class Certification must be denied and summary judgment will enter for Defendants.

### II. *Background* [FN1]

    FN1. In painting the current landscape, the Court limits its discussion to the facts necessary to decide the issue of standing, and refers interested readers to the opinions previously published in the course of this litigation. *See LaLonde v. Textron, Inc.,* 369 F.3d 1 (1st Cir.2004) (vacating in part *LaLonde v. Textron, Inc.,* 270 F.Supp.2d 272 (D.R.I.2003)).

Plaintiffs Linda L. Lalonde and Machelle A. Simon-Grech ("Lalonde" and "Simon-Grech"\*18 or "Plaintiffs") are former employees of Textron and former Textron Savings Plan ("Plan") participants. Both Lalonde and Simon-Grech were employed in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Textron's automotive division until approximately December of 2001, when the automotive division was sold to Collins & Aikman. As a result of the sale, Collins & Aikman inherited the division's employees (including Lalonde and Simon-Grech), as well as its Plan.

While working for Collins & Aikman, Lalonde paid for access to, and regularly reviewed, a class action website entitled "Class Action America Online." Her on-line efforts were rewarded when she received, and responded to, a solicitation for people who had worked for Textron or owned Textron stock. Lalonde was thereafter contacted by an attorney, and commenced this litigation in July of 2002. Simon-Grech was equally as savvy at the internet class action game. She learned of Lalonde's lawsuit from Yahoo!'s website, contacted her via e-mail, and eventually filed her own suit in November of 2002. Their actions were consolidated on January 28, 2003.

Plaintiffs' claims, brought pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 (2000) et seq., allege that Textron and the Plan breached its fiduciary duties to Plan participants and beneficiaries by continuing to purchase Textron stock while it was decreasing in value, failing to sell the stock when it was in the best interests of the participants and beneficiaries, encouraging employees to purchase stock while Textron was restructuring its workforce, and restricting the ability to sell Textron stock despite the decreasing value. Complaint ¶¶ 35, 42, 77. Because of these alleged breaches, Plaintiffs request, among other things, "an order compelling the defendants to make good to the Plans all losses to the Plans, including lost return on investments." Complaint, Prayer for Relief.

This Court previously dismissed the entire action because it believed the practice of investing in company stock through an employee stock ownership plan ("ESOP") could not, except in dire circumstances, make out a violation of the fiduciary obligations owed by a Plan to its beneficiaries under ERISA. See LaLonde v. Textron, Inc., 270 F.Supp.2d 272 (D.R.I.2003). The Court of Appeals for the First Circuit declined to adopt this Court's view (leaving the question for another day) and reversed as to the claim against the Textron Defendants. See LaLonde v. Textron, Inc., 369 F.3d 1 (1st Cir.2004).

On May 24, 2005, Plaintiffs filed a Motion for Class Certification on behalf of: "All participants and beneficiaries of the Textron Savings Plan who held Textron securities in the Plan during the period from January 1, 2000 to December 31, 2001." Defendants countered with a motion opposing class certification and a motion for summary judgment, contending that Lalonde and Simon-Grech lack standing to pursue this action because they are former Textron employees and former Plan members.

### III. Discussion

[1][2] Plaintiffs face a serious challenge to their standing in response to their Motion for Class Certification. Although ERISA's remedial purposes are interpreted broadly, its statutory protections are limited to the Secretary of Labor, participants, beneficiaries, and fiduciaries of employee*19 benefit plans. See 29 U.S.C. § 1132(a). "The requirement that a claimant be a 'participant' is a subject matter jurisdiction requirement as well as a standing issue." Katzoff v. Eastern Wire Products Co., 808 F.Supp. 96, 98 (D.R.I.1992) (citations omitted). Plaintiffs, who are former employees and former members of the Plan, purport to bring this action as "participants." FN2 In order to do so, Plaintiffs must meet the statutory definition of participant at the time the action was brought and maintain that status throughout their lawsuit. See Crawford v. Lamantia, 34 F.3d 28, 32 (1st Cir.1994) (plaintiff's status at the time the injury occurred is not relevant for standing purposes).

> FN2. Plaintiffs do not bring the present action as beneficiaries or fiduciaries, and they clearly are not the Secretary of Labor.

[3] ERISA defines a participant as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has elaborated on this definition by explaining that former employees may be participants if they have (1) a reasonable expectation of returning to covered employment, or (2) a colorable claim to vested benefits. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Here, Plaintiffs readily admit they have no reasonable expectation of returning to Textron as employees. Even so, Plaintiffs argue they should not be denied standing in light of the First Circuit's expansive approach to standing articulated in Vartanian v. Monsanto Co., 14 F.3d 697, 701 (1st Cir.1994), and because they have a colorable claim to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

vested benefits.

*Vartanian* held that a former employee may have standing despite the fact that he has received all benefits to which he is entitled under the terms of a savings plan where the employer has wrongfully induced the employee to retire (and thus forfeits his expectancy of future employment). At the heart of this approach is a reluctance to allow employers to defeat participant standing through their own wrongful acts.

In *Vartanian,* a former employee plaintiff brought an ERISA action against his former employer alleging the employer had breached its fiduciary duty by persuading the employee to retire, when at the same time, the company knew that its retirement package was about to become more generous. Plaintiff then retired without receiving the more generous package. In concluding that the former employee had standing, the First Circuit held:

where an employee alleges a decision to retire based on alleged misrepresentations by his employer amounting to a breach of fiduciary duty, and the true facts are not available to the employee until after the employee has received all his vested benefits under a plan; and further, where the employee shows that in the absence of the employer's breach of fiduciary duty he would have been entitled to greater benefits than those which he received, then his receipt of payment cannot be used to deprive him of 'participant' status and hence, standing to sue under ERISA.

*Id.* at 703. This makes sense, reasoned the *Vartanian* court, because to hold otherwise would mean a former employee would have no standing under ERISA when "the employer's breach of fiduciary duty takes the form of misrepresentations that induced the employee to retire and receive the payment of benefits." *Id.* at 702. The court in *Vartanian* adopted a "but for" test, whereby an employee may *20 have standing when she would still be a participant in a savings plan but for the employer's misconduct. See *id.* at 702 (adopting the Sixth Circuit's approach and emphasizing ERISA's "zone of interests").

Plaintiffs have latched onto this equitable principle, and in so doing, lean almost exclusively on *Vartanian* for their argument that even though they are not participants in the literal sense, they should have standing to bring suit. The question for this Court is whether *Vartanian* can be stretched to cover the situation presented here. This Court finds that it cannot.

The First Circuit's decision in *Crawford v. Lamantia, 34 F.3d 28 (1st Cir.1994),* decided only seven months after *Vartanian,* "cut back sharply on *Vartanian's* broad approach to ERISA standing by emphasizing literal compliance with the *Firestone* definition of participant in a standing context." *Nahigian v. Leonard, 233 F.Supp.2d 151, 166 (D.Mass.2002).* In *Crawford,* the First Circuit found that a former employee plaintiff, who had sued the trustees of his ESOP for breach of fiduciary duty, did not have standing because he did not expect to return to employment or have a colorable claim to vested benefits. See *Crawford, 34 F.3d at 31-33.* In so doing, the *Crawford* court obliquely distinguished *Vartanian* by stating: "[W]e note that *Vartanian* did not involve a situation, as here, where the plaintiffs could not establish that they were former employees with a colorable claim to vested benefits when faced with a motion for summary judgment. Accordingly, *Vartanian* is inapposite." *Crawford, 34 F.3d at 33 n. 7* (internal quotation marks and citations omitted). After *Crawford, Vartanian* has been read narrowly "as creating an exception to the *Firestone* definition of participant only in cases, as in *Vartanian,* where the employee would still be a participant in the plan (and thus entitled to higher benefit levels) but for the employer's malfeasance." *Nahigian, 233 F.Supp.2d at 167* (citing *Boucher v. Williams, 13 F.Supp.2d 84, 103 (D.Me.1998)).*[FN3]

---

FN3. Admittedly, this reading of *Crawford* and *Vartanian* has not been universal. Judge Ponsor of the District of Massachusetts has continued to apply an expansive reading to *Vartanian,* even after *Crawford.* See *Sotiropoulos v. Travelers Indem., Co. of R.I., 971 F.Supp. 52, 54-55 (D.Mass.1997)* (allowing ex-employee, who did not intend to return to covered employment, to sue for long-term disability benefits accrued after she was allegedly wrongfully terminated from the plan, even though she was not technically vested); *Duncan v. Santaniello, 900 F.Supp. 547, 556-57 (D.Mass.1995)* (allowing former plan fiduciaries, who had been sued by beneficiaries for breach of fiduciary duty, to bring suit against other former fiduciaries for contribution, noting this serves ERISA's purpose of enforcing fiduciary responsibilities); see also *Gray v. Briggs, 1998 WL 386177, *5-6 (S.D.N.Y. July 7,*

1998) (suggesting a broader reading of *Vartanian* ).

[4] The case before the Court, however, presents an entirely different situation. Unlike *Vartanian*, there is no evidence here suggesting that Textron's alleged misconduct was causally connected to the event that led to the cessation of Plaintiffs' employment-the sale of Textron's automotive department to Collins & Aikman. Nor is there evidence that Defendants engaged in concealable misconduct, such as attempting to hide their investment decisions or retain ill-gotten profits. Thus, *Vartanian*, particularly after *Crawford*, does not confer participant standing on Plaintiffs.

Stripped of *Vartanian's* "but for" exception, Plaintiffs are covered by the general rule that former employees who have received the full benefits to which plan documents entitled them cannot be "participants" of a plan. See, e.g., *21*Brengettsy v. LTV Steel (Republic) Hourly Pension Plan, 241 F.3d 609, 612 (7th Cir.2001) ("Injustice or not, since [the plaintiff] received the full benefits to which the plan documents entitled him, he has no basis for complaining of a violation of the terms of the plan or a forfeiture of vested benefits."); *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 952 (6th Cir.1990) (the definition of participant excludes those "who have accepted the payment of everything due them in a lump sum").

[5] Plaintiffs are left then with the argument that they have a colorable claim to vested benefits, despite the fact that they have received all of their benefits under the plain terms of the Plan. This argument effectively eliminates the distinction between vested benefits and damages. Numerous courts have held that if a plaintiff's colorable claim is merely one for damages, the former employee fails to meet the statutory definition of "participant." See, e.g., *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.1986) (finding plaintiffs were not plan participants "[b]ecause, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits"), abrogated on other grounds by *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1455 (9th Cir.1995); *Yancy v. American Petrofina, Inc.*, 768 F.2d 707, 709 (5th Cir.1985) (the plaintiff's claim for a sum that could have been earned "cannot be considered as vested under ERISA"). The difference between vested benefits and damages, although not always easy to define, was explained by the court in *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir.1989) as follows:

Clearly, a plaintiff alleging that his benefits were wrongly computed has a claim for vested benefits. Payment of the sum sought by such a plaintiff will not increase payments due him. On the other hand, a plaintiff who seeks the recovery for the trust of an unascertainable amount, with no demonstration that the recovery will directly effect payment to him, would state a claim for damages, not benefits.

*Id.* at 350 (finding the plaintiffs' claims were for vested benefits because they were "quite close to a simple claim that benefits were miscalculated").

[6] While the First Circuit has not focused directly on this distinction in the ERISA standing context, the *Vartanian* court recognized (without explicitly adopting) the holdings of *Kuntz, Yancy*, and two other similar cases, stating:

We are aware of decisions of other courts that are frequently cited for the proposition that the term 'participant' excludes plaintiffs who have already received all of their vested benefits in the form of a lump sum payment.... These cases hold that such plaintiffs lack standing to sue under ERISA because they cannot establish that they were former employees with a colorable claim to vested benefits.

*Vartanian*, 14 F.3d at 702 n. 4. This recognition, combined with the limiting effect of *Crawford*, leads inexorably to the conclusion that the distinction between damages and vested benefits is real and the concepts must not be conflated in order to expand participant standing beyond what Congress provided in § 1002(7).

Both parties have referred to the recent District Court opinion in *Hargrave v. TXU Corp.*, 392 F.Supp.2d 785 (N.D.Tex.2005), which applied the teachings of *Yancy* and *Sommers*. *Hargrave* is a case with many similarities to this one. It involved ERISA claims of breaches of fiduciary duties in connection with shares of stock purchased by the plaintiffs' company's savings plan; specifically, that the defendants "purchased TXU stock, on behalf of the Thrift Plan, at an artificially inflated price *22 after making false and misleading statements about the revenues, earnings, and operations of TXU Corp." *Id.* at 787. Based upon these alleged breaches, the plaintiffs demanded (as they do here), "that Defendants make good to the Thrift Plan for the *losses sustained* as a result of the investments in TXU stock." *Id.* at 790.

[7] In finding that the plaintiffs lacked standing, the *Hargrave* court concluded that, unlike in *Sommers*,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the plaintiffs were not alleging that a portion of benefits were held back by the defendants. *See id.* at 789-90. Instead, the thrust of the plaintiffs' claims was that the value of their accounts was less than it should have been as a result of the defendants' imprudent investments. *Id.* These allegations, the court held, merely state "a claim for 'a sum that possibly could have been earned' if Defendants had made prudent investment decisions"; additional damages that *might have* accrued, however, "are speculative and cannot be considered as vested under ERISA." *Id.* at 790; *but cf. In re Williams Cos. ERISA Litig.,* 231 F.R.D. 416, 422-23 (N.D.Okla.2005) (granting class certification despite the fact that two named Plaintiffs were former plan participants alleging that, but for the alleged ERISA violations, their account balances would have been larger at the time of distribution).

Similarly here, Plaintiffs do not claim that certain vested benefits were withheld or miscalculated, but rather, that Defendants' improper investment decisions concerning Textron stock resulted in a diminished Plan value. The difference between what their accounts actually earned and what they might have earned is not a benefit provided for, or promised under, the terms of the Plan. The remedy Plaintiffs are seeking is not the payment of a vested benefit, but a monetary damage amount for an alleged breach of a fiduciary duty. Ultimately, Plaintiffs received all benefits due to them under the Plan terms when they were transferred to Collins & Aikman. At that point, without a reasonable expectation of returning to Textron as employees, and absent a colorable claim to vested benefits, they ceased to be participants under ERISA. Plaintiffs, therefore, do not have standing.

### IV. *Conclusion*

In light of the foregoing, Defendants' Motion for Summary Judgment is GRANTED and Plaintiffs' Motion for Class Certification is DENIED.

IT IS SO ORDERED.

D.R.I.,2006.
LaLonde v. Textron, Inc.
418 F.Supp.2d 16, 36 Employee Benefits Cas. 2826

Briefs and Other Related Documents (Back to top)

• 1:02cv00334 (Docket) (Jul. 26, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.