Westlaw.

426 F.Supp.2d 130                      Page 1
426 F.Supp.2d 130, 37 Employee Benefits Cas. 1503
(Cite as: 426 F.Supp.2d 130)

C
Briefs and Other Related Documents

United States District Court, S.D. New York.
Jeremy DICKERSON, individually and on behalf of all others similarly situated, Plaintiff,
v.
Sheila FELDMAN, Helen L. Nelling, Susan E. Bevington, Nancy Stemme, Christopher N. Ast, Employee Benefits Plan Committee, Pension and Savings Fund Committee, John Hunter, Robert Clausen, Robert Potter, Michael E. Miller, Paul H. Hatfield, J. Patrick Mulcahy, Sally G. Narodnick, Paul Donovan, Robert H. Jenkins, Frank A. Metz, Jr., William D. Ruckelshaus, John B. Slaughter, Philip R. Lochner, Jr., Robert T. Blakely, Northern Trust Company, and John Does 1-100 Insurance Company, Defendant.
No. 04 Civ. 7935(LAP).

March 30, 2006.

**Background:** Former participant in employee stock ownership plan brought putative class action under the Employee Retirement Income Security Act (ERISA) against various officers, directors, employees, and committees of his former employer, seeking recovery on behalf of plan for losses sustained by plan as a result of its investment in employer's common stock. Defendants moved to dismiss.

**Holdings:** The District Court, Preska, J., held that:

(1) former participant lacked standing to bring action under ERISA, and

(2) dismissal of former participant's cause of action warranted dismissal of entire putative class action.

Motions granted.

West Headnotes

[1] Federal Civil Procedure 170A ☞103.2

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
         170Ak103.1 Standing
           170Ak103.2 k. In General; Injury or Interest. Most Cited Cases

**Federal Civil Procedure 170A ☞103.3**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
         170Ak103.1 Standing
           170Ak103.3 k. Causation; Redressability. Most Cited Cases
The party that invokes federal jurisdiction bears the burden of showing that it can satisfy the elements of Article III standing, which are: (1) an injury in fact; (2) that is causally connected to the defendant; and (3) that is redressable by the court. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[2] **Federal Civil Procedure 170A ☞103.2**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
         170Ak103.1 Standing
           170Ak103.2 k. In General; Injury or Interest. Most Cited Cases
The elements of Article III standing are conjunctive, so that a failure of any of the three elements deprives a plaintiff of standing to maintain an action in federal court. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[3] **Federal Civil Procedure 170A ☞103.2**

170A Federal Civil Procedure
   170AII Parties
      170AII(A) In General
         170Ak103.1 Standing
           170Ak103.2 k. In General; Injury or Interest. Most Cited Cases
If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[4] **Labor and Employment 231H ☞632**

231H Labor and Employment
   231HVII Pension and Benefit Plans
      231HVII(K) Actions
         231HVII(K)1 In General

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

231Hk632 k. Parties in General; Standing. Most Cited Cases
Even where statutory standing under ERISA is satisfied, the elements of Article III standing must still be met. U.S.C.A. Const. Art. 3, § 2, cl. 1; Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.

[5] Federal Civil Procedure 170A €⟶103.7

170A Federal Civil Procedure
    170AII Parties
        170AII(A) In General
            170Ak103.7 k. Class Actions. Most Cited Cases
Article III standing requirements apply equally to class action lawsuits; if the named plaintiffs are without standing, the entire class action fails. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[6] Federal Civil Procedure 170A €⟶164.5

170A Federal Civil Procedure
    170AII Parties
        170AII(D) Class Actions
            170AII(D)1 In General
                170Ak164.5 k. Effect of Mootness. Most Cited Cases
Where a plaintiff's stake in the controversy disappears before there has been an effort to certify the class action, the action must be dismissed as moot even if it is capable of repetition but evading review.

[7] Federal Civil Procedure 170A €⟶164.5

170A Federal Civil Procedure
    170AII Parties
        170AII(D) Class Actions
            170AII(D)1 In General
                170Ak164.5 k. Effect of Mootness. Most Cited Cases
Where a named plaintiff has moved for class certification prior to losing his stake in the controversy, the action remains alive for purposes of challenging the denial of class certification.

[8] Labor and Employment 231H €⟶632

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)1 In General
                231Hk632 k. Parties in General; Standing. Most Cited Cases
ERISA creates a right of action only for participants, beneficiaries, and fiduciaries of benefits plans; if a plaintiff does not fit within these categories, he lacks standing to sue under ERISA. Employee Retirement Income Security Act of 1974, § 502(a)(3), 29 U.S.C.A. § 1132(a)(3).

[9] Labor and Employment 231H €⟶659

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk658 Judgment and Relief
                    231Hk659 k. In General. Most Cited Cases
For breaches of fiduciary duties, relief under ERISA is limited to recovery that inures to the benefit of the plan as a whole, not to the benefit of individual participants. Employee Retirement Income Security Act of 1974, § 409(a), 29 U.S.C.A. § 1109(a).

[10] Labor and Employment 231H €⟶646

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk646 k. Parties in General; Standing. Most Cited Cases
Former participant in employee stock ownership plan lacked Article III standing to bring action under ERISA against various officers, directors, employees, and committees of his former employer, seeking recovery on behalf of plan for losses sustained by plan as a result of its investment in employer's common stock, where former participant had taken a final distribution of vested benefits and was no longer covered under the plan, and, therefore, his alleged injury was not redressable by the court; former participant had no reasonable expectation of returning to covered employment, and he had no colorable claim to vested benefits. U.S.C.A. Const. Art. 3, § 2, cl. 1; Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.

[11] Federal Civil Procedure 170A €⟶103.3

170A Federal Civil Procedure
    170AII Parties
        170AII(A) In General

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

170Ak103.1 Standing
170Ak103.3 k. Causation; Redressability. Most Cited Cases
To meet the redressability element of Article III standing, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[12] **Federal Civil Procedure 170A** ⚖ 184.5

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)3 Particular Classes Represented
           170Ak184 Employees
              170Ak184.5 k. In General. Most Cited Cases
Dismissal of named plaintiff's cause of action in putative class action under ERISA warranted dismissal of entire putative class action, where class members had no independent legal stake in the controversy that would allow their claims to survive despite named plaintiff's lack of standing. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.

*132 Ronen Sarraf, Sarraf Gentile, LLP, New York City, for Plaintiff.
Karen Mary Wahle, Robert M. Stern, O'Melveny & Myers LLP, Washington, DC, Michael John Dell, Elaine Patricia Golin, Kramer Levin Naftalis & Frankel, LLP, New York City, for Defendant.

OPINION
PRESKA, District Judge.
Plaintiff Jeremy Dickerson brings this putative class action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109(a), seeking recovery on behalf of the Solutia Savings and Investment Plan ("Plan") for losses sustained by the Plan as a result of investment in the common stock of Solutia Inc. ("Solutia" or the "Company") during the period from September 1, 1997 to December 15, 2003 (the "Class Period"). Plaintiff alleges that various officers, directors, employees, and committees of Solutia (the "Solutia Defendants") and the Northern Trust Company ("Northern Trust") violated their fiduciary duties under ERISA by continuing to invest Plan assets in Solutia stock up until two days before the Company's bankruptcy in December 2003, even after they were aware of Solutia's "precarious financial condition." Compl. ¶ 2. He alleges that Solutia stock was "an imprudent investment since it was both artificially inflated in price and too speculative to serve as a retirement investment." Compl. ¶ 2. Defendants move to dismiss on grounds that Plaintiff lacks standing to sue and that the complaint fails to state a claim on which relief may be granted. Because Plaintiff lacks standing to sue under ERISA, Defendants' motions to dismiss are granted.

I. *Background*

On September 1, 1997, the Monsanto Company spun off its chemicals businesses into an independent company called Solutia Inc. Compl. ¶ 100.[FN1] Plaintiff alleges that Monsanto created Solutia so that it could unburden itself of substantial, undisclosed environmental liabilities associated with various sites that manufactured toxic substances such as PCBs, DDT, and Agent Orange. Compl. ¶¶ 104-05, 158-60. Plaintiff further alleges that the Solutia Defendants knew that Solutia did not have sufficient capital to cover its liabilities, yet caused the plan to continue to invest in Solutia stock, even as Solutia spiraled toward bankruptcy. Compl. ¶¶ 57-65, 214-36. Plaintiff alleges that Northern Trust continued to follow instructions, without inquiry, to invest in Solutia stock, as per employee contribution choices, despite publicly available information that called into question Solutia's viability as a going concern. Compl. ¶¶ 242, 268-74.

    FN1. Reference is to the Second Amended Class Action Complaint dated May 20, 2005.

The Solutia Plan [FN2] was also established on September 1, 1997, Compl. ¶ 50, to *133 encourage retirement savings for employees and to provide them with an opportunity to acquire ownership interests in the Company. Plan § 1.2. The Plan offered between eight and fourteen investment options during the class period, including the option of investing in the Solutia Stock Fund, which "invests primarily in Solutia common stock and may hold relatively small amounts of cash," to provide liquidity for distributions and for expenses. Compl. ¶ 53, 57; *see* Plan § 9.2; 2002 Summary Plan Description ("SPD") at 16; Defined Contribution and Employee Stock Ownership Trust Agreement § 5.1 (attached as Ex. F to Stemme Decl.). Solutia matched 60% of each employee's contributions to the Plan, up to a maximum of 8% of eligible pay. Compl. ¶ 51, 61. "Contributions made by the Company pursuant to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[its] matching obligations were invested in the Solutia Stock Fund/Company Match Account." Compl. ¶ 60. "Contributions made by Plan participants were held in the Solutia Stock Fund/Employee Stock Account." Compl. ¶ 59. Employees became 100% vested after three years or upon reaching age 65, becoming disabled, or dying. Compl. ¶ 67-69.

> FN2. The 2002 Plan is attached as Exhibit B to the Declaration of Nancy Stemme, sworn to on June 29, 2005 ("Stemme Decl."). Although the Plan was amended during the Class Period, the amendments do not affect issues raised in these motions. (Stemme Decl. ¶¶ 2-3).

Plaintiff was employed by Solutia as a chemical operator from July of 1998 to October of 2003. Compl. ¶ 13. As a participant in the Plan during his employment, Plaintiff held shares of Solutia stock between 1998 and 2003. Compl. ¶ 13. Although the Complaint alleges that Plaintiff "is" a participant in the Plan, Compl. ¶ 13, Plan account statements for Plaintiff show that he took a full and final distribution of his Plan benefits on July 12, 2004, prior to commencing this action. Stemme Decl. Ex. G. Plaintiff does not dispute this, but argues that he has a colorable claim to vested benefits if this action is successful and a reasonable expectation of returning to covered employment by virtue of a sexual harassment lawsuit he instituted against the Company in the Southern District of Texas. Although Plaintiff alleges that he seeks "back pay, front pay, and a return to covered employment" in the Texas lawsuit, Compl. ¶ 13, a review of the Complaint in *Dickerson v. Solutia, Inc.*, No. G-04-377 (S.D. Tex. filed June 18, 2004) (attached to the Solutia Defendants Mem. of Law as Ex. 1),[FN3] reveals that there is no prayer for a return to covered employment at the now-bankrupt Solutia.

> FN3. Reference is to the Memorandum of Law in Support of the Solutia Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint. The Court may consider a complaint filed in another case on a Rule 12(b)(1) motion where the plaintiff expressly relies on that complaint to support his claim of jurisdiction. See *Greenblatt v. Gluck*, No. 03 Civ. 597(RWS), 2003 WL 1344953, at *1 n. 1, 2003 U.S. Dist. LEXIS 3846, at *2 n. 1 (S.D.N.Y. Mar. 19, 2003).

Plaintiff filed his original complaint in this action on October 7, 2004, almost three months after he cashed out of the Plan.

II. *Discussion*

A. *Standard of Review*

On these motions to dismiss on the pleadings, the Court accepts the factual allegations in Plaintiff's Second Amended Class Action Complaint and draws all inferences in favor of Plaintiff. See *Karedes v. Ackerley Group*, 423 F.3d 107, 113 (2d Cir.2005). It is well-settled that a case may not be dismissed "unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief." *Miller v. Wolpoff & Abramson*, 321 F.3d 292, 300 (2d Cir.2002) (citing *134*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001)). The Court, however, need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir.2002) (citing *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001)); *Van Carpals v. S.S. American Harvester*, 297 F.2d 9, 11 n. 1 (1961) (Friendly, J.) ("[I]n federal pleading there is no need to plead legal conclusions; these are for the court to apply.").

On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may consider materials of which the plaintiff had notice and relied upon in framing his complaint, as well as materials of which judicial notice may be taken. See *Kavowras v. New York Times*, 328 F.3d 50, 57 (2nd Cir.2003); *Cortec Indus. v. Sum Holding*, 949 F.2d 42, 48 (2d Cir.1991). Where subject matter jurisdiction is challenged, the Court is "free to consider materials extrinsic to the complaint" in deciding the motion to dismiss. *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir.2002).

B. *Standing*

1. *Article III*

[1][2][3][4] The party that invokes federal jurisdiction bears the burden of showing that it can satisfy the elements of Article III standing. *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Those elements are (1) an injury in fact, (2) that is causally connected to the defendant, and (3) that is redressable by the court. *Id.* at 560-61, 112 S.Ct. 2130. The elements are conjunctive, so that a failure of any of the three elements deprives a plaintiff of standing to maintain an action in federal court. "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care,* 433 F.3d 181, 198 (2d Cir.2005). Even where statutory standing under ERISA is satisfied, the elements of Article III standing must still be met. *Id.* at 199.

[5] Article III standing requirements apply equally to class action lawsuits. *Id.* The Court of Appeals has acknowledged the Supreme Court's holding "that 'if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy ..., none may seek relief on behalf of himself or any other member of the class.'" *Id.* (quoting *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). In other words, if the named plaintiffs are without standing, the entire class action fails.

[6][7] Where a plaintiff's stake in the controversy disappears before there has been an effort to certify the class action, the action must be dismissed as moot even if it is "capable of repetition but evading review." *Bd. of Sch. Comm'rs v. Jacobs,* 420 U.S. 128, 129-30, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). On the other hand, where a named plaintiff has moved for class certification prior to losing his stake in the controversy, the action remains alive for purposes of challenging the denial of class certification. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Sosna v. Iowa,* 419 U.S. 393, 399 & n. 8, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

2. *ERISA*

[8] ERISA creates a right of action only for participants, beneficiaries, and fiduciaries of benefits plans. 29 U.S.C. § 1132(a)(3); *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 139-40, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); *Nechis v. Oxford Health Plans,* 421 F.3d 96 (2d Cir.2005). If a plaintiff does not fit within *135 these categories, he lacks standing to sue under ERISA. *See Connecticut v. Physicians Health Serv.,* 287 F.3d 110, 112 (2d Cir.2002). "Participant" is defined as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). The Supreme Court has held that "the term participant is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment, or former employees who have ... a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (citations and internal quotations marks omitted). "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply, does not fit within the phrase 'may become eligible.'" *Id.*

[9] *Firestone* adopted in part the definition of "participant" set out in *Kuntz v. Reese,* 785 F.2d 1410, 1411 (9th Cir.1986), which denied standing to "former employees whose vested benefits under the plan [had] already been distributed in a lump sum." *Kuntz* reasoned that to allow such former plan participants to bring suit would, in effect, create suits for money damages not authorized by ERISA. *Id.* For breaches of fiduciary duties, relief under ERISA is limited to recovery "that inures to the benefit of the plan as a whole," not to the benefit of individual participants. *Russell,* 473 U.S. at 140, 105 S.Ct. 3085; *Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993). Thus, numerous courts have held that a plaintiff lacks standing to sue under ERISA where he has taken a final distribution of vested benefits under a defined contribution plan. *See, e.g., Crawford v. Lamantia,* 34 F.3d 28, 32-33 (1st Cir.1994); *LaLonde v. Textron,* 418 F.Supp.2d 16 (D.R.I.2006); *Hargrave v. TXU Corp.,* 392 F.Supp.2d 785 (N.D.Tex.2005); *Carpenter v. Carroll Pinto,* 374 F.Supp.2d 487, 493-94 (E.D.Va.2005); *Clair v. Harris Trust & Sav. Bank,* No. 96 Civ. 7311, 1998 WL 246482, at *3-4, 1998 U.S. Dist. LEXIS 7123, at *9 (N.D.Ill. Apr. 27, 1998), *aff'd,* 190 F.3d 495 (7th Cir.1999); *Flynn v. Ballinger,* No. 94 Civ. 0190, 1994 WL 758662, *2, 1994 U.S. Dist. LEXIS 19689, at *5-6 (N.D.Cal. May 9, 1994); *Gilquist v. Becklin,* 675 F.Supp. 1168, 1171 (D.Minn.1987), *aff'd mem.,* 871 F.2d 1093 (8th Cir.1988).

3. *Application*

[10] Under the principles of standing doctrine described above, Plaintiff is without standing and this action must be dismissed. Assuming *arguendo* that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiff's allegations are sufficient to meet the first two elements of Article III standing, *i.e.*, an injury in fact causally connected to alleged conduct by the defendants, Lujan, 504 U.S. at 560-61, 112 S.Ct. 2130, Plaintiff has not satisfied the redressability element of Article III standing. Id. Plaintiff here was a Plan participant up until the time, prior to the commencement of this lawsuit, when he took a final distribution of his vested benefits. As a former participant, Plaintiff is unable to demonstrate that he has an injury that is redressable by this Court because he fails to show either "a reasonable expectation of returning to covered employment or ... a colorable claim to vested benefits." Firestone, 489 U.S. at 117, 109 S.Ct. 948.

### a. *Plaintiff has no Reasonable Expectation of Returning to Covered Employment*

Plaintiff alleges the legal conclusion that his pending sexual harassment lawsuit in *136 Texas gives him a reasonable expectation of returning to covered employment. Compl. ¶ 13. As noted above in II(A), the Court need not credit that legal conclusion but may consider the Texas complaint on which Plaintiff relies. A review of that complaint reveals that Plaintiff has not specifically sought reinstatement in the Texas case. Plaintiff cannot establish a reasonable expectation of returning to covered employment by pointing to a lawsuit in which he does not seek reinstatement. See, e.g., Alexander v. Anheuser-Busch, 990 F.2d 536, 539 (10th Cir.1993) (citing Mitchell v. Mobil Oil Corp., 896 F.2d 463, 474 (10th Cir.1990)) (denying standing where Plaintiff did not seek reinstatement).

[11] To meet the redressability element of Article III standing, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 561, 112 S.Ct. 2130. Where, as here, Plaintiff has made no specific request to be reinstated to covered employment and the Texas case has been "administratively closed pending Solutia's bankruptcy," Compl. ¶ 13, Plaintiff's return to employment at Solutia is speculative rather than likely. Article III standing cannot be grounded on such speculation. To hold that Plaintiff has standing to sue despite his status as a non-participant without a reasonable expectation of returning to covered employment would be to permit an action for individualized damages rather than an action to recover on behalf of the Plan. Such an action would be contrary to the express language of the statute.

See Kuntz, 785 F.2d at 1411.

### b. *Plaintiff has no Colorable Claim to Vested Benefits*

Plaintiff alleges the legal conclusion that he has a "colorable claim to vested benefits," Compl. ¶ 13, and argues that he has such a claim because an award in this action "would be paid to the Plan and then distributed to the plaintiff class as benefits through their Plan accounts." Pl. Mem. of Law at 11.[FN4] Again, the Court need not credit the legal conclusion, and the argument overlooks the fact that Plaintiff no longer has a Plan account because he took his final distribution of benefits under the Plan. As noted above in II(B)(3)(b), ERISA authorizes suits for fiduciary breaches to recover on behalf of the plan as a whole, see 29 U.S.C. § 1109(a), but not to recover individualized damages payable to former plan participants. If this action were to go forward, the Court would be powerless to craft a remedy in which Jeremy Dickerson, a non-participant in the Plan, would have any stake. Stated colloquially (and mixing metaphors), while Plaintiff may have an axe to grind, he no longer has a dog in this fight.

> FN4. Reference is to Plaintiff's Memorandum of Law in Opposition to the Solutia Defendants' Motion to Dismiss dated August 11, 2005.

Plaintiff argues that he, like the plaintiff in Mullins v. Pfizer, 23 F.3d 663, 668 (2d Cir.1994), is within the "zone of interests ERISA was intended to protect." Plaintiff's reliance on Mullins is misplaced, however, as that case is distinguishable from this action in crucial respects. James Mullins worked at Pfizer for 34 years before retiring at age 57. Id. at 665. Shortly after he retired, Pfizer offered a new Voluntary Severance Option ("VSO"), which offered "benefits in addition to pre-existing Pfizer retirement benefits." Id. Mullins alleged that Pfizer "knew and deliberately concealed from [him its] decision, despite its recent public denials, to *137 offer its employees [the VSO]." Id. at 666. Thus, Mullins proceeded on the theory that "but for the fact that Pfizer misled him, he would have been a 'participant' in the VSO." Id. at 667. The district court dismissed based on, *inter alia,* lack of standing because Mullins was no longer a participant in the Pfizer plan. Id. at 667 & n. 1.

The Court of Appeals reviewed the circuit split on the standing issue and held that where an employer

misleads an employee about the availability of an enhanced plan, the purpose of ERISA would be frustrated if the employer were permitted " 'through its own malfeasance to defeat the employee's standing.' " Id. at 668 (quoting Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1221 (5th Cir.1992), cert. denied, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992)). Noting the factual similarity between Mullins' allegations and Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir.1994), the Court of Appeals agreed that the basic standing issue is whether plaintiff is "within the zone of interests ERISA was intended to protect," Mullins, 23 F.3d at 668 (quoting Vartanian, 14 F.3d at 701), and remanded the action to the district court to afford plaintiff the opportunity to prove that "but for" defendant's misrepresentations, he would be a participant in the Plan.

Here, Jeremy Dickerson does not allege that he was misled into taking a full payout of his vested benefits or influenced in any way by the actions of Solutia to do so. Indeed, unlike the situation in Mullins, all of the facts which Plaintiff alleges were publicly disclosed prior to Dickerson's cashing out of the plan. Thus, the holding of Mullins is irrelevant to Plaintiff's case. Prior to commencement of this lawsuit, Plaintiff took himself outside the zone of interests protected by ERISA by cashing out of the Plan and thus becoming a non-participant.

c. *Standing of the Unnamed Class Members*

[12] As noted above, no class has been certified in this action. The class members have no independent legal stake in the controversy that would allow their claims to survive despite the named Plaintiff's lack of standing. See Sosna, 419 U.S. at 399 & n. 8, 95 S.Ct. 553. Accordingly, the dismissal of Jeremy Dickerson's cause of action results in dismissal of the entire class action, including claims asserted on behalf of the unnamed class members.

*Conclusion*

Because Plaintiff lacks standing, both the Solutia Defendants' and Northern Trust's motions to dismiss (docket nos. 33 and 36) are granted. The Court does not reach Defendants' other arguments.

The Clerk of the Court is directed to mark this action closed and all pending motions denied as moot.

SO ORDERED.

S.D.N.Y.,2006.
Dickerson v. Feldman
426 F.Supp.2d 130, 37 Employee Benefits Cas. 1503

Briefs and Other Related Documents (Back to top)

• 2005 WL 2582582 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Defendant the Northern Trust Company in Further Support of its Motion to Dismiss The Second Amended Complaint for Failure to State a Claim (Sep. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 2582587 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Support of the Solutia Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (Sep. 1, 2005)
• 2005 WL 2582562 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Opposition to the Solutia Defendants' Motion to Dismiss (Aug. 11, 2005)
• 2005 WL 2582577 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Opposition to the Northern Trust Company's Motion to Dismiss (Aug. 11, 2005)
• 2005 WL 2157157 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Solutia Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (Jul. 5, 2005) Original Image of this Document (PDF)
• 2005 WL 2157156 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant the Northern Trust Company in Support of its Motion to Dismiss the Second Amended Complaint for Failure to State a Claim (Jul. 1, 2005)
• 1:04cv07935 (Docket) (Oct. 7, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.