Westlaw.

Slip Copy
Slip Copy, 2006 WL 2381056 (D.Md.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Maryland.
In re MUTUAL FUNDS INVEST. LITIG.
Craig Wangberger
v.
Janus Capital Group, Inc., et al.
MDL-15863.
Civil No. JFM-05-2711.

Aug. 15, 2006.

Robert Ira Harwood, Peter William Overs, Jr., Wechsler Harwood LLP, Samuel Kenneth Rosen, Weschler Harwood Halebian and Feffer LLP, New York, NY, for Craig Wangberger.
Mark A. Perry, Paul Blankenstein, Andrew Santo Tulumello, Gibson Dunn and Crutcher LLP, Washington, DC, for Janus Capital Group, Inc.
J. FREDERICK MOTZ, District Judge.
*1 Memo To Counsel Re: *In re Mutual Funds Invest. Litig.*-MDL-15863

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss and to strike the complaint. The motion will be treated as a motion to dismiss and, as such, will be granted.

As you know, on March 1, 2006, I denied similar motions to dismiss in four other cases: *Calderon v. Amvescap PLC*, JFM-04-824; *Corbett v. Marsh & McLennan Cos.*, JFM-04-883; *Walker v. Massachusetts Fin. Servs. Co.*, JFM-04-1758; and *Zarate v. Bank One Corp.*, JFM-04-830.[FN1] In denying the motions, I followed the decision in *In re Mutual Funds Invest. Litig.*, 403 F.Supp.2d 434 (D.Md.2005) ("*Strong*"). In *Strong* Judge Blake found that a former participant in an ERISA plan has standing under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), to assert a claim against Plan fiduciaries for adverse effects upon his retirement account caused by market timing activities permitted in certain mutual funds that the fiduciaries allegedly knew or should have know were not prudent investments. *Strong*, 403 F.Supp.2d at 441-42.

FN1. On the same date I also decided a motion to dismiss in *Walsh v. Marsh & McLennan Cos., Inc.*, JFM-04-888. However, that case does not present the same standing issue as *Wangberger* and the other four cases because plaintiff Walsh is a current participant in the ERISA plan.

Since the time that Judge Blake issued her opinion in *Strong*, numerous courts have found that former participants in an ERISA plan lack standing under circumstances similar to those presented here. See *Graden v. Conexant Sys., Inc.*, No. 05-0695, 2006 U.S. Dist. LEXIS 16176 at *8 (D.N.J. Mar. 31, 2006); *In re RCN Litig.*, No. 04-5068(SRC), 2006 WL 753149 at *14 (D.N.J. Mar. 21, 2006); *Holtzscher v. Dynegy, Inc.*, No. Civ. A. H-05-3293, 2006 WL 626402 at *5 (S.D.Tex. Mar. 13, 2006); *Lalonde v. Textron*, C.A. No. 02-3348, 2006 WL 519671 at *5 (D.R.I. Mar. 1, 2006); *In re Admin. Comm. ERISA Litig.*, No. C03-3302 PJF, 2005 WL 3454126 at *5 (N.D.Cal. Dec. 16, 2005). Although I believe the question is a close one, I have concluded that these decisions are correct and that I erred in denying the motions to dismiss in *Calderon, Corbett, Walker,* and *Zarate*. Because the opinions in *Strong* and the cases cited above fully and clearly address the issues, I see no useful purpose in writing separately on them. Suffice it to say I find that the causes of action asserted in this action to be more in the nature of claims for damages than for payment of a vested benefit.[FN2]

FN2. My ruling granting defendants' motion to dismiss in this action should not be read as implying that former participants do not have standing to sue Plan fiduciaries or the Plan itself in the event that a Plan obtains a recovery in an investor class action (by judgment or settlement) and then chooses not to distribute a *pro rata* portion of the recovery to former participants whose retirement accounts held shares in the relevant mutual funds during the class period. If that were to occur, the focus of litigation instituted by a former Plan participant would be upon how to allocate a sum certain among various beneficiaries with conflicting claims, not upon determining the fiduciaries' asserted liability

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for making imprudent investments-and, in the event of a finding of liability-reducing to a set amount alleged investment losses of inherently inchoate value. These questions are quite different from one another, and former participants may have the right to assure that the Plan or its fiduciaries distribute to them, rather than giving to others or retaining for the Plan itself, benefits that in fairness and good conscience are due to them.

I further note that while I previously expressed the view that deferral of final ruling on the standing question until the summary judgment stage might serve the interest of the orderly and expeditious resolution of this litigation, I have concluded that this view too was misplaced. ERISA plans that held the relevant mutual funds in their portfolios during the class periods are themselves members of putative investor classes, and plaintiffs' counsel in the investor class actions can adequately represent the Plans' claims for losses arising from the allegedly improper market timing activities.[FN3]

FN3. I find unpersuasive defendant's alternative argument that the complaint should be dismissed because it was not authorized under this court's Case Management Order No. 1. If a former participant has standing to assert the claims on behalf of an ERISA plan, it clearly would be in the public interest to resolve particular issues pertaining to those claims as part of this MDL proceeding. The Case Management Order was not intended to suggest to the contrary.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

D.Md.,2006.
In re Mutual Funds Invest. Litig.
Slip Copy, 2006 WL 2381056 (D.Md.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 2579442 (Trial Motion, Memorandum and Affidavit) The Variable Annuity Life Insurance Company's Memorandum in Support of its Motion to Dismiss Paula Beals' First Amended Complaint (Jul. 12, 2006) Original Image of this Document (PDF)
• 2006 WL 1372552 (Trial Pleading) Veras Investment Partners, LLC's Answer to the Alger Consolidated Amended Class Action Complaint (Apr. 21, 2006) Original Image of this Document (PDF)
• 1:05cv02711 (Docket) (Sep. 30, 2005)
• 2005 WL 3731688 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Further Support of the Motion of Theodore C. Sihpol, III for A Stay Pending Resolution of Related Criminal Proceedings (Feb. 7, 2005) Original Image of this Document (PDF)
• 2005 WL 3741563 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Further Support of the Motion of Theodore C. Sihpol, III for a Stay Pending Resolution of Related Criminal Proceedings (Feb. 7, 2005) Original Image of this Document (PDF)
• 2005 WL 3731687 (Trial Motion, Memorandum and Affidavit) Memorandum of Class Plaintiffs, Fund Derivative Plaintiffs and Parent Derivative Plaintiffs in Opposition to the Motion of Theodore C. Sihpol, III for a Stay Pending Resolution of Related Criminal Proceedings (Jan. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3741562 (Trial Motion, Memorandum and Affidavit) Memorandum of Class Plaintiffs, Fund Derivative Plaintiffs and Parent Derivative Plaintiffs in Opposition to the Motion of Theodore C. Siipol, III for A Stay Pending Resolution of Related Criminal Proceedings (Jan. 21, 2005) Original Image of this Document (PDF)
• 2004 WL 3684655 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Motion of Theodore C. Sihpol, III for A Stay Pending Resolution of Related Criminal Proceedings (Dec. 14, 2004) Original Image of this Document (PDF)
• 2004 WL 3686521 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Motion of Theodore C. Sihpol, III for A Stay Pending Resolution of Related Criminal Proceedings (Dec. 14, 2004) Original Image of this Document (PDF)
• 2004 WL 3684656 (Trial Motion, Memorandum and Affidavit) Memorandum of Class Plaintiffst Fund Derivative Plaintiffs and Parent Derivative Plaintiffs in Opposition to the Motion of Theodore C. Sihpol, III for a Stay Pending Resolution of Related Criminal Proceedings (2004) Original Image of this Document (PDF)
• 2004 WL 3686523 (Trial Motion, Memorandum and Affidavit) Memorandum of Class Plaintiffs, Fund Derivative Plaintiffs and Parent Derivative Plaintiffs in Opposition to the Motion of Theodore C. Sihpol, Iii for a Stay Pending Resolution of Related Criminal Proceedings (2004) Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                  Page 3
Slip Copy, 2006 WL 2381056 (D.Md.)
**(Cite as: Slip Copy)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.