UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE GUIDANT CORPORATION ERISA LITIGATION | ) ) ) ) | Master Docket No. 1:05-cv-1009-LJM-TAB |
| THIS DOCKET RELATES TO ALL ERISA ACTIONS | ) ) | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This cause is now before the Court on defendants', Guidant Corporation ("Guidant"), its Board of Directors ("Board"), and members of the Guidant Employee Benefits Committee and the Fund Advisory Committee (collectively, "Defendants"), Motion to Dismiss for Lack of Standing, and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. Plaintiffs, Erica Harzewski ("Harzewski") and Victor M. Valenzuela ("Valenzuela") (collectively, "Plaintiffs"), oppose both motions. In their Amended Complaint Plaintiffs contend that Defendants breached certain duties related to the Guidant Employee Savings and Stock Ownership Plan (the "Plan").

For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss for Lack of Standing and **DENIES as MOOT** Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

# I. BACKGROUND

The relevant facts are these:[1]

## A. PLAINTIFFS' HISTORY IN THE PLAN

Harzewski was hired by Guidant on October 12, 1998. Kindell Aff. ¶ 2. During Harzewski's employment, Guidant made basic and matching contributions to the Plan on Harzewski's behalf totaling $31,075.73; the contributions were invested in Guidant stock. *Id.* ¶ 3. On October 8, 2004, Harzewski's employment terminate. *Id.* ¶ 4.

Harzewski commenced this action on July 11, 2005. Compl. at 1. About three months later, on October 7, 2005, Harzewski took a full distribution from the Plan in the amount of $77,305.46, of which $50,072.57 came from her holdings of Guidant stock in the Plan. Kindell Aff. ¶ 5. On February 8, 2006, Harzewski and Valenzuela filed the Amended Complaint.

Valenzuela was hired by Guidant on December 3, 2001. Kindell Aff. ¶ 6. During his employment, Guidant made basic and matching contributions to the Plan on Valenzuela's behalf totaling $14,939.81; the contributions were invested in Guidant stock. *Id.* ¶ 7. On October 9, 2004, Valenzuela's employment with Guidant terminated. *Id.* ¶ 8.

On January 11, 2005, Valenzuela took a full distribution from the Plan in the amount of

---

[1] Defendants have moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(h)(3) ("Rules 12(b)(1), 12(b)(6) and 12(h)(3)"). Because there are a few factual disputes and the Court's subject matter jurisdiction is at issue with respect to Defendants' motion pursuant to Rules 12(b)(1) and 12(h)(3), the Court must look beyond the allegations in the complaint to determine if it has jurisdiction to hear Plaintiffs' claims. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). With respect to Defendants' motion pursuant to Rule 12(b)(6), the Court only looks at the allegations in the Plaintiffs' Amended Complaint.

$40,418.89, of which $24,976.66 came from his holdings of Guidant stock in the Guidant Employee Stock Ownership Plan ("Guidant ESOP" or the "ESOP"). *Id.* ¶ 9.

### B. PLAN DETAILS

The Plan is an "employee pension benefit plan" as defined by section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Am. Compl. ¶ 50. The Plan is also a defined contribution savings plan covering Guidant's eligible United States Employees. *Id. See also id.* ¶ 2.

The terms and conditions of the Plan were set forth in the "ESSOP, Summary Plan Description, 2003 Edition" (the "SPD"), and the "ESSOP, January 1, 2003 Restatement" (the "Restatement"). *Id.* ¶ 2. The Plan has two components: a 401(k) profit sharing component (the "Savings Component") and an Employee Stock Ownership Plan ("ESOP") component (the "ESOP Component"). *Id.*

> Section 1 of the SPD, entitled "Introduction," provides that:
>
> Guidant Corporation maintains The Guidant Employee Savings and Stock Ownership Plan (the "Plan") to provide retirement benefits for eligible employees of Guidant. The purpose of the Plan is to help you build financial security for your retirement by permitting you to save for retirement on a pre-tax basis, and by providing employer contributions invested in Company Stock as an incentive to enhance your individual performance and the performance of Guidant.

*Id.* The Restatement provides that: "The Profit-Sharing Plan and the ESOP together are designed to constitute a single plan under Treasury Regulation § 1.414(1)-1(b)(1)." *Id.* ¶ 3.

### C. ALLEGATIONS IN THE AMENDED COMPLAINT

This cause has been filed as a putative class action with the following class description:

> All persons who were participants in or beneficiaries of The Guidant Savings and Stock Ownership Plan at any time between October 1, 2004, and November 3, 2005, inclusive (the "Class Period") and who held, purchased, acquired or had Guidant common stock contributed to their plan during that period.

Am. Compl. ¶ 68.  Plaintiffs contend that they were employees of Guidant and participants in the Plan during the Class Period, and held and/or had Guidant common stock contributed to their Plan accounts during the Class Period.  *Id.* ¶ 3.

Certain provisions of the Savings Component of the Plan do not allow for employee contributions to be invested in Guidant stock, however, Guidant makes all of its employer matching contributions to the Savings Component in the form of Guidant stock.  *Id.* ¶ 5.  In addition, Guidant makes all Company fixed contributions tot he ESOP Component in the form of Guidant stock.  *Id.*  Generally, the Plaintiffs contend:

> 8. . . . [T]hat the Defendants, as fiduciaries of the Plan, breached their fiduciary duties to the Plan and Plan participants under ERISA, by, among other things: (i) selecting and maintaining Guidant stock as the investment alternative for Company-matching contributions under the Savings Component of the Plan and for Company-fixed contributions under the ESOP Component of the Plan when they knew or should have known that it was no longer a suitable or prudent Plan investment at the prices then trading; (ii) allowing the Plan to hold and/or contribute Guidant stock at inflated prices throughout the Class Period; (iii) failing to properly monitor the Plan's investment in Guidant stock; (iv) failing to provide accurate and timely information to Plan participants and beneficiaries concerning Guidant's true financial performance and product manufacturing and/or design defects; and (v) failing to take reasonable or appropriate steps to mitigate damages to Plan participants in continuing to hold existing Guidant stock in the Plan and/or contributing such Guidant stock to Plan participant accounts at the prices then trading, based on what these fiduciaries knew or should have known regarding, *inter alia*, the never disclosed design and/or manufacturing problems the Company had faced and continued to face in connection with ever-increasing numbers of its defibrillators, the potentially fatal health risk faced by patients, and the concomitant artificial inflation of the value of Guidant stock resulting from such misconduct during the Class Period.
>
> 9. The breaches alleged herein were ongoing and continuous over the course of the Class Period, and arose out of, *inter alia*, Defendants' continuing duty to review,

evaluate, and monitor the suitability of making Company-matching and -fixed contributions in Guidant stock. As a result of these fiduciary breaches, the Plan, and Plan participants and beneficiaries have suffered substantial losses. Under ERISA, the breaching fiduciaries are obligated to restore to the Plan, and through the Plan, to its participants and beneficiaries, the losses resulting from these breaches of fiduciary duty.

*Id.* ¶¶ 8, 9.

Plaintiffs assert that they seek to recover losses sustained by the Plan arising on out Defendants' breach of fiduciary duty. *Id.* ¶ 145.

### III. DISCUSSION

Defendants contend that neither Harzewski nor Valenzuela have standing to bring a breach of fiduciary duty claim against them because neither former employee is a "participant" in the plan at issue, as that term was defined by the U.S. Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989). In *Firestone*, the Court held that "participant" means either "employees in, or reasonably expected to be in, currently covered employment," or "former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Id.* Because neither Harzewski nor Valenzuela are current employees, nor do they have a reasonable explanation of returning to covered employment, they must have a colorable claim to vested benefits in order to bring suit. Defendants argue that Plaintiffs' claims are not colorable claims to vested benefits, rather Plaintiffs' claims are for damages, or losses that would have been part of the Plan but for the alleged breach of fiduciary duty. Because both Plaintiffs withdrew their benefits from the Plan and their claims are for damages, Defendants assert, neither Plaintiff has standing.

Plaintiffs argue that Harzewski did not remove funds from her Plan account until after the original complaint was filed, therefore, at the time the suit was filed Harzewski had a colorable claim for benefits and has standing. Plaintiffs contend that Defendants' proposed rule that Harzewski must remain an account in the Plan throughout the pendency of this action would undermine the remedial policies of ERISA. In addition, Plaintiffs assert that both Harzewski and Valenzuela have standing because, even having taken all of their benefits from the plan, they have a colorable claim for additional benefits owed them. More specifically, Plaintiffs aver that their claims are not frivolous and that their claims for breach of fiduciary duty are for benefits they would have accrued while they were in the Plan but for Defendants' breach of fiduciary duty. In other words, Plaintiffs argue that they seek benefits that would have been theirs if Defendants had administered the Plan properly.

First, Harzeweski claims that she has standing because when the original complaint was filed she had not received her benefits from the Plan. This argument ignores the operation of filing an amended complaint. According to the Seventh Circuit, the filing of an amended complaint is "the functional equivalent of filing a new complaint . . . ." *Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (citing James Wm. Moore, Moore's Fed'l Practice § 41.21[2] (3d ed. 2005)). It is at that time that the Court should assess whether the parties have the prerequisites for filing suit. *See id.* (discussing the effect of filing an amended complaint on the requirement to exhaust administrative remedies). As of the filing of the amended complaint in this case, both Harzewski and Valenzuela had divested themselves of their shares in the Plan, therefore, both Harzweski and Valenzuela must meet the same *Firestone* criteria for either to have standing.

The Court finds that Plaintiffs do not have standing to pursue these claims. The question of whether or not Plaintiffs have standing turns on whether or not they have a colorable claim to vested

6

benefits. *See Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996). Plaintiffs argue eloquently that their claims are not frivolous, however, they fail to provide adequate argument that their claim is for vested benefits. Plaintiffs contend that their case is for vested benefits because the alleged breach of fiduciary duty occurred at the time they participated in the Plan and if the Plan recovers for losses incurred at that time, each Plaintiffs' share of that amount is a vested benefit owed them. Plaintiffs' compare their claim to one for benefits that were wrongly calculated. *See Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 350 (5th Cir. 1989). But Plaintiffs' amended complaint clearly states that they seek actual damages to the Plan and/or amounts by which Defendants were unjustly enriched that arise out of the breach of fiduciary duty. Clearly actual damages cannot be classified as "vested benefits" and Plaintiffs have proffered little reasoning to apply a "vested benefit" label to an unjust enrichment award to the Plan. Moreover, Plaintiffs argue that the remedy they seek on behalf of the Plan is merely additional amounts that might have accrued in their plans but for the breach of fiduciary duty, therefore, the amount is a vested benefit. However, such an amount is speculative, rather than based on specific allocations or principles of the Plan; therefore, it is more akin to damages than to a vested benefit. *Accord Howell v. Motorola, Inc.*, No. 03 C 5044, 2006 WL 2355586, at *4-6 (N.D. Ill. Aug. 11, 2006) (discussing the damages versus vested benefits question under similar circumstances and analyzing the relevant case law); *In re AEP ERISA Lit.*, 437 F. Supp. 2d 750, 760-62 (discussing whether a former employee who has divested himself of his shares in an ERISA-covered plan has standing to bring suit). *See also Crawford v. Lamantia*, 34 F.3d 28, 30-31 (1st Cir. 1994) (holding that a former employee who had divested himself of his share in an ERISA-covered ESOP plan did not have standing to pursue breach of fiduciary duty claims on behalf of the plan because he did not

have a colorable claim to vested benefits).

Plaintiffs also argue that it would be unfair to allow Defendants to exclude them from recovery for alleged breaches of fiduciary duty during the time they participated in the plan by simply paying Plaintiffs their vested benefits. Pls.' Br. in Opp'n, at 14-16 (citing, *inter alia*, *Rankin v. Rots*, 220 F.R.D. 511, 519-20 (E.D. Mich. 2004)). In effect, Plaintiffs' argument eliminates any need to perform an inquiry under *Firestone* because any former employee who participated in the Plan would be a "participant" for standing purposes so long as they had a colorable claim. *Firestone* makes clear, however, that the test for whether or not a former employee may be deemed a "participant" for purposes of ERISA is whether or not that former employee has "a reasonable expectation of returning to covered employment or . . . [has] a colorable claim to vested benefits." *Firestone*, 489 U.S. at 118. Although this may leave Plaintiffs without a remedy for what they feel was a wrong, this is not a case in which Plaintiffs were forced to withdraw from the Plan by Defendants, *see, e.g.*, *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790-91 (7th Cir. 1996); *Swinney v. Gen. Motors Corp.*, 46 F.3d 512, 518 (6th Cir. 1995), or a case in which Plaintiffs claim they received less benefit than what they were entitled to receive because of an error in calculation or other administrative aspect of the Plan. *See, e.g.*, *Sommers*, 883 F.2d at 350 (holding that claims for miscalculated benefits survive withdrawal from the plan).

For these reasons, Defendants' Motion to Dismiss for Lack of Standing should be **GRANTED**.

## IV.  CONCLUSION

For the reasons stated herein, defendants', Guidant Corporation, its Board of Directors, and members of the Guidant Employee Benefits Committee and the Fund Advisory Committee, Motion to Dismiss for Lack of Standing is **GRANTED**.  This Court has no jurisdiction to hear the claims brought by plaintiffs, Erica Harzewski and Victor M. Valenzuela, therefore, their claims are **DISMISSED with PREJUDICE**.  Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is **DENIED as MOOT**.  Each party to bear its own costs.

IT IS SO ORDERED this 15th day of September, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Cynthia A. Bedrick
DELANEY & DELANEY
cindy@delaneylaw.net

Jeremy P. Blumenfeld
MORGAN LEWIS & BOCKIUS LLP
jblumenfeld@morganlewis.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
keggleton@wsgr.com

Boris Feldman
WILSON SONSINI GOODRICH & ROSATI
boris.feldman@wsgr.com

James H. Ham III
BAKER & DANIELS
jhham@bakerd.com

Donald L. Havermann
MORGAN LEWIS & BOCKIUS LLP
dhavermann@morganlewis.com

Meredith E. Kotler
WILSON SONSINI GOODRICH & ROSATI
mkotler@wsgr.com

Nina F. Locker
WILSON SONSINI GOODRICH & ROSATI
nlocker@wsgr.com

Thomas James McKenna
GAINEY & MCKENNA
tjmckenna@gaineyandmckenna.com

Karen L. Morris
MORRIS AND MORRIS LLC
kmorris@morrisandmorrislaw.com

Patrick F. Morris
MORRIS AND MORRIS LLC
pmorris@morrisandmorrislaw.com

Tamsin J. Newman
MORGAN LEWIS & BOCKIUS LLP
tnewman@morganlewis.com

Brian T. Ortelere
MORGAN LEWIS & BOCKIUS LLP
bortelere@morganlewis.com

John W. Purcell
BAKER & DANIELS
john.purcell@bakerd.com

Mark Carl Rifkin
WOLF HALDENSTEIN ADLER FREEMAN
    & HERZ LLP
rifkin@whafh.com

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

Jeremy Michael Weintraub
WOLF HALDENSTEIN ADLER FREEMAN
    & HERZ LLP
jweintraub@whafh.com

Distributed via U.S. Postal Service to:

Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963