# SCHIFFRIN & BARROWAY, LLP
## Attorneys at Law

280 King of Prussia Road, Radnor, Pennsylvania 19087
610-667-7706 • Fax: 610-667-7056
**www.sbclasslaw.com**

Writer's Direct Dial: (610) 822-0242
E-Mail: eciolko@sbclasslaw.com

October 3, 2006

**VIA FEDEX AND ECF**

Honorable William G. Young
United States District Judge
United States District Court
    for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

            **Re:    *Evans et al. v. Akers et al.***
                    **Civil Action No. 04-11380-WGY**

Dear Judge Young:

        The Evans Plaintiffs are in receipt of defense counsel's letter to the Court of September 29, 2006. In response, the Evans Plaintiffs respectfully submit the following:

- ***In re Polaroid ERISA Litigation***, Case No. 03-8335 (WHP) (S.D.N.Y. Sept. 29, 2006) (Memorandum and Order) (finding standing of former participants to bring ERISA breach of fiduciary duty claims and rejecting arguments similar to Defendants' arguments here) (attached as Exhibit 1).

- In addition to the case submitted by defense counsel, the courts in ***Sherrill v. Federal-Mogul Corp.***, 413 F.Supp.2d 842 (E.D. Mich. Feb. 9, 2006) (implicitly, by denying defendants' motion to dismiss despite arguments regarding standing of former participants made by certain defendants in their papers) (attached as Exhibit 2), ***In re Mutual Funds Investment Litigation***, 403 F.Supp.2d 434, 441-445 (D. Md. December 6, 2005) (attached as Exhibit 3) and *Loren*, below, have also rejected the standing arguments posited by Defendants in this action in the past year.

Honorable William G. Young
October 3, 2006
Page Two


- ***Loren v. Blue Cross and Blue Shield of Michigan***, 2006 WL 2228978 (E.D. Mich. August 3, 2006) (attached as Exhibit 4). *Loren* was originally submitted by Defendants as supplemental authority in opposition to the Evans' Plaintiffs Motion for Class Certification (Docket No. 111). But this decision actually *supports* the Evans' Plaintiffs' standing position, noting that a "former participant" of a defined contribution 401(k) plan, such as the one at issue here, "had standing because, if successful, damages would presumably flow to the plan and in turn to class members as vested retirement benefits they otherwise would have received but for the fiduciary's breach causing loss to the plan's assets." *Loren*, 2006 WL 2228978, at *6 (citation omitted).

    The *Loren* court then noted that the plaintiff in that particular matter, unlike the Evans Plaintiffs and the plaintiff in *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004), had "no interest in any relief that would inure to the plan . . . .," *Loren*, 2006 WL 2228978, at *5, and was akin to plaintiffs in other cases where courts have held that "a plaintiff lacks standing to sue under ERISA where he has taken a final distribution of vested benefits." *Id.* (quoting *Dickerson v. Feldman*, 426 F.Supp.2d 130, 2006 WL 838999, at *4 (S.D. N.Y. 2006) and cases cited therein).

- **Brief of *Amicus Curiae* Elaine L. Chao, Secretary of the United States Department of Labor In Support of Plaintiff-Appellant Requesting Reversal**, *Graden v. Conexant Systems, Inc.*, No. 06-2337 (2nd Cir. September 1, 2006) (attached as Exhibit 5).

The Evans Plaintiffs respectfully submit that the *Polaroid* and *Loren* opinions, as well as the Department of Labor brief,[1] are relevant to the Evans Plaintiffs' standing to bring their claims. The *Polaroid* decision also makes clear that the clear weight of relevant authority supports certification of the Evans' Plaintiffs' non-disclosure and misrepresentation claims.

Respectfully,

Edward W. Ciolko

Enclosures

cc:    Carol Connor Flowe
        All counsel of record (via ECF only)

------

[1] Both the *Polaroid* court and the Department of Labor in the Secretary's *Conexant* amicus brief cite to *Vartanian v. Monsanto Co.*, 14 F.3d 697 (1st Cir. 2004) and its ERISA "zone of interest" standing analysis as supportive of the same standing arguments put forth by the *Evans* Plaintiffs. *See Polaroid*, p. 6; *DOL Conexant Amicus*, p. 13, 24.