UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>    Defendants.<br><br>LAWRENCE W. BUNCH, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>W. R. GRACE & CO., et al.,<br><br>    Defendants. | Consolidated Under<br>Case No. 04-11380-WGY |

**GRACE DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS THE BUNCH COMPLAINT**

  The Bunch Plaintiffs have twice represented to this Court and the parties in the case that the only claim they are pursuing is one for self-dealing; specifically, that State Street Bank and Trust Company and State Street Global Advisors (collectively, "State Street") bought Grace stock for its own purposes at the same time that it, as independent fiduciary, sold the Grace stock that was being held in the W. R. Grace & Co. Employees Savings and Investment Plan ("Plan"). The Bunch Complaint contains no allegations that any of the Grace Defendants conspired with State Street with respect to State Street's supposed self-dealing, or linking the Grace Defendants in any other way to those allegations against State Street. Nor could it, because no such link exists. The Bunch Complaint should, therefore, be dismissed as to the Grace Defendants.

## FACTUAL BACKGROUND

### A. Allegations in the Complaint

The Bunch Plaintiffs are current and former employees of W. R. Grace & Co. ("Grace") and participants in the Plan, which is a defined contribution plan commonly known as a 401(k) plan. Bunch Compl. ¶¶ 4, 19-21.[1] Participants contributed to the Plan though payroll deductions; Grace made matching contributions to the Plan on participants' behalf. Bunch Compl. ¶ 6.

The Plan offered the participants a variety of funds in which they could invest their contributions, including a fund containing Grace stock ("Grace Stock Fund"). Bunch Compl. ¶ 6. In April 2003, Grace closed the Grace Stock Fund to new investments, and in December 2003, it appointed State Street as the independent fiduciary of the Grace Stock Fund, with complete authority to sell the Plan's Grace stock. Bunch Compl. ¶¶ 10, 12-13. On February 27, 2004, participants were advised that State Street had in fact decided to sell the stock in the Grace Stock Fund. Bunch Compl. ¶ 13. By April 2004, State Street had completed selling all the Grace stock held by the Plan, including selling a block of 7.2 million shares to D.E. Shaw, an investment and technology development firm, for $3.50 per share. Bunch Compl. ¶ 14.

At about the same time, the Bunch Complaint alleges, State Street or an affiliate purchased more than 7.9 million shares of Grace stock for $2.93 per share. Bunch Compl. ¶ 16. Within ninety days, Grace stock was trading at nearly $9.00 per share. Bunch Compl. ¶ 16.

The Bunch Complaint contains no enumerated counts as such. Instead it broadly and vaguely pleads "breach of fiduciary duty" against all of the Defendants based on the allegations

---

[1] These facts are taken from the Bunch Complaint. Solely for purposes of this motion to dismiss, the Grace Defendants assume, as they must, that the allegations in the Bunch Complaint are true.

described above. As to the Grace Defendants' involvement in any self-dealing on the part of State Street, the Bunch Complaint states merely that "defendants transferred all management of the Grace Stock Fund to State Street, whereafter upon information and belief, the stock was sold not to a disinterested third party, but rather to State Street or to an affiliate." Bunch Compl. ¶ 58.

### B.   Representations Made by Bunch's Counsel as to the Nature of Their Claims

There have been two court hearings in this action during which the Bunch Plaintiffs have clarified the theory underpinning their Complaint and the claims they are pursuing. On both occasions, they have made it clear that their Complaint is directed at State Street's actions and alleged self-dealing, and not at Grace.

The first representation was made at the very first hearing held in the case on March 2, 2006. At this hearing, the following exchange took place between the Court and counsel for the Bunch Plaintiffs:

> THE COURT: Are your allegations in this case directed to the alleged repurchase of shares . . . or do you claim that their decision to divest additionally was improper?
>
> BUNCH COUNSEL:  *  *  *  [W]e are *solely* looking at what appears to be an increase in State Street's holding after they were – after they took the position to divest the Grace stock fund.
>
> THE COURT: So I take that as a direct answer to my question, that your claims relate *only* to the alleged repurchase of shares of Grace by State Street while they were disposing of these shares.
>
> BUNCH COUNSEL: That is correct, your Honor.

Exhibit A (Transcript of Hearing on State Street's Motion to Dismiss and Scheduling Conference, Mar. 2, 2006), at 7-8 (emphasis added).

Another hearing was held six months later, on September 28, 2006, on the Plaintiffs' motions for class certification. At the September hearing, the Bunch Plaintiffs reiterated that their claim was directed at State Street's alleged self-dealing:

> BUNCH COUNSEL:  *  *  *  In terms of the claim, the claim is, as represented to the Court, primarily that there's a self-dealing issue in connection with State Street acquiring a significant interest in Grace stock after it gained control
>
> THE COURT: Well, let me ask you this. Are you claiming – because I followed his argument, I think. And I remember the earlier discussions that we've had in this case. And I thought your claim was this self-dealing by acquisition of this stock. Is that the claim?
>
> BUNCH COUNSEL: It's a self-dealing – yes, that is the claim. There's some ancillary issues related to it. For example –
>
> THE COURT: But that's the violation?
>
> BUNCH COUNSEL: The violation, yes, it's self-dealt [sic] by acquiring shares of Grace stock.

Exhibit B (Transcript of Hearing on Class Certification Motions, Sept. 28, 2006), at 12-13. Later at that same hearing, the Court indicated its understanding and acceptance that the only potentially viable claim being presented by the Bunch Plaintiffs was the self-dealing claim:

> THE COURT: . . . . In the Bunch case, it looks to me in the Bunch case that a class from February to April should be certified on a self-dealing claim only. That's it. Nothing else. This ancillary business is pretty evanescent."

*Id.* at 21.

## ARGUMENT

### I.    STANDARD OF REVIEW

A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining

whether a claim has been stated, the Court need not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

## II.  THE BUNCH PLAINTIFFS' COMPLAINT FAILS TO STATE ANY CLAIM AGAINST THE GRACE DEFENDANTS THAT IS RELATED TO STATE STREET'S ALLEGED SELF-DEALING.

By their own admission, the Bunch Plaintiffs are proceeding solely on a claim that State Street engaged in self-dealing by purchasing for its own purposes 7.9 million shares of Grace stock at the same time that it was selling the stock in the Plan's Grace Stock Fund. Twice now they have made this representation to the Court, and they are bound by it. "[P]arties are, as a general matter, bound by the representations, concessions, and stipulations of their attorneys." *Birbara v. Locke*, 99 F.3d 1233, 1237 (1st Cir. 1996) (where party's counsel conceded to the court in a pre-trial conference that there was no jurisdictional issue with respect to the party, counsel's concession was dispositive on the issue of the trial court's jurisdiction over the party). The Court accepted these representations and advised the parties that it would certify the Bunch case as a class action on the self-dealing claim only: "It looks to me in the Bunch case that a class from February to April should be certified *on a self-dealing claim only*. That's it. Nothing else. This ancillary business is pretty evanescent." Exhibit B, at p. 21 (emphasis added).

The allegations against State Street invoke ERISA's self-dealing provision, § 406(b)(1), which makes it illegal for a fiduciary with respect to a plan to "deal with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 406(b)(1). The Bunch Complaint contains no allegations whatsoever that the Grace Defendants were in any way complicit in – or even aware of – any alleged self-dealing on the part of State Street. Indeed, the only relevant allegation against the Grace Defendants in the Bunch Complaint – that they transferred "all

management of the Grace Stock Fund to State Street" – is directly contrary to a claim that they were in any way involved in State Street's supposed self-dealing.  And although the Grace Defendants and State Street voluntarily produced to the Bunch Plaintiffs a multitude of documents relating to State Street's appointment as independent fiduciary of the Grace Stock Fund, at the September hearing some two months after this production was made, the Bunch Plaintiffs still failed to identify in even the broadest terms the nature of the Grace Defendants' supposed complicity in State Street's actions.  There are simply no facts alleged – in the Complaint or elsewhere – that would support a claim against Grace relating to State Street's alleged self-dealing.

As there are no facts pleaded in the Bunch Complaint that would state a claim against Grace relating to State Street's alleged self-dealing, the only theory on which they are proceeding in this case, the Bunch Complaint should be dismissed in its entirety as against the Grace Defendants.

Dated:  November 27, 2006         Respectfully submitted,


/s/ Matthew C. Hurley
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

- and -

Carol Connor Flowe
Nancy S. Heermans
Caroline Turner English
Valerie N. Webb
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395
*Counsel for W. R. Grace & Co., Investments and Benefits Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, H. Furlong Baldwin, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, and Thomas A. Vanderslice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN F. AKERS, et al.,<br><br>　　　　Defendants.<br><br>LAWRENCE W. BUNCH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>W. R. GRACE & CO., et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Consolidated Under**<br>) **Case No. 04-11380-WGY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

　　I hereby certify that on November 27, 2006, I filed Grace Defendants' Memorandum in Support of their Motion to Dismiss the Bunch Complaint through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on November 27, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Matthew C. Hurley