# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, ) | |
|        Plaintiff, ) | |
| v. ) | |
| JOHN F. AKERS, et al., ) | |
|        Defendants. ) | Consolidated as: |
| ) | Case No. 04-11380-WGY |
| LAWRENCE W. BUNCH, et al., ) | |
|        Plaintiffs, ) | |
| v. ) | |
| W.R. GRACE & CO., et al., ) | |
|        Defendants. ) | |

### STIPULATION AND PROTECTIVE ORDER

WHEREAS, the Parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this _____ day of _____, 2005, by the United States District Court for the District of Massachusetts, ORDERED:

### Definitions

1.     All words or phrases have their ordinary dictionary definition unless defined below.

LDR/159176.1

2.    "Party" or "Parties" means any Party to this action, together with any parent, subsidiary or affiliate corporation of the named Parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives.

3.    "Counsel" means any counsel of record, co-counsel, or local counsel of a Party and their paralegal, secretarial, and support personnel and other assistants to whom it is reasonably necessary to disclose the tangible and intangible materials and other information described below for purposes of this lawsuit.

4.    "Independent Expert" and "Independent Consultant" means a person who is not a regular employee, officer, director, or owner in any capacity of a Party, but who is retained by a Party or Counsel for the purpose of assisting in this litigation.

5.    "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

a.    a Party believes, in good faith, reveals, contains, or constitutes business, financial, competitive, proprietary, trade secret or other confidential information otherwise unavailable to the public, including financial account numbers, the disclosure of which would cause the producing Party competitive or financial harm, or is of a confidential or sensitive nature about the Party or another person and is not generally made publicly available; or

b.    a Party believes, in good faith, reveals, contains, or constitutes personal, private, confidential, or sensitive information about any individual, including, but not limited to, his/her home address, telephone number, social security number, date of birth, the names of his/her children, personnel file, 401(k) investment portfolio, or financial account numbers

LDR/159176.1                                    2

without regard to whether such individual is a Party, named plaintiff or member of the putative class;

AND that a Party designates as "Confidential" in accordance with this Order, or subsequently designates as "Confidential" as provided in this Order.

### Designation of Protected Information

6.    *Designation of Materials as Confidential.*  All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all videotapes and/or graphic images and other information obtained in response to requests for inspection or other discovery requests, and all deposition testimony and all materials used or referenced in depositions, whether or not marked as exhibits, shall be subject to this Order concerning Confidential Information, as set forth below:

a.    With respect to documents, the designation of Confidential Information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "Confidential." Except for documents produced for inspection at the Party's facilities or other designated location, the designation of Confidential Information shall be made prior to or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the Party's facilities or other designated location, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked Confidential after copying but before delivery to the Party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before they are copied and marked Confidential pursuant to this procedure.

LDR/159176.1

3

   b.      Portions of depositions shall be deemed to include Confidential

Information if designated as Confidential within ten business days after receipt of the transcript.

Any testimony that describes a document that has been designated as "Confidential," as

described above, shall also be deemed to be designated as "Confidential."

   7.      *Subsequent Designation.*  Documents and information produced in the litigation

that are not identified as "Confidential" when they were initially produced may within a

reasonable time thereafter be designated as "Confidential" by the producing Party, or by the

Party or Parties receiving the production, by providing written notice to Counsel for all other

Parties. Any use of Confidential Information that would otherwise violate the terms of this

Stipulation and Protective Order shall not be actionable for any period of time before

subsequently identified information is designated as "Confidential," except to the extent that the

nature of the Confidential Information is such that the Party should reasonably comprehend that

it is Confidential.

   8.      *Designation not Determinative.*  The fact that information or material has been

designated as Confidential is not determinative of whether such information is, in fact, entitled to

be deemed as such.

   9.      *Modification of Designation.*  The designation of Confidential material by the

producing Party may be modified or eliminated at any time.

### Use or Disclosure of Confidential Information

   10.     *Use of Confidential Information – In General.*  Information or documents

designated as Confidential under this Order shall not be used or disclosed by the Parties or

Counsel or any persons identified in paragraph 11(d) or 11(f) below for any purposes whatsoever

other than preparing for and conducting the litigation in which the information or documents

were disclosed (including appeals). Unless and until one or more classes has/have been certified, the Parties shall not disclose information or documents designated as Confidential to putative class members not named as plaintiffs unless such putative class member has retained Counsel subject to this Stipulation and Protective Order and such Counsel reasonably believes such disclosure is necessary and informs such putative class member of the terms of this Stipulation and Protective Order, but Counsel shall not use information or documents designated as Confidential as a means by which to contact putative class members.

11.     *Persons to Whom Confidential Information May Be Disclosed.* The Parties and Counsel shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

a.     Disclosure may be made to the Court and to the Court's staff.

b.     Disclosure may be made to Counsel for the Parties relating to the prosecution or defense of this action.

c.     Disclosure may be made only to a Party or to employees of a Party who are, in good faith, expected to provide assistance in the conduct of this litigation. All Parties and representatives of Parties to whom Confidential Information is disclosed shall be made aware of the provisions of this Order.

d.     Disclosure may be made to Independent Experts and Independent Consultants. Prior to disclosure to any Independent Expert or Independent Consultant, the Independent Expert or Independent Consultant must be informed of the provisions of this Order requiring that the documents and information be held in confidence and shall be required to sign an agreement in the form attached as Exhibit A.

e.      Disclosure may be made to court reporters engaged for depositions and those persons, if any, engaged for the limited purpose of making photocopies of documents.

f.      Disclosure may be made to any other person who all of the Parties agree in writing or on the record may have access, provided any such person signs an agreement in the form attached hereto as Exhibit A. Counsel for each Party shall be responsible for maintaining all copies of Exhibit A signed at their behest. Such copies shall not be required to be produced to any other Counsel or Party or third party, unless permitted by the Federal Rules of Civil Procedure and/or applicable local rules or as otherwise ordered by the Court. Nothing in this paragraph shall be construed as limiting the proper scope of discovery as defined in the Federal Rules of Civil Procedure

12.     *Counsel's Protection of Confidential Information.* Except as otherwise provided in paragraphs 10 and 11 above, Counsel shall keep all documents designated as Confidential that are received under this Order within their exclusive possession and shall take reasonable efforts to place such documents in a safe area.

13.     *Copies.* All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order or any portion thereof, shall be immediately affixed with the word "Confidential" if that word does not already appear. All such copies of documents or information will be deemed to be designated as "Confidential" notwithstanding any failure to so designate.

14.     *Information Filed With the Court.* To the extent that any materials subject to this Order (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses

Confidential Information, shall be filed under seal (by the filing Party) with the Clerk of the

Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED

_____", together with a simultaneous motion requesting authority to file under seal

(hereinafter the "Interim Sealing Motion"). Even if the filing Party believes that the materials

subject to this Order are not properly classified as Confidential, the filing Party shall file the

Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be

wholly without prejudice to the filing Party's rights under this Order to dispute the designation of

the document or information as Confidential.

15.     *Party Seeking Greater Protection Must Obtain Further Order.*

a.     Except as provided in subparagraph (b) hereof, no information may be

withheld from discovery on the ground that the material to be disclosed requires protection

greater than that afforded by this Order unless the Party claiming a need for greater protection

moves for an order providing such special protection pursuant to Fed. R .Civ. P. 26(c).

b.     Notwithstanding any provision of this Order, no Party shall be required to

disclose, in discovery or otherwise, any information protected from disclosure by the Local

Rules of this Court. Until one or more classes are certified, the Defendants shall be entitled to

redact any personal identifying information about any putative class member who is not a named

plaintiff in this action, including but not limited to his/her name, address, or telephone number.

16.     *Challenging Designation of Confidentiality.* A Party wishing to challenge another

Party's designation of material as Confidential pursuant to this Order must notify that Party of its

objection within a reasonable time. If the designating Party chooses not to withdraw or modify

the designation in a manner satisfactory to the objecting Party, the designating Party and the

objecting Party must confer to see if the issue can be settled without the need for Court

intervention. If the Parties are still unable to reach a solution, the objecting Party may then challenge the designation by motion to the Court. Such a motion should include a brief recitation of the objecting Party's good faith attempts to resolve the dispute with the designating Party. The burden of proving the confidentiality of designated information remains with the designating Party.

17.    *Return of Confidential Material at Conclusion of Litigation.* At the conclusion of the litigation, all material treated as Confidential under this Order and not received in evidence shall be returned to the originating Party. Alternatively, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

## Other Provisions

18.    *Continuing Obligation.* Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve such person from the obligation of maintaining both the confidentiality and the restrictions on the use of the Confidential Information disclosed pursuant to this Order. The Court shall retain jurisdiction to enforce the terms of this Order.

19.    *Inadvertent Production.* The inadvertent production of privileged material by a Party or Counsel shall not be deemed a waiver of any applicable privilege or immunity. If the matter that is privileged or immune from disclosure is inadvertently disclosed, the producing Party shall give notice promptly after discovery of the inadvertent disclosure that the matter is privileged and the receiving Party shall immediately return the designated material upon such demand. Any Party wishing to bring the issue of privilege to the Court may do so only after the material has been returned. The production of any document, material or information by any

LDR/159176.1                    8

Party under this Order shall be without prejudice to any claim that the material is privileged or

immune from discovery and no Party shall be held to have waived any rights by such production.

20.    *Severability.*  In the event that any provision of this Stipulation and Protective

Order is found unenforceable for any reason, in whole or in part, the remaining provisions shall

be unaffected and shall remain in full force and effect to the extent permitted by applicable law.

21.    *Effect of Lead Counsel's Signature.*  By signing this document, a Party's lead

counsel binds that Party and all counsel for that Party to the terms of this Stipulation and

Protective Order.

22.    *Effective Upon Signing.*  This Stipulation and Protective Order is effective as

between the Parties upon signing.


***So Stipulated and Agreed:***

                          /s/ David Pastor
                          David Pastor (BBO # 391000)
                          GILMAN AND PASTOR, LLP
                          60 State Street
                          37th Floor
                          Boston, MA  02109
                          Telephone:  (617) 742-9700
                          Facsimile:  (617) 742-9701

                          -and-

                          Joseph H. Meltzer
                          Katherine B. Bornstein
                          SCHIFFRIN & BARROWAY, LLP
                          280 King of Prussia Road
                          Radnor, PA  19087
                          Telephone:  (610) 667-7706
                          Facsimile:  (610) 667-7056

                        *Attorneys for Plaintiff Keri Evans*

LDR/159176.1                                    9

/s/ Jeffrey C. Block
Jeffrey C. Block
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

-and-

Stanley M. Chesley
James C. Cummins
Jane H. Walker
Waite Schneider, Bayless & Chesley Co., LPA
One W. Fourth Street
1513 Fourth & Vine Tower
Cincinnati, OH 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375

*Attorneys for Plaintiffs Lawrence Bunch,
Jerry L. Howard, Sr., & David Mueller*


/s/ William W. Kannel
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Donna M. Evans (BBO# 554613)
(dmevans@mintz.com)
Matt Hurley (BBO# 643638)
(mchurley@mintz.com)
Mintz Levin Cohn Ferris Gloysky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

-and-

LDR/159176.1                    10

Carol Connor Flowe
(flowe.carol@arentfox.com)
Caroline Turner English
(english.caroline@arentfox.com)
Gretchen Dixon
(dixon.gretchen@arentfox.com)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Attorneys for Defendants W. R. Grace & Co., W. R.
Grace & Co. Investment and Benefits Committee,
Fred E. Festa, Paul J. Norris, Robert M. Tarola, John
F. Akers, Henry Furlong Baldwin, Ronald C.
Cambre, Marye Anne Fox, John J. Murphy, Thomas
A. Vanderslice, Administrative Committee, Brenda
Gottlieb, W. Brian McGowan, & Michael Piergrossi*

/s/ Sean T. Carnathan
Sean T. Carnathan (BBO#636889)
(scarnathan@qoclaw.com)
Quigley, O'Connor and Carnathan, LLC,
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

-and-

Scott M. Flicker
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendants State Street Bank &
Trust Company & State Street Global Advisors*

So Ordered:

_____
William G. Young, Chief U.S.D.J.

LDR/159176.1                                11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KERI EVANS, | ) |
| Plaintiff, | ) |
| v. | ) |
| JOHN F. AKERS, et al., | ) |
| Defendants. | ) |
|  | ) |
|  | ) |
| LAWRENCE W. BUNCH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| W.R. GRACE & CO., et al., | ) |
| Defendants. | ) |

Consolidated as:
Case No. 04-11380-WGY

## STIPULATION AND PROTECTIVE ORDER
## EXHIBIT A

I have read the Stipulation and Protective Order, and I agree to comply fully with it and to be bound by its terms with respect to all information that is designated as "Confidential Information."  I agree not to copy or disclose to any nonqualified person or entity any "Confidential Information" that has been disclosed to me in this case.

If I violate any term of the Stipulation and Protective Order with respect to the treatment of "Confidential Information," I agree to submit myself to the jurisdiction of the United States District Court for the District of Massachusetts, for the purpose of enforcement of the terms of the Stipulation and Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _____ day of _____.

LDR/159176.1

12

_____
Name

_____
Address

_____
Employer

_____
Job Title