UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| LAWRENCE W. BUNCH, et al., ) | |
| Plaintiffs, ) | |
| ) | Consolidated Under |
| v. ) | Case No 04-11380-WGY |
| W. R. GRACE & CO., et al., ) | |
| Defendants. ) | |

### GRACE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE BUNCH COMPLAINT

The Bunch action is about the sale of Company stock held in the W.R. Grace & Co. Employees Savings and Investment Plan ("Plan"). The Bunch Plaintiffs admit that the Grace Defendants did not sell the Plan's stock; State Street did. Bunch Compl. ¶ 14. And on two separate occasions, the Bunch Plaintiffs have represented to this Court, in response to the Court's questions, that their claim is limited to a claim against State Street for self-dealing; *i.e.*, that State Street sold the Plan's Grace stock to itself, for its own purposes. Accordingly, the only way the Grace Defendants can be liable under the Bunch Complaint is if the Complaint contains legally viable allegations implicating them in State Street's alleged self-dealing. It does not.

The Bunch Complaint does allege, of course, that the Grace Defendants hired State Street to be the independent fiduciary and investment manager of the Plan's Grace Stock Fund. Bunch Compl. ¶¶ 13, 17. However, the Plan permitted the Grace Investment

Committee to appoint investment managers. **Exhibit 1**.[1] Accordingly, they had the absolute right under ERISA to do so:

> Any employee benefit plan may provide –
>
> \* \* \*
>
> (3) that a person who is a named fiduciary with respect to control or management of the assets of the plan may appoint an investment manager or managers to manage (including the power to acquire and dispose of) any assets of a plan.

29 U.S.C. § 1102(c)(3).

Significantly, the Bunch Complaint does **not** allege that the Grace Defendants knew about State Street's alleged self-dealing and either actively participated in the scheme or actively concealed it from others. Those are the only allegations that could make the Grace Defendants liable as co-fiduciaries for State Street's sale of the Plan's Company stock. To that end, ERISA provides that a co-fiduciary is not liable for an investment manager's actions simply because it enabled the breach (29 U.S.C. § 1105(a)(2)) or failed to remedy it once it knew about it (29 U.S.C. § 1105(a)(3)):

> If an investment manager or managers have been appointed under § 402(c)(3) [29 U.S.C. § 1102(c)(3)], then, notwithstanding subsections (a)(2) and (3) and subsection (b), no trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of such investment manager.

29 U.S.C. § 1105(d)(1); *see also Harris Trust and Savings Bank v. Salomon Bros., Inc.,* 832 F. Supp.1169, 1177 (N.D. Ill. 1993).

---

[1] In considering the Grace Defendants' Motion to Dismiss the Bunch Complaint and this reply memorandum in support, the Court can review documents appended to the complaint as exhibits and referenced or incorporated by reference therein. *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When … a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document … that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)").

In addition to the limitations in 29 U.S.C. § 1105(d)(1), the Bunch Complaint does not contain any allegations to support a claim that the Grace Defendants participated in, concealed, or even had knowledge of State Street's alleged self-dealing, which is required in order for the Grace Defendants to generally share liability for State Street's actions as co-fiduciaries.  29 U.S.C. § 1105.  The only other means by which the Grace Defendants could be liable for State Street's self-dealing would be if they had breached any fiduciary duty they may have had in the appointment process itself.  ERISA provides that when a named fiduciary allocates responsibility to another according to the terms of a benefit plan, the named fiduciary's liability for the designee's actions is limited to situations where it breached its own duties in the designation itself, in setting up the procedures in the plan authorizing the designation, or in continuing the designation.  29 U.S.C. § 1105(c)(2)(A).  Again, the Bunch Complaint contains no allegations that support any such claim against the Grace Defendants.

Finally, to the extent that the Bunch Plaintiffs are now making a half-hearted effort to allege a claim against the Grace Defendants for failing to monitor State Street when it was deciding to dispose of the Plan's Company stock, that claim must fail as well.  The Bunch Complaint does not contain any allegations setting out what the Grace Defendants failed to do in this regard.  More importantly, such a claim is contrary, as a matter of law, to the allegations that the Bunch Plaintiffs do make.  The Grace Defendants appointed State Street as the independent fiduciary and investment manager over the Grace Stock Fund to avoid a potential conflict of interest, as the Bunch Plaintiffs themselves point out.  Bunch Compl. ¶¶ 12, 58.  It would totally defeat that purpose for the Grace Defendants to involve

themselves in State Street's decision whether to sell the Plan's Company stock, for what price, and to whom, as the Bunch Plaintiffs now appear to allege they had a duty to do.[2]

For the foregoing reasons, together with the reasons described in the Grace Defendants' motion to dismiss, the Grace Defendants should be dismissed from the Bunch action altogether.

Dated:  December 18, 2006          Respectfully submitted,

/s/ Matthew C. Hurley
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

- and -

Carol Connor Flowe
Nancy S. Heermans
Caroline Turner English
Valerie N. Webb
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395
*Counsel for W. R. Grace & Co., Investments and Benefits Committee, Fred E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, H. Furlong Baldwin,Ronald C. Cambre, Marye Anne Fox, John J. Murphy, and Thomas A. Vanderslice*

---

[2]  The Grace Defendants are aware of no case law on this point at all.  In fact, to their knowledge, there is no case involving a claim that an independent fiduciary breached its duty by deciding to divest an employee benefit plan of company stock.

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE W. BUNCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Consolidated Under** |
| v. ) | **Case No 04-11380-WGY** |
| ) | |
| W. R. GRACE & CO., et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I filed Grace Defendants' Reply Memorandum in Support of their Motion to Dismiss the Bunch Complaint through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on December 18, 2006.

/s/ Matthew C. Hurley