# EXHIBIT 1

# PART 1

W. R. GRACE & CO.

SAVINGS AND INVESTMENT PLAN

(formerly, W.R. Grace & Co. Savings and

Investment Plan for Salaried Employees)

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A CONNECTICUT CORPORATION,

EFFECTIVE SEPTEMBER 1, 1976

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A NEW YORK CORPORATION,

EFFECTIVE MAY 25, 1988

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE SEPTEMBER 27, 1996

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE JANUARY 1, 1997

(reflecting the merger, effective at the beginning of the Plan Year

commencing January 1, 2002, of the W.R. Grace & Co. Savings and

Investment Plan for Hourly Employees)

---

AMENDED THROUGH JULY 1, 2004

Approved by IRS

Plan No.:    <u>123</u>

N.Y. File No.:    <u>130004403</u>

Current File No.: <u>650044691</u>

GR  001654

W. R. GRACE & CO.
SAVINGS AND INVESTMENT PLAN

The W. R. Grace & Co. Salaried Employees Savings and Investment Plan (the "Plan") was originally established by W. R. Grace & Co., a Connecticut corporation ("Grace Connecticut"), as of September 1, 1976.  The Plan was amended effective July 1, 1983 in order for Participants to elect the salary deferrals permitted under section 401(k) of the Code.  The Plan was amended from time to time thereafter by Grace Connecticut, the last such amendments being effective as of January 1, 1987 and July 1, 1987.

As a result of a corporate reorganization whereby Grace Connecticut became a subsidiary of W. R. Grace & Co., a New York corporation ("Grace New York") (and was renamed "W. R. Grace & Co.-Conn."), Grace Connecticut amended the Plan effective May 25, 1988 and Grace New York adopted the Plan, as amended, with respect to its eligible employees and assumed the sponsorship of the Plan on behalf of itself and its participating subsidiaries as of such date.

Grace New York thereafter amended the Plan effective January 1, 1989 and effective July 1, 1989, to, among other things, establish an employee stock ownership plan (within the meaning of section 4975(e)(7) of the Internal Revenue Code of 1986, as amended) which forms a portion of the Plan.  Grace New York again amended the Plan effective July 1, 1990, January 1, 1992, June 30, 1993, and January 1, 1994.

The Plan has also been amended to, among other things, comply with the provisions of the Tax Reform Act of 1986 and subsequent legislation.

GR 001655

Effective September 27, 1996, as a result of a transaction whereby National Medical Care, Inc. became part of Fresenius Medical Care AG ("Fresenius"), Grace New York also became part of Fresenius, and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace-I").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, effective as of September 27, 1996 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan).

Grace further amended the Plan, as set forth herein, effective January 1, 1997 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan), unless otherwise expressly provided in the Plan; which amendments are intended to (among other things) comply with the Small Business Job Protection Act of 1996 ("SBJPA") and the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA").

Effective March 31, 1998, as a result of a transaction whereby the Cryovac business of Grace-I became part of Sealed Air Corporation, Grace I also became part of Sealed Air Corporation and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, as set forth herein, effective as of March 31, 1998 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan).

To reflect changes associated with the "Closing Agreement" between Grace and the Internal Revenue Service (involving the Grace Drilling Plan and the HOMCO Plan), Grace further amended the Plan, as set forth herein, on April 20, 2000, with effective dates as set forth herein.

To reflect changes related to changes in eligibility, matching contributions and ability to reallocate Company contributions, Grace further amended the Plan, as set forth herein, effective October 1, 2000.

To reflect changes related to company match provisions, Grace further amended the Plan, effective, January 1, 2001, as set forth herein.

To reflect the adoption of the new minimum distribution rules, under the January 17, 2000 IRS proposed regulations, Grace further amended the Plan, effective September 1, 2001, as set forth herein.

To reflect the adoption of amendments to comply in good faith with certain provisions of the Economic Growth and Tax Relief Reconciliation Act of 2001, the Plan is further amended as set forth herein, effective for Plan Years beginning after December 31, 2001 (or such other date as provided herein).

Effective at the beginning of the Plan Year commencing January 1, 2002, the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees is being merged into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees, and the name of the Plan is changed to the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees to the W.R. Grace & Co.

GR 001657

Savings & Investment Plan, effective immediately after such merger.

As specified above, the Plan is amended and restated, as set forth herein, to comply with changes in the law applicable to tax-qualified pension plans, including but not limited to SBJPA and USERRA, effective January 1, 1997 (or such other date as provided herein) and to reflect the merger of the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees and the new name of the Plan, effective at the beginning of the Plan Year commencing January 1, 2002.

The Plan was further amended and restated, as set forth herein, effective on the dates noted below, to effectuate the following:

| | |
|---|---|
| April 9, 2003 | Credit cash in Grace Stock Fund and Company Contribution Fund (the "Stock Funds") to the Fixed Income Fund, and allocate to participants' accounts on a pro-rata basis regarding the individual participant's interest in the Stock Funds. |
| April 10, 2003 | Commencing April 10, 2003, and ending April 11, 2003, suspend transactions within, and involving the Stock Funds, the order to (1) merge the Stock Funds (the merged Fund is named the "Grace Stock Fund") and (2) |

GR 001658

institute "real time" trading with respect to shares within the Grace Stock Fund.

April 14, 2003                Reopen the Grace Stock Fund to execute participant orders to buy and sell shares allocated to their accounts, on a "real time" trading basis.

April 16, 2003                Redirect to the Fixed Income Fund any payroll contributions directed by participants to the Grace Stock Fund.

April 17, 2003                Cease all participant allocations to the Grace Stock Fund; but continue to permit participant allocations from the Grace Stock Fund.

The Plan was further amended and restated, as set forth herein, effective January 1, 2003, to change the provisions of Sections 3.10 and 4.11, as agreed with the IRS, in order to receive a favorable IRS determination letter.

The Plan was further amended and restated, as set forth herein, effective December 8, 2003, to permit the Investment Committee to appoint an independent "investment manager", as defined by ERISA section 3(38), with respect to the Grace Stock Fund, and to provide the terms applicable to such appointment.

The Plan was further amended and restated, or set forth herein, effective January 1, 2004, to allow post-employment installment payments of up to 20 years, and to transfer to

GR 001659

Fidelity certain administrative responsibility for making hardship withdrawal determinations.

The Plan was further amended and restated, as set forth herein, effective July 1, 2004, to permit before and after tax deferrals up to (but not to exceed) 25% of compensation, in total.

GR 001660

## TABLE OF CONTENTS

Section                                                                 Page

Purpose of the Plan---------------------------------     --
  1      Definitions------------------------------------      1
  2      Participation----------------------------------     22
  3      Employee Contributions-------------------------     29
  4      Company Contributions--------------------------     42
  5      Investment Provisions--------------------------     68
  6      Valuation of Accounts--------------------------     82
  7      Vesting----------------------------------------     84
  8      Distribution of Vested Interest----------------     86
  9      Withdrawals During Employment------------------    109
 10      Payment of Benefits----------------------------    120
 11      Re-Employment----------------------------------    122
 12      Administration of the Plan---------------------    126
 13      Certain Rights and Obligations-----------------    134
 14      Amendments-------------------------------------    137
 15      Non-Alienation of Benefits---------------------    138
 16      Top-Heavy Provisions---------------------------    141
 17      Tender Offers----------------------------------    145
 18      Loans------------------------------------------    149

GR 001661

- 1 -

## Section 1

### Definitions

The following words and phrases used herein shall have the following meanings unless a different meaning is plainly required by the context.

1.01    Account:

The account reflecting the interest of each Participant, Inactive Participant and former Participant in the Plan, which, effective July 1, 1989, is comprised of both a Savings Plan Account and an ESOP Account.

1.02    Administrative Committee:

The Administrative Committee provided for in Section 12.06 of the Plan (including such Committee's designee).

1.03    After Tax Contribution(s):

The sum of (i) contributions made by a Participant as provided in Section 3.03 of the Plan, and (ii) Basic Contributions.

- 2 -

1.04    Basic Contribution(s):

        The contributions made by a Participant prior to July 1, 1983 under Section 3.01 of the Plan as in effect prior thereto.

1.05    Before Tax Contribution(s):

        The contributions made by the Company in accordance with the election of the Participant as provided in Section 3.02 of the Plan.

1.06    Board of Directors:

        The Board of Directors of Grace.

1.07    Business Day:

        Each day that the New York Stock Exchange is open for business.

1.08    Code:

        Internal Revenue Code of 1986, as amended.

1.09    Company:

        Grace, Grace Connecticut, and any other corporation or other trade or business (owned or controlled by Grace New York prior to September 27, 1996; or

GR 001663

- 3 -

owned or controlled by Grace Connecticut prior to May 25, 1988) one or more divisions or departments of which from time to time shall be authorized by the Board of Directors to participate in the Plan (or which were authorized by Grace Connecticut to participate in the Plan prior to May 25, 1988) and which shall have adopted the Plan.

1.10    Compensation:

    (1)    Compensation is defined as wages and salaries for personal services actually rendered in the course of employment with the Company to the extent that the amounts are includable in gross income (including, but not limited, to commissions paid salesmen, compensation for services on the basis of a percentage of profits, incentive compensation, tips and bonuses (but excluding long-term incentive bonuses and retention bonuses)).  Compensation shall exclude reimbursements or other expense allowances, fringe benefits, moving expenses, deferred compensation, welfare benefits, and the Company's cost for any employee benefit plan, including the Plan.  Compensation shall also exclude the following:

        (a)    Employer contributions to a plan of deferred compensation which are not includable in the employee's gross income for the taxable year in which contributed, or employer contributions under a simplified employee

GR 001664

- 4 -

pension to the extent such contributions are deductible by the employee, or any distributions from a plan of deferred compensation;

(b)     Amounts realized from the exercise of a non-qualified stock option, or when restricted stock (or property) held by the employee either becomes freely transferable or is no longer subject to a substantial risk of forfeiture;

(c)     Amounts realized from the sale, exchange or other disposition of stock acquired under a qualified stock option; and

(d)     other amounts which received special tax benefits, or contributions made by the employer (whether or not under a salary reduction agreement) towards the purchase of an annuity contract described in section 403(b) of the Code (whether or not the contributions are actually excludable from the gross income of the employee).

Notwithstanding anything herein to the contrary, Compensation shall include any amount contributed by the Company pursuant to a salary reduction agreement and which is not includable in the gross income of the employee under sections 125, 402(e)(3), 402(h), or

GR 001665

- 5 -

403(b)(or under section 132(f) for Plan Years on and after January 1, 2001) of the Code.

(2) In the case of a Foreign Based Eligible Employee, compensation shall be determined by the Administrative Committee using as a guideline to be uniformly and consistently applied that compensation which would have been received by a Participant if his services had been performed in a similar position in the United States for Grace or Grace Connecticut.

(3) Effective January 1, 1989, Compensation taken into account under the Plan with respect to any Employee for a Plan Year shall not exceed $200,000 (as automatically adjusted for increases in the cost of living as prescribed by the Secretary of the Treasury). Effective January 1, 1994, compensation taken into account under the Plan with respect to a Plan Year shall not exceed $150,000 (as adjusted by the Commissioner for increases in the cost of living in accordance with section 401(a)(17)(B) of the Internal Revenue Code). Effective January 1, 2002, Compensation taken into account under the Plan with respect to any Employee for a Plan Year shall not exceed $200,000 (as automatically adjusted for increase in the cost of living as prescribed by the Secretary of Treasury). For Plan Years before January 1, 1997, in determining the Compensation of a Participant for purposes of this limitation, the rules of section 414(g)(6) of the Code shall apply, except in applying such rules, the term "family" shall include only the spouse of the

- 6 -

Participant and any lineal descendants of the Participant who have not attained age 19 before the close of the Plan Year.

1.11    Continuous Employment:

Any period of employment with the Company, or any corporation or other trade or business controlled by Grace (or, prior to September 27, 1996, W. R. Grace & Co., a New York corporation; or, prior to May 25, 1988, by Grace Connecticut) pursuant to Section 414(b) or (c) of the Code or any other entity affiliated with the Company, or required to be aggregated with the Company pursuant to section 414(m) or section 414(o) of the Code, respectively (during the period of such controlled status, affiliation or required aggregation), commencing on the Employee's date of hire.

1.12    Conversion Period:

The period beginning on June 30, 1993 and ending on July 16, 1993 during which certain Plan transactions were suspended as a result of transferring the assets of the Trust Fund to Fidelity Management Trust Company and changing the investment options available under the Plan. A description of these suspended transactions is attached hereto as Exhibit B).

GR 001667

- 7 -

1.13   Cryovac Disposition

The transaction whereby control of the Cryovac business such business, the "Cryovac Business") was separated from control of substantially all of the other businesses conducted by Grace-I, and whereby Grace commenced control and ownership, directly or indirectly, of all of the Non-Cryovac Businesses of Grace-I.

1.14   Disability Date:

(1)   The earlier of (i) the date on which a Participant or Inactive Participant receives a disability award under the Social Security Act, or (ii) the date on which a Participant or Inactive Participant is certified as disabled under a long term disability income plan maintained by the Company.

(2)   In all other cases, the date on which the Administrative Committee determines that a Participant or Inactive Participant is unable to perform the customary duties of his regular job with the Company, and will continue to be unable to so perform for a period of time which is expected to be protracted, due to a physical or mental disability.  This determination is to be made only after the Participant or Inactive Participant has submitted himself to an examination by a physician provided by or acceptable to the Administrative Committee.

GR  001668

- 8 -

(3)    For purposes of Section 402(e)(4)(A) of the Code, a
Participant or Inactive Participant shall be
considered to have separated from service on his
Disability Date.

1.15    Early Retirement Date:

The date of the Participant's or Inactive Participant's
Termination of Service, provided it occurs on or after
his 55th birthday and prior to his 65th birthday, or on
or after his 50th birthday in the case of Participants
and Inactive Participants who are subject to the early
retirement provisions of section 5.14 or Section 5.15 of
the W. R. Grace & Co. Retirement Plan for Salaried
Employees or section 3.14 of the W. R. Grace & Co.
Supplemental Executive Retirement Plan.

1.16    Effective Date of the Plan:

(1)    The Effective Date of this amended and restated
Plan is January 1, 1997 (or such other date as
provided herein).  The Effective Date of the Plan
as originally adopted by Grace Connecticut is
September 1, 1976.

(2)    The Effective Date of the Plan for each Employing
Unit authorized to participate in the Plan after
September 1, 1976 shall be the effective date of such
participation.

- 9 -

1.17    Eligible Employee:

An Employee eligible to participate in the Plan as
provided in Section 2.01.

1.18    Employee:

Any person who is employed by the Company or any other
entity required to be aggregated with the Company under
sections 414(b), (c), (m) or (o) of the Code.

For purposes of the requirements of section 414(n)(3) of
the Code, a "leased employee" who is not excluded under
the safe harbor provisions of section 414(n)(5) of the
Code shall be treated as an Employee, but any such "leased
employee" shall not be an Eligible Employee unless
specifically so designated by the Company.  A "leased
employee" is any person (other than an employee of the
Company) who pursuant to an agreement between the Company
and any other person (leasing organization) has performed
services for the Company (or for the Company and related
persons determined in accordance with §414(n)(6) of the
Code) on a substantially full-time basis for a period of
at least one year, and such services are performed under
the primary direction or control of a Company (for Plan
Years beginning prior to January 1, 1997, are of a type
historically performed by employees in the business field
of a Company).

- 10 -

1.19    Employing Unit:

A division or department of the Company authorized by the Board of Directors to participate in the Plan (including any division or department of the Company authorized by Grace Connecticut to participate in the Plan prior to May 25, 1988).

1.20    ESOP:

Effective July 1, 1989, the stock bonus portion of the Plan which constitutes an employee stock ownership plan under section 4975(e)(7) of the Code.

1.21    ESOP Account:

Prior to April 9, 2003, the amounts credited to each Participant, Inactive Participant or former Participant under the ESOP, separately reflecting Company contributions made after June 30, 1989 and before January 1, 2001 under Section 4.01 (including Company contributions that were transferred from Former Fund C within the Savings Plan to the ESOP in accordance with Section 5.01), and Supplemental Contributions, After-Tax Contributions, Before-Tax Contributions and Rollover Contributions that were invested in Former Fund C within the Savings Plan and subsequently transferred to the ESOP in accordance with Section 5.01, each with any earnings, interest and dividends, and profits and losses, realized or unrealized thereon.  Effective April 9, 2003, amounts credited to the ESOP Account shall be allocated to the

- 11 -

ESOP portion of the Grace Stock Fund, and such portion
shall be regarded as the "ESOP Account", and shall
continue to constitute the ESOP, as of and after that
date.

1.22    Foreign Based Eligible Employee:

An Employee eligible to participate in the Plan as
provided in Section 2.01(2).

1.23    Foreign Subsidiary:

Any foreign entity in which the Company directly or
through one or more entities has at least a 10% interest
in the voting stock or profits thereof and with respect to
which the Company has entered into an agreement with the
U.S. Secretary of the Treasury or his delegate as defined
in section 3121(1) of the Code providing social security
coverage of U.S. citizens and U.S. resident employees.

1.24    Former Funds:

The available investment options under the Plan prior to
the commencement of the Conversion Period, including
Former Funds A, B, C and D.

1.25    Grace:

W. R. Grace & Co., a Delaware corporation.

GR 001672

- 12 -

1.26    Grace Connecticut:

W. R. Grace & Co.-Conn., a Connecticut corporation, which
is a subsidiary of Grace.  All references herein to
"Grace Connecticut" which relate to periods prior to
May 25, 1988, shall mean W. R. Grace & Co., a Connecticut
corporation.

1.27    Grace Stock:

Shares of common stock of Grace, including fractional
shares.

1.28    Grace Stock Fund:  As defined in Sections 5.11 and 5.12.

Hour of Service:

With respect to each Plan Year (or other applicable
computation period) an Employee will be credited with an
Hour of Service for the following:

(1)    Each hour for which an Employee is paid or entitled
to payment by the Company for the performance of
duties.

(2)    Each hour up to a maximum of 501 hours for which an
Employee is paid or entitled to payment by the
Company on account of a period of time during which
no duties are performed due to vacation, holiday,
illness, incapacity (including disability), layoff,
jury duty, military duty or leave of absence.

GR 001673

- 13 -

(3)     Each hour not otherwise credited for which back
        pay, irrespective of mitigation of damages, has
        been either awarded or agreed to by the Company.

Notwithstanding the foregoing, the Hours of Service of a
salaried Employee exempt from the overtime provisions of
the Fair Labor Standards Act shall be calculated, for
purposes of determining a Year of Service and a One-Year
Break in Service, by crediting him with 45 Hours of
Service for any calendar week in which he has at least one
Hour of Service.  This provision shall be effective as of
May 1, 1979 with respect to all relevant computation
periods (before or after such date) for exempt salaried
Employees who terminate, retire or are re-employed on or
after such date.

The foregoing shall be determined in accordance with the
provisions of Labor Department Regulations Sections
2530.200(b)-2(b) and (c) and Section 2530.200(b)-3(e)(6),
where applicable.

Hours of Service for purposes of determining eligibility
and a One-Year Break in Service shall include hours during
any period of Continuous Employment.

1.29   Inactive Participant:

(1)     Any Participant who ceases to be an Eligible
        Employee but whose Continuous Employment has not
        been terminated.

GR 001674

- 14 -

    (2)   Any Participant who is not currently making After Tax Contributions and is not currently electing to have Before Tax Contributions made on his behalf.

    (3)   Unless otherwise expressly provided in the Plan, the term "Inactive Participant" shall include an alternate payee for whom an Account is required to be established and maintained within the Plan by the terms of a qualified domestic relations order described in section 414(p) of the Code.

1.30    Independent Investment Manager:

An "investment manager", defined by ERISA section 3(38), with no affiliation to the Company, that has been retained by the Investment Committee to manage the Grace Stock Fund, pursuant to Section 12.04(b).

1.31    Investment Committee:

The Investment Committee as provided in Section 12.03 (including such Committee's designee).

1.32    Investment Funds:

The available investment options under the Plan after the commencement of the Conversion Period (but not including the ESOP), which are described in Section 5.

- 15 -

1.33    Investment Manager:

An "investment manager", as defined by ERISA section
3(38), and as provided in Section 12.04(a).

1.34    NMC Disposition:

The transaction whereby control of the business conducted
by Grace's National Medical Care, Inc. subsidiary (such
businesses, the "NMC Businesses") was separated from
control of substantially all of the other businesses
conducted by W. R. Grace & Co. (a New York corporation),
which included a distribution, with respect to each share
of its common stock, of one share of Grace, which directly
or indirectly owns or controls the Non-NMC Businesses.

1.35    Non-Taxable Balance:

The amount of a Participant's contributions to the Plan
(not previously withdrawn) in which he has a cost basis
for tax purposes, as of December 31, 1986.

1.36    One-Year Break in Service:

Any Plan Year during which an Employee fails to complete
more than 500 Hours of Service due to a Termination of
Service.  A One-Year Break in Service shall occur at the
close of business on the last day of any such Plan Year.

For purposes of determining a One-Year Break in Service in
the case of an absence commencing on or after January 1,

GR  001676

- 16 -

1985, an Employee shall also be credited with a number of Hours of Service equal to such Employee's normal working hours (or 8 hours per workday if this cannot be determined) (up to a maximum of 501 hours) during which the Employee was absent from work on account of pregnancy, childbirth, adoption, or related child care (as described in sections 410(a)(5)(E) and 411(a)(6)(E) of the Code). Such hours shall be credited in the Plan Year in which such absence begins if such hours are needed to prevent a One-Year Break in Service in such Plan Year.  Otherwise such hours shall be credited in the next succeeding Plan Year.

1.37    Participant:

Any person participating in the Plan as provided in Section 2.

1.38    Plan:

W. R. Grace & Co. Savings and Investment Plan (for periods before January 1, 2002, W. R. Grace & Co. Salaried Employees Savings and Investment Plan) as set forth herein and as from time to time amended.

GR  001677

- 17 -

1.39   Plan Year:

The twelve-month period commencing on each January 1st
and terminating on the following December 31st, except
that the first Plan Year shall be the four-month period
commencing on September 1, 1976 and terminating on
December 31, 1976.

1.40   Qualified Domestic Subsidiary:
A domestic corporation:

(1)   Eighty (80) percentum or more of the outstanding
voting stock of which is owned by the Company;

(2)   Ninety-five (95) percentum or more of its gross
income for the 3 year period immediately preceding
the close of its taxable year which ends on or
before the close of the taxable year of the Company
(or for such part of such period during which the
Corporation was in existence) was derived from
sources outside the United States; and

(3)   Ninety (90) percentum or more of its gross income
for such period (or such part) was derived from the
active conduct of a trade or business.

1.41   Recordkeeper:

The entity retained by Grace as of January 1, 1992 to
maintain the books and records of the Plan and to make

GR  001678

- 18 -

distributions of Plan benefits, and any successor(s) thereto.

1.42    Retirement:

Termination of Service (other than by death) on an Early Retirement Date or a Retirement Date.

1.43    Retirement Date:

The date of the Participant's or Inactive Participant's Termination of Service, provided it occurs on or after his 65th birthday.

1.44    Rollover Contribution(s):

The contributions made by a Participant as described in Section 3.13 of the Plan.

1.45    Savings Plan:

The portion of the Plan that does not constitute an employee stock ownership plan under section 4975(e)(7) of the Code.  Prior to July 1, 1989, the Plan was comprised entirely of the Savings Plan.

1.46    Savings Plan Account:

The amounts credited to each Participant, Inactive Participant, or former Participant under the Savings Plan, separately reflecting Supplemental Contributions,

GR  001679

- 19 -

After Tax Contributions, Before Tax Contributions, Rollover Contributions and Company contributions made to the Plan after December 31, 2000, each with any earnings, interest and dividends, and profits or losses, realized or unrealized, thereon (other than any such amounts that were invested in Former Fund C and subsequently transferred from the Savings Plan to the ESOP in accordance with Section 5.01).

1.47    Supplemental Contributions:

The contributions made by a Participant prior to July 1, 1983 under Section 3.02 of the Plan as in effect prior thereto, and the contributions transferred from the W. R. Grace & Co. Retirement Plan for Salaried Employees as described in Section 3.14.

1.48    Termination of Service:

Termination of Continuous Employment as determined by the Company from its service records.

Notwithstanding any different treatment provided under a parallel provision of any other employee benefit plan maintained by the Company, in the event that an Employee ceases to render actual services to the Company (and any affiliate thereof), no amount paid to him (whether in a lump sum or in periodic installments) on or after cessation of services on account of severance shall be regarded as compensation under the Plan (except to the extent otherwise required by law).

- 20 -

1.49    Three Months of Service:

Three consecutive, full calendar months, beginning with
the first day of the calendar month following (or
coincident with) the Employee's date of hire, during
which the Employee has completed at least 250 Hours of
Service.

1.50    Transition Period:

The period beginning on December 31, 1991 and ending on
April 1, 1992 during which certain Plan transactions were
suspended as a result of the transfer of the books and
records of the Plan from Grace (and its designees) to the
Recordkeeper.  (A list of these suspended transactions
and a description of certain other matters related to the
Transition Period is attached hereto as Exhibit A.)

1.51    Trust Fund:

The fund established under Section 12.01.

1.52    Trustee:

The Trustee or Trustees provided for in Section 12.01.

GR  001681

- 21 -

1.53    Vested Interest:

That portion of an Account in which a participant has a
fully vested and nonforfeitable right, as provided in
Section 7.

1.54    Year of Service:

The consecutive twelve-month period beginning on the
Employee's date of hire or any Plan Year subsequent to
such date of hire (beginning with the Plan Year which
includes the first anniversary of the Employee's date of
hire) in which the Employee has completed at least 1,000
Hours of Service.

1.55    Effective July 1, 1989, where a provision in the text of
the Plan is intended to apply to the entire Plan, the term
"Plan" is used.  Where a provision is intended to apply to
one portion of the Plan, but not the other, the term
"ESOP" or "Savings Plan", as the case may be, is used.

1.56    Masculine pronouns used herein shall refer to men or
women or both and nouns and pronouns when stated in the
singular shall include the plural and when stated in the
plural shall include the singular, wherever appropriate.

1.57    Any reference in the Plan to a "Section" shall refer to a
Section of the Plan unless otherwise specified.

GR  001682

- 22 -

Section 2

Participation

2.01   An Eligible Employee is:

(1)   Any salaried Employee of an Employing Unit, or any
      salesman paid on a commission basis by an Employing
      Unit, who has completed Three Months of Service
      (or, for periods prior to October 1, 2000, one Year
      of Service), other than an Employee with respect to
      whom compensation, retirement benefits, hours of
      work or conditions of employment are determined
      through good faith bargaining with a recognized
      bargaining agent (subject to collective bargaining)
      or an Employee actively participating in another
      savings and investment plan maintained or
      contributed to by the Company or any subsidiary of
      the Company.

      With respect to any Eligible Employee who has
      completed Three Months of Service (but not one Year
      of Service) on or prior to October 1, 2000, such
      Eligible Employee shall be eligible to commence
      participation in the Plan, as of October 1, 2000.

      Notwithstanding the forgoing, for periods
      commencing on or after October 1, 2000, any
      salaried Employee of an Employing Unit, or any
      salesman paid on a commission basis by an Employing
      Unit, other than an Employee with respect to whom

GR 001683

- 23 -

compensation, retirement benefits, hours of work or
conditions of employment are determined through
good faith bargaining with a recognized bargaining
agent (subject to collective bargaining) or an
Employee actively participating in another savings
and investment plan maintained or contributed to by
the Company or any subsidiary of the Company, who
does not satisfy the requirements of either of the
first two paragraphs of this Section 2.01(1) prior
to completing one Year of Service, shall be an
Eligible Employee when he or she has completed one
Year of Service.

The limitations of this Section 2.01(1) with
respect to the exclusion of hourly Employees from
participation in the Plan shall not apply to those
hourly Employees who, as a result of the merger of
the Hourly Plan (as defined in Section 2.11) with
this Plan, become Participants or Inactive
Participants in this Plan as the result of such
merger, as more fully described in Section 2.11.

(2)     Any citizen or resident of the United States who is
a salaried Employee or salesman paid on a
commission basis of (1) a Foreign Subsidiary or (2)
a Qualified Domestic Subsidiary, as described
respectively in sections 406(a) and 407(a) of the
Code, and for whom no contributions under a funded
plan of deferred compensation are provided by the
Foreign Subsidiary, Qualified Domestic Subsidiary,

- 24 -

or any other person with respect to the remuneration paid by such Foreign Subsidiary or Qualified Domestic Subsidiary, and who has completed one Year of Service.

Notwithstanding the foregoing, an individual who is not a Participant in the Plan at the time he is hired by a foreign subsidiary or qualified domestic subsidiary is not an Eligible Employee.

(3)    Notwithstanding Section 2.01(1), effective at the beginning of the Plan Year commencing January 1, 2002, any hourly Employee of an Employing Unit (other than an Employee actively participating in another savings and investment plan maintained or contributed to by the Company or any subsidiary of the Company) who has completed Three Months of Service shall be an Eligible Employee. The designation of an Employing Unit may restrict eligibility to those hourly Employees thereof who are covered under a specified collective bargaining agreement, or who are not covered under any such agreement.

Any hourly Employee of an Employing Unit, who does not satisfy the requirements of the preceding paragraph prior to completing one Year of Service, shall be an Eligible Employee when he or she has completed one Year of Service.

GR 001685

- 25 -

2.02    Each Employee eligible to participate in the Plan shall be
        so notified by the Company and shall elect to participate
        or not to participate by signing such forms as the
        Administrative Committee may require which forms shall be
        delivered to the Administrative Committee within 30 days
        after such notice of eligibility.  Failure to elect
        affirmatively to participate in the Plan within 30 days
        after such notice of eligibility shall be an election not
        to participate.

2.03    Any Employee who becomes eligible to participate and who
        elects to participate within the time provided shall
        become a Participant as of the first day of the month
        coincident with or next following his eligibility date.

2.04    Each Eligible Employee who elects not to become a
        Participant when first eligible may at any time after his
        eligibility date elect to become a Participant by signing
        such forms as the Administrative Committee may require.
        Such an Eligible Employee shall become a Participant (by
        electing to have the Company make Before Tax Contributions
        on his behalf under Section 3.02 or otherwise) as of the
        first day of the month which follows by at least 30 days
        the date such forms as the Administrative Committee may
        require are delivered to that Committee.

2.05    Any other provision of the Plan to the contrary
        notwithstanding:

- 26 -

    (i)    each Eligible Employee who is not a Participant as of May 24, 1993, may elect to become a Participant effective July 1, 1993, provided that the Eligible Employee makes that election by submitting the appropriate form to the Administrative Committee on or after May 24, 1993, but before June 19, 1993 (the "Open Enrollment Period:); and

    (ii)    each Participant may elect to have the Company start to make, or increase, Before Tax Contributions on his behalf under Section 3.02, effective July 1, 1993, provided that the Participant makes that election by submitting the appropriate form to the Administrative Committee during the Open Enrollment Period.

2.06 If a Participant terminates his Continuous Employment for any reason, his participation shall terminate.

2.07 Notwithstanding Section 2.06, an interruption in service in case of an authorized leave of absence, will not be considered a Termination of Service for purposes of the Plan, but no After Tax Contributions or Before Tax Contributions may be made during the periods of absence unless the Participant receives Compensation during such periods.

- 27 -

2.08    If a Participant is transferred to service with a division
of the Company or any of its subsidiaries or affiliates
not covered by the Plan or is transferred to an employment
status not covered by the Plan, he shall be considered an
Inactive Participant, and no After Tax Contributions or
Before Tax Contributions may be made until he again
becomes an Eligible Employee.

2.09    In the event that the Company shall acquire the control of
any organization by purchase of assets or stock, merger,
amalgamation, consolidation or any other similar event,
the Board of Directors (or its Benefits Committee or any
officer of Grace who has been authorized to acquire such
organization by the Board of Directors) may authorize such
organization to participate in the Plan upon agreement
that contributions shall be made as required under the
Plan, shall determine to what extent, if any, credit for
service with such organization shall be granted as to the
employees of such organization for the purpose of
determining eligibility hereunder, whether a plan
maintained by such organization shall be merged into the
Plan and the treatment of assets of such plan in
connection with such merger.

2.10    The former Dearborn Chemical Company Salaried Employees
Savings and Investment Plan (and the assets and account
balances thereunder) was merged into this Plan effective
July 5, 1989.  The former HOMCO International, Inc. Profit
Sharing, Investment Savings, and Retirement Plan; Grace
Offshore Company Employees Profit Sharing Plan; and Grace
Energy Corporation Employees Savings and Investment Plan

GR 001688

- 28 -

(and the assets and account balances under each) were
merged into this Plan effective December 31, 1993.  The
former Grace Drilling Co. Money Purchase Plan (and the
assets and account balances thereunder) was merged into
this Plan effective October 1, 1994.

2.11    The former W.R. Grace & Co. Hourly Employees Savings and
Investment Plan ("Hourly Plan") was merged into this Plan
effective at the beginning of the Plan Year commencing
January 1, 2002.  An individual who is a participant,
inactive participant or former participant under the
Hourly Plan as of the time of such merger shall become a
Participant, Inactive Participant or former Participant,
as applicable, under this Plan as of the time of such
merger.  Provided, however, that an individual whose
rights to benefits payable under the Hourly Plan have,
prior to January 1, 2002, commenced, been paid in full
(either directly or by distribution of an appropriate
annuity contract from an insurer) or been forfeited to the
extent not paid shall have his benefits determined under
the Hourly Plan as in effect at the time of distribution,
except as otherwise specifically provided in this Plan.

GR  001689

- 29 -

## Section 3

## Employee Contributions

3.01 Each Participant shall elect to have the Company make Before
Tax Contributions on his behalf in accordance with Section
3.02, or shall elect to make After Tax Contributions to the
Plan in accordance with Section 3.03, or both.

Effective for Plan Years commencing on or after January 1,
2002, Participants eligible to make elective deferrals under
this Plan and who have attained age 50 before the close of
the Plan Year shall be eligible to make catch-up
contributions in accordance with, and subject to the
limitations of, section 414(v) of the Code.  Such catch-up
contributions shall not be taken into account for purposes
of the provisions of the Plan implementing the required
limitations of Section 402(g) and 415 of the Code.  The Plan
shall not be treated as failing to satisfy the provisions of
the Plan implementing the requirements of Section 401(k)(3),
401(k)(11), 401(k)(12), 410(b), or 461 of the Code, as
applicable, by reason of the making of such catch-up
contributions.

3.02 During a period specified by the Administrative Committee
prior to the later of (1) the beginning of each Plan Year or
(2) the date that an Eligible Employee first becomes a
Participant under Section 2 (subject to Section 2.04) or
Section 11.02 (upon reemployment), a Participant may request
that the Company reduce his Compensation in respect of
periods during such Plan Year that he is a Participant in

- 30 -

the Plan by an amount equal to a whole percentage, between
2% and 25% inclusive, of such Compensation and contribute
such amount to his Account under the Plan as a Before Tax
Contribution.  Notwithstanding the foregoing, such Before
Tax Contributions under this Plan and all other plans,
contracts, or arrangements of the Company shall not exceed
$7,000 (as automatically adjusted for increases in the cost
of living as prescribed by the Secretary of the Treasury)
for a Plan Year (determined without regard to certain
amounts paid in 1987 in respect of 1986 services).  In the
event that a Participant participates in more than one cash
or deferred arrangement under section 401(k) of the Code (or
other elective deferral arrangement covered under section
402(g)(3) of the Code) and contributions under all such
arrangements exceed the foregoing limitation, he shall so
inform the Administrative Committee and shall indicate the
amount of his Before Tax Contributions to be refunded to him
from the Plan as an Excess Deferral no later than March 1 of
the Plan Year next following the Plan Year in which such
Before Tax Contributions were made, and such refund of such
Before Tax Contributions (and earnings, if any, thereon)
shall be made to him no later than April 1 of such Plan
Year.

Amounts refunded as Excess Deferrals pursuant to this
Section 3.02 shall be adjusted for income or loss.  The
income or loss allocable to the Excess Deferrals is equal to
the sum of the following:  (i) the income or loss for the
taxable year of the individual allocable to the
Participant's Before Tax Contributions multiplied by a
fraction, the numerator of which is such Participant's

GR 001691

- 31 -

Excess Deferral for the taxable year, and the denominator is equal to the sum of the Participant's account balance attributable to Before Tax Contributions as of the beginning of the taxable year, plus the Participant's Before Tax Contributions for the taxable year, and (ii) 10% of the amount determined under (i) above multiplied by the number of whole calendar months between the end of the Plan Year and the date of distribution, counting the month of distribution if distribution occurs after the 15th of such month.

3.03 A Participant who has elected to have the Company make Before Tax Contributions on his behalf under Section 3.02 may also elect to contribute as After Tax Contributions an amount equal to a whole percentage of his Compensation between 1% and 25% inclusive, not in excess of the amount by which 25% exceeds the percentage of his Compensation represented by Before Tax Contributions for the Plan Year. A Participant who has not elected to have the Company make Before Tax Contributions on his behalf under Section 3.02 may elect to contribute as After Tax Contributions an amount equal to a whole percentage of his Compensation between 2% and 25% inclusive.

3.04 Subject to Section 3.02 of the Plan, a Participant may elect to increase or decrease his rate of Before Tax Contributions as of the first date of any month (but not more frequently than once every 3 months) with no changes during a Plan Year that are effective after September 1. Such elections shall be effective on the first day of the month next following the date that the Administrative Committee receives notice

GR 001692

- 32 -

from him.  Notwithstanding the foregoing, the provisions of
this Section 3.04 shall not apply to any suspension of
Before Tax Contributions which result from a withdrawal made
pursuant to Section 9.01(3) on account of hardship (as
defined in Section 9.05).

3.05 Subject to Section 3.03 of the Plan, a Participant may elect
to increase or decrease his rate of After Tax Contributions
effective on the first day of any month, provided that the
Administrative Committee receives prior notice from him in
writing, and provided further that such increase or decrease
cannot be made more frequently than once every three months,
except that the foregoing restriction shall not extend
beyond the end of any Plan Year.  Notwithstanding the
foregoing, a Participant may suspend his After Tax
Contributions effective the last day of any month by giving
written notice to the Administrative Committee at any time
prior to such effective date.  If a Participant has
suspended his After Tax Contributions, he may resume his
After Tax Contributions on the first day of any month which
is at least three full calendar months after the date the
suspension commenced (except that the foregoing restriction
shall not extend beyond the end of any Plan Year) by giving
written notice to the Administrative Committee as determined
by the date such notice is received by the Administrative
Committee.  For purposes of this Section 3.05, an Eligible
Employee who does not become a Participant in the Plan when
first eligible shall not be deemed to have made an election
with respect to After Tax Contributions until the
Administrative Committee receives notice from him in writing
of such an election.

GR 001693

- 33 -

3.06  After Tax Contributions shall be deducted by the Company
      from the Compensation of each Participant.  Before Tax
      Contributions shall be withheld by the Company from the
      Compensation of each Participant, subject to Section 3.10.

3.07  A Participant shall be an Inactive Participant during a
      period when (1) no Before Tax Contributions are being made
      on his behalf and (2) he is not currently making After Tax
      Contributions.

3.08  During the period prior to the beginning of each Plan Year,
      or from time to time thereafter, or both, the Company shall
      make estimated calculations, as set forth below, with
      respect to such Plan Year required by section 401(k) of the
      Code, and after the end of such Plan Year, shall make exact
      calculations, as set forth below:

      (a)  Each Eligible Employee shall be classified as either a
           (i) "highly compensated employee" or an (ii) "other
           employee".  For purposes hereof, a "highly compensated
           employee" means any Eligible Employee who performs
           service for the Company during the Plan Year and (A)
           who during the twelve (12) month period immediately
           preceding the Plan Year of reference received
           compensation from the Company in excess of $80,000 (as
           adjusted pursuant to the Code) or (B) who during such
           preceding Plan Year, or the Plan Year of reference,
           owned 5% or more of the equity of the Company.  In
           applying this definition, the special rules of section
           414(q) of the Code and the aggregation rules of

GR 001694

- 34 -

sections 414(b), (c), (m) and (o) of the Code shall be taken into account. For purposes hereof, "compensation" means compensation as set forth in Section 4.05 of the Plan (with the modifications set forth in section 414(q) of the Code). For purposes hereof, an "other employee" means any Eligible Employee who is not classified as a highly compensated employee.

(b)   For each Eligible Employee who is classified as an other employee, a deferral ratio shall be calculated equal to his Before Tax Contributions for the Plan Year preceding the Plan Year of reference (for Plan Years prior to January 1, 1997, the Plan Year of reference) (zero in the case of an Eligible Employee for whom no Before Tax Contributions are being made) divided by his Compensation for such Plan Year. Notwithstanding the foregoing, effective for Plan Years beginning on or after January 1, 2001, for purposes of this Section 3.08(b), the deferral ratio shall be the ratio for the Plan Year of reference.

(c)   For each Eligible Employee, who is classified as a highly compensated employee, a deferred ratio shall be calculated equal to his Before Tax Contributions for the Plan Year of reference (zero in the case of an Eligible Employee for whom no Before Tax Contributions are being made) divided by his compensation for the Plan Year of reference. An actual deferral percentage shall be calculated equal to the average of the deferral ratios for all such Eligible Employees.

- 35 -

3.09    For each Plan Year, the actual deferral percentage of the
        Eligible Employees who are classified as highly
        compensated employees (determined under Section 3.08(c),
        which considers contributions and Compensation for the
        Plan Year of reference) shall not exceed the greater of
        (A) or (B) below (and any necessary adjustments shall be
        made as set forth in Section 3.10):

    (A)    The actual deferral percentage for the prior Plan
           Year (for Plan Years prior to January 1, 1997, the
           Plan Year of reference) of the Eligible Employees
           who are classified as other employees (determined
           under Section 3.08(b)), multiplied by 1.25, or

    (B)    The lesser of:

        ( i)    the actual deferral percentage for the prior
                Plan Year (for Plan Years prior to January 1,
                1997, the Plan Year of reference) of the
                Eligible Employees who are classified as
                other employees (determined under Section
                3.08(b)), multiplied by 2, or

        (ii)    the actual deferral percentage for the prior
                Plan Year (for Plan Years prior to January 1,
                1997, the Plan Year of reference) of the
                Eligible Employees who are classified as
                other employees (determined under Section
                3.08(b)), plus 2%.

GR 001696

- 36 -

Notwithstanding the foregoing, effective for Plan Years
beginning on or after January 1, 2001, for purposes of this
Section 3.09, the actual deferral percentage for Eligible
Employees who are classified as other employees shall be the
actual deferral percentage for the Plan Year of reference.

3.10    In the event that the actual deferral percentage of the
        Eligible Employees who are classified as highly
        compensated employees for the Plan Year exceeds the
        maximum percentage permitted under Section 3.09 (less such
        additional percentage as may be determined by the
        Administrative Committee) based on estimated or exact
        calculations, a leveling method shall be applied under
        which the requested or actual Before Tax Contribution for
        the Plan Year of the Eligible Employee(s) who are
        classified as highly compensated employees and who are
        deferring the greatest dollar amount as Before Tax
        Contributions for the Plan Year shall be reduced, in
        total, by the amount of the Excess Before Tax
        Contributions.  For purposes of this Section 3.10, "Excess
        Before Tax Contributions" shall mean, with respect to any
        Plan Year, the excess of (a) the aggregate amount of
        Before Tax Contributions actually taken into account in
        computing the actual deferral percentage of highly
        compensated employees for such Plan Year, over (b) the
        maximum amount of such contributions permitted by the
        actual deferral percentage test of Section 3.09
        (determined by hypothetically reducing Before Tax
        Contributions made on behalf of highly compensated
        employees in order of their actual deferral percentages,
        beginning with the highest of such percentages, and

GR 001697

- 37 -

continuing this process until the actual deferral
percentage test is satisfied).  For purposes of reducing
the Before Tax Contributions of any highly compensated
employee, the amount of Excess Before Tax Contributions
will be allocated first to the Before Tax Contributions of
the highly compensated employee with the highest actual
dollar amount of Before Tax Contributions, to equal the
dollar amount of the Before Tax Contributions of the
highly compensated employee with the next highest dollar
amount; however, a lesser reduction will be applied if
such lesser reduction results in an allocation of the
total Excess Before Tax Contributions.  This process will
continue in descending order until all the Excess Before
Tax Contributions have been allocated.

3.11    Any amount by which a Participant's requested or actual
Before Tax Contribution is reduced for a Plan Year shall
be treated in the manner set forth below as elected by
such Participant.  A Participant may elect to receive such
amount in cash as part of his current Compensation or may
elect to have such amount considered as an After Tax
Contribution as determined under Section 3.03 of the Plan.
In the event that a Participant elects to receive the
amount by which his Before Tax Contributions are required
to be reduced in cash, such amount shall not be
contributed to the Plan, or if contributed, shall be
refunded with any earnings allocable thereto as an Excess
Contribution (and any Company contribution associated with
such refunded Excess Contribution, including any earnings
allocable thereto, shall be forfeited).  Before Tax
Contributions which are to be refunded or considered as an

GR 001698

- 38 -

After Tax Contribution under this Section 3.11 shall be so
refunded or considered in accordance with section
401(k)(8) of the Code and Treasury Regulations promulgated
thereunder no later than the end of the Plan Year after
the Plan Year in which such amount was contributed to the
Plan (and if possible, no later than March 15 of the Plan
Year after the Plan Year in which such amount was
contributed).  Before Tax Contributions which are
considered as an After Tax Contribution under this Section
3.11 will continue to be regarded as Before Tax
Contributions for purposes of Section 9 of the Plan
regarding withdrawals.

Amounts refunded as Excess Contributions and Company
contributions forfeited pursuant to this Section 3.11
shall be adjusted for income or loss.  The income or loss
allocable to an Excess Contribution is equal to the sum of
the following:  (i) the income or loss allocable to the
Participant's Before Tax Contributions for the Plan Year
multiplied by a fraction, the numerator of which is such
Participant's Excess Contribution for the year, and the
denominator is equal to the sum of the Participant's
account balance attributable to Before Tax Contributions
as of the beginning of the Plan Year, plus the
Participant's Before Tax Contributions for the Plan Year,
and (ii) 10% of the amount determined under (i) above
multiplied by the number of whole calendar months between
the end of the Plan Year and the date of the distribution,
counting the month of distribution if distribution occurs
after the 15th of such month.  The income or loss
allocable to forfeited Company contributions shall be

- 39 -

determined in a similar manner, substituting the term
"Company contributions" wherever "Before Tax
Contributions" appears.

3.12    No contributions may be made by a Participant who

(1)    is not receiving Compensation,

(2)    is no longer an Eligible Employee, or

(3)    is an Inactive Participant.

3.13  A Participant or Inactive Participant (and, effective
July 19, 1993, an Employee who would be an Eligible Employee
except that he has not yet completed the eligibility
requirements of Section 2.01) may at any time file with the
Administrative Committee a request to permit him to make a
Rollover Contribution (as defined below).

The Administrative Committee shall have the sole discretion
(which shall be exercised in a non-discriminatory manner) as
to whether to permit such a Rollover Contribution, and may,
as a condition of its approval, require the Participant or
Inactive Participant or other individual to furnish such
evidence as the Administrative Committee deems appropriate
that the amount to be paid qualifies as a Rollover
Contribution under the law.  A Rollover Contribution means a
contribution to the Plan of an amount constituting a
"rollover amount" or "rollover contribution" under sections
402(a)(5), 408(d)(3), or 403(a)(4) of the Code.
Notwithstanding the foregoing, a Participant may not include
in a Rollover Contribution any "qualified voluntary employee
contribution" as defined in section 219(e)(2) of the Code as

GR 001700

- 40 -

in effect on December 31, 1986.  Effective January 1, 2002,
subject to sections 401(a)(31) and 402 of the Code, a
Rollover Contribution shall include (A) a direct rollover
from (1) a qualified plan described in section 401(a) or
403(a) of the Code, including after-tax contributions; (2)
an annuity contract described in section 403(b) of the Code,
excluding after-tax contributions; (3) an eligible plan
under section 457(b) of the Code which is maintained by a
state, political subdivision of a state, or any agency or
instrumentality of a state or political subdivision of a
state; (B) a Rollover Contribution (other than a direct
rollover) shall include a Participant contribution of an
eligible rollover distribution from (1) a qualified plan
described in section 401(a) or 403(a) of the Code; (2) an
annuity contract described in section 403(b) of the Code;
(3) an eligible plan under section 457(b) of the Code which
is maintained by a state, political subdivision of a state,
or any agency or instrumentality of a state or political
subdivision of a state; and (C) the Plan shall accept a
participant rollover contribution from an individual
retirement account described in section 408(a) or 408(b) of
the Code that is eligible to be rolled over and would
otherwise be includible in gross income.  The Plan shall
separately account for any portion of a Rollover
Contribution consisting of after-tax contributions.

Effective January 1, 2002, subject to the provisions of
section 402(c)(9) of the Code, if a distribution
attributable to an Eligible Employee is paid to the spouse
of such employee after his death, this Section 3.13 shall
apply to such distribution in the same manner as if the