# EXHIBIT C

122006m3.txt

                                                                    1

1           UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
2
                                          Civil Action
3                                         No. 04-11380-WGY
                                              (Consolidated)
4
    * * * * * * * * * * * * * * * *
5                                  *
    KERI EVANS, et al.,             *
6                                   *
            Plaintiffs,             *
7                                   *
    v.                              *
8                                   *
    JOHN F. AKERS, et al.,          *
9                                   *
            Defendants.             *
10  _____ *
                                    *   MOTION HEARING
11  LAWRENCE W. BUNCH, et al.,      *
                                    *
12          Plaintiffs,             *
                                    *
13  v.                              *
                                    *
14  W.R. GRACE & CO., et al.,       *
                                    *
15          Defendants.             *
                                    *
16  * * * * * * * * * * * * * * * *

17           BEFORE:  The Honorable William G. Young,
                        District Judge
18

19  APPEARANCES:

20           WAITE, SCHENEIDER, BAYLESS & CHESLEY CO.,
    LPA (By James R. Cummins, Esq., Jane H. Walker,
21  Esq. and Jeffrey C. Block, Esq.), 1513 Fourth &
    Vine Tower, 1 West Fourth Street, Cincinnati, Ohio
22  45202, on behalf of the Bunch Plaintiffs

23
                                    1 Courthouse Way
24                                  Boston, Massachusetts

25                                  December 20, 2006


                                                                    2

1           A P P E A R A N C E S (Cont'd)
2

                            Page 1

```
                          122006m3.txt
3            MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
     POPEO, P.C. (By Matthew C. Hurley, Esq.), One
4    Financial Center, Boston, Massachusetts 02111
                          - and -
5            ARENT FOX PLLC (By Nancy S. Heermans, Esq.
     and Jeffrey H. Ruzal, Esq.), 1050 Connecticut
6    Avenue, N.W., Washington, D.C. 20036, on behalf of
     All Defendants Except State Street Bank & Trust
7    Company and State Street Global Advisors

8            PAUL, HASTINGS, JANOFSKY & WALKER LLP (By
     Thomas A. Rust, Esq.), 875 15th Street, N.W.,
9    Washington, D.C. 20005, on behalf of State Street
     Bank & Trust Company and State Street Global
10   Advisors

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

                                                                3

1            THE CLERK:  Calling Civil Action 04-11380, Evans v.
2    Akers.
3            MS. CUMMINS:  Good afternoon, your Honor.
4            THE COURT:  Good afternoon.  I really think, and of
5    course Ms. Smith called the case right because we
6    consolidated it, we're going to have to go back to calling

122006m3.txt

```
 7    this Bunch v. W.R. Grace Investments, right?  That's the
 8    only case that's alive.
 9              MS. CUMMINS:  Yes, your Honor, and that's the
10    plaintiff that we represent today.
11              THE COURT:  And would you introduce yourselves.
12              MS. CUMMINS:  I would, thank you.
13              James Cummins on behalf of the Bunch plaintiffs.
14    With me is Jane Walker and Jeffrey Block.
15              MS. HEERMANS:  Nancy Heermans on behalf of the
16    Grace defendants, your Honor.  With me is Jeff Ruzal and
17    Matt Hurley.
18              THE COURT:  Thank you.
19              MS. HEERMANS:  Oh, I'm sorry.
20              MR. RUST:  Your Honor, Tom Rust on behalf of State
21    Street.
22              THE COURT:  Fine.  All right.  Well, this is
23    Grace's motion to dismiss and I think I should hear you.
24              MS. HEERMANS:  Thank you, your Honor.  I will try
25    to be brief.
```

                                        4

```
 1              In response to this Court's direct question, the
 2    Bunch plaintiffs twice confirmed that the only claim they
 3    were bringing against State Street was one of self-dealing.
 4    Those representations were consistent with the complaint
 5    that they filed.  Because the Bunch complaint didn't contain
 6    any allegations against the Grace defendants that related in
 7    any way to the self-dealing, we brought a motion to dismiss
 8    the complaint against, against the Grace defendants.  The
 9    Bunch plaintiffs now are proceeding to oppose that motion to
10    dismiss by including allegations against the Grace
```

122006m3.txt

11  defendants that again have no relationship to self-dealing
12  on the part of State Street but instead relate solely to a
13  claim that State Street acted imprudently in selling the
14  Grace stock out of the plan.  But there is no prudence claim
15  in this case.  There's not a prudence claim in the
16  complaint.
17        On March 2nd, your Honor asked point blank the
18  Bunch plaintiffs whether they were claiming that State
19  Street's decision to divest the plan of Grace stock was
20  improper.  They said no.  They have not wavered from that
21  position.  They have not amended their complaint.  But
22  instead they are seemingly attempting to amend their
23  complaint through opposing the Grace defendants' motion to
24  dismiss, which is improper.
25        Obviously, if the only complaint against State

                                    5

1   Street in this case is one for self-dealing, any secondary
2   or subsidiary claims against the Grace defendants have to be
3   related to self-dealing as well.  Why?  Because the whole
4   Bunch complaint deals with the sale of Grace stock from the
5   plan.  Grace defendants didn't sell that stock.  State
6   Street did.  So the only claims they can have against the
7   Grace defendants have to be related to what State Street
8   did.
9         And they have simply not -- there is simply no
10  prudence claim against State Street and, therefore, there is
11  no way that they can go forward against Grace defendants on
12  claims that they somehow participated in, enabled,
13  concealed, anything other than a self-dealing claim.  And as
14  of right now, even given their motion, their opposition to

122006m3.txt

15  the motion to dismiss, there is no, there are no allegations
16  linking the Grace defendants to any claim of self-dealing on
17  behalf of State Street.
18        THE COURT:  Yes, what do you say to that?  I'll
19  hear you.
20        MS. CUMMINS:  Thank you, your Honor.
21        We think the complaint's sufficient even in the
22  context of self-dealing.  Here's what we say in the
23  complaint against Grace.
24        First, that they had in their process of delegating
25  or assigning a responsibility of investment management to

                                                              6

1   State Street, they had a continuing duty to monitor.
2   Second -- and in the context of this self-dealing set of
3   transactions, the complaint specifically says, your Honor,
4   that there weren't just one but there were in fact two
5   transactions.  There was an early transaction that reduced
6   the amount of stock from one level to another.
7         THE COURT:  I'm not -- here's what I don't
8   understand.  I understand, theoretically -- I express no
9   opinion -- a self-dealing claim.  State Street can't in its
10  trustee capacity be selling out and buying for its own
11  account.  I understand that.  We'll sort that all out.
12        Let's say Grace was negligent in its monitoring or
13  Grace knew that State Street was doing that.  Why -- how
14  does that make Grace liable?
15        MS. CUMMINS:  Grace -- I understand the question,
16  your Honor.
17        Grace is a fiduciary but for a number of
18  circumstances in this case.  There is case law that we cited

Page 5

122006m3.txt

19  that says a fiduciary who assigns or delegates to an agent,
20  and particularly an investment manager, has a duty, it
21  maintains the fiduciary duty. And that's precisely what we
22  have alleged in the breaches of the duty to monitor. Once
23  you assign away your, if you're a fiduciary, the law says, I
24  believe, if you're a fiduciary and you assign it away, a
25  certain aspect of your responsibility, you maintain your

                                                              7

1   responsibility to the beneficiaries to the plan participants
2   to make certain to monitor the person that you appointed to
3   do a certain task. And if in fact self-dealing is the sin
4   of State Street, then we allege that monitoring State Street
5   by Grace in its process of delegation is in fact a component
6   of the harm that was caused, that is, selling --
7           THE COURT: What standard do you think they --
8   you're not alleging they're co-conspirators with State
9   Street.
10          MS. CUMMINS: We are saying that they have
11  responsibility as co-fiduciaries, and we've alleged that in
12  the paragraphs, in the teens, your Honor, 12 through 15 that
13  basically say, that basically say that Grace participated
14  with State Street in the concealing and --
15          THE COURT: And the test, as I understand it, then,
16  is that their conduct fell below the standard required of a
17  reasonable -- you haven't said anything about prudence. I
18  thought that was the prudence claim here. Unless you're
19  saying in fact they're co-conspirators.
20          MS. CUMMINS: Well, we, in fact, say, your Honor,
21  that in the process -- it's co-fiduciary liability, that is,
22  liability of a fiduciary to be responsible if it conceals

122006m3.txt

```
23        the acts of somebody it's appointed. And we have alleged
24        very specifically that they did two things, that is, Grace
25        did two things that are in violation of its fiduciary duty
```

                                                                        8

```
 1        to the participants under ERISA. Number one, it said to the
 2        plan participants you may not speak -- this is after the
 3        sale was almost announced, within about three or four weeks
 4        one way or the other -- you may not speak plan participants
 5        to State Street under any circumstances, no communications.
 6        And this is, we allege in the complaint, at the time during
 7        which State Street was considering whether or not to dispose
 8        of the security.
 9                  And the second thing that we allege Grace did as
10        part of its responsibility and thereby co-fiduciary
11        liability is that it said to the plan participants,
12        basically we allege a cover-up, it's an imprudent investment
13        and that's why it was sold.
14                  Now, we've alleged, your Honor, that in fact there
15        is grave doubts and information that was available to State
16        Street that in fact indicates that the value of the shares
17        was far greater.
18                  THE COURT: No, no, I understand your allegations.
19                  MS. CUMMINS: Okay.
20                  THE COURT: Let me go back now to Grace.
21                  It is a motion to dismiss after all. Why, why
22        isn't this complaint an adequate vehicle at least to get
23        beyond a motion to dismiss?
24                  MS. HEERMANS: Well, your Honor, because from the
25        Grace defendants' standpoint, the Grace defendants have a
```

122006m3.txt
9

1   right to know what allegations exist against them.
2           THE COURT:  Well, now you've just heard, he's
3   articulated it.  I understand that.
4           MS. HEERMANS:  Well, he has articulated it, but in
5   articulating it he is trying to amend the complaint and
6   renege on his representations to this Court --
7           THE COURT:  All right.
8           MS. HEERMANS:  -- that, that the only claim against
9   self -- against State Street is self-dealing, and so by
10  definition, since, since the claim against Grace is
11  subsidiary to that it has to relate to the self-dealing.
12          THE COURT:  Okay, I follow that.  And then, then
13  isn't this course the most prudent course.  They've made
14  whatever statements they've made.  They may be judicial
15  admissions.  We'll see.  They may come back to haunt them at
16  trial.  That's why we have a court reporter.
17          But amendments are freely to be allowed.  Why don't
18  I give them 30 days to spiff up this complaint and he can
19  put in the complaint, assuming he can do it consistent with
20  Rule 11, what he's just told me.
21          MS. HEERMANS:  Your Honor, that's a very
22  interesting idea.  As, as you know, we exchanged a lot of
23  documents with the Bunch plaintiffs having to do with the
24  relationship between the Grace defendants and State Street.
25  And if this Court is not able to dismiss the Grace

10

1   defendants out of this case, then we would ask that in fact
2   Bunch be required to amend the complaint and be specific as
3   to what the allegations are and what relationship Grace has

Page 8

122006m3.txt

4  to what they're complaining about that State Street does and
5  signs it under Rule 11.
6        THE COURT:  It is so ordered.  Thirty days to amend
7  the complaint.  Thank you.
8        MS. CUMMINS:  Thank you, your Honor.
9        THE COURT:  And should the complaint be amended
10 within those 30 days, motion's denied; otherwise, it's
11 allowed.  As to the Grace defendants.
12        All right.  Thank you.
13        (Whereupon the matter concluded.)
14
15
16
17
18
19
20
21
22
23
24
25

                                                          11

1            C E R T I F I C A T E
2
3
4        I, Donald E. Womack, Official Court Reporter for
5   the United States District Court for the District of
6   Massachusetts, do hereby certify that the foregoing pages
7   are a true and accurate transcription of my shorthand notes

Page 9

```
                           122006m3.txt
 8    taken in the aforementioned matter to the best of my skill
 9    and ability.
10
11
12
13
14                        _____
                                DONALD E. WOMACK
15                            Official Court Reporter
                                 P.O. Box 51062
16                       Boston, Massachusetts 02205-1062
                               womack@megatran.com
17
18
19
20
21
22
23
24
25
```