**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, *et al.*<br><br>                   Plaintiff,<br><br>v.<br><br>JOHN F. AKERS, *et al.*<br><br>                   Defendants.<br>_____<br><br>LAWRENCE W. BUNCH, *et al.*<br><br>                   Plaintiffs,<br><br>v.<br><br>W.R. GRACE & CO., *et al.*<br><br>                   Defendants. | Consolidated as:<br>Case No. 04-11380-WGY |

**DEFENDANT STATE STREET BANK AND TRUST COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT**

Pursuant to Federal Rule of Evidence 201, State Street Bank and Trust Company ("State Street") respectfully requests that this Court take judicial notice of (1) the Financial Supplement to the W. R. Grace & Co. ("Grace") Annual Report on Form 10-K for the Year Ended December 31, 2003 filed on March 5, 2004 ("March 2004 10-K") attached as Exhibit 1 hereto, and (2) the fact that the New York Stock Exchange ("NYSE") is an efficient market. Both the March 2004 10-K and the fact that the NYSE is an efficient market are cited in the Memorandum in Support of State Street's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (the "Memorandum"). Rule 201 authorizes a court to take judicial notice of a fact "not subject to

reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Both the March 2004 10-K, and the fact that the NYSE is an efficient market qualify for such treatment.

### I.     The Court Should Take Judicial Notice of the March 2004 10-K.

The Memorandum cites to the March 2004 10-K to counter the plaintiffs' mis-citation to that document by (1) noting that the reserves being set aside by the Grace for asbestos liability claims were *estimates* of *future liability,* including for many cases that had not yet been filed or adjudicated, and (2) including the entirely critical *caveat* in the filing that, that while Grace had set its asbestos liability reserve for 2003 at $973.2 million, "due to the [Grace Bankruptcy] Filing and the uncertainties of asbestos-related litigation, actual amounts *could differ materially* from the recorded liability." *See* March 2004 10-K at F-17, attached as Exhibit 1 (emphasis added).

Public disclosure documents filed with the SEC, such as the March 2004 10-K, are routinely subject to judicial notice. *See e.g., In re Lernout & Hauspie Secs. Litig. v. Lernout*, 286 B.R. 33, 37 (Bankr. D. Mass. 2002) ("This Court may take judicial notice of this SEC filing pursuant to Fed. R. Evid. 201, which defendants had the opportunity to address."); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (holding that "a court may also take judicial notice of documents in the public record, including documents filed with the Securities and Exchange Commission ("SEC"), and may consider such documents in determining a motion to dismiss."); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002) (finding no error in district court taking judicial notice of "(1) documents relied upon in the Complaint (thirty-two

documents, comprising Company SEC filings and press releases); (2) documents filed with the SEC, but not relied upon in the Complaint (seven documents); and (3) stock price data compiled by the Dow Jones news service (two exhibits, including a printout of the historical prices of NovaCare stock and a corresponding graph)."). Accordingly, the Court should take judicial notice of the March 2004 10-K.

## II. The Court Should Take Judicial Notice That the NYSE Is an Efficient Market.

The Memorandum cites to the fact that the NYSE is an efficient market, meaning, in this context, that the market price for a security on the NYSE instaneously and accurately reflects all information known to the public. The purpose of this citation is to show the fallacy of plaintiffs' assertion that State Street should have known the value of Grace stock was poised to rise based on the same information known to the broader public. A court may properly take judicial notice of the fact that a stock exchange is an efficient market. *See e.g. Berti v. VideoLan Techs.*, Case No. 97-296, 1998 U.S. Dist. LEXIS 18066, at *7-8 n. 4 (W.D. Ky. June 10, 1998) ("The Court takes judicial notice of the fact that the NASDAQ is an efficient stock market, permitting the assumption that all public information is reflected in the price of stocks traded on that exchange.").

Indeed, it is well established that stock exchanges such as the NYSE are efficient markets. *See e.g. Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 368 (D.Del.1990) ("[A] well-developed and impersonal market, such as the New York or Pacific stock exchanges, will instantaneously incorporate all publicly available information about a given security into the market price of that security.") *See also, In re Accredo Health, Inc. Securities Litigation*, Case

No. 03-2216 DP, 2006 WL 1716910, *8 (W.D.Tenn. Apr. 19, 2006) ("Moreover, based on this court's research, the overwhelming case authority holds that securities listed on the NASDAQ trade in an efficient market."); *In re Tricord Sys. Sec. Litig.*, Case No. 94-746, 1996 U.S. Dist. LEXIS 20943, at *22 (D. Minn. April 5, 1996) ("Here, Tricord stock was traded on the NASDAQ exchange – a nationwide, developed, and open market, from which 'efficiency' can easily be inferred.").

    For the foregoing reasons, State Street respectfully requests that the Court take judicial notice of the March 2004 10-K, attached hereto as Exhibit 1, and of the fact that the NYSE is an efficient market.

Dated:  February 2, 2007                Respectfully submitted,


                                        STATE STREET BANK AND TRUST COMPANY

                                        By its counsel,


                                        _/s/_ Sean T. Carnathan_____
                                        Sean T. Carnathan (BBO #636889)
                                        (scarnathan@ocmlaw.net)
                                        O'CONNOR, CARNATHAN, AND MACK LLC
                                        8 New England Executive Park, Suite 310
                                        Burlington, MA 01803
                                        Telephone: (781) 359-9000
                                        Facsimile: (781) 359-9001

                                        -and-

                                        Scott M. Flicker
                                        (scottflicker@paulhastings.com)
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        875 15th Street, NW
                                        Washington, DC 20005
                                        Telephone: (202) 551-1700
                                        Facsimile: (202) 551-1705

## CERTIFICATE OF SERVICE

    I here certify that this Motion and the documents filed in support of it through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 24, 2006.

| | |
|---|---|
| \_\_February 2, 2006_____ | \_\_/s/ Sean T. Carnathan_____ |
| Date | Sean T. Carnathan |