IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>JOHN F. AKERS, et al. )<br> )<br> Defendants. )<br> ) | |
| LAWRENCE W. BUNCH, et al. )<br> )<br> )<br> Plaintiffs, )<br> )<br>v. )<br> )<br>W. R. GRACE & CO., et al. )<br> )<br> Defendants. )<br> ) | Consolidated<br>Case No. 04-11380-WGY |

**RESPONSE OF BUNCH PLAINTIFFS TO MOTION OF THE STATE STREET DEFENDANTS THAT THE COURT TAKE JUDICIAL NOTICE IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT**

## INTRODUCTION AND BACKGROUND

Plaintiffs' First Amended Complaint is predicated on Defendants' unlawful liquidation of Plaintiffs' holdings of Grace common stock. Plaintiffs allege that the State Street Defendants, with the assistance, knowledge and cooperation of the Grace Defendants, emptied the Grace Stock Plan of its Participants' investment in Grace common stock and at the same time engaged in self-dealing when it bought Grace common stock.

For several reasons, Plaintiffs oppose State Streets' request that the Court take judicial notice of the efficiency of the New York Stock Exchange. The first reason is that Defendants' request for judicial notice relates to a motion to dismiss based on Plaintiffs' First Amended Complaint. Similar to State Street's response to Plaintiffs' original complaint, State Street is seeking to convert a purported Motion to Dismiss into a premature Motion for Summary Judgment.

The Second reason that the Court should decline State Street's invitation to take judicial notice of the efficiency of the New York Stock Exchange is that the issue requires a factual inquiry into the specifics of how Grace common stock traded. Whether the New York Stock Exchange **generally** is efficient is irrelevant when the trading of a specific stock is at issue. Here, the question is whether Grace common stock met the necessary requirements under current case law for market efficiency. This question necessarily is fact specific, and the State Street Defendants have failed to provide any evidence that Grace common stock, during the relevant period, meets the requirements for trading efficiency. On the other hand, Plaintiffs are producing the Declaration of Frank C. Torchio.[1] In his Declaration, Mr. Torchio provides specific reasons why it is too early, based on the state of the record, to find, let alone take judicial notice, that Grace common stock itself was traded efficiently.

---

[1] Mr. Torchio's Declaration is attached as Exhibit "A"

2

# ARGUMENT

## I. ISSUES OF FACT SHOULD PRECLUDE THE COURT FROM TAKING JUDICIAL NOTICE THAT GRACE TRADED IN AN EFFICIENT MARKET

### A. Whether a particular stock is traded in an efficient market is a question of fact and not susceptible to a finding of judicial notice

The law is established that market efficiency involves questions of fact.[2] This Court, in fact, recently held that a stock that was traded on major exchanges was not traded in an efficient market. In *In re Polymedica Corporation Securities Litigation*,[3] plaintiffs in a securities class action asked the court to find that shares of Polymedica traded in an efficient market. During the relevant period, Polymedica traded on the American Stock Exchange and the NASDAQ. Despite being traded in established and respected exchanges, this Court found through a factually developed record that the market for Polymedica was inefficient.[4]

### B. At this stage of the litigation questions exist that preclude the Court from finding that Grace common stock traded in an efficient market

In response to State Street's motion requesting judicial notice of the efficiency of the New York Stock Exchange, Plaintiffs engaged the services of Frank C. Torchio. Plaintiffs instructed Mr. Torchio to evaluate whether Grace common shares traded in an efficient market based on the *Cammer* factors. As a result of his review, Mr. Torchio has determined that Grace common stock failed to satisfy at least two *Cammer* factors: the lack analysts who followed the stock and the fact that Grace during the relevant period and W.R. Grace was not eligible to file a Form S-3.[5]

---

[2] *See, In re Laser Arms Corp. Secs. Litig.*, 794 F.Supp. 475, 490 (S.D.N.Y.1989); *Simpson v. Specialty Retail Concepts*, 823 F.Supp. 353, 355 (M.D.N.C.1993)

[3] 453 F.Supp.2d 260 (D.Mass. Sept. 28, 2006)

[4] 453 F. Supp.2d at 278. *See In re: Initial Public Offering Litigation*, 471 F.3d 24, Fed. Sec. L. Rep. P 94,137 (2nd. Cir. 2006) (Second Circuit finding that efficient market did not exist)

[5] Mr. Torchio could not apply the test for market makera/arbitrageurs because Grace traded on the New York Stock Exchange ("NYCE") and market makers are relevant only for NASDAQ traded stocks. Declaration of Frank C. Torchio attached as Exhibit "A"

Mr. Torchio's findings demonstrate that the Court should refuse to hold, at this time, that Grace traded in an efficient market. Based on the record, this Court should defer ruling on the issue, if it becomes relevant, until all of the parties have had the opportunity to investigate whether Grace traded in an efficient market.

## CONCLUSION

For the reasons contained in this Memorandum, the Court should deny the Motions to Dismiss filed by the Grace Defendants and the State Street Defendants.

Respectfully submitted,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

*/s/ Jeffrey C. Block*
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com

**WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.**

*/s/ Jane H. Walker*
James R. Cummins
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail jcummins@wsbclaw.com
E-mail: janehwalker@wsbclaw.com

*Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, Both Individually and Behalf of All Others Similarly Situated*

Dated: February 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS,        )<br>                   )<br>    Plaintiff,   )<br>                   )<br> v.                )<br>                   )<br> JOHN F. AKERS, et al.  )<br>                   )<br>    Defendants.  )<br>_____) | |
| LAWRENCE W. BUNCH, et al.  )<br>                   )<br>    Plaintiffs,  )<br>                   )<br> v.                )<br>                   )<br> W. R. GRACE & CO., et al.  )<br>                   )<br>    Defendants.  )<br>_____) | Consolidated<br>Case No. 04-11380-WGY |

### CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I filed Bunch Plaintiffs' Response to the State Street' Defendants Request for Judicial Notice in Support of its Rule 12(b)(6) Motion to Dismiss the Amended Complaint through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on February 16, 2007.

/s/ Jane H. Walker
Jane H. Walker

5