# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
)
KERI EVANS,                                    )
                                               )
              Plaintiff,                       )
v.                                             )
JOHN F. AKERS, et al.                          )
                                               )
              Defendants.                      )
_____)


_____
)    Consolidated
LAWRENCE W. BUNCH, et al.                      )    Case No. 04-11380-WAY
                                               )
              Plaintiffs,                      )
v.                                             )
W. R. GRACE & CO., et al.                      )
                                               )
              Defendants.                      )
_____)


## DECLARATION OF FRANK C. TORCHIO IN SUPPORT
## OF PLAINTIFF BUNCH'S MEMORANDUM IN OPPOSITION
## TO STATE STREET BANK AND TRUST COMPANY'S
## MOTION TO DISMISS PLAINTIFFS' AMENDED
## CONSOLIDATED COMPLAINT

# I. INTRODUCTION

I, Frank C. Torchio, declare as follows:

1.      I have been retained by Waite, Schneider, Bayless & Chesley Co., L.P.A.,

Lead Counsel, on behalf of Plaintiffs in this litigation to respond to an assertion made by

State Street Bank and Trust Company ("Defendant" or "State Street") that the market for

W.R. Grace & Co.  ("Grace" or the "Company") common stock is efficient, which is

stated in State Street Bank and Trust Company's Motion to Dismiss Plaintiffs'

Consolidated Complaint (the "Motion") and Defendant State Street Bank and Trust

Company's Request for Judicial Notice in Support of Its Rule 12(b)(6) Motion to Dismiss

the Amended Complaint (the "Judicial Notice").

2.      The basis for Defendant's argument that the market for Grace was

efficient is that Grace traded on the New York Stock Exchange ("NYSE"), which is

generally regarded as an efficient market.

3.      In my opinion, a determination of market efficiency is fact-specific

inquiry and should not presumed.  There are a number of instances in which Federal

courts have found that specific stocks that trade on Nasdaq and NYSE to fail the criteria

for market efficiency.  While I have not conducted an analysis of market efficiency for

Grace, I note that there was no coverage by securities analysts, and because Grace was in

bankruptcy, it may not have been able to file a form S-3.  Sufficient analyst coverage and

the ability to file a S-3 are among the indicia that have been used to assess market

efficiency.  Consequently, there is sufficient reason to conduct such a market efficiency

inquiry for Grace because causal observation indicates that it lacks two characteristics

that have been used as indicia of an efficient market: analyst coverage and ability to file a S-3. Therefore, a through analysis of market efficiency is necessary to conclude that Grace stock was informationally efficient.

4.      In addition, there is evidence that State Street possessed arguably material information that was not publicly available to the market. Duff & Phelps, LLC ("D&P") performed several analyses for State Street Global Advisors ("SSGA") from December 2003 to January 2004 that I have reviewed. This analysis includes a valuation of Grace's operations as well as an assessment of the probability that a global legislative solution will be agreed upon by all parties and a probability of a favorable outcome for Grace in the ZAI science trial. These three factors were extremely important for investor valuation of Grace.

5.      Because there were no longer any securities analysts covering Grace in this time period, the information contained in the D&P analysis could well have had a positive influence on the stock price if it was disseminated to the market. Put another way, because the market did not have access to the D&P analysis, the market price may have been undervalued relative to the value that reflects the information in the D&P analysis. Therefore, there is evidence that the market price at the time State Street sold the Plan's shares did not reflect the complete mix of information about Grace known to State Street.

## II. QUALIFICATIONS AND COMPENSATION

6.      I am the President of Forensic Economics, Inc., located in Rochester, New York.  I founded Forensic Economics, Inc. (formerly Dorkey & Associates) in 1989.  I have consulted on issues pertaining to financial valuations, regulatory economics, transfer pricing, financial-economic analysis, and analysis of the response of stock prices to public information in securities fraud lawsuits, including damages for securities class actions,  for over sixteen years.  Forensic Economics, Inc. has been retained by both plaintiffs and defendants in such securities cases.

7.      I have testified on damages in several securities fraud lawsuits including Cendant, FirstWorld Communications, and Bristol-Myers Squibb.  I co-authored an article about the trading models used for estimating damages in securities lawsuits published in Duke University School of Law's *Law and Contemporary Problems* (Vol. 64, Spring-Summer 2001).

8.      I hold an MBA in Finance and Economics (1982) from the University of Rochester's William E. Simon Graduate School of Business Administration.  I was the 1991 Rosenthal Fellow at the University of Rochester for innovative developments in applying financial-economic theory.  I have served on the adjunct faculties at the William E. Simon Graduate School of Business Administration at the University of Rochester (1997 to 1999) and at the Graduate School of Business at Rochester Institute of Technology (1994 to 1996).   I have passed the Level III examination of the chartered financial analyst (CFA®) program of the Association for Investment Management and

Research and I have been awarded the CFA® charter.  My resume is attached as Exhibit A.

9.      My compensation in this matter is based on the number of hours worked, as well as reimbursement for out-of-pocket expenses.  My hourly rate is $350.  For litigation support, I used employees of Forensic Economics, Inc. who worked under my supervision and direction for their work in this assignment.  Forensic Economics, Inc.'s hourly rates for these other employees range from $125 to $230.

## III.  MATERIALS REVIEWED

10.      In the course of my assignment for this Declaration, I reviewed certain case documents.  I have attempted to cite in the text of this Declaration specific documents and information on which I have relied in reaching my opinions.  A complete list of materials reviewed is included in Exhibit B.

## V. BACKGROUND

11.      During the Relevant Period,[1] Grace, through its subsidiaries, is one of the world's leading specialty chemicals and materials companies.  Grace's is a global specialty chemicals businesses.

12.      According to Graces SEC filing, Grace and 61 of its U.S. subsidiaries and affiliates filed Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware on April 2, 2001.  Grace's foreign subsidiaries and certain of its U.S.

---

[1] The proposed Class Period is December 15, 2003 through April 30, 2004. Source: First Amended Class Action Complaint And Jury Demand, dated January 16, 2007.

subsidiaries were not included in the filing.  During the Relevant Period, Grace was operating its businesses as debtor-in-possession under Bankruptcy Court protection from creditors and claimants, and using the Chapter 11 protections to develop and implement a plan for resolving the asbestos-related claims against the Company.[2]

13.     Throughout the Relevant Period, Grace had common stock publicly traded on the New York Stock Exchange under the ticker GRA.[3,4] There were no stock splits or dividends announced during the Relevant Period.[5]

14.     On December 8, 2003 the Company announced that it had retained State Street as the investment manager for the Grace Stock Fund within the Plan, effective December 15, 2003.  According to the Complaint, between December 2003 and April 2004, State Street sold all Grace shares held by the Plan.[6]

15.     The Complaint alleges that "...the approximate 3,500 present and former employees of W. R. Grace & Co.," who owned shares in the Grace Employees Savings and Investment Plan (the "Plan") were wrongfully denied the ability to retain their Grace shares, and the decision to sell 100% of the Grace shares cost Grace workers almost $50 million in retirement savings.[7]

---

[2] Ibid.

[3] Source: Bloomberg, and W R Grace Form 10-K for the period ending December 31, 2003, filed with the SEC March 5, 2004.

[4] At the close of business on December 12, 2003, before the start of the Relevant Period, there were 65,558,510 shares outstanding of common stock as of October 31, 2003.  Source: Form 10-Q for the period ending September 30, 2003.

[5] Source: Bloomberg.

[6] Complaint at p. 13-14 .

[7] Complaint at p. 2.

## VI.  OPINIONS

### Efficient Market Determination is a Fact-Specific Inquiry

16.     The literature on the Efficient Market Hypothesis indicates that as new information causes investors to revise their expectations about future cash flows and growth opportunities, the market price of a security responds quickly to reflect this new information.   Generally, the market is considered efficient if it meets the criteria in the definition of "semi-strong efficient market," defined as prices that fully reflect all publicly available information.

17.     Despite the fact that a stock is traded on a well-developed exchange or market, the question of efficiency for a stock is a fact-specific inquiry.   There are court cases that support this conclusion.   "While the location of where a stock trades might be relevant, it is not dispositive of whether the 'current price reflects all available information.'"[8]   Moreover: "It would be illogical to apply a presumption of reliance [based on market efficiency] merely because a security is traded within a certain 'whole market', without considering the trading characteristics of the individual stock itself...some companies listed on national stock exchanges are relatively unknown and trade there only because they met the eligibility requirements."[9]

18.     Indeed, there have been several recent Court opinions that have ruled that the stocks in question were not traded in an efficient market despite the fact that the stock traded on well-establish exchanges or markets.[10]

---

[8] *Cammer v. Bloom*,  711 F. Supp. 1264 (D.N.J. 1989), page 1281.

[9] Ibid.

[10] *In re PolyMedica Corp. Sec. Litig.*, 2006 WL 2776669 (D. Mass. Sept. 28, 2006); *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, Fed. Sec. L. Rep. P

19.     Defendants, however, base their market efficiency argument solely on the fact that Grace traded on the NYSE.  Defendant's assertion of an efficient market for Grace is a logical syllogism that 1) the New York Stock Exchange ("NYSE") is deemed to be efficient, 2) Grace stock traded on the NYSE, 3) therefore, the market for W.R. Grace stock must be efficient.

20.     This syllogism, however, is flawed.  As discussed previously, there are a number of instances in which Federal courts have found  specific stocks that trade on markets (i.e., Nasdaq and NYSE) to fail the criteria for market efficiency.  Therefore, by virtue of even one exception to the syllogism put forth by defendants shows that the Defendants logic is flawed and their conclusion unreliable.

21.     The analysis of market efficiency for a stock, as prescribed in numerous court cases, is a fact-specific inquiry.  The inquiry generally involves assessment of certain indicia of market efficiency, where such indicia is taken from academic sources and from Federal litigation cases.

22.     Therefore, a thorough and comprehensive analysis of the indicia of market efficiency is required before a determination of market efficiency can be made.  Moreover, there is sufficient reason to conduct such an inquiry for Grace stock because causal observation indicates that it lacks two characteristics that have been used as indicia of an efficient market: analyst coverage and ability to file a S-3.

**Non-Public Material Information**

23.     There also is evidence that suggests that State Street possessed arguably material information that was not publicly available to the market.  Duff & Phelps, LLC 94,137  2nd Cir.(N.Y.) Dec 05, 2006.

8

("D&P") performed several analyses for SSGA from December 2003 to January 2004 that I have reviewed. The analyses, particularly the analyses contained in the January 29, 2004 presentation, are quite thorough and comprehensive and, as stated in the document, were to be used by SSGA for considering whether SSGA should continue to hold W.R. Grace common stock. This analysis includes a valuation of Grace's operations as well as an assessment of the probability that a global legislative solution to asbestos bodily injury claims will be agreed upon by all parties and a probability of a favorable outcome for Grace in the ZAI science trial.

24. These three factors would be extremely important for investor valuation of Grace. A favorable outcome of the asbestos liability would allow the company to be valued on its core operations. As indicated in the D&P analysis, Grace did not trade based on the performance of its core operating business, but rather traded more like an option. Thus, information about the assessed probabilities of outcomes could be highly material to the market, particularly if the assessed probabilities differed from the market's consensus.

25. Because there were no longer any securities analysts covering Grace in this time period, the information contained in the D&P analysis could well have had a positive influence on the stock price if it was disseminated to the market.[11] The

_____

[11] The academic evidence indicates that, in general, analysts' opinions can have significant effects on stock prices. This finding has been well-accepted by financial economists for well over a decade. *See*, for evidence of the price impact of analysts' stock recommendations, K. Womack, "Do Brokerage Analysts' Recommendations Have Investment Value?" *Journal of Finance*, 137-167 (March 1996); E. Elton, M. Gruber, and S. Grossman, "Discrete Expectational Data and Portfolio Performance," *Journal of Finance* 41, 699-713 (1986); for the incremental informativeness of earnings forecast and recommendation revisions, J. Francis and L. Soffer, "The Relative Informativeness of Analysts' Stock Recommendations and Earnings Forecast Revisions," *Journal of*

information in the D&P analysis could have changed the total mix of information about Grace. Put another way, because the market did not have access to the D&P analysis, the market price may have been undervalued relative to the value that reflects the information in the D&P analysis. Indeed, that would be the inference if State Street actually increased its holdings of Grace in the time period after the D&P presentation to SSGA, which could be discerned from State Street's trading records.

26.    Therefore, there is evidence that suggests that the market price at the time State Street sold the Plan's shares did not reflect the complete mix of information about Grace known to State Street.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_2/16/07_

**Date**

_Frank C. Torchio_

**Frank C. Torchio**

---

*Accounting Research* 35, 193-211 (1997); S. Markov, "Financial Analyst Stock Recommendations and Earnings Forecast Revisions," working paper, Emory University; for the information content of earnings forecast revisions, P. Brown, G. Foster, and E. Noreen, *Security Analyst Multi-Year Earnings Forecasts and the Capital Market*, (American Accounting Association: Florida, 1985); T. Lys and S. Sohn, "The Association between Revisions of Financial Analysts' Earnings Forecasts and Security-Price Changes," *Journal of Accounting and Economics* 13, 341-363 (1990); for market reaction to target price changes, A. Brav and R. Lehavy, "An Empirical Analysis of Analysts' Target Prices: Short-Term Informativeness and Long-Term Dynamics, *Journal of Finance* 58, 1933-1967 (2003).

Exhibit A

February 2007

**FRANK C. TORCHIO, CFA**
**(formerly known as Frank C. Dorkey)**

| Business Address: | Home Address: |
|---|---|
| Forensic Economics, Inc. | 9 St. Ebba's Drive |
| 95 Allens Creek Road | Penfield, New York 14526 |
| Building 2, Suite 303 | (585) 249-9455 |
| Rochester, New York 14618 | |
| (585) 385-7440 | |
| FAX  (585) 385-7441 | |

**Employment and Education**

8/89-present    **Forensic Economics, Inc.** (incorporated in 1993), Rochester, NY.
President.  Consulting in financial valuations and financial-economic analysis in securities litigation and business disputes.

6/82-8/89    **Rochester Gas and Electric Corporation**, Rochester, NY.

6/88-8/89    Vice President for Utilicom, an RG&E venture subsidiary.

4/87-6/88    Economist - Strategic Planning Department.

6/82-3/87    Financial Analyst - Treasury Department.

9/80-12/81    **M.B.A., Economics and Finance**, William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.

9/78-8/80    **Insurance Services Office**, New York, NY.
Statistician - Commercial Lines.

9/74-5/78    **B.A., Mathematics**, Niagara University, Niagara Falls, NY.

## Publications

"A Comparison of Trading Models Used for Calculating Aggregate Damages in Securities Litigation," with Michael Barclay, *Law and Contemporary Problems: Complex Litigation at the Millennium*, Vol. 64, Nos. 2 & 3, Spring/Summer 2001.

"University of Rochester's Endowment Fund Review," with Gregg A. Jarrell, University of Rochester Simon School Working Paper, 11/93.

"The Longer-Term Relation Between Accounting Performance and Stock Returns," with Gregg A. Jarrell, Working Paper - Bradley Policy Research Center, 8/92.

"Proper Transfer Pricing Aids Success," with Gregg A. Jarrell, *Rochester Business Journal*, 7/30/90.

"Calculating Proper Transfer Prices," with Gregg A. Jarrell, *Public Utilities Fortnightly*, 1/1/91.

## Awards

Awarded the Chartered Financial Analyst (CFA)® designation by the CFA Institute (2002).

The Richard L. Rosenthal Fellowship at the University of Rochester (1991).

William E. Simon Graduate School of Business Administration Alumni Service Award (1992).

## Activities

Chairperson and speaker on Transfer Pricing Economics at the International Institute of Manufacturing.

Former Adjunct Professor of Economics and Finance at Rochester Institute of Technology Graduate School of Business.

Adjunct Professor at the Simon School at the U of R.

Member of the National Association of Forensic Economics.

Volunteer for entertaining at nursing homes and senior citizen communities to raise funds for the American Cancer Society.

**Expert Testimony and Expert Consulting Experience**

Declaration of Frank C. Torchio in <u>Oscar S. Wyatt, et al. vs. El Paso Corporation, et al.</u> in the United States District Court, Southern District of Texas, Houston Division, Civil Action No. H-02-2717 (February 13, 2007).

Affidavit of Frank C. Torchio in <u>Avista Corp. Securities Litigation</u> in the United States District Court for the Eastern District of Washington at Spokane, Case No. CV-02-0328-FVS (December 12, 2006).

Affidavit of Frank C. Torchio in <u>ICG Communications, Inc. Securities Litigation</u> in the United States District Court for the District of Colorado, Civil Action No. 00-CV-1864-REB-BNB (December 8, 2006).

Expert Report of Frank C. Torchio in <u>United States of America vs. Kevin Howard</u> in the United States District Court for the Southern District of Texas, Cr. No. H-03-93-06 (December 4, 2006).

Rebuttal Report of Frank C. Torchio in <u>In re: Quovadx, Inc. Securities  Litigation</u> in the United States District Court for the District of Colorado, Civil Action No. 1:04-cv-01006-RPM (November 6, 2006).

Expert Report of Frank C. Torchio in <u>In re: Quovadx, Inc. Securities Litigation</u> in the United States District Court for the District of Colorado, Civil Action No. 1:04-cv-01006-RPM (October 8, 2006).

Declaration of Frank C. Torchio <u>In re: NPS Pharmaceuticals, Inc. Securities Litigation</u> in the United States District Court District of Utah, Central Division, Master File No. 2:06cv00570 PGC (consolidated with 2:06cv00597 TS, 2:06cv00647 DB, 2:06cv00648 BSJ, & 2:06cv00699 TS) (October 8, 2006).

Deposition in <u>Marion Barner, et al. vs. KPMG Peat Marwick LLP and William Wathen.</u> in the Circuit Court in and for the Thirteenth Judicial District in and for Hillsborough County, Florida, Case No. 98-7697 (Division I) (October 4, 2006).

Declaration of Frank C. Torchio in <u>In re: Freddie Mac F.k.a. Federal Home Loan Mortgage Corporation</u> in the United States District Court for the Southern District of New York, Civil Action , MDL – 1584, Lead Case No. 03-CV-4261 (JES) (October 2, 2006).

Deposition of Frank C. Torchio in <u>In re: Audiovox Corporation Derivatives Litigation</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Cons. C.A. No. 787-N (September 1, 2006).

Deposition in <u>New York State Electric & Gas Corporation v. FirstEnergy Corp.</u> in the United States District Court for the Northern District of New York, Civil Action No. 3:03-CV-0438 (DEP) (August 21, 2006).

Expert Rebuttal Report of Frank C. Torchio in <u>In re: Audiovox Corporation Derivatives Litigation</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Cons. C.A. No. 787-N (August 14, 2006).

Expert Report of Frank C. Torchio in <u>In re: Audiovox Corporation Derivatives Litigation</u> in the Court of Chancery of the State of Delaware in and for New Castle County, Cons. C.A. No. 787-N (July 21, 2006).

Deposition of Frank C. Torchio in <u>In re: Entropin, Inc. Securities Litigation</u> in the United States District Court Central District of California Western Division, No. CV-04-06180 RSWL (Cwx) (June 13, 2006).

Expert Report of Frank C. Torchio in <u>New York State Electric & Gas Corporation v. FirstEnergy Corp.</u> in the United States District Court for the Northern District of New York, Civil Action No.3:03-CV-0438 (DEP) (June 9, 2006).

Affidavit in <u>Bristol-Myers Squibb Securities Litigation</u> in the United States District Court District of New Jersey, Civil Action No. 00-1990 (SRC) (May 2, 2006).

Expert Report of Frank C. Torchio in <u>In re: Entropin, Inc. Securities Litigation</u> in the United States District Court Central District of California Western Division, No. CV-04-06180 RSWL (Cwx) (April 21, 2006).

Declaration of Frank C. Torchio in <u>In re: Entropin, Inc. Securities Litigation</u> in the United States District Court Central District of California Western Division, No. CV-04-06180 RSWL (Cwx) (April 10, 2006).

Declaration of Frank C. Torchio in <u>Richard Schoon and Steel Investment Company v. Troy Corporation</u> in the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 1677-N  (February 28, 2006).

Declaration in <u>In re: Teachers' Retirement System of Louisiana, et al., v. A.C.L.N., Limited, et al.</u> in the United States District Court Southern District of New York,  01-CV-11814 (LAP)  (January 20, 2006).

Expert Report in <u>Stephen M. Berger v. HB Fairview Holdings LLC.</u> in the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 997-N  (January 17, 2006).

Declaration in <u>In re: McKesson HBOC, Inc. Securities Litigation</u> in the United States District Court Northern District of California, San Jose Division, 99-CV-20743 RMW and consolidated cases (January 12, 2006).

Consultant in <u>Valeant Pharmaceuticals International v. Milan Panic and Adam Jerney</u> before the Court of Chancery of the State of Delaware in and for New Castle County, Civil Action No. 19947-NC (2006).

Affidavit in <u>St. Paul Travelers Securities Litigation</u> in the United States District Court of Minnesota, 04-CV-3801-JRT-FLN (December 21, 2005).

Expert Report in <u>The Matter of the Judicial Settlement of the Intermediate Accounting of Proceedings of Glenns Falls National Banks And Trust Company and Samual P. Hoopes as Trustees under the Will of Charlotte P. Hyde, Deceased, Article Ninth Trust (for Louis H. Whitney,</u> and <u>The Matter of the Judicial Settlement of the Intermediate Accounting of Proceedings of  BankNorth, N.A and Byron J. Lapham, Jr., as Co-Trustees under the Trust created by Nell Pruyn Cunningham,</u> in the Surrogate's Court of the State of New York, County of Warren, File Nos. 16,241 and 26,916 (October 12, 2005).

Expert Report in <u>James Bayer, et al. v. The Harris Bank, N.A.</u> in the Circuit Court of the State of Oregon, County of Jackson, Case No. 03-2370-L-7  (September 30, 2005).

Affidavit in <u>Adelphia Communications Corp. Securities Derivatives Litigation</u> in the United States District Court Southern District of New York, 03 MD 1529 (LMM) (September 15, 2005).

Affidavit in <u>Bristol-Myers Squibb Securities Litigation</u> in the United States District Court District of New Jersey, Civil Action No. 00-1990 (SRC) (May 23, 2005).

Trial Testimony in <u>Sleepy's, Inc. v. Leon Orzechowski and Resnick's Mattress Outlet</u>, in the Supreme Court of New York State, County of Nassau, Index No. 03-001575 (May 10-11, 2005).

Affidavit in <u>Bank One Securities Litigation - First Chicago Shareholder Claims</u> in The United States District Court For The Northern District of Illinois Eastern Division, Civil Action No. 00-CV-0767 (May 2, 2005).

Deposition in <u>Sleepy's, Inc. v. Leon Orzechowski and Resnick's Mattress Outlet</u>, in the Supreme Court of New York State, County of Nassau, Index No. 03-001575 (March 23, 2005).

Deposition in <u>The Matter of the Ruth Lilly Charitable Remainder Annuity Trust #1 U/A/ January 18, 2002, National City Bank of Indiana, Trustee</u> and in <u>The Matter of the Ruth Lilly Charitable Remainder Annuity Trust #1 U/A/ January 18, 2002, National City Bank of Indiana, Trustee</u> in the Marion Superior Court Probate Division, Cause No. 49D08 0211 TR002770 (February 11, 2005).

Deposition in <u>Bristol-Myers Squibb Securities Litigation</u> in the United States District Court District of New Jersey, Civil Action No. 00-1990 (SRC) (February 1, 2005).

Consultant in re: <u>7-Eleven, Inc. Shareholder Litigation,</u> Cause No. 05-08944-M; <u>Gillespie v. Suzuki, et al.,</u> Cause No. CC-05-11878-C and <u>Alaska Laborers Employers Retirement Fund v. Seven-Eleven Japan Co., et al.,</u> Cause No. CC-05-12893-D (2005).

Consultant in re: <u>GSC Recovery Inc., v. Donaldson Lufkin & Jenrette Securities Corporation,</u> et al before the Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-3685-00 (2005).

Consultant in <u>Benz Research And Development v. Dennis J. McGillicuddy, et. al.</u> before the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, Case No. 01-CA-3635 Division B (2005).

Consultant in re: <u>iGames Entertainment, Inc., v. Chex Services, Inc., C.A. No. 04-180-KAJ, Equitex, Inc., and Chex Services, Inc., v. iGames Entertainment, Inc., C.A. No. 04-256-KAJ, Chex Services, Inc., d/b/a FASTFUNDS, v. iGames Entertainment, Inc., C.A. No. 04-0885-KAJ,</u> before the United States District Court for the District of Delaware, (2005).

Declaration in support of <u>Motion of Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, and Ohio Bureau of Workers' Compensation v. Federal National Mortgage Association (operating as Fannie Mae), Franklin Raines, J. Timothy Howard and Leanne G. Spencer</u> in The United States District Court For The Southern District of Ohio Eastern Division, Civil Action No. C2-04-1106 (December 10, 2004).

Supplemental Report in <u>Bank One Securities Litigation - First Chicago Shareholder Claims</u> in The United States District Court For The Northern District of Illinois Eastern Division, Civil Action No. 00-CV-0767 (December 3, 2004).

Affidavit of Frank Torchio in <u>Elizabeth Frazer, Werner Uhlmann, Per Hedblom, Luc Verelst, Bernt Hofstad, Neil MacLachlan and Total Investment Services, B.V., against Richard L. Klass, Anne S. Klass and Connecticut Capital Markets, LLC,</u> in The United States District Court, Southern District of New York, Docket No. 03 CIV 6725 (CLB) (September 30, 2004).

Expert Report in <u>Bristol-Myers Squibb Securities Litigation</u> in the United States District Court District of New Jersey, Civil Action No. 00-1990 (SRC) (August 25, 2004).

Expert Report in <u>Bank One Securities Litigation - First Chicago Shareholder Claims</u> in The United States District Court For The Northern District of Illinois Eastern Division, Civil Action No. 00-CV-0767 (June 21, 2004).

Deposition in <u>Anthony V. DeMarco on Behalf of Himself and All Others Similarly Situated, against Lehman Brothers Inc. and Michael E. Stanek</u> in the United States District Court Southern District of New York, Civil Action No. 03 CV 3470 (JSR) (June 4, 2004).

Declaration in <u>Anthony V. DeMarco, on Behalf of Himself and All Others Similarly Situated, against Lehman Brothers Inc. and Michael E. Stanek</u> in the United States District Court Southern District of New York, Civil Action No. 03 CV 3470 (JSR) (May 28, 2004).

Deposition in <u>FirstWorld Communications, Inc. Securities Litigation</u> in the United States District Court For The District of Colorado, Civil Action No. 00-K-1376 (Consolidated with Civil Actions Nos. 00-K-1398, 00-K-1403, 00-K-1432, 00-K-1464, 00-K-1474, 00-K-1601, 00-K-1602, 00-K-1606, 00-K-1661) (May 6-7, 2004).

Expert Report in <u>Anthony V. DeMarco, on Behalf of Himself and All Others Similarly Situated, against Lehman Brothers Inc. and Michael E. Stanek</u> in the United States District Court Southern District of New York, Civil Action No. 03 CV 3470 (JSR) (May 3, 2004).

Expert Report in <u>FirstWorld Communications, Inc. Securities Litigation</u> in the United States District Court For The District of Colorado, Civil Action No. 00-K-1376 (Consolidated with Civil Actions Nos. 00-K-1398, 00-K-1403, 00-K-1432, 00-K-1464, 00-K-1474, 00-K-1601, 00-K-1602, 00-K-1606, 00-K-1661) (April 2, 2004).

Supplemental Declaration in <u>McKesson HBOC, Inc. Securities Litigation</u> in the United States District Court Northern District of California San Jose Division, Master File No. 99-CV-20743 RMW (March 11, 2004).

Declaration in <u>McKesson HBOC, Inc. Securities Litigation</u> in the United States District Court Northern District of California San Jose Division, Master File No. 99-CV-20743 RMW (February 26, 2004).

Trial Testimony in <u>Dumont Trust v. Chase Manhattan Bank</u> State of New York Surrogate's Court Monroe County (January 22, 2004).

Deposition in <u>AMF Bowling Securities Litigation</u> in the United States District Court Southern District of New York, Civil Action No. 99 Civ. 3023 (HB) (January 14, 2004).

Consultant in re: <u>Charles T. Gholl and Michelle L. Gholl v. eMachines, Inc.</u> before the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 19444-NC (2004).

Declaration in <u>DPL, Inc. Securities Litigation</u> in the United States District Court Southern District of Ohio, Western Division (Dayton), Case No. C-3-02-355 (December 18, 2003).

Declaration in <u>Lucent Technologies, Inc. Securities Litigation</u> in the United States District Court For The District Of New Jersey, Case No. 00-CV-621 (JAP)          (November 14, 2003).

Declaration in <u>Cendant Corporation Litigation</u> in the United States District Court For The District Of New Jersey, Master File No. 98-1664 (WHW) (October 15, 2003).

Affidavit in <u>Worldcom, Inc. Securities Litigation</u> in the United States District Court Southern District of New York, Master File No. 02 Civ. 3288 (DLC) (September 25, 2003).

Affidavit in <u>Chalk & Vermillion, LLC and Chalk & Vermillion Fine Arts, Inc., v. Thomas F. McKnight, LLC, as Successor in interest to Thomas F. McKnight, Inc., Thomas F. McKnight, Inc., Thomas McKnight and Renate McKnight</u> in the Supreme Court of the State of New York County of New York, Index No. 01/602909 (September 15, 2003).

Affidavit in <u>Chronimed Inc. Securities Litigation</u> in the United States District Court for the District of Minnesota, Master File No. 00-CV-1092 (DWF/AJB) (August 18, 2003).

Affidavit in <u>Independent Energy Holdings PLC Securities Litigation</u> in the United States District Court Southern District of New York, Master File No. 00 Civ. 6689 (SAS) (August 8, 2003).

Supplemental Declaration in <u>Jason Stanley, et al. v. Safeskin Corporation, et al.</u> in the United States District Court Southern District of California, Lead Case No. 99cv0454-BTM (LSP) (June 2, 2003).

Expert Report in <u>AMF Bowling Securities Litigation</u> in the United States District Court Southern District of New York, Civil Action No. 99 Civ. 3023 (HB) (March 10, 2003).

Declaration in <u>Jason Stanley, et al. v. Safeskin Corporation, et al.</u> in the United States District Court Southern District of California, Lead Case No. 99cv0454-BTM (LSP) (February 28, 2003).

Consultant in re: <u>Cede & Co. v. JRC Acquisition Corp., LLR, Inc. and 800-JR Cigar, Inc.</u> before the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 18648-NC (2003).

Consultant in re: <u>DTM Research, L.L.C. v. AT&T Corporation</u> before the United States District Court for the District of Maryland, Southern Division, Civil Action No. PJM 96-1852 (2003).

Consultant in re: <u>Telecorp PCS, Inc. Shareholders Litigation</u> before the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 19260-NC (2003).

Consultant in re: <u>Michael Comrie, et al. v. Enterasys Networks, Inc., et al.</u> before the Chancery Court of the State of Delaware in and for New Castle County, Civil Action No. 19254 (2003).

Rebuttal Expert Report in <u>Independent Energy Holdings PLC Securities Litigation</u> in the United States District Court Southern District of New York, Master File No. 00 Civ. 6689 (SAS) (December 9, 2002).

Expert Report in <u>Independent Energy Holdings PLC Securities Litigation</u> in the United States District Court Southern District of New York, Master File No. 00 Civ. 6689 (SAS) (October 1, 2002).

Rule 26(e)(1) Expert Report in <u>SmarTalk Securities Litigation</u> in the United States District Court Souther District of California, Lead Case No. 99cv0454-BTM (LSP) (August 30, 2002).

Report in <u>Hamilton Bancorp, Inc. Securities Litigation</u> in the United States District Court Southern District of Florida, Miami Division, Case No. 01-CIV-0156 GOLD/SIMONTON (August 12, 2002).

Report in <u>Sykes Enterprises, Inc. Securities Litigation</u> in the United States District Court, Middle District of Florida, Tampa Division, Case No.:8:00-CV212-T-26F (July 31, 2002).

Affidavit in <u>Conseco Inc. Securities Litigation</u> in the United States District Court, Southern District of Indiana, Indianapolis Division, IP00-0585-C Y/S  (July 16, 2002).

Declaration in <u>Bristol-Myers Squibb Company Securities Litigation</u> in the United States District Court, Southern District of New York (July 2, 2002).

Deposition in <u>Jason Stanley, et al. v. Safeskin Corporation, et al.</u> in the United States District Court Southern District of California, Lead Case No. 99cv0454-BTM (LSP) (June 25, 2002).

Supplemental Expert Report in <u>SmarTalk Securities Litigation</u> in the United States District Court Southern District of Ohio Eastern Division, Master File No. C2: 98-948 also in the Superior Court of the State of California County of Los Angeles, Case No. BC194788 (June 15, 2002).

Supplemental Report in <u>Jason Stanley, et al. v. Safeskin Corporation, et al.</u> in the United States District Court Southern District of California, Lead Case No. 99cv0454-BTM (LSP) (June 5, 2002).

Report in <u>Jason Stanley, et al. v. Safeskin Corporation, et al.</u> in the United States District Court Southern District of California, Lead Case No. 99cv0454-BTM (LSP) (May 14, 2002).

Affidavit in <u>Emil Rossdeutscher and Dennis Kelly v. Viacom, Inc.</u> in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. 98C-03-091 (JEB) (April 23, 2002).

Arbitration in <u>Philip Michael Thomas et al. v. New Lauderdale, LLC et al</u> in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (February 26, 2002).

Declaration in <u>Assisted Living Concepts, Inc. Securities Litigation</u> (February 14, 2002).

Report in <u>SmarTalk Securities Litigation</u> in the United States District Court Southern District of Ohio Eastern Division, Master File No. C2: 98-948 also in the Superior Court of the State of California County of Los Angeles, Case No. BC194788 (February 13, 2002).

Declaration in <u>Janet Kay Adam, et al. v. Critical Path, Inc., et al.</u> in the United States District Court Northern District of California, Case No. C-01-3756-WHA (January 30, 2002).

Consultant in re: <u>The Matter of the Arbitration of Dartnell Enterprises, Inc. and Compaq Computer Corp.</u> before the CPR Institute for Dispute Resolution (2002).

Consultant in re: <u>United States Securities and Exchange Commission v. Scott K. Ginsburg, Mark J. Ginsburg, and Jordan E. Ginsburg</u> before the United States District Court Southern District of Florida West Palm Beach Division, Case No. 99-8694-CIV-RYSKAMP/VITUNAC (2002).

Deposition in <u>Assisted Living Concepts, Inc. Securities Litigation</u> (December 18, 2001).

Report in <u>Assisted Living Concepts, Inc. Securities Litigation</u>     (November 16, 2001).

Deposition in <u>Emil Rossdeutscher and Dennis Kelly v. Viacom Inc.,</u> in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. 98C-03-091 (JEB) (November 15, 2001).

Affidavit in <u>Accelr8 Technology Corp. Securities Litigation,</u> in the United States District Court for the District of Colorado, Civil Action No. 00-K-938 (November 8, 2001).

Affidavit in <u>Sykes Enterprises, Inc. Securities Litigation,</u> in the United States District Court Middle District of Florida Tampa Division, Case No. 8:00-CV-212-T-26F (November 1, 2001).

Deposition in <u>Camden Asset Management, LP; Froley Revy Investment Company, Inc.; JMG Convertible Investments L.P.; Hamilton Partners, LTD.; and all others similarly situated v. Sunbeam Corporation; Albert J. Dunlap; Russell A. Kersh; Robert C. Gluck; and Arthur Andersen LLP,</u> in the United States District Court Southern District of Florida Miami Division, 99-8275-Civ-Middlebrooks MDL No. 1297 (October 26, 2001).

Affidavit in <u>Emil Rossdeutscher and Dennis Kelly v. Viacom, Inc.,</u> in the Superior Court for the State of Delaware in and for New Castle County, C.A. No. 98C-03-091 (JEB) (October 5, 2001).

Deposition in <u>Shelter General Insurance Co., et al. V. Shell Oil Company, et al.,</u> in the United States District Court for the District of Arizona, Civil Action No. 16809 (August 9, 2001).

Report and Rebuttal Report in <u>Camden Asset Management, LP; Froley Revy Investment Company, Inc.; JMG Convertible Investments L.P.; Hamilton Partners, LTD.; and all others similarly situated v. Sunbeam Corporation; Albert J. Dunlap; Russell A. Kersh; Robert C. Gluck; and Arthur Andersen LLP</u>, in the United States District Court Southern District of Florida Miami Division, 99-8275-Civ-Middlebrooks MDL No. 1297 (June 23, 2001 and October 1, 2001).

Affidavit in <u>Shelter General Insurance Co., et al. V. Shell Oil Company, et al.</u>, in the United States District Court for the District of Arizona, Civil Action No. 16809 (June 21, 2001).

Affidavit in re <u>Zila, Inc. Securities Litigation</u> in the United States District Court for the Southern District of Arizona, No. Civ. 99-0155-PHX-EHC (OMP) (May 2001).

Deposition in <u>Research International, LTD. v. Numico Investment Corp. and Koninklijke N.V.</u>, in the United States District Court for the Western District of Pennsylvania, Civil Action No. 99-1264 (December 2000).

Report in <u>Research International, LTD. v. Numico Investment Corp. and Koninklijke N.V.</u>, in the United States District Court for the Western District of Pennsylvania, Civil Action No. 99-1264 (November 2000).

Deposition of Frank C. Dorkey in <u>Kayne, et, al., v. MTC, et., al.</u>, in the U.S. District Court for the Eastern District of New York, CV-95-2459 (JG) (May and September 2000).

Affidavit of Frank C. Dorkey in re <u>Cendant Corporation Litigation</u> in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (July, 2000).

Deposition of Frank C. Dorkey in re <u>Cendant Corporation Litigation</u> in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (June, 2000).

Affidavit of Frank C. Dorkey in re <u>Cendant Corporation Litigation</u> in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (June, 2000).

Affidavit of Frank C. Dorkey in re <u>Cendant Corporation Litigation</u> in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (May, 2000).

Affidavit of Frank C. Dorkey in re <u>Physician Computer Network, Inc. Securities Litigation</u> in the United States District Court for the District of New Jersey, Civil Action No. 98-981 (MTB) (March, 2000).

Expert Report of Frank C. Dorkey in <u>Lucian B. Cox, III, City of Philadelphia, Philip Andrew Garner, Dan Babor and Joseph J. Szlavik, Jr. v. Software AG Systems, Inc., Daniel F. Gillis, Carl J. Rickersten, Dr. Philip S. Dauber, Dr. Erwin Koenig, Harry K. McCreery, Derek Brigden, Dr. Paul G. Stern and Thayer Equity Investors III, L.P.</u> in the United States District Court for the Eastern District of Virginia, Civil Action No. 99-496-A (January, 2000).

Affidavit of Frank C. Dorkey in <u>Lucian B. Cox, III, City of Philadelphia, Philip Andrew Garner, Dan Babor and Joseph J. Szlavik, Jr. v. Software AG Systems, Inc., Daniel F. Gillis, Carl J. Rickersten, Dr. Philip S. Dauber, Dr. Erwin Koenig, Harry K. McCreery, Derek Brigden, Dr. Paul G. Stern and Thayer Equity Investors III, L.P</u> in the United States District Court for the Eastern District of Virginia, Civil Action No. 99-496-A (January, 2000).

Consultant in re: <u>ALL PRO Sports Camps, Inc., Nicholas Stracick and Edward Russell v. Walt Disney Company, Walt Disney World Company, Inc. Disney Development Company and Steven B. Wilson</u> before the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. CI97-134 (2000).

Affidavit of Frank C. Dorkey in re <u>Interneuron Pharmaceuticals Litigation,</u>in the United States District Court District of Massachusetts, C.A. No. 1:97-12254-REK and all related cases (April,1999).

Report of Frank C. Dorkey in <u>Miller Brick Litigation</u> (May, 1998).

Report in re: <u>The Boeing Company vs. United States of America</u>, in the United States District Court Western District of Washington at Seattle, Civil Action No. C96-1990C (March, 1998).

Report in <u>Kayne, et. al., v. MTC, et., al.,</u> in the U.S. District Court for the Eastern District of New York, CV-95-2459 (JG) (1998).

Report and Affidavit in <u>Steve Georgallas v. Martin Color-FI, Inc.,</u> in the U.S. District Court for the District of South Carolina (August, 1997).

Report in <u>John J. Stevens v. Chase Manhattan Bank, N.A.</u> (1997).

Report in <u>Robert J. Douglas v. Chase Manhattan Bank, N.A.</u>(1997).

**Exhibit B**
**Materials Reviewed**

Class Action Complaint for Breach Of Fiduciary Duty.

First Amended Class Action Complaint and Jury Demand.

Busch Plaintiffs' First Amended Motion and Memorandum for Class Certification.

Defendant State Street Bank and Trust Company's Request for Judicial Notice in Support of its Rule 12(b)(6) Motion to dismiss the Amended Complaint.

Various Grace SEC Filings from March 2001 through October 2004.

United States Court of Appeals, First Circuit, decision dated December 13, 2005 *In re Polymedica Corp. Sec. Litig.*, 432 F. 3d 1 (1st Cir. 2005).

United States District Court, District of Massachusetts, Memorandum and Order dated September 28, 2006 *In re Polymedica Corp. Sec. Litig.*, C.A. No. 00-12426-WGY.

United States Court of Appeals for the Second Circuit, decision dated December 5, 2006, *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, Fed. Sec. L. Rep. P 94,137  2nd Cir.(N.Y.) Dec 05, 2006

Financial and Valuation Analysis of W. R. Grace & Co., prepared for State Street Global Advisors as Investment Manager of the W. R. Grace Common Stock Held by the W. R. Grace Savings and Investment Plan, dated December 11, 2003, January 15, 2004 and January 29, 2004.

Certain news stories over the period from December 2003 through June 2004.  Source: Factiva.

1