**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHN F. AKERS, et al.,<br><br>        Defendants.<br><br>LAWRENCE W. BUNCH, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>W. R. GRACE & CO., et al.,<br><br>        Defendants. | **Consolidated Under**<br>**Case No. 04-11380-WGY** |

**GRACE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR**
**MOTION TO DISMISS THE BUNCH PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Grace Defendants will not burden this Court by repeating the arguments made in their original memorandum, not one of which has been rebutted by the Bunch Plaintiffs. Instead, they will only address what now appears to be the linchpin of the Bunch Plaintiffs' amended complaint: that because the Plan was an ERISA § 404(c) plan, the participants had a legal and enforceable right to direct their own investments, including investing in Grace stock, and thus, it was a fiduciary breach for Grace to appoint State Street as an independent investment manager, permitting State Street to divest the Plan of Grace stock. Bunch Opp. at 6. This theory is contrary to ERISA, which accords a plan sponsor the unfettered right to select the design of its

1

plan, and turns § 404(c) on its head. It also disregards totally the fact that ERISA expressly permits fiduciaries to appoint an investment manager to manage plan assets.

In enacting ERISA, Congress was careful not to "mandate what kind of benefits employers must provide if they choose to have" a retirement plan. *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). Congress recognized that providing employers with the freedom to design their own pension plans was "vital" to the willingness of employers to provide such plans, and therefore sought to preserve "flexibility in the design and operation of . . . pension programs." H.R. Rep. No. 93-533 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4647. Indeed, a plan sponsor may generally structure its benefit plan any way it wants to, and can amend it to change that structure, without facing fiduciary liability. *See, e.g., Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 444 (1999) (amending 401(k) plan to change design does not implicate fiduciary duties or liability); *Lockheed Corp.,* 517 U.S. at 890 ("plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare [or pension] plans") (citation omitted); *Campbell v. BankBoston, N.A.,* 327 F.3d 1, 6 (1st Cir. 2003) (amending plan is a settlor, not a fiduciary, function) *Stein v. Smith,* 270 F. Supp. 2d 157, 170 (D. Mass. 2003) (no fiduciary liability for plan design). ERISA merely creates a set of "outer bounds" on permissible pension practices. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 512 (1981).

Thus, ERISA has limited and specific requirements for what provisions a plan must include – and giving participants the right to control their own investments is not among them. 29 U.S.C. § § 1102(a), (b), 1103. ERISA does not require that a sponsor design its plan to give participants the right to control the assets in their plan accounts (under § 404(c) or otherwise), nor does ERISA require that, if a plan sponsor does decide to structure its plan in that manner, that it must maintain, continue, or protect the participants' ability to direct their investments for

all time. In short, plan participants like the Bunch Plaintiffs have no right to insist that their plan be structured or maintained to comply with § 404(c).

Significantly, moreover, § 404(c) cannot be the basis of a right of action *against* fiduciaries – it is, instead, an affirmative defense available to fiduciaries against breach claims when the participants have exercised control over their own plan account investments. When a plan is structured and operated in accordance with § 404(c), a fiduciary is *insulated* from liability for losses incurred as a result of a participant's investment decisions:

> In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account . . . –
>
> \* \* \*
>
> (ii) no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's, or beneficiary's exercise of control, except that this clause shall not apply in connection with such participant or beneficiary for any blackout period during which the ability of such participant or beneficiary to direct the investment of the assets in his or her account is suspended by a plan sponsor or fiduciary.

29 U.S.C. § 1104(c). Section 404(c) is thus a shield, providing an affirmative defense in a breach of fiduciary duty case. *Allison v. Bank One-Denver,* 289 F.3d 1223, 1238 (10th Cir. 2002) (citing *Meinhardt v. Unisys Corp.,* 74 F.3d 420 (3d Cir. 1996)). The Bunch Plaintiffs are trying to use § 404(c) as a sword – to *impose* additional requirements on sponsors and fiduciaries and to hold them liable if the plan ceases to be structured or operated in compliance with § 404(c). By its terms, § 404(c) itself does not sustain such a use, and, indeed, the Bunch Plaintiffs have not cited a single case or statutory provision to support their theory.

On the other hand, there are provisions in ERISA that squarely defeat the Bunch Plaintiffs' case. ERISA lays out certain "optional provisions" that "[a]ny employee benefit plan may provide," and these include the authority to "appoint an investment manager or managers to

manage (including the power to acquire and dispose of) any assets of a plan." 29 U.S.C. § 1102(c)(3). The term "[a]ny employee benefit plan" obviously includes the Plan here, and "any assets of a plan" encompasses the Grace Stock Fund. Accordingly, Grace was squarely within its rights when it appointed State Street to be the investment manager of the Grace Stock Fund, with the authority to sell Company stock.

In short, the Bunch Plaintiffs' theory simply cannot be sustained by any recognizable principles under ERISA. Their amended complaint should, therefore, be dismissed in its entirety.

Dated: February 23, 2007

Respectfully submitted,

/s/ Matthew C. Hurley
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

- and -

Carol Connor Flowe
Nancy S. Heermans
Caroline Turner English
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **KERI EVANS, et al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **JOHN F. AKERS, et al.,** ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> **LAWRENCE W. BUNCH, et al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **W. R. GRACE & CO., et al.,** ) <br> ) <br> Defendants. ) | **Consolidated Under** <br> **Case No. 04-11380-WGY** |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2007, I filed the Grace Defendants' Reply Memorandum in Support of Their Motion to Dismiss the Bunch Plaintiffs' First Amended Complaint through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on February 23, 2007.

/s/ Matthew C. Hurley

3978506v.1

5