UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAURENCE W. BUNCH, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W.R. GRACE & CO., et al., )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 04-11380-WGY |

ORDER

YOUNG, D.J.                                            March 1st, 2007

    The Court has carefully considered the law in light of the parties' briefs and presentations at oral argument. The argument of the Grace defendants resonates with the Court. An ERISA fiduciary who hires an independent investor to avoid a potential conflict of interest probably ought not be held liable for the investment decisions of the appointed fiduciary. This general rule, however, has its counterpart in the well settled principle that a delegating fiduciary "retains an obligation to oversee and monitor the activities of his delegate" Jackson v. Truck Drivers' Union Local 42 Health and Welfare Fund, 933 F. Supp. 1124, 1140 (D. Mass. 1996)(Saris, J); Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335, 1340 (11th Cir.1992); see also 29 U.S.C. § 1105.

    At this stage of the proceedings this Court may not dismiss the Grace defendants unless "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(emphasis added). The Bunch plaintiffs have sufficiently argued that Grace knew or should have known that the State Street divestment of Grace Stock was imprudent and that they did not take the proper steps to prevent it. "Extending [the] plaintiff every reasonable inference in his favor", Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir.1992) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir.1990)), this Court holds that the Summary Judgement stage is a better procedural vehicle to analyze this delicate matter.

As to State Street, Plaintiffs have sufficiently pled a claim of imprudent divestment and self dealing. Accordingly, Grace's and State Street's Motion to Dismiss the Bunch plaintiffs First Amended Complaint [Docs. Nos. 142 and 144] are hereby DENIED.

Further, this Court hereby certifies a class of: all W.R. Grace Stock Plan participants and entities who owned shares of W.R. Grace's publicly traded common stock through the Grace Stock Plan at any time from April 14, 2003 through April 30, 2004.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE