**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

———————————————————————

| | |
|---|---|
| **KERI EVANS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JOHN F. AKERS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————————) | **Consolidated Under** |
| ) | **Case No. 04-11380-WGY** |
| **LAWRENCE W. BUNCH, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **W. R. GRACE & CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————————) | |

**ANSWER OF GRACE DEFENDANTS TO THE BUNCH PLAINTIFFS'
FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Defendants W. R. Grace & Co., W. R. Grace Investment and Benefits Committee**,** Fred

E. Festa, Paul J. Norris, Robert M. Tarola, John F. Akers, Henry Furlong Baldwin, Ronald C.

Cambre, Marye Anne Fox, John J. Murphy, and Thomas A. Vanderslice (collectively, the "Grace

Defendants"), by and through their undersigned counsel, for their Answer to the First Amended

Class Action Complaint of Lawrence W. Bunch, Jerry L. Howard, Sr., and David Mueller

("Bunch Amended Complaint") in the above-referenced matter, state as follows:

## INTRODUCTION AND STATEMENT OF CASE[*]

1.      The Grace Defendants deny the allegations in paragraph 1.

2.      The Grace Defendants deny the allegations in paragraph 2.  The Grace Defendants further aver that the terms of the documents memorializing the W. R. Grace & Co. Employees Savings and Investment Plan (the "Plan") speak for themselves and any allegations in paragraph 2 inconsistent therewith are denied.

3.      The Grace Defendants deny the allegations in paragraph 3.

4.      The Grace Defendants deny the allegations in paragraph 4.

5.      The allegations contained in paragraph 5 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and they are, therefore, denied.

6.      The Grace Defendants deny the allegations in the last sentence of paragraph 6. The remaining allegations contained in paragraph 6 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and they are, therefore, denied.

7.      The Grace Defendants admit that during the December 20, 2006 hearing, the Court permitted the plaintiffs to amend their complaint, but aver that the allegations and claims pleaded in the Bunch Amended Complaint go significantly beyond the scope of the Court's order.

---

[*] For reference purposes, the Grace Defendants utilize the same headings as plaintiffs in responding to the Bunch Complaint.  The Grace Defendants' use of such headings is not an admission by the Grace Defendants of the truth of any allegations contained in these headings, and they specifically deny any allegations contained in such headings.

8.      Paragraph 8 contains an introductory narrative and requires no response.  To the extent paragraph 8 alleges that this lawsuit is properly brought as a class action, the Grace Defendants deny that a class action is either necessary or appropriate.

## JURISDICTION AND VENUE

9.      The Grace Defendants admit that this Court has subject matter jurisdiction over this action.

10.      The Grace Defendants admit that this Court has personal jurisdiction over the Grace Defendants.

11.      The Grace Defendants admit that venue is proper in this District, but deny the remaining allegations in paragraph 11.

## THE PARTIES

12.      The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 12 and they are, therefore, denied.  The Grace Defendants admit that Lawrence W. Bunch is a current employee of Grace and a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).  The Grace Defendants deny the remaining allegations in paragraph 12.

13.      The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 13 and they are, therefore, denied.  The Grace Defendants admit that Jerry L. Howard, Sr. is a former employee of Grace and, because he has not yet received a full distribution of his benefits under the Plan, is a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).  The Grace Defendants deny the remaining allegations in paragraph 13.

14.     The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 14 and they are, therefore, denied.  The Grace Defendants admit that David Mueller is a current employee of Grace and a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). The Grace Defendants deny the remaining allegations in paragraph 14.

15.     The Grace Defendants admit the allegations in the second, third, and fifth sentences of paragraph 15, but deny the allegations in the first and fourth sentence of paragraph 15.

16.     The Grace Defendants admit that Grace is the sponsor of the Plan as defined by ERISA, but deny the remaining allegations in paragraph 16.

17.     The Grace Defendants deny the allegations in paragraph 17.

18.     The Grace Defendants admit that the Investment and Benefits Committee was charged with certain defined fiduciary duties under the Plan relating to the investment of Plan assets, but deny the remaining allegations in paragraph 18.

19.     The Grace Defendants admit that Fred E. Festa has served as President and Chief Operating Officer of Grace, but deny the remaining allegations in paragraph 19.

20.     The Grace Defendants admit that Paul J. Norris has served as Chairman and Chief Executive Officer of Grace, but deny the remaining allegations in paragraph 20.

21.     The Grace Defendants admit that Robert M. Tarola has served as Senior Vice President and Chief Financial Officer of Grace, but deny the remaining allegations in paragraph 21.

22.     The Grace Defendants admit that John F. Akers has served as a Director of the Company, but deny the remaining allegations in paragraph 22.

23.     The Grace Defendants admit that Henry Furlong Baldwin has served as a Director of the Company, but deny the remaining allegations in paragraph 23.

24.     The Grace Defendants admit that Ronald C. Cambre has served as a Director of the Company, but deny the remaining allegations in paragraph 24.

25.     The Grace Defendants admit that Mary Anne Fox has served as a Director of the Company, but deny the remaining allegations in paragraph 25.

26.     The Grace Defendants admit that John J. Murphy has served as a Director of the Company, but deny the remaining allegations in paragraph 26.

27.     The Grace Defendants admit that Thomas A. Vanderslice has served as a Director of the Company, but deny the remaining allegations in paragraph 27.

28.     The allegations contained in paragraph 28 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and they are, therefore, denied.

29.     The allegations contained in paragraph 29 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and they are, therefore, denied.

30.     The Grace Defendants deny the allegations in paragraph 30.

## NATURE OF THE ACTION AND BACKGROUND

### The Class is Pursuing Claims of Breach of Fiduciary Duty and Promissory Estoppel Based on the Independent and Joint Acts of Grace and State Street

### W. R. Grace Savings and Investment Plan

31. The Grace Defendants admit that the Plan covers eligible employees of the Company and its subsidiaries, and that a portion of the Plan is a savings plan, but deny the remaining allegations in paragraph 31.

32. The Grace Defendants admit the allegations in paragraph 32.

33. The Grace Defendants admit the allegations in paragraph 33.

34. The first sentence of paragraph 34 purports to state a legal conclusion to which no response is required. The Grace Defendants deny the remaining allegations in paragraph 34.

35. The Grace Defendants admit that the Investment and Benefits Committee has and performs certain defined duties under the Plan, but deny the remaining allegations in paragraph 35.

36. The Grace Defendants deny the allegations in paragraph 36.

37. The Grace Defendants admit the third sentence of paragraph 37, but deny the remaining allegation in paragraph 37.

38. The Grace Defendants deny the allegations in paragraph 38.

39. The Grace Defendants aver that the Plan prospectus speaks for itself and any allegations in paragraph 39 inconsistent therewith are denied.

40. The Grace Defendants deny the allegations in paragraph 40.

## Elimination of Rights and Drastic Changes to the Plan

41.     The Grace Defendants aver that the March 17, 2003 announcement speaks for itself and any allegations in paragraph 41 inconsistent therewith are denied.  The Grace Defendants deny the remaining allegations in paragraph 41.

42.     The Grace Defendants aver that the April 2, 2003 announcement speaks for itself and any allegations in paragraph 42 inconsistent therewith are denied.

43.     The Grace Defendants aver that the December 8, 2003 announcement and the November 24, 2003 letter of engagement speak for themselves and any allegations in paragraph 43 inconsistent therewith are denied.  The Grace Defendants aver that the term "documents" contained in the second sentence of paragraph 43 is vague and ambiguous.  The Grace Defendants deny the remaining allegations in paragraph 43.

44.     The Grace Defendants deny the allegations in paragraph 44.

45.     The Grace Defendants deny the allegations in paragraph 45.

## State Street Divests the Plan of its Grace Holdings and Refuses to Provide Important Information Concerning the Sale to Participants

46.     The Grace Defendants deny the allegations in paragraph 46.

47.     The allegations contained in paragraph 47 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and they are, therefore, denied.

48.     The Grace Defendants deny the allegations in paragraph 48.

49.     The Grace Defendants deny the allegations in paragraph 49.

50.     The allegations contained in paragraph 50 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may

be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and they are, therefore, denied.

## <u>State Street Divested the Plan of Grace Stock at a Price Significantly Below the Stock's Value and Knowing that the Sale was Imprudent</u>

### The State Street Created Independent Fiduciary Group Recommends Against Liquidation

51.     The allegations contained in paragraph 51 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and they are, therefore, denied.

52.     The allegations contained in paragraph 52 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and they are, therefore, denied.

53.     The allegations contained in paragraph 53 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and they are, therefore, denied.

### <u>State Street Knew that the Price of Grace Stock was Likely to Rapidly Increase and that a Sale of the Stock was Not Prudent</u>

54.     The allegations contained in paragraph 54 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and they are, therefore, denied.

55.    The Grace Defendants admit that State Street sold the Plan's entire portfolio of Grace stock.  The Grace Defendants aver that the April 12, 2004 announcement speaks for itself and any allegations in paragraph 55 inconsistent therewith are denied. The Grace Defendants deny the remaining allegations in paragraph 55.

56.    The Grace Defendants admit that State Street effectuated a sale of a block of 7.2 million shares of Grace stock from the Plan for a share price of $3.50.  The Grace Defendants aver that the 10-K SEC filing referenced in paragraph 56 speaks for itself and any allegations in paragraph 56 inconsistent therewith are denied.  The Grace Defendants deny the remaining allegations in paragraph 56.

57.    The Grace Defendants admit that Grace stock closed at $13.61 at the end of 2004, but deny the remaining allegations in paragraph 57.

### State Street Engaged in Self-Dealing When it Divested the Plan of its Grace Holdings and Transferred the Holdings to Affiliated Entities

58.    The allegations contained in paragraph 58 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and they are, therefore, denied.

59.    The allegations contained in paragraph 59 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and they are, therefore, denied.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### ERISA Overview and Breach of Fiduciary Duty By
### Liquidating the Plan of its Grace Holdings

60.     The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

61.     Paragraph 61 contains legal conclusions to which no response is required.

62.     Paragraph 62 contains legal conclusions to which no response is required.

63.     Paragraph 63 contains legal conclusions to which no response is required.

64.     Paragraph 64 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

65.     Paragraph 65 contains legal conclusions to which no response is required.

66.     Paragraph 66 contains legal conclusions to which no response is required.

67.     The Grace Defendants deny the allegations in paragraph 67.

68.     The Grace Defendants deny the allegations in paragraph 68.

69.     The Grace Defendants deny the allegations in paragraph 69.

70.     The Grace Defendants deny the allegations in paragraph 70.

71.     The Grace Defendants deny the allegations in paragraph 71.

72.     The Grace Defendants deny the allegations in paragraph 72.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty Through Mismanagement of Plan Assets by Selling the Plan's Holdings of Grace at an Unreasonably Low Price

73.    The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

74.    Paragraph 74 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

75.    The Grace Defendants deny the allegations in paragraph 75.

76.    The Grace Defendants deny the allegations in paragraph 76.

77.    The Grace Defendants admit that State Street effectuated the sale of the Plan's holdings of Grace stock, but deny the remaining allegations in paragraph 77.

78.    The Grace Defendants deny the allegations in paragraph 78.

79.    The Grace Defendants deny the allegations in paragraph 79.

80.    The Grace Defendants deny the allegations in paragraph 80.

81.    The Grace Defendants deny the allegations in paragraph 81.

82.    The Grace Defendants deny the allegations in paragraph 82.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty by State Street for Self-Dealing and Having Divided Loyalty by Selling the Plan's Holdings to Related Entities and by Breaching ERISA's Anti-Inurement Provisions

83.    The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

84.    Paragraph 84 contains legal conclusions to which no response is required.

85.    The allegations contained in paragraph 85 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

86.    The allegations contained in paragraph 86 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

87.    The allegations contained in paragraph 87 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

88.    The allegations contained in paragraph 88 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

89.    The allegations contained in paragraph 89 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

90.    The allegations contained in paragraph 90 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

91.    The allegations contained in paragraph 91 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

92.    The allegations contained in paragraph 92 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.  To the extent a response may be required, the Grace Defendants deny the allegations in paragraph 92.

93.    The allegations contained in paragraph 93 pertain to another defendant and, accordingly, no response from the Grace Defendants is required.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty by Grace for Failing to Monitor State Street

94.    The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

95.    Paragraph 95 contains legal conclusions to which no response is required.

96.    The Grace Defendants admit that State Street was retained in December 2003 as an investment manager for the Grace Stock Fund, but deny the remaining allegations in paragraph 96.

97.    The Grace Defendants aver that the unspecified phrase "publications and announcements" is vague and ambiguous.  The Grace Defendants deny the allegations in paragraph 97.

98.    The Grace Defendants deny the allegations in paragraph 98.

99.    The Grace Defendants deny the allegations in paragraph 99.

100.    The Grace Defendants deny the allegations in paragraph 100.

101.    The Grace Defendants deny the allegations in paragraph 101.

## FIFTH CAUSE OF ACTION

### Breach of Co-Fiduciary Duty by Grace for State Street's Breach of Fiduciary Duty

102.    The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

103.    Paragraph 103 contains legal conclusions to which no response is required.

104.    The Grace Defendants deny the allegations in paragraph 104.

105.    The Grace Defendants deny the allegations in paragraph 105.

106.    The Grace Defendants deny the allegations in paragraph 106.

107.    The Grace Defendants deny the allegations in paragraph 107.

## SIXTH CAUSE OF ACTION

### Promissory Estoppel Against Grace

108.　　The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

109.　　As the plaintiffs' promissory estoppel claim was dismissed by the Court on February 27, 2007, no response is required.

110.　　As the plaintiffs' promissory estoppel claim was dismissed by the Court on February 27, 2007, no response is required.

111.　　As the plaintiffs' promissory estoppel claim was dismissed by the Court on February 27, 2007, no response is required.

112.　　As the plaintiffs' promissory estoppel claim was dismissed by the Court on February 27, 2007, no response is required.

113.　　As the plaintiffs' promissory estoppel claim was dismissed by the Court on February 27, 2007, no response is required.

## SEVENTH CAUSE OF ACTION

### Breach of Fiduciary Duty Against Grace and State Street for Making Misrepresentations and Nondisclosures

114.　　The Grace Defendants incorporate by reference their answers to each allegation in the Bunch Amended Complaint as if fully set forth herein.

115.　　As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

116.　　As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

117.    As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

118.    As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

119.    As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

120.    As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

121.    As the plaintiffs' misrepresentation claim was waived by the plaintiffs on February 27, 2007, no response is required.

### CLASS ACTION ALLEGATIONS

122.    The Grace Defendants admit that the plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated, but deny that a class action is either necessary or appropriate

123.    The Grace Defendants deny that a class is necessary or appropriate, but admit that the number of class members, as the class has been certified by the Court, exceeds 3000 persons, and that those persons are located throughout the United States.  The Grace Defendants deny the remaining allegations in paragraph 123.

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

125.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 125 and they are,

therefore, denied.  The Grace Defendants deny the allegations in the second sentence of paragraph 125.

126.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and they are, therefore, denied.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

128.    Paragraph 128 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and they are, therefore, denied.

129.    The Grace Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and they are, therefore, denied.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

132.    Paragraph 132 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

133.    Paragraph 133 contains legal conclusions to which no response is required.  To the extent it may be construed to include factual allegations, the Grace Defendants deny those allegations.

134.    The Grace Defendants deny the allegations in paragraph 134.

## PRAYER FOR RELIEF

The Grace Defendants deny all of the allegations in the section beginning with the word "WHERFORE," and specifically deny that the plaintiffs are entitled to any of the relief sought, or any relief whatsoever.

The Grace Defendants further deny each and every allegation of the Bunch Amended Complaint not specifically admitted herein to be true.

## JURY DEMAND

The Grace Defendants deny that the plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting that the following affirmative defenses are in fact affirmative defenses or that the Grace Defendants have the burden of proof on any of these affirmative defenses, the Grace Defendants state as follows:

### First Affirmative Defense

The Bunch Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### Second Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the plaintiffs lack standing to bring this action.

### Third Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, to the extent any class members have received a distribution of all of the benefits due them under the terms of the Plan.

### Fourth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, release, ratification, and/or acquiescence.

### Fifth Affirmative Defense

The plaintiffs, and each of them, have failed to exhaust their administrative remedies.

### Sixth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because some or all of the Grace Defendants were not fiduciaries of the Plan.

### Seventh Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the Grace Defendants were not performing a fiduciary function with respect to the conduct alleged in the Bunch Amended Complaint.

### Eighth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because to the extent the Grace Defendants were fiduciaries of the Plan, their limited fiduciary responsibilities did not include the matters complained of in the Bunch Amended Complaint, and the Grace Defendants did not breach their fiduciary duties as to those responsibilities.

## Ninth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because they have failed to overcome the presumption that the Grace Defendants acted consistently with their fiduciary duties under ERISA when they acted in accordance with the terms of the Plan.

## Tenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, to the extent they concern matters of plan design and/or settlor functions.

## Eleventh Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the alleged fiduciary conduct at issue in the Bunch Amended Complaint was performed, in whole or in part, by an independent entity for which the Grace Defendants are not responsible and for which the Grace Defendants cannot be held liable.

## Twelfth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any losses or damages alleged by the plaintiffs were not caused by any alleged breach of fiduciary duty by the Grace Defendants or any other act or omission by the Grace Defendants.

## Thirteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any losses or damages suffered by the plaintiffs were proximately caused by the plaintiffs' own acts and omissions, by acts or omissions by entities other than the Grace Defendants, and/or by economic causes and events not related to any alleged breaches of fiduciary duty and from matters over which the Grace Defendants had no control.

### Fourteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by ERISA § 404(c), 29 U.S.C.

§ 1104(c).

### Fifteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate

damages.

### Sixteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because they are preempted by

ERISA.

### Seventeenth Affirmative Defense

The plaintiffs' misrepresentation claim is barred because it was waived in open court on

February 27, 2007.

### Eighteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any alleged statements or

omissions at issue in the Bunch Amended Complaint were not made in a fiduciary capacity.

### Nineteenth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because any alleged statements

made by the Grace Defendants that may have been made in a fiduciary capacity were not false

when made, were not material, and the plaintiffs cannot show that they relied on any such

statements.

### Twentieth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the truth of the matters

complained of in the Bunch Amended Complaint was timely disseminated in the market.

### Twenty-First Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because the Grace Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of the facts allegedly giving rise to liability.

### Twenty-Second Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the plaintiffs' assumption of the risk.

### Twenty-Third Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, to the extent they attempt to use ERISA fiduciary duties to expand the disclosure obligations under the federal securities laws and/or to impose liability arising out of or related to disclosures made or disseminated under the federal securities laws.

### Twenty-Fourth Affirmative Defense

The plaintiffs' allegations which give rise to their claims are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

### Twenty-Fifth Affirmative Defense

The plaintiffs' claims are barred under the doctrine of unclean hands.

### Twenty-Sixth Affirmative Defense

The plaintiffs' claims are barred by ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), to the extent plaintiffs seek individual relief as damages.

### Twenty-Seventh Affirmative Defense

The plaintiffs' claims are barred by ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to the extent plaintiffs seek monetary damages as individual relief and not appropriate equitable relief.

## <u>Twenty-Eighth Affirmative Defense</u>

The plaintiffs claims are barred by ERISA § 409, 29 U.S.C. § 1109, to the extent the Grace Defendants were not fiduciaries to the Plan, because the Grace Defendants are not liable for breaches of fiduciary duty that may have occurred before they became fiduciaries or after they ceased to be fiduciaries to the Plan.

The Grace Defendants reserve the right to amend their answer and to assert additional defenses and/or to supplement, alter or change their answer and defenses upon the discovery of more definitive facts and upon the completion of its continuing investigation and discovery.

WHEREFORE, having fully answered the Bunch Amended Complaint in this matter, and denying that the plaintiffs are entitled to any relief, the Grace Defendants respectfully request that this Court enter judgment for the Grace Defendants, dismissing the Bunch Amended Complaint with prejudice and awarding the Grace Defendants their costs, attorneys' fees, and such other relief as this Court deems appropriate.

Dated:  March 15, 2007                    Respectfully submitted,


/s/ Matthew C. Hurley
William W. Kannel (BBO# 546724)
(wkannel@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

- and -

Carol Connor Flowe
Nancy S. Heermans
Caroline Turner English
Jeffrey Ruzal
Valerie N. Webb
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6054
Facsimile: (202) 857-6395

*Counsel for W. R. Grace & Co., W. R. Grace Investment
and Benefits Committee, Fred E. Festa, Paul J. Norris,
Robert M. Tarola, John F. Akers, Henry Furlong Baldwin,
Ronald C. Cambre, Marye Anne Fox, John J. Murphy, and
Thomas A. Vanderslice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KERI EVANS, et al.,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**JOHN F. AKERS, et al.,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **LAWRENCE W. BUNCH, et al.,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**W. R. GRACE & CO., et al.,**<br><br>    **Defendants.** | ) **Consolidated Under**<br>) **Case No. 04-11380-WGY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 15, 2007, I filed the *Answer of Grace Defendants to the Bunch Plaintiffs' First Amended Class Action Complaint and Jury Demand* through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on March 15, 2007.

          /s/ Matthew C. Hurley

3995990v.1