## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KERI EVANS,

                    Plaintiff,

v.

JOHN F. AKERS, *et al.*

                    Defendants.

_____

LAWRENCE W. BUNCH, *et al.*

                    Plaintiffs,

v.

W.R. GRACE & CO., *et al.*

                    Defendants.

Consolidated as:
Case No. 04-11380-WGY

## ANSWER OF STATE STREET DEFENDANTS TO *BUNCH* FIRST AMENDED COMPLAINT

Defendants State Street and Trust Company ("State Street") and State Street Global Advisors ("SSgA") (State Street and SSgA, collectively, "State Street"), by and through undersigned counsel, submit the following Answer in response to the First Amended Class Action Complaint ("Amended Complaint") (Ct. File No. 138) filed by plaintiffs Lawrence W. Bunch, Jerry L. Howard, and David Mueller.

## INTRODUCTION AND STATEMENT OF CASE[*]

1.    State Street denies the allegations in paragraph 1 and avers that the December 11, 2003 document speaks for itself.

2.    State Street denies the first sentence of paragraph 2.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining in paragraph 2.

3.    State Street denies the allegations contained in paragraph 3.

4.    State Street denies the allegations contained in paragraph 4.

5.    State Street denies the allegations contained in paragraph 5.

6.    State Street admits that in April 2004 it effectuated the sale of approximately 6.4 million shares of Grace stock from the W. R. Grace Savings and Investment Plan ("Plan") for $3.50 per share.  State Street further admits that at some point after that sale occurred, the New York Stock Exchange price for Grace stock increased.  State Street denies the remaining allegations in paragraph 6.

7.    State Street admits that during the December 20, 2006 hearing, the Court permitted the plaintiffs to amend their complaint, but avers that the Plaintiffs' Amended Complaint exceeds the scope of the Court's order.

---

[*] The use of the headings in the Amended Complaint is for reference purposes only, and is not an admission by State Street of the truth of the allegations contained in the headings.  State Street denies any allegations contained in such headings.

8.      State Street denies that a class action suit on behalf of Plaintiffs named in paragraph is either necessary or appropriate.

## JURISDICTION AND VENUE

9.      Admitted.

10.     State Street admits that this Court has personal jurisdiction over State Street.  State Street avers that SSgA, an unincorporated division of State Street, is not a jural entity and, on that basis, denies that this Court has personal jurisdiction over it.

11.     State Street admits that venue is proper in this Court.  State Street denies the remaining allegations in paragraph 11.

## THE PARTIES

12.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12.  State Street denies the remaining allegations in paragraph 12.

13.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13.  State Street denies the remaining allegations in paragraph 13.

14.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 14.  State Street denies the remaining allegations in paragraph 14.

15. State Street is informed and on that basis believes and admits that Defendant Grace's common stock is traded on the New York Stock Exchange under the symbol "GRA." State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and they are therefore denied. To the extent that the remaining allegations in paragraph 15 purport to state legal conclusions, no response is required. However, if a response is required, State Street denies all remaining allegations.

16. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and they are therefore denied.

17. Paragraph 17 purports to state a legal conclusion to which no response is required. To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are therefore denied.

18. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and they are therefore denied.

19. State Street is informed and believes and on that basis admits that Fred E. Festa has served as President and Chief Operating Officer of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and they are therefore denied.

20. State Street is informed and believes and on that basis admits that Paul J. Norris has served as Chairman and Chief Executive Officer of Grace. State Street is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21.    State Street is informed and believes and on that basis admits that Robert M. Tarola has served as Senior Vice President and Chief Financial Officer of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and they are therefore denied.

22.    State Street is informed and believes and on that basis admits that John F. Akers has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and they are therefore denied.

23.    State Street is informed and believes and on that basis admits that Henry Furlong Baldwin has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23, and they are therefore denied.

24.    State Street is informed and believes and on that basis admits that Ronald C. Cambre has served as a Director of Grace. State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and they are therefore denied.

25.    State Street is informed and believes and on that basis admits that Marye Anne Fox has served as a Director of Grace. State Street is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25, and they are therefore denied.

26.     State Street is informed and believes and on that basis admits that John J. Murphy has served as a Director of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and they are therefore denied.

27.     State Street is informed and believes and on that basis admits that Thomas A. Vanderslice has served as a Director of Grace.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and they are therefore denied.

28.     State Street admits that State Street is a Massachusetts corporation, with a principal office at State Street Financial Center, One Lincoln Street, Boston, MA 02111-2900 and that State Street is a wholly-owned subsidiary of State Street Corporation.  State Street avers that it is a financial services company that provides financial products and services to its clients. State Street denies the remaining allegations in paragraph 28.

29.     State Street admits that SSgA is an unincorporated subdivision of State Street.

30.     Paragraph 30 purports to state legal conclusions to which no response is required.  To the extent a response is required, they are denied.

## NATURE OF ACTION AND BACKGROUND

### W.R. Grace Savings and Investment Plan

31.    State Street is informed and believes and on that basis admits that the Plan covers eligible employees of the Company and its Employees, and that a portion of the Plan is a savings plan, but deny the remaining allegations contained in paragraph 31.

32.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and they are therefore denied.  State Street avers that the documents referenced in paragraph 32 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 32 not consistent with those documents.

33.    State Street is informed and believes and on that basis admits the allegation contained in paragraph 33.

34.    Paragraph 34 purports to state legal conclusions to which no response is required.  To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and they are therefore denied.  State Street further avers that the documents referenced in paragraph 34 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 34 not consistent with those documents.

35.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and they are therefore denied. State Street further avers that the documents referenced in paragraph 35 speak for themselves

and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 35 not consistent with those documents.

36.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and they are therefore denied.  State Street further avers that the documents referenced in paragraph 36 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 36 not consistent with those documents.

37.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and they are therefore denied.  State Street further avers that the documents referenced in paragraph 37 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 37 not consistent with those documents.

38.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and they are therefore denied.

39.    State Street avers that the documents referenced in paragraph 39 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 39 not consistent with those documents.

40.     State Street denies the first sentence of paragraph 40.  The second sentence purports to state a legal conclusion defining membership of a class, and therefore no response is required.

## Elimination of Rights and Drastic Changes to the Plan

41.     State Street is without knowledge or information sufficient to form a belief as to the truth of allegation contained in paragraph 41, which pertain to the other defendants, and they are therefore denied.

42.     State Street is without knowledge or information sufficient to form a belief as to the truth of allegation contained in paragraph 42, which pertain to the other defendants, and they are therefore denied.

43.     State Street is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 43, which pertain to the other defendants, and they are therefore denied.  To the extent that paragraph 43 contains allegations against State Street, those allegations are denied. State Street further avers that the documents referenced in paragraph 43 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 43 not consistent with those documents.

44.     Denied.

45.     State Street is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 45, which pertain to the other defendants, and they are therefore denied.

**State Street Divests the Plan of its Grace Holdings and Refuses to Provide Important Information Concerning the Sale to Participants**

46.     State Street is without knowledge or information sufficient to form a belief as to the truth of allegation contained in paragraph 46, which pertain to the other defendants, and they are therefore denied.  To the extent that paragraph 46 contains allegations against State Street, denied.  State Street further avers that the documents referenced in paragraph 46 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 46 not consistent with those documents.

47.     The phrases "always understood" and "events and other important matters" in the first sentence of paragraph 47 are vague and ambiguous, and on that basis the allegation in that sentence is denied.  State Street avers that the documents referenced in paragraph 47 speak for themselves and constitute the best evidence of their contents.  State Street further avers that paragraph 47 selectively quotes from and mischaracterizes the documents referenced in paragraph 47.  State Street denies any characterization of the documents referenced in paragraph 47 not consistent with those documents.

48.     State Street denies the allegations in the first, second and third sentences of paragraph 48.  State Street further avers that the document referenced in paragraph 48 speaks for itself and constitutes the best evidence of its contents.  State Street therefore denies any characterization of the documents referenced in paragraph 48 not consistent with that document.

49.     State Street denies the allegations in the first and third sentences of paragraph 49.  State Street further avers that the document referenced in paragraph 49 speaks for

itself and constitutes the best evidence of its contents.  State Street therefore denies any

characterization of the documents referenced in paragraph 49 not consistent with that document.

50.    State Street denies the allegations in paragraph 50.  State Street further

avers that the document referenced in paragraph 50 speaks for itself and constitutes the best

evidence of its contents.  State Street therefore denies any characterization of the documents

referenced in paragraph 50 not consistent with that document.

**State Street Divested the Plan of Grace Stock at a Price Significantly Below the Stock's Value and Knowing that the Sale Was Imprudent**

**The State Street Created Independent Fiduciary Group Recommends Against Liquidation**

51.    State Street admits that the Independent Fiduciary Group monitored and

reviewed Grace stock.  State Street denies all other allegations contained in paragraph 51.

52.    State Street admits that it retained the law firm of Goodwin Proctor and

Duff & Phelps.  State Street avers that the document referenced in paragraph 52 speaks for itself

and constitutes the best evidence of its contents.  State Street therefore denies any

characterization of the documents referenced in paragraph 52 not consistent with that document.

53.    State Street admits that the Independent Fiduciary Group monitored Grace

Stock.  State Street admits that the Independent Fiduciary Group made a recommendation to the

Fiduciary Committee.  State Street admits that the Independent Fiduciary Group's

recommendation was in writing.  State Street avers that the document referenced in paragraph 53

speaks for itself and constitutes the best evidence of its contents.  State Street further avers that

paragraph 53 selectively quotes from and mischaracterizes the document referenced in paragraph

53.  State Street denies any characterization of the documents referenced in paragraph 53 not consistent with those documents.

**State Street Knew that the Price of Grace Stock was Likely to
Rapidly Increase and that a Sale of the Stock was Not Prudent**

54.     State Street denies the first sentence of paragraph 54.  State Street admits that it obtained a report on W. R. Grace from Duffs & Phelps on January 29, 2004.  State Street avers that the document referenced in paragraph 54 speaks for itself and constitutes the best evidence of its contents.  State Street therefore denies any characterization of the documents referenced in paragraph 54 not consistent with that document.  State Street specifically denies that "Duff & Phelps concluded that each share of Grace had a value of $13.79."  All other allegations in paragraph 54 are denied.

55.     State Street admits that between February 27, 2004 and April 12, 2004 it effectuated the sale of approximately 7.3 million shares of Grace stock from the Plan.  State Street denies all remaining allegations in paragraph 55.  State Street avers that the document referenced in paragraph 55 speaks for itself and constitutes the best evidence of its contents.  State Street therefore denies any characterization of the documents referenced in paragraph 55 not consistent with that document.

56.     State Street admits that in April 2004 it effectuated the sale of approximately 6.4 million shares of Grace stock from the Plan for $3.50 per share.  State Street avers that the document referenced in paragraph 56 speaks for itself and constitutes the best evidence of its contents.  State Street denies all the remaining allegations in paragraph 56.

57. State Street avers that at all relevant time the price of Grace stock is publicly reported and that publicly reported price speaks for itself. All other allegations in paragraph 57 are denied.

**State Street Engaged in Self-Dealing When it Divested the Plan of its Grace Holdings and Transferred the Holdings to Affiliated Entities**

58. State Street denies the allegations contained in paragraph 58.

59. State Street admits that in October 2005 it filed amended Form 13Fs with the Securities Exchange Commission ("SEC") for the First and Second Quarters of 2004. State Street avers that that the documents referenced in paragraph 59 speaks for themselves and constitute the best evidence of their contents. State Street therefore denies any characterization of the documents referenced in paragraph 59 not consistent with those documents.

**FIRST CAUSE OF ACTION**

**ERISA Overview and Breach of Fiduciary Duty By Liquidating the Plan of its Grace Holdings**

60. State Street incorporates by reference its answers to each allegation in the Amended Complaint as if fully set forth herein.

61. Paragraph 61 purports to state legal conclusions to which no response is required. To the extent response is required, State Street denies the allegations contained in paragraph 61.

62. Paragraph 62 purports to state legal conclusions to which no response is required. To the extent response is required, State Street denies the allegations contained in paragraph 62.

63.    Paragraph 63 purports to state legal conclusions to which no response is required. To the extent response is required, State Street denies the allegations contained in paragraph 63.

64.    Paragraph 64 purports to state legal conclusions to which no response is required.  To the extent response is required, State Street denies the allegations contained in paragraph 64.

65.    Paragraph 65 purports to state legal conclusions to which no response is required.  To the extent response is required, State Street is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65.  State Street further avers that the documents referenced in paragraph 65 speak for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 65 not consistent with those documents.

66.    Paragraph 66 purports to state legal conclusions to which no response is required.  To the extent response is required, State Street denies the allegations contained in paragraph 66.

67.    Denied.  State Street avers that State Street avers that the documents referenced in paragraph 67 speaks for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 67 not consistent with those documents.

68.    Denied.  State Street avers that State Street avers that the documents referenced in paragraph 68 speaks for themselves and constitute the best evidence of their

contents. State Street therefore denies any characterization of the documents referenced in paragraph 68 not consistent with those documents.

69.     State Street denies the allegations contained in paragraph 69.

70.     State Street denies the allegations contained in paragraph 70.

71.     State Street denies the allegations contained in paragraph 71.

72.     State Street denies the allegations contained in paragraph 72.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty Through Mismanagement of Plan Assets by Selling Plan's Holdings of Grace at an Unreasonably Low Price

73.     State Street incorporates by reference its answers to each allegation in the Amended Complaint as if fully set forth herein.

74.     Paragraph 74 purports to state legal conclusions to which no response is required.

75.     State Street denies the allegations contained in paragraph 75.

76.     State Street denies the allegations in the first and third sentences of paragraph 76. State Street is without information or knowledge sufficient to form a belief as to the allegations in the third sentence of paragraph 76.

77.     State Street admits that between February 27, 2004 and April 12, 2004 it effectuated the sale of approximately 7.3 million shares of Grace stock from the Plan. All remaining allegations contained in paragraph 77 are denied.

78.    State Street denies the allegations contained in paragraph 78.

79.    State Street denies the allegations contained in paragraph 79.

80.    State Street denies the allegations contained in paragraph 80.

81.    State Street denies the allegations contained in paragraph 81.

82.    State Street denies the allegations contained in paragraph 82.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty by State Street for Self-Dealing and Having Divided Loyalty by Selling the Plan's Holdings to Related Entities and by Breaching ERISA's Anti-Inurement Provisions

83.    State Street incorporates by reference its answers to each allegation in the Amended Complaint as if fully set forth herein.

84.    Paragraph 84 purports to state a legal conclusion to which no response is required.  To the extent response is required, State Street denies the allegations contained in paragraph 84.

85.    Denied.  State Street avers that the documents referenced in paragraph 85 speaks for themselves and constitute the best evidence of their contents.  State Street therefore denies any characterization of the documents referenced in paragraph 85 not consistent with those documents.

86.    State Street admits that between February 27, 2004 and April 12, 2004 it effectuated the sale of approximately 7.3 million shares of Grace stock from the Plan.

87.    State Street admits that between December 2003 and April 2004 other investment funds under its management bought and sold Grace stock.  All remaining allegations in paragraph 87 are denied.

88.    Denied.  State Street avers that the document referenced in paragraph 88 speaks for itself and constitutes the best evidence of its contents.  State Street therefore denies any characterization of the document referenced in paragraph 88 not consistent with that document.

89.    State Street admits that in October 2005 it filed amended Form 13Fs with the SEC for the First and Second Quarters of 2004 Denied.  State Street avers that the document referenced in paragraph 89 speaks for itself and constitutes the best evidence of its contents. State Street therefore denies any characterization of the document referenced in paragraph 89 not consistent with that document.

90.    State Street denies the allegations contained in paragraph 90.

91.    State Street denies the allegations contained in paragraph 91.

92.    State Street denies the allegations contained in paragraph 92.

93.    State Street denies the allegations contained in paragraph 93.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary duty by Grace for Failing to Monitor State Street

94.    State Street incorporates by reference its answers to each allegation in the Amended Complaint as if fully set forth herein.

95.    Paragraph 95 purports to state legal conclusions to which no response is required.

96.    State Street admits that it was retained by Grace effective December 2003 as an independent investment manager for the Grace stock in the Plan.  The remaining allegations in paragraph 96 purport to state legal conclusions to which no response is required. To the extent response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96, which pertain to the other defendants, and they are therefore denied.

97.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, which pertain to the other defendants, and they are therefore denied.

98.    State Street denies that the market price for Grace stock was "artificially depressed."  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98, which pertain to the other defendants, and they are therefore denied.

99.    State Street denies the allegations contained in paragraph 99.

100.    State Street denies the allegations contained in paragraph 100.

101.    State Street denies the allegations contained in paragraph 101.

## FIFTH CAUSE OF ACTION

### Breach of Co-Fiduciary duty by Grace for State Street's Breach of Fiduciary Duty

102.    State Street incorporates by reference its answers to each allegation in the Amended Complaint as if fully set forth herein.

103.    Paragraph 103 purports to state a legal conclusion to which no response is required. To the extent response is required, State Street denies the allegations contained in paragraph 103.

104.    State Street denies the allegations contained in paragraph 104.

105.    State Street denies the allegations contained in paragraph 105.

106.    State Street denies the allegations contained in paragraph 106.

107.    State Street denies the allegations contained in paragraph 107.

## SIXTH CAUSE OF ACTION

### Promissory Estoppel Against Grace

Plaintiffs' Sixth Cause of Action has been dismissed. Therefore no response is required for paragraphs 108 through 113.

## SEVENTH CAUSE OF ACTION

### Breach of Fiduciary duty Against Grace and State Street for Making Misrepresentations and Nondisclosures

Plaintiffs' Seventh Cause of Action has been waived.  Therefore no response is required for paragraphs 114 through 121.

## CLASS ACTION ALLEGATIONS

122.    State Street admits that the plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and others similarly situated, but State Street denies that a class action is either necessary or appropriate.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 122, and they are therefore denied.

123.    State Street admits that the putative class, as defined by the court, exceeds 3,500  persons, and that those persons are located throughout the United States.  State Street denies the remaining allegations contained in paragraph 123.

124.    Paragraph 124 purports to state legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 124 are denied.

125.    State Street denies the allegations contained paragraph 125.

126.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, and they are therefore denied.

127.    Paragraph 127 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 127.

128.    Paragraph 128 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and they are therefore denied.

129.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129, and they are therefore denied.

130.    Paragraph 130 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 130.

131.    Paragraph 131 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 131.

132.    Paragraph 132 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 132.

133.    Paragraph 133 purports to state legal conclusions to which no response is required. To the extent a response is required, State Street denies the allegations in paragraph 133.

134.    State Street denies the allegations contained in paragraph 134.

State Street denies all of the allegations in the section beginning with the word "WHEREFORE." State Street denies that plaintiffs are entitled to the relief sought or to any relief whatsoever.

Any allegation in the Amended Complaint not specifically admitted is denied.

## JURY DEMAND

State Street denies that the plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

State Street states as follows, without admitting that the following are in fact affirmative defenses or that State Street has the burden of proof on any affirmative defense:

### First Affirmative Defense

Plaintiffs' Amended Complaint, and each claim asserted therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

State Street Global Advisors is not a jural entity that can properly be named as a defendant in this action.

### Third Affirmative Defense

Plaintiffs' claims are barred because plaintiffs lack standing to bring this action.

**<u>Fourth Affirmative Defense</u>**

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, release, ratification and/or acquiescence.

**<u>Fifth Affirmative Defense</u>**

Plaintiffs, and each of them, have failed to exhaust their administrative remedies.

**<u>Sixth Affirmative Defense</u>**

Plaintiffs' claims are barred because State Street was not performing a fiduciary function with respect to the relevant conduct alleged in the Amended Complaint.

**<u>Seventh Affirmative Defense</u>**

Plaintiffs' claims are barred because and to the extent that State Street was a fiduciary of the Plan, its limited fiduciary responsibilities did not include the matters complained of in the Amended Complaint, and State Street did not breach its fiduciary duties, properly defined.

**<u>Eighth Affirmative Defense</u>**

Plaintiffs' claims are barred because they cannot overcome the presumption that State Street acted consistently with its fiduciary duties under ERISA when acting in accordance with the terms of the Plan.

## Ninth Affirmative Defense

Plaintiffs' claims are barred to the extent they concern matters of plan design and/or settlor functions.

## Tenth Affirmative Defense

Plaintiffs' claims are barred because any losses or damages alleged by plaintiffs were not caused by any alleged breach of fiduciary duty by State Street or any other act or omission by State Street.

## Eleventh Affirmative Defense

Plaintiffs' claims are barred because any losses or damages alleged by plaintiffs were proximately caused by plaintiffs' own acts or omissions, by acts or omissions by entities other than State Street, and/or by economic causes and events from matters over which State Street had no control.

## Twelfth Affirmative Defense

Plaintiffs' claims are barred by ERISA § 404(c), 29 U.S.C. § 1104(c).

## Thirteenth Affirmative Defense

Plaintiffs' claims are barred because of and to the extent of their failure to take reasonable and necessary steps to mitigate any loss, injury, or damage allegedly suffered.

## Fourteenth Affirmative Defense

Plaintiffs' claims are barred by plaintiffs' assumption of the risk.

24

## Fifteenth Affirmative Defense

Plaintiffs' claims are barred to the extent they attempt to use ERISA fiduciary duties to expand the disclosure obligations under the federal securities laws and/or to impose liability arising out of or related to disclosures made or disseminated under the federal securities laws.

## Sixteenth Affirmative Defense

Plaintiffs' allegations that give rise to their claims are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

## Eighteenth Affirmative Defense

Plaintiffs' claims are barred to the extent that class members have received all benefits due them under the terms of the Plan.

## Nineteenth Affirmative Defense

Plaintiffs' claims are barred because State Street acted in the good faith belief that its actions were lawful.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred because they cannot establish any causal link between the alleged breaches of fiduciary duty and Plaintiffs' alleged losses or damages.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred by ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), to the extent plaintiffs seek individual relief as damages.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred by ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to the extent plaintiffs seek monetary damages as individual relief and not appropriate equitable relief.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred by ERISA § 409, 29 U.S.C. § 1109, to the extent State Street was a fiduciary to the Plan, because State Street is not liable for breaches of fiduciary duty that may have occurred before State Street became a fiduciary or after State Street ceased to be a fiduciary to the Plan.

### Twenty-Fourth Affirmative Defense

Plaintiffs have waived the Amended Complaint, and each purported claim for relief therein, by reason of their own actions and course of conduct.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred as premised upon privileged conduct or actions by State Street.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because during the relevant period, the New York Stock Exchange price for Grace stock reflected all material information and the price of Grace stock was never "artificially depressed".

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

State Street presently lacks knowledge or information sufficient to form a belief as to whether they may have available additional, as yet unstated, defenses. State Street reserves the right to assert additional defenses up to and including the time of trial.

## <u>STATE STREET'S PRAYER FOR RELIEF</u>

WHEREFORE, defendants State Street Bank and Trust Company (erroneously sued herein under the name State Street Global Advisors) prays for relief and Judgment as follows:

1.      That Plaintiffs take nothing on their Amended Complaint;

2.      That the Amended Complaint and all claims against State Street be dismissed with prejudice.

3.      That this Court award State Street its reasonable attorneys' fees and costs; and

4.      That this Court grant State Street such other and further relief as the Court deems appropriate.

Dated:  March 15, 2007                    Respectfully submitted,

                                          STATE STREET BANK AND TRUST COMPANY AND
                                          STATE STREET GLOBAL ADVISORS

                                          By its counsel,

                                           /s/ Sean T. Carnathan
                                          Sean T. Carnathan (BBO #636889)
                                          (scarnathan@ocmlaw.net)
                                          O'CONNOR, CARNATHAN, AND MACK LLC
                                          8 New England Executive Park, Suite 310
                                          Burlington, MA 01803
                                          Telephone: (781) 359-9000
                                          Facsimile: (781) 359-9001

                                          -and-

                                          Scott M. Flicker
                                          (scottflicker@paulhastings.com)
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                          875 15th Street, NW
                                          Washington, DC 20005
                                          Telephone: (202) 551-1700
                                          Facsimile: (202) 551-1705

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that this Answer through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 15, 2007.


 March 15, 2007                           /s/ Sean T. Carnathan            

Date                                        Sean T. Carnathan