## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
**LAWRENCE W. BUNCH, et al.,**            )
                                          )
      **Plaintiffs,**  )
                                          )
    **v.**                    )    **Case No. 04-11380-WGY**
                                          )
**W. R. GRACE & CO., et al.,**            )
                                          )
      **Defendants.**  )
_____)

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

Defendants by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 39(a), hereby move to strike the jury demand of Plaintiffs Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller ("Plaintiffs"). Both the nature of their actions and the relief they seek are equitable; accordingly, Plaintiffs are not entitled to a trial by jury.

Plaintiffs allege that each of the Defendants is a fiduciary under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), who has breached his, her or its fiduciary duties. Bunch Complaint ¶¶ 15-30, 67-72, 78-79, 90, 98, 104,. For these alleged breaches of fiduciary duty, Plaintiffs seek a variety of injunctive, declaratory and other equitable relief. Specifically, they seek judgment:

> (A) Determining that this is a proper class action to be certified under Rule 23 of the Federal Rules of Civil Procedure; (B) Declaring that Defendants have violated the duties, responsibilities and obligations imposed upon them as fiduciaries and co-fiduciaries and that they violated the ERISA disclosure requirements as described above; (C) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure; (D) Awarding Plaintiffs, Class

members and the Plan restitution or remedial relief; (E) Awarding
Plaintiffs, Class members and the Plan pre-judgment and post-judgment
interest, as well as their reasonable attorneys' fees, expert witness fees and
other costs; and (F) Awarding such other relief as this Court may deem
just and proper.

Prayer for Relief, Bunch Complaint, p. 34.

Fed. R. Civ. P. 39(a) provides that "[t]he trial of all issues so demanded shall be
by jury, unless . . . the court upon motion or of its own initiative finds that a right of trial
by jury of some or all of those issues does not exist under the Constitution or statutes of
the United States." "[T]he starting point for determining the availability of a jury trial
under a statute is the statute itself." *Charlton Mem'l Hosp. v. The Foxboro Co.,* 818 F.
Supp. 456, 459 (D. Mass. 1993) (quoting *Fuller v. Conn. Gen. Life Ins. Co.,* 733 F. Supp.
462, 463 (D. Mass. 1990) (internal quotation marks omitted)). ERISA itself does not
provide Plaintiffs with a statutory right to a trial by jury. Thus, the only question is
whether the Plaintiffs are constitutionally entitled to a jury trial. They are not.

Under the familiar two-part test of *Tull v. United States*, 481 U.S. 412, 419
(1987), whether a plaintiff is constitutionally entitled to a jury trial depends on whether
his or her claims are best characterized as legal or equitable. This test requires (1) a
historical determination, which considers whether the modern statutory cause of action
most nearly resembles historical actions in law or equity, and (2) an examination of the
nature of the relief sought. *Chauffeurs, Teamsters & Helpers Local 391 v. Terry,* 494
U.S. 558, 565 (1990) (plurality opinion); *Tull*, 481 U.S. at 419. "Where Congress has not
expressly provided for a civil jury in the statute, . . . a jury trial must be available if the
action involves rights and remedies of the sort typically enforced in an action at law." *In*

*re Acushnet River & New Bedford Harbor*, 712 F. Supp. 994, 998 (D. Mass. 1989)

(quoting *Curtis v. Loether*, 415 U.S. 189, 194 (1974) (internal quotation marks omitted)).

This action is unequivocally equitable.  Actions for breach of fiduciary duty under

ERISA

> are examined under trust law principles and fiduciary standards.  Actions
> for breach of fiduciary duty . . . were within the exclusive jurisdiction of
> courts of equity at common law, and, thus, not triable by a jury.  In actions
> [for breach of fiduciary duty], any entitlement to monetary relief
> necessarily turns upon whether or not the fiduciary has breached its
> ERISA duties; thus, any relief sought is necessarily intertwined with the
> equitable process of resolving the ultimate issue – whether or not there has
> been a breach of fiduciary duty.  Consequently, the nature of the
> proceedings [is] inherently equitable.

*Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 816 (E.D. Va.

1995) (internal quotation marks and citations omitted).  S*ee also Charlton Mem' Hosp.*,

818 F. Supp. at 459 ("authority within this district uniformly bases the denial of a right to

a jury trial under ERISA on the theory that an ERISA action is based on the law of trusts

and the conduct of the trustee").  As a consequence, this Court has repeatedly held that

there is no right to a jury trial in an action for breach of fiduciary duty under ERISA.

*See, e.g.*, *Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co.*, 188 F.

Supp. 2d 23, 24 (D. Mass. 2002), *aff'd on other grounds*, 302 F.3d 1 (1st Cir. 2002);

*Jackson v. Truck Drivers' Union Local 42 Health & Welfare Fund*, 933 F. Supp. 1124,

1147 (D. Mass. 1996); *Vartanian v. Monsanto Co.*, 880 F. Supp. 63, 72 (D. Mass. 1995);

*see also Hampers v. W. R. Grace & Co.*, 202 F.3d 44, 54 (1st Cir. 2000) (where

plaintiff's state law claim was preempted by ERISA, district court did not err in denying his demand for a jury trial).[1]

Indeed, all of the Courts of Appeals but one have held, like the Court of Appeals for the First Circuit, that there is no right to a jury trial under ERISA. *See, e.g.*, *Rieser v. Standard Life Ins. Co.,* 159 F.App'x 374, 378 (3d Cir. 2005); *Phelps v. C.T. Enters., Inc.,* 394 F.3d 213, 222 (4th Cir. 2005); *Shaw v. Conn. Gen. Life Ins. Co.,* 353 F.3d 1276, 1286 (11th Cir. 2003); *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 996-97 (9th Cir. 2000); *Langlie v. Onan Corp.,* 192 F.3d 1137, 1141 (8th Cir. 1999); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir. 1998); *Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156, 1158, 1162 (10th Cir. 1998); *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 (2d Cir. 1998); *Mathews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir. 1998); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1323-24 (5th Cir. 1994). The only circuit not to so rule is the District of Columbia Circuit, which has not addressed the issue.

Numerous district courts have also so held; in fact, more than half a dozen have reached this result in just the past six or seven months. *See, e.g.*, *Finocchiaro v. Squire Corrugated Container Corp.*, No. 05-5154, 2007 WL 608462, at*4 n.2 (D.N.J. Feb. 23, 2007) (noting that there is no right to a jury trial under ERISA § 502(a)); *Termini v. Life*

---

[1] Here, Plaintiffs have expressly requested equitable relief. But even if they had not, because the action will turn on whether Defendants breached their duties as fiduciaries, the remedies sought "can only be characterized as equitable." *Vartanian*, 880 F. Supp. at 72. Nor does the fact that Plaintiffs are demanding as part of their relief that Defendants pay to the Grace Savings and Investment Plan any losses it may have suffered give them the right to a jury trial for the simple reason that "[t]he underlying remedies in an ERISA action, including an order to pay monies into a plan, are equitable in nature." *Charlton Mem'l* Hosp., 818 F. Supp. at 460; *see also Ramos v. Roche Prods., Inc.*, 936 F.2d 43, 50 (1st Cir. 1991) (monetary relief may be equitable where it is "incidental to or intertwined with injunctive relief") (quoting *Local 391 v. Terry*, 494 U.S. at 570-71).

*Ins. Co. of N. Am.*, No. 2:06-CV-591, 2007 WL 515408, at **2, 3 (E.D. Va. Feb. 8, 2007)

(granting motion to strike jury demand with respect to claims for benefits and breach of

fiduciary duty); *Boyan v. Coventry Healthcare of Neb., Inc.*, No. 8:06CV245, 2007 WL

119163, at *6 (D. Neb. Jan. 10, 2007) (because ERISA governs the plaintiff's claims, he

is not entitled to a trial by jury); *McLellan v. E. I. Dupont de Nemours & Co.,* No. 04-CV-

314, 2006 WL 3751583, at *9 (W.D.N.Y. Dec. 19, 2006) (same); *Whitmore v. The*

*Standard Ins. Co.*, No. 406CV1486, 2006 WL 3702671, at *3 (E.D. Mo. Dec. 13, 2006)

("There is no right to a jury trial under ERISA."); *Baumberger v. Hollywood Entm't*

*Corp.*, No. 05-1108, 2006 WL 3513648, at *5 (D. Or. Nov. 30, 2006) (same); *Gross v.*

*Hale-Halsell Co.*, No. 04-CV-0098, 2006 WL 2666993, at *4 (N.D. Okla. Sept. 15, 2006)

(same); *Cherepinsky v. Sears Roebuck and Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006)

(no right to jury trial on ERISA claims for benefits and for breach of fiduciary duty).

　　　　In an order entered without an accompanying decision, this Court recently struck

down a jury demand in a case very similar to this one, involving fiduciary breach claims

associated with offering company stock as an investment choice in an ESOP and 401(k)

plan when the company was facing financial difficulties.  *Stein v. Smith*, No. CIV. 01-

10500 (D. Mass. Nov. 15, 2004).  Plaintiffs here are no more entitled to a jury trial than

were the *Stein* plaintiffs.[2]

　　　　Based on the foregoing, Defendants respectfully request that Plaintiffs' jury

demand be stricken.

---

[2] Indeed, even Plaintiffs have recognized they are not entitled to a jury in this case.  At
the hearing held by the Court on February 27, 2007, the Court questioned Plaintiffs' jury
trial demand, asking:  "When we get to actual facts here this is jury waived, isn't it?"
Plaintiffs' counsel replied:  " . . . .  I do believe that it's a trial before the Court."  Dkt.
No. 153, 2/27/07 Tr., at 20.

Dated:  March 15, 2007                    Respectfully submitted,

                                          W. R. GRACE & CO., W. R. GRACE
                                          INVESTMENT AND BENEFITS COMMITTEE,
                                          ADMINISTRATIVE COMMITTEE, JOHN F.
                                          AKERS, HENRY FURLONG BALDWIN,
                                          RONALD C. CAMBRE, MARYE ANNE FOX,
                                          JOHN J. MURPHY, PAUL J. NORRIS, THOMAS
                                          A. VANDERSLICE, FRED E. FESTA, ROBERT
                                          M. TAROLA

                                          By their counsel,


                                          /s/ Matthew C. Hurley
                                          William W. Kannel (BBO# 546724)
                                          (wkannel@mintz.com)
                                          Donna M. Evans (BBO# 554613)
                                          (dmevans@mintz.com)
                                          Matthew C. Hurley (BBO# 643638)
                                          (mchurley@mintz.com)
                                          MINTZ, LEVIN, COHN, FERRIS,
                                             GLOVSKY and POPEO, P.C.
                                          One Financial Center
                                          Boston, MA 02111
                                          Telephone:  (617) 542-6000
                                          Facsimile:  (617) 542-2241

                                                   -and-

                                          Carol Connor Flowe
                                          (flowe.carol@arentfox.com)
                                          Caroline Turner English
                                          (english.caroline@arentfox.com)
                                          Nancy S. Heermans
                                          (heermans.nancy@arentfox.com)
                                          ARENT FOX PLLC
                                          1050 Connecticut Avenue, N.W.
                                          Washington, D.C.  20036
                                          Telephone:  (202) 857-6000
                                          Facsimile:  (202) 857-6395

STATE STREET BANK AND TRUST
COMPANY AND STATE STREET GLOBAL
ADVISORS

By its counsel,


/s/ Sean T. Carnathan
Sean T. Carnathan (BBO#636889)
(scarnathan@qoclaw.com)
O'CONNOR, CARNATHAN AND MACK, LLC
8 New England Executive Park, Suite 310
Burlington, MA  01803
Telephone:  (781) 359-9000
Facsimile:  (781) 359-9001

        -and-

Scott M. Flicker
Thomas A. Rust
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KERI EVANS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JOHN F. AKERS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | **Consolidated Under** |
| ) | **Case No. 04-11380-WGY** |
| **LAWRENCE W. BUNCH, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **W. R. GRACE & CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I filed the *Defendants' Memorandum in Support of Their Motion to Strike Plaintiffs' Jury Demand* through the ECF system.  It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on March 15, 2007.

/s/ Matthew C. Hurley

3995990v.1