IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE W. BUNCH, et al. ) | Case No. 04-11380-WGY |
| ) | |
| Plaintiffs, ) | Judge William G. Young |
| ) | |
| v. ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | |
| ) | |
| Defendants. ) | |

### BUNCH PLAINTIFFS' RESPONSE TO STATE STREET DEFENDANTS' MOTION TO STRIKE JURY DEMAND

This matter involves Defendants' participation in the liquidation of W.R Grace & Co. stock ("Company stock") from a participant directed 401(K) plan, the W.R. Grace & Co. Employees Savings and Investment Plan (the "Plan"). The Plan included as one of its several investment options the right of Plan participants to invest in Company stock through the Grace Stock Fund ("Fund").

Plaintiffs in this class action allege that the Defendants acted imprudently when they eliminated the Grace Stock Fund through the sale of 8 million shares held by participants through the Fund. Plan participants took the affirmative action of choosing to invest in Company stock. The Plan allowed Plan Participants, at any time, to reallocate the value of their holdings in the Plan into any of the other investment choices contained in the Plan. The eight million shares of Company stock held by the Grace Stock Plan

represented approximately 12% of the outstanding shares of Grace. Immediately after the liquidation, the price of the Company stock significantly increased.

Plaintiffs allege in their First Amended Complaint that Defendants violated ERISA by breaching their fiduciary duty by acting imprudently when they liquidated the Grace Stock Fund. Plaintiffs also alleged that Defendants were liable pursuant to claims for promissory estoppel and misrepresentation. At the February 27, 2007 hearing, Plaintiffs agreed to withdraw their claims for promissory estoppel and misrepresentation.

Although Plaintiffs' claims for promissory estoppel and misrepresentation may have permitted a jury trial, Plaintiffs agree with State Street's Motion that their ERISA breach of fiduciary claims are the type of claims over which the Court has sole discretionary authority. Accordingly, based on the withdrawal of the misrepresentation and promissory estoppel claims, Plaintiffs do not oppose State Street's motion to strike Plaintiffs' jury demand.

Respectfully submitted,

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

/s/ Terrence L. Goodman
James R. Cummins
Terrence L. Goodman
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail jcummins@wsbclaw.com
E-mail: terrygoodman@wsbclaw.com
E-mail: janehwalker@wsbclaw.com

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

/s/ Jeffrey C. Block
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com

**Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, Both Individually and Behalf of All Others Similarly Situated**

Dated: March 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I filed Bunch Plaintiffs' Response to State Street Defendants' Motion to Strike Jury Demand through the ECF system. It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on March 29, 2007.

/s/ Jane H. Walker
Jane H. Walker