## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | **Case No. 04-11380-WGY** |
| | ) | |
| **LAWRENCE W. BUNCH, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION OF BUNCH PLAINTIFFS TO APPROVE PROPOSED CLASS NOTICE AND PLAN OF DISTRIBUTION

### INTRODUCTION AND BACKGROUND

On March 1, 2007, this Court entered an Order granting Plaintiffs' Motion for class certification and certified the following class:

> All W.R. Grace Stock Plan participants and entities who owned shares of W.R. Grace's publicly traded common stock through the Grace Stock Plan at any time from April 14, 2003 through April 30, 2004.[1]

After the Court issued the order, counsel for Plaintiffs and Defendants conferred regarding the terms of the notice and the plan for distributing the notice. Plaintiffs understand that all of the parties are in agreement concerning the proposed notice that is attached as Exhibit "A" to this Motion and Memorandum. Additionally, the parties agree that Plaintiffs will distribute the notice through ordinary United States mail to the last known address of each member of the class. To accomplish this task, Defendants have provided to Plaintiffs' Counsel, the last known address of the members of the class. This

---

[1] Order, March 1, 2007, Docket No. 152 at 2.

motion, therefore, is unopposed; however, Defendants reserve all their rights to challenge

class certification in the future, as they deem necessary or appropriate.

## ARGUMENT

### I.    THE COURT SHOULD APPROVE THE AGREED FORM OF NOTICE AND THE AGREED PLAN OF DISTRIBUTION

Federal Rule of Civil Procedure 23 (c) provides that the Court should direct that

class notice be provided to members of the class if the class is certified pursuant to Rule

23 (b) (3). The Rule further provides that a court may direct the issuance of class notice if

the court certifies the class using rule 23 (b) (1) or 23 (b) (2).[2]  Rule 23 (c) (2) (B), states

the following:

> (B) For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
>
> - the nature of the action,
> - the definition of the class certified,
> - the class claims, issues, or defenses,
> - that a class member may enter an appearance through counsel if the member so desires,
> - that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> - the binding effect of a class judgment on class members under Rule 23(c)(3).

The agreed class notice satisfies each of the elements contained in Rule 23 (c) (2)

( A).  The notice describes the nature of the action; it states the class definition; and it

provides an explanation of the claims, issues and defenses. Further, the notice informs

class members that they can make an appearance through their own counsel and that they

---

[2] *See* Federal Rule of Civil Procedure 23 (c) (2) (A) ("For any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class.")

can exclude themselves by using the enclosed opt-out form.  Further, the notice clearly explains that members of the class that a class judgment whether favorable or unfavorable will bind all members of the class.

In addition to the mandatory requirements of Rule 23 (c) (2) (B), the notice includes information concerning the identity of class counsel, the identity of the class representatives, and directions as to how class members can obtain additional information concerning the litigation.

By mailing the class notice to the last known address of the members of the class, the plan of distribution constitutes the best notice practical. Defendants have produced a list containing the last known name and address of class members. The list identifies the class members' addresses. The list should be accurate, moreover, because the class primarily consists of current employees of Grace and the class period ended a mere three years ago. Additionally, Plaintiffs intend to track anyone whose class notice the postal service returns as undelivered. To track missing members of the class, Plaintiffs have engaged The Garden City Group-a recognized industry leader in providing class notice.

## CONCLUSION

For the reasons contained in this motion and memorandum, the Court should approve the proposed class notice and the plan of distribution. Plaintiffs further request that the Court order that anyone who seeks to opt-out from the class must do so no later than 45 days from the date class notice is distributed. Plaintiffs will insert the appropriate date in the class notice that currently is blank.

Respectfully Submitted,

**WAITE, SCHNEIDER, BAYLESS**
**& CHESLEY CO., L.P.A.**

*/s/ Terrence L. Goodman*
James R. Cummins
Jane H. Walker
Terrence L. Goodman
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267
Facsimile:  (513) 381-2375
E-mail  jcummins@wsbclaw.com
E-mail:  janehwalker@wsbclaw.com
E-mail: terrygoodman@wsbclaw.com

**BERMAN DEVALERIO PEASE TABACCO**
**BURT & PUCILLO**

*/s/ Jeffrey C. Block*
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194
Email:  jblock@bermanesq.com

**Counsel for Lawrence W. Bunch, Jerry L.**
**Howard, Sr. and David Mueller, Both**
**Individually and Behalf of All Others Similarly**
**Situated**

**Dated: April 5, 2007**