**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LAWRENCE W. BUNCH, et al.** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**W. R. GRACE & CO., et al.** )<br>)<br>**Defendants.** )<br>) | Case No. 04-11380-WGY |

**NOTICE OF CLASS ACTION TO CURRENT AND FORMER PARTICIPANTS IN THE
W. R. GRACE & CO. EMPLOYEES SAVINGS AND INVESTMENT PLAN WHO
INVESTED IN THE GRACE STOCK FUND**

**THIS IS A LEGAL NOTICE THAT MAY AFFECT YOUR RIGHTS**

**YOU ARE NOT BEING SUED**

Lawrence W. Bunch, Jerry I. Howard, Sr., and David Mueller ("Plaintiffs") filed a class action lawsuit ("Lawsuit') against W. R. Grace & Co. and several of its officers and directors (collectively referred to as the "Grace Defendants" or "Grace") and against State Street Global Advisors and several related companies (collectively referred to as the "State Street Defendants" or "State Street"). The Lawsuit concerns the 2004 liquidation of the Grace Stock Fund. The Grace Stock Fund was one of the investment options that Grace offered to participants in the W. R. Grace & Co. Employees Savings and Investment Plan ("Plan"). The Grace Stock Fund held the shares of Grace common stock that participants selected as one of their investments in the Plan.

The United States District Court for the District of Massachusetts has certified the Lawsuit as a class action. The class consists of:

**ALL W. R. GRACE STOCK PLAN PARTICIPANTS AND ENTITIES WHO OWNED SHARES OF W. R. GRACE'S PUBLICLY TRADED COMMON STOCK THROUGH THE GRACE STOCK PLAN AT ANY TIME FROM APRIL 14, 2003 THROUGH APRIL 30, 2004.**

This Notice affects your legal rights and is given to you pursuant to Rule 23 of the Federal Rules of Civil Procedure in the belief that you may be a member of the Class and that your rights may be affected by the proceedings described below.

**Please carefully read the notice** to determine if your rights are affected by being a member of the class and whether you want to remain a member of the class.

This notice explains:

A. The Lawsuit and the Court's Rulings.
B. The Class Members, i.e., Those Who Might Benefit from the Lawsuit.
C. The Court Has Not Decided Who Will Win This Case.
D. The Right of Class Members to Opt-Out of the litigation.
E. How to Get More Information.

**A.  The Lawsuit and the Court's Rulings**

This Lawsuit is intended to recover the loss that participants in the W. R. Grace & Co. Employees Savings and Investment Plan (the "Plan") suffered when Defendants sold the Grace common stock held in the Grace Stock Fund. In their class action complaint, plaintiffs Lawrence W. Bunch, Jerry I. Howard, Sr., and David Mueller allege that the Grace Defendants and the State Street Defendants violated their responsibilities under the Employee Retirement Income Security Act of 1974 ("ERISA") when all of the shares of Grace common stock in the Grace Stock Fund were sold during the spring of 2004. Mr. Bunch, Mr. Howard, and Mr. Mueller are Grace employees and Plan participants who selected the Grace Stock Fund as one of their investment options.

Plaintiffs claim that the sale of all of the shares of Grace common stock in the Grace Stock Fund was unreasonable and was not in the interest of Plan participants. Plaintiffs maintain that the participants' ownership of Grace common stock through the Grace Stock Fund was an appropriate and prudent investment. The sale of the Plan's holdings in Grace common stock denied participants the right to enjoy the significant increase in price that Grace common stock experienced after the sale of the stock.

Plaintiffs also claim that the State Street Defendants breached their duty to Plan participants and damaged Plan participants through self-dealing. Plaintiffs claim that State Street unlawfully engaged in self-dealing by purchasing Grace common stock for itself and its affiliates at the same time it was selling Grace common stock from the Grace Stock Fund while telling participants that Grace common stock was an imprudent investment. The Grace Defendants are liable for the self-dealing as a co-fiduciary and for failing to monitor State Street.

The Defendants generally deny the legal theories advanced by the class action complaint and are vigorously defending against the action. All of the Defendants, in fact, deny that any unlawful activity occurred.

The Grace Defendants, for example, claim that Grace is not responsible for any damages from the sale of Grace common stock because it hired State Street to serve as an independent fiduciary to avoid potential conflicts of interest. According to Grace, to the extent a breach of fiduciary duty occurred (a claim that it denies), State Street as the independent fiduciary bears all of the responsibility for the sale of the Grace common stock. The Grace Defendants also claim that it was unaware of any self-dealing and did not participate in any self-dealing; to the extent that State Street engaged in self-dealing, State Street solely is responsible.

The State Street Defendants deny that they engaged in self-dealing. State Street further claims that it undertook an appropriate investigation before it sold the Grace Stock Fund's holdings of Grace common stock.

The Court ruled on March 1, 2007 that the case should proceed as a class action and that Plaintiffs' Complaint properly stated claims for breach of fiduciary duty under ERISA,

**B.    The Class Members--Those Who Are Affected By The Lawsuit**

The Plaintiffs, as class representatives and on behalf of others similarly situated, brought this action to benefit Grace Plan participants whose investment in Grace common stock through the Grace Stock Fund was sold during the spring of 2004. If you are a Grace Plan participant, who invested in the Grace Stock Fund the outcome of this case could affect your rights. The Court has certified the following class:

> All W. R. Grace Stock Plan participants and entities who owned shares of W. R. Grace's publicly traded common stock through the Grace Stock Plan at any time from April 14, 2003 through April 30, 2004.

**C.    The Court Has Not Decided Who Will Win This Lawsuit**

This Notice is not an expression by the Court of any opinion of wrongdoing. The Court's order of class certification and the denial of Defendants' Motions to Dismiss do not indicate and should not be construed to mean that Plaintiffs' claims are meritorious. The Court has not expressed an opinion as to the merits of the Plaintiffs' allegations or the Defendants' answers and defenses. The Court has not yet expressed an opinion as to whether one party or the other will prevail. Those issues will be decided by future motion or at trial.

3

**D.     The Right Of Class Members To Opt-Out Of The Litigation**

You may participate in this Lawsuit as a member of the Class or exclude yourself from the Class. This is a decision you must make now.

**(1)     Staying In The Class** - If you wish to remain a member of the Class, you need do nothing and your rights in the class action lawsuit will be pursued by the named Plaintiffs as class representatives and by the law firm representing the class ("Class Counsel"). The law firm that is serving as Class Counsel is:

> **WAITE, SCHNEIDER, BAYLESS
> & CHESLEY CO., L.P.A.**
> Stanley M. Chesley
> James R. Cummins
> Jane H. Walker
> Terrence L. Goodman
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, Ohio  45202
> Telephone:  (513) 621-0267
> Facsimile:  (513) 381-2375

In addition to Class Counsel, the following law firm is serving as local counsel and is assisting Class Counsel:

> **BERMAN DEVALERIO PEASE TABACCO
> BURT & PUCILLO**
> One Liberty Square
> Boston, Massachusetts 02109
> Telephone:  (617) 542-8300
> Facsimile:  (617) 542-1194

By remaining a member of the Class, you will share in any recovery that Plaintiffs obtain by winning or by settlement. As a class member, you also are bound by any favorable or unfavorable judgment, verdict, award, release, settlement or other ruling of the Court in the Lawsuit.

**Your employment status will not be affected if you remain a member of the class.**

As a Class member, you will not have to pay for the costs of the Lawsuit; you will not be personally responsible for the payment of any expenses, or the attorneys' fees for Class Counsel incurred because of the Lawsuit. If the Lawsuit is successful and a recovery is obtained for the Class, either through settlement or judgment, Class Counsel will apply to the Court to approve the payment of reasonable attorneys' fees

4

and expenses. If the Lawsuit is unsuccessful, you will <u>not</u> be personally responsible for, and will <u>not</u> have to pay any attorneys' fees or expenses. At any time during the Lawsuit, you may also participate through your own counsel, at your own expense, though that is not necessary for your rights to be protected.

**(2)** **<u>Excluding Yourself From The Class</u>** - If you exclude yourself from the Class, you will <u>not</u> be part of the Lawsuit. You will also not be bound by any judgment in the Lawsuit, will <u>not</u> be entitled to share in any settlement or recovery obtained by plaintiff and the Class in the Lawsuit, and you will be free to pursue, at your own expense, whatever legal rights you may have. If you wish to exclude yourself from the Class, you must complete the enclosed Request for Exclusion Form and mail it to:

> Grace Stock Fund Litigation
> The Garden City Group
> 105 Maxess Road or PO Box to be assigned
> Melville, New York 11747

Please do not send requests for exclusion to the Court. Your written request for exclusion must be postmarked on or before _____ \_\_\_, 2007.

**IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASS, OR IF YOUR EXCLUSION REQUEST IS POSTMARKED AFTER \_\_\_\_\_ \_\_\_\_, 2007, YOU WILL REMAIN A MEMBER OF THE CLASS, AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS IN THIS LAWSUIT. YOU WILL NOT BE ABLE TO FILE, PARTICIPATE IN OR CONTINUE ANY OTHER LAWSUIT OR PROCEEDING BASED ON OR RELATING TO THE CLAIMS, CAUSES OF ACTION, FACTS OR CIRCUMSTANCES OF THIS CASE.**

**E.** **How to Get More Information**

If you would like more information about this notice or about the case, you may contact the class-action plaintiffs' attorneys in writing or by calling.

> **WAITE, SCHNEIDER, BAYLESS**
> **& CHESLEY CO., L.P.A.**
> Attention:
> James R. Cummins
> Jane H. Walker
> Terrence L. Goodman
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, Ohio  45202
> Telephone:  (513) 621-0267

The Court papers filed in this case are available for inspection in the Office of the Clerk for the United States District Court for the District of Massachusetts. The case is captioned as follows: *Lawrence W. Bunch, v. W. R. Grace & Co.*, Case No. 04-11380-WGY.

You also may view Court papers on line through the following service: Public Access to Court Electronic Records (PACER). You may access PACER at the following web site: http://pacer.psc.uscourts.gov/. PACER is the Federal Judiciary's centralized registration, billing, and technical support center for electronic access to U.S. District, Bankruptcy, and Appellate court records.

**PLEASE DO NOT CALL** United States District Court Judge Young or the Clerk of the Court. They will not be able to answer your questions about this case.

..................................................................................................

## EXCLUSION FORM

I wish to **exclude myself** as a member of the class in the lawsuit: *Lawrence W. Bunch, v. W. R. Grace & Co.* I understand that this request will prevent me from receiving any money from a favorable verdict or settlement. I also understand that I will not be bound by an unfavorable verdict.

*(Please Print or Type)*

Name: _____

Address: _____

_____

_____

Signature: _____Date:_____

**INFORMATION CONCERNING EMPLOYMENT AT W.R GRACE**

Location of Grace Facility or office where Participant worked: _____

Title or Position of Participant at Grace in 2003-2004:_____

Years worked at Grace- From: _____To:_____

Send Form To:
Grace Stock Fund Litigation
The Garden City Group or PO Box to be assigned
105 Maxess Road
Melville, New York 11747