## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Evans et al.,**          **Plaintiffs,** <br> v. <br> **Akers et al.,**         **Defendants.** <br><br> **Bunch et al.,**         **Plaintiffs,** <br> v. <br> **W.R. Grace & Co. et al.,**         **Defendants.** | **Cases Consolidated As:** <br> **1:04-cv-11380-WGY** |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND
### THE CONSOLIDATED AMENDED COMPLAINT TO ADD MARK SIAMIS
### AS A CLASS REPRESENTATIVE OR, IN THE ALTERNATIVE,
### TO INTERVENE PLAINTIFF MARK SIAMIS

Pursuant to Rules 15, 21 and 24 of the Federal Rules of Civil Procedure, and in accordance with Local Rule 7.1, Plaintiffs Keri Evans and Timothy Whipps ("Plaintiffs" or "Evans Plaintiffs") hereby move that this Honorable Court grant Plaintiffs leave to amend the Consolidated Amended Complaint ("Complaint") to add Mark Siamis as a class representative, or in the alternative, to intervene Plaintiff Mark Siamis, a current participant in the W.R. Grace & Co. Savings & Investment Plan ("the "Plan"), as Plaintiff, and in support state as follows:

      1.     The Evans Plaintiffs assert breach of fiduciary duty claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") arising from Defendants'

fiduciary misconduct in the management and administration of the Plan which caused significant losses to the Plan, its participants and beneficiaries during the Class Period of July 1, 1999 through April 19, 2004.

2. On August 22, 2005, Plaintiffs' case was consolidated with another ERISA action (the "*Bunch* action"), which also alleged breach of fiduciary duty claims against Defendants, although based on entirely different factual predicates, legal theories, and class period. On December 6, 2006 this Court entered an Order denying Plaintiffs' Motion to Certify Class and dismissing the Evans Plaintiffs, because it determined that Plaintiffs lacked statutory standing under ERISA. The *Bunch* action is proceeding before this Court under the consolidated caption.

3. Plaintiffs seek leave to amend their Complaint to add Mark Siamis as a class representative or in the alternative to intervene Mr. Siamis as a named plaintiff. As grounds for this motion, Plaintiffs state that (1) Mr. Siamis is a current participant of the Plan and as such he has statutory standing under ERISA § 502(a)(2) to assert the instant breach of fiduciary duty claims on behalf of the class against Defendants; (2) neither Mr. Siamis nor the putative class members he seeks to represent may bring an individual action under ERISA § 502(a)(2) to assert the instant breach of fiduciary duty claims to recover their individual losses in retirement savings caused by Defendants fiduciary breaches; (3) Plaintiffs' motion is timely as it is being made as soon as practicable; (4) prior to this Court's December 9, 2006 Order denying class certification, Mr. Siamis had no reason or obligation to seek active participation in this class action; (5) because Mr. Siamis seeks to assert substantively identical claims as those set forth in the Evans Plaintiffs' First Amended Complaint, which Defendants did not seek to dismiss, the

{00011886.DOC ; 1}2

proposed amendment is not futile, and Defendants will not be unfairly surprised or unduly prejudiced by granting leave to amend the complaint or intervene Mr. Siamis as a named plaintiff; (6) denial of leave to amend or intervene Mr. Siamis as a plaintiff will impair his ability to protect his interests and the interests of the putative class he seeks to represent; and (7) because the *Bunch* action, which is proceeding under the consolidated caption, rests upon a different theory of liability against different defendants (although there is some overlap), is based upon different underlying factual predicates, and involves a significantly abbreviated class period, the interests of Mr. Siamis and the putative class members he seeks to represent are not being adequately protected.

In further support of this motion, Plaintiffs respectfully refer the Court to the Memorandum of Law filed herewith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor to allow Plaintiffs to amend the complaint, or in the alternative to intervene Mr. Siamis as a plaintiff in this action.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiffs request oral argument on this motion, but waive this request if the Court grants the motion in their favor without a hearing.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Undersigned counsel certify that they have conferred with Defendants' counsel in a good faith effort to resolve or narrow the issues raised by this Motion, but were unable to do so.

| | |
|---|---|
| Dated:  May 30, 2007 | Respectfully submitted, |

                                      **GILMAN AND PASTOR, LLP**

By:   /s/  David Pastor
       David Pastor
       225 Franklin Street, 16th Floor
       Boston, MA 02110
       Telephone: (617) 742-9700
       Facsimile: (617) 742-9701

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
Lisa Mellas
**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:   (610) 667-7056