**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Evans et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>Akers et al.,<br><br>          Defendants.<br><br>Bunch et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>W.R. Grace & Co. et al.,<br><br>          Defendants. | **Cases Consolidated As:**<br>**1:04-cv-11380-WGY** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND
CONSOLIDATED AMENDED COMPLAINT TO ADD MARK SIAMIS
AS A CLASS REPRESENTATIVE OR, IN THE ALTERNATIVE,
TO INTERVENE PLAINTIFF MARK SIAMIS**

Plaintiffs Keri Evans and Timothy Whipps ("Plaintiffs" or "Evans Plaintiffs"), through their undersigned counsel, move for leave to amend the First Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act of 1974 or, in the alternative, to intervene Mark Siamis ("Mr. Siamis") as an additional representative Plaintiff in the above-captioned action. Mr. Siamis, an employee of W.R. Grace & Co. from 1983 through August 16, 2006, is a resident of the state of Illinois and is a "current" participant in the W.R. Grace & Co. Savings & Investment Plan (the "Plan").[1]

---

[1] *See* Mr. Siamis's redacted Plan account statement reflecting his status as a current participant, a copy of which is attached hereto as Exhibit "A."

The proposed Second Amended Complaint, a copy of which is attached hereto as Exhibit "B," is virtually identical to Plaintiffs' First Amended Complaint.  Leave to amend is sought for the limited purpose of having Mr. Siamis serve as a representative for the putative class and, as set forth below, is appropriate under the circumstances present here.

## I.    PROCEDURAL HISTORY AND FACTUAL SUMMARY

Plaintiffs filed their Amended Complaint on December 19, 2005 (the "First Amended Complaint" or "Complaint") alleging that Defendants – fiduciaries of the Plan pursuant to ERISA – violated their fiduciary obligations to members of the class.

Specifically, the Complaint alleges that Defendants improperly allowed participant and Company matching contributions during the Class Period[2] -- as well as the Plan's  invested assets at the start of the Class Period -- to be heavily invested in Grace stock despite their knowledge that such investments were imprudent due to non-disclosed information pertaining to, *inter alia*: (1) the Company's massive asbestos litigation liability; (2) the rising number of newly-filed asbestos-related suits during the Class Period; (3) the Company's under-funding of its asbestos litigation reserves/funds; (4) the Company's impending collapse due to these factors; and (5) W.R. Grace's doomed and costly attempt to shield itself from litigation liability through asset sales.  On January 24, 2006, Defendants implicitly acknowledged the legal adequacy of Plaintiffs' breach of fiduciary duty claims under ERISA and answered the Complaint.

A separate case was filed in the United States District Court for the Eastern District of Kentucky alleging different breaches of fiduciary duty by the Plan's fiduciaries (the "*Bunch* action").  The *Bunch* action, alleging fiduciary failures in the divestment of the Plan's holdings in Grace stock, was transferred to the District of Massachusetts and consolidated with the *Evans* action by Order dated August 23, 2005.

---

[2]  The Class Period begins on July 1, 1999 and runs through April 19, 2004.

On May 15, 2006, the Evans Plaintiffs and the Bunch Plaintiffs moved separately for class certification. On December 6, 2006, after full briefing and oral argument, this Court entered an order denying the Evans Plaintiffs' motion for class certification, based on its determination that Plaintiffs were not "participants" within the meaning of ERISA. *See Evans v. Akers*, 466 F. Supp. 2d 371, 378 (D. Mass. 2006) ("Since the Plaintiffs lack standing, they may not seek relief on behalf of the class . . . Accordingly, the Motion to Certify Class. . . is denied. This case must be, and hereby is, dismissed."). A class was certified in the *Bunch* action on March 1, 2007. *See Evans v. Akers, et al.,* No. 1:04-cv-11380 (D. Mass), PACER Docket Report, March 1, 2007 Order, D.E. No. 152.

On December 18, 2006, Plaintiffs timely filed a Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) with the First Circuit, which was denied on April 9, 2007. Plaintiffs also filed a Notice of Appeal pursuant to 28 U.S.C. 1291 on January 3, 2007, which was docketed with the First Circuit on January 22, 2007. The First Circuit has entered a briefing schedule and Plaintiffs' opening brief and appendices are currently due on June 29, 2007. At the direction of the First Circuit, among the issues to be considered is "whether a final appealable judgment has yet been entered" by this Court. *See* Order of Court, April 9, 2007, attached hereto as Exhibit "C."

The *Bunch* action is proceeding in this Court under the consolidated caption. However, the *Bunch* action does not adequately represent the interests of Mr. Siamis and the putative class. Mr. Siamis and the putative class members he seeks to represent maintain that Plan losses caused by Defendants' fiduciary breaches are significantly greater in scope and duration, resulting in harm to a broader population of Plan participants than the allegations contained in the *Bunch*

Complaint.[3]  Moreover, the two actions assert differing theories of liability – indeed the *Bunch* action focuses largely on the actions of the Plan's investment manager, State Street – another fact that militates in favor of allowing leave to amend or intervene.

Mr. Siamis, a member of Plaintiffs' putative class until the denial of class certification, promptly seeks to join in this action.  As demonstrated below, under the totality of the circumstances, Plaintiffs and Mr. Siamis respectfully submit that they should be permitted to amend the Complaint or Mr. Siamis should be permitted to intervene as a representative Plaintiff (as of right or by permission of the Court).

## II.     ARGUMENT

Plaintiffs should be granted leave to amend to add Mr. Siamis as a representative plaintiff pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 21.  In the alternative, Plaintiffs request leave for Mr. Siamis to intervene as a representative plaintiff pursuant to Fed. R. Civ. P. 24, either as of right or by permission.  As demonstrated below, the purposes and policies behind Fed. R. Civ. P. 23, coupled with ERISA's remedial provisions, makes amendment or intervention eminently appropriate, and this Court should use its broad discretion to permit Mr. Siamis to be added as a class representative.

### A.     The Rules and Policies Governing Class Actions Support Plaintiffs' Request for Leave to Amend or in the Alternative Intervene

"[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).  Given the policies behind Rule 23 and the

---

[3]  On March 1, 2007, this Court certified a class in the *Bunch* action with a class period of April 14, 2003 through April 30, 2004.  Because Plaintiffs and Mr. Siamis seek represent Plan participants between July 1, 1999 and April 19, 2004, even setting aside the theoretical differences between the cases, the alleged damages to the Plan as a whole are significantly reduced and a significant percentage of putative class members in the *Evans* actions will likely be completely excluded from any recovery in the *Bunch* Action.

presiding court's inherent authority to manage a class action, it is not surprising that the rule

itself contemplates leave to amend to permit the addition or intervention of additional parties.

Fed. R. Civ. P. 23(d) (2) provides, in relevant part:

> In the conduct of actions to which this rule applies, the court may make appropriate orders . . . requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, *to intervene and present claims or defenses, or otherwise to come into the action*. . . ."  (emphasis added).

*See also, In re Enron Corp. Securities, Derivative & "ERISA" Litig*., No. 01-CV-3624, 2004 WL

405886, at *1, n. 2 (S.D. Tex. Feb. 25, 2004) (leave to intervene granted with court noting that

"Rule 23(d)(2) 'empowers the court in any type of class action to encourage members of the

class to intervene and present claims or defenses, or otherwise to come into the action . . . .'")

(*quoting Vuyanich v. Republic Nat'l Bank of Dallas*, 82 F.R.D. 420, 436 (N.D. Tex. 1979) and

Rule 23(d)(2)).  Rule 23(d)(2) gives district courts "great discretion to allow intervention for two

purposes:  *for the protection of the members of the class or otherwise for the fair conduct of the

action." Id.* (emphasis added).

As demonstrated below, leave to amend or intervene is appropriate here.

**B.    Leave to Amend is Warranted Under Both Rule 15 and Rule 21**

Leave to amend to add Mr. Siamis as a Plaintiff-representative is appropriate under the

standards set forth in Federal Rules of Civil Procedure 15 and 21.  As set forth below, leave to

amend is to be freely given particularly where, as here, Plaintiffs have made a timely request that

if granted will not unduly prejudice Defendants.  In addition, no undue delay will result from the

addition of Mr. Siamis as a representative of the proposed Class – in fact, adding Mr. Siamis to

this litigation may expedite the proceedings for a number of reasons including that it may result in obviating the need for full appellate consideration of the issues.

Fed. R. Civ. P. 15 governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part that: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "[T]he liberal amendment policy of Rule 15(a) is a mandate to be heeded." *Spear v. Somers Sanitation Service, Inc.*, 162 F.R.D. 1 (D. Mass. 1995), citing *Foman v. Davis*, 371 U.S. 178 (1962).

The Supreme Court has specifically addressed the policies favoring amendment behind Rule 15:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ***the leave sought should, as the rules require, be 'freely given.'*** Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, ***but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules***.

*Id.* at 2 (emphasis added).

In the absence of prejudice to the opposing party, "leave to amend in most cases should be allowed." *City of Manchester v. National Gypsum Company*, 637 F. Supp. 646, 649 (D.R.I. 1986); *Corey v. Look*, 641 F.2d 32, 38 (1st Cir. 1981). In defining prejudice to the opposing party, courts have analyzed whether the proposed amendment would result in "a grave injustice to the defendants" or whether it would result in "an undue difficulty in prosecuting the lawsuit as a result of the change in tactics or theories."

*Pendley v. Komori Printing Machinery Co., Ltd.*, 1990 WL 17152, at *3 (citations omitted).

Leave to amend is also appropriate pursuant to Rule 21, which provides, in pertinent part, that: "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. *See also Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F. Supp. 1478, 1486 (D. Mass. 1989) ("ordinarily the correct mechanism for adding a party is by court order, pursuant to Rule 21"). "The primary function of Rule 21 is to avoid multiple litigation and to promote liberal joinder of parties." *City of Manchester v. National Gypsum Co.*, 637 F. Supp. at 657 (citing *Halladay v. Verschoor,* 381 F.2d 100 (8th Cir.1967)). The standards for granting leave to amend under Rule 15 and adding parties under Rule 21 are "similar and interrelated" requiring a determination of whether it would "unduly prejudice any parties to the action." *Id.*

### 1.  Plaintiffs' Motion to Amend to Add Mr. Siamis as a Representative Plaintiff is Timely

Mr. Siamis's request to for leave to amend or intervene in this case is timely. Mr. Siamis is a former employee of W.R. Grace & Co. and resident of Illinois. He seeks to join this action as a result of the Court's denial of class certification and findings with respect to the standing of the original named plaintiffs (Evans and Whipps) to bring claims on behalf of the class.

Given the policy and the purposes behind Fed. R. Civ. P. 23, he had no obligation or need to seek active participation in this case as a representative Plaintiff prior to the dismissal of the named plaintiffs. To the contrary, requiring him to do so sooner would be at cross purposes with Rule 23 and its relevant interpretive case law. As the Supreme Court recognized:

> Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; *Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their*

*claims*. And a class complaint 'notified the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment . . .

*Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352-53 (1983), citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 555 (1974) (emphasis added); *see also American Pipe*, 414 U.S. at 764 ("A federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions.").[4]

Another court, in discussing the considerations which influenced its decision to apply *American Pipe* tolling, observed:

> "Nor . . . is there anything singular or peculiar with respect to "standing" that would generally prevent application of the other consideration expressed in *American Pipe* – the concern that where to disallow the class action is made upon 'subtle factors,' a rule 'requiring successful anticipation of the viability of the class would breed needless duplication of motions [to intervene]. Standing questions are ones with which both skilled counsel and skilled courts sometimes experience considerable difficulty, even after extensive discovery . . . I can see no more reason as a general matter, to require a passive class member to anticipate the existence of and ultimate ruling upon that question than to require him to do so with respect to questions of numerosity, commonality or typicality. . . " I conclude, accordingly, that the fact that a class action is disallowed because the class representative lacks "standing" does not, *per se*, prevent application of the *American Pipe* tolling rule. *Haas v. Pittsburg National Bank, supra*. …

*Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1193 (W.D. Mo. 1983).

---

[4] In *American Pipe and Construction Co.*, the Supreme Court ruled that "the commencement of the original class suit tolls the . . . statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." In *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983), the Court extended *American Pipe's* tolling provisions to all putative class members, not just those who seek to intervene after denial of class certification.

Further expanding on these rationales, the Seventh Circuit summarized the standard for

determining timeliness:

> [a]lthough the parties debate when counsel first learned that the
> *Crawford* class could be a superset of the *Blair* and *Wilbon*, classes,
> we need not address that issue.  Let us assume that Blair and Wilbon
> knew from the get go about the relation among the classes.  Why
> should that have prompted intervention?   The class device is
> designed to avoid the need for class members to become parties. . .
> A representative plaintiff acts as fiduciary for the others.   Only
> when the class members suspect that the representative is not acting
> in their best interests is there a need to intervene.  This means that
> delay must be measured from the time the would-be intervenors
> learned (or should have known) of the representative's
> shortcomings*.   United Airlines, Inc. v. McDonald*, 432 U.S. 385,
> 394, (1977) (intervention by a member of the class is timely when
> intervenor acts 'as soon as it [becomes] clear . . .that the interests of
> the unnamed class members would no longer be represented by the
> named class representatives.")

*Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 880-81 (7th Cir. 2000); *See also*

*Yang v. Odom*, 392 F.3d 97, 111 (3d Cir. 2004) ("Since *American Pipe*, **it has been well-settled**

**that would be class members are justified - even encouraged - in relying on a class action to**

**represent their interests with respect to a particular claim or claims**, and in refraining from the

unnecessary filing of repetitious claims.")(citing *American Pipe*, 414 U.S. at 550) (emphasis

added).

Plaintiffs respectfully submit under the facts and applicable law, there has been no undue

delay in seeking the relief requested in this motion.

> **2.      No Bad Faith or Dilatory Motive Exists and There is No Failure to
> Cure Deficiencies by Previously Allowed Amendments**

Plaintiffs are not motivated by dilatory motives or bad faith.  To the contrary, they merely

move to protect the interests of the putative class members.  Moreover, Plaintiffs' proposed

amendment does not seek to cure deficiencies that they have failed to remedy in previous

amendments.

Furthermore, adding Mr. Siamis as a representative Plaintiff will not in any material way delay the proceedings by changing the relevant legal issues or claims. The underlying fiduciary breaches alleged by the new proposed class representatives are identical to those brought by Plaintiffs and thus amendment to the substantive portions of the Complaint is unnecessary.

If anything, the addition of this new proposed class representative may actually *save* time and resources for the parties and this Court particularly when balanced against the delay that would result from the filing of a new action.[5] In *Hackner v. Guaranty Trust Co. of New York*, 117 F.2d 95 (2d Cir. 1941), the Second Circuit was faced with a similar set of circumstances. In *Hackner*, plaintiffs sought to strike the original party plaintiff and add two new plaintiffs. The district court dismissed the entire complaint for lack of jurisdiction. *Id*. at 97. The Second Circuit reversed as to one of the new plaintiffs, Eastman, holding:

> Hence no formidable obstacle to a continuance of the suit appears here, whether the matter is treated as one of amendment or of power to substitute parties, Federal Rule 21, or of commencement of a new action by filing a complaint with the clerk, Rule 3. In any event we think this action can continue with respect to Eastman *without the delay and expense of a new suit, which at long last will merely bring parties to the point where they are now*.

*Id*. at 98 (emphasis added).

### 3.    The Addition of the Proposed Plaintiff Would Not Cause Prejudice

Granting leave to amend to add Mr. Siamis as a representative Plaintiff will not cause prejudice to Defendants. As stated herein, the proposed amended complaint will contain the identical factual and legal allegations on behalf of the same putative class. Defendants have been fully aware of these allegations since at least June 17, 2004, when the initial complaint was filed in this matter, and accordingly cannot claim unfair surprise.

---

[5] Mr. Siamis and the putative class members he seeks to represent are entitled to bring an entirely new action against Defendants and, if necessary, may commence a separate class action.

Likewise, Defendants will not be prejudiced by continuing litigation in the instant action while simultaneously litigating the *Bunch* action. Until the dismissal of their claims upon their motion for class certification, this case and the Bunch case, because they were consolidated, proceeded jointly with discovery. To Plaintiffs' knowledge, Defendants produced the same set of documents in both actions, and the parties engaged in mediation with Defendants and both sets of Plaintiffs in August 2006. Accordingly, since it was Defendants who originally sought consolidation of the cases on the grounds that "[t]hese cases involve common parties and common issues of fact and law; namely whether Defendants breached their fiduciary duties under ERISA, in connection with the acquisition and holding of stock in W.R. Grace & Co. Savings and Investment Plan", there is no danger of prejudice to Defendants. *See* Defendants Motion to Consolidate, D.E. 26-2 at 1.

### 4.    Granting Leave to Amend Would Not be Futile

Leave to amend "may be denied as futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *Petrarca v. Southern Union Co., New England Gas Co.*, No. 04-CV-310, 2007 WL 1074747, at *1 (D.R.I. April 6, 2007), citing *Glassman v. Computervision Corp.* 90 F.3d 617, 623 (1st Cir. 1996). In assessing futility, the standards governing the propriety of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies.

Leave to amend to add Mr. Siamis as a representative Plaintiff would not be futile. There will be no substantive changes to the factual allegations and legal claims set forth in the December 19, 2005 Complaint, which Defendants have implicitly conceded passes Rule 12(b)(6) muster since they did not seek to dismiss Complaint in whole or in part. Rather, Defendants answered the Complaint January 24, 2006. Moreover, because Mr. Siamis is still a "current

participant" in the Plan, he will not be subject to the same grounds for dismissal as Plaintiffs Evans and Whipps.

**D.      Intervention is Also Appropriate Under Fed. R. Civ. P. 24**

Fed. R. Civ. P. 24 governs intervention.  There are two bases for intervention:   as of right and by permission.  Rule 24 provides in pertinent part:

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action . . .(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interests, unless the applicant's interest is adequately represented by existing parties.

> (b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Courts addressing motions for intervention in a class action follow the same analysis applicable in any other proceeding.  *See In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 344 (D.Mass. 2005), citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1799.

Intervention as of right is proper if four conditions are met: "(1) a timely motion, (2) an interest relating to the property or transaction which is the subject of the action, (3) a risk that the action may impair the intervenor's ability to protect its interest, and (4) lack of adequate representation by the existing parties."  *Nextel Commc'n of the Mid-Atlantic, Inc. v. Town of Hanson*, 311 F. Supp. 2d 142, 150 (D. Mass. 2004), citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989).

In evaluating whether permissive intervention is appropriate the court "shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. at 345, citing Rule 23(b).  The court in its discretion may allow permissive intervention, if it determines that all of the prerequisites for intervention as of right are not met.  *Id.*   However, there is "less discretion to limit the participation of an intervenor as of right than that of a permissive intervenor."  *International Paper Co. v. Town of Jay*, 887 F.2d 338, 344 (1st Cir. 1989), quoting *Stringfellow v. Concerned Neighbors in Action*, 480 US. 370, 382 (1987).

### 1.      Plaintiffs' Motion to Intervene is Timely

As with motions for leave to amend, timeliness is a prerequisite for determining the propriety of intervention as of right or by permission.  The First Circuit has established four factors for evaluating timeliness:  "(i) the length of time the prospective interveners knew or reasonably should have known of their interest before they petitioned to intervene; (ii) the prejudice to existing parties due to the intervener's failure to petition for intervention promptly; (iii) the prejudice the prospective interveners would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against intervention.  *Id.* (citing *Culbreath v. Dukakis*, 630 F.2d 15, 17, 20-24 (1st Cir. 1980)).

The court measures timeliness "from the point at which the applicant knew, or should have known, of the risk to its rights."  *In re Sonus Networks, Inc.*, 229 F.R.D. at 346, citing *In re Safeguard Scientifics*, 220 F.R.D. 43, 47 (E.D. Pa. 2004) (citations omitted).  As detailed above with respect the timeliness requirement of Fed. R. Civ. P. 15 governing amended pleadings, Mr. Siamis had no reason or legal obligation to seek intervention in this matter prior to this time,

because he had every reason to believe the Plaintiffs Evans and Whipps were adequately representing his interests.

The existing parties will not suffer any prejudice by allowing Mr. Siamis to intervene. The request to intervene has been made as soon as practicable.    Moreover, Mr. Siamis seeks to assert claims identical to those asserted by Plaintiffs Evans and Whipps.    The underlying fiduciary breaches alleged by the new proposed class representatives are identical to those brought by Plaintiffs in their December 19, 2005 Complaint.

In contrast, however, Mr. Siamis and the putative class members he seeks to represent will suffer extreme prejudice if he is not permitted to intervene.    As detailed above, given the significant substantive differences between Plaintiffs' and Mr. Saimis's claims and those asserted in the *Bunch* action, as well as the different proposed class periods, a significant number of putative class members adversely affected by Defendants' fiduciary breaches between July 1, 1999 and April 13, 2004 will not be able to recover their lost retirement savings.

Mr. Siamis respectfully submits that his request to intervene, either as of right or by permission, is timely.

### 2.    Mr. Siamis Satisfies All Requirements for Intervention as of Right

In addition to timeliness, there are three other conditions that must be satisfied to in order to intervene as of right.    A proposed intervenor must demonstrate: an interest relating to the property or transaction which is the subject of the action; a risk that the action may impair his or her ability to protect their interests; and a lack of adequate representation by the existing parties. Given the representative nature of remedial relief available under ERISA, coupled the with the differences in factual predicates and alleged Class Period compared to the *Bunch* action, Mr. Siamis easily satisfies all requirements for intervention as of right, as described below.    Further,

the facts and circumstances discussed above regarding the request for leave to amend the complaint also support his claim that he is entitled to intervene as of right.

>       a.      **Mr. Siamis has a direct and substantive interest in the subject of this class action**

Under Rule 24(a)(2), the proposed intervener must show that he has a "direct and substantive" interest in the subject of the action. *Avery v. Heckler*, 584 F. Supp. 312, 316 (D.Mass. 1984), citing *United States v. Mass. Maritime Academy*, 76 F.R.D. 595, 597 (D.Mass. 1977). "Potential economic harm to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry." *Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998).

Mr. Siamis most certainly has the requisite direct and substantive interest to intervene as of right. He seeks recovery of Plan losses sustained between July 1, 1999 and April 19, 1994. In the absence of intervention, there will be no class representative asserting claims on behalf of the Plan and its participants who were adversely affected by losses stemming from Defendants' alleged fiduciary misconduct during the proposed Class period. Accordingly, as described in the Complaint, there is no doubt that Mr. Siamis (as well as the rest of the putative Class) has a "direct and substantive" interest in the subject of this action.

>       b.      **Denial of intervention will impair Mr. Siamis's and the class members' ability to protect their interests**

Furthermore, denial of intervention will certainly substantially impair Mr. Siamis's ability to protect the interests of the Plan and its participants who suffered losses between July 1, 1999 and April 19, 2004. As discussed above, Mr. Siamis seeks intervention to assert claims breach of fiduciary duty claims identical to those of Plaintiffs Evans and Whipps, as set forth in the Complaint. Since such claims may only be brought in a representative capacity under ERISA § 502(a)(2) on behalf of the Plan, denial of his request to intervene as a representative Plaintiff

on behalf of the Plan will leave these claims unasserted. Such interests may be further impaired to the extent of resources available to cover the alleged damages, especially considering Grace's precarious financial situation and other litigation liabilities against some of the Defendants. In that regard, as a practical matter, permitting intervention now would be more economical and efficient for all parties, and this Court.

> **c.     Mr. Siamis will be prejudiced if he is not permitted to intervene**

Generally, a party seeking to intervene "need only make a minimal showing that the representation afforded by a named party would prove inadequate." *B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 545-46 (1st Cir. 2006) (citation omitted). There is a rebuttable presumption of adequate representation when the intervenor's and the named party's goals match. *Id.* at 546 citing *Daggett v. Comm. On Gov't Ethics & Election Practices*, 172 F.3d 104, 111 (1st Cir. 1999). There is no ironclad formula for determining applicability of the presumption. Rather this is a "case-specific" analysis. *Id.* citing *Maine v. U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001). Furthermore, an intervenor is not required to demonstrate that represent is inadequate, but simply that it *may be* inadequate. *Conservation Law Foundation of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992), citing *Trbovich v. United Mine Workers*, 404 U.S. at 538, n.10. Inadequate representation has been found where the intervenor's interests are "sufficiently different in kind or degree from those of the named party." *Id.* citing *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 144 (1st Cir. 1982).

Mr. Siamis respectfully submits that the inadequacy of representation is self-evident under the facts of this case, making it improper to apply the presumption of adequacy. Because Plaintiffs Evans and Whipps no longer have accounts in the Plan, the Court dismissed their claims. Although Plaintiffs are pursuing an appeal on this issue, there is no guarantee that they

will win, and even if they do, it could take years for a decision from the First Circuit. Thus, in the interim, Mr. Siamis and others like him, are forced to wait, risking, among other things, the loss, destruction, or deterioration of documentary evidence relevant to Plaintiffs' claims.

Mr. Siamis and the putative class he seeks to represent are also not protected by the continuation of litigation in the *Bunch* action. The divergent theories of liability and factual predicates make it evident that plaintiffs and counsel in the *Bunch* action are not focused on pursuing the claims of Mr. Siamis and the putative class members.

Accordingly, the requirements for intervention as of right are fully satisfied here. Indeed, the differences between the *Evans* and *Bunch* epitomize a situation of inadequate representation.

### 3.    Mr. Siamis Should be Allowed to Intervene by Permission

A district court has broad discretion to grant or deny permissive intervention. *In re Acushnet River & New Bedford Harbor: Proceedings re Alleged PCB Pollution*, 712 F. Supp. 1019, 1023 (D. Mass. 1989), citing *U.S. Postal System v. Brennan*, 579 F.2d 188, 191-192 (2d Cir. 1978). In addition to timeliness, the court considers several additional factors:

> [T]he nature and extent of the intervenor's interest, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, whether the applicant will benefit by the intervention, whether the intervenor's interests are adequately represented by the other parties, and whether the intervenors will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* at 1023 (citations omitted).

All of these factors, with the exception of the last one regarding contribution to the full development of the factual issues and just adjudication of the legal questions, overlap with the criteria for assessing the timeliness of the request to intervene. As discussed in detail above, Mr. Siamis respectfully submits that he satisfies these criteria.

Mr. Siamis's participation in this litigation as a representative Plaintiff will significantly contribute to the full development of the factual issues regarding alleged misconduct of all individuals with fiduciary authority over the Plan. Furthermore, his participation will enable a full and fair assessment of the scope and duration of Plan losses caused by Defendants' alleged fiduciary misconduct to ensure protection of *all* participants and beneficiaries who were adversely affected by such losses. This is consistent with the plan protective principles that are the underpinnings of ERISA.

## III.    CONCLUSION

The addition to this action of Mr. Siamis -- who still has an account in the Plan -- would ensure the efficient continuation of this litigation. As described above, the liberal standards governing amendment of complaints militate in favor of granting Plaintiffs' motion pursuant to Rules 15 and 21. Moreover, Mr. Siamis meets all of the requirements for intervention pursuant to Rule 24.

Based on the foregoing, Plaintiffs and Mr. Siamis respectfully submit that Plaintiffs should be granted leave to amend the complaint or, in the alternative, to intervene Mr. Siamis to participate in this action as a representative Plaintiff.

Dated:  May 30, 2007                          Respectfully submitted,

                                              **GILMAN AND PASTOR, LLP**


                              By:    /s/  David Pastor
                                     David Pastor
                                     225 Franklin Street, 16th Floor
                                     Boston, MA 02110
                                     Telephone: (617) 742-9700
                                     Facsimile: (617) 742-9701


                                     Joseph H. Meltzer
                                     Edward W. Ciolko
                                     Katherine B. Bornstein
                                     Lisa Mellas
                                     **SCHIFFRIN BARROWAY**
                                     **TOPAZ & KESSLER, LLP**
                                     280 King of Prussia Road
                                     Radnor, PA 19087
                                     Telephone:  (610) 667-7706
                                     Facsimile:   (610) 667-7056