# EXHIBIT K-3

# Taxes on Withdrawals

## Taxable and Nontaxable Balances

The extent to which taxes are due on a withdrawal depends on the following balances in your accounts (page 27):

■ **Nontaxable Balance as of December 31, 1986:** Includes any savings in your *Pre-1987 After-Tax and Supplemental Accounts,* **excluding** earnings related to these savings, and **reduced by** any previous withdrawals.

■ **Nontaxable Balance After January 1, 1987:** Includes any savings in your new-start after-tax account, **excluding** any earnings related to these savings and **reduced by** any withdrawal from this account.

■ **Taxable Balance:** Includes any savings in your Before-Tax, Company Contribution, and Rollover Accounts, and earnings in all of your accounts.

**Important!** The amount of your nontaxable balances, if any, is available by calling Fidelity at 1-800-835-5096.

## What Is Taxable?

You **won't pay any taxes** until the amount you withdraw **exceeds** your *nontaxable balance as of December 31, 1986.* For example, suppose you have the following balances:

| | |
|---:|---|
| $6,500 | Pre-1987 After-Tax Account |
| 1,200 | New-start After-Tax Account |
| 6,200 | Before-Tax Account |
| 6,000 | Company Contribution Account |
| $19,900 | total account balance. |

And for tax purposes suppose you have these balances:

| | |
|---:|---|
| $3,000 | nontaxable balance as of December 31, 1986 |
| $1,000 | nontaxable balance after January 1, 1987 |
| $15,900 | taxable balance. |

If you withdraw $5,000, you won't pay any taxes on $3,000 (your nontaxable balance as of December 31, 1986), no matter which account is actually withdrawn.

The remaining $2,000 would either be fully or partially taxable, based on the account balances you're withdrawing (see the following explanation for details).

A withdrawal will be either fully or partially taxable as follows:

■ **Fully Taxable Withdrawals.** Withdrawals from your Before-Tax or Company Contribution Account, or of earnings in any of your accounts, will be fully taxable if they exceed your nontaxable balance as of December 31, 1986.

■ **Partially Taxable Withdrawals.** Withdrawals from your *New-Start After-Tax Account* (page 27) may be partially taxable. The nontaxable part of a withdrawal from your New-Start After-Tax Account will equal:

— your nontaxable balance after January 1, 1987 (page 40) *divided by* your total New-Start After-Tax Account, *multiplied by*

— the withdrawal from your New-Start After-Tax Account.

For example, if you elect an after-tax withdrawal of $2,000, your New-Start After-Tax Account equals $3,000, and your nontaxable balance after January 1, 1987 equals $2,500, the nontaxable part of the withdrawal would equal:

> $2,500 (nontaxable balance after January 1, 1987) ÷
> $3,000 (New-Start After-Tax Account ) = .83,

*times*  $2,000 (the amount of the withdrawal),

*equal*  $1,660 nontaxable part of withdrawal.

In this example, of the $2,000 you withdraw from your New-Start After-Tax Account, $1,660 is nontaxable and $340 would be subject to taxes.

**Important!** The taxable part (page 41) of a withdrawal received before age 59½ may be subject to a 10 percent tax penalty. In addition, special rules may apply to income tax withholding of a withdrawal you receive. See pages 47-48 for more information.

Case 1:04-cv-11380-WGY     Document 180-14     Filed 08/17/2007     Page 4 of 23

# When Benefits Are Paid

## If Your Employment Ends

Benefits under the plan are paid if your employment ends for any reason, as follows:

■ **Retirement.** If you're age 55 or older, retirement under the S&I plan occurs when your employment ends. At retirement, you may elect to receive the total value of your accounts.

■ **Disability.** You'll qualify as disabled under the S&I plan if you receive a social security disability benefit, if you're eligible for a benefit under the Company's long-term disability income plan, or if the Administrative Committee determines that you qualify as disabled based on the advice of a doctor it provides or approves.

If you qualify as disabled, you'll receive the total value of your accounts. Payment will be made as described starting on page 43.

■ **Death.** If you die, your beneficiary will receive the total value of your accounts. Your beneficiary should contact your benefits administrator for details.

**Important!** If you're married, your spouse must be your sole beneficiary unless your spouse consents in writing in the presence of a notary public or a plan administrator to name a different beneficiary (for example, your estate) or an additional beneficiary. If you don't name a beneficiary or if your beneficiary doesn't survive you, payment upon your death will be made to your spouse (if you were married) or to your estate (if you were single).

■ **If Your Employment Ends for Any Other Reason.** You may elect to receive the total value of your accounts regardless of the reason your employment ends.

But keep in mind you're still considered to be an employee if:

■ you're on a layoff of up to one year

■ you're on an approved leave of absence

■ your job status changes to one that makes you ineligible to participate in the plan

■ you transfer to an employing unit not covered by this plan.

As long as you're considered an employee, you may not receive payment of your account.

Terminated employees must start withdrawing the minimum required amount from the S&I plan after reaching age 70½.

But if you were an active employee and had reached age 70½ before January 1, 1997, special rules regarding minimum required distributions may apply to you. Contact your benefits administrator for details.

## Qualified Domestic Relations Orders

If you're divorced or legally separated, all or part of your accounts may be subject to the terms of a qualified domestic relations order. Contact your benefits administrator for information on how a qualified domestic relations order may affect your accounts under the plan.

The S&I plan has rules on how it handles qualified domestic relations orders. You may obtain a copy of these rules, at no cost to you, by contacting your benefits administrator.

# How Benefits Are Paid

Generally, payment is made to participants who are no longer employees of Grace in a lump sum, unless they qualify for and elect the installment option.

## Lump Sum

Benefits normally are paid in a lump-sum cash payment. If you choose, you may receive payment from the Grace Stock Fund in whole shares of Grace common stock, with cash for any fractional share.

Fidelity will process a lump-sum payment as soon as practical after you or your beneficiary requests a distribution. The value of the lump sum will be determined on the date Fidelity processes the payment.

After your employment ends, you may elect daily transfers of all or part of your account balances, to or from any of the plan's available investment funds, by making an election **before** the date the value of the lump sum is calculated. See page 26 for details on electing a transfer.

GR  000285

**Important!** If the value of your total account **doesn't exceed $5,000,** excluding any amounts you rolled over to this plan and related earnings, payment of your total account will automatically be made as a lump-sum payment as soon as practical after your employment ends. Federal income taxes will be withheld from the payment, unless the payment satisfies the requirements needed to avoid withholding.

## Installments

You may elect the installment option if the total value of your account **exceeds $5,000** when your employment ends, excluding any amounts you rolled over to this plan and related earnings. In this event, you may elect one of the following installment options:

■ You may receive one annual or four quarterly payments, for a period you specify, up to a maximum of 10 years. You may elect to start installment payments in any calendar quarter after your employment ends. Each installment will consist of amounts taken on a pro rata basis from each investment fund in which your accounts are invested. You'll receive an installment payment approximately two to three weeks after the end of the applicable quarter.

■ You may receive monthly, quarterly, or annual payments in equal amounts that you specify. Payments under this option will continue for as long as you have an account balance. You may elect to start installment payments as of the first business day, quarter, or year, as applicable, after your employment ends. Each installment will consist of amounts taken on a pro rata basis from each investment fund in which your accounts are invested. You'll receive an installment payment approximately two to three weeks after the end of the applicable month, quarter, or year, as applicable. In addition, upon reaching age 70½ the amount of your installment payments may be subject to federal minimum distribution requirements. In this case, you'll be notified about how your installment payments will be affected.

Your beneficiary may not elect an installment option—he or she will always receive a lump-sum payment.

You may elect daily transfers of the balances in your accounts to or from any of the plan's available investment funds, as you choose, even while you're receiving installment payments. See page 26 for details on electing a transfer.

GR 000286

At any time on or after the date installment payments start, you may elect to receive the total unpaid value of your accounts in a lump sum as soon as practical after Fidelity receives your request.

## Delaying Payment

If the total balance of your accounts **exceeds $5,000,** excluding any amounts you rolled over to this plan, you may elect to delay receiving payment of your account as follows:

■ If payment is made in a lump sum, you may delay receiving payment until the end of any month after your employment ends, but no later than the end of the year in which you reach age 70½.

■ If you elect the installment option, you may delay the start of payments until the end of the year in which you reach age 70½.

**Important!** If you die, and your beneficiary is your spouse, and the total balance of your accounts **exceeds $5,000,** your spouse may elect to delay receiving payment of a lump sum, but no later than the date you would have reached age 70½. If your beneficiary isn't your spouse, he or she may not delay payment of a lump sum.

If you elect to delay payment, keep in mind that:

■ You may elect daily transfers of the balances in your accounts (including company contributions and related earnings) to or from any of the plan's investment funds), in steps of 5 percent or in any whole dollar amount, as you choose. See page 26 for details on electing a transfer.

■ Any earnings credited to your accounts will continue to grow tax free until you receive payment.

■ You may elect a regular withdrawal from your account, subject to the same rules that apply to active employees (pages 35-39). But your beneficiary may not elect a withdrawal.

■ Loans aren't allowed.

## Taxes on Benefits

The taxable part (page 40) of any payment received by participants under age 59½ may be subject to a 10 percent tax penalty, subject to the rules described on pages 47-48.

GR 000287

Different rules regarding taxes apply based on whether payment is made in a lump sum or installments, as follows:

■ **Lump-Sum Payment.** If you're age 59½ or older when you receive a lump-sum payment that isn't or can't be directly transferred or rolled over into an IRA or another employer's qualified plan (see pages 47-48), you may make one 10-year tax averaging election. In addition, if you elect to receive a lump-sum payment after installment payments have started, the lump sum will count as ordinary income for the year in which it's received—and won't be eligible for income averaging—unless you receive the total balance in your account (installments and lump sum) in the same year. The taxable portion of this payment, however, is eligible for a rollover or direct transfer to an IRA, a similar plan of another employer, a 403(b) tax-sheltered annuity plan, and a governmental 457 plan. In addition, your after-tax savings may be rolled over from this plan to another employer's plan that accepts after-tax savings, but only if the rollover is made directly to the other employer's plan. Contact your tax advisor for more information.

■ **Installment Payments.** The taxable portion of installment payments is calculated as follows:

|  | the amount of the payment received, |
|---|---|
| *minus* | the total nontaxable balance in your accounts when your employment ends, |
| *divided by* | the total number of installment payments you elect to receive. |

For example, suppose you elect to receive annual installments for five years, starting in 2003. If your payment in 2003 was $7,500 and the total nontaxable balance in your accounts was $5,000, the taxable part of your payment for 2003 would equal:

| $7,500 | payment received in 2003 |
|---|---|
| − $1,000 | $5,000 total nontaxable balance ÷ 5 payments |
| = $6,500 | the taxable part of the installments ($1,000 of the total installments of $7,500 wouldn't be taxable in 2003). |

# Withholding and Rollover Rules

The following information summarizes federal withholding and rollover rules on the taxable portion of withdrawals and other payments made under the plan.

| Type of Payment | Federal Tax Withholding Requirements | Subject to 10% Early Payment Penalty | Eligible for Rollover/Direct Transfer |
|---|---|---|---|
| **Hardship and non-hardship withdrawals** | mandatory 20% on taxable portion (with option to withhold more); you may elect not to have taxes withheld from a hardship withdrawal | if withdrawal is received before age 59½ | no |
| **Age 70½ minimum distribution** | option to elect withholding (at 10% of taxable portion) | no | no |
| **Distribution because employment ends or disability:** | | | |
| *lump sum* | mandatory 20% on taxable portion (with option to withhold more) | if employment ends before age 55 **and** payment is received before age 59½ (no penalty applies if payment is made because of disability) | yes, to an IRA, another employer's plan, a 403(b) tax-sheltered annuity plan, or a governmental 457 plan |
| *installment payments of fewer than 10 years* | mandatory 20% on taxable portion (with option to withhold more) | same rules that apply to payment of a lump sum | yes, to an IRA, another employer's plan, a 403(b) tax-sheltered annuity plan, or a governmental 457 plan (see pages 48-49 for rules on "minimum distribution") |
| *installment payments of 10 or more years* | option to elect withholding based on payroll withholding tables | same rules that apply to payment of a lump sum | no |
| **Payment to a spouse upon your death** | mandatory 20% on taxable portion (with option to withhold more) | no | yes, to an IRA, another employer's plan, a 403(b) tax-sheltered annuity plan, or a governmental 457 plan |
| **Payment to a beneficiary other than a spouse upon your death** | option to elect withholding (at 5% of taxable portion) | no | no |
| **Qualified domestic relations order** | mandatory 20% on taxable portion (with option to withhold more) | no | yes, to an IRA, another employer's plan, a 403(b) tax-sheltered annuity plan, or a governmental 457 plan |

GR  000289

When reviewing the information on page 47, keep in mind the following:

■ The taxable portion of lump-sum payments, installment payments for fewer than 10 years, and withdrawals are generally eligible to be rolled over to an IRA, a similar plan of another employer, a 403(b) tax-sheltered annuity plan, and a governmental 457 plan. The taxable portion of any eligible distribution that is rolled over isn't subject to income tax and penalties for the year in which the distribution is made. But the taxable portion of the payment or withdrawal will be subject to the mandatory 20 percent federal income tax withholding described on page 47.

The taxable portion of a payment or withdrawal that's eligible to be rolled over is also eligible to be directly transferred from the plan to an IRA, a similar plan of another employer, a 403(b) tax-sheltered annuity plan, and a governmental 457 plan, at the request of a participant or other eligible recipient. The taxable portion of a distribution or withdrawal that's directly transferred isn't subject to income taxes for the year in which the direct transfer occurs. In addition, the taxable portion of a direct transfer won't be subject to the 20 percent federal income tax withholding described on page 47.

If you elect a direct transfer, the plan administrator will give you a check made payable to the IRA or qualified plan in the taxable amount of the payment.

The taxable portion of an installment distribution for 10 or more years isn't eligible to be rolled over or directly transferred.

■ If the taxable portion of a lump-sum payment **is under $200**, the mandatory 20 percent withholding **won't** apply. Keep in mind that you may still roll over the taxable portion of an eligible distribution within 60 days, even if taxes were withheld.

■ Taxes and penalties only apply to the taxable portion of a withdrawal or payment you receive and don't elect to roll over to an IRA, a similar plan of another employer, a 403(b) tax-sheltered annuity plan, and a governmental 457 plan.

■ The 10 percent early payment tax penalty doesn't apply to a hardship withdrawal related to reimbursement of medical expenses exceeding the federal itemized deduction limit for such expenses (currently 7½ percent of adjusted gross income).

■ The portion of any installments received during or after the year in which you reach age 70½ that qualifies as a "minimum distribution" under federal law isn't eligible for a rollover.

■ You may increase the amount of a hardship withdrawal request to include the mandatory 20 percent withholding and the 10 percent tax penalty.

■ You should contact your personal tax advisor for tax advice on your situation.

# Vesting and Reemployment

## Vesting

Vesting refers to your right to the amounts credited to your account.

You're always **fully vested** in your savings and related earnings as well as in company contributions and related earnings credited to your account.

## If You're Rehired

Any installment payments you're receiving will stop if you're rehired as an eligible employee and you're paid for at least 40 hours in any month (or any payroll period, if that payroll period is four or five weeks).

Any service you had when your employment ended will count to determine when you may start participation in the plan.

If you're a participant in the S&I plan when you start U.S. military service in 1994 or later, including service in the National Guard, and you apply to be reemployed by the Company within specified time limits after your military service ends (see page 50), you'll be able to make contributions to the S&I plan for the period of your military service. These are called "make-up contributions," and will be in addition to any contributions you may make under the other provisions of the S&I plan.

Any make-up contributions you make may not exceed the amount you otherwise would have been allowed to make to the S&I plan, assuming you were continuously employed by the Company during your military service. Any make-up contributions must be made **within five years** after the date of your reemployment with the Company. But if your military service lasted under 1⅓ years, make-up contributions must be made within the period of three times the length of your military service, starting on your date of reemployment with the Company.

To be eligible for make-up contributions, you must apply for reemployment with the Company within the period specified below.

| Length of Military Service | You Must Apply for Reemployment with the Company . . . |
|---|---|
| Fewer than 31 days | by the beginning of the next regularly scheduled work period after your military service ends |
| 31 – 180 days | within 14 days after the date your military service ends |
| More than 180 days | within 90 days after the date your military service ends |

You generally won't be eligible for make-up contributions if your military service lasts for more than five years. Contact your benefits administrator for details.

# Claims for Benefits

## What to Do

If you believe you're entitled to a benefit and haven't been notified that one is payable, or if you disagree with the amount of the benefit that's payable, you may file a written claim with the Administrative Committee. The Administrative Committee has the full, exclusive, and discretionary authority to interpret all plan provisions and to decide all claims for benefits that are filed, as well as to make other administrative decisions regarding the S&I plan.

A decision on a claim will be made by the Administrative Committee as soon as possible, but no later than:

- 45 days after a disability retirement claim is received, or

- 90 days after any other claim is received.

If a decision on a disability retirement claim can't be made within 45 days, or if a decision on any other claim can't be made within 90 days, you or your beneficiary will be notified in writing before the end of this 45-day or 90-day period, as appropriate, of the special circumstances that require an extended period of consideration of the claim and the approximate date as of which a decision on the claim may be expected. In no event, however, will the required extended period exceed 30 days (for a disability retirement claim) or 90 days (for any other claim) after the end of the initial 45-day or 90-day period, as appropriate. In the case of a disability retirement claim, the plan will have up to one additional 30-day extension to consider your claim.

If you file a disability retirement claim or any other claim that doesn't follow the plan's filing procedures, or if your claim is incomplete and requires that you submit additional information, you'll be notified of when the claim is received and the correct filing procedures to follow and/or a list of the additional information needed to make the claim complete (as applicable).

For claims other than disability retirement claims, the time frames described above will continue to apply for making decisions on your benefit claim. For disability retirement claims, the time frames described above for making a decision will stop until you provide the additional information. After you provide the additional information, the Administrative Committee will make a decision on your claim within the time frame.

## If a Claim Is Denied

If a claim is denied, in whole or in part, you or your beneficiary will receive a written notice from the Administrative Committee explaining why and on which plan provisions the claim has been denied. The notice will also explain how to file an appeal. An appeal must be made within 180 days for a disability retirement claim, or 60 days for any other claim, after a denial by writing to the Committee. You or your beneficiary also may choose to name a representative to handle your appeal. You or your beneficiary is responsible for any expense related to a paid representative.

You or your beneficiary will be told if any additional information is needed to make a claim acceptable. All material related to a claim, such as the plan's official documents, may be examined by you, your beneficiary, or representative. Copies of any materials or records that support the claim should be sent with the appeal. You may submit materials or records that support your claim even if you didn't present those materials when you submitted your initial claim for benefits.

A decision on an appeal usually will be made within:

■ 45 days of when it's received, or 90 days in special cases, for the appeal of a disability retirement claim, or

■ 60 days of when it's received, or 120 days in special cases, for the appeal of any other claim.

If a decision on an appeal can't be made within 45 days (for a disability retirement claim) or 60 days (for any other claim), you or your beneficiary will be notified in writing before the end of this 45-day or 60-day period, as appropriate, of the special circumstances that require an extended period of consideration of the appeal.

**Important!** If your claim is denied solely because it's incomplete, the Administrative Committee will notify you and advise you of the additional information needed to complete the claim. The time frames described above for making a decision on your appeal will stop until you provide the additional information. After you provide the Administrative Committee with the additional information, the Administrative Committee will make a decision on your appeal within the remaining time frame.

The Administrative Committee's decision on an appeal is final. If you or your beneficiary has filed a claim for benefits which has been denied on appeal by the Administrative Committee and you or your beneficiary believes the claim has been improperly denied, in whole or in part, you or your beneficiary has certain rights. See page 59 for details.

## When Benefits Are Not Paid

Generally, payment of a benefit will be made to you or your beneficiary after one of the events described on pages 42-43 occur. But payment of a benefit can't be made until we have the current address for you or your beneficiary.

# Employing Units

An employing unit is a unit of employees within a product line or business unit of W. R. Grace & Co., or any company owned or controlled by W. R. Grace & Co., authorized by Grace's Board of Directors (or its designee) to participate in the S&I plan. As of July 1, 2002, these employing units were authorized to participate in the S&I plan:

Grace Performance Chemicals (except hourly employees at the Trenton, NJ facility)
- Grace Construction Products
- Grace Container Products (Darex)
- Darex Puerto Rico, Inc.

Catalyst Products/Grace Davison
Silica Products/Grace Davison
Grace Headquarters Office located in:
- Florida
- Maryland
- Massachusetts
- New Jersey
- South Carolina
- Tennessee

Grace Management Services, Inc.
- U. S. Expatriates

The authority to participate in the S&I plan is automatically withdrawn for employees of any employing unit that's divested by Grace. This means that the active participation in the plan of employees of a divested employing unit ends on the date the employing unit is divested (regardless of whether or not the employees continue to work for the divested employing unit).

Contact your benefits administrator for information on whether or not a specific employing unit participates in the plan or to obtain a current list of employing units covered by the plan.

# *Merged Plans*

Special rules regarding participation or investments may apply to former participants of the:

■ The W. R. Grace & Co. Hourly Employees Savings and Investment Plan was merged into the W. R. Grace & Co. Salaried Employees Savings and Investment Plan as of January 1, 2002. Then the name of the plan was changed to the W. R. Grace & Co. Savings and Investment Plan.

■ Amicon Corporation Employee Savings and Investment Plan

■ Chomerics Employees Stock Ownership Plan

■ Emerson & Cuming Restated Pension Plan and Trust

■ Dearborn Chemical Company Salaried Employees Savings and Investment Plan

■ Emerson & Cuming Restated Pension Plan and Trust

■ Evans Chemetics Inc. Profit Sharing Plan

■ Grace Drilling Co. Money Purchase Plan

■ Grace Energy Corporation Employees Savings and Investment Plan

■ Grace Offshore Company Employees Profit Sharing Plan

■ HOMCO International, Inc. Profit Sharing Plan Investment Savings and Retirement Plan

■ Tex Tech Industries, Inc. Investment Plan for Salaried Employees

For more information, contact your benefits administrator.

Copies of the merged plans, plan-merger documents (including portions of any corporate merger documents that describe or control the plan merger), and other documents that affect the benefits of participants under the S&I plan who were employees of companies acquired by Grace are available for inspection. Copies of such documents may be obtained at a reasonable charge upon written request to the Administrative Committee. Contact your benefits administrator for more information.

# Additional Tax Information

The principal federal income and estate tax consequences of participation in the plan are summarized throughout this summary plan description. The information that follows provides additional tax information that isn't addressed in other parts of this summary plan description. The summary of tax consequences below and in other parts of this summary plan description isn't intended to cover all of the tax aspects of participation in the plan. Participants and other recipients of payments and withdrawals from the plan are advised to consult with their own tax advisers concerning their specific situations.

■ **Grace Common Stock.** If a payment or withdrawal includes shares of Grace common stock, any appreciation in the value of the shares (over their cost to the plan) won't be taxed until you sell the shares, unless you elect to have the appreciation taxed at the time of the payment or withdrawal.

■ **Federal Estate Tax.** The value of a deceased participant's interest in the plan (excluding after-tax savings) will be included in the deceased participant's gross estate for federal estate tax purposes.

■ **Deductions for Employer Contributions.** Grace will generally be entitled to federal income tax deductions for its contributions to the plan in the year for which such contributions are made.

**Important!** In addition to other information that's available to you upon request (as noted in this summary), each year you'll also receive in the prospectus for each Fidelity fund in which you're invested a statement of the assets comprising each investment fund and the value of these assets. In the case of the Grace Stock Fund, the assets of this fund consists only of Grace stock. In the case of the Fixed Income Fund, a list of the fund's assets is available upon request from Fidelity, and will include the current guaranteed investment contracts bought by the fund, the names of the insurance companies or other issuers of the contracts, and the rates of return and other pertinent terms of these contracts.

# Other Information

The following pages describe other information you should know about the plan and your rights.

## Plan Sponsor

The sponsor of the plan is W. R. Grace & Co., 7500 Grace Drive, Columbia, MD 21044.

## Plan Administrator

The plan administrator is the Administrative Committee of the W. R. Grace & Co. Benefit Plans, W. R. Grace & Co., 7500 Grace Drive, Columbia, MD 21044, (410) 531-4000. The Investment and Benefits Committee is responsible for the management and operation of the plan, and has the full, exclusive, and discretionary authority to determine eligibility for benefits and to interpret the terms of the plan, except to the extent that such authority has been delegated to the Administrative Committee. Aon Fiduciary Counselors Inc. is the independent fiduciary for the Grace stock held under the S&I plan.

## Trustee

All contributions to support this plan go into a trust fund held by Fidelity Management Trust Company, 82 Devonshire Street, Boston, MA 02109-3614.

## Plan Year

Plan records are kept on a plan-year basis, which is the same as a calendar year (January 1st to December 31st).

## Plan Identification

The official name of the plan is the W. R. Grace & Co. Savings and Investment Plan. The Internal Revenue Service identifies the Company by the number 65-0654331, and the Department of Labor identifies the plan by the number 123. The plan is classified as a "defined-contribution/401(k)" plan.

## If You Can't Receive Payments

If the Company determines that you or your beneficiary isn't able to receive payments – for example, if you're physically or mentally disabled – it may have payments made to the person or institution who is responsible for you or your beneficiary.

## Legal Service

If there's a need to take legal action under the plan, legal process may be served on the General Counsel, W. R. Grace & Co., 7500 Grace Drive, Columbia, MD 21044. Legal process also may be served on the plan administrator or trustee.

## Plan Documents

This summary describes the main features of the plan as of its most recent amendment on April 21, 2003. You should know that the plan also has official documents; this summary isn't an official plan document. The official plan documents – not this summary – must be used to resolve any question about benefits from the plan.

You may review the official plan documents by contacting your benefits administrator. You may obtain copies of these documents by writing to the plan administrator. A reasonable charge may be made for copying these materials.

## Rights to Benefits

Generally, your benefit from the plan may not be assigned, sold, transferred, or pledged to a creditor or anyone else. But benefits may be subject to the terms of any qualified domestic relations order resulting from divorce or separation from your spouse.

## Voting Your Stock

As a participant in the S&I plan, the Grace stock credited to your account under the plan gives you the same voting rights as any shareholder. You'll receive proxy materials and details on voting your stock before each annual or special stockholders' meeting.

## *The Plan's Future*

The Company, by action of its Board of Directors or the Investment and Benefits Committee, reserves the right to change, suspend, or end the plan at any time, for whatever reason it finds appropriate. Amendment or termination of the plan is a Company decision, and not a "fiduciary" function. The employees and officers of the Company have no obligation to inform you of any proposed changes until such change has been adopted by the Board of Directors or the Investment and Benefits Committee. You may not rely on any statement or the absence of any statement by an employee or officer of the Company or any fiduciary regarding proposed changes before the official adoption of such change by the Board or that Committee.

If the plan should end, the money in the trust fund may be used only for the benefit of participants and beneficiaries. No further benefits will be earned on or after the date the plan ends. The plan has rules on how the assets in the trust fund will be allocated to participants and beneficiaries; you'll be given details on these rules if the plan should end.

## *Benefit Insurance*

Certain employee-benefit plans, such as defined-benefit plans, have benefit insurance. This insurance is provided by the Pension Benefit Guaranty Corporation, or PBGC.

The S&I plan is a defined-contribution plan. It doesn't have benefit insurance because PBGC insurance is neither required nor permitted for this type of plan.

# Your Rights

As a participant in the W. R. Grace & Co. Savings and Investment Plan, you're entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA), as described in the following information

## Receive Information About Your Plan and Benefits

You may examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

You may obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The administrator may make a reasonable charge for the copies.

You may receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

You may obtain a statement telling you whether you have a right to receive a benefit . If you do not have a right to a benefit, the statement will tell you how many more years you have to work to get a right to a benefit. This statement must be requested in writing and is not required to be given more than once every 12 months. The plan must provide the statement free of charge.

## Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a 401(k) benefit or exercising your rights under ERISA.

## Enforce Your Rights

If your claim for a 401(k) benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. In addition, if you disagree with the plan's decision or lack thereof concerning the qualified status of a domestic relations order or a medical child support order, you may file suit in federal court.

If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

## Assistance with Your Questions

If you have any questions about your plan, you should contact the plan administrator.

If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210.

You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

# A Few Words About the Plan

W. R. Grace & Co. provides retirement benefits for eligible employees under the W. R. Grace & Co. Savings and Investment Plan (the "S&I plan"). The plan has been most recently amended as of April 21, 2005.

This document is the summary plan description of the S&I plan. This plan also has official plan documents – this summary isn't an official plan document. In the event of any difference between the terms of this summary plan description and official plan documents, the terms of the official plan documents will govern.

Grace has the sole discretionary authority at any time to modify, amend, or terminate the plan to any extent, as adopted by the Investment & Benefits Committee, the Board of Directors, or their designees. If the plan is amended or terminated while you're a participant, you'll be notified of the effect of the change on your plan benefits or participation. No consent of any employee, or other person, is necessary for Grace to amend or terminate the plan. If the plan is terminated, special rules will apply to vesting and the payment of benefits. Participants and beneficiaries will be notified of how benefits will be affected in the event the plan terminates.

The plan administrator has the authority to control and manage the operation and administration of the plan, including all rights and powers needed to carry out its functions, whether or not such rights and powers are specified in this document.

In addition, the plan administrator has the authority and discretion to interpret the provisions of the plan, to determine all questions arising under or related to the plan, including all questions of fact and questions of eligibility to participate and obtain benefits, and to determine the amount, manner, and time of payment of any benefits under the plan. The plan administrator may, in its sole discretion, delegate authority with regard to the administration of the plan, or any portion of the plan. The plan administrator's (or its designee's) decisions are final and binding.

**Important!** Statements of policies, benefits, and regulations in this summary don't constitute the terms and conditions of an employment contract, either expressed or implied. Moreover, Grace reserves the right to change its policies, benefits, and regulations at any time, without notice.

GR 000303