**EXHIBIT 20**



"Remis, Shepard M"
<SRemis@goodwinprocter.com>

12/16/2003 02:55 PM

To "Randall J. Carrigan Esq. (E-mail)" <Randy_Carrigan@ssga.com>, "Kelly Q. Driscoll Esq. (E-mail)" <Kelly_Driscoll@ssga.com>, "Monet Ewing Esq.

cc "Cleary, John J" <jcleary@goodwinprocter.com>, "Glosband, Daniel M" <dglosband@goodwinprocter.com>, "Hadden, Jeffrey C" <jhadden@goodwinprocter.com>

bcc

Subject WRGrace

At our meeting on December 11, 2003, I mentioned an apparent discrepancy between the asbestos liability exposure balance carried in Grace's financial statements and the higher estimate for current and projected asbestos bodily injury claims only which was discussed in our diligence meeting with Grace representatives a few weeks ago. Specifically, Grace's Form 10-Q for the quarter ended September 30, 2003 reports a total asbestos-related liability balance of $964.6 million, whereas the information presented to us a few weeks ago suggests a potential exposure of $1.14 -$1.52 billion for bodily injury claims only. (This range is based on statements by David Siegel, Grace's General Counsel, that Grace's historical cost of resolving bodily injury claims has been $3000-$4000 per claim and that it had 130,000 claims pending at the time of bankruptcy filing and projects another 250,000 claims in the future.)

I spoke with David Siegel yesterday to obtain some explanation of this apparent discrepancy. David told me that the $3000-$4000 per claim cost is the historical average for all claims nationwide. The financial statement estimate is based on a more detailed analysis of possible future claims. David mentioned one consideration that is key to the analysis and which is a significant distinction from the historical caseload. In the past, Grace experienced a disproportionately large number of claims in Texas as compared to other states and the cost of resolving Texas claims was considerably higher than the average for other states. In the summer of 2003, the Texas legislature enacted a law that significantly limits the ability to file this type of claim in the Texas courts in the future. Accordingly, in estimating potential future exposure, which Grace has done on a state-by-state basis among other factors, the impact of the historically high Texas resolution costs has been materially lessened. Therefore, Grace believes that the financial statement number is a better estimate of its potential future exposure than a calculation based purely on historical averages.

This all having been said, one should keep in mind that asbestos defendants generally have tended to under-estimate the volume of future claims. That, together with the fact that remaining defendants in the litigation are being subjected to increasing exposure because many of the historically larger and more direct defendants are disappearing as a result of bankruptcies, makes exposure estimates more speculative than certain.

Please let me know if you have any questions.

Shep Remis

Shepard M. Remis, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109-2881
Tel:    617-570-1350
Fax:   617-523-1231
Email: sremis@goodwinprocter.com

PLAINTIFF'S EXHIBIT NO. 6