**EXHIBIT 29**



STATE STREET GLOBAL ADVISORS

## Fiduciary Committee Meeting Minutes

| | |
|---|---|
| Date: | February 23, 2004 |
| Subject: | W.R. Grace, |
| Committee Members: | Marc Brown, Kelly Driscoll, John Kirby, Shawn Johnson, Peter Leahy, Mitch Shames |
| Attendees: | Sydney Marzeotti, Melissa Smith, Julio Fuentes, Kathleen Mann, Jack Moore– SSgA<br>Jack Cleary, Dan Glosband, Legal Counsel for WR Grace – Goodwin & Procter<br>Dan Bayston, Paul Trost Financial Advisor for WR Grace – Duff & Phelps<br>Bob Socol, Scott Levine, Financial Advisor for |

# REDACTED

SSBT-000851
Confidential - Subject to Protective Order - For Mediation Purposes Only

SSBT-000851
CONFIDENTIAL

STATE STREET GLOBAL ADVISORS



Page 2

# REDACTED

W.R. Grace

**Discussion:** K. Driscoll informed the Committee that the IFG had completed its due diligence and analysis to sell the WR Grace stock held in the plan; however, since the Committee had requested additional information, she would recap those findings. The Committee had previously inquired as to the capacity in which State Street held shares of W.R. Grace, outside of the IFG engagement. Upon researching the matter, it was determined that State Street held the shares within the Russell 2000 and Russell 3000 Funds. State Street is the 3rd and 4th largest shareholder respectively of those funds. M. Brown inquired as to the relevancy of this information. K. Driscoll explained that as part of our function we needed to ascertain where we held the stock so that there wouldn't be an appearance of a conflict of interest, if we sold. P. Leahy added that holding the stock as part of a diversified fund is different than the WR Grace's retirement plan

SSBT-000852
Confidential - Subject to Protective Order - For Mediation Purposes Only

SSBT-000852
CONFIDENTIAL



STATE STREET GLOBAL ADVISORS

Page 3

holdings that stock as the sole investment of a fund. S. Johnson added that a diversified fund's investment in W.R. Grace would be a prudent investment; however, a fund invested solely in the stock would not. P. Leahy also added that as long as stock is still in the index, then our funds would keep the investment. S. Johnson asked if ERISA applied to the commingled funds the same as the stock fund in the plan. M. Shames responded that the W.R. Grace stock fund is governed by the plan document whereas the Russell Funds are governed by the fund declarations. M. Shames also stated that he is comfortable with the Russell Funds holding W.R. Grace stock.

M. Brown asked if one of the reasons for the selling program was to get below the 10% ownership level under Rule 144. K. Driscoll stated that the selling program was not initiated to get below the 10% ownership level. S. Johnson followed up with a question regarding what would happen to a participant's holdings in stock when the stock is sold. J. Cleary responded that the cash goes into the stable value fund and then the participant has the option of moving the money out of that fund into the other investment options offered under the plan. K. Driscoll informed the Committee that a draft participant communication will be sent to W.R. Grace today. M. Brown asked what IFG thought the reaction would be from participants and if receiving the communication would trigger a participant to sell the stock on their own. J. Cleary stated that past communications haven't triggered much activity. S. Johnson asked if there were any conflicts regarding SEC regulations and DOL regulations notice provisions. J. Cleary stated that the best course of action would be to notify the SEC and participants at the same time.

S. Johnson raised concern as to the reaction the market will have once the Plan begins selling the stock since the Plan is the largest shareholder. K. Driscoll stated that if the price falls drastically, we could cease the selling program. M. Shames suggested that the Committee delegate authority to IFG to sell as long as the share price is in the range of $0.73 - $3.02, as provided by Duff & Phelps. Therefore, IFG will have authority to cease trading without going back to the Committee. P. Leahy agreed and stated that the IFG will need to come back to the Committee before selling beyond the D&P range. S. Johnson suggested that the decision to sell the stock should be based on whether it is prudent to hold the stock, in addition to current share price.

IFG will provide additional information regarding the selling program and a revised recommendation to the Committee via email. The Committee will then render a vote.

**Recommendation:** IFG recommends that the Committee authorize and direct IFG to commence a selling program with respect to the W.R. Grace stock at a price no lower than the midpoint of D&P's valuation range, which is currently at $1.88 per share. In addition, the IFG will provide notice to participants.

**Vote:** M. Shames, K. Driscoll, M. Brown, J. Kirby and P. Leahy voted to approve IFG recommendation. S. Johnson did not vote. *(Vote was via email)*

SSBT-000853
CONFIDENTIAL

STATE STREET GLOBAL ADVISORS



Page 4

# REDACTED

4

SSBT-000854
Confidential - Subject to Protective Order - For Mediation Purposes Only

SSBT-000854
CONFIDENTIAL