
EXHIBIT
Plantiff
1
4-30-07
PENGAD 800-631-6989

W. R. GRACE & CO.

SAVINGS AND INVESTMENT PLAN

(formerly, W.R. Grace & Co. Savings and
Investment Plan for Salaried Employees)

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A CONNECTICUT CORPORATION,

EFFECTIVE SEPTEMBER 1, 1976

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A NEW YORK CORPORATION,

EFFECTIVE MAY 25, 1988

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE SEPTEMBER 27, 1996

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE JANUARY 1, 1997

(reflecting the merger, effective at the beginning of the Plan Year
commencing January 1, 2002, of the W.R. Grace & Co. Savings and
Investment Plan for Hourly Employees)

---

AMENDED THROUGH APRIL 17, 2003

Approved by IRS

Plan No.:        <u>123</u>

N.Y. File No.:   <u>130004403</u>

Current File No.: <u>650044691</u>

SSBT-002084
CONFIDENTIAL

W. R. GRACE & CO.
SAVINGS AND INVESTMENT PLAN

The W. R. Grace & Co. Salaried Employees Savings and Investment Plan (the "Plan") was originally established by W. R. Grace & Co., a Connecticut corporation ("Grace Connecticut"), as of September 1, 1976. The Plan was amended effective July 1, 1983 in order for Participants to elect the salary deferrals permitted under section 401(k) of the Code. The Plan was amended from time to time thereafter by Grace Connecticut, the last such amendments being effective as of January 1, 1987 and July 1, 1987.

As a result of a corporate reorganization whereby Grace Connecticut became a subsidiary of W. R. Grace & Co., a New York corporation ("Grace New York") (and was renamed "W. R. Grace & Co.-Conn."), Grace Connecticut amended the Plan effective May 25, 1988 and Grace New York adopted the Plan, as amended, with respect to its eligible employees and assumed the sponsorship of the Plan on behalf of itself and its participating subsidiaries as of such date.

Grace New York thereafter amended the Plan effective January 1, 1989 and effective July 1, 1989, to, among other things, establish an employee stock ownership plan (within the meaning of section 4975(e)(7) of the Internal Revenue Code of 1986, as amended) which forms a portion of the Plan. Grace New York again amended the Plan effective July 1, 1990, January 1, 1992, June 30, 1993, and January 1, 1994.

The Plan has also been amended to, among other things,

SSBT-002085
CONFIDENTIAL

comply with the provisions of the Tax Reform Act of 1986 and subsequent legislation.

Effective September 27, 1996, as a result of a transaction whereby National Medical Care, Inc. became part of Fresenius Medical Care AG ("Fresenius"), Grace New York also became part of Fresenius, and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace-I").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, effective as of September 27, 1996 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan).

Grace further amended the Plan, as set forth herein, effective January 1, 1997 (or such other date as provided in an applicable Benefits Committee Request or other date provided in the Plan), unless otherwise expressly provided in the Plan; which amendments are intended to (among other things) comply with the Small Business Job Protection Act of 1996 ("SBJPA") and the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA").

Effective March 31, 1998, as a result of a transaction whereby the Cryovac business of Grace-I became part of Sealed Air Corporation, Grace I also became part of Sealed Air Corporation and the Plan became sponsored by a Delaware corporation, renamed W. R. Grace & Co. ("Grace").

To reflect the changes indicated in the immediately preceding paragraph, Grace further amended the Plan, as set forth herein, effective as of March 31, 1998 (or such other date as

SSBT-002086
CONFIDENTIAL

provided in an applicable Benefits Committee Request or other date provided in the Plan).

To reflect changes associated with the "Closing Agreement" between Grace and the Internal Revenue Service (involving the Grace Drilling Plan and the HOMCO Plan), Grace further amended the Plan, as set forth herein, on April 20, 2000, with effective dates as set forth herein.

To reflect changes related to changes in eligibility, matching contributions and ability to reallocate Company contributions, Grace further amended the Plan, as set forth herein, effective October 1, 2000.

To reflect changes related to company match provisions, Grace further amended the Plan, effective, January 1, 2001, as set forth herein.

To reflect the adoption of the new minimum distribution rules, under the January 17, 2000 IRS proposed regulations, Grace further amended the Plan, effective September 1, 2001, as set forth herein.

To reflect the adoption of amendments to comply in good faith with certain provisions of the Economic Growth and Tax Relief Reconciliation Act of 2001, the Plan is further amended as set forth herein, effective for Plan Years beginning after December 31, 2001 (or such other date as provided herein).

Effective at the beginning of the Plan Year commencing January 1, 2002, the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees is being merged into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees, and the name of the Plan

SSBT-002087
CONFIDENTIAL

is changed to the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees to the W.R. Grace & Co. Savings & Investment Plan, effective immediately after such merger.

As specified above, the Plan is amended and restated, as set forth herein, to comply with changes in the law applicable to tax-qualified pension plans, including but not limited to SBJPA and USERRA, effective January 1, 1997 (or such other date as provided herein) and to reflect the merger of the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees into the W.R. Grace & Co. Savings and Investment Plan for Salaried Employees and the new name of the Plan, effective at the beginning of the Plan Year commencing January 1, 2002.

The Plan was further amended and restated, as set forth herein, effective on the dates noted below, to effectuate the following:

April 9, 2003

Credit cash in Grace Stock Fund and Company Contribution Fund (the "Stock Funds") to the Fixed Income Fund, and allocate to participants' accounts on a pro-rata basis regarding the individual participant's interest in the Stock Funds.

April 10, 2003

Commencing April 10, 2003, and ending April 11, 2003, suspend transactions within, and involving the Stock Funds, the order to (1) merge the Stock Funds (the merged Fund is named the "Grace Stock Fund") and (2)

SSBT-002088
CONFIDENTIAL

institute "real time" trading with respect to shares within the Grace Stock Fund.

April 14, 2003

Reopen the Grace Stock Fund to execute participant orders to buy and sell shares allocated to their accounts, on a "real time" trading basis.

April 16, 25003

Redirect to the Fixed Income Fund any payroll contributions directed by participants to the Grace Stock Fund.

April 17, 2003

Cease all participant allocations to the Grace Stock Fund; but continue to permit participant allocations from the Grace Stock Fund.

SSBT-002089
CONFIDENTIAL

EXHIBIT A

Following is a list of transactions suspended during the Transition Period:

1)    Transfers of existing Account balances between Funds (and, if applicable, the ESOP);

2)    Changes with regard to the allocation of contributions among the Funds;

3)    Distributions of lump-sum distributions; and

4)    Distributions of installment payments.

The following provisions are effective for the period after the Transition Period and prior to the commencement of the Conversion Period:

The sum of Before Tax Contributions and After Tax Contributions to a Participant's Savings Plan Account (and, separately the Rollover Contributions to a Participant's or Inactive Participant's Savings Plan Account) shall initially be invested in whole or in part (in multiples of 5%) in Former Fund A, Former Fund B, Former Fund C, or Former Fund D within the Savings Plan and, in the case of Rollover Contributions only, in the ESOP portion of the Trust Fund, pursuant to the election of the Participant. Such election shall continue until changed by the Participant.

SSBT-002090
CONFIDENTIAL

A Participant may change any election pursuant to this paragraph on any Business Day to another election permitted under this paragraph effective on the Business Day on which the Participant notifies the Recordkeeper of such change by telephonic instruction, if such notice is received by the Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day.

A Participant, Inactive Participant, or a former Participant who has incurred a Termination of Service may, on any Business Day, elect to transfer all or a portion (in multiples of 5%, or in whole dollar amounts) of the existing balance of his Account in Former Fund A, Former Fund B, Former Fund C, or Former Fund D within the Savings Plan, among any of the other Former Funds within the Savings Plan attributable to the following categories of contributions separately: (i) Before Tax Contributions and After Tax Contributions, in the aggregate, and (ii) Supplemental Contributions and Rollover Contributions, in the aggregate. Such transfer shall occur on the Business Day on which the Participant, Inactive Participant, or former Participant notifies the Recordkeeper of such transfer election by telephonic instruction, if such notice is received by the

SSBT-002091
CONFIDENTIAL

Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day.

A Participant or Inactive Participant who has attained age 50, may, one time during each Plan Year, elect to transfer to Former Funds A, B, C and/or D within the Savings Plan all or a portion (in multiples of 5% or in whole dollar amounts) of his Account Balance invested in the ESOP and Former Fund C, in the aggregate, which is attributable to Company contributions pursuant to Section 4.01 (as effective after the Transition Period but before the Conversion Period), and/or to transfer all or a portion (in multiples of 5% or in whole dollar amounts) of his Account Balance invested in Former Fund A, Former Fund B and/or Former Fund D within the Savings Plan as a result of a previous investment transfer from the ESOP and Former Fund C to any of the other Former Funds within the Savings Plan (except Former Fund C) and/or to the ESOP. Any such transfer will occur on the Business Day on which the Participant notifies the Recordkeeper of such transfer election by telephonic instruction, if such notice is received by the Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day. The foregoing

SSBT-002092
CONFIDENTIAL

provisions of this paragraph shall also apply to a former Participant who has incurred a Termination of Service, regardless of attained age, except that any such former Participant may make investment transfer elections on any Business Day without regard to the once per year limitation set forth above.

SSBT-002093
CONFIDENTIAL

EXHIBIT B

Following is a list of transactions suspended during the
Conversion Period:

1)   Transfers of existing Account balances between Former
     Funds and/or Investment Funds (and/or, if applicable,
     the ESOP);

2)   Distributions of lump-sum distributions; and

3)   Distributions of withdrawals.

SSBT-002094
CONFIDENTIAL

# TABLE OF CONTENTS

Section                                                                 Page

Purpose of the Plan-------------------------------------          ---

1     Definitions-----------------------------------------          1

2     Participation---------------------------------------          23

3     Employee Contributions------------------------------          30

4     Company Contributions-------------------------------          43

5     Investment Provisions-------------------------------          67

6     Valuation of Accounts-------------------------------          81

7     Vesting---------------------------------------------          83

8     Distribution of Vested Interest---------------          85

9     Withdrawals During Employment-------------------          109

10    Payment of Benefits-----------------------------          119

11    Re-Employment-----------------------------------          121

12    Administration of the Plan---------------------          125

13    Certain Rights and Obligations-----------------          131

14    Amendments-------------------------------------          134

15    Non-Alienation of Benefits----------------------          135

16    Top-Heavy Provisions----------------------------          138

17    Tender Offers-----------------------------------          142

18    Loans-------------------------------------------          146

SSBT-002095
CONFIDENTIAL

- 1 -

## Section 1

### Definitions

The following words and phrases used herein shall have the following meanings unless a different meaning is plainly required by the context.

1.01    Account:

> The account reflecting the interest of each Participant, Inactive Participant and former Participant in the Plan, which, effective July 1, 1989, is comprised of both a Savings Plan Account and an ESOP Account.

1.02    Administrative Committee:

> The Administrative Committee provided for in Section 12.06 of the Plan (including such Committee's designee).

1.03    After Tax Contribution(s):

> The sum of (i) contributions made by a Participant as provided in Section 3.03 of the Plan, and (ii) Basic Contributions.

SSBT-002096
CONFIDENTIAL

- 2 -

1.04    Basic Contribution(s):

        The contributions made by a Participant prior to July 1, 1983 under Section 3.01 of the Plan as in effect prior thereto.

1.05    Before Tax Contribution(s):

        The contributions made by the Company in accordance with the election of the Participant as provided in Section 3.02 of the Plan.

1.06    Board of Directors:

        The Board of Directors of Grace.

1.07    Business Day:

        Each day that the New York Stock Exchange is open for business.

1.08    Code:

        Internal Revenue Code of 1986, as amended.

1.09    Company:

        Grace, Grace Connecticut, and any other corporation or other trade or business (owned or controlled by Grace New York prior to September 27, 1996; or

SSBT-002097
CONFIDENTIAL

- 3 -

owned or controlled by Grace Connecticut prior to
May 25, 1988) one or more divisions or departments
of which from time to time shall be authorized by
the Board of Directors to participate in the Plan
(or which were authorized by Grace Connecticut to
participate in the Plan prior to May 25, 1988) and
which shall have adopted the Plan.

1.10   Compensation:

(1)   Compensation is defined as wages and salaries for
personal services actually rendered in the course
of employment with the Company to the extent that
the amounts are includable in gross income
(including, but not limited, to commissions paid
salesmen, compensation for services on the basis of
a percentage of profits, incentive compensation,
tips and bonuses (but excluding long-term incentive
bonuses and retention bonuses)).  Compensation
shall exclude reimbursements or other expense
allowances, fringe benefits, moving expenses,
deferred compensation, welfare benefits, and the
Company's cost for any employee benefit plan,
including the Plan.  Compensation shall also
exclude the following:

(a)   Employer contributions to a plan of deferred
compensation which are not includable in the
employee's gross income for the taxable year
in which contributed, or employer
contributions under a simplified employee

SSBT-002098
CONFIDENTIAL

- 4 -

pension to the extent such contributions are deductible by the employee, or any distributions from a plan of deferred compensation;

(b)    Amounts realized from the exercise of a non-qualified stock option, or when restricted stock (or property) held by the employee either becomes freely transferable or is no longer subject to a substantial risk of forfeiture;

(c)    Amounts realized from the sale, exchange or other disposition of stock acquired under a qualified stock option; and

(d)    other amounts which received special tax benefits, or contributions made by the employer (whether or not under a salary reduction agreement) towards the purchase of an annuity contract described in section 403(b) of the Code (whether or not the contributions are actually excludable from the gross income of the employee).

SSBT-002099
CONFIDENTIAL

- 5 -

Notwithstanding anything herein to the contrary, Compensation shall include any amount contributed by the Company pursuant to a salary reduction agreement and which is not includable in the gross income of the employee under sections 125, 402(e)(3), 402(h), or 403(b)(or under section 132(f) for Plan Years on and after January 1, 2001) of the Code.

(2)    In the case of a Foreign Based Eligible Employee, compensation shall be determined by the Administrative Committee using as a guideline to be uniformly and consistently applied that compensation which would have been received by a Participant if his services had been performed in a similar position in the United States for Grace or Grace Connecticut.

(3)    Effective January 1, 1989, Compensation taken into account under the Plan with respect to any Employee for a Plan Year shall not exceed $200,000 (as automatically adjusted for increases in the cost of living as prescribed by the Secretary of the Treasury). Effective January 1, 1994, compensation taken into account under the Plan with respect to a Plan Year shall not exceed $150,000 (as adjusted by the Commissioner for increases in the cost of living in accordance with section 401(a)(17)(B) of the Internal Revenue Code). Effective January 1, 2002, Compensation taken into account under the Plan with respect to any Employee for a Plan Year shall not exceed $200,000 (as automatically

SSBT-002100
CONFIDENTIAL

- 6 -

adjusted for increase in the cost of living as
prescribed by the Secretary of Treasury). For Plan
Years before January 1, 1997, in determining the
Compensation of a Participant for purposes of this
limitation, the rules of section 414(g)(6) of the
Code shall apply, except in applying such rules,
the term "family" shall include only the spouse of
the Participant and any lineal descendants of the
Participant who have not attained age 19 before the
close of the Plan Year.

1.11    Continuous Employment:

Any period of employment with the Company, or any
corporation or other trade or business controlled by Grace
(or, prior to September 27, 1996, W. R. Grace & Co., a New
York corporation; or, prior to May 25, 1988, by Grace
Connecticut) pursuant to Section 414(b) or (c) of the Code
or any other entity affiliated with the Company, or
required to be aggregated with the Company pursuant to
section 414(m) or section 414(o) of the Code, respectively
(during the period of such controlled status, affiliation
or required aggregation), commencing on the Employee's
date of hire.

SSBT-002101
CONFIDENTIAL

- 7 -

1.12    Conversion Period:

> The period beginning on June 30, 1993 and ending on
> July 16, 1993 during which certain Plan
> transactions were suspended as a result of
> transferring the assets of the Trust Fund to
> Fidelity Management Trust Company and changing the
> investment options available under the Plan.  (A
> description of these suspended transactions is
> attached hereto as Exhibit B).

1.13    Cryovac Disposition

> The transaction whereby control of the Cryovac
> business (such business, the "Cryovac Business")
> was separated from control of substantially all of
> the other businesses conducted by Grace-I, and
> whereby Grace commenced control and ownership,
> directly or indirectly, of all of the Non-Cryovac
> Businesses of Grace-I.

1.14    Disability Date:

> (1)    The earlier of (i) the date on which a Participant
> or Inactive Participant receives a disability award
> under the Social Security Act, or (ii) the date on
> which a Participant or Inactive Participant is
> certified as disabled under a long term disability
> income plan maintained by the Company.

> (2)    In all other cases, the date on which the

SSBT-002102
CONFIDENTIAL

- 8 -

Administrative Committee determines that a Participant or Inactive Participant is unable to perform the customary duties of his regular job with the Company, and will continue to be unable to so perform for a period of time which is expected to be protracted, due to a physical or mental disability. This determination is to be made only after the Participant or Inactive Participant has submitted himself to an examination by a physician provided by or acceptable to the Administrative Committee.

(3)    For purposes of Section 402(e)(4)(A) of the Code, a Participant or Inactive Participant shall be considered to have separated from service on his Disability Date.

1.15    Early Retirement Date:

The date of the Participant's or Inactive Participant's Termination of Service, provided it occurs on or after his 55th birthday and prior to his 65th birthday, or on or after his 50th birthday in the case of Participants and Inactive Participants who are subject to the early retirement provisions of section 5.14 or Section 5.15 of the W. R. Grace & Co. Retirement Plan for Salaried Employees or section 3.14 of the W. R. Grace & Co. Supplemental Executive Retirement Plan.

SSBT-002103
CONFIDENTIAL

- 9 -

1.16    Effective Date of the Plan:

(1)    The Effective Date of this amended and restated
       Plan is January 1, 1997 (or such other date as
       provided herein).  The Effective Date of the Plan
       as originally adopted by Grace Connecticut is
       September 1, 1976.

(2)    The Effective Date of the Plan for each Employing
       Unit authorized to participate in the Plan after
       September 1, 1976 shall be the effective date of such
       participation.

1.17    Eligible Employee:

        An Employee eligible to participate in the Plan as
        provided in Section 2.01.

1.18    Employee:

        Any person who is employed by the Company or any
        other entity required to be aggregated with the
        Company under sections 414(b), (c), (m) or (o) of
        the Code.

        For purposes of the requirements of section
        414(n)(3) of the Code, a "leased employee" who is
        not excluded under the safe harbor provisions of
        section 414(n)(5) of the Code shall be treated as
        an Employee, but any such "leased employee" shall
        not be an Eligible Employee unless specifically so

SSBT-002104
CONFIDENTIAL

- 10 -

designated by the Company. A "leased employee" is any person (other than an employee of the Company) who pursuant to an agreement between the Company and any other person (leasing organization) has performed services for the Company (or for the Company and related persons determined in accordance with §414(n)(6) of the Code) on a substantially full-time basis for a period of at least one year, and such services are performed under the primary direction or control of a Company (for Plan Years beginning prior to January 1, 1997, are of a type historically performed by employees in the business field of a Company).

1.19    Employing Unit:

A division or department of the Company authorized by the Board of Directors to participate in the Plan (including any division or department of the Company authorized by Grace Connecticut to participate in the Plan prior to May 25, 1988).

1.20    ESOP:

Effective July 1, 1989, the stock bonus portion of the Plan which constitutes an employee stock ownership plan under section 4975(e)(7) of the Code.

SSBT-002105
CONFIDENTIAL

- 11 -

1.21    ESOP Account:

Prior to April 9, 2003, the amounts credited to each
Participant, Inactive Participant or former Participant
under the ESOP, separately reflecting Company
contributions made after June 30, 1989 and before January
1, 2001 under Section 4.01 (including Company
contributions that were transferred from Former Fund C
within the Savings Plan to the ESOP in accordance with
Section 5.01), and Supplemental Contributions, After-Tax
Contributions, Before-Tax Contributions and Rollover
Contributions that were invested in Former Fund C within
the Savings Plan and subsequently transferred to the ESOP
in accordance with Section 5.01, each with any earnings,
interest and dividends, and profits and losses, realized
or unrealized thereon.  Effective April 9, 2003, amounts
credited to the ESOP Account shall be allocated to the
ESOP portion of the Grace Stock Fund, and such portion
shall be regarded as the "ESOP Account", and shall
continue to constitute the ESOP, as of and after that
date.

1.22    Foreign Based Eligible Employee:

An Employee eligible to participate in the Plan as
provided in Section 2.01(2).

SSBT-002106
CONFIDENTIAL

- 12 -

1.23    Foreign Subsidiary:

Any foreign entity in which the Company directly or through one or more entities has at least a 10% interest in the voting stock or profits thereof and with respect to which the Company has entered into an agreement with the U.S. Secretary of the Treasury or his delegate as defined in section 3121(l) of the Code providing social security coverage of U.S. citizens and U.S. resident employees.

1.24    Former Funds:

The available investment options under the Plan prior to the commencement of the Conversion Period, including Former Funds A, B, C and D.

1.25    Grace:

W. R. Grace & Co., a Delaware corporation.

1.26    Grace Connecticut:

W. R. Grace & Co.-Conn., a Connecticut corporation, which is a subsidiary of Grace. All references herein to "Grace Connecticut" which relate to periods prior to May 25, 1988, shall mean W. R. Grace & Co., a Connecticut corporation.

SSBT-002107
CONFIDENTIAL

- 13 -

1.27    Grace Stock:

Shares of common stock of Grace, including
fractional shares.

1.28    <u>Grace Stock Fund:  As defined in Sections 5.11 and 5.12.</u>

Hour of Service:

With respect to each Plan Year (or other applicable
computation period) an Employee will be credited with an
Hour of Service for the following:

(1)    Each hour for which an Employee is paid or entitled
to payment by the Company for the performance of
duties.

(2)    Each hour up to a maximum of 501 hours for which an
Employee is paid or entitled to payment by the
Company on account of a period of time during which
no duties are performed due to vacation, holiday,
illness, incapacity (including disability), layoff,
jury duty, military duty or leave of absence.

(3)    Each hour not otherwise credited for which back
pay, irrespective of mitigation of damages, has
been either awarded or agreed to by the Company.

Notwithstanding the foregoing, the Hours of Service of a
salaried Employee exempt from the overtime provisions of
the Fair Labor Standards Act shall be calculated, for

SSBT-002108
CONFIDENTIAL

- 14 -

purposes of determining a Year of Service and a One-Year Break in Service, by crediting him with 45 Hours of Service for any calendar week in which he has at least one Hour of Service. This provision shall be effective as of May 1, 1979 with respect to all relevant computation periods (before or after such date) for exempt salaried Employees who terminate, retire or are re-employed on or after such date.

The foregoing shall be determined in accordance with the provisions of Labor Department Regulations Sections 2530.200(b)-2(b) and (c) and Section 2530.200(b)-3(e)(6), where applicable.

Hours of Service for purposes of determining eligibility and a One-Year Break in Service shall include hours during any period of Continuous Employment.

1.29    Inactive Participant:

(1)    Any Participant who ceases to be an Eligible Employee but whose Continuous Employment has not been terminated.

(2)    Any Participant who is not currently making After Tax Contributions and is not currently electing to have Before Tax Contributions made on his behalf.

SSBT-002109
CONFIDENTIAL

- 15 -

(3)    Unless otherwise expressly provided in the Plan, the term "Inactive Participant" shall include an alternate payee for whom an Account is required to be established and maintained within the Plan by the terms of a qualified domestic relations order described in section 414(p) of the Code.

1.30    Investment Committee:

The Investment Committee as provided in Section 12.03 (including such Committee's designee).

1.31    Investment Funds:

The available investment options under the Plan after the commencement of the Conversion Period (but not including the ESOP) which are described in Section 5.

1.32    Investment Manager:

An Investment Manager as provided in Section 12.04.

1.33    NMC Disposition:

The transaction whereby control of the business conducted by Grace's National Medical Care, Inc. subsidiary (such businesses, the "NMC Businesses") was separated from control of substantially all of the other businesses conducted by W. R. Grace & Co. (a New York corporation), which included a

SSBT-002110
CONFIDENTIAL

- 16 -

distribution, with respect to each share of its common stock, of one share of Grace, which directly or indirectly owns or controls the Non-NMC Businesses.

1.34    Non-Taxable Balance:

The amount of a Participant's contributions to the Plan (not previously withdrawn) in which he has a cost basis for tax purposes, as of December 31, 1986.

1.35    One-Year Break in Service:

Any Plan Year during which an Employee fails to complete more than 500 Hours of Service due to a Termination of Service. A One-Year Break in Service shall occur at the close of business on the last day of any such Plan Year.

For purposes of determining a One-Year Break in Service in the case of an absence commencing on or after January 1, 1985, an Employee shall also be credited with a number of Hours of Service equal to such Employee's normal working hours (or 8 hours per workday if this cannot be determined) (up to a maximum of 501 hours) during which the Employee was absent from work on account of pregnancy, childbirth, adoption, or related child care (as described in sections 410(a)(5)(E) and 411(a)(6)(E) of the Code). Such hours shall be credited in the

SSBT-002111
CONFIDENTIAL

- 17 -

Plan Year in which such absence begins if such hours are needed to prevent a One-Year Break in Service in such Plan Year. Otherwise such hours shall be credited in the next succeeding Plan Year.

1.36    Participant:

Any person participating in the Plan as provided in Section 2.

1.37    Plan:

W. R. Grace & Co. Savings and Investment Plan (for periods before January 1, 2002, W. R. Grace & Co. Salaried Employees Savings and Investment Plan) as set forth herein and as from time to time amended.

1.38    Plan Year:

The twelve-month period commencing on each January 1st and terminating on the following December 31st, except that the first Plan Year shall be the four-month period commencing on September 1, 1976 and terminating on December 31, 1976.

1.39    Qualified Domestic Subsidiary:

A domestic corporation:

(1)    Eighty (80) percentum or more of the outstanding voting stock of which is owned

SSBT-002112
CONFIDENTIAL

- 18 -

by the Company;

(2)  Ninety-five (95) percentum or more of its
gross income for the 3 year period
immediately preceding the close of its
taxable year which ends on or before the
close of the taxable year of the Company (or
for such part of such period during which
the Corporation was in existence) was
derived from sources outside the United
States; and

(3)  Ninety (90) percentum or more of its gross
income for such period (or such part) was
derived from the active conduct of a trade
or business.

1.40  Recordkeeper:

The entity retained by Grace as of January 1, 1992
to maintain the books and records of the Plan and
to make distributions of Plan benefits, and any
successor(s) thereto.

1.41  Retirement:

Termination of Service (other than by death) on an
Early Retirement Date or a Retirement Date.

SSBT-002113
CONFIDENTIAL

- 19 -

1.42    Retirement Date:

The date of the Participant's or Inactive Participant's Termination of Service, provided it occurs on or after his 65th birthday.

1.43    Rollover Contribution(s):

The contributions made by a Participant as described in Section 3.13 of the Plan.

1.44    Savings Plan:

The portion of the Plan that does not constitute an employee stock ownership plan under section 4975(e)(7) of the Code.  Prior to July 1, 1989, the Plan was comprised entirely of the Savings Plan.

1.45    Savings Plan Account:

The amounts credited to each Participant, Inactive Participant, or former Participant under the Savings Plan, separately reflecting Supplemental Contributions, After Tax Contributions, Before Tax Contributions, Rollover Contributions and Company contributions made to the Plan after December 31, 2000, each with any earnings, interest and dividends, and profits or losses, realized or unrealized, thereon (other than any such amounts that were invested in Former Fund C and subsequently transferred from the Savings Plan to

SSBT-002114
CONFIDENTIAL

- 20 -

the ESOP in accordance with Section 5.01).

1.46    Supplemental Contributions:

The contributions made by a Participant prior to
July 1, 1983 under Section 3.02 of the Plan as in
effect prior thereto, and the contributions
transferred from the W. R. Grace & Co. Retirement
Plan for Salaried Employees as described in Section
3.14.

1.47    Termination of Service:

Termination of Continuous Employment as determined
by the Company from its service records.

Notwithstanding any different treatment provided
under a parallel provision of any other employee
benefit plan maintained by the Company, in the
event that an Employee ceases to render actual
services to the Company (and any affiliate
thereof), no amount paid to him (whether in a lump
sum or in periodic installments) on or after
cessation of services on account of severance shall
be regarded as compensation under the Plan (except
to the extent otherwise required by law).

1.48    Three Months of Service:

Three consecutive, full calendar months, beginning
with the first day of the calendar month following

SSBT-002115
CONFIDENTIAL

- 21 -

(or coincident with) the Employee's date of hire, during which the Employee has completed at least 250 Hours of Service.

1.49    Transition Period:

The period beginning on December 31, 1991 and ending on April 1, 1992 during which certain Plan transactions were suspended as a result of the transfer of the books and records of the Plan from Grace (and its designees) to the Recordkeeper. (A list of these suspended transactions and a description of certain other matters related to the Transition Period is attached hereto as Exhibit A.)

1.50    Trust Fund:

The fund established under Section 12.01.

1.51    Trustee:

The Trustee or Trustees provided for in Section 12.01.

1.52    Vested Interest:

That portion of an Account in which a participant has a fully vested and nonforfeitable right, as provided in Section 7.

SSBT-002116
CONFIDENTIAL

- 22 -

1.53    Year of Service:

> The consecutive twelve-month period beginning on the Employee's date of hire or any Plan Year subsequent to such date of hire (beginning with the Plan Year which includes the first anniversary of the Employee's date of hire) in which the Employee has completed at least 1,000 Hours of Service.

1.54    Effective July 1, 1989, where a provision in the text of the Plan is intended to apply to the entire Plan, the term "Plan" is used.  Where a provision is intended to apply to one portion of the Plan, but not the other, the term "ESOP" or "Savings Plan", as the case may be, is used.

1.55    Masculine pronouns used herein shall refer to men or women or both and nouns and pronouns when stated in the singular shall include the plural and when stated in the plural shall include the singular, wherever appropriate.

1.56 Any reference in the Plan to a "Section" shall refer to a Section of the Plan unless otherwise specified.

SSBT-002117
CONFIDENTIAL

- 23 -

## Section 2

Participation

2.01    An Eligible Employee is:

(1)    Any salaried Employee of an Employing Unit, or any salesman paid on a commission basis by an Employing Unit, who has completed Three Months of Service (or, for periods prior to October 1, 2000, one Year of Service), other than an Employee with respect to whom compensation, retirement benefits, hours of work or conditions of employment are determined through good faith bargaining with a recognized bargaining agent (subject to collective bargaining) or an Employee actively participating in another savings and investment plan maintained or contributed to by the Company or any subsidiary of the Company.

With respect to any Eligible Employee who has completed Three Months of Service (but not one Year of Service) on or prior to October 1, 2000, such Eligible Employee shall be eligible to commence participation in the Plan, as of October 1, 2000.

Notwithstanding the forgoing, for periods commencing on or after October 1, 2000, any salaried Employee of an Employing Unit, or any

SSBT-002118
CONFIDENTIAL

- 24 -

salesman paid on a commission basis by an Employing
Unit, other than an Employee with respect to whom
compensation, retirement benefits, hours of work or
conditions of employment are determined through
good faith bargaining with a recognized bargaining
agent (subject to collective bargaining) or an
Employee actively participating in another savings
and investment plan maintained or contributed to by
the Company or any subsidiary of the Company, who
does not satisfy the requirements of either of the
first two paragraphs of this Section 2.01(1) prior
to completing one Year of Service, shall be an
Eligible Employee when he or she has completed one
Year of Service.

The limitations of this Section 2.01(1) with
respect to the exclusion of hourly Employees from
participation in the Plan shall not apply to those
hourly Employees who, as a result of the merger of
the Hourly Plan (as defined in Section 2.11) with
this Plan, become Participants or Inactive
Participants in this Plan as the result of such
merger, as more fully described in Section 2.11.

(2)    Any citizen or resident of the United States who is
a salaried Employee or salesman paid on a
commission basis of (1) a Foreign Subsidiary or (2)
a Qualified Domestic Subsidiary, as described
respectively in sections 406(a) and 407(a) of the
Code, and for whom no contributions under a funded

SSBT-002119
CONFIDENTIAL

- 25 -

plan of deferred compensation are provided by the Foreign Subsidiary, Qualified Domestic Subsidiary, or any other person with respect to the remuneration paid by such Foreign Subsidiary or Qualified Domestic Subsidiary, and who has completed one Year of Service.

Notwithstanding the foregoing, an individual who is not a Participant in the Plan at the time he is hired by a foreign subsidiary or qualified domestic subsidiary is not an Eligible Employee.

(3) Notwithstanding Section 2.01(1), effective at the beginning of the Plan Year commencing January 1, 2002, any hourly Employee of an Employing Unit (other than an Employee actively participating in another savings and investment plan maintained or contributed to by the Company or any subsidiary of the Company) who has completed Three Months of Service shall be an Eligible Employee. The designation of an Employing Unit may restrict eligibility to those hourly Employees thereof who are covered under a specified collective bargaining agreement, or who are not covered under any such agreement.

Any hourly Employee of an Employing Unit, who does not satisfy the requirements of the preceding paragraph prior to completing one Year of Service, shall be an Eligible Employee when he or she has completed one Year of Service.

SSBT-002120
CONFIDENTIAL

- 26 -

2.02    Each Employee eligible to participate in the Plan shall be so notified by the Company and shall elect to participate or not to participate by signing such forms as the Administrative Committee may require which forms shall be delivered to the Administrative Committee within 30 days after such notice of eligibility.  Failure to elect affirmatively to participate in the Plan within 30 days after such notice of eligibility shall be an election not to participate.

2.03    Any Employee who becomes eligible to participate and who elects to participate within the time provided shall become a Participant as of the first day of the month coincident with or next following his eligibility date.

2.04    Each Eligible Employee who elects not to become a Participant when first eligible may at any time after his eligibility date elect to become a Participant by signing such forms as the Administrative Committee may require. Such an Eligible Employee shall become a Participant (by electing to have the Company make Before Tax Contributions on his behalf under Section 3.02 or otherwise) as of the first day of the month which follows by at least 30 days the date such forms as the Administrative Committee may require are delivered to that Committee.

2.05 Any other provision of the Plan to the contrary notwithstanding:

SSBT-002121
CONFIDENTIAL

- 27 -

    (i)      each Eligible Employee who is not a Participant as of May 24, 1993, may elect to become a Participant effective July 1, 1993, provided that the Eligible Employee makes that election by submitting the appropriate form to the Administrative Committee on or after May 24, 1993, but before June 19, 1993 (the "Open Enrollment Period:); and

    (ii)     each Participant may elect to have the Company start to make, or increase, Before Tax Contributions on his behalf under Section 3.02, effective July 1, 1993, provided that the Participant makes that election by submitting the appropriate form to the Administrative Committee during the Open Enrollment Period.

2.06    If a Participant terminates his Continuous Employment for any reason, his participation shall terminate.

2.07  Notwithstanding Section 2.06, an interruption in service in case of an authorized leave of absence, will not be considered a Termination of Service for purposes of the Plan, but no After Tax Contributions or Before Tax Contributions may be made during the periods of absence unless the Participant receives Compensation during such periods.

SSBT-002122
CONFIDENTIAL

- 28 -

2.08    If a Participant is transferred to service with a division of the Company or any of its subsidiaries or affiliates not covered by the Plan or is transferred to an employment status not covered by the Plan, he shall be considered an Inactive Participant, and no After Tax Contributions or Before Tax Contributions may be made until he again becomes an Eligible Employee.

2.09    In the event that the Company shall acquire the control of any organization by purchase of assets or stock, merger, amalgamation, consolidation or any other similar event, the Board of Directors (or its Benefits Committee or any officer of Grace who has been authorized to acquire such organization by the Board of Directors) may authorize such organization to participate in the Plan upon agreement that contributions shall be made as required under the Plan, shall determine to what extent, if any, credit for service with such organization shall be granted as to the employees of such organization for the purpose of determining eligibility hereunder, whether a plan maintained by such organization shall be merged into the Plan and the treatment of assets of such plan in connection with such merger.

2.10    The former Dearborn Chemical Company Salaried Employees Savings and Investment Plan (and the assets and account balances thereunder) was merged into this Plan effective July 5, 1989.  The former HOMCO International, Inc. Profit Sharing, Investment Savings, and Retirement Plan; Grace Offshore Company Employees Profit Sharing Plan; and Grace Energy Corporation Employees Savings and Investment Plan

SSBT-002123
CONFIDENTIAL

- 29 -

(and the assets and account balances under each) were merged into this Plan effective December 31, 1993. The former Grace Drilling Co. Money Purchase Plan (and the assets and account balances thereunder) was merged into this Plan effective October 1, 1994.

2.11 The former W.R. Grace & Co. Hourly Employees Savings and Investment Plan ("Hourly Plan") was merged into this Plan effective at the beginning of the Plan Year commencing January 1, 2002. An individual who is a participant, inactive participant or former participant under the Hourly Plan as of the time of such merger shall become a Participant, Inactive Participant or former Participant, as applicable, under this Plan as of the time of such merger. Provided, however, that an individual whose rights to benefits payable under the Hourly Plan have, prior to January 1, 2002, commenced, been paid in full (either directly or by distribution of an appropriate annuity contract from an insurer) or been forfeited to the extent not paid shall have his benefits determined under the Hourly Plan as in effect at the time of distribution, except as otherwise specifically provided in this Plan.

SSBT-002124
CONFIDENTIAL

- 30 -

## Section 3

Employee Contributions

3.01 Each Participant shall elect to have the Company make Before Tax Contributions on his behalf in accordance with Section 3.02, or shall elect to make After Tax Contributions to the Plan in accordance with Section 3.03, or both.

Effective for Plan Years commencing on or after January 1, 2002, Participants eligible to make elective deferrals under this Plan and who have attained age 50 before the close of the Plan Year shall be eligible to make catch-up contributions in accordance with, and subject to the limitations of, section 414(v) of the Code. Such catch-up contributions shall not be taken into account for purposes of the provisions of the Plan implementing the required limitations of Section 402(g) and 415 of the Code. The Plan shall not be treated as failing to satisfy the provisions of the Plan implementing the requirements of Section 401(k)(3), 401(k)(11), 401(k)(12), 410(b), or 461 of the Code, as applicable, by reason of the making of such catch-up contributions.

3.02 During a period specified by the Administrative Committee prior to the later of (1) the beginning of each Plan Year or (2) the date that an Eligible Employee first becomes a Participant under Section 2 (subject to Section 2.04) or Section 11.02 (upon reemployment), a Participant may request that the Company reduce his Compensation in respect of periods during such Plan Year that he is a

SSBT-002125
CONFIDENTIAL

- 31 -

Participant in the Plan by an amount equal to a whole percentage, between 2% and 16% inclusive, of such Compensation and contribute such amount to his Account under the Plan as a Before Tax Contribution. Notwithstanding the foregoing, such Before Tax Contributions under this Plan and all other plans, contracts, or arrangements of the Company shall not exceed $7,000 (as automatically adjusted for increases in the cost of living as prescribed by the Secretary of the Treasury) for a Plan Year (determined without regard to certain amounts paid in 1987 in respect of 1986 services). In the event that a Participant participates in more than one cash or deferred arrangement under section 401(k) of the Code (or other elective deferral arrangement covered under section 402(g)(3) of the Code) and contributions under all such arrangements exceed the foregoing limitation, he shall so inform the Administrative Committee and shall indicate the amount of his Before Tax Contributions to be refunded to him from the Plan as an Excess Deferral no later than March 1 of the Plan Year next following the Plan Year in which such Before Tax Contributions were made, and such refund of such Before Tax Contributions (and earnings, if any, thereon) shall be made to him no later than April 1 of such Plan Year.

Amounts refunded as Excess Deferrals pursuant to this Section 3.02 shall be adjusted for income or loss. The income or loss allocable to the Excess Deferrals is equal to the sum of the following: (i) the income or loss for the taxable year of the individual allocable to the Participant's Before Tax Contributions multiplied by a

SSBT-002126
CONFIDENTIAL

- 32 -

fraction, the numerator of which is such Participant's Excess Deferral for the taxable year, and the denominator is equal to the sum of the Participant's account balance attributable to Before Tax Contributions as of the beginning of the taxable year, plus the Participant's Before Tax Contributions for the taxable year, and (ii) 10% of the amount determined under (i) above multiplied by the number of whole calendar months between the end of the Plan Year and the date of distribution, counting the month of distribution if distribution occurs after the 15th of such month.

3.03    A Participant who has elected to have the Company make Before Tax Contributions on his behalf under Section 3.02 may also elect to contribute as After Tax Contributions an amount equal to a whole percentage of his Compensation between 1% and 16% inclusive, not in excess of the amount by which 16% exceeds the percentage of his Compensation represented by Before Tax Contributions for the Plan Year. A Participant who has not elected to have the Company make Before Tax Contributions on his behalf under Section 3.02 may elect to contribute as After Tax Contributions an amount equal to a whole percentage of his Compensation between 2% and 16% inclusive.

3.04    Subject to Section 3.02 of the Plan, a Participant may elect to increase or decrease his rate of Before Tax Contributions as of the first date of any month (but not more frequently than once every 3 months) with no changes during a Plan Year that are effective after September 1. Such elections shall be effective on the first day of the month next following

SSBT-002127
CONFIDENTIAL

- 33 -

the date that the Administrative Committee receives notice
from him.   Notwithstanding the foregoing, the provisions of
this Section 3.04 shall not apply to any suspension of
Before Tax Contributions which results from a withdrawal
made pursuant to Section 9.01(3) on account of hardship (as
defined in Section 9.05).

3.05    Subject to Section 3.03 of the Plan, a Participant may
        elect to increase or decrease his rate of After Tax
        Contributions effective on the first day of any month,
        provided that the Administrative Committee receives prior
        notice from him in writing, and provided further that such
        increase or decrease cannot be made more frequently than
        once every three months, except that the foregoing
        restriction shall not extend beyond the end of any Plan
        Year.   Notwithstanding the foregoing, a Participant may
        suspend his After Tax Contributions effective the last day
        of any month by giving written notice to the
        Administrative Committee at any time prior to such
        effective date.   If a Participant has suspended his After
        Tax Contributions, he may resume his After Tax
        Contributions on the first day of any month which is at
        least three full calendar months after the date the
        suspension commenced (except that the foregoing
        restriction shall not extend beyond the end of any Plan
        Year) by giving written notice to the Administrative
        Committee as determined by the date such notice is
        received by the Administrative Committee.   For purposes of
        this Section 3.05, an Eligible Employee who does not
        become a Participant in the Plan when first eligible shall
        not be deemed to have made an election with respect to

SSBT-002128
CONFIDENTIAL

- 34 -

After Tax Contributions until the Administrative Committee receives notice from him in writing of such an election.

3.06    After Tax Contributions shall be deducted by the Company from the Compensation of each Participant.  Before Tax Contributions shall be withheld by the Company from the Compensation of each Participant, subject to Section 3.10.

3.07    A Participant shall be an Inactive Participant during a period when (1) no Before Tax Contributions are being made on his behalf and (2) he is not currently making After Tax Contributions.

3.08    During the period prior to the beginning of each Plan Year, or from time to time thereafter, or both, the Company shall make estimated calculations, as set forth below, with respect to such Plan Year required by section 401(k) of the Code, and after the end of such Plan Year, shall make exact calculations, as set forth below:

(a)    Each Eligible Employee shall be classified as either a (i) "highly compensated employee" or an (ii) "other employee".  For purposes hereof, a "highly compensated employee" means any Eligible Employee who performs service for the Company during the Plan Year and (A) who during the twelve (12) month period immediately preceding the Plan Year of reference received compensation from the Company in excess of $80,000 (as adjusted pursuant to the Code) or (B) who during such preceding Plan Year, or the Plan Year of reference, owned 5% or

SSBT-002129
CONFIDENTIAL

- 35 -

more of the equity of the Company.  In applying
this definition, the special rules of section
414(q) of the Code and the aggregation rules of
sections 414(b), (c), (m) and (o) of the Code shall
be taken into account.  For purposes hereof,
"compensation" means compensation as set forth in
Section 4.05 of the Plan (with the modifications
set forth in section 414(q) of the Code).  For
purposes hereof, an "other employee" means any
Eligible Employee who is not classified as a highly
compensated employee.

(b)  For each Eligible Employee who is classified as an
other employee, a deferral ratio shall be calculated
equal to his Before Tax Contributions for the Plan
Year preceding the Plan Year of reference (for Plan
Years prior to January 1, 1997, the Plan Year of
reference) (zero in the case of an Eligible Employee
for whom no Before Tax Contributions are being made)
divided by his Compensation for such Plan Year.
Notwithstanding the foregoing, effective for Plan
Years beginning on or after January 1, 2001, for
purposes of this Section 3.08(b), the deferral ratio
shall be the ratio for the Plan Year of reference.

(c)  For each Eligible Employee, who is classified as a
highly compensated employee, a deferred ratio shall
be calculated equal to his Before Tax Contributions
for the Plan Year of reference (zero in the case of
an Eligible Employee for whom no Before Tax

SSBT-002130
CONFIDENTIAL

- 36 -

Contributions are being made) divided by his compensation for the Plan Year of reference. An actual deferral percentage shall be calculated equal to the average of the deferral ratios for all such Eligible Employees.

3.09    For each Plan Year, the actual deferral percentage of the Eligible Employees who are classified as highly compensated employees (determined under Section 3.08(c), which considers contributions and Compensation for the Plan Year of reference) shall not exceed the greater of (A) or (B) below (and any necessary adjustments shall be made as set forth in Section 3.10):

(A)    The actual deferral percentage for the prior Plan Year (for Plan Years prior to January 1, 1997, the Plan Year of reference) of the Eligible Employees who are classified as other employees (determined under Section 3.08(b)), multiplied by 1.25, or

(B)    The lesser of:

( i)    the actual deferral percentage for the prior Plan Year (for Plan Years prior to January 1, 1997, the Plan Year of reference) of the Eligible Employees who are classified as other employees (determined under Section 3.08(b)), multiplied by 2, or

(ii)    the actual deferral percentage for

SSBT-002131
CONFIDENTIAL

- 37 -

the prior Plan Year (for Plan Years prior to January 1, 1997, the Plan Year of reference) of the Eligible Employees who are classified as other employees (determined under Section 3.08(b)), plus 2%.

Notwithstanding the foregoing, effective for Plan Years beginning on or after January 1, 2001, for purposes of this Section 3.09, the actual deferral percentage for Eligible Employees who are classified as other employees shall be the actual deferral percentage for the Plan Year of reference.

3.10    In the event that the actual deferral percentage of the Eligible Employees who are classified as highly compensated employees for the Plan Year exceeds the maximum percentage permitted under Section 3.09 (less such additional percentage as may be determined by the Administrative Committee) based on estimated or exact calculations, the requested or actual Before Tax Contribution for the Plan Year of the Eligible Employee(s) who are classified as highly compensated employees and who are deferring the greatest dollar amount as Before Tax Contributions for the Plan Year shall have such contributions reduced until such time as the requirements of this Section 3.10 are satisfied.

3.11    Any amount by which a Participant's requested or actual Before Tax Contribution is reduced for a Plan Year shall be treated in the manner set forth below as elected by such Participant. A Participant may elect to receive such

SSBT-002132
CONFIDENTIAL

- 38 -

amount in cash as part of his current Compensation or may elect to have such amount considered as an After Tax Contribution as determined under Section 3.03 of the Plan. In the event that a Participant elects to receive the amount by which his Before Tax Contributions are required to be reduced in cash, such amount shall not be contributed to the Plan, or if contributed, shall be refunded with any earnings allocable thereto as an Excess Contribution (and any Company contribution associated with such refunded Excess Contribution, including any earnings allocable thereo, shall be forfeited). Before Tax Contributions which are to be refunded or considered as an After Tax Contribution under this Section 3.11 shall be so refunded or considered in accordance with section 401(k)(8) of the Code and Treasury Regulations promulgated thereunder no later than the end of the Plan Year after the Plan Year in which such amount was contributed to the Plan (and if possible, no later than March 15 of the Plan Year after the Plan Year in which such amount was contributed). Before Tax Contributions which are considered as an After Tax Contribution under this Section 3.11 will continue to be regarded as Before Tax Contributions for purposes of Section 9 of the Plan regarding withdrawals.

SSBT-002133
CONFIDENTIAL