- 39 -

Amounts refunded as Excess Contributions and Company contributions forfeited pursuant to this Section 3.11 shall be adjusted for income or loss. The income or loss allocable to an Excess Contribution is equal to the sum of the following: (i) the income or loss allocable to the Participant's Before Tax Contributions for the Plan Year multiplied by a fraction, the numerator of which is such Participant's Excess Contribution for the year, and the denominator is equal to the sum of the Participant's account balance attributable to Before Tax Contributions as of the beginning of the Plan Year, plus the Participant's Before Tax Contributions for the Plan Year, and (ii) 10% of the amount determined under (i) above multiplied by the number of whole calendar months between the end of the Plan Year and the date of the distribution, counting the month of distribution if distribution occurs after the 15th of such month. The income or loss allocable to forfeited Company contributions shall be determined in a similar manner, substituting the term "Company contributions" wherever "Before Tax Contributions" appears.

3.12    No contributions may be made by a Participant who

    (1)    is not receiving Compensation,

    (2)    is no longer an Eligible Employee, or

    (3)    is an Inactive Participant.

3.13  A Participant or Inactive Participant (and, effective July 19, 1993, an Employee who would be an Eligible Employee except that he has not yet completed the eligibility

SSBT-002134
CONFIDENTIAL

- 40 -

requirements of Section 2.01) may at any time file with the Administrative Committee a request to permit him to make a Rollover Contribution (as defined below).

The Administrative Committee shall have the sole discretion (which shall be exercised in a non-discriminatory manner) as to whether to permit such a Rollover Contribution, and may, as a condition of its approval, require the Participant or Inactive Participant or other individual to furnish such evidence as the Administrative Committee deems appropriate that the amount to be paid qualifies as a Rollover Contribution under the law. A Rollover Contribution means a contribution to the Plan of an amount constituting a "rollover amount" or "rollover contribution" under sections 402(a)(5), 408(d)(3), or 403(a)(4) of the Code. Notwithstanding the foregoing, a Participant may not include in a Rollover Contribution any "qualified voluntary employee contribution" as defined in section 219(e)(2) of the Code as in effect on December 31, 1986. Effective January 1, 2002, subject to sections 401(a)(31) and 402 of the Code, a Rollover Contribution shall include (A) a direct rollover from (1) a qualified plan described in section 401(a) or 403(a) of the Code, including after-tax contributions; (2) an annuity contract described in section 403(b) of the Code, excluding after-tax contributions; (3) an eligible plan under section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state; (B) a Rollover Contribution (other than a direct rollover) shall include a Participant contribution of an eligible rollover distribution from (1) a qualified plan

SSBT-002135
CONFIDENTIAL

- 41 -

described in section 401(a) or 403(a) of the Code; (2) an annuity contract described in section 403(b) of the Code; (3) an eligible plan under section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state; and (C) the Plan shall accept a participant rollover contribution from an individual retirement account described in section 408(a) or 408(b) of the Code that is eligible to be rolled over and would otherwise be includible in gross income.  The Plan shall separately account for any portion of a Rollover Contribution consisting of after-tax contributions.

Effective January 1, 2002, subject to the provisions of section 402(c)(9) of the Code, if a distribution attributable to an Eligible Employee is paid to the spouse of such employee after his death, this Section 3.13 shall apply to such distribution in the same manner as if the spouse were the employee.

A Participant's Rollover Contribution shall be 100% vested and nonforfeitable at all times.  A Rollover Contribution shall be credited to a Participant's Account and shall be invested in such Investment Fund and/or, for periods after June 30, 1989, in the ESOP, as the Participant may designate.

3.14    In the event that an Employee who was a "participant" in the W. R. Grace & Co. Retirement Plan for Salaried Employees elected to transfer to the Plan the amount of his "accumulated contributions" and "interest" thereunder

SSBT-002136
CONFIDENTIAL

- 42 -

pursuant to section 5.11 of such plan (or section 5.08 of
the W. R. Grace & Co. Retirement Plan for Clerical Hourly
Employees of Lake Charles Plant), the amount of his
"accumulated contributions" is considered as Supplemental
Contributions to his Account as of the "valuation date"
coincident with or next following the date of such
transfer (except for purposes of Sections 4.06 and 4.07 of
the Plan) and the amount of his "interest" is considered
as earnings on Supplemental Contributions in his Account
as of such "valuation date," and both amounts are 100%
vested and nonforfeitable at all times, are invested in
such Investment Fund(s) within the Savings Plan as the
Employee designated, and are subject to the provisions of
the Plan relating to Supplemental Contributions, and
earnings thereon, respectively.

SSBT-002137
CONFIDENTIAL

- 43 -

## Section 4

Company Contributions

4.01    Subject to the other provisions of Section 4, for each
        month during which the Plan is in effect, the Company
        shall contribute to the Trust Fund an amount which when
        added to forfeitures, if any, will be equal to 100% (and
        for periods prior to January 1, 2001, 75%; and for periods
        prior to October 1, 2000, 50%) of the lesser of (A) the
        aggregate amount of each Participant's After Tax
        Contributions and Before Tax Contributions, or (B) 6% of
        such Participant's Compensation, for the corresponding
        month.  No contributions will be made with respect to
        Participants' other contributions or his Compensation in
        excess of such 6%.  The amount of Before-Tax Contributions
        and Company contributions pursuant to this Section 4.01
        shall not exceed the maximum amount deductible under
        section 404 of the Code.

        For periods after January 1, 2001, all Company
        contributions shall be made to the Savings Plan portion of
        the Trust Fund.  With respect to Company contributions
        made to a Participant's Account after that date, Company
        contributions shall be allocated to Investment Funds in
        accordance with the Participant's investment election with
        regard to the Participant's Before Tax contributions, or
        if no such elections is effective, in accordance with the
        investment election with regard to the Participant's After
        Tax contributions.

SSBT-002138
CONFIDENTIAL

- 44 -

For periods after June 30, 1989, but before January 1,
2001, all Company contributions shall be made to the ESOP
portion of the Trust Fund, subject to the provisions of
Section 4.12.  Such contributions may be made in cash or
in Grace Stock; provided, however, that Company
contributions shall be made in Grace Stock, to the extent
that the Company incurs an "immediate allocation loan" or
loans described in section 133(b)(1)(B) of the Code to
finance its contributions to the ESOP, in which event, the
Grace Stock acquired with the proceeds of such loan or
loans shall be transferred to the ESOP within 30 days of
the date on which interest begins to accrue on such loans.
 The Trustee may apply cash contributions made by the
Company towards the purchase of Grace Stock from the
Company or any other source for the account of the ESOP;
provided, however, that in no event shall a commission be
charged with respect to a purchase of Grace Stock from the
Company for the account of the ESOP.  In the event that
the Company shall make a contribution of Grace Stock that
is treasury stock or authorized but unissued stock to the
ESOP portion of the Trust Fund or the Trustee shall
purchase Grace Stock from the Company for the account of
the ESOP and Grace Stock is then traded on a national
securities exchange, the value of such shares shall be the
average of the closing prices of Grace Stock, as reported
on the New York Stock Exchange composite tape, for the 20
consecutive trading days immediately preceding the date of
the contribution or purchase.  Grace Stock contributed to
or purchased by the Plan under this Section 4.01 shall be
valued in good faith by an independent appraiser selected
by the Trustee as of the date of the contribution or

SSBT-002139
CONFIDENTIAL

- 45 -

purchased in the event that shares of Grace Stock are not then traded on a national securities exchange.

4.02    The Company also shall contribute during each Plan Year such amounts as are reinstated pursuant to Section 11.03.

4.03    In addition to the contributions to be made pursuant to Sections 4.01 and 4.02, the Company shall pay all expenses reasonably incurred in administering the Plan, to the extent such expenses are not paid by the Trust Fund.

4.04    All contributions made to the Plan by the Company shall be irrevocable, except that contributions made by a mistake of fact or that are not deductible under section 404 of the Code shall be returned to the Company, without interest, within one year after the payment of the contribution, or the disallowance of the deduction (to the extent disallowed), whichever is applicable. Contributions shall be held in the Trust Fund to be used in accordance with the provisions of the Plan in providing the benefits and defraying the reasonable expenses of Plan administration, and neither such contributions nor any income therefrom shall be used for or diverted to purposes other than for the exclusive benefit of Participants, Inactive Participants, and former Participants and their beneficiaries under the Plan except as provided above, and except that any forfeitures arising under Section 7.02 on account of a Termination of Service that occurred prior to January 1, 1989 were used or shall be used to reduce Company contributions otherwise payable, in accordance with Sections 4.01 and 4.02.

SSBT-002140
CONFIDENTIAL

- 46 -

4.05    Annual Additions (as defined below) to the Account of a
        Participant or Inactive Participant for a Plan Year shall
        not exceed the lesser of:

    (1)    $30,000 (or, for Plan Years beginning prior to
        January 1, 1995, 25% of the dollar limitation
        applicable to defined benefit plans under section
        415(b)(1)(A) of the Code, if greater), each as
        automatically adjusted to reflect increases in the
        cost of living as prescribed by the Secretary of
        the Treasury, or effective for Plan Years beginning
        on or after January 1, 2002, $40,000, as adjusted
        for increases in the cost of living under Section
        415(d) of the Code; or

    (2)    25% of the total section 415 "compensation" (as
        defined below) of such Participant or Inactive
        Participant from the Company and effective for Plan
        Years beginning on or after January 1, 2002, 100%
        of the section 415 "compensation" of the
        Participant or Inactive Participant of the Company.

SSBT-002141
CONFIDENTIAL

- 47 -

Annual Additions (with respect to a Plan Year beginning on
or after January 1, 1987) means the sum of (i) Company
contributions (including forfeitures under Section 7.02 in
lieu thereof) pursuant to Section 4.01, (ii) Before Tax
Contributions, (except, for limitation years beginning
after December 31, 2001, to the extent permitted under
Section 3.01 of the Plan relating to catch up
contributions and Section 414(v) of the Code) (iii) After
Tax Contributions, and (iv) amounts described in sections
415(l)(1) and 419A(d)(2) of the Code.  Effective for Plan
Years beginning on or after January 1, 2002, the limit in
section 4.05(2) of the Plan shall not apply to any
contribution for medical benefits after separation from
service (within the meaning of section 401(h) or section
419A(f)(2) of the Code) which is otherwise treated as an
annual addition.

For purposes hereof, compensation means a participant's
wages and salaries for personal services actually rendered
in the course of employment with the Company to the extent
that the amounts are includable in gross income
(including, but not limited, to commissions paid salesmen,
compensation for services on the basis of a percentage of
profits, incentive compensation, tips and bonuses (but
excluding long-term incentive bonuses)).In addition,
effective for Plan Years beginning on or after January 1,
1998, compensation shall include any amount contributed by
the Company pursuant to a salary reduction agreement and
which is not includible in gross income under sections
125, 402(g)(3), 402(h), or 403(b), or effective January 1,
2001, section 132(f), and effective January 1, 2002,

SSBT-002142
CONFIDENTIAL

- 48 -

414(v).  Other amounts not included in compensation for
purposes of this Section include:

(a)    Employer contributions to a plan of deferred
       compensation (except as otherwise provided above)
       which are not includable in the employee's gross
       income for the taxable year in which contributed,
       or employer contributions under a simplified
       employee pension to the extent such contributions
       are deductible by the employee, or any
       distributions from a plan of deferred compensation;

(b)    Amounts realized from the exercise of a non-
       qualified stock option, or when restricted stock
       (or property) held by the employee either becomes
       freely transferable or is no longer subject to a
       substantial risk of forfeiture;

(c)    Amounts realized from the sale, exchange or other
       disposition of stock acquired under a qualified
       stock option; and

(d)    other amounts which received special tax benefits,
       or contributions made by the employer (whether or
       not under a salary reduction agreement) towards the
       purchase of an annuity contract described in
       section 403(b) of the Internal Revenue code
       (whether or not the contributions are actually
       excludable from the gross income of the employee).

4.06   If the Annual Additions limitation set forth in Section

SSBT-002143
CONFIDENTIAL

- 49 -

4.05 would be exceeded with respect to a Participant, such
Participant's After Tax Contributions, if any, with
respect to such Plan Year shall be reduced and refunded
and deemed not to have been made, to the extent necessary
to satisfy the limitations of Section 4.05.

If such limitation would then still be exceeded, such
Participant's Before Tax Contributions, if any, with
respect to such Plan Year shall be reduced and refunded
and deemed not to have been made, to the extent necessary
to satisfy the limitations of Section 4.05.

If such limitation would then still be exceeded, the
Company contribution allocated to such Participant
pursuant to Section 4.01 for such Plan Year shall be
reduced so that it does not exceed the maximum allocation
permitted by Section 4.05. Such excess amount in a
Participant's Account shall be used to reduce Company
contributions for the next limitation year (and succeeding
limitation years, as necessary) for such Participant if he
is a Participant as of the end of such limitation year,
but if he is not, such excess amount shall be held
unallocated in an Annual Additions suspense account for
such limitation year and reallocated in the next
limitation year to the remaining Participants in
accordance with the regular allocation provisions of the
Plan and shall reduce Company contributions for such
limitation year.

SSBT-002144
CONFIDENTIAL

- 50 -

The resolution of the Board of Directors (or, prior to
May 25, 1988, the board of directors of Grace Connecticut)
adopting this Plan as amended shall be deemed to be a
resolution adopting the Plan Year as the "limitation year"
(as defined in Internal Revenue Service Regulation section
1.415-2) for purposes of the Plan.

4.07    In the event that any Participant or Inactive Participant
is also covered under another qualified defined
contribution plan sponsored by the Company or an
affiliated corporation or other trade or business
(defined, for this purpose only, in accordance with
section 415(h) of the Code), the foregoing limitations
shall be applied to each plan separately and on an
aggregate basis.

4.08    This Section 4.08 shall only be effective for Plan Years
commencing before December 31, 1999, and shall have no
effect for Plan Years beginning after that date.  In the
event any Participant or Inactive Participant is also
covered by the W. R. Grace & Co. Retirement Plan for
Salaried Employees, the limitations set forth in section
415(e) of the Code shall be applied in accordance with the
provisions of such plan.  In the event any Participant or
Inactive Participant is also covered under a qualified
defined benefit retirement plan (other than the W. R.
Grace & Co. Retirement Plan for Salaried Employees)
sponsored by the Company (which shall also include an
affiliated corporation or other trade or business as
defined in accordance with section 415(h) of the Code),
then the sum of (a) and (b) below shall not exceed 100%:

SSBT-002145
CONFIDENTIAL

- 51 -

(a)     The percentage attributable to all qualified
defined benefit retirement plans sponsored by the
Company determined by dividing (i) the Company
provided portion of the projected annual benefit of
the Participant or Inactive Participant under all
such defined benefit retirement plans (whether or
not terminated), determined as of the close of the
Plan Year, by (ii) the lesser of (A) the product of
1.25, multiplied by the dollar limitation in effect
under section 415(b)(1)(A) of the Code for such
Plan Year, or (B) the product of 1.4, multiplied by
the amount which may be taken into account under
section 415(b)(1)(B) of the Code with respect to
such Participant or Inactive Participant for such
Plan Year.

(b)     The percentage determined by dividing (i) the sum
of the Annual Additions (as currently and
previously defined in Section 4.05) under all
defined contribution plans (whether or not
terminated) sponsored by the Company as of the
close of the Plan Year, by (ii) the sum, (a) for
such Plan Year and for each prior Plan Year of
service with the Company ending after December 31,
1982, of the lesser of (A) the product of 1.25,
multiplied by the dollar limitation in effect under
section 415(c)(1)(A) of the Code for such Plan Year
(determined without regard to section 415(c)(6) of
the Code) or (B) the product of 1.4, multiplied by
the amount which may be taken into account under

SSBT-002146
CONFIDENTIAL

– 52 –

section 415(c)(1)(B) of the Code with respect to such Participant for such Plan Year, and (b) for prior Plan Years of service with the Company ending on or before December 31, 1982, the maximum amount of Annual Additions which could have been made to the Account of such Participant or Inactive Participant under section 415(c) of the Code (as in effect as of December 31, 1982) for the Plan Year ended December 31, 1982, multiplied by a "transition fraction" whose numerator is the lesser of (I) $51,875 or (II) 1.4 multiplied by 25% of the total section 415 "compensation" (as defined in Section 4.05) of such Participant or Inactive Participant for the Plan Year ended December 31, 1981, and whose denominator is the lesser of (I) $41,500 or (II) 25% of the total section 415 "compensation" (as defined in Section 4.05) of such Participant or Inactive Participant for the Plan Year ended December 31, 1981.

In the event that the 100% limit specified herein is exceeded for any Participant or Inactive Participant, the Company contributions pursuant to Section 4.01 (including forfeitures in lieu thereof), Before Tax Contributions, and After Tax Contributions shall be reduced to comply with such limits in the order and manner specified in Section 4.06.

SSBT-002147
CONFIDENTIAL

- 53 -

Notwithstanding the provisions of this Section 4.08, in
the event that the sum of a Participant's percentages
under (a) and (b) above exceeds 100% as of December 31,
1982, and as of December 31, 1986, an amount shall be
subtracted from the numerator of the fraction under (b)
above (not exceeding such numerator) in accordance with
Internal Revenue Service regulations so that such sum does
not exceed 100% with respect to Plan Years beginning on
and after January 1, 1983 and January 1, 1987,
respectively.

4.09    During the period prior to the beginning of each Plan
Year, or from time to time thereafter, or both, the
Company shall make estimated calculations, as set forth
below, with respect to such Plan Year required by section
401(m) of the Code, and after the end of such Plan Year,
shall make exact calculations, as set forth below:

(a)    Each Eligible Employee shall be classified as
provided in Section 3.08(a).

(b)    The calculations under this Section 4.09 shall take
into account the "401(m) contributions" for such
Eligible Employee. For purposes of this Section
4.09, "401(m) contributions" shall mean (i) for the
ESOP, (A) for each Plan Year commencing after
December 31, 1988 and prior to January 1, 2001, the
amount of Company contributions made under Section
4.01, and (B) for each Plan Year commencing after
December 31, 2000, zero; and (ii) for the Savings
Plan, (A) for each Plan Year commencing after

SSBT-002148
CONFIDENTIAL

- 54 -

December 31, 1988 and prior to January 1, 2001, the amount of the Eligible Employee's After Tax Contributions, and (B) for each Plan Year commencing after December 31, 2000, the sum of the amount of the Eligible Employee's After Tax Contributions and the amount of Company contributions made under Section 4.01

(c)     For each Plan Year commencing after December 31, 1988 and prior to January 1, 2001, a separate contribution percentage shall be calculated under the ESOP and the Savings Plan for each Eligible Employee.  For each Plan Year commencing after December 31, 2000, a contribution percentage shall not be calculated for the ESOP.  With respect to each Eligible Employee, who is classified as an other employee, for each Plan Year for which a separate contribution percentage is calculated for the ESOP:  the ESOP contribution percentage shall be equal to  (i) for Plan Years commencing prior to January 1, 1997, the amount of the 401(m) contributions with respect to the Eligible Employee for the Plan Year of reference (zero in the case of an Eligible Employee for whom no such contributions are being made) divided by his Compensation for the Plan Year of reference, and (ii) for Plan Years commencing on or after January 1, 1997, the amount of the 401(m) contributions with respect to the Eligible Employee for the Plan Year preceding the Plan Year of reference (zero in the case of an Eligible Employee for whom no such contributions

SSBT-002149
CONFIDENTIAL

- 55 -

are being made) divided by his Compensation for the
Plan Year preceding the Plan Year of reference.
With respect to each Eligible Employee, who is
classified as a highly compensated employee, for
each Plan Year for which a separate contribution
percentage is calculated for the ESOP: the ESOP
contribution percentage shall be equal to the
amount of the 401(m) contributions with respect to
the Eligible Employee for the Plan Year of
reference (zero in the case of an Eligible Employee
for whom no such contributions are being made)
divided by his Compensation for the Plan Year of
reference. With respect to each Eligible Employee,
who is classified as an other employee: the
Savings Plan contribution percentage shall be equal
to (i) for Plan Years commencing prior to January
1, 1997, the amount of the 401(m) contributions
with respect to the Eligible Employee for the Plan
Year of reference (zero in the case of an Eligible
Employee for whom no such contributions are being
made) divided by his Compensation for the Plan Year
of reference, and (ii) for Plan Years commencing on
or after January 1, 1997, the amount of the
Eligible Employee's 401(m) contributions (zero in
the case of an Eligible Employee who is not making
After Tax Contributions) for the Plan Year
preceding the Plan Year of reference divided by his
Compensation for the Plan Year preceding the Plan
Year of reference. With respect to each Eligible
Employee, who is classified as a highly compensated
employee: the Savings Plan contribution percentage

SSBT-002150
CONFIDENTIAL

- 56 -

shall be equal to the amount of the Eligible
Employee's 401(m) contributions (zero in the case
of an Eligible Employee who is not making After Tax
Contributions) for the Plan Year of reference
divided by his Compensation for the Plan Year of
reference.

(d)    For each Plan Year commencing after December 31,
1988, a separate contribution percentage shall be
calculated under the ESOP and the Savings Plan for
the Eligible Employees who are classified as highly
compensated employees which shall be equal to the
average of the contribution percentages, as
determined in (c) above, for all such Eligible
Employees under the ESOP for the Plan Year of
reference and the average of the contribution
percentages, as determined in (c) above, for all
such Eligible Employees under the Savings Plan for
the Plan Year of reference.  A contribution
percentage shall not be calculated under the ESOP
for a Plan Year beginning on or after January 1,
2001.

(e)    For each Plan Year commencing after December 31,
1988, a separate contribution percentage shall be
calculated under the ESOP and the Savings Plan for
the Eligible Employees who are classified as other
employees which shall be equal to the average of
the contribution percentages, as determined in (c)
above for such Plan Year, for all such Eligible
Employees under the ESOP for the Plan Year and the

SSBT-002151
CONFIDENTIAL

- 57 -

average of the contribution percentages, as determined in (c) above for such Plan Year, for all such Eligible Employees under the Savings Plan for the Plan Year. A contribution percentage shall not be calculated under the ESOP for a Plan Year beginning on or after January 1, 2001.

For purposes of this Section 4.09 and Section 4.10, if an Eligible Employee who is classified as a highly compensated employee participates in more than one plan providing matching contributions or after tax contributions maintained by the Company or an entity under common control with the Company (under section 414(b) or (c) of the Code), the contributions made under all such plans shall be aggregated; provided, however, that in no event shall Company contributions made to the ESOP portion of the Trust Fund after June 30, 1989 with respect to any such highly compensated employee be aggregated with any other matching contributions or after-tax contributions made to such other plan unless such other plan is an employee stock ownership plan (as defined in section 4975(e)(7) of the Code).

With respect to Plan Years commencing after December 31, 1986 and ending prior to January 1, 1989, the requirements of section 401(m) of the Code only applied to the Savings Plan. The contribution percentage of each Eligible Employee during such period was equal to his After Tax Contributions and Company contributions under Section 4.01 made with respect to him (zero in the case of an Eligible Employee for whom no such contributions were being made)

SSBT-002152
CONFIDENTIAL

- 58 -

divided by his Compensation for the Plan Year.

In the event this Plan is aggregated with another plan or plans for purposes of Sections 401(a)(4) and 410(b) of the Code (other than the Average Benefits Test of Section 410(b)(2)(A)(ii) of the Code), all Before Tax Contributions made under such plans shall be treated as made under a single plan for purposes of the actual deferral percentage test of Section 401(k)(3) of the Code and all After Tax Contributions and Company contributions (as set forth in Section 4.01) made under such plans shall be treated as made under a single plan for purposes of the actual contribution percentage test of Section 401(m)(2) of the Code. In the event this Plan is permissively aggregated with another plan or plans for purposes of Section 401(k) or 401(m) of the Code, such aggregated plans must also satisfy Sections 401(a)(4) and 410(b) of the Code as if such aggregated plans were a single plan. Notwithstanding the foregoing, the ESOP and Non-ESOP portions of the Plan may not be aggregated.

Notwithstanding the foregoing, effective for Plan Years beginning on or after January 1, 2001, for purposes of this Section 4.09, the contribution percentage for Eligible Employees who are classified as other employees shall be the Plan Year of reference.

4.10    For each Plan Year, the contribution percentage of the Eligible Employees who are classified as highly compensated employees (determined under Section 4.09(c),

SSBT-002153
CONFIDENTIAL

- 59 -

which considers contributions and Compensation for the
Plan Year of reference) shall not exceed the greater of
(A) or (B) below (and any necessary adjustments shall be
made as set forth in Section 4.11):

(A)    The contribution percentage for the prior Plan Year
       of the Eligible Employees who are classified as
       other employees (determined under Section 4.09(d)),
       multiplied by 1.25, or

(B)    The lesser of:

       ( i) the contribution percentage for the prior Plan
            Year of the Eligible Employees who are
            classified as other employees (determined
            under Section 4.09(d)), multiplied by 2, or

       (ii) the contribution percentage for the prior Plan
            Year of the Eligible Employees who are
            classified as other employees (determined
            under Section 4.09(d)), plus 2%.

     Notwithstanding the foregoing, effective for Plan Years
beginning on or after January 1, 2001, for purposes of this
Section 4.10, the contribution percentage for Eligible Employees
who are classified as other employees shall be the Plan Year of
reference.

4.11    In the event that the contribution percentage under the
        Savings Plan of the Eligible Employees who are classified

SSBT-002154
CONFIDENTIAL

- 60 -

as highly compensated employees for any Plan Year
commencing after December 31, 1988 exceeds the maximum
percentage permitted under Section 4.10 (less such
additional percentage as may be determined by the
Administrative Committee) based on estimated or exact
calculations, the requested or actual 401(m) contributions
for the Plan Year of the Eligible Employee(s) who are
classified as highly compensated employees and who (i) for
Plan Years prior to January 1, 1997, have the highest
percentage of 401(m) contributions for the Plan Year and
(ii) for Plan Years beginning on or after January 1,
1997, are credited with the greatest dollar amount of
401(m) contributions for the Plan Year shall have such
401(m) contributions reduced until such time as the
requirements of this Section 4.11 are satisfied.

In the event that the contribution percentage under the
ESOP of the Eligible Employees who are classified as
highly compensated employees for each Plan Year commencing
after December 31, 1988 exceeds the maximum percentage
permitted under Section 4.10 (less such additional
percentage as may be determined by the Administrative
Committee) based on estimated or exact calculations, the
401(m) contributions of each Eligible Employee(s) who are
classified as highly compensated employees and who (i) for
Plan Years prior to January 1, 1997, have the highest
percentage of 401(m) contributions for the Plan Year and
(ii) for Plan Years beginning on or after January 1, 1997,
are credited with the greatest dollar amount of 401(m)
contributions for the Plan Year shall have such
contributions reduced to the extent required to enable the

SSBT-002155
CONFIDENTIAL

- 61 -

ESOP to satisfy the requirements of the first sentence of
this Section 4.11.

The provisions of this Section 4.11 shall be applied in
such a manner as to require a reduction of unmatched After
Tax Contributions prior to a reduction of matched After
Tax Contributions and Company contributions.
Additionally, Company contributions shall be reduced or
distributed prior to After Tax Contributions which are
eligible for matching under Section 4.01.

Notwithstanding the foregoing, in no event shall the
Company fail to make any matching contribution to the Plan
required under Section 4.01.

4.12   Any amount by which a Participant's requested or actual
After Tax Contribution or projected or actual Company
contribution is reduced for a Plan Year shall not be
contributed to the Plan, or if contributed, shall be
refunded to him as an Excess Aggregate Contribution with
any earnings allocable thereto no later than the end of
the Plan Year after the Plan Year in which such amount was
contributed to the Plan (and if possible, no later than
March 15 of the Plan Year after the Plan Year in which
such amount was contributed.  Amounts required to be
refunded under this Section 4.12 shall be refunded in
accordance with the provisions of section 401(m)(6) of the
Code and Treasury Regulations promulgated thereunder.

Notwithstanding anything herein to the contrary, effective
July 1, 1989 and for Plan Years beginning prior to January

SSBT-002156
CONFIDENTIAL

- 62 -

1, 2001, projected Company contributions which would otherwise be made to the ESOP portion of the Trust Fund but which are required to be reduced in accordance with Section 4.11 shall, to the extent possible, be contributed to the Savings Plan portion of the Trust Fund. In such event, the calculation of the Savings Plan contribution percentage of each Eligible Employee who is classified as a highly compensated employee under Section 4.10(c) and who is affected by such reduction shall be modified so as to equal the sum of his After Tax Contributions and that portion of Company contributions under Section 4.01 made with respect to him which cannot be contributed to the ESOP as a result of the limitations imposed under Section 4.10 (zero in the case of an Eligible Employee for whom no such contributions are being made) divided by his Compensation for the Plan Year. In addition, the provisions of Section 4.11 shall be applied to such modified Savings Plan contribution percentage in such a manner as to require a reduction of unmatched After Tax Contributions prior to a reduction of matched After Tax Contributions and Company contributions.

Amounts refunded as Excess Aggregate Contributions pursuant to this Section 4.12 shall be adjusted for income or loss. Subject to Sections 4.09(c) and (d) of the Plan, the income or loss allocable to Excess Aggregate Contributions is equal to the sum of the following: (i) the income or loss allocable to 401(m) contributions under the Savings Plan and 401(m) contributions under the ESOP, as applicable, for the Plan Year multiplied by a fraction, the numerator of which is such Participant's Excess

SSBT-002157
CONFIDENTIAL

- 63 -

Aggregate Contributions for the Plan Year, and the denominator is equal to the sum of the Participant's account balance attributable to 401(m) contributions under the Savings Plan and 401(m) contributions under the ESOP, as applicable, as of the beginning of the Plan Year plus the Participant's After Tax Contributions under the Savings Plan and 401(m) contributions under the ESOP, as applicable, for the Plan Year, and (ii) 10% of the amount determined under (i) above multiplied by the number of whole calendar months between the end of the Plan Year and the date of distribution, counting the month of distribution if distribution occurs after the 15th of such month.

4.13    The following provisions of the Plan shall be applied in the following order:

   (i)    Section 3.02, 3.03 and 4.01 of the Plan;
   (ii)   Sections 4.06, 4.07 and 4.08 of the Plan;
   (iii)  Sections 3.10 and 3.11 of the Plan;
   (iv)   Sections 4.11 and 4.12 of the Plan.

4.14    For each Plan Year commencing after December 31, 1988 and prior to January 1, 2002, and subject to the sunset provisions of Section 901(a) of the Economic Growth and Tax Relief Reconciliation Act of 2001, except as the effect of such sunset provisions may be modified by subsequent law, during which (i) the actual deferral percentage of the Eligible Employees who are classified as highly compensated employees (determined under Section 3.08(c)) exceeds 1.25 multiplied by the actual deferral

SSBT-002158
CONFIDENTIAL

- 64 -

percentage of the Eligible Employees who are classified as other employees (determined under Section 3.08(d)), and (ii) the contribution percentage of the Eligible Employees who are classified as highly compensated employees (determined under Section 4.09(c)) exceeds 1.25 multiplied by the contribution percentage of the Eligible Employees who are classified as other employees (determined under Section 4.09(d)), the sum of the actual deferral percentage and the contribution percentage of the Eligible Employees who are classified as highly compensated employees (determined under Section 3.08(c) and Section 4.09(c), respectively) shall not exceed the sum of (A) and (B) below (after any necessary adjustments have been made as set forth in Sections 3.10 and 3.11 and Sections 4.11 and 4.12, respectively):

(A)    1.25, multiplied by the greater of:

   (i) the actual deferral percentage of the Eligible Employees who are classified as other employees (determined under Section 3.08(d)), or

   (ii) the contribution percentage of the Eligible Employees who are classified as other employees (determined under Section 4.09(d)), plus

(B)    The lesser of:

   (i) 2%, plus the lesser of (a) the actual deferral

SSBT-002159
CONFIDENTIAL

- 65 -

percentage of the Eligible Employees who are classified as other employees (determined under Section 3.08(d)), or (b) the contribution percentage of the Eligible Employees who are classified as other employees (determined under Section 4.09(d)), or

(ii) 2, multiplied by the lesser of (a) the actual deferral percentage of the Eligible Employees who are classified as other employees (determined under Section 3.08(d)) or (b) the contribution percentage of the Eligible Employees who are classified as other employees (determined under Section 4.09(d)).

The provisions of this Section 4.14 shall be applied separately to (i) the sum of the actual deferral percentage under the Savings Plan and the contribution percentage under the ESOP of the Eligible Employees who are classified as highly compensated employees and (ii) the sum of the actual deferral percentage and the contribution percentage under the Savings Plan of such highly compensated employees.

4.15    In the event that the sum of the actual deferral percentage under the Savings Plan and the contribution percentage under the ESOP of the Eligible Employees who are classified as highly compensated employees for any Plan Year commencing after December 31, 1988 exceeds the maximum aggregate percentage permitted under Section 4.14,

SSBT-002160
CONFIDENTIAL

- 66 -

based on estimated or exact calculations, then the following provisions of the Plan will be applied in the following order to the extent necessary to satisfy the requirements of that section:

    (i) Sections 3.10 and 3.11;

    (ii) Sections 4.11 and 4.12.

In the event that the sum of the actual deferral percentage and the contribution percentage under the Savings Plan of the Eligible Employees who are classified as highly compensated employees for any Plan Year commencing after December 31, 1988 exceeds the maximum aggregate percentage permitted under Section 4.14 based on estimated or exact calculations, then the following provisions of the Plan will be applied in the following order to the extent necessary to satisfy the requirements of that section:

    (i)   Sections 4.11 and 4.12, as they relate to After-Tax Contributions;

    (ii)  Sections 3.10 and 3.11 (except to the extent that Before Tax Contributions are considered as an After Tax Contribution under Section 3.11 and are thus included in (i) above;

    (iii) Sections 4.11 and 4.12, as they relate to Company contributions.

SSBT-002161
CONFIDENTIAL

- 67 -

## Section 5

### Investment Provisions

5.01    The Trustee has established the following Investment Funds for investment of contributions under the Savings Plan, in accordance with the directions of the Investment Committee:

Fixed Income Fund, which is invested in fixed income securities or obligations, interest bearing bank accounts, or in guaranteed income funds established or maintained by insurance companies.

Fidelity Blue Chip Growth Fund, which is a mutual fund managed by Fidelity Management & Research Company ("FMRC").

Grace Common Stock Fund, which is invested only in Grace Stock or, pending investment in such stock, in investments of a short-term nature, subject to Section 5.11.

Fidelity Balanced Fund, which is a mutual fund managed by FMRC;

Fidelity Growth and Income Portfolio, which is a mutual fund managed by FMRC;

Fidelity Contrafund, which is a mutual fund managed by FMRC;

SSBT-002162
CONFIDENTIAL

– 68 –

Fidelity OTC Portfolio, which is a mutual fund managed by FMRC;

Fidelity Investment Grade Bond Fund which is a mutual fund managed by FMRC;

Fidelity US Bond Index Fund which is a mutual fund managed by FMRC;

PIMCO Total Return Fund, which is a mutualfund managed by Pacific Investment Management Company;

INVESCO Equity Income Fund, which is a mutual fund managed by INVESCO Funds Group, Inc.;

Spartan US Equity Index Fund which is a mutual fund managed by FMRC;

Franklin Small Cap Growth Fund-A, which is a mutual fund managed by Franklin Advisors, Inc.;

JP Morgan Institutional US Small Company Fund, which is a mutual fund managed by JP Morgan;

American Century International Growth Fund, which is a mutual fund managed by American Century Investment Management, Inc.;

Spartan International Index Fund which is a mutual fund managed by FMRC;

SSBT-002163
CONFIDENTIAL

- 69 -

Templeton Foreign Fund A, which is a mutual fund managed by Templeton Global Advisors Limited;

Fidelity Freedom Income Fund which is a mutual fund managed by FMRC;

Fidelity Freedom 2000 Fund which is a mutual fund managed by FMRC;

Fidelity Freedom 2010 Fund which is a mutual fund managed by FMRC;

Fidelity Freedom 2020 Fund which is a mutual fund managed by FMRC;

Fidelity Freedom 2030 Fund which is a mutual fund managed by FMRC;

Fidelity Low-Priced Stock Fund which is a mutual fund managed by FMRC;

Spartan Extended Market Index Fund which is a mutual fund managed by FMRC;

Spartan Total Market Index Fund which is a mutual fund managed by FMRC;

Fidelity Diversified International Fund which is a mutual fund managed by FMRC;

Fidelity Europe Fund which is a mutual fund managed by

SSBT-002164
CONFIDENTIAL

- 70 -

FMRC;

Fidelity Equity-Income Fund which is a mutual fund managed
by FMRC.

Any other Investment Fund properly authorized for
investment of contributions under the Saving Plan.

Effective July 1, 1989, Grace New York has established the
ESOP for the investment of (i) Company contributions made
to the Plan after June 30, 1989 and before January 1,
2001, (ii) the portion of each Participant's and Inactive
Participant's Savings Plan Account attributable to Company
contributions that is invested in the Former Fund C on
June 30, 1989 and transferred as of July 1, 1989 to the
ESOP portion of the Trust Fund, and (iii) the portion of
each Participant's and Inactive Participant's Savings Plan
Account attributable to Supplemental Contributions,
Before-Tax Contributions, After-Tax Contributions and
Rollover Contributions that was invested in the Former
Fund C on December 31, 1988 and any subsequent dates that
may from time to time be designated by the Investment
Committee and transferred to the ESOP portion of the Trust
Fund.  The Trustee shall invest the assets of the ESOP
portion of the Trust Fund primarily in of Grace Stock.
The Trustee may also invest the assets of the ESOP portion
of the Trust Fund in such other investments as the
Investment Committee deems appropriate or desirable or
such assets may be held temporarily in cash.  The
Investment Committee may direct the Trustee to invest and
hold up to 100% of the assets of the ESOP portion of the

SSBT-002165
CONFIDENTIAL

- 71 -

Trust Fund in Grace Stock.

5.02    After the Conversion Period, Before Tax Contributions,
After Tax Contributions and Rollover Contributions shall
each be invested in multiples of 5% in the Investment
Funds and, in the case of Rollover Contributions only, in
the ESOP portion of the Trust Fund, pursuant to the
election of the Participant. Such election shall continue
until changed by the Participant. Effective January 1,
2001, Company contributions shall be invested in multiples
of 5% in the Investment Funds pursuant to the election of
the Participant, which election shall continue until
changed by the Participant.

5.03    After the Conversion Period, a Participant may change any
election pursuant to Section 5.02 on any Business Day to
another election permitted under Section 5.02 effective on
the Business Day on which the Participant notifies the
Recordkeeper of such change by telephonic instruction, if
such notice is received by the Recordkeeper before the
latest time of day agreed to by Grace and the Recordkeeper
for same day processing; otherwise, such change will be
effective on the immediately succeeding Business Day.

5.04    After the Conversion Period, a Participant, Inactive
Participant, or a former Participant who has incurred a
Termination of Service may, on any Business Day, elect to
transfer all or a portion (in multiples of 5%, or in whole
dollar amounts) of the existing balance of his Account in
an Investment Fund among any of the other Investment Funds
attributable to the following categories of contributions

SSBT-002166
CONFIDENTIAL

- 72 -

separately: (i) Before Tax Contributions, (ii) After Tax Contributions, (iii) Supplemental Contributions, (iv) Rollover Contributions, and effective January 1, 2001, Company contributions. Such transfer shall occur on the Business Day on which the Participant, Inactive Participant, or former Participant notifies the Recordkeeper of such transfer election by telephonic instruction, if such notice is received by the Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day.

5.05    Cash dividends and the cash proceeds of any other distributions received on Grace Stock held in the Grace Common Stock Fund within the Savings Plan shall be invested in Grace Stock. For periods after June 30, 1989, cash dividends paid on Grace Stock that is credited to Participant and Inactive Participant ESOP Accounts shall be applied by the Trustee towards the purchase of additional shares of Grace Stock or held in cash reserves, unless the Board of Directors shall direct that such dividends be paid to Participants and Inactive Participants (i) by the Company or (ii) by the Plan within 90 days after the end of the Plan Year in which the dividends are received on Grace Stock held within the ESOP portion of the Trust Fund.

5.06    Each Participant and Inactive Participant may direct the Trustee as to the manner in which Grace Stock credited to his Account is to be voted. Before each annual or special

SSBT-002167
CONFIDENTIAL

- 73 -

meeting of its shareholders, Grace shall furnish to each Participant and Inactive Participant who has a balance in the Grace Common Stock Fund and/or, for periods after June 30, 1989, an ESOP Account notice of the date and purpose of such meeting, such notice to be given at the time and in substantially the manner such notice is given to Grace shareholders generally.  Grace shall request from each such Participant and Inactive Participant instructions as to the voting at that meeting of the Grace Stock credited to the Participant's or Inactive Participant's Account, which instructions shall be totaled by or on behalf of Grace and forwarded to the Trustee.  If the Participant or Inactive Participant furnishes such instructions within the time specified in the notice, the Trustee shall vote such Grace Stock in accordance with the Participant's or Inactive Participant's instructions.  All Grace Stock credited to Participant and Inactive Participant Accounts as to which the Trustee does not receive instructions as specified above shall be voted by the Trustee in the manner, and in the proportion, as it votes Grace Stock as to which it has received instructions from Participants and Inactive Participants, as specified above.  A Participant or Inactive Participant shall be deemed to have given instructions for purposes of this Section 5.06 if such Participant or Inactive Participant signs, but does not otherwise mark, a form of proxy, provided that the form of proxy specifies the manner in which the Grace Stock covered by a signed but unmarked form of proxy shall be voted.

5.07 With respect to periods prior to October 1, 2000 (see

SSBT-002168
CONFIDENTIAL

- 74 -

Section 5.11 below), after the Conversion Period, a Participant or Inactive Participant who has attained age 50, may, one time during each Plan Year, elect to transfer to one or more of the Investment Funds within the Savings Plan all or a portion (in multiples of 5% or in whole dollar amounts) of his Account balance invested in the ESOP and Grace Common Stock Fund which is attributable to Company contributions pursuant to Section 4.01. Any such transfer will occur on the Business Day on which the Participant notifies the Recordkeeper of such transfer election by telephonic instruction, if such notice is received by the Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day. The foregoing provisions of this Section 5.07 shall also apply to a former Participant who has incurred a Termination of Service, regardless of attained age, except that any such former Participant may make investment transfer elections on any Business Day without regard to the once per year limitation set forth above.

5.08    Effective as of July 1, 1993 (i.e., the commencement of the Conversion Period), the Account balances credited to the Former Funds shall be transferred to the Investment Funds in accordance with the following:

(1)    Former Fund A transferred to Fixed Income Fund;

(2)    Former Fund B transferred to Fidelity Blue Chip Growth Fund;

SSBT-002169
CONFIDENTIAL

- 75 -

    (3)    Former Fund C transferred to Grace Common Stock Fund;

    (4)    Former Fund D transferred to Fidelity Balanced Fund.

5.09    Effective immediately after (and as a result of) the NMC Disposition in September 1996:

    (a)    With respect to each Participant's, Inactive Participant's and former Participant's interest in Grace Stock credited to the ESOP, the Trustee shall receive a certain number of shares of American Depository Shares of Fresenius Medical Care ("ADS's") and of shares of Fresenius National Medical Care preferred stock ("Preferred"). Those shares shall be sold by the Trustee within 90 days after they are received and the proceeds shall be reinvested in Grace Stock, which shall be credited to the Participant's, Inactive Participant's or former Participant's (as the case may be) interest in the ESOP.

    (b)    With respect to each Participant's, Inactive Participant's and former Participant's interest in Grace Stock credited to the Grace Common Stock Fund, the Trustee shall receive a certain number of ADS's and shares of Preferred. The shares of Preferred shall be sold by the Trustee within 90 days after they are received and the proceeds shall

SSBT-002170
CONFIDENTIAL

- 76 -

be reinvested in Grace Stock, which shall be credited to the Participant's, Inactive Participant's or former Participant's (as the case may be) interest in the Grace Common Stock Fund. The ADS's shall be credited to the ADS Fund within the account of the Participant, Inactive Participant or former Participant (as the case may be), which shall be an additional Investment Fund under the Savings Plan. The Participant, Inactive Participant or former Participant shall have the same elections with respect to the ADS Fund, as with other Investment Funds, specified in Section 5.03 and 5.04; except that (i) the Participant, Inactive Participant or former Participant shall not be permitted to direct that any amounts be credited to the ADS Fund from any other Investment Fund (including, but not limited to, amounts in any other Investment Fund attributable to amounts previously transferred from the ADS Fund to any other Investment Fund) or from any contributions made to the Plan by or on behalf of the Participant, and (ii) the ADS Fund shall be terminated as of December 31, 1998 and all ADS's remaining therein shall be liquidated, and any amount remaining in that Fund on that date shall be transferred to the Fixed Income Fund for the Participant, Inactive Participant or former Participant.

5.10    Effective immediately after (and as a result of) the Cryovac Disposition in March 1998:

SSBT-002171
CONFIDENTIAL

- 77 -

(a)     With respect to each Participant's, Inactive Participant's and former Participant's interest in Grace Stock credited to the ESOP, the Trustee shall receive a certain number of shares of Sealed Air Corporation ("SAC Common Stock") and of shares of Sealed Air Corporation preferred stock ("SAC Preferred"). Those shares shall be sold by the Trustee within 90 days after they are received and the proceeds shall be reinvested in Grace Stock, which shall be credited to the Participant's, Inactive Participant's or former Participant's (as the case may be) interest in the ESOP.

(b)     With respect to each Participant's, Inactive Participant's and former Participant's interest in Grace Stock credited to the Grace Common Stock Fund, the Trustee shall receive a certain number of SAC Common Stock shares and shares of SAC Preferred. The shares of SAC Common Stock shall be credited to the SAC Common Stock Fund, and the shares of SAC Preferred shall be credited to the SAC Preferred Stock Fund, within the account of the Participant, Inactive Participant or former Participant (as the case may be), which shall be an additional Investment Fund under the Savings Plan. The Participant, Inactive Participant or former Participant shall have the same elections with respect to the SAC Common Stock Fund and SAC Preferred Stock Fund, as with other Investment Funds, specified in Section 5.03 and 5.04; except

SSBT-002172
CONFIDENTIAL

- 78 -

that (i) the Participant, Inactive Participant or former Participant shall not be permitted to direct that any amounts be credited to the SAC Common Stock Fund or the SAC Preferred Stock Fund from any other Investment Fund (including, but not limited to, amounts in any other Investment Fund attributable to amounts previously transferred from the SAC Common Stock Fund or the SAC Preferred Stock Fund to any other Investment Fund) or from any contributions made to the Plan by or on behalf of the Participant, and (ii) the SAC Common Stock Fund and the SAC Preferred shall be terminated as of (or as soon as practicable after) December 31, 2000 and all SAC Common Stock and SAC Preferred Stock remaining therein shall be liquidated, and any amount remaining in either Fund after such liquidation shall be transferred to the Fixed Income Fund for the Participant, Inactive Participant or former Participant.

5.11    Effective October 1, 2000, a Participant or Inactive Participant may, on any Business Day during a Plan Year, elect to transfer to one or more of the Investment Funds within the Savings Plan all or a portion (in multiples of 5% or in whole dollars amounts) of his Account Balance invested in the ESOP and Grace Common Stock Fund which is attributable to Company contributions pursuant to Section 4.01. Any such transfer will occur on the Business Day on which the Participant notifies the Recordkeeper of such transfer election

SSBT-002173
CONFIDENTIAL

- 79 -

by telephonic instruction, if such notice is received by the Recordkeeper before the latest time of day agreed to by Grace and the Recordkeeper for same day processing; otherwise, such change will be effective on the immediately succeeding Business Day. The foregoing provisions of this Section 5.11 shall also apply to a former Participant who has incurred a Termination of Service.

Effective as of the close of business April 9, 2003, the short term investments in the Grace Common Stock Fund and the ESOP shall be liquidated and the proceeds immediately transferred to the Fixed Income Fund, and credited to each Savings Plan Account, on a pro-rata basis, in accordance with the interest in those Funds of each affected Participant, Inactive Participant or former Participant, as of that date. Effective April 10, 2003, all transactions involving the Grace Common Stock Fund and the ESOP shall be suspended. During such suspension, these two Funds shall be merged into one fund, called the "Grace Stock Fund".

5.12    The "Grace Stock Fund" shall be comprised of only Grace Stock, and no short-term investments. The Grace Stock Fund shall account separately for the portion of the Fund attributable to the ESOP and earnings and losses thereon.

5.13    As of April 14, 2003, the suspension specified in Section 5.11 shall end and all transactions involving Grace Stock within the Grace Stock Fund

SSBT-002174
CONFIDENTIAL

- 80 -

initiated on and after that date (including all
transactions initiated by Participants) shall be
executed directly to the open market, in accordance
with the rules and procedures established by the
Trustee (or its designee), including the
application of brokerage commissions to such
transitions.

5.14    Effective April 17, 2003, the Grace Stock Fund
shall cease to accept any contributions or
allocations to that Fund, whether or not such
contribution or allocation is directed by a
Participant, Inactive Participant or former
Participant, and whether or not such a contribution
or allocation is directed to the ESOP Account
within the Fund or the other portion of the Fund.
As of that date, all contributions designated for,
or directed to, the Grace Stock Fund shall be
redirected to the Fixed Income Fund.

SSBT-002175
CONFIDENTIAL

- 81 -

## Section 6

Valuation of Accounts

6.01    As of December 31, 1991, the dollar value of the balance of the Account of each Participant, Inactive Participant, former Participant or beneficiary in the Former Funds A, B, C and D within the Savings Plan and the ESOP shall be determined based upon the provisions of Section 6 of the Plan then in effect.

6.02    After December 31, 1991, the balances of Participants, Inactive Participants, former Participants or beneficiaries in each Former Fund and Investment Fund and in the ESOP shall be valued on each Business Day. The value of each such balance on each Business Day shall equal the unit price established for the Investment Fund (or the ESOP) multiplied by the units credited to that balance.

On each Business Day, the Trustee will establish a separate unit price for each Investment Fund and the ESOP by dividing the total market value of each Investment Fund and the ESOP by the total number of units outstanding in that Fund or the ESOP. In the event that any shares of Grace Stock held in the ESOP portion of the Trust Fund are not traded on a national securities exchange on a particular Business Day, such shares shall be valued in good faith by an independent appraiser selected by the Trustee.

SSBT-002176
CONFIDENTIAL

- 82 -

6.03    The Administrative Committee shall deliver or mail to each person in respect of whom an Account is maintained a statement setting forth the balance of the Savings Plan Account of such person in the Investment Funds not less frequently than once in each Plan Year.  After June 30, 1989, such statement shall include the balance of such person's ESOP Account.

SSBT-002177
CONFIDENTIAL

- 83 -

## Section 7

### Vesting

7.01     Each Participant and Inactive Participant shall be fully
and immediately vested in that portion of his Account
which is attributable to his Before Tax, After Tax, Basic,
Supplemental, and Rollover Contributions and to Company
contributions pursuant to Section 4.01.

7.02     Notwithstanding the provisions of Section 7.01 relating to
the fully vested status of Company contributions, Company
contributions made with respect to periods prior to
January 1, 1987 became fully vested after the expiration
of two full Plan Years following the close of the Plan
Year for which such Company contributions were made.

In the event that a Participant or Inactive Participant
terminated service prior to January 1, 1989 and before
attaining a 100% Vested Interest in his Account and
received a single lump sum payment of his Account, any
non-vested portion of his Account was forfeited as of the
last day of the month coincident with or next following
the date of such termination.  If any such Participant or
Inactive Participant elected to defer receiving a single
lump sum distribution of his Account until the first day
of the Plan Year next following his Termination of
Service, any non-vested portion of his Account was
forfeited as of the last day of the Plan Year in which his
Termination of Service occurred (unless such Participant
or Inactive Participant was re-employed by an Employing

SSBT-002178
CONFIDENTIAL

- 84 -

Unit in a status covered by the Plan prior to such last day). If any such Participant or Inactive Participant elected to receive installment payments of his Account, any non-vested portion of his Account was forfeited, or will be forfeited, as of the last day of the Plan Year coincident with the fifth consecutive One-Year Break in Service (unless such Participant or such Inactive Participant was re-employed, or is re-employed, by an Employing Unit in a status covered by the Plan prior to such fifth consecutive One-Year Break in Service). Any amount forfeited hereunder was used, or will be used, to reduce Company contributions under Section 4.01.

SSBT-002179
CONFIDENTIAL

- 85 -

## Section 8

## Distribution of Vested Interest

8.01    Retirement, Disability or Other Termination of Service

Upon his Disability Date or on the date of Retirement or
other Termination of Service, a Participant or Inactive
Participant who is not eligible to elect or who does not
elect to defer the distribution of his Account in
accordance with Section 8.04 may elect, at any time prior
to his Disability Date or the date of his Retirement or
other Termination of Service, to receive his Vested
Interest in any one of the following forms of benefit:

(a)     a single lump sum payment in cash equal to the
value of his Vested Interest determined as of the
Business Day on which the Recordkeeper processes
his distribution election form, which date is on or
after his Disability Date or the date of his
Retirement or other Termination of Service, as the
case may be, with actual payment to be made as soon
as practicable thereafter.

(b)     annual or quarterly installment payments in cash of
his Vested Interest, if such Vested Interest
(without regard to any amount attributable to
rollover contributions and earnings allocable
thereto within the meaning of Code sections 402(c),
403(a)(4), 403(b)(8), 408(d)(3)(A)(ii) and
457(e)(16), with respect to distributions made

SSBT-002180
CONFIDENTIAL

- 86 -

after January 1, 2002) exceeds $5,000 (or $3,500, with respect to a former Participant who terminates active participation under the Plan on or prior to March 30, 1998) over a period that shall not exceed ten years (or such other period as may have been designated under a designation by an Employee prior to January 1, 1984 (satisfying any requirements of the Internal Revenue Service) of a method of distribution which complies with the provisions of the Code as in effect on December 31, 1983), commencing as of the first Business Day of the first calendar quarter commencing after the date of Retirement, the Disability Date or the date of other Termination of Service of the Participant or Inactive Participant, in which event his Vested Interest shall remain in the Investment Funds in which such interest is invested on the applicable date and in the ESOP, unless and until his investment election is changed in accordance with Sections 5.04 and/or 5.07. In such event the value of the first installment payment shall be determined on the first Business Day of the first calendar quarter commencing after the former Participant's Retirement, Disability Date or other Termination of Service occurred. The remaining Vested Interest shall be valued as of the first Business Day of each subsequent calendar quarter (or, in the case of an annual installment, as of the first Business Day of that calendar quarter which is one year after the previous installment), and the amount of the installment payment shall

SSBT-002181
CONFIDENTIAL

- 87 -

equal the value of such remaining Vested Interest multiplied by a fraction the numerator of which is 1 and the denominator of which is the number of remaining installment payments to be made (including the installment payment in question). Notwithstanding the foregoing, any Participant or Inactive Participant who terminated service (other than on a Disability Date or on account of Retirement) prior to January 1, 1991 and elected to receive his Account in annual or quarterly installment payments shall commence receiving such installment payments as of the first day of the Plan Year after the Participant or Inactive Participant incurs 5 consecutive One-Year Breaks in Service.

(C)   monthly, quarterly or annual installment payments of a level amount in cash, of his Vested Interest, if such Vested Interest (without regard to any amount attributable to rollover contributions and earnings allocable thereto within the meaning of Code sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3)(A)(ii) and 457(e)(16), with respect to distributions made after January 1, 2002) exceeds $5,000 (or $3,500, with respect to a former Participant who terminates active participation under the Plan on or prior to March 30, 1998), commencing as of the first Business Day of the first calendar month, quarter or year (as applicable) commencing after the date of Retirement, the Disability Date or the date of

SSBT-002182
CONFIDENTIAL

- 88 -

other Termination of Service of the Participant or Inactive Participant and after the appropriate election has been processed, in which event his undistributed Vested Interest shall remain in the Investment Funds in which such interest is invested on the applicable date and in the ESOP, unless and until his investment election is changed in accordance with Sections 5.04 and/or 5.07.

In the event that the Vested Interest of a Participant or Inactive Participant (without regard to any amount attributable to rollover contributions and earnings allocable thereto within the meaning of Code sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3)(A)(ii) and 457 (e)(16), with respect to distributions made after January 1, 2002) equals $5,000 (or $3,500, with respect to a former Participant who terminates active participation under the Plan on or prior to March 30, 1998) or less as of the Business Day coincident with or next following his Disability Date or date of Retirement or other Termination of Service, the Participant's entire Vested Interest shall be distributed as soon as practicable after his Disability Date or the Date of his Retirement or other Termination of Service, as the case may be, in the form of a single lump sum payment in cash, unless such Participant or Inactive Participant elects to defer receipt of such a single lump sum payment until the first Business Day of the Plan Year next following the Plan Year in which his Retirement, Disability Date or other Termination of Service occurred. In either case, the value of the single lump sum distributed to the Participant shall be equal to the value

SSBT-002183
CONFIDENTIAL