# EXHIBIT N

W. R. GRACE & CO.

SAVINGS AND INVESTMENT PLAN

(formerly, W.R. Grace & Co. Savings and Investment Plan for Salaried Employees)

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A CONNECTICUT CORPORATION,

EFFECTIVE SEPTEMBER 1, 1976

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A NEW YORK CORPORATION,

EFFECTIVE MAY 25, 1988

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE SEPTEMBER 27, 1996

---

AS ADOPTED AND CONTINUED BY

W. R. GRACE & CO.,

A DELAWARE CORPORATION,

EFFECTIVE JANUARY 1, 1997

(reflecting the merger, effective at the beginning of the Plan Year commencing January 1, 2002, of the W.R. Grace & Co. Savings and Investment Plan for Hourly Employees)

---

AMENDED THROUGH JULY 1, 2004

Approved by IRS

Plan No.:    123

N.Y. File No.:    130004403

Current File No.:   650044691

GR 001654

- 126 -

## Section 12

### Administration of the Plan

12.01  A Trust Fund shall be established by a Trustee or Trustees appointed from time to time by the Board of Directors. All assets of the Plan shall be deposited in the Trust Fund. The corpus and income of the Trust Fund shall be used to provide benefits under the Plan and to defray the reasonable expenses of Plan administration and no part thereof shall be used for or diverted to purposes other than for the exclusive benefit of Participants, Inactive Participants and their beneficiaries, except as provided in Section 4.04. Effective July 1, 1989, the Trustee of the Plan was appointed as the Trustee of the ESOP portion of the Trust Fund.

12.02  The Trustee or Trustees shall have sole authority to purchase or sell Grace Stock required for the purposes of the Plan from or to any person, including the Company, except that (i) no such stock shall be purchased from or sold to the Company for the account of the Grace Common Stock Fund and (ii) no commission shall be charged with respect to a purchase of Grace Stock from the Company for the account of the ESOP. The Trustee or Trustees also shall take all action necessary to implement any investment determinations of the Investment Committee or of the Investment Manager(s) and shall conform to procedures established by the Administrative Committee for disbursement of funds of the Plan. The Trustee or Trustees shall not be liable for any act performed while

subject to directions of the Investment Committee, the Investment Manager(s) or the Administrative Committee made in accordance with the terms of the Plan.

12.03   An Investment Committee (or any appropriate designee of that Committee) shall be appointed from time to time by the Board of Directors (or its designee) to serve at its pleasure. The Investment Committee may authorize any member of the Investment Committee or any agent or other designee to execute or deliver any instrument or make any payment on its behalf and/or to take other actions on its behalf; and the Committee (or such member, agent or other designee) may employ counsel and agents and such clerical, accounting and actuarial services as any of them may require. A majority of the members of the Investment Committee shall constitute a quorum for the transaction of business, and the action of a majority of the members present at a meeting shall constitute the action of the Investment Committee. In lieu thereof the action of a majority of the members of the Investment Committee expressed in writing without a meeting shall constitute the action of the Investment Committee. Effective June 14, 1995, the Investment Committee shall be the Investment and Benefits Committee as created by the Board of Directors as of that date.

12.04   (a)   The Investment Committee shall have the authority and discretion to manage that portion of the assets of the Trust Fund comprising Fixed Income Fund except that it may appoint one or more Investment Managers (as defined by ERISA section 3(38)) who shall have the

GR 001788

authority and discretion to manage that portion of the assets of the Trust Fund comprising the Fixed Income Fund. In exercising the authority and discretion contained in this subsection, the Investment Committee and Investment Manager(s) shall be limited only to the extent provided in Section 5.01 for the investment of the Fixed Income Fund. The Investment Committee shall also have the authority to select and change the Investment Funds available hereunder. The Investment Committee shall not retain the authority to manage the Grace Stock Fund, to the extent that an Independent Investment Manager has been retained to manage that Fund, in accordance with Section 12.04(b).

(b)  The Investment Committee shall also have the authority to appoint one or more Independent Investment Managers who shall have the authority and discretion to manage the Grace Stock Fund, provided that any proceeds from Grace Stock sold from the Fund at the direction of the Independent Investment Manager shall be allocated to the Fixed Income Fund and the Independent Investment Manager shall not have any authority or discretion to manage those proceeds upon such allocation. Notwithstanding any other provision of the Plan to the contrary, during any such appointment, the Independent Investment Manager shall have the following authority and duties:

> (i)  the continuous authority and duty to determine the extent that the continued retention of shares of Grace Stock within

GR 001789

the Grace Stock Fund is not consistent with the applicable provisions of the Employee Retirement Income Security Act ("ERISA"), and to take actions in this regard that it deems appropriate; including the authority to dispose of Grace Stock held within the Grace Stock Fund and to close the Grace Stock Fund to participant trading;

(ii) the authority to direct trades of Grace Stock through dealers or firms that it selects; and

(iii) the duty and authority to vote the Grace Stock within the Grace Stock Fund in a manner it decides is appropriate in its sole discretion, in the event of a tender offer (as defined in Section 17.01) or other event that would have substantially the same effect as a disposition of substantially all of the assets of Grace, but only to the extent it determines that failure to exercise such authority would be inconsistent with the applicable provisions of ERISA.

The Investment Committee shall also have the authority to amend the Trust, and enter into any other agreements it deems necessary to effectuate an appointment of an Independent Investment Manager for the Grace Stock Fund. If any provision of this Plan is inconsistent with any provision of the Trust, as amended to effectuate the

GR 001790