# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - -+
                                  |
KERI EVANS,                       |
                                  |
        Plaintiff,                |
                                  |
   vs.                            |
                                  |
JOHN F. AKERS, et al,             |
                                  |
        Defendants.               |
                                  |
- - - - - - - - - - - - - - - -+   Consolidated Case
                                |   No. 04-11380-WGY
LAWRENCE W. BUNCH, et al,       |
                                |
        Plaintiffs,             |
                                |
   vs.                          |
                                |
W.R. GRACE & CO., et al,        |
                                |
        Defendants.             |
--------------------------------x
```

Deposition of Christopher M. James, Ph.D.

Washington, D.C.

July 23rd, 2007

9:30 a.m.

Job No. 1-107695

Pages 1 - 174

Reported by:  Laurie Bangart-Smith

 1  would have divested themselves of a portion of the
 2  Grace stock based on the historical sales.
 3           I would also ask the court to consider such
 4  things as the demographic profile of each holder to
 5  determine whether it is correct to assume that they
 6  would hold Grace shares from 2004 and 2007.  I would
 7  ask the court to review carefully the proportion of
 8  holders that cashed out of the plan over time, and I
 9  would try, as an initial matter, to inform the court
10  as to why, using hindsight and using, you know, plan
11  holdings at the initiation, is incorrect.  If the
12  court were to direct me contrary to what I think sound
13  economic principles and my professional advice would
14  be to say, no, I want you to calculate -- assume the
15  value of the shares held as of 12/31/2003 and that
16  those shares would have been held through June 11th,
17  even for individuals who have regrettably passed away
18  and other things, I could provide them a number.  I
19  wouldn't think that it would be an economically valid
20  measure of damages, but I could certainly do it.
21     Q    And you didn't do that in this case?
22     A    No, because I don't think it's an
23  economically valid measure of damages, and even if the
24  court were to determine that that measure of damage
25  were appropriate, it would be sheer speculation to

1 assume that an individual holder, as of September or
2 April of 2004, December of 2003, would be holding the
3 same number of shares in June.

4    Q    And Mr. Grenadier --
5    A    Of 2007.
6    Q    Mr. Grenadier did do that?
7    A    Yes.
8    Q    Now, working through this a bit further,
9 your Putnam-proposed Plan of Distribution --
10   A    My Putnam?
11   Q    Janus? Which one were you the IDC on?
12   A    Janus.
13   Q    Your Janus-proposed Plan of Distribution is
14 publicly available, correct?
15   A    Yes.
16   Q    And is it my understanding that it requires
17 a knowledge of each individual member of that class
18 investment profile?
19   A    Yes, it did. It took into account their
20 holdings as of the date on which there were -- there
21 was trading by the 13 frequent traders that were
22 identified as -- someone referred to them as "market
23 timers."
24   Q    And did you do an event study in connection
25 with that work? Let me go back. Are you familiar