# EXHIBIT B

```
1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF MASSACHUSETTS

3       - - - - - - - - - - - - - - - +

4       KERI EVANS,              |

5                                | Consolidated

6              Plaintiff,        | Case No.:

7       vs.                      | 04-11380-WGY

8       JOHN F. AKERS, et al,    |

9              Defendants.       |

10      - - - - - - - - - - - - - - - +

11      LAWRENCE W. BUNCH, et al,    |

12             Plaintiffs,       |

13      vs.                      |

14      W.R. GRACE & CO., et al,    |

15      -------------------------------x

16             Deposition of Thomas D. Hogan

17                   Washington, D.C.

18                Tuesday, July 17th, 2007

19                      9:30 a.m.

20      Job No. 1-107693

21      Pages 1 - 240

22      Reported by:  Laurie Bangart-Smith
```

1    occur in which a major investor wanted to purchase the

2    shares, the existing shares that a company stock fund

3    held in a plan; is that correct?

4        MR. FLICKER: Objection; assumes facts not

5    in evidence, mischaracterizes the record.

6        THE WITNESS: I might have, but I don't

7    recall.

8    BY MR. GOODMAN:

9    Q    Okay. Turn to your report. Paragraph 81.

10        MS. HEERMANS: 81?

11        MR. GOODMAN: Yes, ma'am, 81.

12    BY MR. GOODMAN:

13    Q    Let's talk about what you've been referring

14    to all day, and this is a regulation -- you cited a

15    Department of Labor regulation in Paragraph 81; is

16    that correct?

17    A    Yes.

18    Q    And you used the phrase or it uses the

19    phrase "facts and circumstances."

20    A    Uh-huh.

21    Q    And you've been using that phrase regularly

22    throughout your deposition today?

1    A   Uh-huh.

2    Q   What do you understand "facts and

3   circumstances" to mean?

4       MR. FLICKER:  Objection.

5       THE WITNESS:  All the information that is

6   available and relevant to the fiduciary at a

7   point in time.

8   BY MR. GOODMAN:

9    Q   How do you determine if information is

10   relevant?

11    A   That's based on the determination of the

12   fiduciary as they're looking at the facts and

13   circumstances.  Looking at some information could lead

14   you to another -- to a determination that you need to

15   gather some more information, and in your

16   investigation and analysis as a fiduciary, you look at

17   fact and circumstances that you have and decide

18   whether you have all that you need or you need more or

19   you should get more or whatever else you should

20   consider, and you end up weighting the -- and it may

21   not be a formal weighting, but you end up weighting in

22   your mind the value of all those facts and

1    A    They might for fixed income funds, cash

2    funds, cash fixed income funds or company stock funds.

3    It doesn't matter who the investment manager is.

4         MR. GOODMAN: All right. I have no further

5    questions.

6         MR. FLICKER: Neither do we. Thank you.

7         (Signature having not been waived, the

8    deposition of THOMAS D. HOGAN was concluded at

9    3:50 p.m.)

10

11

12              ACKNOWLEDGEMENT OF WITNESS

13        I, Thomas D. Hogan, do hereby acknowledge

14    that I have read and examined the foregoing

15    testimony, and the same is a true, correct and

16    complete transcription of the testimony given by

17    me, and any corrections appear on the attached

18    Errata sheet signed by me.

19

20

21    _____    _____

22    (DATE)              (SIGNATURE)