# PaulHastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551-1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1726
scottflicker@paulhastings.com

September 26, 2007

20351.00169

**VIA ECF FILING**

Honorable William G. Young
United States District Judge
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Bunch, et al. v. W. R. Grace, et al.*, Case No. 1:04-cv-11380-WGY

Dear Judge Young:

Defendant State Street Bank & Trust Company ("State Street") opposes the unauthorized submission filed by Plaintiffs in the above-referenced action on September 25, 2007 (Ct. File No. 201). Plaintiffs do not cite newly-discovered facts or recent judicial authority, but rather a legal brief filed by State Street more than three months ago in support of its motion to dismiss in *Young, et al. v. General Motors Investment Management Corporation, et al.*, Case No. 07-cv-1994-BSJ (S.D.N.Y), a wholly unrelated case.

Plaintiffs apparently believe they have identified an inconsistency in State Street's defenses in the two cases, claiming that in *Young,* State Street "took the position that in its role as an investment manager, all of the available investment options are important when determining whether an investment manager should eliminate a company stock fund." Plaintiffs are confused.

The narrow issue addressed by State Street in the *Young* case was whether "a single equity fund offered as one of a diverse set of investment options violates ERISA's *diversification* requirements" in ERISA § 404(a)(1)(C) (emphasis added). State Street's brief at 18. In moving to dismiss that claim, State Street properly explained that barring some other reason, "[t]here is nothing legally improper or contrary to ERISA when an ERISA plan[] offer[s] non-diversified single equity funds as options in conjunction with many diversified investment options." *Id.* In other words, the question in *Young* was whether the plan *as a whole* violated ERISA's *diversification* requirement when it contained both single equity funds and other, mixed funds. The answer to that question is "no."

In this case, State Street was engaged as independent investment manager for a single fund of the W. R. Grace & Co. Employees Savings and Investment Plan (the "Plan"): the

Honorable William G. Young
September 26, 2007
Page 2

Company Stock Fund. ERISA explicitly *exempts* qualified company stock funds from the diversification requirement of Section 404(a)(1)(C). *See* ERISA § 404(a)(2). Absolutely no issue of proper diversification of the Grace Plan is presented in this case. Accordingly, Plaintiffs' citation of State Street's defenses in *Young* are simply inapposite.

Sincerely,

/s/ Scott M. Flicker

Scott M. Flicker
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2007, a true and accurate copy of the foregoing has been filed and served through the Court's electronic filing system.

/s/ David B. Mack