## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, | ) |
| Plaintiff, | ) |
| v. | ) |
| JOHN F. AKERS, et al. | ) |
| Defendants. | ) |

| | |
|---|---|
| LAWRENCE W. BUNCH, et al., | ) Consolidated |
| | ) Case No. 04-11380-WGY |
| Plaintiffs, | ) |
| v. | ) |
| W. R. GRACE & CO., et al. | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF THE BUNCH PLAINTIFFS' MOTION TO STRIKE PORTION OF DANIEL BAYSTON DECLARATION

### INTRODUCTION AND BACKGROUND

On May 31, 2007, Plaintiffs took the deposition of Daniel Bayston. Mr. Bayston is a paid consultant to State Street and has worked with State Street on several engagements. Mr. Bayston is the person at Duff & Phelps with primary responsibility to work with State Street in connection with the Grace assignment. At his deposition, Mr. Bayston stated that he did not recall an April 6, 2004 meeting that he attended with State Street and Goodwin Procter.

0152

14    Q.   Did you express a view at all of whether
15  State Street should sell the block?
16    A.   No, we provided State Street information
17  so that they could make their own independent
18  decision.
19    Q.   And at that time that that discussion
20  occurred on or about April 6th, they had received
21  your April 5th e-mail that we have marked as Exhibit
22  15, right?
23    MR. BOWERS:  Objection.

0151

1   BY MR. CUMMINS:
2     Q.   Is that right?
3     A.   I think it's fair to assume since my
4   e-mail is dated April 5th and their committee
5   meeting is April 6th that they received it prior to
6   their meeting.
7     Q.   Did you discuss the content of your
8   e-mail, particularly the second paragraph with
9   representatives of State Street?
**10    A.   I don't recall the specific discussions**
**11  about this particular update.**[1]

(Emphasis added.)

After the deposition, Defendants, in connection with the summary judgment process,

filed a Declaration from Mr. Bayston.[2] Mr. Bayston prepared the declaration, almost one month

after his deposition. In paragraph 21 of his declaration, Mr. Bayston describes in detail specific

topics that arose during the April 6, 2004 meeting. "During the meeting, we discussed reports

that the FAIR Act might be brought to the Senate floor for debate...and the offer for the Plan's

Grace Stock made by D.E. Shaw."[3] Plaintiffs, of course, never have had the opportunity to

examine Mr. Bayston on the obvious inconsistency concerning his memory.  Moreover, Mr.

Bayston did not provide an explanation for changing his testimony form essentially saying , "I

---

[1] A copy of the relevant pages of Mr. Bayston's Deposition are attached as Exhibit "A".
[2] See Declaration of Daniel Bayston, Doc. No. 186.
[3] Bayston Declaration at Paragraph 21.

don't recall the discussion" to asserting that he does recall the discussion and providing very specific information.

ARGUMENT

**I.      THE COURT SHOULD STRIKE PARAGRAPH 21 OF THE BAYSTON DEPOSITION BECAUSE IT IS INCONSISTENT WITH HIS DEPOSITION TESTIMONY**

The law in the First Circuit is clear that parties may not change deposition testimony through later declarations or affidavits.

> It is settled that "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."[4]

The law in the First Circuit is consistent with the law of other jurisdictions. Indeed, the Seventh Circuit has adopted the same policy and maintains that a trial court should disregard an affidavit/declaration that conflicts with deposition testimony.

> When a "deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." *Russell*, 51 F.3d at 67-68 (citing *Slowiak*, 987 F.2d at 1297 (additional citations omitted)).[5]

Based on the law, this Court should strike paragraph 21 of Mr. Bayston's Declaration. Mr. Bayston, in the Declaration, clearly takes a position that is inconsistent with the position that he took under oath during his earlier deposition. In his deposition, Mr. Bayston testified that he lacked memory of the April 6, 2006 meeting, and he particularly lacked the ability to recall the discussion that took place on April 6, 2004 concerning his April 5, 2004 e-mail. Yet, in his Declaration, *without any explanation*, Mr. Bayston asserts that he remembers the meeting and the

---

[4] *Torres v. E.I. DuPont De Nemours & Co.*, 219 F.3d 13, 20 (First Cir. 2000)
[5] *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 533 (7th Cir. 1999).

3

discussions that occurred concerning the e-mail and other items of discussion. Mr. Bayston's Declaration testimony particularly is inappropriate because it occurred after his deposition, the Declaration contradicts earlier deposition testimony, Mr. Bayston has failed to offer a reason for his changed testimony, and Plaintiffs lack the ability to examine Mr. Bayston on his changed testimony. Accordingly, based on the law, this Court should strike and disregard paragraph 21 of his Declaration.

**CONCLUSION**

For the reasons contained in this Memorandum, Plaintiffs request that the Court Strike Paragraph 21 of Daniel Bayston's Declaration.

Respectfully submitted,

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

*/s/ James R. Cummins*
James R. Cummins
Paul M. DeMarco
Terrence L. Goodman
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267
Facsimile:  (513) 381-2375
E-mail:  jcummins@wsbclaw.com
E-mail:  pauldemarco@wsbclaw.com
E-mail:  terrygoodman@wsbclaw.com
E-mail:  janehwalker@wsbclaw.com

and

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

*/s/ Jeffrey C. Block*
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com

**Counsel for Lawrence W. Bunch, Jerry L.
Howard, Sr. and David Mueller, Both
Individually and Behalf of All Others Similarly
Situated**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I filed Memorandum of Law in Support of the

Bunch Plaintiffs' Motion to Strike through the ECF system. It was sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies

were sent to those indicated as non-registered participants on October 9, 2007.

Respectfully submitted,

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

*/s/ James R. Cummins*
James R. Cummins
Paul M. DeMarco
Terrence L. Goodman
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
E-mail: jcummins@wsbclaw.com
E-mail: janehwalker@wsbclaw.com
E-mail: terrygoodman@wsbclaw.com