IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KERI EVANS,

                Plaintiff,

v.

JOHN F. AKERS, *et al.*

                Defendants.

LAWRENCE W. BUNCH, *et al.*

                Plaintiffs,

v.

W.R. GRACE & CO., *et al.*

                Defendants.

Consolidated as:
Case No. 04-11380-WGY

### STATE STREET BANK AND TRUST COMPANY'S OPPOSITION TO MOTION OF BUNCH PLAINTIFFS TO STRIKE PARAGRAPH 21 OF THE DANIEL BAYSTON DECLARATION

Two days before the oral argument on the submission of this matter as a case stated, Plaintiffs filed a motion to strike Paragraph 21 of the Declaration of Daniel Bayston (Ct. File No. 204) ("Motion to Strike"). The Motion to Strike is an out-of-time attempt to sustain the illusion – wrongly suggested by Plaintiffs at the oral argument – that State Street was acting contrary to the recommendations of financial advisor Duff & Phelps LLC in selling the stock of W. R. Grace & Co., a company in bankruptcy, for a premium above the then-prevailing market price. What Plaintiffs do not want the Court to consider (and what Paragraph 21 of Mr. Bayston's declaration confirms) is that *the very next day* after sending his April 5, 2004 email to State Street noting

reports of possible legislative developments affecting asbestos liabilities, Mr. Bayston of Duff & Phelps met in person with State Street's Independent Fiduciary Group and State Street's legal advisors and discussed the merits of the above-market offer to purchase the Grace stock made to State Street by D.E. Shaw & Co. Thus, what Plaintiffs at oral argument attempted to magnify into a "red flag" against sale of the Grace stock was nothing more than Mr. Bayston's initial recognition of certain facts that State Street and its advisors had already identified, followed by an in-person meeting, after which (contrary to Plaintiffs' contention) Mr. Bayston saw no further need to "qualify" Duff & Phelp's valuation analysis. The substance of that April 6 in-person meeting is confirmed by other facts in the summary judgment record, and nothing about Paragraph 21 of Mr. Bayston's declaration is contradicted by his deposition testimony or any other evidence. Thus, the Motion to Strike is not just untimely, it is without merit.

## I.     THE MOTION TO STRIKE IS UNTIMELY.

All parties to this action filed cross motions for summary judgment on August 17, 2007 (Ct. File Nos. 176, 177, and 182). As required by Local Rule 56.1, the parties submitted statements of undisputed material facts of record, with page references to affidavits, depositions, and other documentation (Ct. File Nos. 179, 183, and 185). State Street included the Declaration of Daniel Bayston of Duff & Phelps, dated June 26, 2007, as part of the summary judgment record (Ct. File No. 186).[1] Plaintiffs raised no objection to Paragraph 21 of the Mr. Bayston's Declaration at that time, nor did Plaintiffs attempt to controvert any of the undisputed facts cited to and supported by Paragraph 21 of Mr. Bayston's Declaration. Material facts of record set forth in the moving party's statement of undisputed facts and not controverted in an opposing

---

[1] Mr. Bayston Declaration was first provided to Plaintiffs as an exhibit to the rebuttal report of one of Defendants' experts on June 27, 2007. The declaration, in pertinent part, described the analysis and support provided by Duff & Phelps to State Street in the latter's role as independent investment manager for the Grace Stock Fund of the Grace Plan at issue in this case.

statement "will be deemed for purposes of the motion to be admitted[.]" Local Rule 56.1. Plaintiffs' "Motion to Strike" a portion of the summary judgment record is thus untimely and on that basis should be denied.

II.     **PLAINTIFFS HAVE ESTABLISHED NO GROUND FOR STRIKING PARAGRAPH 21 OF THE BAYSTON DECLARATION.**

Plaintiffs seek to establish a false conflict between Paragraph 21 of Mr. Bayston's Declaration and his deposition testimony. There is no conflict. In its entirety, Paragraph 21 states:

> Duff & Phelps' valuation analysis did not remain "qualified" after April 6, 2004, when my team met with State Street and Goodwin Procter. During that meeting, we discussed reports that the FAIR Act might be brought to the Senate floor for debate (something our original analysis took into account) and the offer for the Plan's Grace Stock made by D.E. Shaw. Duff & Phelps did not determine a need to revise its valuation summaries after the April 6 meeting took place.

This statement in no way contradicts Mr. Bayston's deposition testimony, in which he stated only that, in response to a question about his *April 5 e-mail*, he did not "recall the specific discussions about this particular update." Moreover, as Mr. Bayston explained in his deposition, while he did not "recall specific conversations . . . it would not have been unusual for [them] to discuss the issues that were laid out in the e-mail of April 5th." Deposition of Dan Bayston ("Bayston Dep.") attached as Exhibit A to Motion to Strike, 151:20-23. Nothing about the cited deposition testimony is inconsistent with his statement in Paragraph 21 of the declaration that "Duff & Phelps' valuation analysis did not remain 'qualified' after April 6, 2004, when [Mr. Bayston and his] team met with State Street and Goodwin Procter."

Mr. Bayston's description of the April 6th meeting is corroborated by other documents and testimony in the record before this Court. For example, Exhibits 18 and 19 submitted with State Street's Motion for Summary Judgment are, respectively, a presentation from the April 6th meeting and the minutes from an April 7th meeting referencing the April 6th meeting (Ct. File Nos. 187-30 and 187-31). The deposition testimony of Kelly Driscoll also provides a summary of the April 6th meeting. *See* Deposition of Kelly Driscoll, 175:10-176-20 (Ct. File No. 187-34). Simply put, the record evidence about State Street's consultations with its financial and legal advisors regarding the D.E. Shaw purchase offer does not stop, as Plaintiffs would have the Court believe, with Mr. Bayston's e-mail of April 5.

The case law cited by Plaintiffs does nothing to support their motion. Those cases stand for the unremarkable, but inapposite, proposition that after a party has filed for summary judgment, the opposing party cannot "create a conflict and ***resist summary judgment*** with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why testimony is changed." *Torres v. E.I. Dupont de Nemours & Company*, 219 F.3d 13, 20 (1st Cir. 2000) *quoting Colantuoni v. Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994) (emphasis added); *see also Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 533 (7th Cir. 1999) (rejecting plaintiffs "attempts to create genuine issues of material fact by referencing statements in his affidavit, which he filed after Ernst & Young moved for summary judgment" and which "contradict those he made . . . during his deposition.").

Of course, State Street did not proffer the Bayston Declaration in an effort to defeat summary judgment. To the contrary, the Bayston Declaration was originally provided to Plaintiffs as an exhibit to the rebuttal report of one of Defendants' experts on June 27, 2007. Following that, the declaration was then affirmatively filed in ***support*** of State Street's motion

for summary judgment.  Furthermore, this matter is not before the Court on summary judgment.  It is submitted as a case stated, which "allows the Court to determine 'significant issues of material fact.'"  *Delphi Corporation v. Litex, Inc.*, 394 F.Supp.2d 331,  (D. Mass. 2005) *quoting Continental Grain Co. v. Puerto Rico Mar. Shipping Auth.*, 972 F.2d 426, 429 n.7 (1st Cir. 1992).  Indeed, when deciding a case stated "the Court must review the record, draw reasonable inferences, apply the governing law, and enter such judgment as appropriate."  *Id*.  Thus, even if the Motion to Strike did raise an issue of material fact, the Court can and should consider the evidence and not strike Paragraph 21 of the Bayston Declaration.

### III.    CONCLUSION.

For these reasons, the Court should deny the Motion to Strike.

Dated:  October 23, 2007         Respectfully submitted,

STATE STREET BANK AND TRUST COMPANY
By its counsel,

   /s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
(scarnathan@ocmlaw.net)
O'CONNOR, CARNATHAN, MACK LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

-and-

Scott M. Flicker
(scottflicker@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

## **CERTIFICATE OF SERVICE**

  I here certify that this Reply and the documents filed in support of it through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 23, 2007.

| | |
|---|---|
|  October 23, 2007  |  /s/ Sean T. Carnathan  |
| Date | Sean T. Carnathan |