## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
**KERI EVANS,**                                                          )
)
        **Plaintiff,**                                          )
)
**v.**                                                                                )
)
**JOHN F. AKERS, et al.**                                           )
)
        **Defendants.**                                          )
_____ )


_____
)    **Consolidated**
**LAWRENCE W. BUNCH, et al.,**                          )    **Case No. 04-11380-WGY**
)
)
      **Plaintiffs,**                  )
)
**v.**                                                                                )
)
**W. R. GRACE & CO., et al.**                               )
)
        **Defendants.**                                          )
_____ )


## PLAINTIFFS' REPLY TO DEFENDANT'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant State Street suggests that its submission of *Noa v. Keyser*, C.A. No. 05-CV-776 (JEI), 2007 WL 3146371 (D. N.J. October 30, 2007) supports Defendants. Plaintiffs disagree. In *Noa*, the court emphasized that an ERISA fiduciary, as part of its process, had to consider the prevailing circumstances. *Id.* at \*8. In *Noa*, those circumstances included several "red flags" that supported an immediate sell off. The "red flags" included a company restructuring plan that would have caused the Plan to hold warrants. However, ERISA treats the

retention of warrants by a Plan as a prohibited transaction. Additional "red flags" included (1) a stock that rapidly fell to $0.19, (2) an impending bankruptcy, and (3) a de-listing by the New York Stock Exchange. The de-listing, of course, would have created stock that did not trade in an efficient market.

In *Bunch,* the circumstances are different. The Plan fiduciaries did not face the same "red flags" as the fiduciaries in *Noa*. Indeed, Grace stock was not falling to near zero, Grace stock never was in the position of being traded in an inefficient market, nor was retention of Grace stock a prohibited transaction.

Plaintiffs request that this Court further recognize that the court in *Noa* found that it is not "prudent as a matter of law" to sell stock when a company faces financial difficulties. *Id*. at FN 18. *Bunch* is such a case. In *Bunch*, the company was prospering and an efficient market positively was valuing the stock.

> Respectfully submitted,
>
> WAITE, SCHNEIDER, BAYLESS
>   & CHESLEY CO., L.P.A.
>
> */s/ James R. Cummins*
> James R. Cummins
> Paul M. DeMarco
> Terrence L. Goodman
> Jane H. Walker
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, Ohio  45202
> Telephone:  (513) 621-0267
> Facsimile:  (513) 381-2375
> E-mail:  jcummins@wsbclaw.com
> E-mail:  pauldemarco@wsbclaw.com
> E-mail: terrygoodman@wsbclaw.com
> E-mail: janehwalker@wsbclaw.com
>
>
>                   and

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

/s/ Jeffrey C. Block
Jeffrey C. Block
One Liberty Square
Boston, Massachusetts 02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194
Email:  jblock@bermanesq.com

**Counsel for Lawrence W. Bunch, Jerry L. Howard, Sr. and David Mueller, Both Individually and Behalf of All Others Similarly Situated**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, I filed Bunch Plaintiffs' Response to Defendant's Notice of Supplemental Authority through the ECF system.  It was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants on November 5, 2007.

Respectfully submitted,
WAITE, SCHNEIDER, BAYLESS
  & CHESLEY CO., L.P.A.

/s/ James R. Cummins
James R. Cummins
Paul M. DeMarco
Terrence L. Goodman
Jane H. Walker
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267
Facsimile:  (513) 381-2375
E-mail:  jcummins@wsbclaw.com
E-mail:  pauldemarco@wsbclaw.com
E-mail: terrygoodman@wsbclaw.com