# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

TERRENCE L. GOODMAN

FAX (513) 381-2375
FAX (513) 621-0262

November 20, 2007

**VIA ECF**

Honorable William G. Young
United States District Judge
United States District Court
 for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:   *Bunch v. W.R. Grace & Co.*
           Case No. 1:04-cv-11380-WGY

Dear Judge Young:

      The Grace Defendants, on November 20, 2007, submitted in a letter to this Court ("Grace Letter") Findings of Fact and Conclusions of Law on Remand in *Holdeman v. Devine*, Case No. 2:02-CV-00365 PGC (D. Utah, Nov. 2, 2007). Grace contends that *Holderman* supports a finding that Grace is not liable because members of the Investment and Benefits Committee that ultimately were responsible for the Grace Stock Fund "lacked knowledge about [their] precise obligations." (Grace Letter)

      Apparently, the Grace Defendants fail to understand the claims that Plaintiffs have asserted. Plaintiffs always have contended that Grace is liable because it failed to monitor State Street. *See* Order Denying Defendants' Motions to Dismiss, (March 1, 2007), Doc. No. 152 ("This general rule, however, has its counterpart in the well-settled principle that a delegating fiduciary "retains an obligation to oversee and monitor the activities of his delegate.")

      Mr. Tarola's failure to appreciate that he had an obligation to monitor is significant evidence that he failed to monitor. *See Holdeman* at 13 ("it is likely that Mr. Devine ran an increased risk of breaching his fiduciary duties under ERISA because he was unaware of all those duties.") The basis of Plaintiffs' claims, unlike the Plaintiffs in *Holdeman*, is not merely that a fiduciary failed to understand his/her duty but that the fiduciary failed to execute his/her duty. Thus, the language in *Holdemann* actually supports a finding in this case that Grace is liable because it failed to fulfill its fiduciary duty to monitor.

Honorable William G. Young
Re: *Bunch v. W.R. Grace & Co.*, Case No. 1:04-cv-11380-WGY
November 20, 2007
PageTwo

      If the Court requires any additional information, please feel free to contact me.

      Very truly yours,

      **WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.**

      Terrence L. Goodman

TLG/lah