```
 1                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 04-11380-WGY
                                             (Consolidated)
 4
     * * * * * * * * * * * * * * * *
 5                                  *
    KERI EVANS, et al.,             *
 6                                  *
               Plaintiffs,          *
 7                                  *
    v.                              *
 8                                  *
    JOHN F. AKERS, et al.,          *
 9                                  *
               Defendants.          *
10  _____  *
                                    *   STATUS CONFERENCE
11  LAWRENCE W. BUNCH, et al.,      *
                                    *
12             Plaintiffs,          *
                                    *
13  v.                              *
                                    *
14  W.R. GRACE & CO., et al.,       *
                                    *
15             Defendants.          *
                                    *
16   * * * * * * * * * * * * * * * *

17            BEFORE:  The Honorable William G. Young,
                             District Judge
18

19  APPEARANCES:

20          WAITE, SCHNEIDER, BAYLESS & CHESLEY CO.,
    L.P.A. (By Terrence L. Goodman, Esq. and James R.
21  Cummins, Esq.), 1513 Fourth & Vine Tower, 1 West
    Fourth Street, Cincinnati, Ohio 45202, on behalf
22  of the Bunch Plaintiffs

23
                                  1 Courthouse Way
24                                Boston, Massachusetts

25                                September 27, 2007
```

```
 1            A P P E A R A N C E S (Cont'd)
 2

 3          ARENT FOX LLP (By Carol Connor Cohen, Esq.
       and Caroline Turner English, Esq.), 1050
 4     Connecticut Avenue, N.W., Washington, D.C. 20036,
       on behalf of W.R. Grace & Co., Investments and
 5     Benefits Committee, John F. Akers, Ronald C.
       Cambre, Marye Anne Fox, John J. Murphy, Paul J.
 6     Norris, Thomas A. Vanderslice, H. Furlong Baldwin,
       Fred E. Festa and Robert M. Tarola
 7
            PAUL, HASTINGS, JANOFSKY & WALKER LLP (By
 8     Scott M. Flicker, Esq.), 875 15th Street, N.W.,
       Washington, D.C. 20005, on behalf of State Street
 9     Bank & Trust Company and State Street Global
       Advisors
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              THE CLERK:  Calling Civil Action 04-11380, Bunch v.
 2    Grace, et al.
 3              THE COURT:  Good afternoon.  If counsel would
 4    identify themselves.
 5              MR. GOODMAN:  Your Honor, Terry Goodman and James
 6    Cummins for plaintiffs.
 7              MR. FLICKER:  Your Honor, my name is Scott Flicker
 8    for State Street Bank and Trust, and with me here is Bill
 9    Connolly from State Street.
10              MR. CONNOLLY:  Good afternoon, your Honor.
11              MS. COHEN:  Carol Connor Cohen, your Honor, for all
12    the remaining defendants, which we call the Grace defendants
13    in our brief, and with me is my partner, Caroline English.
14              THE COURT:  Thank you.
15              One of the things that jumps out at me right at the
16    outset is here we have cross-motions for summary judgment.
17              Now, I probably should have done this earlier.  But
18    usually when there's cross-motions for summary judgment, I
19    offer to treat the matter as a case stated.
20              Now, in a case stated I will, if you agree, I will
21    say that I have the full record in order to decide this
22    case.  There may be parts of it, if it goes plaintiffs way,
23    I haven't decided the relief, but I certainly can decide the
24    liability vel non on the record that's before me.
25              Now, since that's going to be the case, I don't
```

```
 1   treat it like I do a motion because that's the only time
 2   you'll be before the Court as to the issue of liability.
 3   And the tradeoff is I'll give you half an hour a side to
 4   argue, it won't be this afternoon, but we'll set that out.
 5   But, case stated is precisely what it is in the courts of
 6   the Commonwealth of Massachusetts and, after a decision by
 7   Judge, now Justice Breyer, what it is in the First Circuit.
 8           I'm not going to draw the inferences against the
 9   moving parties.  I'm simply going to take the record.  I'm
10   going to say somebody's going to win on this record.  I'll
11   have to do findings and rulings on the undisputed record.
12   I'll have to explain my reasoning.
13           And so I simply -- and this is not to get out from
14   hearing you this afternoon.  I'm ready.  And whatever I
15   decide, I'll decide.  But I wonder if you want that.  And
16   then that will be liability.  If plaintiffs win on liability
17   we'll have to wrestle with remedy.  Lose on liability it's
18   over and further proceedings will be in some other court.
19           We'll start with plaintiff.  Do you want to do it
20   that way?
21           **MR. GOODMAN:**  Your Honor, we're agreeable to that
22   process.
23           **THE COURT:**  Defense?
24           **MR. FLICKER:**  Your Honor, I believe we are as well.
25   I would be interested in knowing if there's anything about
```

```
 1   the case right now that your Honor has a question about or
 2   would like clarified as we go to through this process.
 3   Because we're here before you.
 4           THE COURT:  I think the -- the short answer is no.
 5   I came prepared to hear argument.  The matter's complex.
 6   The likelihood is I will take it under advisement.  I'm sort
 7   of thinking in my own mind that I -- for one thing, I'm just
 8   invoking what I usually do.  So, again, I don't have an
 9   agenda.  I'm thinking in my own mind I can get rid of you
10   this afternoon, I can listen to an hour of argument sometime
11   soon, because I was prepared this afternoon, and then I'm
12   sure I'm done with liability in the case, one way or another
13   liability is resolved.  Those are all what I'm thinking.
14           MR. FLICKER:  No objection from the State Street
15   defendants, your Honor.  You're going to hear from the Grace
16   defendants as well?
17           THE COURT:  Yes, we do.  Grace?
18           MS. COHEN:  We, too, are amenable, your Honor.
19           THE COURT:  Fine.
20           (Whereupon the Court and the Clerk conferred.)
21           THE COURT:  2:30 on October 11th, and you'll have
22   an hour for argument.
23           MR. GOODMAN:  That's fine.
24           MR. FLICKER:  And your Honor would then be taking
25   the pretrial conference off the calendar and all of the
```

```
 1   other dates that --
 2           THE COURT:  Precisely, because this is it on
 3   liability, and we'll have to wait to see my resolution as to
 4   liability.  If it goes plaintiff, then I'll schedule further
 5   proceedings.
 6           MR. FLICKER:  Thank you, your Honor.
 7           MS. COHEN:  Thank you, your Honor.
 8           MR. GOODMAN:  Thank you, your Honor.
 9           (Whereupon the matter concluded.)
10
11                       C E R T I F I C A T E
12
13           I, Donald E. Womack, Official Court Reporter for
14   the United States District Court for the District of
15   Massachusetts, do hereby certify that the foregoing pages
16   are a true and accurate transcription of my shorthand notes
17   taken in the aforementioned matter to the best of my skill
18   and ability.
19
20
21
                    /s/ DONALD E. WOMACK
22                  _____
                    DONALD E. WOMACK
23                  Official Court Reporter
                    P.O. Box 51062
24              Boston, Massachusetts 02205-1062
                    womack@megatran.com
25
```