UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>JOHN F. AKERS, *et al.*,<br><br>            Defendants<br><br>---<br><br>MARK SIAMIS,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN F. AKERS, *et al.*,<br><br>            Defendants. | Consolidated Under<br>Case No. 04-11380-WGY<br><br>**DEFENDANTS' MEMORANDUM REGARDING THE IMPACT OF CONSOLIDATION ON THEIR PENDING MOTION TO DISMISS** |

On June 17, 2004, Plaintiff Keri Evans commenced a class action lawsuit alleging that the Defendant officers and directors of W. R. Grace & Co. violated their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq*. The First Amended Complaint in that case (the "Evans Complaint")[1] was dismissed on December 6, 2006 for lack of standing. The First Circuit recently reversed that decision and remanded the case back to this Court. In the interim, Evans' counsel had filed a second class action on behalf of the same class and against the same Defendants, listing Mark Siamis as the named Plaintiff. The Court has now consolidated the Evans and Siamis cases.

Before consolidation, Defendants had moved to dismiss the Siamis Complaint on two independent grounds: (1) expiration of the statute of limitations; and (2) failure to state a claim

---

[1] The First Amended Complaint listed Timothy Whippps as an additional named plaintiff. For convenience, this memorandum will refer to the plaintiffs collectively as "Evans."

regarding the element of causation. These arguments are applicable, in most respects, to the Evans Complaint as well. This memorandum responds to the Court's request as to whether and how the issues raised in the Defendants' pending motion to dismiss the Siamis Complaint relate to the Evans Complaint.

### Statute of Limitations

ERISA claims for breach of fiduciary duty are governed simultaneously by two limitations periods – one for three years and one for six years. *See* ERISA § 413, 29 U.S.C. § 1113; *see also Edes v. Verizon Commc'ns*, 417 F.3d 133, 140 (1st Cir. 2005). The three-year period runs from "the earliest date on which the plaintiff had actual knowledge of the breach or violation," while the six-year period runs from "the date of the last action which constituted a part of the breach or violation . . . ." ERISA § 413, 29 U.S.C. § 1113. An action for breach of fiduciary duty must be brought before the earlier of these two deadlines. *Id.*

Defendants argue in their motion to dismiss that the Siamis Complaint is time-barred under both periods. The argument with respect to the three-year limitations period is equally applicable to the Evans Complaint – *i.e.*, she had actual knowledge of the alleged breach by no later than April 2, 2001, when Grace filed for bankruptcy. This argument is set out in Part II.A of the memorandum in support of the *Siamis* motion to dismiss [*Siamis* Dkt. No. 8], and in Part A of the reply brief [*Siamis* Dkt. No. 15]. The arguments regarding the six-year limitations period (*see* Memo Part II.B and Reply Part B) and with respect to tolling (*see* Memo Part II.C and Reply Part C) are applicable to the Siamis Complaint only.

### Lack of Causation

Defendants' motion to dismiss the Siamis Complaint also asserts that dismissal is warranted for failure to state a claim, in that the Plaintiff cannot demonstrate the required

2

element of causation. Specifically, Defendants argue that their decision to retain the Grace stock (which Siamis and Evans challenge) was not the cause of the alleged loss, because had the Plan continued to hold the Grace stock, it would now be experiencing a *gain* from the investment, and it no longer holds the stock *solely* due to an intervening cause – the sale of the stock by an independent third-party fiduciary, State Street. This argument is set out in Part III of the support memorandum filed in *Siamis* and Part D of the reply brief and applies with equal force to the Evans Complaint.

Dated:  August 11, 2008                Respectfully submitted,


 /s/ *Carol Connor Cohen*
Laurence A. Schoen (BBO# 633002)
(lschoen@mintz.com)
Matthew C. Hurley (BBO# 643638)
(mchurley@mintz.com)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

- and -

Carol Connor Cohen
(cohen.carol@arentfox.com)
Nancy S. Heermans
(heermans.nancy@arentfox.com)
Caroline Turner English
(english.caroline@arentfox.com)
Eric S. Baxter
(baxter.eric@arentfox.com)
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 857-6054
Facsimile:  (202) 857-6395

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that, on August 11, 2008, a copy of the foregoing was served electronically on all counsel of record registered with the CM/ECF system and by U.S. Mail on all counsel of record not currently registered with the CM/ECF system.

                                    /s/ *Yalonda T. Howze*
                                    Yalonda T. Howze