UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOHN F. AKERS, et al.,<br><br>　　　　Defendants.<br>────────────────────────<br>MARK SIAMIS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOHN F. AKERS, et al.,<br><br>　　　　Defendants. | Consolidated Under<br>Case No. 04-11380-WGY |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM REGARDING THE IMPACT OF CONSOLIDATION ON DEFENDANTS' PENDING MOTION TO DISMISS

Pursuant to proceedings held before the Court on July 28, 2008, Plaintiffs file this submission responding to Defendants' Memorandum, filed August 11, 2008, clarifying which portions of their motion to dismiss previously filed with respect to the complaint in *Siamis v. Akers* apply to the complaint in *Evans v. Akers*.

In their Memorandum, Defendants state that the portions of their previously filed motion that argue that the *Siamis* complaint is time-barred by the ERISA three-year statute of limitations (Part II. A of the memorandum in support of the motion and Part A of the reply brief) also apply to the *Evans* complaint. They acknowledge, however, that arguments that the *Siamis* complaint is time-barred because it was not filed within six years from "the date of the last action which

constituted a part of the breach or violation," ERISA §413, 29 U.S.C. § 1113, are not applicable to the *Evans* complaint. Defendants' Memorandum at 2. Likewise, Defendants acknowledge that arguments regarding tolling—*i.e.*, that *Siamis*, who filed his complaint in February 2008, cannot benefit from the pendency of the *Evans* complaint, which was filed in June 2004, for tolling purposes—do not apply to the *Evans* complaint. *Id.* Defendants contend that their arguments that the *Siamis* complaint must be dismissed for failure to state a claim regarding loss causation also apply to the Evans complaint. *Id.*

The impact of consolidation and Defendants' clarifying memorandum on the issues that need be addressed on the Motions to Dismiss is discussed below. Additionally, Plaintiffs clarify which portions of the Opposition to Defendants' Motion to Dismiss previously filed in the *Siamis* matter respond to the arguments that Defendants contend also apply to *Evans*.

I.   **Statute of Limitations**

ERISA generally provides that a breach of fiduciary duty claim must be brought within six years of the breach *and* within three years of the date on which the plaintiff had "actual knowledge" of the breach. 29 U.S.C. § 1113.[1] By acknowledging that arguments related to the six year requirement do not apply to *Evans*, Defendants recognize that the *Evans* complaint satisfies this requirement. They contend, however, as they do with regard to the *Siamis* complaint, that the claims are nevertheless time-barred because, according to Defendants, Plaintiffs had "actual knowledge" within the meaning of the statute of limitations "no later than April 2, 2001, when Grace filed for bankruptcy." Defendants' Memorandum at 2.

---

[1] The statute also provides an alternative limitations period "in the case of fraud or concealment" that runs for six years from the date plaintiff discovers the breach. *See, e.g., Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 118 (1st Cir. 2002) (describing six-year limitations period in case of fraud or concealment as "an alternative statute of limitations"). *See infra.* note 4 regarding the applicability of this alternative limitations period here.

2

The Legal Argument in Section IV. B. 1 of Plaintiffs' Opposition to the Motion to Dismiss ("Plaintiffs' Opposition") the *Siamis* complaint, supported by the facts alleged in the complaint discussed in Section III of Plaintiffs' Opposition, addresses Defendants' arguments regarding the three year limitation. Those arguments apply equally to any contention that the *Evans* complaint is time-barred[2] and establish that none of the plaintiffs in these consolidated matters had actual knowledge of the alleged breach of fiduciary duty until, at the earliest, February 27, 2004, when the independent third-party fiduciary, State Street, following many months of analysis, advised participants that "it is no longer consistent with ERISA for the Plan to continue to hold all of the shares of Grace stock currently in the Grace Stock Fund." *Siamis* Complaint, ¶ 69; *Evans* Complaint, ¶ 71.

In this regard, it should be noted that Defendants' arguments in their Reply Brief, Part A, pp. 3-4, contending that *Edes v. Verizon Comm., Inc.*, 417 F.3d 133 (1st Cir 2005), cannot be reconciled with the more recent and factually analogous *Brown v. Owens Corning Inv. Review Comm.*, 541 F. Supp. 2d 958 (N.D. Ohio 2008), does not take into account the significant factual differences between the circumstances here and those present in *Edes* that are discussed at pp. 9-10 of Plaintiffs' Opposition. As set forth in Plaintiffs' Opposition, *Edes* itself recognized that the factual complexities of the underlying transaction and legal claim at issue are relevant to determining whether "actual knowledge" exists in a particular case. Further, Plaintiffs' discussion of *Kling v. Fidelity Management Trust Co.*, 322 F. Supp. 2d 132 (D. Mass. 2004), *Owens Corning* and *Sherill v. Federal Mogul Corp. Ret. Programs Comm.*, 413 F. Supp. 2d 842 (E.D. Mich. 2006), as well as, their discussion of federal court decisions holding that knowledge

---

[2] As noted in Defendants' Memorandum, at p. 1, the *Evans* and *Siamis* complaints were filed "against the same class and against the same Defendants," and further, as noted in Defendants' Memorandum in Support of the Motion to Dismiss the *Siamis* complaint, at p. 1, the *Siamis* complaint "mimics word-for-word the class action complaint in *Evans*."

of an imprudent investment is not sufficient to constitute "actual 'knowledge' of a breach unless there is knowledge of specific actions of the fiduciaries themselves ( at pages10-13 of their Opposition), demonstrates that Defendants' rigid view of *Edes* should be rejected.[3]

In sum, for the reasons discussed in Plaintiffs' Opposition, as well as herein, the facts alleged simply do not establish that Plaintiffs had actual knowledge as early as April 2, 2001.[4]

## II. The Impact of the Conceded Inapplicability of Statute of Limitations Arguments Other than the Three Year Limitation

A good portion of Defendants' Motion to Dismiss the *Siamis* complaint concerned whether Plaintiff Siamis benefitted from the pendency of the formerly dismissed *Evans* complaint to extend the statute of limitations applicable to his complaint, filed in February 2008,

---

[3] Recent authority is in accord with that discussed in Plaintiffs' Opposition. For example, in *Toledo Blade Newspaper Unions Blad Pension v. Investment Performance Services*, No. 04-CV-1423, 2008 WL 2791689, at *15 (N.D. Ohio July 21, 2008), in addressing circumstances analogous to those presented here, the United States District Court for the Northern District of Ohio held that actual knowledge of the breach did not exist where plaintiffs were unaware of the full extent of the defendant fiduciaries' breaches until they received a letter containing the misrepresented information from a third party. That is essentially what occurred here when State Street pronounced the Grace stock to be imprudent.

[4] As noted in footnote 9 of Plaintiffs' Opposition, because the Complaint clearly alleges omissions and misstatements, the alternative six year limitations period applicable in cases involving fraud or concealment may be appropriate here. *See note* 1, *supra*. This conclusion is buttressed by the fact that it took State Street, which was retained in December 2003, many months to discover the imprudence of investment in the Company stock --strong evidence that material facts were concealed from Plaintiffs and the Class until at the very earliest, February 27, 2004, when State Street informed Plan participants that investment in Grace Stock was no longer prudent. Should the six year "fraud or concealment" period apply, the complaints would be timely filed even if, absent fraud or concealment, the claims would be time-barred by the three year statute. As also noted in Plaintiffs' Opposition at footnote 9, deciding whether the fraud or concealment prong is applicable is inappropriate at the motion to dismiss stage. *See Tussey v. ABB, Inc.*, No. 06-CV-04305, 2008 WL 379666, at *9 (W.D. Mo. Feb. 11, 2008). As such, neither the *Siamis* nor the *Evans* complaint should be dismissed at this juncture based upon the 3 year statute of limitations, as the allegations of the complaints establish the applicability of the six year alternative statute of limitations.

4

such that he satisfied the requirement that a complaint be filed within six years of the breach. 29 U.S.C. § 1113. (*See* Defendants' Memorandum in Support of Motion to Dismiss, Part II. B and II. C, and Reply at Part B and Part C). As Defendants correctly acknowledge, these arguments are not relevant to the *Evans* complaint, which was filed in June 2004, and so, satisfy the six year limitation period. For this reason, Defendants acknowledge that the only statute of limitation argument relevant to *Evans* is the three year "actual knowledge" limitation. This concession also renders the six year limitation and tolling arguments moot with regard to the *Siamis* complaint.

More particularly, the reinstatement of the *Evans* complaint by the First Circuit in *Evans v. Akers,* No. 07-CV-1140, 2008 WL 2780607 (1st Cir. July 18, 2008) revived the claims of all of the putative class members in *Evans* until such time as they are dismissed on alternative grounds or rejected on the merits. Accordingly, if the *Evans* complaint survives the Motion to Dismiss based upon the only statute of limitations argument applicable to it—the three year limitation argument— and the *Evans* claims are deemed timely, so too, must the claims of Plaintiff Siamis, a member of the putative class, be deemed timely. Accordingly, as a result of the reinstatement of the *Evans* complaint, filed in June 2004, Defendants' arguments in the Motion to Dismiss the *Siamis* complaint based upon statute of limitations grounds other than the three year statute are moot and need not be considered by this Court.

**III.   Loss Causation**

Plaintiffs' Opposition to the Motion to Dismiss the *Siamis* complaint for failure to state a claim regarding the element of loss causation is addressed in Section IV. D. Those arguments are equally applicable to the *Evans* complaint and plainly establish that Defendants' attempt to have their cake and eat it too is preposterous. It strains credulity that the very same parties that failed so miserably in fulfilling their fiduciary duties have the audacity to turn around and blame

the third party they belatedly brought in, State Street, as the intervening cause for Plaintiffs' alleged losses. These "intervening event" arguments that no loss resulted from Defendants' breaches of fiduciary duties should be dismissed out of hand, not only because they are unsupported by the facts, but also, because the recovery of the W.R. Grace stock after State Street sold it does not, in any event, absolve Defendants of liability for losses caused by their breaches.

As to the latter, the First Circuit's decision in *Evans v. Akers,* 2008 WL 2780607 at *7 makes clear that Defendants' arguments that damages in this case are too "speculative" or "unascertainable" are unavailing. As such, they do not provide a basis for dismissal of either the *Evans* or the *Siamis* complaint.

Dated: August 25, 2008          Respectfully submitted,

                                GILMAN AND PASTOR, LLP

                                By: /s/ David Pastor
                                    David Pastor (BBO # 391000)
                                    225 Franklin Street, 16th Floor
                                    Boston, MA 02110
                                    Telephone: (617) 742-9700
                                    Facsimile: (617) 742-9701

                                       -and-

                                Joseph H. Meltzer
                                Edward W. Ciolko
                                Mark K. Gyandoh
                                Donna Siegel Moffa
                                SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
                                280 King of Prussia Road
                                Radnor, PA 19087
                                Telephone: (610) 667-7706
                                Facsimile: (610) 667-7057