**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| MARK SIAMIS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Consolidated Under**
**Case No. 04-11380-WGY**

## ORDER AND FINAL JUDGMENT

This *Action* came on for hearing on _____ to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court on _____ [date] and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement (Court File No. __). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* among *Named Plaintiffs*, *Defendants*, and *W. R. Grace*.

  1.  The Court has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2. For the sole purpose of settling and resolving the *Action*, the Court certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Class* is defined as:

> All Persons who were participants in or beneficiaries of the Plan at any time between July 1, 1999 to April 19, 2004 and whose accounts included investment in the Company Stock Fund at any point during that time period, excluding the Defendants.

3. Keri Evans, Timothy Whipps and Mark Siamis (the "*Named Plaintiffs*") are appointed as *Class* representatives, and Barroway Topaz Kessler Meltzer & Check, LLP, is appointed as *Lead Counsel for Named Plaintiffs* ("*Class Counsel*") pursuant to FED. R. CIV. P. 23(g).

4. The Court finds for the sole purpose of settling and resolving the *Action* that:

(a) The *Class* is so numerous that it is impractical to bring all *Settlement Class* members before the Court individually. Internal Revenue Service/Department of Labor Forms 5500 filed by the *Plan* for 2002 indicate that there are likely more than 10,000 *Class* members, and solely for the purposes of the *Settlement,* the *Defendants* do not dispute this estimate.

(b) The class allegations, denied by *Defendants,* present common questions of law and/or fact, including:

(i) Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer W. R. Grace stock or the *Company Stock Fund* (used interchangeably herein) as an investment option for the *Plan* at a time when the *Defendants* knew or should have known that the stock was not a prudent investment for the *Plan*;

(ii) Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by causing the *Plan* to make and maintain investments in W. R. Grace stock, at such time when it was not prudent to do so;

1

    (iii) Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in W. R. Grace stock;

    (iv) Whether certain *Defendants* breached fiduciary obligations to the *Plan* and its participants by failing to prudently monitor other appointed Defendants, such that the *Plan* and its participants' interests were not adequately protected and served; and

    (v) Whether as a result of the alleged fiduciary breaches engaged in by the *Defendants*, the *Plan* and its participants and beneficiaries suffered losses.

  (c) FED. R. CIV. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed class members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege that they were *Plan* participants or beneficiaries during the *Class Period* with *Plan* accounts that included investments in W. R. Grace stock, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

  (d) The requirements of FED. R. CIV. P. 23(a)(4) are also satisfied. For the purposes of this *Settlement*, the Court finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Class*. The Court is satisfied that *Class Counsel* are

qualified, experienced, and are further prepared to represent the *Class* to the best of their abilities.

   (e) The *Class* satisfies the requirements of FED. R. CIV. P. 23(a), and also the requirements of FED. R. CIV. P. 23(b)(1).  Given the *Plan*-representative nature of *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and, there is also a risk of inconsistent dispositions that might prejudice the *Defendants*.  This case is appropriate for class certification, for the purposes of this *Settlement,* under FED. R. CIV. P. 23 (b)(1).

   (f) The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Class*.  *Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts and representing the *Class's* interests during the declaratory action filed by the *Defendants* against its insurers.  *Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action*.  *Class Counsel* have also demonstrated extensive knowledge of the applicable law.  The Court concludes that *Class Counsel* have fairly and adequately represented the interests of the *Settlement Class*.

   (g) The *Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Class Counsel's* application for attorneys' fees and expenses and for *Named Plaintiff* compensation, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Proposed Amended Class Action

3

Settlement (Court File No. __).  Such notice included individual notice to all members of the *Class* who could be identified through reasonable efforts, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections.  Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5.      Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the *Settlement* as a fair, reasonable, and adequate settlement and compromise of the *Action*.

6.      The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

7.      The Court finds that the *Settlement* embodied in the *Settlement Agreement* is fair, reasonable and adequate, and more particularly finds:

(a)     The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendants,* on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Class*, on the other;

(b)     This *Action* settled after the *Litigants* had briefed their respective positions on class certification, including whether certain *Named Plaintiffs* had standing to bring their claims at all, and after the United States Court of Appeals for the First Circuit issued an opinion on the matter.  Moreover, *Defendants'* motion to dismiss after remand was pending at the time the *Parties* reached the *Settlement*.  The *Settlement* was also reached following arm's-length negotiations among counsel with the assistance of an experienced mediator, who was thoroughly familiar with this litigation.  Moreover, the *Litigants* reviewed thousands of pages of documents

in advance of the mediation. *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

  (c) If the *Settlement* had not been achieved, the *Litigants* faced the expense, risk, and uncertainty of extended litigation;

  (d) The amount of the *Settlement* - $10,000,000 - is fair, reasonable, and adequate. The *Settlement* amount is within the range of settlement values obtained in similar cases;

  (e) At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Class*; and,

  (f) The Court has duly considered any objections to the *Settlement* that were filed.

  8. The *Plan of Allocation* is approved as fair and reasonable, and *Class Counsel* and their designated *Financial Institution* are directed to administer the *Plan of Allocation* in accordance with its terms and provisions.

  9. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

  10. The Court has approved the following Releases and injunctive relief as set forth in Section 3 of the *Settlement Agreement*:

  (a) <u>*Named Plaintiffs'*, the *Class'* and the *Plan's Releases*</u>. Upon the *Effective Date*, *Named Plaintiffs* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* and the *Settlement Class* shall, by operation of the *Final Judgment*, be deemed to have conclusively, absolutely, unconditionally,

irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all *Plaintiffs' Released Claims*.

    (1)    *Named Plaintiffs*, the *Class* and the *Plan* shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of *Plaintiffs' Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Defendants*.

    (b)    <u>*Defendants'* Releases</u>.  Upon the *Effective Date*, *Defendants* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims*.

    (c)    <u>Scope of Releases</u>.

    (1)    Nothing in the *Settlement* shall release, bar, waive, or preclude any claim that (a) has been or could be asserted directly or derivatively by any member of the proposed *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *W. R. Grace* security or debt instrument, or that (b) has been or could be asserted in *Bunch v. W. R. Grace & Co.*

    (2)    Except as otherwise set forth in Section 1.30 of the *Settlement Agreement*, the releases set forth in Section 3 are not intended to include the release of any rights or duties of the *Parties* arising out of the *Settlement Agreement*, including the express warranties and covenants contained therein.

    (3)    *Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class*, and the *Plan* with respect to all other *Parties*, and *Defendants*, with respect to the *Named Plaintiffs* and all members of the *Settlement Class*, hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section

1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction, except as otherwise expressly delineated herein. Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

*Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was bargained for.

11. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and compensation to *Named Plaintiffs*, and reimbursements of expenses, submitted pursuant to the *Settlement Agreement*.

12. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Judgment* shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Litigants* engaged in the mediation before the *Mediator* that resulted in the *Settlement*. The *Litigants* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

13. This *Final Judgment* shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability.

IT IS SO ORDERED.

DATED: _____, 2009   _____
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE