# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN F. AKERS, et al., )<br>)<br>Defendants. )<br>_____ )<br>MARK SIAMIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN F. AKERS, et al., )<br>)<br>Defendants. )<br>_____ ) | Consolidated Under<br>Case No. 04-11380-WGY |

**PLAN OF ALLOCATION**

**1.   Definitions**

   A.   Except as indicated in this *Plan of Allocation*, the capitalized terms used herein shall have the meanings ascribed to them in the *Settlement Agreement*.

   B.   "*Claims Administrator*" shall mean a third-party vendor, designated by *Lead Counsel for Named Plaintiffs*, which shall administer the *Settlement*.

   C.   "*Net Settlement Fund Proceeds*" means the *Settlement Fund*, less: (1) the *Settlement Administrative Costs*; (2) the costs of the *Class Notice* that the *Court* approves for payment from the *Settlement Fund* pursuant to Section 8.2 of the *Settlement Agreement*; (3) any

*Case Contribution Awards* that the *Court* approves for payment from the *Settlement Fund* pursuant to Section 8.3.1 of the *Settlement Agreement*; (4) Court approved attorneys' fees and expenses; and (5) such other deductions and payments from the *Settlement Fund* as the *Court* may allow.

D. The *"Plan"* means the W. R. Grace & Co. Savings and Investment Plan, and all predecessor and successor plans, individually and collectively, and any trust(s) created under such *Plan*.

E. *"Settlement Administrative Costs"* means the taxes, fees and expenses that the *Court* approves for payment from, or are otherwise permitted to be paid from, the *Settlement Fund* pursuant to Section 7.1.3. of the *Settlement Agreement*.

F. *"Settlement Class Member"* means a member of the *Class*.

G. *"Class Period"* means the period from July 1, 1999 to April 19, 2004, as defined in the Settlement Agreement.

2. **Notice**

A. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons who are *Settlement Class Members* who could be identified with reasonable effort, advising them of the *Plan of Allocation* and of their right to object thereto, and that a full and fair opportunity was accorded to all of the *Settlement Class Members* to be heard with respect to the *Plan of Allocation*.

3.  **Calculation of allocation**

   A.   For each *Class Member*, the *Claims Administrator* shall determine the approximate net loss (*"Net Loss"*) as follows: *Net Loss* = A + B - C - D, where, for each *Class Member's* account:

   1. A = the dollar value, if any, of the balance invested in *W. R. Grace Stock* on the first day of the *Class Period*;
   2. B = the dollar value, if any, of all acquisitions of *W. R. Grace Stock* during the *Class Period* as of the time of purchase(s);
   3. C = the dollar value, if any, of all dispositions of *W. R. Grace Stock* during the *Class Period* as of the time of the sale(s); and
   4. D = the dollar value, if any, of *W. R. Grace Stock* remaining on the last day of the *Class Period*.

   B.   The *Net Losses* of the *Class Members* as calculated in Section 3.A above will be totaled to yield the loss of the *Plan* as a whole over the *Class Period* (the *"Plan's Loss"*).

   C.   The *Claims Administrator* shall calculate for each *Class Member* his or her *"Preliminary Fractional Share"* of *the Plan's Loss* by dividing each Settlement *Class Member's Net Loss* by the *Plan's Loss*.

   D.   The *Claims Administrator* shall then calculate for each *Class Member* his or her *"Preliminary Dollar Recovery"* of the *Net Settlement Fund Proceeds* by multiplying the *Class Member's Preliminary Fractional Share* by the *Net Settlement Fund Proceeds*.

   E.   The *Claims Administrator* shall identify all *Class Members* whose *Preliminary Dollar Recovery* is greater than zero but less than a minimum amount of ten dollars ($10.00) (the *"Minimum Amount"*). All such *Class Members* shall receive an allocation from the *Net Settlement Fund Proceeds* of the *Minimum Amount*.

F.  The *Claims Administrator* shall then, after subtracting out the amounts allocated to *Class Members* who receive the *Minimum Amount*, recalculate the *Preliminary Fractional Shares* and the *Preliminary Dollar Recoveries* so as to arrive at the *"Final Fractional Share"* and the *"Final Dollar Recovery"* for each *Class Member*. The sum of the *Final Dollar Recoveries* must equal the *Net Settlement Fund Proceeds*.

4.  **Distribution of the allocated amounts**

A.  As soon as practicable after the calculations pursuant to Section 3 above, *Lead Counsel* shall direct the Financial Institution to deposit the *Net Settlement Fund* Proceeds into the Plan.

B.  *Class Members* With Accounts Under the *Plan*. As promptly as possible after deposit of the *Net Settlement Fund Proceeds* into the *Plan*, the *Claims Administrator* shall forward to the *Plan* trustee for depositing into each *Class Member's* account under the *Plan* his or her *Final Dollar Recovery* as calculated above. The deposited amount shall be allocated among the *Class Member's* investment options in accordance with the existing investment elections then in effect and treated thereafter for all purposes under the *Plan* as assets of the *Plan* properly credited to that *Class Member's* account.

C.  *Class Members* Without Accounts Under the *Plan*. With respect to *Class Members* who withdrew their accounts under the *Plan* after the beginning of the *Class Period* but prior to the entry of the instant Order, an account for each such *Class Member* shall be established, and each such *Class Member* will be notified of such account along with further instructions from the *Plan* trustee.

D.  If any *Class Member* with a *Final Dollar Recovery* cannot be located despite reasonable efforts, such *Class Member's Final Dollar Recovery* shall be administered in

accordance with the procedures of the *Plan* regarding unlocatable participants. If any *Class Member with a Final Dollar Recovery* is deceased, such *Class Member's Final Dollar Recovery* shall be administered in accordance with the procedures of the *Plan* regarding deceased participants.

5. **Qualifications and continuing jurisdiction**

   A.   Depending on the manner in which the data is kept and the ease with which it can be manipulated, it may be appropriate to simplify some of the features of these calculations. Such simplifications are acceptable as long as the two basic features of the distribution of the *Net Settlement Fund Proceeds* are preserved: (1) that each *Class Member* receives a proportionate share of the *Net Settlement Fund Proceeds* based approximately on the decline in the value of *Company Stock* held in the *Class Members'* account over the *Class Period* in comparison with the decline in value of *Company Stock* held by all other *Class Members*; and (2) that the distribution take place through the *Plan* so as to realize the tax advantage of investment in the *Plan*. Any such changes will be presented to the *Court* for approval pursuant to Section 5.B below.

   B.   The *Court* will retain jurisdiction over the *Plan of Allocation* to the extent necessary to ensure that it is fully and fairly implemented.

   SO ORDERED this __ day of _____, 2009.

   _____
   Hon. William G. Young, U.S.D.J.

<u>Certificate of Service</u>

I herby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 30, 2009.

<u>/s/ Edward W. Ciolko</u>